C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KIM RHODE, GARY BRENNAN, CORY HENRY, EDWARD JOHNSON, SCOTT LINDEMUTH, RICHARD RICKS, DENISE WELVANG, ABLE'S SPORTING, INC., a Texas corporation, AMDEP HOLDINGS, LLC, a Florida limited liability company d/b/a AMMUNITION DEPOT, R & S FIREARMS, INC., an Arizona corporation d/b/a SAM's SHOOTERS EMPORIUM, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,

Plaintiffs,

v.

XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,

Defendants.

Case No.: 3:18-cv-00802-BEN-JLB

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1

FIRST AMENDED COMPLAINT

Plaintiffs Kim Rhode, Gary Brennan, Cory Henry, Edward Johnson, Scott Lindemuth, Richard Ricks, Denise Welvang, Able's Sporting, Inc., a Texas corporation, AMDEP Holdings, LLC, a Florida limited liability company d/b/a Ammunition Depot, R&S Firearms, Inc., an Arizona corporation d/b/a Sam's Shooters' Emporium, and California Rifle & Pistol Association, Incorporated, a California corporation, through their counsel, bring this action against Defendant California Attorney General Xavier Becerra, in his official capacity, and make the following allegations.

## INTRODUCTION AND SUMMARY OF CLAIMS

1.      In 2016, California enacted a sweeping series of criminal statutes that place unprecedented and overreaching restraints on the purchase and sale of ammunition.

2.      These statutes, in conjunction with some of their implementing regulations, (collectively, the "Challenged Provisions") outright ban millions of constitutionally protected ammunition transfers and heavily burden countless millions more.

3.      Among other effects, the Challenged Provisions completely ban direct mail order ammunition purchases, implement a costly vendor-licensing system, subject countless ammunition purchases to a burdensome registration scheme, place numerous restrictions on ammunition vendors, and impose multiple costly fees and prohibitive price increases on ammunition purchasers.

4.      One effect of the Challenged Provisions is to block any ammunition vendor that does not have a physical presence in California from participating in the California market, unless it has an ammunition vendor with a physical presence in California broker the sale. But the in-state vendor can charge the purchaser whatever fee it wants to process the transaction or flat our refuse to process it. Such discrimination against out-of-state economic interests and impermissible regulation of out-of-state transactions is a violation of the Dormant Commerce Clause. These

FIRST AMENDED COMPLAINT

excessive restraints on the purchase, sale, and transfer of ammunition also violate individuals' right to keep and bear arms as guaranteed by the Second Amendment.

5.     The Challenged Provisions also are preempted by 18 U.S.C. §926A, which ensures that a person may carry a firearm "from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm," provided the person properly stores the firearm. Section 926A preempts similar prohibitions on ammunition, as it expressly contemplates that "ammunition" will be "transported" along with the firearm.  By preventing law-abiding citizens from transporting ammunition from another state into California, the California law conflicts with and stands as an obstacle to the purposes of federal law.

6.     The plaintiffs in this lawsuit are a collection of law-abiding individuals—including Olympic and competitive shooters, hunters, and practitioners of self-defense—who are seeking to exercise their fundamental Second Amendment right to acquire ammunition for self-defense and other lawful purposes; out-of-state businesses who act as the purveyors of that right that are unconstitutionally burdened by the Challenged Provisions; and a civil rights membership organization dedicated to protecting its members' Second Amendment rights.

7.     Plaintiffs seek declaratory and injunctive relief to prevent the State of California, including Defendant Becerra and all his agents from enforcing the Challenged Provisions against Plaintiffs in violation of their constitutional rights.

## JURISDICTION AND VENUE

8.     The Court has original jurisdiction of this civil action under 28 U.S.C. §1331, because the action arises under the Constitution and laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 since this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the

State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

9.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201-2202, and their claim for attorneys' fees is authorized by 42 U.S.C. §1988.

10.     Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

### Plaintiffs

11.     Plaintiff Kimberly Rhode Harryman ("Kim Rhode") is a resident of San Bernardino County, California and a citizen of the United States. Plaintiff Rhode is not prohibited from owning or possessing firearms or ammunition under federal or California law. She is a competitive skeet and double trap shooter who has earned six Olympic medals, three World Championship medals, and five Pan American Games medals. The primary way Plaintiff Rhode obtains her specialized competition ammunition (which she is mandated to use in competitions by the International Shooting Sports Federation) is by receiving shipments of it from USA Shooting (the National Governing Body for the sport of shooting chartered by the United States Olympic Committee). These shipments are often delivered to a training facility in Arizona, from where Plaintiff Rhode retrieves the ammunition and brings it into California for training and competition purposes. Plaintiff Rhode also regularly has ammunition that she uses for marksmanship practice for shooting competitions and self-defense training shipped by her ammunition sponsor directly to her home in California and to various shooting ranges located both inside and outside of California. She regularly transports ammunition that she takes receipt of at these ranges back to her home, her coach's (parents') home, and to other shooting ranges and competitive event venues. Plaintiff Rhode is the sole financial supporter of her family, which

FIRST AMENDED COMPLAINT

depends on her ability to train and compete. As such, she seeks to continue engaging in these practices without being subjected to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions that prohibit and restrict her ability to do so. But for the enactment of the Challenged Provisions, and her reasonable fear of prosecution for violating them, Plaintiff Rhode would immediately resume receiving ammunition via direct shipments to her home and her coach's home and would further transport ammunition from in-state and out-of-state shooting ranges to her home and to other shooting ranges and competitive events.

