C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RHODE, et al., <br><br>                  Plaintiffs, <br><br>         v. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br>                 Defendant. | Case No.: 3:18-cv-00802-BEN-JLB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Judge:      Hon. Roger T. Benitez <br> Date:       September 20, 2018 <br> Time:       10:00 a.m. <br> Courtroom:   5A <br><br> Action Filed: April 26, 2018 |

# TABLE OF CONTENTS

Table of Authorities ...................................................................................... iii

Introduction .................................................................................................... 1

Statement of Facts .......................................................................................... 2

   A. California's Novel and Expansive Ammunition Scheme ...................... 2

   B. California's Novel and Expansive Ammunition Scheme ...................... 4

Standard of Review ......................................................................................... 7

Argument ......................................................................................................... 7

   I. Plaintiffs State a Plausible Commerce Clause Claim ........................... 7

     A. Plaintiffs Have Alleged a Valid Commerce Clause Claim that
     California's Ammunition Laws Regulate Extraterritorially ...................... 8

     B. Plaintiffs Have Alleged a Valid Commerce Clause Claim that
     California's Ammunition Scheme Discriminates Against Interstate
     Commerce to the Advantage of California's Economic Interests ........... 12

   II. Plaintiffs Allege a Valid Equal Protection Claim ............................. 14

   III. Plaintiffs Allege a Valid 18 U.S.C. § 926A Preemption Claim ........... 16

     A. Section 926A Applies to Ammunition .............................................. 18

     B. Section 926A Preempts Enforcement of State Laws that Unduly
     Conflict with Its Protections of People Transporting Firearms and
     Ammunition ......................................................................................... 18

        1. Because Plaintiffs May Lawfully Possess Ammunition in
        California, Section 926A Entitles Them to Transport It Free
        from In-State Legal Barriers Like Prop 63 .................................... 19

        2. Section 926A's Protections Apply to the Transportation of
        Ammunition from One State Into, Not Only Through, Another ......... 20

        3. Prop 63 Precludes Plaintiffs from Transporting Ammunition
        Acquired Out-of-State into California ............................................ 21

Conclusion .................................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*,
   729 F.3d 937 (9th Cir. 2013) ...................................................................... 11

*Associated Indus. of Mo. v. Lohman*,
   511 U.S. 641 (1994) ..................................................................................... 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 7

*Brown-Forman Distillers Corp. v. New York State Liquor Authority*,
   476 U.S. 573 (1986) ..................................................................................... 10

*C&A Carbone, Inc. v. Town of Clarkstown*,
   511 U.S. 383 (1994) ....................................................................................... 8

*California v. ARC Am. Corp.*,
   490 U.S. 93 (1989) ....................................................................................... 17

*Chinatown Neighborhood Ass'n v. Harris*,
   794 F.3d 1136 (9th Cir. 2015) .................................................................... 11

*City of Cleburne, Tex., v. Cleburne Living Ctr.*,
   473 U.S. 432 (1985) ..................................................................................... 15

*Coalition of N.J. Sportsmen v. Florio*,
   744 F. Supp. 602 (D.N.J. 1990) .................................................................. 20

*Crosby v. Nat'l Foreign Trade Council*,
   530 U.S. 363 (2000) ............................................................................... 16, 22

*Doe v. United States*,
   419 F.3d 1058 (9th Cir. 2005) ...................................................................... 7

*English v. General Electric Co.*,
   496 U.S. 72 (1990) ....................................................................................... 16

*Exxon Corp. v. Governor of Maryland*,
   437 U.S. 117 (1978) ..................................................................................... 12

iii

*Fresno Rifle & Pistol Club, Inc v. Van de Kamp*,
   746 F. Supp. 1415 (E.D. Cal. 1990) ................................................................ 20

*General Motors Corp. v. Tracy*,
   519 U.S. 278 (1997) .................................................................................... 14

*Granholm v. Heald*,
   544 U.S. 460 (2005) ............................................................................. 8, 13, 14

*Healy v. Beer Instit.*,
   491 U.S. 324 (1989) ................................................................................. 8, 9, 10

*Hines v. Davidowitz*,
   312 U.S. 52 (1941) ...................................................................................... 17

*Hussey v. City of Portland*,
   64 F.3d 1260 (9th Cir. 1995) .......................................................................... 15

*Jackson v. City & Cty. of San Francisco*,
   746 F.3d 953 (9th Cir. 2014) .......................................................................... 18

*Lazy Y Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) ........................................................................... 7

*N.Y. State Rifle & Pistol Ass'n v. Cuomo*,
   990 F. Supp. 2d 349 (W.D.N.Y. 2013) ............................................................. 13

*Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*,
   511 U.S. 93 (1994) ..................................................................................... 12

*Porter v. Jones*,
   319 F.3d 483 (9th Cir. 2003) ........................................................................... 7

*Sam Francis Found. v. Christies Inc.*,
   784 F.3d 1320 (9th Cir. 2015) .................................................................. 7, 8, 11

*Teixeira v. Cnty. of Alameda*,
   822 F.3d 1047 (9th Cir. 2016) ........................................................................ 15

*United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.*,
   550 U.S. 330 (2007) ..................................................................................... 7

*Valley Bank of Nev. v. Plus Sys., Inc.*,
   914 F.2d 1186 .............................................................................................. 8

iv

TABLE OF AUTHORITIES

18cv802

*W. Lynn Creamery v. Healy*,
    512 U.S. 186 (1994) ..................................................................... 8, 9, 11

**Statutes**

18 U.S.C § 926A .............................................. 2, 5, 16, 17, 18, 19, 20, 21, 22

18 U.S.C. § 927 ................................................................................... 22

Cal. Code Regs. tit. 11 § 4261 ................................................................ 4

Cal. Code Regs. tit. 11 § 4263 ................................................................ 3

Cal. Pen. Code § 30210 ........................................................................ 19

Cal. Pen. Code § 30305 ........................................................................ 19

