C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

*Attorneys for Plaintiffs*

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
NELSON R. RICHARDS
Deputy Attorney General
State Bar No. 246996
  2550 Mariposa Mall, Room 5090
  Fresno, CA 93721
  Telephone: (559) 705-2324
  Fax: (559) 445-5106
  E-mail: Nelson.Richards@doj.ca.gov

*Attorneys for Defendant Attorney General Xavier Becerra*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RHODE, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>               Defendant. | Case No.: 3:18-cv-00802-BEN-JLB<br><br>**JOINT DISCOVERY PLAN** |

On November 19, 2018, counsel for Plaintiffs Kim Rhode, Gary Brennan, Cory Henry, Edward Johnson, Scott Lindemuth, Richard Ricks, Denise Welvang, Able's Sporting, Inc., a Texas corporation, AMDEP Holdings, LLC, a Florida limited liability company d/b/a Ammunition Depot, R&S Firearms, Inc., an Arizona corporation d/b/a Sam's Shooters' Emporium, and California Rifle & Pistol Association, Incorporated, a California corporation ("Plaintiffs") and Defendant Xavier Becerra ("Defendant") (collectively "the Parties") held a conference in accordance with Federal Rule of Civil Procedure 26(f), the Court's November 6, 2018 Notice and Order for Telephonic, Counsel-Only Rule 26 Compliance and Case Management Conference and In-Person Early Neutral Evaluation Conference, and the Civil Chamber Rules of the Honorable Jill L. Burkhardt.

During that conference, the parties discussed the matters required by Federal Rule 26(f), the Civil Chambers Rules, and orders of this Court. The parties now submit this Joint Discovery Plan.

**I.     RULE 26(F) DISCOVERY ISSUES**

    **A.     Rule 26(a) Disclosures (FRCP 26(f)(3)(A))**

Pursuant to the Court's November 6, 2018 order, the service of initial disclosures shall occur on or before November 27, 2018. The parties do not anticipate any changes to the timing, form, or requirement for such disclosures.

    **B.     Anticipated Scope of Discovery (FRCP 26(f)(3)(B))**

In accordance with Federal Rule 26(f)(3)(B), the parties agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' First Amended Complaint (FAC) and the denials and defenses raised in Defendants' Answer. The parties plan on stipulating to electronic service of discovery.

The parties intend to propound written discovery in the form of interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules. The parties also intend to conduct depositions of certain expert and lay witnesses, as they become known.

<u>Plaintiffs</u>

Plaintiffs currently intend to serve written discovery concerning the challenged statutes and regulations that Defendant is charged with implementing and enforcing, including the purported justifications for those provisions and all information that Defendant may rely upon to support those justifications. Plaintiffs also intend to take discovery concerning the nature of the fit of the challenged provisions with the purported justifications, as well as the scope and impact the law has on the ability of law-abiding citizens to acquire constitutionally protected ammunition for lawful purposes.

As described in further detail below, Plaintiffs also intend to notice the deposition of Defendant's person most knowledgeable concerning these topics, as well as any expert witness(es) that may be designated by Defendant.

Plaintiffs are contemplating serving document and deposition subpoenas on non-party witnesses responsible for drafting and advocating for the adoption of Proposition 63 and the challenged provisions.

<u>Defendant</u>

Defendant currently intends to serve written discovery, including interrogatories, requests for production of documents, and requests for admission, relevant to the factual basis, if any, for the allegations and legal theories in the FAC.  As described in further detail below, Defendant also intends to notice the depositions of some or all of the Plaintiffs, including Rule 30(b)(6) depositions of the plaintiff businesses and nonprofit organization, concerning Plaintiffs' Dormant Commerce Clause, Second Amendment, and preemption claims.  The Attorney General anticipates that the need for further discovery and additional topics may be identified during the course of the discovery process.

**C.     Electronically Stored Information (FRCP 26(f)(3)(C))**

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or

discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

### D. Privilege Issues (FRCP 26(f)(3)(D))

In accordance with Federal Rule 26(f)(3)(D), the parties have discussed privilege and protection issues. The parties agree that all privileges are in full force and effect. The parties further agree that any privileged information that is inadvertently disclosed shall be subject to a clawback, if invoked by the disclosing party. In the event one of the parties believes a protective order is necessary, the parties agree to meet and confer and, if they both agree that a protective order is necessary, negotiate a stipulated protective order.

### E. Changes to Discovery Limitations (FRCP 26(f)(3)(E))

With one possible exception, the parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. Given the number of Plaintiffs, Defendant may need to exceed 10 depositions, which would require either a stipulation or court approval under Federal Rule of Civil Procedure 30. In addition, the parties reserve the right to seek leave of Court to exceed any other discovery limitations if necessary.