12.     Plaintiff Gary Brennan is a resident of San Diego County, California and a citizen of the United States. Plaintiff Brennan is not prohibited from owning or possessing firearms or ammunition under federal or California law. He is president of the San Diego County Wildlife Federation, a Bureau of Security and Investigative Services ("BSIS") certified Firearms Training Instructor, and volunteers his time as a Master Hunter Education Instructor and Master Bowhunting Education Instructor under the California Department of Fish and Wildlife's Hunter Education Program. Plaintiff Brennan purchases ammunition from both online sources and licensed California vendors. Some of the ammunition Plaintiff Brennan purchases is extremely difficult to find and must generally be purchased through online sources. Plaintiff Brennan also visits other states annually for hunting and regularly purchases ammunition while hunting outside of California. He seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in California and other states without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and his reasonable fear of criminal prosecution for violating them, Plaintiff Brennan would immediately purchase, and continue to purchase, ammunition for self-defense and other lawful purposes via direct shipment to his home from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

FIRST AMENDED COMPLAINT

13.     Plaintiff Cory Henry is a resident of San Diego County, California and a citizen of the United States. Plaintiff Henry is not prohibited from owning or possessing firearms or ammunition under federal or California law. He is a former active duty U.S. Army Officer now serving as a drilling reservist with the rank of Colonel. Plaintiff Henry purchases ammunition from both online sources and licensed California vendors. He seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in California and other states without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and his reasonable fear of criminal prosecution for violating them, Plaintiff Henry would immediately purchase, and continue to purchase, ammunition for self-defense and other lawful purposes via direct shipment to his home from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

14.     Plaintiff Edward Allen Johnson is a resident of San Diego County, California and a citizen of the United States. Plaintiff Johnson is not prohibited from owning or possessing firearms or ammunition under federal or California law. He is currently retired and serves as a volunteer Range Safety Officer for a local firing range, and regularly visits the state of Oregon where he purchases ammunition for personal use. Plaintiff Johnson also purchases ammunition from both online sources and local California licensed vendors. He seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in California and other states without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and his reasonable fear of criminal prosecution for violating them, Plaintiff Johnson would immediately purchase, and continue to purchase, ammunition for self-defense and other lawful purposes via direct shipment to his home

FIRST AMENDED COMPLAINT

from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

15.     Plaintiff Scott Lindemuth is a resident of San Diego County, California and also owns a private residence in North Carolina. He is a citizen of the United States. Plaintiff Lindemuth is not prohibited from owning or possessing firearms or ammunition under federal or California law. Plaintiff Lindemuth was honorably discharged from the United States Navy after more than 13 years of service. Plaintiff Lindemuth purchases ammunition from online sources, as well as brick and mortar stores in North Carolina and California. He seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in North Carolina and California without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and his reasonable fear of criminal prosecution for violating them, Plaintiff Lindemuth would immediately purchase, and continue to purchase, ammunition for self-defense and other lawful purposes via direct shipment to his home from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

16.     Plaintiff Richard Randall Ricks is a resident of San Diego County, California and a citizen of the United States. Plaintiff Ricks is not prohibited from owning or possessing firearms or ammunition under federal or California law. He is a Certified Public Accountant and also owns property in Oregon. Plaintiff Ricks purchases ammunition from both online sources, as well as brick and mortar stores in Oregon and California. He seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in California and Oregon without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and his reasonable fear of criminal prosecution for violating them, Plaintiff Ricks would immediately purchase, and continue to purchase,

7

FIRST AMENDED COMPLAINT

ammunition for self-defense and other lawful purposes via direct shipment to his home from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

17.    Plaintiff Denise Welvang is a resident of Los Angeles County, California and a citizen of the United States. Plaintiff Welvang is not prohibited from owning or possessing firearms or ammunition under federal or California law. Plaintiff Welvang purchases ammunition from both online sources and California licensed vendors. She seeks to resume purchasing ammunition from both direct shipment sources and brick and mortar retail stores in California without being subject to the unconstitutional restraints California has imposed on the transfer of ammunition under the Challenged Provisions. But for the enactment of the Challenged Provisions and her reasonable fear of criminal prosecution for violating them, Plaintiff Welvang would immediately purchase, and continue to purchase, ammunition for self-defense and other lawful purposes via direct shipment to her home from out of state ammunition vendors or through brick and mortar retail stores in California and other states.

18.    Plaintiff Able's Sporting, Inc. ("Able's") is a business engaged in the retail sale of ammunition. Able's is located outside of California in Huntsville, TX. Prior to the Challenged Provisions taking effect, Able's regularly sold ammunition to California residents via online purchases and shipped the ammunition directly to the purchaser's California address. Able's seeks to resume selling ammunition directly to California residents, but it is prohibited from doing so under the Challenged Provisions as of January 1, 2018, unless the purchased ammunition is first shipped to a California Ammunition Vendor to process the transfer before being delivered to the purchaser, and the California Ammunition Vendor has the discretion to refuse the transaction or charge a processing fee of any amount it chooses. But for the enactment of the Challenged Provisions and its reasonable fear of being prosecuted or having its customers prosecuted for violating them, Able's would immediately resume shipping ammunition directly to California residents to the extent permitted by law.

FIRST AMENDED COMPLAINT

19.     Plaintiff AMDEP Holdings, LLC ("Ammunition Depot") is a business engaged in the retail sale of ammunition. Ammunition Depot is located outside of California in Boca Raton, Florida. Prior to the Challenged Provisions taking effect, Ammunition Depot regularly sold ammunition to California residents via online purchases and shipped the ammunition directly to the purchaser's California address. Ammunition Depot seeks to resume selling ammunition directly to California residents, but it is prohibited from doing so under the Challenged Provisions as of January 1, 2018, unless the purchased ammunition is first shipped to a California Ammunition Vendor to process the transfer before being delivered to the purchaser, and the California Ammunition Vendor has the discretion to refuse the transaction or charge a processing fee of any amount it chooses. But for the enactment of the Challenged Provisions and its reasonable fear of being prosecuted or having its customers prosecuted for violating them, Ammunition Depot would immediately resume shipping ammunition directly to California residents to the extent permitted by law.

20.     Plaintiff R & S Firearms, Inc. ("Sam's Shooters' Emporium") is a brick and mortar business located less than two miles outside of California in Lake Havasu City, Arizona. It engages in the retail sale of ammunition with a significant amount of its business coming from California given the proximity to California's border. Prior to the Challenged Provisions taking effect, Sam's Shooters Emporium serviced California residents' ammunition needs in two ways: (1) selling it online and shipping it directly to the purchasers' California address; or (2) selling it directly to those individuals who come to the store in person with the intention of returning with it to California. Sam's Shooters Emporium seeks to resume shipping ammunition directly to California residents, but it is prohibited from doing so under the Challenged Provisions as of January 1, 2018, unless the purchased ammunition is first shipped to a California Ammunition Vendor to process the transfer before being delivered to the purchaser, and the California Ammunition Vendor has the discretion to refuse the transaction or

9

FIRST AMENDED COMPLAINT

charge a processing fee of any amount it chooses. But for the enactment of the Challenged Provisions and its reasonable fear of being prosecuted or having its customers prosecuted for violating them, Sam's Shooters Emporium would immediately resume shipping ammunition directly to California residents to the extent permitted by law. Additionally, Sam's Shooters Emporium seeks to resume selling ammunition to California residents who come to its location with the desire to return to California with the ammunition they purchase there. The Challenged Provisions prohibit California residents from doing so, causing Sam's Shooters Emporium to lose revenue from their business.