Cal. Pen. Code § 30312 ............................................................. 2, 3, 4, 9

Cal. Pen. Code § 30314 ......................................................... 3, 4, 16, 17, 21

Cal. Pen. Code § 30342 .......................................................................... 2

Cal. Pen. Code § 30385 ................................................................... 2, 3, 4

Cal. Pen. Code § 30390 .......................................................................... 4

Cal. Pen. Code § 30395 .......................................................................... 4

Cal. Pen. Code § 30605 ........................................................................ 20

N.Y. Pen. Law § 400.03 ....................................................................... 13

**Other Authorities**

2013 Sess. Law News of N.Y. Ch. 1 (S. 2230) (McKINNEY'S) ..................... 13

California Senate Bill No. 1235 ............................................................... 2

SAFETY FOR ALL ACT, 2016 Cal. Legis. Serv. Prop. 63 (West) .................. 2

U.S. Const. Amend. II ................................................................. 1, 2, 5, 15

U.S. Const. Art. VI, cl. 2 ....................................................................... 16

v
TABLE OF AUTHORITIES

18cv802

**INTRODUCTION**

Plaintiffs' allegations are sufficient to state multiple claims for relief based on California's unprecedented and sweeping restrictions on the acquisition of ammunition. These restrictions confer on in-state ammunition businesses full discretion to deny out-of-state ammunition businesses access to the California market, in violation of the Dormant Commerce Clause. They also prohibit California residents—and *only* California residents—from bringing ammunition into California if it is acquired out of state, in violation of the Equal Protection Clause. And they bar California residents from bringing ammunition they acquire out-of-state into California on their person, in irreconcilable conflict with the protections provided by the Firearm Owners Protection Act.

Plaintiffs are a collection of law-abiding individuals—including Olympic and competitive shooters, hunters, and practitioners of self-defense—who are seeking to acquire ammunition for lawful purposes from out-of-state; out-of-state businesses who seek to service California residents like Plaintiffs; and a civil rights membership organization dedicated to protecting its members' constitutional rights to access ammunition. Each of them is unlawfully precluded by California's new scheme from engaging in interstate activity involving ammunition acquisition.

Defendant California Attorney General Xavier Becerra ("Defendant") argues that this Court should dismiss each of these three challenges for failing to state a claim.[1] But Plaintiffs have stated a claim for each of these causes of action, and Defendants contrary arguments lack merit. First, Plaintiffs have sufficiently alleged a violation of the Dormant Commerce Clause, as California's law regulates wholly out-of-state transactions and discriminates against out-of-state economic interests.  Defendant's contention that California regulates only in-state ammunition activity in a non-discriminatory way ignores the practical reality that in-state businesses effectively have veto power over out-

---

[1]  Plaintiffs also assert a Second Amendment challenge to these restrictions, but Defendant does not move to dismiss that particular claim here.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

of-state businesses servicing Californians. Second, Plaintiffs have asserted an Equal Protection claim because the law applies only to California residents and no one else. This distinction cannot even survive rational basis, as there is no difference between a California resident and a non-resident for purposes of ammunition importation. Plaintiffs' Equal Protection claim is wholly independent of their Second Amendment claim, contrary to Defendant's suggestion, as the Equal Protection claim focuses on the disparate treatment of California residents vis-à-vis nonresidents, which is a unique concern of the Equal Protection Clause. Finally, Plaintiffs have stated a valid preemption claim based on 18 U.S.C § 926A because California's law prohibits the free transport of ammunition across state lines. Defendant's contention that it does not protect the transportation of ammunition into a state cannot be reconciled with the statute's text and purpose.

For these reasons, described in more detail herein, Defendant's motion to dismiss Plaintiffs' claims should be denied in its entirety.

## STATEMENT OF FACTS

### A. California's Novel and Expansive Ammunition Scheme

In 2016, California enacted and amended a lengthy list of statutes that, subject to very limited exceptions, place sweeping restrictions on the purchase, sale, transfer, and importation of ammunition. See SAFETY FOR ALL ACT, 2016 Cal. Legis. Serv. Prop. 63 (West); 2016 California Senate Bill No. 1235, California 2016-2017 Regular Session.

In California, as of January 1, 2018, "the sale of ammunition by any party must be conducted by or processed through a licensed ammunition vendor." Cal. Penal Code § 30312(a) (West 2017). To become a "licensed ammunition vendor" one must either apply with the California Department of Justice, unless already a California licensed firearm dealer. Cal. Penal Code §§ 30342; 30385(d) (West 2017).

Any individual who wishes to sell more than 500 rounds of ammunition in a 30-day period does not have the option to process the transfer through a "licensed ammunition vendor," but rather must become one. Cal. Penal Code § 30342(a).

2

When neither party to an ammunition sale is a licensed vendor in California, the seller must deliver the ammunition to a licensed vendor to process the transaction. Cal. Penal Code § 30312(b). The licensed California vendor may charge the purchaser an additional fee for processing the private party transaction. Cal. Penal Code § 30312(c). "If the purchaser will be present for immediate delivery of the ammunition, the fee shall not exceed five dollars ($5)." Cal. Code Regs. tit. 11 § 4263(a) (2018). "If the purchaser will not be present for immediate delivery of the ammunition, the vendor may charge an additional storage fee as agreed upon with the purchaser prior to the vendor receiving the ammunition." Cal. Code Regs. tit. 11 § 4263(b) (2018). In other words, there is no cap on what the licensed vendor can charge a private party purchaser who is not present for immediate delivery, which, as a practical matter, includes all transactions originating from out-of-state. What's more, the in-state vendor is not required by any law to process transactions for out-of-state vendors who wish to sell to California consumers.

Thus, ammunition vendors that do not have a physical presence in California operate at the whim of licensed vendors that do, as they may either completely price them out of the market by charging the purchaser an unlimited fee or outright refuse to process the transaction.