### F. Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))

In accordance with Federal Rule 26(f)(3)(F), the parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

## II. ADDITIONAL DISCOVERY ISSUES (CHAMBER RULES)

### A. Witnesses the Parties Intend to Depose (Chamber Rule III.B.1)

Pursuant to the Civil Chambers Rules, the parties have disclosed the identities or categories of all witnesses they intend to depose and have discussed, briefly, the reasons

4
JOINT DISCOVERY PLAN

they seek to take those depositions. Neither party currently anticipates opposing the deposition of any specific witness, but each reserves the right to object to all or part of any deposition if necessary, upon seeing the specific deposition notice.

<u>Plaintiffs</u>

Plaintiffs intend to notice the deposition of Defendant by way of his person most knowledgeable in order to test the allegations in Defendant's Answer. Plaintiffs also seek to secure evidence relevant to the claims and defenses asserted in this action, including evidence concerning the scope and impact of the challenged statutes and regulations that Defendant is charged with implementing and enforcing.

Plaintiffs also intend to notice the deposition of each of Defendant's non-party, expert witnesses, concerning the opinions each might provide in their respective reports.

Plaintiffs may identify other witnesses they learn about via Defendant's document production or written discovery whose deposition may be necessary but whose identity is not currently known to Plaintiffs.

<u>Defendant</u>

Defendant intends to take the depositions of some or all the individual Plaintiffs in this action, Kim Rhode, Gary Brennan, Cory Henry, Edward Johnson, Scott Lindemuth, Richard Ricks, Denise Welvang, to test the factual allegations in the FAC as well as to discover evidence relevant to the claims and defenses asserted in this action. In the FAC, these Plaintiffs make allegations about the effect of California's ammunition laws. Defendant intends to inquire about these allegations as they relate to Plaintiffs' Dormant Commerce Clause, Second Amendment, and preemption claims and Defendant's defenses to those claims.

Defendant also intends to take the depositions of some or all of the business Plaintiffs in this action, Able's Sporting, Inc., AMDEP Holdings, LLC, and R & S Firearms Inc., under Federal Rule of Civil Procedure 30(b)(6) to test the factual allegations in the FAC as well as to discover evidence relevant to the claims and defenses asserted in this action. Among other topics, Defendant anticipates inquiring about facts

relating to Plaintiffs' Dormant Commerce Clause claim and Defendant's defenses to that claim, including ammunition sales to California residents and communications with California residents by those business Plaintiffs.

In addition, Defendant may take the deposition of Plaintiff California Rifle & Pistol Association, Incorporated, under Federal Rule of Civil Procedure 30(b)(6) to determine whether the organization has associational standing and to test the factual allegations in the FAC as well as to discover evidence relevant to the claims and defenses asserted in this action.

Defendant also intends to take the depositions of some or each of non-party witnesses, if any, identified in Plaintiffs' initial disclosures and any later-disclosed expert witnesses concerning the opinions each might provide in their respective reports.

Defendant may identify other witnesses via document production or written discovery whose deposition may be necessary.

### B. Documents Requested for Production (Chamber Rule III.B.2)

Pursuant to the Civil Chambers Rules, the parties have disclosed the categories of documents they intend to request for production. Neither party currently anticipates objecting to any of the broad categories of documents disclosed below, but each reserves the right to object to all or part of any specific request for production.

<u>Plaintiffs</u>

Plaintiffs expect to request the following categories of documents from Defendants:

All documents in support of the defenses raised in Defendant's Answer, as well as all factual allegations made in support of Defendant's Motion to Dismiss, including:

- All documents referencing the California Legislature's official justification(s) for adopting the challenged statutes.
- All documents referencing the California Department of Justice's official justification(s) for adopting regulations implementing the challenged statutes.

- All documents constituting evidence that Defendant may rely on in asserting that the challenged provisions further public safety.

Plaintiffs may identify and seek additional categories of relevant documents as discovery proceeds.

<u>Defendant</u>

Defendant expects to request the following categories of documents from Plaintiffs:

All documents in support of the factual allegations made in the FAC, including, but not limited to:

- Plaintiffs' allegations that the Safety for All Act of 2016 has affected the business Plaintiffs' sales inside California.
- Plaintiffs' allegations that the Safety for All Act of 2016 unconstitutionally burdens their access to ammunition.
- Plaintiffs' allegations that the Safety for All Act of 2016 and Senate Bill 1235 effectively ban a major means of purchasing ammunition.

**C.  Discovery to Enable Settlement Evaluation (Chamber Rule III.B.3)**

The parties do not believe any discovery would enable the parties to settle this dispute. Indeed, the parties have discussed the possibility of settlement and do not believe this case has any potential of settling. Plaintiffs believe that the challenged provisions violate various constitutional rights, and Defendant believes the law is constitutional.

Plaintiffs have no intention of dismissing this lawsuit unless Defendant ceases enforcement of the challenged provisions.