21.     Plaintiff California Rifle & Pistol Association, Incorporated ("CRPA"), is a nonprofit membership and donor-support organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4) with its headquarters in Fullerton, California. Founded in 1875, CRPA seeks to defend the civil rights of all law-abiding individuals, including the fundamental right to acquire and possess commonly owned firearm magazines. CRPA regularly provides guidance to California gun owners regarding their legal rights and responsibilities. In addition, CRPA is dedicated to promoting the shooting sports and providing education, training, and organized competition for adult and junior shooters. CRPA members include law enforcement officers, prosecutors, professionals, firearm experts, and the public.

22.     In this suit, CRPA represents the interests of the tens of thousands of its members who reside in the state of California, including in San Diego County, and who are too numerous to conveniently bring this action individually. Specifically, CRPA represents the interests of those who are affected by the Challenged Provisions. In addition to their standing as citizens and taxpayers, those members' interests include their intent to exercise their constitutionally protected right to acquire and otherwise transact in ammunition without being subjected to criminal prosecution.  But for the enactment of the Challenged Provisions and their reasonable fear of prosecution for violating these statutes, CRPA members would immediately purchase, sell, and

FIRST AMENDED COMPLAINT

transfer ammunition without complying with each of the onerous restrictions imposed by the Challenged Provisions.

## **Defendants**

23.     Defendant Xavier Becerra is the Attorney General of California. He is the chief law enforcement officer of California. Defendant Becerra is charged by Article V, Section 13 of the California Constitution with the duty to see that the laws of California are uniformly and adequately enforced. Defendant Becerra also has direct supervision over every district attorney and sheriff in all matters pertaining to the duties of their respective officers. Defendant Becerra's duties also include informing the public, local prosecutors, and law enforcement regarding the meaning of the laws of California, including restrictions on the transfer of ammunition under the Challenged Provisions. He is sued in his official capacity.

24.     The true names or capacities—whether individual, corporate, associate, or otherwise—of the Defendants named herein as Does 1-10, are presently unknown to Plaintiffs, and are therefore sued by these fictitious names. Plaintiffs pray for leave to amend this Complaint to show the true names or capacities of these Defendants if and when they have been determined.

25.     Defendants Becerra and Does 1-10 are responsible for formulating, executing, and administering California's restrictions on ammunition transfers under the Challenged Provisions and they are in fact presently enforcing those provisions that have already taken effect and will in fact be enforcing those provisions that will soon take effect.

26.     Defendants enforce California's restrictions on ammunition transfers under the Challenged Provisions against Plaintiffs and other California citizens under color of state law within the meaning of 42 U.S.C. §1983.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

## GENERAL ALLEGATIONS

### California's Novel and Expansive Ammunition Scheme

27.     In 2016, California enacted and amended a lengthy list of statutes that, subject to very limited exceptions, place sweeping restrictions on the purchase, sale, transfer, and importation of ammunition. *See* SAFETY FOR ALL ACT, 2016 Cal. Legis. Serv. Prop. 63 ("Proposition 63") (West); 2016 California Senate Bill No. 1235, California 2016-2017 Regular Session.

28.     In California, beginning January 1, 2018, "the sale of ammunition by any party must be conducted by or processed through a licensed ammunition vendor." Cal. Penal Code § 30312(a) (West 2017). To become a "licensed ammunition vendor" one must either apply with the California Department of Justice, unless already a California licensed firearm dealer. Cal. Penal Code §§ 30342; 30385(d) (West 2017).

29.     Any individual who wishes to sell more than 500 rounds of ammunition in a 30-day period does not have the option to process the transfer through a "licensed ammunition vendor," but rather must become one. Cal. Penal Code § 30342(a).

30.     When neither party to an ammunition sale is a licensed vendor in California, the seller must deliver the ammunition to a licensed vendor to process the transaction. Cal. Penal Code § 30312(b). The licensed California vendor may charge the purchaser an additional fee  for processing the private party transaction. Cal. Penal Code § 30312(c). "If the purchaser will be present for immediate delivery of the ammunition, the fee shall not exceed five dollars ($5)." Cal. Code Regs. tit. 11 § 4263(a) (2018). "If the purchaser will not be present for immediate delivery of the ammunition, the vendor may charge an additional storage fee as agreed upon with the purchaser prior to the vendor receiving the ammunition." Cal. Code Regs. tit. 11 § 4263(b) (2018). In other words, there is no cap on what the licensed vendor can charge a private party purchaser who is not present for immediate delivery, which, as a practical matter, includes all transactions originating from out-of-state. What's more,

FIRST AMENDED COMPLAINT

the in-state vendor is not required by any law to process transactions for out-of-state vendors who wish to sell to California consumers.

31.    Thus, ammunition vendors that do not have a physical presence in California operate at the whim of licensed vendors that do, as they may either completely price them out of the market by charging the purchaser an unlimited fee or outright refuse to process the transaction.

32.    Beginning January 1, 2018, subject to some narrow exemptions, a resident of California may not bring or transport into California any ammunition that he or she acquired outside of the state, unless it is first shipped to a licensed vendor in California to process the transaction. Cal. Penal Code § 30314, subds. (a),(b) (West 2017). This transaction would also be completely subject to the in-state vendor's discretion to charge the purchaser a fee in any amount or to simply refuse to process it. Cal. Penal Code § 30312(a).

33.    Licensed ammunition vendors must require all their employees who handle or oversee ammunition to obtain a certificate of eligibility ("COE") from the Department of Justice

34.    The sale of ammunition by a licensed vendor may only be conducted at the location listed on the vendor's license and at gun shows in limited circumstances, effectively prohibiting organizations and foundations, like Plaintiff CRPA, from engaging in the common practice of auctioning off ammunition at fundraising events that take place in various locations, even if they become licensed ammunition vendors. Cal. Penal Code § 30348 (West 2017).

35.    Ammunition vendors must restrict the display of ammunition so that it cannot be accessed by customers without the assistance of the vendor. Cal. Penal Code § 30350 (West 2017).