As of January 1, 2018, subject to some narrow exemptions, a resident of California may not bring or transport into California any ammunition that he or she acquired outside of the state, unless it is first shipped to a licensed vendor in California to process the transaction. Cal. Penal Code § 30314, subds. (a),(b) (West 2017). This transaction would also be completely subject to the in-state vendor's discretion to charge the purchaser a fee in any amount or to simply refuse to process it. Cal. Penal Code § 30312(a).

DOJ was required to begin accepting applications for ammunition vendor licenses on July 1, 2017. Cal. Pen. Code § 30385(a). DOJ failed to meet that deadline and began issuing licenses after January 1, 2018.

According to DOJ's regulations, the "term of an ammunition vendor license is from January 1 through December 31, regardless of the date the initial license is issued.

3

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

Cal. Code Regs. tit. 11 § 4261(b) (2018). Penal Code section 30385(b), however, states that any ammunition vendor license "shall be valid for a period of one year," with no limitation on the date the license is acquired.

Ammunition vendors are required to pay a fee to be set by the Department to cover the costs of California's expansive ammunition licensing and registration scheme. Cal. Penal Code § 30390 (West 2017).

The Department is authorized to issue vendor licenses to qualified California ammunition vendors, Cal. Penal Code § 30395(a) (West 2017), and must maintain a registry of all licensed ammunition vendors for law enforcement review, Id., § 30395(b).

The Challenged Provisions carry misdemeanor criminal penalties for violations, including fines and incarceration. Section 30314 is punishable as an infraction for the first offense. All subsequent violations are punishable as a misdemeanor.

The requirement that ammunition sales be conducted by or processed through a licensed ammunition vendor in a face-to-face transaction, beginning January 1, 2018, does not apply to law enforcement, licensed importers or manufacturers of firearms, California licensed firearm retailers, out of state licensed firearm dealers and collectors, licensed collectors who possess a valid certificate of eligibility issued by DOJ, licensed ammunition vendors, consultant evaluators, persons who receive ammunition at a target facility holding a business or other regulatory licenses provided that the ammunition is at all times kept within the facility's premises, persons who receive ammunition from certain family members, and persons involved in law enforcement training. Cal. Penal Code § 30312(a),(c).

**B. Plaintiffs' Allegations**

On June 11, 2018, Plaintiffs filed their First Amended Complaint (FAC) challenging various provisions of California's ammunition scheme (hereafter referred to

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

as "Prop 63").[2] Plaintiffs are a collection of law-abiding individuals— including Olympic and competitive shooters, hunters, and practitioners of self-defense—who are seeking to acquire ammunition for lawful purposes from out-of-state; out-of-state businesses who seek to service California residents like Plaintiffs; and a civil rights membership organization dedicated to protecting its members' constitutional rights to access ammunition.

Many of the Plaintiffs regularly acquire ammunition from outside of California that they use for various lawful purposes, whether in person—*see*, e.g., FAC 4:22-28 ("Plaintiff Rhode … has ammunition that she uses for marksmanship practice for shooting competitions and self-defense training shipped by her ammunition sponsors … to various shooting ranges … outside California. She regularly transports ammunition that she takes receipt of at these ranges back to her home [in California]"; FAC 4:18-28 ("Plaintiffs Brennan … visits other states annually for hunting and regularly purchases ammunition while hunting outside of California"—or via shipments in the mail. FAC 5:16-28.

These Plaintiffs allege that because Prop 63 places barriers on them bringing ammunition from out-of-state into California on their persons, Prop 63 runs afoul of 18 U.S.C. § 926A, because they are legally able to possess ammunition in California and are thus entitled under § 926A to transport it across state lines. FAC 31:9-17.  And, because Prop 63 only restricts California residents from bringing ammunition from out-of-state into California on their persons, Plaintiffs also contend that Prop 63 violates the Equal Protection Clause, because access to ammunition is protected by the Second Amendment and Plaintiffs are being treated differently than other Americans by Prop 63 in their access to ammunition, without any rational basis. FAC 17:6-11; 18:20-23.

---

[2] "Prop 63" is in reference to California's Proposition 63, which created the ammunition scheme at issue in this lawsuit. Because that is how Defendant chose to refer to the laws being challenged in his motion, Plaintiffs continue with that term to avoid confusing the Court.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

For example, Plaintiffs allege:

> "Where neither party to a transaction is a licensed vendor in California, the seller must deliver the ammunition to a license vendor to process the transaction.  Cal. Penal Code 30312(b)…the vendor may charge an additional storage fee as agreed upon with the purchaser prior to the vendor receiving the ammunition." Cal. Code Regs. Tit. 11 4263(b). In other words, there is no cap on what the licensed vendor can charge a private party purchaser who is not present for immediate delivery, which, as a practical matter, includes all transactions originating from out-of-state. What's more, the in-state vendor is not required by any law to process the transactions for out-of-state vendors who wish to sell to California Customers."

FAC 12:22-13:6

Because Prop 63 also authorizes in-state businesses to prevent out-of-state businesses from the California ammunition marketplace, by either charging an exorbitant fee or simply refusing to process a transaction for a California customer, Plaintiffs allege that this violates the Dormant Commerce Clause by discriminating against ammunition vendors that to not have an in-state location. FAC 13:3-6.

These out-of-state vendor Plaintiffs are equally disadvantaged when servicing California customers who drive or otherwise travel into a neighboring state to purchase ammunition and return to California with that ammunition.

> "…[A] resident of California may not bring or transport into California any ammunition that he or she acquired outside of the state, unless it is first shipped to a licensed vendor in California to process the transaction. Cal. Penal Code section 30314, subds. (a), (b), This transaction would also be completely subject to the in-state vendor's discretion to charge the purchaser a fee in any amount or to simply refuse to process it. Cal. Penal Code 30312(a).

FAC 13:7-13

Plaintiffs allege that the result of this regulatory scheme is to grant in-state vendors an effective monopoly over the California ammunition market and deprive California residents, and out-of-state businesses, of their right to have access to other State's ammunition markets on equal terms. FAC 24:17-25.