It is Defendant's position that the challenged provisions are constitutional and duly enacted. Given the Attorney General's sworn duty to uphold the laws of the State, the Attorney General cannot excuse Plaintiffs from compliance with the challenged provisions or otherwise refuse to enforce them. Cal. Const., art. III, § 3.5.

For these reasons, the parties will request to be relieved from Early Neutral Evaluation and its related requirements. Should the Court not relieve the parties from

Early Neutral Evaluation, the parties will request that they be allowed to attend the Early Neutral Evaluation conference telephonically, rather than in person.

### D. Issues Implicating Expert Evidence & Anticipated *Daubert* Objections (Chamber Rule III.B.4)

<u>Issues that Implicate Expert Evidence</u>

The parties agree that this case will likely implicate expert evidence, but the nature and scope of that evidence will depend on what the non-expert discovery reveals. As such, it is premature for either side to provide firm details on any expected expert evidence.

<u>Anticipated *Daubert* Objections</u>

Without having yet exchanged expert designations or having investigated the grounds for their opinions, the parties agree that it is premature to determine whether any *Daubert* objection is likely. The parties reserve their right to raise the issue as necessary.

### E. Threshold Legal Issues for Motion for Summary Judgment (Chamber Rule III.B.5)

Because this case primarily raises questions of constitutional law, the parties believe it will likely be resolved on summary judgment.

### F. Procedure for Claims of Privilege (Chamber Rule III.B.6)

Pursuant to the Chamber Rules, the parties agree to the following procedure for asserting claims of privilege in response to discovery requests:

The party asserting privilege must serve a "privilege log" within a reasonable time from service of responses. The parties agree that the privilege log shall include all information required by Federal Rules of Civil Procedure 26(b)(5) and 34(b)(2)(C).

### G. Anticipated Protective Orders (Chamber Rule III.B.7)

The parties do not currently anticipate the need for any protective order, but each party reserves the right to seek one.

///

///

**H.     Proposed Schedule (Chamber Rule III.B.8)**

The parties expect that experts will play an important role in this case.  At this point, Defendant anticipates retaining at least two experts, and possibly more.  Having litigated similar claims before, both parties anticipate that retaining experts, having those experts prepare reports, reviewing the other side's expert reports, and scheduling and taking expert depositions will likely take longer than the Court's tentative schedule allows.  In addition, Defendant believes the number of Plaintiffs could cause fact discovery to take longer than in a typical case.  Defendant also believes that the number and complexity of the legal issues raised by the FAC means that the parties' anticipated cross-motions for summary judgment will be more involved than in a typical case.

Accordingly, good cause exists to extend the deadlines in the Court's tentative schedule as follows:

- Completion of fact discovery:  June 7, 2019.
- Completion of expert discovery:  August 30, 2019.
- The designation and service of expert reports:  June 21, 2019.
- The supplemental designation and service of rebuttal expert witness reports: August 2, 2019.
- The date by which dispositive motions shall be filed:  October 11, 2020.

As noted above, both parties believe this case poses unique barriers to settlement.  They anticipate requesting relief from the Mandatory Settlement Conference in the Court's tentative schedule and Local Rule 16.3(a).  In the event the Court denies that request, the parties request that they be allowed to meet and confer after a decision on their anticipated cross-motions for summary judgment to propose a time for the Mandatory Settlement Conference.

/ / /

/ / /

/ / /

1  Dated: November 27, 2018            **MICHEL & ASSOCIATES, P.C.**

2

3                                      s/Sean A. Brady
                                       Sean A. Brady
4                                      Email: sbrady@michellawyers.com
5                                      Attorneys for Plaintiffs

6
   Dated: November 27, 2018            XAVIER BECERRA
7                                      Attorney General of California
                                       TAMAR PACHTER
8                                      Supervising Deputy Attorney General
9

10
                                       s/Nelson R. Richards
11                                     NELSON R. RICHARDS
                                       Deputy Attorney General
12                                     Email: Nelson.Richards@doj.ca.gov
13                                     Attorneys for Defendant

14
        Pursuant to Local Rule 2(f)(4), the below filer attests that concurrence in the filing
15
   of this document has been obtained from the above signatories.
16

17
                                       s/Sean A. Brady
18                                     Sean A. Brady

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Rhode, et al. v. Becerra*
Case No.: 3:18-cv-00802-JM-JMA

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

### JOINT DISCOVERY PLAN

on the following party(ies) by electronic mail.

| | |
|---|---|
| Nelson R. Richards<br>Deputy Attorney General<br>nelson.richards@doj.ca.gov<br>2550 Mariposa Mall, Room 5090<br>Fresno, CA 93721 | *Attorneys for Defendant Attorney General Xavier Becerra* |

    I declare under penalty of perjury that the foregoing is true and correct. Executed on November 27, 2018, at Long Beach, CA.

s/Laura Palmerin
Laura Palmerin