36.    Beginning January 1, 2019, ammunition vendors must register the sale of every individual ammunition purchase by recording and submitting to the Department the following information: the date of sale; the purchaser's driver's license or state

FIRST AMENDED COMPLAINT

identification number; the brand, type, and amount of ammunition sold; the purchaser's full name and signature; the salesperson's name; the purchaser's full residential address and telephone number; and the purchaser's or transferee's date of birth. Cal. Penal Code § 30352 (West 2017). This process is also required for private party ammunition sales that must be completed through a licensed ammunition vendor. *Id.*, § 30352.

37.     An ammunition vendor must report the loss or theft of any ammunition to an appropriate law enforcement agency in the city, county, or city and county where the vendor's business premises is located within 48 hours of discovery. Cal. Penal Code § 30363 (West 2017).

38.     Beginning July 1, 2019, every individual ammunition sale must be pre-approved by the California Department of Justice before the purchaser can take possession of the ammunition. The Department will only approve an ammunition sale to an individual who already has either a firearm registered in the Automated Firearms System or who possesses a COE previously issued by the Department. All other purchasers must obtain a special authorization from the Department, according to procedures that it must develop, to confirm that the purchaser is not prohibited from owning firearms or ammunition.   The Department will charge a $1 fee for every ammunition purchase by individuals who either already have a firearm registered in AFS or possess a COE. Cal. Penal Code § 30370(e) (West 2017). For all others, the Department will charge an additional fee not to exceed DOJ's Dealers' Record of Sale (DROS) process, and not to exceed DOJ's reasonable costs. Cal. Penal Code § 30370(c). Penal Code section 28225 established the DROS fee at $14, but it was raised to $19 by DOJ pursuant to its own regulations. See Cal. Code Regs. tit. 11, § 4001 (2017).

39.     DOJ was required to begin accepting applications for ammunition vendor licenses on July 1, 2017. Cal. Pen. Code § 30385(a).  DOJ failed to meet that deadline and began issuing licenses after January 1, 2018.

FIRST AMENDED COMPLAINT

40.     According to DOJ's regulations, the "term of an ammunition vendor license is from January 1 through December 31, regardless of the date the initial license is issued. Cal. Code Regs. tit. 11 § 4261(b) (2018). Penal Code section 30385(b), however, states that any ammunition vendor license "shall be valid for a period of one year," with no limitation on the date the license is acquired.

41.     Ammunition vendors are required to pay a fee to be set by the Department to cover the costs of California's expansive ammunition licensing and registration scheme. Cal. Penal Code § 30390 (West 2017).

42.     The Department is authorized to issue vendor licenses to qualified California ammunition vendors, Cal. Penal Code § 30395(a) (West 2017), and must maintain a registry of all licensed ammunition vendors for law enforcement review, *Id.*, § 30395(b).

43.     The Challenged Provisions carry misdemeanor criminal penalties for violations, including fines and incarceration.[1]

44.     Any ammunition vendor who violates any of the comprehensive restrictions enacted by Proposition 63 and Senate Bill 1235 is also subject to forfeiture of its vendor license. Cal. Penal Code section 30395(c).

45.     The requirement that ammunition sales be conducted by or processed through a licensed ammunition vendor in a face-to-face transaction, beginning January 1, 2018, does not apply to law enforcement, licensed importers or manufacturers of firearms, California licensed firearm retailers, out of state licensed firearm dealers and collectors, licensed collectors who possess a valid certificate of eligibility issued by DOJ, licensed ammunition vendors, consultant evaluators, persons who receive ammunition at a target facility holding a business or other regulatory licenses provided that the ammunition is at all times kept within the facility's premises, persons who

---

[1]  Section 30314 is punishable as an infraction for the first offense. All subsequent violations are punishable as a misdemeanor.

FIRST AMENDED COMPLAINT

receive ammunition from certain family members, and persons involved in law enforcement training. Cal. Penal Code § 30312(a),(c).

46.     Although some portions of the Challenged Provisions were once adopted in New York and at the federal level, these restrictions were found to be ineffective and too costly and difficult to implement. As a result, even those less burdensome restrictions were, respectively, never implemented and effectively repealed.

**Dormant Commerce Clause and Equal Protection Clause Violations**

47.     The Commerce Clause, as set forth in Article I, Section 8 of the United States Constitution, expressly grants Congress the power "[t]o regulate commerce with foreign Nations, among the several States, and with the Indian Tribes."

48.     The Dormant Commerce Clause is inherent in the power granted to Congress under the Commerce Clause and provides that, even if federal law is silent on an area of interstate commerce, states may not enact legislation that discriminates against or impermissibly burdens interstate commerce. *See, e.g.*, *United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007).

49.     States also may not enact legislation that renders unlawful a transaction that occurred wholly out of state. *See Sam Francis Found. v. Christies*, 784 F.3d 120 (9th Cir. 2015) (en banc); *W. Lynn Creamery v. Healy*, 512 U.S. 186, 194-95 (1994).

50.     State laws that discriminate against interstate commerce face a virtually per se rule of invalidity under the Commerce Clause. The Supreme Court has explained that "discrimination" in this context "simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Or. Waste Sys., Inc. v. Dep't of Envtl. Quality*, 511 U.S. 93, 99 (1994).

51.     State laws that are facially neutral nevertheless violate the Commerce Clause if they impermissibly burden interstate commerce in practice.  *See Healy,* 512 U.S. at 194-95.

52.     The Supreme Court has repeatedly held that, in all but the narrowest of circumstances, state laws violate the Commerce Clause if they mandate differential

treatment of in-state and out-of-state economic interests. *Granholm v. Heald*, 544 U.S. 460, 466 (2005); *C&A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383 (1994).

53.     States may not enact statutory schemes that grant in-state businesses access to that state's consumers on preferential terms, nor can states deprive citizens of their right to have access to other states' markets on equal terms.

54.     The Equal Protection Clause, as set forth in the Fourteenth Amendment, prohibits a state from denying its residents equal protection under the law; particularly, it prohibits a state from classifying people in a way that restrains fundamental rights, such as the right to acquire ammunition under the Second Amendment, without meeting heightened scrutiny. *See Hussey v. City of Portland*, 64 F.3d 1260, 1265 (9th Cir. 1995).