///

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

**STANDARD OF REVIEW**

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) merely requires that a plaintiff provide a short and plain statement showing that he is entitled to relief to give a defendant fair notice of the claims and the grounds for the claims. Fed. R. Civ. P. 8(a)(2). At this stage in the proceedings, district courts are required to construe the complaint liberally, viewing it "in the light most favorable to the plaintiff, taking all allegations as true, and drawing all reasonable inferences from the complaint in [plaintiffs'] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The plaintiff "'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (quoting *Sanjuan v. American Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994)).

**ARGUMENT**

## I.   PLAINTIFFS STATE A PLAUSIBLE COMMERCE CLAUSE CLAIM

Plaintiffs' allegations that Prop 63 regulates wholly out of state transactions and discriminates against out-of-state ammunition suppliers clearly state a claim for relief under the Commerce Clause. The Dormant Commerce Clause, which derives from the power granted to Congress under the Commerce Clause, limits states' ability to regulate interstate commerce even where federal law is silent on the issue. *United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007). The purpose of the restriction is to "ensure[] that state autonomy over 'local needs' does not inhibit the 'overriding requirement of freedom for the national commerce.'" *Sam Francis Found. v. Christies Inc.*, 784 F.3d at 1320, 1323 (9th Cir. 2015), quoting *Great Atl. & Pac. Tea Co. v. Cottrell*, 424 U.S. 366, 371 (1976).

To that end, the Dormant Commerce Clause prohibits a state from, among other things, regulating a commercial transaction that takes place wholly outside of the state's

border, "whether or not the commerce has effects within the State." *Healy v. Beer Instit.*, 491 U.S. 324, 336 (1989); *see also W. Lynn Creamery v. Healy*, 512 U.S. 186, 194-95 (1994). Such laws are per se invalid "regardless of whether the statute's extraterritorial reach was intended by the legislature." *Sam Francis*, 784 F.3d at 1323, quoting *Healy v. Beer*, 491 U.S. at 336. The Dormant Commerce Clause also prohibits a state, in all but the narrowest of circumstances, from mandating differential treatment of in-state and out-of-state economic interests. *Granholm v. Heald*, 544 U.S. 460, 472 (2005); *C&A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 392 (1994).

Plaintiffs have sufficiently alleged that Prop 63 runs afoul of both of these constraints on state power. Although Plaintiffs are not required to thoroughly articulate each and every potential theory of liability under the Commerce Clause at this early state of the litigation, they have provided substantial factual allegations that, if taken as true, raise a valid claim that Prop 63 violates the Commerce Clause, both by regulating extraterritorially and by otherwise discriminating against interstate commerce.[3]

### A. Plaintiffs Have Alleged a Valid Commerce Clause Claim that California's Ammunition Laws Regulate Extraterritorially

"[W]hen a state law directly affects transactions that 'take place across state lines' or entirely outside of the state's borders," the law is "invalid per se" under the Commerce Clause. *Valley Bank of Nevada v. Plus System, Inc*., 914 F. 2d 1186, 1189-90 (9th Cir. 1990) (citations omitted). "The critical inquiry is whether the practical effect of the regulation is to control conduct beyond the boundaries of the State." *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989) (citing *Brown-Forman Distillers Corp. v. New York State Liquor Authority*, 476 U.S. 573, 579 (1986)); *accord Valley Bank of Nev.*, 914 F. at 1190.

---

[3] A state law that regulates even-handedly can also violate the Commerce Clause if it impermissibly burdens interstate commerce in relation to local interests. *See Healy*, 512 U.S. at 194-95. But, contrary to the State's assertion, Plaintiffs do not raise such an argument. For this reason, Plaintiffs do not address the arguments raised in section I.C. of Defendant's motion.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

1    Defendant argues that Prop 63 does not run afoul of that prohibition because it

2    "regulate[s] only conduct within California," *i.e.*, the act of California residents bringing

3    ammunition acquired from out-of-state into California. State Mem. P. & A. Supp. Mot.

4    Dismiss ("State Mot.") 7-8.  But that ignores the "practical effect" of the regulation,

5    which is clearly to control conduct outside California's borders.  Indeed, the practical

6    effect of Prop 63 is to afford California ammunition vendors complete control over

7    whether and at what cost an out-of-state business can service California customers. Few

8    laws could more plainly "affect" out-of-state transactions.

9    As Plaintiffs detail in the complaint, Prop 63 requires an out-of-state ammunition

10   vendor seeking to sell and ship ammunition to a California resident to first ship it to an

11   in-state ammunition vendor for processing. California Penal Code §§ 30312(a),(b);

12   30314(a). It also provides, as Defendant does not dispute, that "the in-state vendor is not

13   required by any law to process the transactions for out-of-state vendors who wish to sell

14   to California Customers." FAC 13:1-2. Prop 63 thus gives California vendors complete

15   control over orders for ammunition that a California resident places with an out-of-state

16   vendor—like Plaintiffs Able's Sporting, Ammunition Depot, and Sam's Shooters

17   Emporium—as it effectively allows a California vendor to cancel out-of-state orders by

18   preventing the out-of-state vendor from complying with the law. Defendant also does not

19   dispute that Prop 63 confers on an in-state vendor the discretion to charge the California

20   resident any fee amount the vendor wishes, in order to process the transaction. FAC

21   12:16-27. This effectively allows the in-state vendor to fix the price for a Californian to

22   purchase ammunition out-of-state.

23   Prop 63 thus runs headlong into the Supreme Court's decision in *Healy*, which

24   struck down a Connecticut statute requiring brewers and "out-of-state shippers" to post

25   the prices of beer "to be sold in Connecticut" in advance. *Healy*, 512 U.S. at 326-27.