55.     Sections 30312, 30314, 30370, 30385 violate the Dormant Commerce Clause because they regulate out-of-state transactions. First, they prohibit out of state ammunition vendors, including Plaintiffs Able's, Ammunition Depot, and Sam's Shooters' Emporium from selling ammunition directly to California consumers via mail-order, including to Plaintiffs Rhode, Brennan, Henry, Johnson, Lindemuth, Ricks, Welvang, and members of CRPA. Second, they effectively prohibit out-of-state companies from selling ammunition to California residents who intend to return to California with the purchased ammunition. Together, these provisions provide no way for a California resident to engage in an out-of-state ammunition transaction for the purpose of bringing the ammunition back into California.

56.     In doing so, Sections 30312, 30314, 30370, and 30385 further violate the Dormant Commerce Clause because they facially discriminate against out-of-state ammunition vendors, mandating differential treatment of out-of-state economic interests and in-state economic interests by expressly limiting out-of-state vendors' access to California consumers. As explained above, under those provisions, out-of-state ammunition vendors cannot ship ammunition directly to California consumers. Nor can California residents, including plaintiffs Rhode, Brennan, Henry, Johnson,

Lindemuth, Ricks, Welvang, and members of CRPA, purchase ammunition in person out-of-state and return to California with the ammunition. Instead, in both situations, the out-of-state vendor must have the ammunition shipped to a licensed California ammunition vendor to process the transfer as an intermediary between the out-of-state vendor and the California customer.

57.    Even if sections 30312, 30314, 30370, and 30385 did not facially discriminate against out of state ammunition vendors, these sections, in conjunction with California Code of Regulations, tit. 11 § 4263, nonetheless have the effect of improperly favoring businesses with a physical presence in California, in violation of the Dormant Commerce Clause. As explained, ammunition vendors without a physical presence in California do not have direct access to California consumers, while those with a physical presence in California do. And the licensed California vendor can either refuse to process the transaction or charge the purchaser any fee it wishes to receive the ammunition, store it, and process the transaction.

58.    These Challenged Provisions, therefore, improperly grant in-state ammunition vendors access to California consumers on preferential terms over out-of-state ammunition vendors, both facially and in effect, rendering unlawful transactions that occurred wholly out of state, and depriving California residents of their right to access other States' ammunition markets on equal terms.

59.    Section California Penal Code section 30314 additionally violates the Equal Protection Clause by unjustifiably denying Plaintiffs, as California residents, equal treatment as out-of-state residents in their exercise of the fundamental right to acquire ammunition, solely based on state residency.

### Violations of the Right to Keep and Bear Arms

60.    The Second Amendment to the United States Constitution declares that "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II.

61.    The United States Supreme Court has confirmed that not only does it

18

FIRST AMENDED COMPLAINT

protect an individual—as opposed to collective—right, but that "individual self-defense is 'the central component' of the Second Amendment right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting *Heller*, 554 U.S. at 628).

62.   The Supreme Court has also held that the Second Amendment right to keep and bear arms is incorporated into the Due Process Clause of the Fourteenth Amendment and may not be infringed by state and local governments. *McDonald*, 561 U.S. at 750.

63.   The Second Amendment necessarily protects the right to purchase, sell, transfer and possess the ammunition necessary to meaningfully keep and bear arms for self-defense. *See Jackson v. City and County of San Francisco*, 746 F.3d at 967-68 (2014).

64.   State and local restrictions that suppress or impermissibly burden the right to purchase, sell, or transfer ammunition violate the Second Amendment.

65.   The Challenged Provisions impose unprecedented and overreaching restraints on the right of law-abiding citizens, including plaintiffs, to acquire ammunition for self-defense and other lawful purposes, both directly and by imposing costly and unreasonable burdens on the purveyors of that constitutional right.

66.   In the aggregate, the Challenged Provisions operate to unduly oppress the exercise of the right to transact in ammunition in violation of the Second Amendment right to keep and bear arms.

67.   Specifically, California's sweeping ammunition statutes collectively operate to: ban a major source of ammunition (i.e., direct mail order sales); prohibit importation of ammunition purchased out-of-state—thereby banning another source; authorizing in-state vendors to control a purchase from out-of-state by either outright refusing to process it or charging a prohibitive fee in any amount to process the transaction; require vendors to obtain costly special licensing and employee certifications annually; ban sales from trailers common at trade events; impose onerous and costly storage and display requirements; mandate detailed registration

requirements for all the countless millions of ammunition purchases that take place annually; impose liability on ammunition vendors if a single cartridge of ammunition is not accounted for; mandate costly background checks and special purchase authorizations for millions of ammunition purchasers each time they make a single ammunition purchase; and subject vendors to loss of their licenses if they ever fail to comply with any of these restrictions.

68.    These novel and complex restrictions add to California's byzantine restrictions on the ability to purchase a firearm.  Under California's new ammunition laws, many individuals will purportedly be authorized to purchase ammunition if they already own a firearm that is registered to them in the Automated Firearms System. Thus these individuals who will have already been required to pay a fee for a background check, undergo a background check, and make multiple trips to the seller to begin and conclude the firearms purchase process, are required to again go through the same background check process numerous times in order to be able to place ammunition into that firearm.

69.    The collective burden imposed by these restrictions on countless annual ammunition transactions will substantially impede lawful ammunition sales.

70.    The aggregate burdens that the Challenged Provisions impose on law-abiding citizens and ammunition vendors, on top of California's existing firearm restrictions cannot be justified under any level of heightened scrutiny.

71.    Even if the Challenged Provisions are not collectively stricken as an improper violation of the Second Amendment, Penal Code sections 30312, 30314, 30352, 30370, as well as California Code of Regulations, tit. 11 § 4263, each individually violate the Second Amendment.

72.    Penal Code section 30312's prohibition on direct mail-order ammunition sales severely burdens the purchase and sale of ammunition by banning a major source of transacting in ammunition, and by requiring individuals to travel and expend additional time and resources to obtain ammunition. These burdens cannot be justified

by the State's purported interests.

73.     Penal Code section 30314's prohibition on the importation of ammunition severely burdens the right to purchase, sell, and transport ammunition by preventing individuals from purchasing ammunition outside of California and returning to California with ammunition they lawfully purchased. This is particularly problematic for individuals, including members of CRPA, who reside near the state border and have a much closer proximity to an out-of-state vendor. These burdens cannot be justified by the State's purported interests.

74.     Penal Code section 30352's registration, record keeping, and purchaser authorization requirements likewise severely burden the purchase and sale of ammunition by overburdening consumers who have already complied with numerous California laws to obtain a firearm and established that they are not prohibited from owning firearms or ammunition. These requirements further place unprecedented and costly burdens on the purveyors of the fundamental right to keep and bear arms.  They cannot be justified by the State's purported interests.