26   Although the statute purported to regulate only conduct occurring inside Connecticut, the

27   Court held that it violated the Dormant Commerce Clause nonetheless, concluding that it

28

9

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

"has the extraterritorial effect, condemned in *Brown-Forman*[4], of preventing brewers from undertaking competitive pricing in Massachusetts based on prevailing market conditions." *Id*. at 338. As the Court explained, "States may not deprive businesses and consumers in other States of 'whatever competitive advantages they may possess' based on the conditions of the local market." *Id*. at 339.

Under *Healy*, a statute that affects the price an out-of-state vendor can charge for its products being sold in-state violates the Commerce Clause. *A fortiori*, a statute that not only allows in-state vendors to set the price an in-state consumer must pay to engage in commerce with an out-of-state vendor, but allows the in-state vendor complete discretion to bar such a transaction altogether, violates the Commerce Clause too. For, such a regime not only impermissibly deprives out-of-state businesses of any "competitive advantages they may possess," *id*. at 339, but may deprive them of the ability to engage in business at all. That is exactly what Plaintiffs allege California's ammunition scheme does here.

Indeed, a California resident seeking to acquire ammunition from out-of-state cannot even escape the reach of the in-state vendor's control by physically going out of state. To legally bring the ammunition home, he or she would have to, *while out-of-state*, ship the ammunition to a licensed California vendor and retrieve it once back in-state. Just as with businesses shipping into California, however, the in-state vendor may refuse to accept the shipment. FAC 13:1-2. This means that a California resident has no mechanism to acquire ammunition from out-of-state without approval of an in-state vendor. FAC 17:12-18:19. Prop 63 thus plainly impermissibly "attempt[s] to regulate

---

[4] In *Brown Forman* the Supreme Court held that a New York law violated the Commerce Clause in part because it required in-state and out-of-state distillers to sell their products in accordance with a monthly price schedule, effectively forcing distillers who sold liquor to wholesalers within New York to sell at a price that was no higher than the lowest price that the liquor distiller charged to wholesalers anywhere in the United States.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

transactions conducted wholly out of state." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1146 (9th Cir. 2015).

That readily distinguishes this case from *Chinatown Neighborhood Ass'n*, on which Defendant relies, because nothing in the statute at issue in that case suggested that California businesses could control out-of-state businesses' participation in the shark fin market. Instead, that statute closed the market for *everyone*. The "practical effect" on interstate commerce of a state closing a particular market altogether within its borders is wholly different from a state attempting to insulate in-state commerce from all out-of-state competition, as is the case with Prop 63. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 948 (9th Cir. 2013). Defendant's reliance on *Sam Francis*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc), is likewise misplaced. As an initial matter, Defendant points to nothing in that case that would foreclose Plaintiffs' extraterritorial arguments here. If anything, it bolsters Plaintiffs' argument. The Ninth Circuit in *Sam Francis* held that a state law's "regulation of out-of-state sales runs afoul of the" Dormant Commerce Clause. That is precisely what Prop 63 does.

That conclusion is underscored by the Supreme Court's admonition that "the practical effect of the statute must be evaluated not only by considering the consequences of the statute itself, but also by considering how the challenged statute may interact with the legitimate regulatory regimes of other States and what effect would arise if not one, but many or every, State adopted similar legislation." *Healy*, 512 U.S. at 336. If every state in the Union adopted a regime identical to Prop 63, the practical effect would be that ammunition vendors in each state would be able to force their fellow residents to acquire ammunition for use in their home state from them. Surely, that is the type of "practical effect" on interstate commerce that is forbidden under the Commerce Clause.

At bottom, Plaintiffs' allegations that the Challenged Provisions unlawfully regulate out-of-state transactions are sufficient to raise a valid claim for relief under the Dormant Commerce Clause.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

**B.      Plaintiffs Have Alleged a Valid Commerce Clause Claim that California's Ammunition Scheme Discriminates Against Interstate Commerce to the Advantage of California's Economic Interests**

Prop 63 also impermissibly favors California ammunition vendors' economic interests over the interests of out-of-state vendors. *See Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 99 (1994).  Defendant tries to ignore this reality by recasting the law as favoring "brick and mortar stores" over "online (or mail order) sales," State Mot. at 14, but that argument cannot withstand scrutiny.[5]

As explained above, Prop 63 grants out-of-state vendors access to the California marketplace solely at the discretion of in-state vendors. This is true regardless of whether the California purchaser is attempting to order ammunition directly from the out-of-state vendor (via Internet or mail), or whether the purchaser travels to the physical location of the out-of-state vendor for a face-to-face transaction at its brick-and-mortar store with the intention of returning to California with the ammunition. Either way, under Prop 63, an in-state vendor can completely bar an out-of-state vendor from servicing California residents either by charging the purchaser an exorbitant fee or outright refusing to process the transaction. Accordingly, while Prop 63 may draw a distinction between "brick and mortar stores" and "online (or mail order) sales" for purposes of *in-state* vendors, its discrimination against *out-of-state* vendors is absolute.

That stands in stark contrast to *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 119-20 (1978), on which Defendant relies, in which the Supreme Court rejected Exxon's arguments that a Maryland law violated the dormant Commerce Clause because it restricted a method of distribution that was only utilized by out-of-state companies.

---

[5]  Defendant points to the supposed purpose of Prop 63, State Mot. 9, but even assuming the purpose is as Defendant describes (which Plaintiffs do not concede), the purpose of the law is beside the point.  "[A] a court need not inquire into the purpose or motivation behind a law to determine that in actuality it impermissibly discriminates against interstate commerce." *Associated Indus. of Mo. v. Lohman*, 511 U.S. 641, 653 (1994).

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

Plaintiffs allege not that Prop 63 restricts a method of distribution that burdens only out-of-state businesses, but that it discriminates against *every* form of out-of-state ammunition commerce, rendering out-of-state vendors' ability to do business in California entirely dependent on the discretion of their in-state competitors, and subjecting them to substantial additional costs. Said differently, the constitutional infirmity with Prop 63 is not that Plaintiffs cannot access California customers in a *particular manner*, but that in-state vendors may preclude them from accessing the California market *at all*.[6] Prop 63 thus "deprive[s] citizens of their right to have access to the markets of other states on equal terms," *Granholm* at 473, in violation of the Dormant Commerce Clause.