75.     Penal Code section 30370's unprecedented background checks, fees, and purchaser authorizations requirements severely burden the purchase, sale, and transfer of ammunition by overburdening consumers who have already complied with numerous California laws to obtain a firearm and established that they are not prohibited from owning firearms or ammunition. These requirements further place unprecedented, costly, duplicative burdens on the purveyors of the fundamental right to keep and bear arms.  They cannot be justified by the State's purported interests.

76.     California Code of Regulations, tit. 11 § 4263(b) confers on a licensed California vendor full control over whether a purchaser will have access to ammunition from out-of-state. This is effectively the power to decide whether a person can exercise his or her right to acquire ammunition under the Second Amendment; particularly, when there is no requirement that a licensed California vendor process a private party transfer at all.

FIRST AMENDED COMPLAINT

### Preemption Under 18 U.S.C. §926A

77.     18 U.S.C. §926A, expressly permits a person to carry a firearm "from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm," provided the person properly stores the firearm.  Section 926A expressly contemplates that "ammunition" will be[] transported" along with the firearm, and thus establishes a federal right to transport ammunition too.

78.     Penal Code sections 30312 and 30314 make it unlawful for a California resident to transport into the state any ammunition obtained out of state without first delivering the ammunition to a licensed in-state vendor.

79.     This requirement operates to prohibit a person from traveling with ammunition from a state where he may lawfully possess the ammunition to another place where he may lawfully possess the ammunition, and accordingly is preempted by Section 926A.

### DECLARATORY JUDGMENT IS NECESSARY

80.     There is an actual and present controversy between the parties. Plaintiffs contend that the Challenged Provisions infringe on Plaintiffs' right to keep and bear arms under the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs also contend that sections 30312, 30314, 30352, 30363 and 30385 violate the Dormant Commerce Clause by discriminating against out of state economic interests and otherwise improperly burdening interstate commerce. Defendants deny these contentions. Plaintiffs desire a judicial declaration that the Challenged Provisions violate Plaintiffs' constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution or economic sanctions and exercising their constitutional rights.

### INJUNCTIVE RELIEF IS NECESSARY

81.     Plaintiffs are presently and continuously injured by Defendants' enforcement of the Challenged Provisions insofar as they violate Plaintiffs' rights

under the Second and Fourteenth Amendments and the Dormant Commerce Clause. If not enjoined by this Court, Defendants will continue to enforce the Challenged Provisions in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to California's ongoing enforcement of the Challenged Provisions.

## FIRST CLAIM FOR RELIEF
### Violation of the Dormant Commerce Clause
(U.S. Const., Art. I, § 8)
Against All Defendants

82.    Paragraphs 1-81 are realleged and incorporated by reference.

83.    Penal Code sections 30312, 30314, 30370, and 30385 violate the Dormant Commerce Clause.

84.    Penal Code sections 30312, 30314, 30370, and 30385 unconstitutionally prohibit wholly out-of-state transactions by expressly prohibiting out-of-state vendors from engaging in direct-to-consumer sales to California residents, and by prohibiting California residents from purchasing ammunition out of state and returning to California with that ammunition.

85.    Penal Code sections 30312, 30314, 30370, and 30385 unconstitutionally discriminate against out-of-state ammunition vendors by restricting their access to the California ammunition market.

86.    Sections 30312, 30314, 30370, and 30385, as well as California Code of Regulations, tit. 11 § 4263, unconstitutionally grant in-state ammunition vendors access to California consumers on preferential terms by expressly prohibiting out-of-state vendors from engaging in direct-to-consumer sales and subjecting purchases to fees that may be charged at the whim of in-state vendors as a condition of selling indirectly to California consumers. Penal Code section 30314 furthers this monopoly by prohibiting California residents from purchasing ammunition from an out-of-state

FIRST AMENDED COMPLAINT

1    vendor and returning to California with the ammunition.

2        87.    Although California could do so if it chose to, it refuses to allow out-of-

3    state ammunition vendors, including the identified Plaintiffs and vendors similarly-

4    situated to Plaintiffs, to register and participate in the state's ammunition background

5    check program.  Because it would be easy to allow out-of-state vendors to participate

6    in the background check system on the same terms and conditions as in-state vendors,

7    California has no justification for excluding out-of-state vendors from participating in

8    direct sales to California consumers.

9        88.    Even if sections 30312, 30314, 30370, and 30385 did not facially

10   discriminate against out of state ammunition vendors, these sections, in conjunction

11   with California Code of Regulations, tit. 11 § 4263, nonetheless have the effect of

12   improperly favoring businesses with a physical presence in California, in violation of

13   the Dormant Commerce Clause. As explained, ammunition vendors without a physical

14   presence in California do not have direct access to California consumers, while those

15   with a physical presence in California do. And the licensed California vendor can

16   either refuse to process the transaction or charge the purchaser any fee it wishes to

17   receive the ammunition, store it, and process the transaction, thereby granting in-state

18   vendors an effective monopoly over the California ammunition market.

19       89.    Sections 30312, 30314, 30370, and 30385 further violate the Dormant

20   Commerce Clause by depriving California residents of their right to have access to

21   other States' ammunition markets on equal terms.  These statutes completely prohibit

22   California residents from purchasing and receiving ammunition directly from out-of-

23   state vendors for the purpose of using that ammunition in California and subject

24   already limited indirect purchases from out-of-state vendors to additional fees charged

25   by in-state vendors.

26       90.    Section 30370 further violates the Dormant Commerce Clause by

27   imposing an unreasonable fee on non-residents who purchase ammunition in California

28   for the first time, an amount up to five times the actual cost of the ammunition itself.

Such fee is not imposed upon residents of California who have previously purchased ammunition or firearms from California, and those residents are subject to a fee 19 times less than first-time non-resident purchasers.

91.     Defendants cannot justify the burden on interstate commerce imposed by sections 30312, 30314, 30370, and 30385.

**SECOND CLAIM FOR RELIEF**
**Section 30312's Violation of the Right to Keep and Bear Arms**
**By the Restriction on the Acquisition of Ammunition by Mail**
(U.S. Const., amends. II and XIV)
Against All Defendants

92.     Paragraphs 1-91 are realleged and incorporated by reference.

93.     Penal Code section 30312 mandates that all ammunition sales be conducted in a face-to-face transaction, thus prohibiting direct-to-consumer mail order purchases and sales of ammunition.