Defendant protests that Plaintiffs are comparing apples and oranges, insisting that out-of-state shippers and in-state brick-and-mortar stores are not "similarly situated." State Mot. 11-12. Again, Defendant mischaracterizes Prop 63, which does not divide the line between brick-and-mortar stores and vendors who sell by phone, internet, or mail. Plaintiff Sam's Shooters Emporium has a brick-and-mortar store; it is just *out of state*. The actual distinction Prop 63 draws is between in-state and out-of-state vendors, which is plainly discriminatory under the Dormant Commerce Clause.  That is clear from the law's disparate effect on in-state versus out-of-state online or mail vendors. Whereas an in-state online vendor can avoid the impact of Prop 63 by converting to a brick-and-mortar store, there is *no* way an out-of-state vendor can escape its reach. That

_____

[6] Defendant's also rely on *N.Y. State Rifle & Pistol Ass'n v. Cuomo*, 990 F. Supp. 2d 349 (W.D.N.Y. 2013), aff'd in part and rev'd in part and rev'd in part on other grounds, 804 F.3d 242 (2d Cir. 2015). This case does not (and cannot) warrant the dismissal of Plaintiffs' dormant Commerce Clause claim. Aside from being an out-of-circuit, district court opinion concerning a law that was never implemented or considered by an appellate court, the New York law is notably different from California's. Unlike Prop 63, the New York law did not deny access to the New York marketplace in any manner, subject solely to the discretion of in-state economic interests. See N.Y. Penal Law § 400.03; See also 2013 Sess. Law News of N.Y. Ch. 1 (S. 2230) (McKINNEY'S).

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

underscores the impermissible discriminatory effect that Prop 63 inevitably has on out-of-state-vendors.

At any rate, Defendant's contention that out-of-state ammunition shippers and in-state brick-and-mortar vendors are not "similarly situated" is plainly wrong, as they are both engaged in the same business—selling ammunition—and seek to sell it to the same market, California residents. And in all events, even assuming there were room for debate on whether there is an "absence of actual or prospective competition between the supposedly favored and disfavored entities in a single market," *General Motors Corp. v. Tracy*, 519 U.S. 278, 300, that factual debate would not be appropriate for resolution at the motion to dismiss stage.

Defendant's additional argument that Prop 63 is not discriminatory because it does not preclude out-of-state owned businesses from establishing a physical presence in California is likewise unavailing. Defendant cites no authority supporting its argument; and for good reason. Forcing an out-of-state company to have an in-state presence as a condition to having access to that state's market by definition favors in-state economic interests over out-of-state interests and cannot be squared with Dormant Commerce Clause principles. *See Granholm v. Heald*, 544 U.S. 460, 466 (2005) (striking down Michigan and New York laws allowing in-state wineries to sell wine directly to consumers but effectively prohibiting or at best hampering out-of-state wineries from doing so). Defendant's contrary argument would effectively mean that no law, except one that not only forbids out-of-state commerce but also expressly forbids out-of-state entities from establishing a presence in a state, would discriminate in violation of the Dormant Commerce Clause. That is not the law.

In sum, Plaintiffs have plainly pleaded not only a sufficient dormant Commerce Clause claim, but a strong one. The Court should reject Defendant's request to dismiss it.

## II.   PLAINTIFFS ALLEGE A VALID EQUAL PROTECTION CLAIM

Plaintiffs have sufficiently alleged that California's unequal treatment of California residents entering the state with ammunition violates the Equal Protection Clause. FAC

14

17:6-21.  Prop 63's prohibition on California residents bringing ammunition acquired in another state into California on their person, while allowing residents of other states to do so, cannot be justified under any level of scrutiny. Defendant argues that Plaintiffs' Equal Protection claim should be dismissed because it is simply a repeat of their Second Amendment claim and cannot survive rational basis review, State Mot. 18-21, but Defendant is mistaken on both grounds.

First, Defendant misunderstands the nature of Plaintiffs' Equal Protection claim when it argues that Plaintiffs raise "a Second Amendment claim dressed in Equal Protection clothing." *Teixeira v. Cnty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016) (citing *Orin v. Barclay*, 272 F.3d 1207, 1213 n. 3 (9th Cir. 2001)). In *Teixeira*, individuals sought to operate a firearm retail business at a location that was restricted by a local zoning ordinance prohibiting *anyone* from opening a firearm retail business within certain parameters. 822 F.3d at 1049-52. These individuals and several organizations challenged the ordinance on both Second Amendment and Equal Protection grounds. After concluding that "this is not a situation where one group is being denied a right while another" is not, the Ninth Circuit acknowledged that plaintiffs' Equal Protection claim would be "more appropriately analyzed under the Second Amendment." *Id*. at 1052.

Unlike *Teixeira*, Plaintiffs' Equal Protection challenge is not based on the fact that the activity being restricted is protected by the Second Amendment.  Instead, their claim is based on the fact that Prop 63 imposes special burdens on California residents that it does not impose on residents of other states—even when they are in California.  To be sure, the fact that this burden is imposed on Second Amendment activity should demand even more rigorous scrutiny. *City of Cleburne, Tex., v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). "[W]here fundamental rights and liberties are asserted under the Equal Protection Clause, classifications which invade or restrain them must be closely scrutinized;" *Hussey v. City of Portland*, 64 F.3d 1260, 1265 (9th Cir. 1995) (quoting *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 670 (1966), and citing *Kramer v.*

15

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

*Union Free School Dist.*, 395 U.S. 621, 633 (1969). But regardless of whether heightened scrutiny is applicable here, there is simply no rational basis for restricting the ability of residents to bring ammunition into California while leaving nonresidents free to do so.