94.     Penal Code section 30312 places an unconstitutional burden on the purchase and sale of ammunition under the Second Amendment by banning and criminalizing a major means of buying and selling ammunition in the United States. For those who do not have access to a nearby ammunition vendor or FFL, Section 30312 bans and criminalizes the *only* method by which those affected persons can obtain ammunition for self-defense.

95.     Defendant cannot justify the burden imposed by Section 30312 on Plaintiffs' Second Amendment rights under heightened scrutiny.

**THIRD CLAIM FOR RELIEF**
**Section 30314's Violation of the Right to Keep and Bear Arms**
**By Restricting Interstate Commerce in Ammunition**
(U.S. Const., amends. II and XIV)
Against All Defendants

96.     Paragraphs 1-95 are realleged and incorporated by reference.

97.     Penal Code section 30314 prohibits California residents from bringing into California any ammunition that they purchase from outside the state.

25

FIRST AMENDED COMPLAINT

98.    By prohibiting Californians from returning to California with ammunition that they lawfully purchased out of state, Penal Code section 30314 denies them a major source of ammunition. Penal Code section 30314 violates the Second Amendment by placing an unconstitutional burden on the right to obtain ammunition.

99.    Defendant cannot justify the burden imposed by Section 30314 on Plaintiffs' Second Amendment rights under heightened scrutiny.

### FOURTH CLAIM FOR RELIEF
**Section 30352's Violation of the Right to Keep and Bear Arms**
**By Requiring Recordkeeping Burdening the Sale and Transfer of Ammunition**
(U.S. Const., amends. II and XIV)
Against All Defendants

100.    Paragraphs 1-99 are realleged and incorporated by reference.

101.    Penal Code section 30352(c) prohibits vendors from transferring ammunition to anyone other than individuals who have been expressly authorized to purchase ammunition pursuant to this section.  Section 30352(a) and (b) further require ammunition vendors to register the sale of every individual ammunition purchase by recording and electronically transmitting to the Department of Justice detailed information about every transaction and purchaser.

102.    Penal Code section 30352's massive registration, record keeping, and purchaser authorization requirements severely burden the purchase and sale of ammunition in violation of the Second Amendment. Such requirements impose upon Plaintiffs and similarly-situated vendors the obligation to devote employee time, floor space, storage space, and other resources to preparing and keeping records of each individual ammunition sale, of which sales some vendors engage in hundreds of transactions per day.

103.    Defendants cannot justify the burden imposed by Section 30352 on Plaintiffs' Second Amendment rights.

/ / /

/ / /

FIRST AMENDED COMPLAINT

## FIFTH CLAIM FOR RELIEF
### Section 30370's Violation of the Right to Keep and Bear Arms
### By Requiring a Fee and Background Check
### to Acquire Ammunition for Self-Defense
(U.S. Const., amends. II and XIV)
Against All Defendants

104.   Paragraphs 1-103 are realleged and incorporated by reference.

105.   Penal Code section 30370 prohibits ammunition sales to any individual unless pre-approved by the California Department of Justice as an authorized ammunition purchaser prior to receiving the ammunition.

106.   Section 30370 also requires ammunition purchasers to pay a fee of up to $20 for each ammunition purchase, according to fees to be set by the Department of Justice under its implementing regulations.

107.   Penal Code section 30370's unprecedented background check, fee, and purchaser authorization requirements for countless annual ammunition purchases violate the Second Amendment because they severely burden the purchase, sale, and transfer of ammunition.  The fee imposed is in some instances up to 25 percent of the total cost of the ammunition being purchased.  For individual purchasers who are not in DOJ's Automated Firearms System, i.e., persons who have not previously purchased a firearm or ammunition within the state, the DOJ is authorized to charge a fee for a singular purchase that can be as high as *five times* the cost of the ammunition being purchased.[2]

108.   The collective burden imposed by these restrictions on countless annual ammunition transactions will substantially impede lawful ammunition sales.

109.   The aggregate burdens that the Challenged Provisions impose on law-abiding citizens and ammunition vendors, on top of California's existing firearm

---

[2] E.g., for an out-of-state visitor who has never purchased ammunition or a firearm in California, Section 30370 authorizes DOJ to charge a $19 fee for the purchase of a $4 box of ammunition.

FIRST AMENDED COMPLAINT

restrictions cannot be justified under any level of heightened scrutiny.

110.   Defendants cannot justify the burden imposed by Section 30370 on Plaintiffs' Second Amendment rights.

### SIXTH CLAIM FOR RELIEF

**California Code of Regulations, tit. 11 § 4263**
**Violation of the Right to Keep and Bear Arms**
**Authorizing Licensed Vendors in California to Charge Purchasers Any Fee**
**to Acquire Ammunition from Out-of-State for Self-Defense**
(U.S. Const., amends. II and XIV)
Against All Defendants

111.   Paragraphs 1-110 are realleged and incorporated by reference.

112.   California Code of Regulations, tit. 11 § 4263(b) confers on a licensed California vendor full control over whether a purchaser will have access to ammunition from out-of-state. This is effectively the power to decide whether a person can exercise his or her right to acquire ammunition under the Second Amendment, particularly when there is no requirement that a licensed California vendor process a private party transfer at all.

113.   Defendant cannot justify the burden imposed by California Code of Regulations, tit. 11 § 4263(b) on Plaintiffs' Second Amendment rights under any form of heightened scrutiny.

### SEVENTH CLAIM FOR RELIEF

**Violation of Right to Keep and Bear Arms by the Licensing, Sales, and Transfer**
**Scheme Enacted under Proposition 63 and Senate Bill 1235**
(U.S. Const., amends. II and XIV)
Against All Defendants

114.   Paragraphs 1-113 are realleged and incorporated by reference.

115.   Penal Code sections 30312, 30314, 30342, 30347, 30348, 30350, 30352, 30363, 30370, 30385, 30390, and 30395, enacted through portions of Senate Bill 1235 and Proposition 63, impose unprecedented restrictions on the purchase, sale, transfer, and importation of ammunition for self-defense and other lawful purposes.

FIRST AMENDED COMPLAINT

116.   In doing so, the Challenged Provisions unduly oppress the exercise of the right to transact in ammunition in violation of the Second Amendment right to keep and bear arms.