A hypothetical scenario highlights the irrationality of California's scheme. Plaintiff Rhode has alleged that, as an Olympic shotgun shooter, USA Shooting (the National Governing Body for the sport of shooting chartered by the United States Olympic Committee) previously would ship ammunition to a training facility in Arizona, from where she retrieved it and brought it into California for training and competition purposes. FAC 4:11-22. Under § 30314(a), she can no longer bring it to California herself. She must have it shipped to an in-state vendor from whom she can pick it up after it is registered to her and she is cleared. However, if her non-California-resident teammate were to be given the same ammunition at the same facility on the same day, she would lawfully be able to drive that ammunition across the border into California herself.

There is simply no rational basis for treating the two differently. Defendant attempts to posit a few rationales, State Mot. 21: 5-18, but none hits the mark for one reason: California is set up to run background checks on non-residents. And, there is zero difference between a California resident and a non-resident putting the ammunition in the mail and having it shipped to an in-state vendor. In sum, Prop 63's disparate treatment of California residents cannot be justified. As such, Plaintiffs have asserted a valid Equal Protection claim.

## III.   PLAINTIFFS ALLEGE A VALID 18 U.S.C. § 926A PREEMPTION CLAIM

Plaintiffs have stated a valid claim for preemption under § 926A. "A fundamental principle of the Constitution is that Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000); *see also* U.S. Const. Art. VI, cl. 2.  The Supreme Court has held that a "state law is pre-empted to the extent that it actually conflicts with federal law." *English v. General Electric Co.*, 496 U.S. 72, 79 (1990).  A state law is also preempted whenever Congress has "occup[ied] the field"

16

in a particular area, *California v. ARC Am. Corp.*, 490 U.S. 93, 100 (1989), or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

Congress expressly designed the Firearm Owner Protection Act to preempt certain local laws that, as the Act's name suggests, affect firearm owners. It provides, in relevant part:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be *entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm* if, during such transportation the firearm is *unloaded*, and neither the firearm nor any *ammunition* being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm *or ammunition* shall be contained in a locked container other than the glove compartment or console.

18 U.S.C. § 926A (emphasis added).

Prop 63 provides, in relevant part, that:

> [A] resident of this state shall not bring or transport into this state any ammunition that he or she purchased or otherwise obtained from outside of this state unless he or she first has that ammunition delivered to a licensed ammunition vendor for delivery to that resident . . . .

Cal. Pen. Code § 30314(a).

Because no law prohibits Plaintiffs from possessing ammunition in California, as long as they are bringing it from a place where they also lawfully possessed it, § 926A plainly "entitle[s]" them "to transport" it into and through California. FAC 22:1-14. Because Prop 63 prevents from doing either, it is preempted by § 926A.

Neither of Defendant's two arguments to the contrary—that § 926A applies only to *firearms*, not *ammunition* and that Congress did not intend § 926A to enjoin enforcement of a law in a person's home state (State Mot. 23:25-28; 24:17-18)—withstands scrutiny.

/ / /

/ / /

17

**A. Section 926A Applies to Ammunition**

Defendant's view that § 926A does not apply to ammunition ignores the clear text of the statute. It expressly refers to "ammunition," clarifying that the statute's protections from local laws only apply as long as ammunition is not directly accessible in the vehicle's passenger compartment or is locked up. And the statute expressly says that "the firearm *or* ammunition shall be contained in a locked container other than the glove compartment or console." 18 U.S.C. § 926A.  Congress would have had no need to use the disjunctive "or" if only a firearm could be transported (or, relatedly, if ammunition could be transported only in conjunction with a firearm).  Given that the statute specifically instructs how to store ammunition when transporting it, the statute *a fortiori* protects the transport of ammunition. Defendant's view of § 926A cannot be squared with the plain text of the statute.

That § 926A clearly protects the transfer of ammunition also follows from the statute's purpose, which, as reflected in its title, is to protect firearm owners while in transit. As the Ninth Circuit has recognized, ammunition is inextricable from firearm ownership. S*ee Jackson v. City & Cty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014) (recognizing that "without bullets, the right to bear arms would be meaningless"). As a result, firearm owners are commonly transporting ammunition, as they cannot use one without the other. It would make little sense for Congress to be concerned only about protecting firearm owners from liabilities arising from transporting the firearm but have no concern over liabilities arising from transporting the ammunition that is necessary to use those very firearms.

**B. Section 926A Preempts Enforcement of State Laws that Unduly Conflict with Its Protections of People Transporting Firearms and Ammunition**

Prop 63 is in conflict with the protections afforded by § 926A.  Defendant's three arguments for why § 926A does not preempt Prop 63 are all premised on a basic misunderstanding of either § 926A or Prop 63.  First, Defendant argues that it is illegal to possess ammunition that was brought into California in violation of Prop 63 and,

18

therefore, § 926A's protections do not apply. State Mot. 24:4-16. But Prop 63 does not bar *possession* of ammunition. Because it is legal to possess ammunition in California, the protections of § 926A apply and preempt any state laws that stand in conflict with it. Defendant's contrary argument would mean that states could evade § 926A entirely by simply declaring it illegal to possess a firearm that has been transported from another state.  That is plainly contrary to what Congress intended. Second, Defendant argues that § 926A only protects against the laws of a state that a person is passing through, not the person's state of residence. State Mot. 24:17-25:8. But Defendant again misunderstands the law, nothing in the text or purpose of §926A limits its scope only to passers through. And third, Defendant suggests that Prop 63 does not offend § 926A because it does not prevent Plaintiffs from transporting ammunition into California, but only requires them to pass a background check to be able to do so. State Mot. 22:16-23:3; 25:9-12. But Prop 63 does not require only a background check (which itself would be problematic); it also requires the person transporting the ammunition to *first* deliver it to a licensed in-state ammunition vendor. In sum Defendant's arguments fail to rebut Plaintiffs' claim that Prop 63 and § 926A stand in irreconcilable conflict.