117.   The aggregate burdens that the Challenged Provisions impose on law-abiding citizens and ammunition vendors, on top of California's existing firearm restrictions cannot be justified under any level of heightened scrutiny.

118.   The Challenged Provisions unconstitutionally impede and restrict the ability of law-abiding citizens to acquire and transact in ammunition by effectively banning a major means of purchasing ammunition, imposing a massive and costly licensing and registration scheme, banning personal ammunition importation, restricting the ability to transfer ammunition to and from shooting ranges and prohibiting individuals who are returning from hunting trips to return to California with ammunition acquired out of state.

119.   The Challenged Provisions violate the Second Amendment by imposing numerous costly and unnecessary restraints on ammunition vendors via its numerous ammunition vendor license requirements.

120.   Defendant Becerra cannot justify the excessive burdens imposed by the Challenged Provisions on the Second Amendment rights of law-abiding citizens and ammunition vendors under heightened scrutiny.

121.   Further, to the extent that Sections 30312, 30314, 30370, and 30385 violate the Dormant Commerce Clause as alleged hereinabove, Sections 30342, 30347, 30348, 30350, 30385, 30390, and 30395 are integral to the execution and enforcement of Sections 30312, 30314, 30370, and 30385, and therefore should be stricken.

122.   Further, to the extent that Sections 30312, 30314, 30352, and 30370 violate the Right to Keep and Bear Arms as alleged hereinabove, Sections 30342, 30347, 30348, 30350, 30385, 30390, and 30395 are integral to the execution and enforcement of Sections 30312, 30314, 30352, and 30370, and therefore should be stricken.

FIRST AMENDED COMPLAINT

### EIGHTH CLAIM FOR RELIEF
### Violation of Equal Protection
### (Penal Code § 30314)
(U.S. Const., amend. XIV)
Against All Defendants

123.   Paragraphs 1-122 are realleged and incorporated by reference.

124.   The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

125.   The government bears the burden of justifying restrictions on the exercise of fundamental rights by a particular class or classes of individuals.

126.   All law-abiding, competent adults are similarly situated in that they are equally entitled to exercise the constitutional right to keep and bear arms, including ammunition.

127.   The Challenged Provisions prohibit California residents from obtaining ammunition directly from out-of-state ammunition vendors and bringing that ammunition back into California.

128.   Conversely, the Challenged Provisions do not prohibit non-California residents from obtaining ammunition directly from out-of-state ammunition vendors and bringing that ammunition into California. In other words, if two individuals (only one of whom is a California resident) were to purchase ammunition outside of California from the same business and then bring that ammunition into California, only the California resident would be in violation of Penal Code section 30314.

129.   Because the Challenged Provisions bar California residents from acquiring ammunition in another state, while simultaneously allowing non-California residents to acquire ammunition in another state, Defendants have created a classification of persons, including Plaintiffs, who are treated unequally through the denial of their Second Amendment rights to keep and bear arms.

130.   Defendant Becerra cannot justify this classification which unequally

FIRST AMENDED COMPLAINT

deprives Plaintiffs of their right to bear arms. Therefore, Defendants are depriving Plaintiffs and similarly situated individuals of their right to equal protection under the law as guaranteed by the Fourteenth Amendment.

**NINTH CLAIM FOR RELIEF**
**Preemption**
**(Penal Code § 30314)**
(18 U.S.C. §926A)
Against All Defendants

131.   Paragraphs 1-130 are realleged and incorporated by reference.

132.   The Challenged Provisions are preempted by 18 U.S.C. §926A, which ensures that a person may carry a firearm "from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm," provided the person properly stores the firearm.  This law preempts similar prohibitions on ammunition, as it expressly contemplates that "ammunition" will "be[] transported" along with the firearm.

133.   The Challenged Provisions conflict with and stand as an obstacle to the accomplishment of 18 U.S.C. §926A's purposes, which include the free transport of firearms and ammunition across state lines.

**PRAYER FOR RELIEF**

Plaintiffs pray that the Court:

1. Enter a declaratory judgment under 28 U.S.C. §2201 that California Penal Code sections 30312, 30314, 30342, 30347, 30348, 30350, 30352, 30370, 30385, 30390, and 30395, as well as California Code of Regulations, tit. 11 § 4263, are unconstitutional on their face or, alternatively, as applied to plaintiffs, because these sections violate the Second and Fourteenth Amendments to the United States Constitution.

2. Enter a declaratory judgment under 28 U.S.C. §2201 that California Penal Code sections 30312, 30314, 30352, 30363, 30370, and 30385, as well as California Code of Regulations, tit. 11 § 4263, are unconstitutional on their

31

face or, alternatively, as applied to Plaintiffs, because they discriminate against interstate commerce in violation of the Dormant Commerce Clause, Article I, § 8 of the United States Constitution.

3. Enter a declaratory judgment under 28 U.S.C. §2201 that California Penal Code section 30314 is unconstitutional on its face or, alternatively, as applied to Plaintiffs, under the Equal Protection Clause of the United States Constitution, because it unjustifiably denies Plaintiffs, as California residents, of equal treatment to out-of-state residents in their exercise of the fundamental right to acquire ammunition.

4. Enter a declaratory judgment under 28 U.S.C. §2201 that California Penal Code section 30314 is unlawful on its face or, alternatively, as applied to Plaintiffs, because it conflicts with and is thus preempted by 18 U.S.C. §926A.

5. Issue an injunction enjoining Defendants and their officers, agents, and employees from enforcing California Penal Code sections 32310 30314, 30342, 30347, 30348, 30350, 30352, 30363, 30370, 30385, 30390, and 30395, as well as California Code of Regulations, tit. 11 § 4263.

6. Award remedies available under 42 U.S.C. §1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. §1988, or any other applicable law; and,

7. Grant any other relief the Court deems just and proper.

Dated: June 11, 2018                          **MICHEL & ASSOCIATES, P.C.**


                                              s/C. D. Michel
                                              C.D. Michel
                                              *Counsel for Plaintiffs*

FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Rhode, et al. v. Becerra*
Case No.: 3:18-cv-802-JM-JMA

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

## FIRST AMENDED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

on the following parties by electronically filing the foregoing on June 11, 2018, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nelson R. Richards
Deputy Attorney General
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
E-mail: Nelson.Richards@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 11, 2018, at Long Beach, CA.

/s/Laura Palmerin
Laura Palmerin