### 1. Because Plaintiffs May Lawfully Possess Ammunition in California, Section 926A Entitles Them to Transport It Free from In-State Legal Barriers Like Prop 63

Defendant is correct that § 926A's protections only apply where possession of the firearm or ammunition being transported is legal, but possession of ammunition is legal in California. Prop 63 does not regulate the possession of ammunition, nor does any other California law generally regulate the possession of ammunition (with the exception of regulating certain people's possession, e.g., Penal Code section 30305 (prohibiting possession of ammunition by persons prohibited from owning or possessing firearms); or possession of specific types of ammunition, e.g., Penal Code section 30210 (ammunition containing "flechette darts" or any bullet containing an "explosive agent")). Rather, Prop

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

63 exclusively restricts the very activity that § 926A expressly protects: *transportation* of ammunition between places where its possession is lawful.

That is why the State's reliance on *Fresno Rifle & Pistol Club, Inc v. Van de Kamp*, 746 F. Supp. 1415 (E.D. Cal. 1990), is misplaced. *Fresno Rifle* involved "assault weapons," which categorically could not be legally possessed in California. Cal. Pen. Code § 30605(a). The court's conclusion that § 926A's requirement that a person "be legally entitled to possess it [a firearm] in the place to which it is being transported" was lacking thus has no bearing on this case. *Id.* at 1427. Plaintiffs are not invoking § 926A to, for example, strike down California's prohibition on *possessing* "armor-piercing" ammunition within the state. Rather, Plaintiffs contend that it is lawful for them to possess the ammunition that they would *transport* into California but for Prop 63, which renders Prop 63 in conflict with § 926A's protections.

## 2. Section 926A's Protections Apply to the Transportation of Ammunition from One State Into, Not Only Through, Another

There is simply nothing in § 926A's text or purpose that supports Defendant's interpretation that it only protects against the laws of a state that a person is passing through, not the person's destination state. To the contrary, § 926A provides that a person is "entitled to transport a firearm for any lawful purpose from any *place* where he may lawfully possess and carry such firearm *to any other place* where he may lawfully possess and carry such firearm . . .." (emphasis added.) It does not say "through" or "while in transit" or include any other language suggesting that it applies only to a person passing through one state to another. To the contrary, it provides that a person is entitled to transport firearms and ammunition "to any other place" where possession is lawful. To say that § 926A does not extend its protections to any laws of the destination state would not only run counter to the express language in the statute, but to its very purpose.

The case of *Coalition of N.J. Sportsmen v. Florio*, 744 F. Supp. 602, 609 (D.N.J. 1990), that Defendant cites does not support his contrary view. State Mot. 24:17-22. That court was not being asked to decide 926A's preemptive effect on a state law restricting

20

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

*transportation* into the state, but rather one restricting *possession* of firearms in the state. *Id*. at 609-10. To the extent it can be read as supporting Defendant's view, it is an out-of-circuit, district court opinion that is not binding on, and should be ignored by this Court; as it is simply wrong and unfaithful to § 926A's text.

Nor does Defendant's view make any sense. Under that view, § 926A would preempt Prop 63 when a Californian enters California with ammunition purchased in Nevada, for the purpose of passing through to Oregon. But, § 926A would *not* preempt Prop 63 when the same person enters California intending to stop at home. Nothing in the text or purpose of § 926A draws that arbitrary line. To the contrary, § 926A protects the free transportation of firearms and ammunition "to any other place"—including California—and the provisions of Prop 63 conflict that with that protection.

### 3. Prop 63 Precludes Plaintiffs from Transporting Ammunition Acquired Out-of-State into California

Finally, Defendant mischaracterizes both the law and the facts at issue in this case in arguing that § 926A does not preempt Prop 63 because Prop 63 requires Plaintiffs only to undergo a background check in order to transport ammunition into California and does not "prevent" them from doing so. Defendant is simply wrong that Prop 63 requires only a background check before someone may transport ammunition into California.

Setting aside that the background-check requirement itself inhibits the free transport of ammunition across state lines in conflicts with §926A, that is not all the California law requires.  By its very terms, Prop 63 requires a California resident who acquires ammunition from out-of-state to have it delivered it to a licensed ammunition vendor in California *before* he or she can "bring or transport" the ammunition into the state. Cal. Pen. Code § 30314(a). In other words, the California resident would have to have the ammunition shipped to a vendor in California from out-of-state.  That requirement *prohibits* the person from transporting ammunition across state lines, which is precisely the activity protected by § 926A.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

Accordingly, Prop 63 has created a "direct and positive conflict" with § 926A, such that "the two cannot be reconciled or consistently stand together," and is, therefore, preempted. 18 U.S.C. § 927.  At a very minimum, Prop 63 "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" expressed in § 926A.  *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 377 (2000) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Plaintiffs' allegations state a claim for relief under the Dormant Commerce Clause, the Equal Protection Clause, and 18 U.S.C. §926A.  The Court should deny Defendant's motion to dismiss in its entirety.  To the extent the Court believes that Plaintiffs' complaint is deficient in stating any of the claims it purports to raise, or any of the arguments raised in this brief, Plaintiffs respectfully request leave to amend their Complaint or a declaration from this Court that it believes an amendment would be futile.


Dated: September 6, 2018              **MICHEL & ASSOCIATES, P.C.**


                                       s/Sean A. Brady
                                       Sean A. Brady
                                       Email: sbrady@michellawyers.com
                                       Attorneys for Plaintiffs

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

18cv802

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Rhode, et al. v. Becerra*
Case No.: 3:18-cv-00802-JM-JMA

IT IS HEREBY CERTIFIED THAT:

     I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

     I have caused service of the following documents, described as:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

on the following parties by electronically filing the foregoing on September 6, 2018, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nelson R. Richards
Deputy Attorney General
nelson.richards@doj.ca.gov
2550 Mariposa Mall, Room 5090
Fresno, CA 93721

*Attorneys for Defendant Attorney General Xavier Becerra*

     I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2018, at Long Beach, CA.

/s/Laura Palmerin
Laura Palmerin

18cv802