C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KIM RHODE, et al.,

                          Plaintiffs,

                v.

XAVIER BECERRA, in his official
capacity as Attorney General of the State
of California,

                    Defendant.

Case No.: 3:18-cv-00802-BEN-JLB

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Hearing Date:    August 19, 2019
Hearing Time:    10:30 a.m.
Courtroom:       5A
Judge:            Hon. Roger T. Benitez

[Filed concurrently with Notice of Motion and Motion for Preliminary Injunction, Memorandum of Points and Authorities, Declarations of Sean A. Brady, Richard Travis, James Gilhousen, Dan Wolgin, Denise Welvang, Scott Lindemuth, Bill Ortiz, David Burwell, Chris Puehse, Travis Morgan, Ethan Bartel, Myra Lowder, Daniel Gray, Christina McNab, and George Dodd]

# REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, Plaintiffs Kim Rhode, Gary Brennan, Cory Henry, Edward Johnson, Scott Lindemuth, Richard Ricks, Denise Welvang, Able's Sporting, Inc., a Texas corporation, AMDEP Holdings, LLC, a Florida limited liability company d/b/a Ammunition Depot, R&S Firearms, Inc., an Arizona corporation d/b/a Sam's Shooters' Emporium, and California Rifle & Pistol Association, Incorporated, a California corporation ("Plaintiffs"), through their counsel, respectfully request that the Court take judicial notice of the following documents in support of Plaintiffs' motion for a preliminary injunction:

1.      Proposition 63 (2016), available at https://www.oag.ca.gov/system/files/initiatives/pdfs/15-0098%20(Firearms)_0.pdf. A true and correct copy of this document is attached as **Exhibit 1**.

2.      Senate Bill No. 1235 (2015-2016 Reg. Sess.), available at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB1235. A true and correct copy of this document is attached as **Exhibit 2**.

3.      *Notice of Proposed Rulemaking*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (Dec. 14, 2018), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-notice-proposed-rulemaking-121418.pdf?. A true and correct copy of this document is attached as **Exhibit 3**.

4.      *Initial Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice, available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-isor-121418.pdf?. A true and correct copy of this document is attached as **Exhibit 4**.

5.      *Economic and Fiscal Impact Statement*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

of Justice, available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-std399.pdf?. A true and correct copy of this document is attached as **Exhibit 5**.

6. *Text of Proposed Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice, available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-text-of-regs-121418.pdf?. A true and correct copy of this document is attached as **Exhibit 6**.

7. *Notice of Modification to Text of Proposed Regulations, Initial Statement of Reasons Addendum, and revised Economic and Fiscal Impact Statement (STD. 399)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-notice-mod-15day-041819.pdf?. A true and correct copy of this document is attached as **Exhibit 7**.

8. *Initial Statement of Reasons Addendum*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-isor-addendum.pdf. A true and correct copy of this document is attached as **Exhibit 8**.

9. *Economic and Fiscal Impact Statement (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-std399-15day-041819.pdf?. A true and correct copy of this document is attached as **Exhibit 9**.

10. *Text of Proposed Regulations (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-text-of-regs-15day-041819.pdf?. A true and correct copy of this document is attached as **Exhibit 10**.

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

18cv802

11.      *Updated Informative Digest*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-updated-Info-digest.pdf?. A true and correct copy of this document is attached as **Exhibit 11**.

12.      *Final Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice, available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-fsor.pdf?. A true and correct copy of this document is attached as **Exhibit 12**.

13.      *Text of Adopted Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice, available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-text-of-adopted-regs.pdf?. A true and correct copy of this document is attached as **Exhibit 13**.

14.      *Notice of Approval of Regulatory Action*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, Office of Administrative Law (June 24, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/ammo-oal-approval-letter.pdf?. A true and correct copy of this document is attached as **Exhibit 14**.

15.      *Notice of Proposed Emergency Action*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019), available at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/id-fa-ammo-notice-proposed-emergency-061019.pdf?. A true and correct copy of this document is attached as **Exhibit 15**.

16.      *Finding of Emergency*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019), available at

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

18cv802

1  https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/id-fa-ammo-finding-
2  emergency.pdf?. A true and correct copy of this document is attached as **Exhibit 16**.

3      17.    *Economic and Fiscal Impact Statement*, Identification Requirements for
4  Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California
5  Department of Justice (June 10, 2019), available at
6  https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/id-fa-ammo-std399-signed-
7  061019.pdf?. A true and correct copy of this document is attached as **Exhibit 17**.

8      18.    *Text of Emergency Regulations*, Identification Requirements for Firearms
9  and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California
10 Department of Justice (June 10, 2019), available at
11 https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/id-fa-ammo-text-emergency-
12 regs.pdf?. A true and correct copy of this document is attached as **Exhibit 18**.

13     19.    *Recent Actions on Emergency Regulations*, Office of Administrative Law,
14 https://oal.ca.gov/emergency_regulations/recent_actions_taken_on_emergency_regulatio
15 ns/ (last visited July 10, 2019). A true and correct copy of this document is attached as
16 **Exhibit 19**.

17     20.    *Important Notice: California Department of Justice Update Regarding the*
18 *Use of "Federal Limits Apply" Driver Licenses and Identification Cards to Perform*
19 *Eligibility Checks*, California Department of Justice (June 27, 2019). A true and correct
20 copy of this document is attached as **Exhibit 20**.

21     21.    *Important Notice: California Department of Justice Notification and*
22 *Instructions for Clearing Web Browser "Cookies and Cache" on July 1, 2019*, California
23 Department of Justice (June 28, 2019). A true and correct copy of this document is
24 attached as **Exhibit 21**.

25     22.    *Important Notice: Regarding Availability of Instructional User Guides*
26 *Related to Upcoming Ammunition Sale Requirements*, California Department of Justice
27 (June 28, 2019). A true and correct copy of this document is attached as **Exhibit 22**.

28

23.     *Additional Documentation Requirements for Eligibility Checks with Federal Non-Compliant California Driver License or Identification Cards*, California Department of Justice, https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/regs/additional-docs-4045-1.pdf (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 23**.

24.     *Ammunition Purchase Authorization Program*, California Department of Justice, https://oag.ca.gov/firearms/apa (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 24**.

25.     *Frequently Asked Questions: Ammunition Vendor Licensing FAQ's*, California Department of Justice, https://oag.ca.gov/firearms/avlfaqs (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 25**.

26.     *Frequently Asked Questions: Ammunition Purchases*, California Department of Justice, https://oag.ca.gov/firearms/apfaqs (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 26**.

27.     *Becoming A Firearm Dealer And/Or Ammunition Vendor In California*, California Department of Justice, https://oag.ca.gov/firearms/dealer-vendor (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 27**.

28.     *Automated Firearms System Personal Information Update*, California Department of Justice, https://oag.ca.gov/firearms/afspi (last visited July 10, 2019). A true and correct copy of this document is attached as **Exhibit 28**.

29.     *REAL ID: Easy as 1-2-3*, California Department of Motor Vehicles, https://www.dmv.ca.gov/portal/wcm/connect/2db22455-e270-47a3-819c-d7c7716d5194/List_of_Docs_REALID.pdf?MOD=AJPERES&CVID= (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 29**.

30.     *Citizenship Evidence*, U.S. Department of State, Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/passports/requirements/citizenship-evidence.html (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 30**.

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION
18cv802

31.     *United States Passport Fees*, U.S. Department of State, Bureau of Consular Affairs, https://travel.state.gov/content/dam/passports/forms-fees/Passport%20Fees%20Chart_TSG.pdf (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 31**.

32.     *Certificate of Eligibility*, California Department of Justice, Bureau of Firearms, https://oag.ca.gov/firearms/cert-eligibility (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 32**.

33.     *National Instance Criminal Background Check System (NICS)*, Federal Bureau of Investigation, https://www.fbi.gov/services/cjis/nics (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 33**.

34.     *REAL ID Act*, California Department of Motor Vehicles, https://www.dmv.ca.gov/portal/dmv/detail/realid (last visited July 22, 2019). A true and correct copy of this document is attached as **Exhibit 34**.


Dated: July 22, 2019                              **MICHEL & ASSOCIATES, P.C.**


                                                  *s/ Sean A. Brady*
                                                  Sean A. Brady
                                                  Email: sbrady@michellawyers.com
                                                  Attorneys for Plaintiffs

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION
18cv802

# TABLE OF CONTENTS FOR EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Proposition 63 (2016) | 1-38 |
| 2 | Senate Bill No. 1235 (2015-2016 Reg. Sess.) | 39-55 |
| 3 | *Notice of Proposed Rulemaking*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (Dec. 14, 2018) | 56-64 |
| 4 | *Initial Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 65-75 |
| 5 | *Economic and Fiscal Impact Statement*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 76-82 |
| 6 | *Text of Proposed Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 83-90 |
| 7 | *Notice of Modification to Text of Proposed Regulations, Initial Statement of Reasons Addendum, and revised Economic and Fiscal Impact Statement (STD. 399)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 91-92 |
| 8 | *Initial Statement of Reasons Addendum*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 93-104 |
| 9 | *Economic and Fiscal Impact Statement (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 105-113 |
| 10 | *Text of Proposed Regulations (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 114-124 |

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION
18cv802

| 11 | *Updated Informative Digest*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 125-127 |
|---|---|---|
| 12 | *Final Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 128-299 |
| 13 | *Text of Adopted Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 300-308 |
| 14 | *Notice of Approval of Regulatory Action*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, Office of Administrative Law (June 24, 2019) | 309-310 |
| 15 | *Notice of Proposed Emergency Action*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 311-312 |
| 16 | *Finding of Emergency*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 313-322 |
| 17 | *Economic and Fiscal Impact Statement*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 323-329 |
| 18 | *Text of Emergency Regulations*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 330-335 |
| 19 | *Recent Actions on Emergency Regulations*, Office of Administrative Law | 336-352 |
| 20 | *Important Notice: California Department of Justice Update Regarding the Use of "Federal Limits Apply" Driver Licenses and Identification Cards to Perform Eligibility Checks*, California Department of Justice (June 27, 2019) | 353-356 |

9

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

18cv802

| 21 | *Important Notice: California Department of Justice Notification and Instructions for Clearing Web Browser "Cookies and Cache" on July 1, 2019*, California Department of Justice (June 28, 2019) | 357-363 |
| 22 | *Important Notice: Regarding Availability of Instructional User Guides Related to Upcoming Ammunition Sale Requirements*, California Department of Justice (June 28, 2019) | 364-379 |
| 23 | *Additional Documentation Requirements for Eligibility Checks with Federal Non-Compliant California Driver License or Identification Cards*, California Department of Justice | 380-384 |
| 24 | *Ammunition Purchase Authorization Program*, California Department of Justice | 385-393 |
| 25 | *Frequently Asked Questions: Ammunition Vendor Licensing FAQ's*, California Department of Justice | 394-403 |
| 26 | *Frequently Asked Questions: Ammunition Purchases*, California Department of Justice | 404-423 |
| 27 | *Becoming A Firearm Dealer And/Or Ammunition Vendor In California*, California Department of Justice | 424-438 |
| 28 | *Automated Firearms System Personal Information Update*, California Department of Justice | 439-447 |
| 29 | *REAL ID: Easy as 1-2-3*, California Department of Motor Vehicles | 448-449 |
| 30 | *Citizenship Evidence*, U.S. Department of State, Bureau of Consular Affairs | 450-455 |
| 31 | *United States Passport Fees*, U.S. Department of State, Bureau of Consular Affairs | 456-457 |
| 32 | *Certificate of Eligibility*, California Department of Justice, Bureau of Firearms | 458-467 |
| 33 | *National Instance Criminal Background Check System (NICS)*, Federal Bureau of Investigation | 468-473 |
| 34 | *REAL ID Act*, California Department of Motor Vehicles | 474-477 |

10

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

18cv802

# EXHIBIT 1

## REMCHO, JOHANSEN & PURCELL, LLP
### ATTORNEYS AT LAW

201 DOLORES AVENUE
SAN LEANDRO, CA  94577
PHONE: (510) 346-6200
FAX: (510) 346-6201
EMAIL: twillis@rjp.com
WEBSITE: www.rjp.com

SACRAMENTO PHONE: (916) 264-1818

Robin B. Johansen
James C. Harrison
Thomas A. Willis
Karen Getman
Margaret R. Prinzing
Harry A. Berezin
Juan Carlos Ibarra

Joseph Remcho (1944-2003)
Kathleen J. Purcell (Ret.)

December 4, 2015

**VIA MESSENGER**

RECEIVED

DEC 0 7 2015

INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

Office of the Attorney General
1300 "I" Street, 17th Floor
Sacramento, CA  95814

Attention:  Ashley Johansson, Initiative Coordinator

Re:   *Submission of Amendment to The Safety for All Act of 2016,*
        *No. 15-0098*

Dear Ms. Johansson:

As you know, I serve as counsel for the proponent of the proposed statewide initiative, "The Safety for All Act of 2016." The proponent of the proposed initiative is Gavin Newsom. On his behalf, I am enclosing the following documents:

- The amended text of "The Safety for All Act of 2016";

- A red-line version showing the changes made in the amended text; and

- A signed authorization from the proponent for the submission of the amended text together with his request that the Attorney General's Office prepare a circulating title and summary using the amended text.

Please continue to direct all inquiries or correspondence relative to this proposed initiative to me at the address listed below:

2

Office of the Attorney General
December 4, 2015
Page 2

> Thomas A. Willis
> Margaret R. Prinzing
> Remcho, Johansen & Purcell, LLP
> 201 Dolores Avenue
> San Leandro, CA  94577
> Phone:  (510) 346-6200
> Fax:  (510) 346-6201

Sincerely,

Thomas A. Willis

TAW:NL
Enclosures
(00263117)

3

December __4__, 2015

<u>**VIA MESSENGER**</u>

Office of the Attorney General
1300 "I" Street, 17th Floor
Sacramento, CA  95814

Attention:  Ashley Johansson, Initiative Coordinator

Re:   *Submission of Amendment to The Safety for All Act of 2016,*
      *No. 15-0098, and Request to Prepare Circulating Title and Summary*

Dear Ms. Johansson:

On October 27, 2015, I submitted a proposed statewide initiative titled "The Safety for All Act of 2016" ("Initiative") and submitted a request that the Attorney General prepare a circulating title and summary pursuant to section 10(d) of Article II of the California Constitution.

Pursuant to Elections Code section 9002(b), I hereby submit timely amendments to the text of the Initiative. As the proponent of the Initiative, I approve the submission of the amended text to the Initiative and I declare that the amendment is reasonably germane to the theme, purpose, and subject of the Initiative. I request that the Attorney General prepare a circulating title and summary using the amended Initiative.

Sincerely,

Gavin Newsom

Enclosures
(00263103)

4

1 5 - 0 0 9 8   Amdt. #1

# THE SAFETY FOR ALL ACT OF 2016

## SECTION 1.  Title.

This measure shall be known and may be cited as "The Safety for All Act of 2016."

## SEC. 2.  Findings and Declarations.

The people of the State of California find and declare:

1.  Gun violence destroys lives, families and communities.  From 2002 to 2013, California lost 38,576 individuals to gun violence.  That is more than seven times the number of U.S. soldiers killed in combat during the wars in Iraq and Afghanistan combined.  Over this same period, 2,258 children were killed by gunshot injuries in California.  The same number of children murdered in the Sandy Hook elementary school massacre are killed by gunfire in this State every 39 days.

2.  In 2013, guns were used to kill 2,900 Californians, including 251 children and teens.  That year, at least 6,035 others were hospitalized or treated in emergency rooms for non-fatal gunshot wounds, including 1,275 children and teens.

3.  Guns are commonly used by criminals.  According to the California Department of Justice, in 2014 there were 1,169 firearm murders in California, 13,546 armed robberies involving a firearm, and 15,801 aggravated assaults involving a firearm.

4.  This tragic violence imposes significant economic burdens on our society.  Researchers conservatively estimate that gun violence costs the economy at least $229 billion every year, or more than $700 per American per year.  In 2013 alone, California gun deaths and injuries imposed $83 million in medical costs and $4.24 billion in lost productivity.

5.  California can do better.  Reasonable, common-sense gun laws reduce gun deaths and injuries, keep guns away from criminals and fight illegal gun trafficking.  Although California has led the nation in gun safety laws, those laws still have loopholes that leave communities throughout the state vulnerable to gun violence and mass shootings.  We can close these loopholes while still safeguarding the ability of law-abiding, responsible Californians to own guns for self-defense, hunting and recreation.

6.  We know background checks work.  Federal background checks have already prevented more than 2.4 million gun sales to convicted criminals and other illegal purchasers in America. In 2012 alone, background checks blocked 192,043 sales of firearms to illegal purchasers including 82,000 attempted purchases by felons.  That means background checks stopped roughly 225 felons from buying firearms every day.  Yet California law only requires background checks for people who purchase firearms, not for people who purchase ammunition. We should close that loophole.

1

5

Amdt.

7. Right now, any violent felon or dangerously mentally ill person can walk into a sporting goods store or gun shop in California and buy ammunition, no questions asked. That should change. We should require background checks for ammunition sales just like gun sales, and stop both from getting into the hands of dangerous individuals.

8. Under current law, stores that sell ammunition are not required to report to law enforcement when ammunition is lost or stolen. Stores should have to report lost or stolen ammunition within 48 hours of discovering that it is missing so law enforcement can work to prevent that ammunition from being illegally trafficked into the hands of dangerous individuals.

9. Californians today are not required to report lost or stolen guns to law enforcement. This makes it difficult for law enforcement to investigate crimes committed with stolen guns, break-up gun trafficking rings, and return guns to their lawful owners. We should require gun owners to report their lost or stolen guns to law enforcement.

10. Under current law, people who commit felonies and other serious crimes are prohibited from possessing firearms. Yet existing law provides no clear process for those people to relinquish their guns when they become prohibited at the time of conviction. As a result, in 2014, the Department of Justice identified more than 17,000 people who possess more than 34,000 guns illegally, including more than 1,400 assault weapons. We need to close this dangerous loophole by not only requiring prohibited people to turn in their guns, but also ensuring that it happens.

11. Military-style large-capacity ammunition magazines – some capable of holding more than 100 rounds of ammunition – significantly increase a shooter's ability to kill a lot of people in a short amount of time. That is why these large capacity ammunition magazines are common in many of America's most horrific mass shootings, from the killings at 101 California Street in San Francisco in 1993 to Columbine High School in 1999 to the massacre at Sandy Hook Elementary School in Newtown, Connecticut in 2012.

12. Today, California law prohibits the manufacture, importation and sale of military-style, large capacity ammunition magazines, but does not prohibit the general public from possessing them. We should close that loophole. No one except trained law enforcement should be able to possess these dangerous ammunition magazines.

13. Although the State of California conducts background checks on gun buyers who live in California, we have to rely on other states and the FBI to conduct background checks on gun buyers who live elsewhere. We should make background checks outside of California more effective by consistently requiring the State to report who is prohibited from possessing firearms to the federal background check system.

14. The theft of a gun is a serious and potentially violent crime. We should clarify that such crimes can be charged as felonies, and prevent people who are convicted of such crimes from possessing firearms.

Amdt.

## SEC. 3.  Purpose and Intent.

The people of the State of California declare their purpose and intent in enacting "The Safety For All Act of 2016" (the "Act") to be as follows:

1.  To implement reasonable and common-sense reforms to make California's gun safety laws the toughest in the nation while still safeguarding the Second Amendment rights of all law-abiding, responsible Californians.

2.  To keep guns and ammunition out of the hands of convicted felons, the dangerously mentally ill, and other persons who are prohibited by law from possessing firearms and ammunition.

3.  To ensure that those who buy ammunition in California – just like those who buy firearms – are subject to background checks.

4.  To require all stores that sell ammunition to report any lost or stolen ammunition within 48 hours of discovering that it is missing.

5.  To ensure that California shares crucial information with federal law enforcement by consistently requiring the state to report individuals who are prohibited by law from possessing firearms to the federal background check system.

6.  To require the reporting of lost or stolen firearms to law enforcement.

7.  To better enforce the laws that require people to relinquish their firearms once they are convicted of a crime that makes them ineligible to possess firearms.

8.  To make it illegal in California to possess the kinds of military-style ammunition magazines that enable mass killings like those at Sandy Hook Elementary School; a movie theater in Aurora, Colorado; Columbine High School; and an office building at 101 California Street in San Francisco, California.

9.  To prevent people who are convicted of the theft of a firearm from possessing firearms, and to effectuate the intent of Proposition 47 that the theft of a firearm is felony grand theft, regardless of the value of the firearm, in alignment with sections 25400 and 1192.7 of the Penal Code.

SEC. 4.  Lost or Stolen Firearms.

**Division 4.5 (commencing with Section 25250) is hereby added to Title 4 of Part 6 of the Penal Code, and Section 26835 of the Penal Code is hereby amended.**

Division 4.5 (commencing with Section 25250) is added to Title 4 of Part 6 of the Penal Code, to read:

DIVISION 4.5. LOST OR STOLEN FIREARMS

25250. (a) Commencing July 1, 2017, every person shall report the loss or theft of a firearm he or she owns or possesses to a local law enforcement agency in the jurisdiction in which the theft or loss occurred within five days of the time he or she knew or reasonably should have known that the firearm had been stolen or lost.

(b) Every person who has reported a firearm lost or stolen under subdivision (a) shall notify the local law enforcement agency in the jurisdiction in which the theft or loss occurred within five days if the firearm is subsequently recovered by the person.

(c) Notwithstanding subdivision (a), a person shall not be required to report the loss or theft of a firearm that is an antique firearm within the meaning of subdivision (c) of Section 16170.

25255. Section 25250 shall not apply to the following:

(a) Any law enforcement agency or peace officer acting within the course and scope of his or her employment or official duties if he or she reports the loss or theft to his or her employing agency.

(b) Any United States marshal or member of the Armed Forces of the United States or the National Guard, while engaged in his or her official duties.

(c) Any person who is licensed, pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, and who reports the theft or loss in accordance with Section 923(g)(6) of Title 18 of the United States Code, or the successor provision thereto, and applicable regulations issued thereto.

(d) Any person whose firearm was lost or stolen prior to July 1, 2017.

25260. Pursuant to Section 11108, every sheriff or police chief shall submit a description of each firearm that has been reported lost or stolen directly into the Department of Justice Automated Firearms System.

25265. (a) Every person who violates Section 25250 is, for a first violation, guilty of an infraction punishable by a fine not to exceed one hundred dollars ($100).

(b) Every person who violates Section 25250 is, for a second violation, guilty of an infraction, punishable by a fine not to exceed one thousand dollars ($1,000).

4

8

Amdt.

(c) Every person who violates Section 25250 is, for a third or subsequent violation, guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding six months, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment.

25270. Every person reporting a lost or stolen firearm pursuant to Section 25250 shall report the make, model, and serial number of the firearm, if known by the person, and any additional relevant information required by the local law enforcement agency taking the report.

25275. (a) No person shall report to a local law enforcement agency that a firearm has been lost or stolen, knowing the report to be false.  A violation of this section is an infraction, punishable by a fine not exceeding two hundred fifty dollars ($250) for a first offense, and by a fine not exceeding one thousand dollars ($1,000) for a second or subsequent offense.

(b) This section shall not preclude prosecution under any other law.

Section 26835 of the Penal Code is amended to read:

26835. A licensee shall post conspicuously within the licensed premises the following warnings in block letters not less than one inch in height:

(a) "IF YOU KEEP A LOADED FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE OBTAINS IT AND USES IT, RESULTING IN INJURY OR·DEATH, OR CARRIES IT TO A PUBLIC PLACE, YOU MAY BE GUILTY OF A MISDEMEANOR OR A FELONY UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE, TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(b) "IF YOU KEEP A PISTOL, REVOLVER, OR OTHER FIREARM CAPABLE OF BEING CONCEALED UPON THE PERSON, WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE GAINS ACCESS TO THE FIREARM, AND CARRIES IT OFF-PREMISES, YOU MAY BE GUILTY OF A MISDEMEANOR, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER, OR LOCKED THE FIREARM WITH A LOCKING DEVICE, TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(c) "IF YOU KEEP ANY FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE GAINS ACCESS TO THE FIREARM, AND CARRIES IT OFF-PREMISES TO A SCHOOL OR SCHOOL-SPONSORED EVENT, YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A FINE OF UP TO FIVE THOUSAND DOLLARS ($5,000), UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER, OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(d) "IF YOU NEGLIGENTLY STORE OR LEAVE A LOADED FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, WHERE A PERSON UNDER 18 YEARS OF AGE IS LIKELY TO ACCESS IT, YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A FINE OF UP TO ONE THOUSAND DOLLARS ($1,000),

9

Amdt.

UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER, OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(e) "DISCHARGING FIREARMS IN POORLY VENTILATED AREAS, CLEANING FIREARMS, OR HANDLING AMMUNITION MAY RESULT IN EXPOSURE TO LEAD, A SUBSTANCE KNOWN TO CAUSE BIRTH DEFECTS, REPRODUCTIVE HARM, AND OTHER SERIOUS PHYSICAL INJURY. HAVE ADEQUATE VENTILATION AT ALL TIMES. WASH HANDS THOROUGHLY AFTER EXPOSURE."

(f) "FEDERAL REGULATIONS PROVIDE THAT IF YOU DO NOT TAKE PHYSICAL POSSESSION OF THE FIREARM THAT YOU ARE ACQUIRING OWNERSHIP OF WITHIN 30 DAYS AFTER YOU COMPLETE THE INITIAL BACKGROUND CHECK PAPERWORK, THEN YOU HAVE TO GO THROUGH THE BACKGROUND CHECK PROCESS A SECOND TIME IN ORDER TO TAKE PHYSICAL POSSESSION OF THAT FIREARM."

(g) "NO PERSON SHALL MAKE AN APPLICATION TO PURCHASE MORE THAN ONE PISTOL, REVOLVER, OR OTHER FIREARM CAPABLE OF BEING CONCEALED UPON THE PERSON WITHIN ANY 30-DAY PERIOD AND NO DELIVERY SHALL BE MADE TO ANY PERSON WHO HAS MADE AN APPLICATION TO PURCHASE MORE THAN ONE PISTOL, REVOLVER, OR OTHER FIREARM CAPABLE OF BEING CONCEALED UPON THE PERSON WITHIN ANY 30-DAY PERIOD."

(h) "IF A FIREARM YOU OWN OR POSSESS IS LOST OR STOLEN, YOU MUST REPORT THE LOSS OR THEFT TO A LOCAL LAW ENFORCEMENT AGENCY WHERE THE LOSS OR THEFT OCCURRED WITHIN FIVE DAYS OF THE TIME YOU KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE FIREARM HAD BEEN LOST OR STOLEN."

**SEC. 5.  Strengthening The National Instant Criminal Background Check System.**

Section 28220 of the Penal Code is amended to read:

(a) Upon submission of firearm purchaser information, the Department of Justice shall examine its records, as well as those records that it is authorized to request from the State Department of State Hospitals pursuant to Section 8104 of the Welfare and Institutions Code, in order to determine if the purchaser is a person described in subdivision (a) of Section 27535, or is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(b) To the extent that funding is available, t The Department of Justice may shall participate in the National Instant Criminal Background Check System (NICS), as described in subsection (t) of Section 922 of Title 18 of the United States Code, and, if that participation is implemented, shall notify the dealer and the chief of the police department of the city or city and county in which the sale was made, or if the sale was made in a district in which there is no municipal police department, the sheriff of the county in which the sale was made, that the purchaser is a person prohibited from acquiring a firearm under federal law.

6

10

(c) If the department determines that the purchaser is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm or is a person described in subdivision (a) of Section 27535, it shall immediately notify the dealer and the chief of the police department of the city or city and county in which the sale was made, or if the sale was made in a district in which there is no municipal police department, the sheriff of the county in which the sale was made, of that fact.

(d) If the department determines that the copies of the register submitted to it pursuant to subdivision (d) of Section 28210 contain any blank spaces or inaccurate, illegible, or incomplete information, preventing identification of the purchaser or the handgun or other firearm to be purchased, or if any fee required pursuant to Section 28225 is not submitted by the dealer in conjunction with submission of copies of the register, the department may notify the dealer of that fact. Upon notification by the department, the dealer shall submit corrected copies of the register to the department, or shall submit any fee required pursuant to Section 28225, or both, as appropriate and, if notification by the department is received by the dealer at any time prior to delivery of the firearm to be purchased, the dealer shall withhold delivery until the conclusion of the waiting period described in Sections 26815 and 27540.

(e) If the department determines that the information transmitted to it pursuant to Section 28215 contains inaccurate or incomplete information preventing identification of the purchaser or the handgun or other firearm to be purchased, or if the fee required pursuant to Section 28225 is not transmitted by the dealer in conjunction with transmission of the electronic or telephonic record, the department may notify the dealer of that fact. Upon notification by the department, the dealer shall transmit corrections to the record of electronic or telephonic transfer to the department, or shall transmit any fee required pursuant to Section 28225, or both, as appropriate, and if notification by the department is received by the dealer at any time prior to delivery of the firearm to be purchased, the dealer shall withhold delivery until the conclusion of the waiting period described in Sections 26815 and 27540.

(f)(1)(A) The department shall immediately notify the dealer to delay the transfer of the firearm to the purchaser if the records of the department, or the records available to the department in the National Instant Criminal Background Check System, indicate one of the following:

(i) The purchaser has been taken into custody and placed in a facility for mental health treatment or evaluation and may be a person described in Section 8100 or 8103 of the Welfare and Institutions Code and the department is unable to ascertain whether the purchaser is a person who is prohibited from possessing, receiving, owning, or purchasing a firearm, pursuant to Section 8100 or 8103 of the Welfare and Institutions Code, prior to the conclusion of the waiting period described in Sections 26815 and 27540.

(ii) The purchaser has been arrested for, or charged with, a crime that would make him or her, if convicted, a person who is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, and the department is unable to ascertain whether the purchaser was convicted of that offense prior to the conclusion of the waiting period described in Sections 26815 and 27540.

(iii) The purchaser may be a person described in subdivision (a) of Section 27535, and the department is unable to ascertain whether the purchaser, in fact, is a person described in subdivision (a) of Section 27535, prior to the conclusion of the waiting period described in Sections 26815 and 27540.

(B) The dealer shall provide the purchaser with information about the manner in which he or she may contact the department regarding the delay described in subparagraph (A).

(2) The department shall notify the purchaser by mail regarding the delay and explain the process by which the purchaser may obtain a copy of the criminal or mental health record the department has on file for the purchaser. Upon receipt of that criminal or mental health record, the purchaser shall report any inaccuracies or incompleteness to the department on an approved form.

(3) If the department ascertains the final disposition of the arrest or criminal charge, or the outcome of the mental health treatment or evaluation, or the purchaser's eligibility to purchase a firearm, as described in paragraph (1), after the waiting period described in Sections 26815 and 27540, but within 30 days of the dealer's original submission of the purchaser information to the department pursuant to this section, the department shall do the following:

(A) If the purchaser is not a person described in subdivision (a) of Section 27535, and is not prohibited by state or federal law, including, but not limited to, Section 8100 or 8103 of the Welfare and Institutions Code, from possessing, receiving, owning, or purchasing a firearm, the department shall immediately notify the dealer of that fact and the dealer may then immediately transfer the firearm to the purchaser, upon the dealer's recording on the register or record of electronic transfer the date that the firearm is transferred, the dealer signing the register or record of electronic transfer indicating delivery of the firearm to that purchaser, and the purchaser signing the register or record of electronic transfer acknowledging the receipt of the firearm on the date that the firearm is delivered to him or her.

(B) If the purchaser is a person described in subdivision (a) of Section 27535, or is prohibited by state or federal law, including, but not limited to, Section 8100 or 8103 of the Welfare and Institutions Code, from possessing, receiving, owning, or purchasing a firearm, the department shall immediately notify the dealer and the chief of the police department in the city or city and county in which the sale was made, or if the sale was made in a district in which there is no municipal police department, the sheriff of the county in which the sale was made, of that fact in compliance with subdivision (c) of Section 28220.

(4) If the department is unable to ascertain the final disposition of the arrest or criminal charge, or the outcome of the mental health treatment or evaluation, or the purchaser's eligibility to purchase a firearm, as described in paragraph (1), within 30 days of the dealer's original submission of purchaser information to the department pursuant to this section, the department shall immediately notify the dealer and the dealer may then immediately transfer the firearm to the purchaser, upon the dealer's recording on the register or record of electronic transfer the date that the firearm is transferred, the dealer signing the register or record of electronic transfer indicating delivery of the firearm to that purchaser, and the purchaser signing the register or

record of electronic transfer acknowledging the receipt of the firearm on the date that the firearm is delivered to him or her.

(g) Commencing July 1, 2017, upon receipt of information demonstrating that a person is prohibited from possessing a firearm pursuant to federal or state law, the Department of Justice shall submit the name, date of birth, and physical description of the person to the National Instant Criminal Background Check System Index, Denied Persons Files.  The information provided shall remain privileged and confidential, and shall not be disclosed, except for the purpose of enforcing federal or state firearms laws.

**SEC. 6.  Possession of Large-Capacity Magazines.**

**Section 32406 is hereby added to the Penal Code; Sections 32310, 32400, 32405, 32410, 32425, 32435, and 32450 of the Penal Code are hereby amended, and Section 32420 of the Penal Code is hereby repealed.**

Section 32310 of the Penal Code is amended to read:

(a) Except as provided in Article 2 (commencing with Section 32400) of this chapter and in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, ~~commencing January 1, 2000,~~ any person in this state who manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, buys, or receives any large-capacity magazine is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170.

(b) For purposes of this section, "manufacturing" includes both fabricating a magazine and assembling a magazine from a combination of parts, including, but not limited to, the body, spring, follower, and floor plate or end plate, to be a fully functioning large-capacity magazine.

(c) Except as provided in Article 2 (commencing with Section 32400) of this chapter and in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, commencing July 1, 2017, any person in this state who possesses any large-capacity magazine, regardless of the date the magazine was acquired, is guilty of an infraction punishable by a fine not to exceed one hundred dollars ($100) per large-capacity magazine, or is guilty of a misdemeanor punishable by a fine not to exceed one hundred dollars ($100) per large-capacity magazine, by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

(d) Any person who may not lawfully possess a large-capacity magazine commencing July 1, 2017 shall, prior to July 1, 2017:

(1) Remove the large-capacity magazine from the state;

(2) Sell the large-capacity magazine to a licensed firearms dealer; or

(3) Surrender the large-capacity magazine to a law enforcement agency for destruction.

9

Section 32400 of the Penal Code is amended to read:

32400. Section 32310 does not apply to the sale of, giving of, lending of, possession of, importation into this state of, or purchase of, any large-capacity magazine to or by any federal, state, county, city and county, or city agency that is charged with the enforcement of any law, for use by agency employees in the discharge of their official duties, whether on or off duty, and where the use is authorized by the agency and is within the course and scope of their duties.

Section 32405 of the Penal Code is amended to read:

32405. Section 32310 does not apply to the sale to, lending to, transfer to, purchase by, receipt of, possession of, or importation into this state of, a large-capacity magazine by a sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of that officer's duties.

Section 32406 of the Penal Code is added to the Penal Code, to read:

32406. Section 32310(c) does not apply to an honorably retired sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or honorably retired sworn federal law enforcement officer, who was authorized to carry a firearm in the course and scope of that officer's duties.  "Honorably retired" shall have the same meaning as provided in Section 16690.

Section 32410 of the Penal Code is amended to read:

32410. Section 32310 does not apply to the sale, or purchase, or possession of any large-capacity magazine to or by a person licensed pursuant to Sections 26700 to 26915, inclusive.

Section 32420 of the Penal Code is repealed:

32420. Section 32310 does not apply to the importation of a large-capacity magazine by a person who lawfully possessed the large-capacity magazine in the state prior to January 1, 2000, lawfully took it out of the state, and is returning to the state with the same large-capacity magazine.

Section 32425 of the Penal Code is amended to read:

32425. Section 32310 does not apply to any of the following:

(a) The lending or giving of any large-capacity magazine to a person licensed pursuant to Sections 26700 to 26915, inclusive, or to a gunsmith, for the purposes of maintenance, repair, or modification of that large-capacity magazine.

(b) The possession of any large-capacity magazine by a person specified in subdivision (a) for the purposes specified in subdivision (a).

(b) (c) The return to its owner of any large-capacity magazine by a person specified in subdivision (a).

Section 32435 of the Penal Code is amended to read:

32435. Section 32310 does not apply to any of the following:

(a) The sale of, giving of, lending of, possession of, importation into this state of, or purchase of, any large-capacity magazine, to or by any entity that operates an armored vehicle business pursuant to the laws of this state.

(b) The lending of large-capacity magazines by an entity specified in subdivision (a) to its authorized employees, while in the course and scope of employment for purposes that pertain to the entity's armored vehicle business.

(c) The possession of any large-capacity magazines by the employees of an entity specified in subdivision (a) for purposes that pertain to the entity's armored vehicle business.

(c)(d) The return of those large-capacity magazines to the entity specified in subdivision (a) by those employees specified in subdivision (b).

Section 32450 of the Penal Code is amended to read:

32450. Section 32310 does not apply to the purchase or possession of a large-capacity magazine by the holder of a special weapons permit issued pursuant to Section 31000, 32650, or 33300, or pursuant to Article 3 (commencing with Section 18900) of Chapter 1 of Division 5 of Title 2, or pursuant to Article 4 (commencing with Section 32700) of Chapter 6 of this division, for any of the following purposes:

(a) For use solely as a prop for a motion picture, television, or video production.

(b) For export pursuant to federal regulations.

(c) For resale to law enforcement agencies, government agencies, or the military, pursuant to applicable federal regulations.

**SEC. 7.  Firearms Dealers.**

**Sections 26885 and 26915 of the Penal Code are hereby amended.**

Section 26885 of the Penal Code is amended to read:

26885. (a) Except as provided in subdivisions (b) and (c) of Section 26805, all firearms that are in the inventory of a licensee shall be kept within the licensed location.

Amdt.

(b) Within 48 hours of discovery, a licensee shall report the loss or theft of any of the following items to the appropriate law enforcement agency in the city, county, or city and county where the licensee's business premises are located:

(1) Any firearm or ammunition that is merchandise of the licensee.

(2) Any firearm or ammunition that the licensee takes possession of pursuant to Chapter 5 (commencing with Section 28050), or pursuant to Section 30312.

(3) Any firearm or ammunition kept at the licensee's place of business.

Section 26915 of the Penal Code is amended to read:

26915. (a) Commencing January 1, 2018, a A firearms dealer may shall require any agent or employee who handles, sells, or delivers firearms to obtain and provide to the dealer a certificate of eligibility from the Department of Justice pursuant to Section 26710. On the application for the certificate, the agent or employee shall provide the name and California firearms dealer number of the firearms dealer with whom the person is employed.

(b) The department shall notify the firearms dealer in the event that the agent or employee who has a certificate of eligibility is or becomes prohibited from possessing firearms.

(c) If the local jurisdiction requires a background check of the agents or employees of a firearms dealer, the agent or employee shall obtain a certificate of eligibility pursuant to subdivision (a).

(d)(1) Nothing in this section shall be construed to preclude a local jurisdiction from conducting an additional background check pursuant to Section 11105. The local jurisdiction may not charge a fee for the additional criminal history check.

(2) Nothing in this section shall be construed to preclude a local jurisdiction from prohibiting employment based on criminal history that does not appear as part of obtaining a certificate of eligibility.

(e) The licensee shall prohibit any agent who the licensee knows or reasonably should know is within a class of persons prohibited from possessing firearms pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, from coming into contact with any firearm that is not secured and from accessing any key, combination, code, or other means to open any of the locking devices described in subdivision (g).

(f) Nothing in this section shall be construed as preventing a local government from enacting an ordinance imposing additional conditions on licensees with regard to agents or employees.

(g) For purposes of this article, "secured" means a firearm that is made inoperable in one or more of the following ways:

12

16

(1) The firearm is inoperable because it is secured by a firearm safety device listed on the department's roster of approved firearm safety devices pursuant to subdivision (d) of Section 23655.

(2) The firearm is stored in a locked gun safe or long-gun safe that meets the standards for department-approved gun safes set forth in Section 23650.

(3) The firearm is stored in a distinct locked room or area in the building that is used to store firearms, which can only be unlocked by a key, a combination, or similar means.

(4) The firearm is secured with a hardened steel rod or cable that is at least one-eighth of an inch in diameter through the trigger guard of the firearm.  The steel rod or cable shall be secured with a hardened steel lock that has a shackle.  The lock and shackle shall be protected or shielded from the use of a boltcutter and the rod or cable shall be anchored in a manner that prevents the removal of the firearm from the premises.

**SEC. 8.  Sales of Ammunition.**

**Article 4 (commencing with section 30370) and Article 5 (commencing with section 30385) are hereby added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code; Sections 16151, 30314, 30342, 30348, 30363, and 30371 are hereby added to the Penal Code; the heading of Article 3 (commencing with Section 30342) of Chapter 1 of Division 10 of Title 4 of Part 6, and Sections 16150, 17315, 30306, 30312, 30347, 30350, and 30352 of the Penal Code are hereby amended, and Section 16662 of the Penal Code is hereby repealed.**

Section 16150 of the Penal Code is amended to read:

16150. (a) As used in Section 30300, "ammunition" means handgun ammunition as defined in Section 16650. As used in this part, except in subdivision (a) of Section 30305 and in Section 30306, "ammunition" means one or more loaded cartridges consisting of a primed case, propellant, and with one or more projectiles.  "Ammunition" does not include blanks.

(b) As used in subdivision (a) of Section 30305 and in Section 30306, "ammunition" includes, but is not limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence.  "Ammunition" does not include blanks.

Section 16151 is added to the Penal Code, to read:

16151. (a) As used in this part, commencing January 1, 2018, "ammunition vendor" means any person, firm, corporation, or other business enterprise that holds a current ammunition vendor license issued pursuant to Section 30385.

(b) Commencing January 1, 2018, a firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive, shall automatically be deemed a licensed ammunition vendor, provided the

dealer complies with the requirements of Articles 2 (commencing with Section 30300) and 3 (commencing with Section 30342) of Chapter 1 of Division 10 of Title 4 of this part.

Section 16662 of the Penal Code is repealed.

~~16662. As used in this part, "handgun ammunition vendor" means any person, firm, corporation, dealer, or any other business enterprise that is engaged in the retail sale of any handgun ammunition, or that holds itself out as engaged in the business of selling any handgun ammunition.~~

Section 17315 of the Penal Code is amended to read:

17315. As used in ~~Article 3 (commencing with Section 30345)~~ Articles 2 through 5 of Chapter 1 of Division 10 of Title 4, "vendor" means a<u>n</u> ~~handgun~~ ammunition vendor.

Section 30306 of the Penal Code is amended to read:

30306. (a) Any person, corporation, ~~or~~ firm<u>, or other business enterprise</u> who supplies, delivers, sells, or gives possession or control of, any ammunition to any person who he or she knows or using reasonable care should know is prohibited from owning, possessing, or having under custody or control, any ammunition or reloaded ammunition pursuant to subdivision (a) or (b) of Section 30305, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

<u>(b) Any person, corporation, firm, or other business enterprise who supplies, delivers, sells, or gives possession or control of, any ammunition to any person whom the person, corporation, firm, or other business enterprise knows or has cause to believe is not the actual purchaser or transferee of the ammunition, with knowledge or cause to believe that the ammunition is to be subsequently sold or transferred to a person who is prohibited from owning, possessing, or having under custody or control any ammunition or reloaded ammunition pursuant to subdivision (a) or (b) of Section 30305, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.</u>

~~(b)~~<u>(c)</u> The provisions of this section are cumulative and shall not be construed as restricting the application of any other law.  However, an act or omission punishable in different ways by this section and another provision of law shall not be punished under more than one provision.

Section 30312 of the Penal Code is amended to read:

30312. (a) ~~Commencing February 1, 2011, the~~ <u>(1) Commencing January 1, 2018, the sale of ammunition by any party shall be conducted by or processed through a licensed ammunition vendor.</u>

14

(2) When neither party to an ammunition sale is a licensed ammunition vendor, the seller shall deliver the ammunition to a vendor to process the transaction.  The ammunition vendor shall then promptly and properly deliver the ammunition to the purchaser, if the sale is not prohibited, as if the ammunition were the vendor's own merchandise.  If the ammunition vendor cannot legally deliver the ammunition to the purchaser, the vendor shall forthwith return the ammunition to the seller.  The ammunition vendor may charge the purchaser an administrative fee to process the transaction, in an amount to be set by the Department of Justice, in addition to any applicable fees that may be charged pursuant to the provisions of this title.

(b) Commencing January 1, 2018, the sale, delivery or transfer of ownership of ~~handgun~~ ammunition by any party may only occur in a face-to-face transaction with the seller, deliverer or transferor ~~being provided bona fide evidence of identity from the purchaser or other transferee,~~ provided, however, that ammunition may be purchased or acquired over the Internet or through other means of remote ordering if a licensed ammunition vendor initially receives the ammunition and processes the transaction in compliance with this section and Article 3 (commencing with Section 30342) of Chapter 1 of Division 10 of Title 4 of this part.

~~(b)~~(c) Subdivisions (a) and (b) shall not apply to ~~or affect~~ the sale, delivery, or transfer of ~~handgun~~ ammunition to any of the following:

(1) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale, delivery, or transfer is for exclusive use by that government agency and, prior to the sale, delivery, or transfer of the ~~handgun~~ ammunition, written authorization from the head of the agency employing the purchaser or transferee is obtained, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency employing the individual.

(2) A sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties.

(3) An importer or manufacturer of ~~handgun~~ ammunition or firearms who is licensed to engage in business pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(4) A person who is on the centralized list of exempted federal firearms licensees maintained by the Department of Justice pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6 of this title.

(5) A person whose licensed premises are outside this state and who is licensed as a dealer or collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6) A person who is licensed as a collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto,

whose licensed premises are within this state, and who has a current certificate of eligibility issued by the Department of Justice pursuant to Section 26710.

(7) A handgun An ammunition vendor.

(8) A consultant-evaluator.

(9) A person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises.

(10) A person who purchases or receives ammunition from a spouse, registered domestic partner, or immediate family member as defined in Section 16720.

(c)(d) A violation of this section is a misdemeanor.

Section 30314 is added to the Penal Code, to read:

30314. (a) Commencing January 1, 2018, a resident of this state shall not bring or transport into this state any ammunition that he or she purchased or otherwise obtained from outside of this state unless he or she first has that ammunition delivered to a licensed ammunition vendor for delivery to that resident pursuant to the procedures set forth in Section 30312.

(b) Subdivision (a) does not apply to any of the following:

(1) An ammunition vendor.

(2) A sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties.

(3) An importer or manufacturer of ammunition or firearms who is licensed to engage in business pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(4) A person who is on the centralized list of exempted federal firearms licensees maintained by the Department of Justice pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6 of this title.

(5) A person who is licensed as a collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, whose licensed premises are within this state, and who has a current certificate of eligibility issued by the Department of Justice pursuant to Section 26710.

(6) A person who acquired the ammunition from a spouse, registered domestic partner, or immediate family member as defined in Section 16720.

(c) A violation of this section is an infraction for any first time offense, and either an infraction or a misdemeanor for any subsequent offense.

The heading of Article 3 (commencing with Section 30342) of Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code is amended to read:

ARTICLE 3. ~~Handgun~~ Ammunition Vendors [30342~~5~~ - 30365]

Section 30342 is added to the Penal Code, to read:

30342. (a) Commencing January 1, 2018, a valid ammunition vendor license shall be required for any person, firm, corporation, or other business enterprise to sell more than 500 rounds of ammunition in any 30-day period.

(b) A violation of this section is a misdemeanor.

Section 30347 of the Penal Code is amended to read:

30347. (a) An ammunition vendor shall require any agent or employee who handles, sells, delivers, or has under his or her custody or control any ammunition, to obtain and provide to the vendor a certificate of eligibility from the Department of Justice issued pursuant to Section 26710.  On the application for the certificate, the agent or employee shall provide the name and address of the ammunition vendor with whom the person is employed, or the name and California firearms dealer number of the ammunition vendor if applicable.

(b) The Department shall notify the ammunition vendor in the event that the agent or employee who has a certificate of eligibility is or becomes prohibited from possessing ammunition under Section 30305(a) or federal law.

(c) An ammunition vendor shall not permit any agent or employee who the vendor knows or reasonably should know is a person described in Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title or Section 8100 or 8103 of the Welfare and Institutions Code to handle, sell, ~~or~~ deliver, or have under his or her custody or control, any ~~handgun~~ ammunition in the course and scope of employment.

Section 30348 is added to the Penal Code, to read:

30348. (a) Except as provided in subdivision (b), the sale of ammunition by a licensed vendor shall be conducted at the location specified in the license.

(b) A vendor may sell ammunition at a gun show or event if the gun show or event is not conducted from any motorized or towed vehicle.

(c) For purposes of this section, "gun show or event" means a function sponsored by any national, state, or local organization, devoted to the collection, competitive use, or other sporting

use of firearms, or an organization or association that sponsors functions devoted to the collection, competitive use, or other sporting use of firearms in the community.

(d) Sales of ammunition at a gun show or event shall comply with all applicable laws including Sections 30347, 30350, 30352, and 30360.

Section 30350 of the Penal Code is amended to read:

30350. An ammunition vendor shall not sell or otherwise transfer ownership of, offer for sale or otherwise offer to transfer ownership of, or display for sale or display for transfer of ownership of any ~~handgun~~ ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or an employee of the vendor.

Section 30352 of the Penal Code is amended to read:

30352. (a) Commencing ~~February 1, 2011, a~~ July 1, 2019, an ammunition vendor shall not sell or otherwise transfer ownership of any ~~handgun~~ ammunition without, at the time of delivery, legibly recording the following information on a form to be prescribed by the Department of Justice:

(1) The date of the sale or other ~~transaction~~ transfer.

(2) The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(3) The brand, type, and amount of ammunition sold or otherwise transferred.

(4) The purchaser's or transferee's full name and signature.

(5) The name of the salesperson who processed the sale or other transaction.

~~(6) The right thumbprint of the purchaser or transferee on the above form.~~

(6~~7~~) The purchaser's or transferee's full residential address and telephone number.

(7~~8~~) The purchaser's or transferee's date of birth.

(b) Commencing July 1, 2019, an ammunition vendor shall electronically submit to the Department the information required by subdivision (a) for all sales and transfers of ownership of ammunition.  The Department shall retain this information in a database to be known as the Ammunition Purchase Records File.  This information shall remain confidential and may be used by the Department and those entities specified in, and pursuant to, subdivision (b) or (c) of Section 11105, through the California Law Enforcement Telecommunications System, only for law enforcement purposes.  The ammunition vendor shall not use, sell, disclose, or share such information for any other purpose other than the submission required by this subdivision without the express written consent of the purchaser or transferee.

18

(c) Commencing on July 1, 2019, only those persons listed in this subdivision, or those persons or entities listed in subdivision (e), shall be authorized to purchase ammunition.  Prior to delivering any ammunition, an ammunition vendor shall require bona fide evidence of identity to verify that the person who is receiving delivery of the ammunition is a person or entity listed in subdivision (e) or one of the following:

(1) A person authorized to purchase ammunition pursuant to Section 30370.

(2) A person who was approved by the Department to receive a firearm from the ammunition vendor, pursuant to Section 28220, if that vendor is a licensed firearms dealer, and the ammunition is delivered to the person in the same transaction as the firearm.

(d) Commencing July 1, 2019, the ammunition vendor shall verify with the Department, in a manner prescribed by the Department, that the person is authorized to purchase ammunition by comparing the person's ammunition purchase authorization number to the centralized list of authorized ammunition purchasers.  If the person is not listed as an authorized ammunition purchaser, the vendor shall deny the sale or transfer.

~~(b)~~(e) Subdivisions (a) and (d) shall not apply to ~~or affect~~ sales or other transfers of ownership of ~~handgun~~ ammunition by ~~handgun~~ ammunition vendors to any of the following, if properly identified:

~~(1) A person licensed pursuant to Sections 26700 to 26915, inclusive.~~

~~(2)~~(1) A ~~handgun~~ An ammunition vendor.

~~(3)~~(2) A person who is on the centralized list of exempted federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6 of this title.

~~(4)~~(3) A ~~target facility that holds a business or regulatory license, or~~ person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises.

~~(5)~~(4) A gunsmith.

~~(6)~~(5) A wholesaler.

~~(7)~~(6) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto.

~~(8)~~(7) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale or other transfer of ownership is for exclusive use by that government agency, and, prior to the sale, delivery, or transfer of the ~~handgun~~ ammunition,

19

23

written authorization from the head of the agency authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency by which that individual is employed.

(8)(a) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or properly identified sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties.

(b)(1) Proper identification is defined as verifiable written certification from the head of the agency by which the purchaser or transferee is employed, identifying the purchaser or transferee as a full-time paid peace officer who is authorized to carry a firearm in the course and scope of the officer's duties.

(2) The certification shall be delivered to the vendor at the time of purchase or transfer and the purchaser or transferee shall provide bona fide evidence of identity to verify that he or she is the person authorized in the certification.

(3) The vendor shall keep the certification with the record of sale and submit the certification to the Department.

(f) The Department of Justice is authorized to adopt regulations to implement the provisions of this section.

Section 30363 is added to the Penal Code, to read:

30363. Within 48 hours of discovery, an ammunition vendor shall report the loss or theft of any of the following items to the appropriate law enforcement agency in the city, county, or city and county where the vendor's business premises are located:

(1) Any ammunition that is merchandise of the vendor.

(2) Any ammunition that the vendor takes possession of pursuant to Section 30312.

(3) Any ammunition kept at the vendor's place of business.

Article 4 (commencing with Section 30370) is added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code, to read:

Article 4. Ammunition Purchase Authorizations

30370. (a)(1) Commencing on January 1, 2019, any person who is 18 years of age or older may apply to the Department for an ammunition purchase authorization.

(2) The ammunition purchase authorization may be used by the authorized person to purchase or otherwise seek the transfer of ownership of ammunition from an ammunition vendor, as that term is defined in Section 16151, and shall have no other force or effect.

(3) The ammunition purchase authorization shall be valid for four years from July 1, 2019 or the date of issuance, whichever is later, unless it is revoked by the Department pursuant to subdivision (b).

(b) The ammunition purchase authorization shall be promptly revoked by the Department upon the occurrence of any event which would have disqualified the holder from being issued the ammunition purchase authorization pursuant to this section.  If an authorization is revoked, the Department shall upon the written request of the holder state the reasons for doing so and provide the holder an appeal process to challenge that revocation.

(c) The Department shall create and maintain an internal centralized list of all persons who are authorized to purchase ammunition and shall promptly remove from the list any persons whose authorization was revoked by the Department pursuant to this section.  The Department shall provide access to the list by ammunition vendors for purposes of conducting ammunition sales or other transfers, and shall provide access to the list by law enforcement agencies for law enforcement purposes.

(d) The Department shall issue an ammunition purchase authorization to the applicant if all of the following conditions are met:

(1) The applicant is 18 years of age or older.

(2) The applicant is not prohibited from acquiring or possessing ammunition under Section 30305(a) or federal law.

(3) The applicant pays the fees set forth in subdivision (g).

(e)(1) Upon receipt of an initial or renewal application, the Department shall examine its records, and the records it is authorized to request from the State Department of State Hospitals, pursuant to Section 8104 of the Welfare and Institutions Code, and if authorized, the National Instant Criminal Background Check System, as described in Section 922(t) of Title 18 of the United States Code, in order to determine if the applicant is prohibited from possessing or acquiring ammunition under Section 30305(a) or federal law.

(2) The applicant shall be approved or denied within 30 days of the date of the submission of the application to the Department.  If the application is denied, the Department shall state the reasons for doing so and provide the applicant an appeal process to challenge that denial.

(3) If the Department is unable to ascertain the final disposition of the application within 30 days of the applicant's submission, the Department shall grant authorization to the applicant.

(4) The ammunition purchase authorization number shall be the same as the number on the document presented by the person as bona fide evidence of identity.

(f) The Department shall renew a person's ammunition purchase authorization before its expiration, provided that the Department determines that the person is not prohibited from acquiring or possessing ammunition under Section 30305(a) or federal law, and provided the applicant timely pays the renewal fee set forth in subdivision (g).

(g) The Department may charge a reasonable fee not to exceed $50 per person for the issuance of an ammunition purchase authorization or the issuance of a renewal authorization, however, the Department shall not set these fees any higher than necessary to recover the reasonable, estimated costs to fund the ammunition authorization program provided for in this section and Section 30352, including the enforcement of this program and maintenance of any data systems associated with this program.

(h) A fund to be known as the "Ammunition Safety and Enforcement Special Fund" is hereby created within the State Treasury.  All fees received pursuant to this section shall be deposited into the Ammunition Safety and Enforcement Special Fund of the General Fund, and, notwithstanding Section 13340 of the Government Code, are continuously appropriated for purposes of implementing, operating and enforcing the ammunition authorization program provided for in this section and Section 30352, and for repaying the start-up loan provided for in Section 30371.

(i) The Department shall annually review and may adjust all fees specified in subdivision (g) for inflation.

(j) The Department of Justice is authorized to adopt regulations to implement the provisions of this section.

Section 30371 is added to the Penal Code, to read:

30371. (a) There is hereby appropriated twenty-five million dollars ($25,000,000) from the General Fund as a loan for the start-up costs of implementing, operating and enforcing the provisions of the ammunition authorization program provided for in Sections 30352 and 30370.

(b) For purposes of repaying the loan, the Controller shall, after disbursing moneys necessary to implement, operate and enforce the ammunition authorization program provided for in Sections 30352 and 30370, transfer all proceeds from fees received by the Ammunition Safety and Enforcement Special Fund up to the amount of the loan provided by this Section, including interest at the pooled money investment account rate, to the General Fund.

Article 5 (commencing with Section 30385) is added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code, to read:

Article 5. Ammunition Vendor Licenses

30385. (a) The Department of Justice is authorized to issue ammunition vendor licenses pursuant to this article.  The Department shall, commencing July 1, 2017, commence accepting applications for ammunition vendor licenses.  If an application is denied, the Department shall inform the applicant of the reason for denial in writing.

(b) The ammunition vendor license shall be issued in a form prescribed by the Department of Justice and shall be valid for a period of one year.  The Department may adopt regulations to administer the application and enforcement provisions of this article.  The license shall allow the licensee to sell ammunition at the location specified in the license or at a gun show or event as set forth in Section 30348.

(c)(1) In the case of an entity other than a natural person, the Department shall issue the license to the entity, but shall require a responsible person to pass the background check pursuant to Section 30395.

(2) A "responsible person" for purposes of this article, means a person having the power to direct the management, policies and practices of the entity as it pertains to ammunition.

(d) Commencing January 1, 2018, a firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive, shall automatically be deemed a licensed ammunition vendor, provided the dealer complies with the requirements of Article 2 (commencing with Section 30300) and Article 3 (commencing with Section 30342) of this chapter.

30390. (a) The Department may charge ammunition vendor license applicants a reasonable fee sufficient to reimburse the Department for the reasonable, estimated costs of administering the license program, including the enforcement of this program and maintenance of the registry of ammunition vendors.

(b) The fees received by the Department pursuant to this article shall be deposited in the Ammunition Vendor's Special Account, which is hereby created.  Notwithstanding Section 13340 of the Government Code, the revenue in the fund is continuously appropriated for use by the Department of Justice for the purpose of implementing, administering and enforcing the provisions of this article, and for collecting and maintaining information submitted pursuant to Section 30352.

(c) The revenue in the Firearms Safety and Enforcement Special Fund shall also be available upon appropriation to the Department of Justice for the purpose of implementing and enforcing the provisions of this article.

30395. (a) The Department is authorized to issue ammunition vendor licenses to applicants who the Department has determined, either as an individual or a responsible person, are not prohibited

from possessing, receiving, owning, or purchasing ammunition under Section 30305(a) or federal law, and who provide a copy of any regulatory or business license required by local government, a valid seller's permit issued by the State Board of Equalization, a federal firearms license if the person is federally licensed, and a certificate of eligibility issued by the Department.

(b) The Department shall keep a registry of all licensed ammunition vendors.  Law enforcement agencies shall be provided access to the registry for law enforcement purposes.

(c) An ammunition vendor license is subject to forfeiture for a breach of any of the prohibitions and requirements of Article 2 (commencing with Section 30300) or Article 3 (commencing with Section 30342) of this chapter.

**SEC. 9.**  Nothing in this Act shall preclude or preempt a local ordinance that imposes additional penalties or requirements in regard to the sale or transfer of ammunition.

**SEC. 10.  Securing Firearms From Prohibited Persons.**

**Sections 1524, 27930 and 29810 of the Penal Code are hereby amended, and a new Section 29810 is hereby added to the Penal Code.**

Section 1524 of the Penal Code is amended to read:

1524. (a) A search warrant may be issued upon any of the following grounds:

(1) When the property was stolen or embezzled.

(2) When the property or things were used as the means of committing a felony.

(3) When the property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing them from being discovered.

(4) When the property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony.

(5) When the property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under 18 years of age, in violation of Section 311.11, has occurred or is occurring.

(6) When there is a warrant to arrest a person.

(7) When a provider of electronic communication service or remote computing service has records or evidence, as specified in Section 1524.3, showing that property was stolen or

embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery.

(8) When the property or things to be seized include an item or any evidence that tends to show a violation of Section 3700.5 of the Labor Code, or tends to show that a particular person has violated Section 3700.5 of the Labor Code.

(9) When the property or things to be seized include a firearm or any other deadly weapon at the scene of, or at the premises occupied or under the control of the person arrested in connection with, a domestic violence incident involving a threat to human life or a physical assault as provided in Section 18250. This section does not affect warrantless seizures otherwise authorized by Section 18250.

(10) When the property or things to be seized include a firearm or any other deadly weapon that is owned by, or in the possession of, or in the custody or control of, a person described in subdivision (a) of Section 8102 of the Welfare and Institutions Code.

(11) When the property or things to be seized include a firearm that is owned by, or in the possession of, or in the custody or control of, a person who is subject to the prohibitions regarding firearms pursuant to Section 6389 of the Family Code, if a prohibited firearm is possessed, owned, in the custody of, or controlled by a person against whom a protective order has been issued pursuant to Section 6218 of the Family Code, the person has been lawfully served with that order, and the person has failed to relinquish the firearm as required by law.

(12) When the information to be received from the use of a tracking device constitutes evidence that tends to show that either a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code has been committed or is being committed, tends to show that a particular person has committed a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code, or is committing a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code, or will assist in locating an individual who has committed or is committing a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code. A tracking device search warrant issued pursuant to this paragraph shall be executed in a manner meeting the requirements specified in subdivision (b) of Section 1534.

(13) When a sample of the blood of a person constitutes evidence that tends to show a violation of Section 23140, 23152, or 23153 of the Vehicle Code and the person from whom the sample is being sought has refused an officer's request to submit to, or has failed to complete, a blood test as required by Section 23612 of the Vehicle Code, and the sample will be drawn from the person in a reasonable, medically approved manner. This paragraph is not intended to abrogate a court's mandate to determine the propriety of the issuance of a search warrant on a case-by-case basis.

(14) Beginning January 1, 2016, the property or things to be seized are firearms or ammunition or both that are owned by, in the possession of, or in the custody or control of a person who is the subject of a gun violence restraining order that has been issued pursuant to Division 3.2 (commencing with Section 18100) of Title 2 of Part 6, if a prohibited firearm or ammunition or both is possessed, owned, in the custody of, or controlled by a person against whom a gun violence restraining order has been issued, the person has been lawfully served with that order, and the person has failed to relinquish the firearm as required by law.

(15) Beginning January 1, 2018, the property or things to be seized include a firearm that is owned by, or in the possession of, or in the custody or control of, a person who is subject to the prohibitions regarding firearms pursuant to Sections 29800 or 29805 of the Penal Code, and the court has made a finding pursuant to Section 29810(c)(3) that the person has failed to relinquish the firearm as required by law.

(b) The property, things, person, or persons described in subdivision (a) may be taken on the warrant from any place, or from any person in whose possession the property or things may be.

(c) Notwithstanding subdivision (a) or (b), no search warrant shall issue for any documentary evidence in the possession or under the control of any person who is a lawyer as defined in Section 950 of the Evidence Code, a physician as defined in Section 990 of the Evidence Code, a psychotherapist as defined in Section 1010 of the Evidence Code, or a member of the clergy as defined in Section 1030 of the Evidence Code, and who is not reasonably suspected of engaging or having engaged in criminal activity related to the documentary evidence for which a warrant is requested unless the following procedure has been complied with:

(1) At the time of the issuance of the warrant, the court shall appoint a special master in accordance with subdivision (d) to accompany the person who will serve the warrant. Upon service of the warrant, the special master shall inform the party served of the specific items being sought and that the party shall have the opportunity to provide the items requested. If the party, in the judgment of the special master, fails to provide the items requested, the special master shall conduct a search for the items in the areas indicated in the search warrant.

(2)(A) If the party who has been served states that an item or items should not be disclosed, they shall be sealed by the special master and taken to court for a hearing.

(B) At the hearing, the party searched shall be entitled to raise any issues that may be raised pursuant to Section 1538.5 as well as a claim that the item or items are privileged, as provided by law. The hearing shall be held in the superior court. The court shall provide sufficient time for the parties to obtain counsel and make any motions or present any evidence. The hearing shall be held within three days of the service of the warrant unless the court makes a finding that the expedited hearing is impracticable. In that case the matter shall be heard at the earliest possible time.

(C) If an item or items are taken to court for a hearing, any limitations of time prescribed in Chapter 2 (commencing with Section 799) of Title 3 of Part 2 shall be tolled from the time of the

seizure until the final conclusion of the hearing, including any associated writ or appellate proceedings.

(3) The warrant shall, whenever practicable, be served during normal business hours.  In addition, the warrant shall be served upon a party who appears to have possession or control of the items sought.  If, after reasonable efforts, the party serving the warrant is unable to locate the person, the special master shall seal and return to the court, for determination by the court, any item that appears to be privileged as provided by law.

(d)(1) As used in this section, a "special master" is an attorney who is a member in good standing of the California State Bar and who has been selected from a list of qualified attorneys that is maintained by the State Bar particularly for the purposes of conducting the searches described in this section.  These attorneys shall serve without compensation.  A special master shall be considered a public employee, and the governmental entity that caused the search warrant to be issued shall be considered the employer of the special master and the applicable public entity, for purposes of Division 3.6 (commencing with Section 810) of Title 1 of the Government Code, relating to claims and actions against public entities and public employees.  In selecting the special master, the court shall make every reasonable effort to ensure that the person selected has no relationship with any of the parties involved in the pending matter.  Any information obtained by the special master shall be confidential and may not be divulged except in direct response to inquiry by the court.

(2) In any case in which the magistrate determines that, after reasonable efforts have been made to obtain a special master, a special master is not available and would not be available within a reasonable period of time, the magistrate may direct the party seeking the order to conduct the search in the manner described in this section in lieu of the special master.

(e) Any search conducted pursuant to this section by a special master may be conducted in a manner that permits the party serving the warrant or his or her designee to accompany the special master as he or she conducts his or her search.  However, that party or his or her designee may not participate in the search nor shall he or she examine any of the items being searched by the special master except upon agreement of the party upon whom the warrant has been served.

(f) As used in this section, "documentary evidence" includes, but is not limited to, writings, documents, blueprints, drawings, photographs, computer printouts, microfilms, X-rays, files, diagrams, ledgers, books, tapes, audio and video recordings, films, and papers of any type or description.

(g) No warrant shall issue for any item or items described in Section 1070 of the Evidence Code.

(h) Notwithstanding any other law, no claim of attorney work product as described in Chapter 4 (commencing with Section 2018.010) of Title 4 of Part 4 of the Code of Civil Procedure shall be sustained where there is probable cause to believe that the lawyer is engaging or has engaged in criminal activity related to the documentary evidence for which a warrant is requested unless it is established at the hearing with respect to the documentary evidence seized under the warrant that

the services of the lawyer were not sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud.

(i) Nothing in this section is intended to limit an attorney's ability to request an in camera hearing pursuant to the holding of the Supreme Court of California in *People v. Superior Court* (Laff) (2001) 25 Cal.4th 703.

(j) In addition to any other circumstance permitting a magistrate to issue a warrant for a person or property in another county, when the property or things to be seized consist of any item or constitute any evidence that tends to show a violation of Section 530.5, the magistrate may issue a warrant to search a person or property located in another county if the person whose identifying information was taken or used resides in the same county as the issuing court.

(k) This section shall not be construed to create a cause of action against any foreign or California corporation, its officers, employees, agents, or other specified persons for providing location information.

Section 27930 of the Penal Code is amended to read:

27930. Section 27545 does not apply to deliveries, transfers, or returns of firearms made pursuant to any of the following:

(a) Sections 18000 and 18005.

(b) Division 4 (commencing with Section 18250) of Title 2.

(c) Chapter 2 (commencing with Section 33850) of Division 11.

(d) Sections 34005 and 34010.

(e) Section 29810.

Section 29810 of the Penal Code is amended to read:

29810. (a) For any person who is subject to Section 29800 or 29805, the court shall, at the time judgment is imposed, provide on a form supplied by the Department of Justice, a notice to the defendant prohibited by this chapter from owning, purchasing, receiving, possessing, or having under custody or control, any firearm. The notice shall inform the defendant of the prohibition regarding firearms and include a form to facilitate the transfer of firearms. If the prohibition on owning or possessing a firearm will expire on a date specified in the court order, the form shall inform the defendant that he or she may elect to have his or her firearm transferred to a firearms dealer licensed pursuant to Section 29830.

(b) Failure to provide the notice described in subdivision (a) is not a defense to a violation of this chapter.

(c) This section shall be repealed effective January 1, 2018.

Section 29810 is added to the Penal Code, to read:

29810. (a)(1) Upon conviction of any offense that renders a person subject to Section 29800 or Section 29805, the person shall relinquish all firearms he or she owns, possesses, or has under his or her custody or control in the manner provided in this section.

(2) The court shall, upon conviction of a defendant for an offense described in subdivision (a), instruct the defendant that he or she is prohibited from owning, purchasing, receiving, possessing, or having under his or her custody or control, any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines, and shall order the defendant to relinquish all firearms in the manner provided in this section. The court shall also provide the defendant with a Prohibited Persons Relinquishment Form developed by the Department of Justice.

(3) Using the Prohibited Persons Relinquishment Form, the defendant shall name a designee and grant the designee power of attorney for the purpose of transferring or disposing of any firearms. The designee shall be either a local law enforcement agency or a consenting third party who is not prohibited from possessing firearms under state or federal law. The designee shall, within the time periods specified in subdivisions (d) and (e), surrender the firearms to the control of a local law enforcement agency, sell the firearms to a licensed firearms dealer, or transfer the firearms for storage to a firearms dealer pursuant to Section 29830.

(b) The Prohibited Persons Relinquishment Form shall do all of the following:

(1) Inform the defendant that he or she is prohibited from owning, purchasing, receiving, possessing, or having under his or her custody or control, any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines, and that he or she shall relinquish all firearms through a designee within the time periods set forth in subdivisions (d) or (e) by surrendering the firearms to the control of a local law enforcement agency, selling the firearms to a licensed firearms dealer, or transferring the firearms for storage to a firearms dealer pursuant to Section 29830.

(2) Inform the defendant that any cohabitant of the defendant who owns firearms must store those firearms in accordance with Section 25135.

(3) Require the defendant to declare any firearms that he or she owned, possessed, or had under his or her custody or control at the time of his or her conviction, and require the defendant to describe the firearms and provide all reasonably available information about the location of the firearms to enable a designee or law enforcement officials to locate the firearms.

(4) Require the defendant to name a designee, if the defendant declares that he or she owned, possessed, or had under his or her custody or control any firearms at the time of his or her conviction, and grant the designee power of attorney for the purpose of transferring or disposing of all firearms.

(5) Require the designee to indicate his or her consent to the designation and, except a designee that is a law enforcement agency, to declare under penalty of perjury that he or she is not prohibited from possessing any firearms under state or federal law.

(6) Require the designee to state the date each firearm was relinquished and the name of the party to whom it was relinquished, and to attach receipts from the law enforcement officer or licensed firearms dealer who took possession of the relinquished firearms.

(7) Inform the defendant and the designee of the obligation to submit the completed Prohibited Persons Relinquishment Form to the assigned probation officer within the time periods specified in subdivisions (d) and (e).

(c)(1) When a defendant is convicted of an offense described in subdivision (a), the court shall immediately assign the matter to a probation officer to investigate whether the Automated Firearms System or other credible information, such as a police report, reveals that the defendant owns, possesses, or has under his or her custody or control any firearms. The assigned probation officer shall receive the Prohibited Persons Relinquishment Form from the defendant or the defendant's designee, as applicable, and ensure that the Automated Firearms System has been properly updated to indicate that the defendant has relinquished those firearms.

(2) Prior to final disposition or sentencing in the case, the assigned probation officer shall report to the court whether the defendant has properly complied with the requirements of this section by relinquishing all firearms identified by the probation officer's investigation or declared by the defendant on the Prohibited Persons Relinquishment Form, and by timely submitting a completed Prohibited Persons Relinquishment Form. The probation officer shall also report to the Department of Justice on a form to be developed by the Department of Justice whether the Automated Firearms System has been updated to indicate which firearms have been relinquished by the defendant.

(3) Prior to final disposition or sentencing in the case, the court shall make findings concerning whether the probation officer's report indicates that the defendant has relinquished all firearms as required, and whether the court has received a completed Prohibited Persons Relinquishment Form, along with the receipts described in subdivision (d)(1) or (e)(1). The court shall ensure that these findings are included in the abstract of judgment. If necessary to avoid a delay in sentencing, the court may make and enter these findings within fourteen days of sentencing.

(4) If the court finds probable cause that the defendant has failed to relinquish any firearms as required, the court shall order the search for and removal of any firearms at any location where the judge has probable cause to believe the defendant's firearms are located. The court shall state with specificity the reasons for and scope of the search and seizure authorized by the order.

(5) Failure by a defendant to timely file the completed Prohibited Persons Relinquishment Form with the assigned probation officer shall constitute an infraction punishable by a fine not exceeding one hundred dollars ($100).

(d) The following procedures shall apply to any defendant who is a prohibited person within the meaning of subdivision (a)(1) who does not remain in custody at any time within the five-day period following conviction:

(1) The designee shall dispose of any firearms the defendant owns, possesses, or has under his or her custody or control within five days of the conviction by surrendering the firearms to the control of a local law enforcement agency, selling the firearms to a licensed firearms dealer, or transferring the firearms for storage to a firearms dealer pursuant to Section 29830, in accordance with the wishes of the defendant.  Any proceeds from the sale of the firearms shall become the property of the defendant.  The law enforcement officer or licensed dealer taking possession of any firearms pursuant to this subdivision shall issue a receipt to the designee describing the firearms and listing any serial number or other identification on the firearms at the time of surrender.

(2) If the defendant owns, possesses, or has under his or her custody or control any firearms to relinquish, the defendant's designee shall submit the completed Prohibited Persons Relinquishment Form to the assigned probation officer within five days following the conviction, along with the receipts described in subdivision (d)(1) showing the defendant's firearms were surrendered to a local law enforcement agency or sold or transferred to a licensed firearms dealer.

(3) If the defendant does not own, possess, or have under his or her custody or control any firearms to relinquish, he or she shall, within five days following conviction, submit the completed Prohibited Persons Relinquishment Form to the assigned probation officer, with a statement affirming that he or she has no firearms to be relinquished.

(e) The following procedures shall apply to any defendant who is a prohibited person within the meaning of subdivision (a)(1) who is in custody at any point within the five-day period following conviction:

(1) The designee shall dispose of any firearms the defendant owns, possesses, or has under his or her custody or control within fourteen days of the conviction by surrendering the firearms to the control of a local law enforcement agency, selling the firearms to a licensed firearms dealer, or transferring the firearms for storage to a firearms dealer pursuant to Section 29830, in accordance with the wishes of the defendant.  Any proceeds from the sale of the firearms shall become the property of the defendant.  The law enforcement officer or licensed dealer taking possession of any firearms pursuant to this subdivision shall issue a receipt to the designee describing the firearms and listing any serial number or other identification on the firearms at the time of surrender.

(2) If the defendant owns, possesses, or has under his or her custody or control any firearms to relinquish, the defendant's designee shall submit the completed Prohibited Persons Relinquishment Form to the assigned probation officer, within fourteen days following conviction, along with the receipts described in subdivision (e)(1) showing the defendant's firearms were surrendered to a local law enforcement agency or sold or transferred to a licensed firearms dealer.

(3) If the defendant does not own, possess, or have under his or her custody or control any firearms to relinquish, he or she shall, within fourteen days following conviction, submit the completed Prohibited Persons Relinquishment Form to the assigned probation officer, with a statement affirming that he or she has no firearms to be relinquished.

(4) If the defendant is released from custody during the fourteen days following conviction and a designee has not yet taken temporary possession of each firearm to be relinquished as described above, the defendant shall, within five days following his or her release, relinquish each firearm required to be relinquished pursuant to subdivision (d)(1).

(f) For good cause, the court may shorten or enlarge the time periods specified in subdivisions (d) and (e), enlarge the time period specified in subdivision (c)(3), or allow an alternative method of relinquishment.

(g) The defendant shall not be subject to prosecution for unlawful possession of any firearms declared on the Prohibited Persons Relinquishment Form if the firearms are relinquished as required.

(h) Any firearms that would otherwise be subject to relinquishment by a defendant under this section, but which are lawfully owned by a cohabitant of the defendant, shall be exempt from relinquishment, provided the defendant is notified that the cohabitant must store the firearm in accordance with Section 25135.

(i) A law enforcement agency shall update the Automated Firearms System to reflect any firearms that were relinquished to the agency pursuant to this section. A law enforcement agency shall retain a firearm that was relinquished to the agency pursuant to this section for 30 days after the date the firearm was relinquished. After the 30-day period has expired, the firearm is subject to destruction, retention, sale or other transfer by the agency, except upon the certificate of a judge of a court of record, or of the district attorney of the county, that the retention of the firearm is necessary or proper to the ends of justice, or if the defendant provides written notice of an intent to appeal a conviction for an offense described in subdivision (a), or if the Automated Firearms System indicates that the firearm was reported lost or stolen by the lawful owner. If the firearm was reported lost or stolen, the firearm shall be restored to the lawful owner, as soon as its use as evidence has been served, upon the lawful owner's identification of the weapon and proof of ownership, and after the law enforcement agency has complied with Chapter 2 (commencing with Section 33850) of Division 11 of Title 4. The agency shall notify the Department of Justice of the disposition of relinquished firearms pursuant to Section 34010.

(j) A city, county, or city and county, or a state agency may adopt a regulation, ordinance, or resolution imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of a firearm pursuant to Section 33880.

(k) This section shall become operative on January 1, 2018.

## SEC. 11.  Theft of Firearms.

**Sections 490.2 and 29805 of the Penal Code are hereby amended.**

Section 490.2 of the Penal Code is amended to read:

(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.

(b) This section shall not be applicable to any theft that may be charged as an infraction pursuant to any other provision of law.

(c) This section shall not apply to theft of a firearm.

Section 29805 of the Penal Code is amended to read:

29805. Except as provided in Section 29855 or subdivision (a) of Section 29800, any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, subdivision (d) of Section 148, Section 171b, paragraph (1) of subdivision (a) of Section 171c, 171d, 186.28, 240, 241, 242, 243, 243.4, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 422, 626.9, 646.9, or 830.95, subdivision (a) of former Section 12100, as that section read at any time from when it was enacted by Section 3 of Chapter 1386 of the Statutes of 1988 to when it was repealed by Section 18 of Chapter 23 of the Statutes of 1994, Section 17500, 17510, 25300, 25800, 30315, or 32625, subdivision (b) or (d) of Section 26100, or Section 27510, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, Section 490.2 if the property taken was a firearm, or of the conduct punished in subdivision (c) of Section 27590, and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.  The court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this section.  However, the prohibition in this section may be reduced, eliminated, or conditioned as provided in Section 29855 or 29860.

## SEC. 12.  Interim Standards.

Notwithstanding the Administrative Procedure Act (APA), and in order to facilitate the prompt implementation of the Safety For All Act of 2016, the California Department of Justice may adopt interim standards without compliance with the procedures set forth in the APA.  The interim standards shall remain in effect for no more than two years, and may be earlier

superseded by regulations adopted pursuant to the APA. "Interim standards" mean temporary standards that perform the same function as "emergency regulations" under the Administrative Procedure Act (Government Code, Title 2, Division 3, Part 1, Chapter 3.5, Sections 11340 et seq.), except that in order to provide greater opportunity for public comment on permanent regulations, the interim standards may remain in force for two years rather than 180 days.

## SEC. 13.  Amending the Measure.

This Act shall be broadly construed to accomplish its purposes.  The provisions of this measure may be amended by a vote of 55 percent of the members of each house of the Legislature and signed by the Governor so long as such amendments are consistent with and further the intent of this Act.

## SEC. 14.  Conflicting Measures.

(a) In the event that this measure and another measure on the same subject matter, including but not limited to the regulation of the sale and/or possession of firearms or ammunition, shall appear on the same statewide ballot, the provisions of the other measure or measures shall be deemed to be in conflict with this measure.  In the event that this measure receives a greater number of affirmative votes than a measure deemed to be in conflict with it, the provisions of this measure shall prevail in their entirety, and the other measure or measures shall be null and void.

(b) If this measure is approved by voters but superseded by law by any other conflicting measure approved by voters at the same election, and the conflicting ballot measure is later held invalid, this measure shall be self-executing and given full force and effect.

## SEC. 15.  Severability.

If any provision of this measure, or part of this measure, or the application of any provision or part to any person or circumstance, is for any reason held to be invalid or unconstitutional, the remaining provisions, or applications of provisions, shall not be affected, but shall remain in full force and effect, and to this end the provisions of this measure are severable.

## SEC. 16.  Proponent Standing.

Notwithstanding any other provision of law, if the State, government agency, or any of its officials fail to defend the constitutionality of this act, following its approval by the voters, any other government employer, the proponent, or in their absence, any citizen of this State shall have the authority to intervene in any court action challenging the constitutionality of this act for the purpose of defending its constitutionality, whether such action is in trial court, on appeal, and on discretionary review by the Supreme Court of California and/or the Supreme Court of the United States.  The reasonable fees and costs of defending the action shall be a charge on funds appropriated to the Department of Justice, which shall be satisfied promptly.

# EXHIBIT 2



California
LEGISLATIVE INFORMATION

Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites

**SB-1235 Ammunition.** (2015-2016)

---

**SHARE THIS:**  

## Senate Bill No. 1235

## CHAPTER 55

An act to amend Sections 16150, 17315, 30000, 30306, and 30352 of, to add Sections 11106.5 and 16151 to, to add Article 4 (commencing with Section 30355) and Article 5 (commencing with Section 30360) to Chapter 1 of Division 10 of Title 4 of Part 6 of, to repeal Sections 16650, 16662, and 30312 of, to repeal and add Section 30370 of, and to repeal and add Article 3 (commencing with Section 30345) of Chapter 1 of Division 10 of Title 4 of Part 6 of, the Penal Code, relating to ammunition, and making an appropriation therefor.

[ Approved by Governor  July 01, 2016. Filed with Secretary of State  July 01, 2016. ]

### LEGISLATIVE COUNSEL'S DIGEST

SB 1235, De León. Ammunition.

(1) The proposed Safety for All Act of 2016, to be submitted to the voters at the November 8, 2016, statewide general election, if enacted would, commencing January 1, 2019, allow any person who is 18 years of age or older to apply to the Department of Justice for an ammunition purchase authorization. The act would allow the sale of ammunition only to persons holding an ammunition purchase authorization or to persons who were approved by the department to receive a firearm from the ammunition vendor if the ammunition is delivered to the person in the same transaction as the firearm. The act would allow the department to charge a fee not to exceed $50 per person for the issuance of an ammunition purchase authorization or the issuance of a renewal authorization. The act would create the Ammunition Safety and Enforcement Special Fund to receive these fees and would continuously appropriate the funds for the purposes of implementing, operating, and enforcing the ammunition authorization program. The act would authorize its provisions to be amended by a statute that is passed by a vote of 55 percent of the Members of each house of the Legislature and signed by the Governor so long as the amendments are consistent with and further the intent of the act.

This bill would, if the Safety for All Act of 2016 is enacted by the voters at the November 8, 2016, statewide general election, amend the act to instead allow ammunition to be sold only to a person whose information matches an entry in the Automated Firearms System and who is eligible to possess ammunition, to a person who has a current certificate of eligibility issued by the department, or to a person who purchases or transfers the ammunition in a single ammunition transaction, as specified. If the act is enacted by the voters, the bill would amend the act to charge ammunition purchasers and transferees a per transaction fee not to exceed $1, as provided, and would deposit the funds into the Ammunition Safety and Enforcement Special Fund created by the act, which fund would be continuously appropriated by the act, thereby making an appropriation. If the act is enacted by the voters at the November 8, 2016, statewide general election, the other provisions of this bill would not become operative. Because this bill would amend the act, it would require a vote of 55 percent of the Members of each house of the Legislature.

40

The bill would make legislative findings and declarations that these amendments further the intent of the act.

(2) Existing law requires the Attorney General to maintain records, including, among other things, fingerprints, licenses to carry concealed firearms, and information from firearms dealers pertaining to firearms, for purposes of assisting in the investigation of crimes and specified civil actions. In regard to certain of those records, existing law authorizes specified peace officers to disseminate the name of the subject of the record, the number of firearms listed in the record, the description of any firearm, and other information reported to the Department of Justice, as specified, if the subject of the record has been arraigned, is being prosecuted, or is serving a sentence for domestic violence or is the subject of specified protective orders. Existing law requires the law enforcement officer to provide a victim of domestic violence to whom information is disseminated with a "Victims of Domestic Violence" card, and authorizes the victim or other person to whom the information is disseminated to disclose that information as he or she deems necessary to protect himself, herself, or another person from bodily harm by the person who is the subject of the record.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, require the Attorney General to also maintain information about ammunition transactions and ammunition vendor licenses for those purposes. The bill would similarly authorize specified agencies, officials, and officers to disseminate the name of a person and the fact of any ammunition purchases by that person, as specified, if the subject of the record has been arraigned, is being prosecuted, or is serving a sentence for domestic violence or is the subject of specified protective orders. The bill would require the law enforcement officer to provide a victim of domestic violence to whom information regarding an ammunition purchase is disseminated with a "Victims of Domestic Violence" card.

By imposing new duties on local law enforcement officers, this bill would impose a state-mandated local program.

(3) Existing law, subject to exceptions, requires that the delivery or transfer of ownership of handgun ammunition occur only in a face-to-face transaction and makes a violation of this requirement a crime.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, extend those provisions, subject to exceptions, to any ammunition and would reorganize those provisions.

(4) Existing law provides that the term "vendor" for purposes of ammunition sales is a "handgun ammunition vendor" as defined for those and other purposes.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, provide that the term "vendor" for purposes of ammunition sales means "ammunition vendor" and, commencing January 1, 2018, means a licensed ammunition vendor. The bill would provide that commencing on January 1, 2018, only a licensed ammunition vendor may sell ammunition. The bill would revise the definition of "ammunition" for those purposes.

(5) Existing law establishes the Prohibited Armed Persons File, the purpose of which is to cross-reference persons prohibited from possessing firearms with records of firearm transactions to determine if these persons have acquired or attempted to acquire firearms. Under existing law, a person who is prohibited from owning or possessing a firearm is prohibited from owning, possessing, or having under his or her custody or control any ammunition or reloaded ammunition.

This bill would, commencing July 1, 2019, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, use the Prohibited Armed Persons File to cross-reference persons who attempt to acquire ammunition, as specified, to determine if those persons are prohibited from possessing ammunition.

(6) Existing law makes it a crime for a person, corporation, or firm to provide ammunition, as specified, to an individual that the person, corporation, or firm knows or should know is prohibited from possessing or owning ammunition.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, apply that prohibition to other business enterprises. The bill would make it a crime for a person, corporation, firm, or other business enterprise to provide, as specified, ammunition to an individual that the person, corporation, firm, or other business entity knows or has cause to believe is not the actual purchaser or

41

transferee of the ammunition or knows or has reason to believe that the ammunition is to be sold or transferred to a person prohibited from possessing or owning ammunition.

(7) Existing law prohibits an ammunition vendor from allowing a person the vendor knows or should know is a person who is prohibited from possessing firearms, for specified reasons, from handling, selling, or delivering handgun ammunition in the course and scope of his or her employment. Existing law prohibits an ammunition vendor from selling or otherwise transferring ownership of, offering for sale or otherwise offering to transfer ownership of, or displaying for sale or displaying for transfer of ownership of, any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or an employee of the vendor.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, extend those prohibitions to any ammunition. The bill would require that when neither party to the ammunition transaction is an ammunition dealer, the transaction be conducted by an ammunition dealer. The bill would, subject to exceptions, require a resident bringing ammunition into the state to have the ammunition delivered to an ammunition dealer for delivery to the person, as specified. The bill would provide that a violation of these provisions is a crime.

(8) Existing law, subject to exceptions, requires a handgun ammunition vendor to record specified information at the time of delivery of handgun ammunition to a purchaser, as specified.

This bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, extend those provisions to transactions of any ammunition and would, commencing on July 1, 2019, require the ammunition vendor to submit that information to the Department of Justice, as specified. The bill would require the department to retain the information for 2 years in a database to be known as the Ammunition Purchase Records File and would prescribe the authority of the department and other entities to use the file, as specified. The bill would, commencing on July 1, 2019, and subject to exceptions, require the purchaser of ammunition to be authorized to purchase ammunition by the department, as specified. The bill would require the department to cross-reference the Prohibited Armed Persons File and the Automated Firearms System for those transaction purposes. The bill would require, commencing on July 1, 2019, and subject to exceptions, that only persons listed in the Automated Firearms System, or who purchase a one-time ammunition transaction license from the department, would be able to purchase ammunition. A violation of these provisions would be a crime.

The bill would, if the proposed Safety for All Act of 2016 is not enacted by the voters at the November 8, 2016, statewide general election, authorize the department to accept applications for ammunition vendor licenses, commencing on July 1, 2017. The bill would require an ammunition vendor to be licensed, commencing on January 1, 2018, in order to sell ammunition. The bill would create an application process for ammunition vendors, as specified. The bill would establish the Ammunition Special Account, into which vendor license fees and ammunition transaction fees would be deposited and made available, upon appropriation by the Legislature, to the department for purposes of enforcing the ammunition vendor licensing and ammunition purchasing provisions. The bill would require the ammunition vendor to conduct business at the location specified in the license, except in the case of gun shows or events, as specified. The bill would require ammunition sales at a gun show or event to comply with certain requirements pertaining to ammunition transfers and recordkeeping, the violation of which is a crime.

(9) By expanding existing crimes and creating new crimes, this bill would impose a state-mandated local program.

(10) The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that with regard to certain mandates no reimbursement is required by this act for a specified reason.

With regard to any other mandates this bill would provide that, if the Commission on State Mandates determines that the bill contains costs so mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

Vote: majority   Appropriation: yes   Fiscal Committee: yes   Local Program: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 11106.5 is added to the Penal Code, to read:

42

complete record of both of the following:

(1) Ammunition vendor license information pursuant to Article 3 (commencing with Section 30345) of Chapter 1 of Division 10 of Title 4 of Part 6.

(2) Information required by Section 30369.

(b) If the conditions of paragraph (2) of subdivision (c) of Section 11106 are met, an officer referred to in paragraphs (1) to (6), inclusive, of subdivision (b) of Section 11105 may disseminate the fact of any ammunition purchases by the subject of a state summary criminal history record based on information supplied by the department pursuant to Section 30352.

**SEC. 2.** Section 16150 of the Penal Code is amended to read:

**16150.** (a) As used in this part, except as specified in subdivision (b), "ammunition" means one or more loaded cartridges consisting of a primer case, propellant, and with one or more projectiles. "Ammunition" does not include blanks.

(b) As used in subdivision (a) of Section 30305 and in Section 30306, "ammunition" includes, but is not limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence. "Ammunition" does not include blanks.

**SEC. 3.** Section 16151 is added to the Penal Code, to read:

**16151.** Commencing January 1, 2018, as used in this part, "ammunition vendor" means any person, firm, corporation, dealer, or any other business that has a current ammunition vendor license issued pursuant to Section 30345.

**SEC. 4.** Section 16650 of the Penal Code is repealed.

**SEC. 5.** Section 16662 of the Penal Code is repealed.

**SEC. 6.** Section 17315 of the Penal Code is amended to read:

**17315.** As used in Article 2 (commencing with Section 30300), Article 3 (commencing with Section 30345), Article 4 (commencing with Section 30355), and Article 5 (commencing with Section 30360) of Chapter 1 of Division 10 of Title 4, "vendor" means an ammunition vendor.

**SEC. 7.** Section 30000 of the Penal Code is amended to read:

**30000.** (a) The Attorney General shall establish and maintain an online database to be known as the Prohibited Armed Persons File. The purpose of the file is to cross-reference persons who have ownership or possession of a firearm on or after January 1, 1996, as indicated by a record in the Consolidated Firearms Information System, and who, subsequent to the date of that ownership or possession of a firearm, fall within a class of persons who are prohibited from owning or possessing a firearm.

(b) Commencing July 1, 2019, the file shall also be used to cross-reference persons who attempt to acquire ammunition to determine if those persons fall within a class of persons who are prohibited from owning or possessing ammunition.

(c) The information contained in the Prohibited Armed Persons File shall only be available to those entities specified in, and pursuant to, subdivision (b) or (c) of Section 11105, through the California Law Enforcement Telecommunications System, for the purpose of determining if persons are armed and prohibited from possessing firearms.

**SEC. 8.** Section 30306 of the Penal Code is amended to read:

**30306.** (a) Any person, corporation, firm, or other business enterprise who supplies, delivers, sells, or gives possession or control of, any ammunition to any person who he or she knows or using reasonable care should know

43

is prohibited from owning, possessing, or having under custody or control any ammunition or reloaded ammunition pursuant to subdivision (a) or (b) of Section 30305, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(b) Any person, corporation, firm, or other business enterprise who supplies, delivers, sells, or gives possession or control of ammunition to a person who the person, corporation, firm, or other business enterprise knows or has cause to believe is not the actual purchaser or transferee of the ammunition, with knowledge or cause to believe that the ammunition is to be subsequently sold or transferred to a person who is prohibited from owning, possessing, or having under custody or control any ammunition or reloaded ammunition pursuant to subdivision (a) or (b) of Section 30305, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(c) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by this section and another provision of law shall not be punished under more than one provision.

**SEC. 9.** Section 30312 of the Penal Code is repealed.

**SEC. 10.** Article 3 (commencing with Section 30345) of Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code is repealed.

**SEC. 11.** Article 3 (commencing with Section 30345) is added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code, to read:

### Article 3. Ammunition Vendor License

**30345.** (a) Commencing January 1, 2018, only an ammunition vendor who is licensed by the Department of Justice shall be authorized to sell ammunition in this state, except as provided by Article 5 (commencing with Section 30360).

(b) Subdivision (a) does not apply to the sale of ammunition by any of the following:

(1) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(2) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(3) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(4) A nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting and lawful hunting activity provided that the ammunition is used and consumed during the shooting or hunting event conducted by that nonprofit or public benefit corporation.

(5) A target facility that holds a business or regulatory license provided that the ammunition is at all times kept within the facility's premises and used on the premises.

(6) A person who sells no more than 100 rounds of ammunition to one vendor in one month or cumulatively sells no more than 250 rounds per year to vendors in this state.

(c) The Department of Justice is authorized to issue ammunition vendor licenses pursuant to this article. The department shall, commencing July 1, 2017, accept applications for ammunition vendor licenses. The department shall issue a license or deny the application for a license within 60 days of receipt of the application in the first two years of implementation, and within 30 days thereafter. If the application is denied, the department shall inform the applicant of the reason for denial in writing.

(d) The ammunition vendor license shall be issued in a form prescribed by the Attorney General and shall be valid for a period of one year. The license shall allow the licensee to sell ammunition from a fixed location and at any place set forth in subdivision (b) of Section 30365.

44

**30346.** (a) The department may charge an ammunition vendor license applicant a reasonable fee sufficient to cover the reasonable costs of issuing a certificate of eligibility, as described, except for those persons or entities described in subdivision (d) of Section 30347.

(b) The fees received by the department pursuant to this article shall be deposited in the Ammunition Special Account, which is hereby created. The revenue in the fund shall be available, upon appropriation by the Legislature, for use by the Department of Justice for the purpose of implementing and enforcing the provisions of this article, Article 4 (commencing with Section 30355) and Article 5 (commencing with Section 30360).

**30347.** (a) The department is authorized to issue ammunition vendor licenses to ammunition vendors who the department has determined are not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm and who have a certificate of eligibility issued by the department.

(b) The department shall require any agent or employee of a vendor who handles, sells, or delivers ammunition to obtain and provide to the ammunition vendor a certificate of eligibility from the Department of Justice pursuant to Section 26710. On the application for the certificate, the agent or employee shall provide the name and California ammunition vendor number of the vendor with whom the person is employed.

(c) In the case of an entity other than a natural person, the department shall issue the license to the business entity, pursuant to the requirements in subdivisions (a) and (b).

(d) The department shall, upon request and in a manner prescribed by the department, issue ammunition vendor licenses to the following:

(1) A firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive.

(2) A person who is on the centralized list of federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A gunsmith as defined in Section 16630.

(4) A wholesaler as defined in Section 17340.

(5) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(e) The department shall keep a registry of all licensed ammunition vendors.

(f) The department shall revoke the license of any ammunition vendor who violates this article, Article 4 (commencing with Section 30355), or Article 5 (commencing with Section 30360) in any combination three times. The ammunition vendor shall thereafter be permanently ineligible for an ammunition vendor license.

**SEC. 12.** Section 30352 of the Penal Code, as proposed to be amended by the Safety for All Act of 2016 at the November 8, 2016, statewide general election, is amended to read:

**30352.** (a) Commencing July 1, 2019, an ammunition vendor shall not sell or otherwise transfer ownership of any ammunition without, at the time of delivery, legibly recording the following information on a form to be prescribed by the Department of Justice:

(1) The date of the sale or other transfer.

(2) The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(3) The brand, type, and amount of ammunition sold or otherwise transferred.

(4) The purchaser's or transferee's full name and signature.

(5) The name of the salesperson who processed the sale or other transaction.

(6) The purchaser's or transferee's full residential address and telephone number.

(7) The purchaser's or transferee's date of birth.

45

(b) Commencing July 1, 2019, an ammunition vendor shall electronically submit to the department the information required by subdivision (a) for all sales and transfers of ownership of ammunition. The department shall retain this information in a database to be known as the Ammunition Purchase Records File. This information shall remain confidential and may be used by the department and those entities specified in, and pursuant to, subdivision (b) or (c) of Section 11105, through the California Law Enforcement Telecommunications System, only for law enforcement purposes. The ammunition vendor shall not use, sell, disclose, or share the information for any other purpose other than the submission required by this subdivision without the express written consent of the purchaser or transferee.

(c) Commencing on July 1, 2019, only those persons listed in this subdivision, or those persons or entities listed in subdivision (e), shall be authorized to purchase ammunition. Prior to delivering any ammunition, an ammunition vendor shall require bona fide evidence of identity to verify that the person who is receiving delivery of the ammunition is a person or entity listed in subdivision (e) or one of the following:

(1) A person authorized to purchase ammunition pursuant to Section 30370.

(2) A person who was approved by the department to receive a firearm from the ammunition vendor, pursuant to Section 28220, if that vendor is a licensed firearms dealer, and the ammunition is delivered to the person in the same transaction as the firearm.

(d) Commencing July 1, 2019, the ammunition vendor shall verify with the department, in a manner prescribed by the department, that the person is authorized to purchase ammunition. If the person is not listed as an authorized ammunition purchaser, the vendor shall deny the sale or transfer.

(e) Subdivisions (a) and (d) shall not apply to sales or other transfers of ownership of ammunition by ammunition vendors to any of the following, if properly identified:

(1) An ammunition vendor.

(2) A person who is on the centralized list of exempted federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises.

(4) A gunsmith.

(5) A wholesaler.

(6) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto.

(7) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale or other transfer of ownership is for exclusive use by that government agency, and, prior to the sale, delivery, or transfer of the handgun ammunition, written authorization from the head of the agency authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency by which that individual is employed.

(8) (A) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or properly identified sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties.

(B) (i) Proper identification is defined as verifiable written certification from the head of the agency by which the purchaser or transferee is employed, identifying the purchaser or transferee as a full-time paid peace officer who is authorized to carry a firearm in the course and scope of the officer's duties.

(ii) The certification shall be delivered to the vendor at the time of purchase or transfer and the purchaser or transferee shall provide bona fide evidence of identity to verify that he or she is the person authorized in the certification.

46

(iii) The vendor shall keep the verification number in the record of sale and submit the application to the department.

(f) The department is authorized to adopt regulations to implement the provisions of this section.

**SEC. 13.** Article 4 (commencing with Section 30355) is added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code, to read:

### Article 4. Ammunition Purchase Authorization

**30355.** (a) Any person who violates any provision of this article is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(b) The provisions of this article are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

**30356.** (a) Commencing July 1, 2019, the department shall electronically approve the purchase or transfer of ammunition through a vendor, as defined in Section 16151, except as otherwise specified. This approval shall occur at the time of purchase or transfer, prior to the purchaser or transferee taking possession of the ammunition.

(b) To determine if the purchaser or transferee is eligible to purchase or possess ammunition, the department shall cross-reference the ammunition purchaser's or transferee's name, date of birth, current address, and driver's license or other government identification number, as described in Section 28180, with the information maintained in the Automated Firearms System (AFS). If the purchaser's or transferee's information does not match an AFS entry, the transaction shall be denied. If the purchaser's or transferee's information matches an AFS entry, the department shall determine if the purchaser or transferee falls within a class of persons who are prohibited from owning or possessing ammunition by cross-referencing the Prohibited Armed Persons File. If the purchaser or transferee is prohibited from owning or possessing a firearm, the transaction shall be denied.

(c) A vendor is prohibited from providing a purchaser or transferee ammunition without department approval. If a vendor cannot electronically verify a person's eligibility to purchase or possess ammunition via an Internet connection, the department shall provide a telephone line to verify eligibility. This option is available to ammunition vendors who can demonstrate legitimate geographical and telecommunications limitations in submitting the information electronically and who are approved by the department to use the telephone line verification.

(d) The department shall recover the reasonable cost of regulatory and enforcement activities related to this article by charging ammunition purchasers and transferees a per transaction fee not to exceed one dollar ($1), provided, however, that the fee may be increased at a rate not to exceed any increases in the California Consumer Price Index as compiled and reported by the Department of Industrial Relations, not to exceed the reasonable regulatory and enforcement costs. The fees shall be deposited in the Ammunition Special Account, to be available upon appropriation by the Legislature, for use by the Department of Justice for the purpose of implementing and enforcing this article, Article 3 (commencing with Section 30345), and Article 5 (commencing with Section 30360).

(e) This section shall not apply to the sale, delivery, or transfer of ammunition to any of the following, if properly identified prior to the delivery of the ammunition by the vendor:

(1) A firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive.

(2) A person who is on the centralized list of federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A gunsmith as defined in Section 16630.

(4) A wholesaler as defined in Section 17340.

(5) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6) An ammunition vendor.

(7) A person whose licensed premises are outside this state and who is licensed as a dealer or collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(8) A person who is licensed as a collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, whose licensed premises are within this state, and who has a current certificate of eligibility issued by the department pursuant to Section 26710.

(9) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale or other transfer is for exclusive use by that government agency, and, prior to the sale, delivery, or transfer of the ammunition, written authorization from the head of the agency authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency, or designee, by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency by which that individual is employed.

(10) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 or properly identified sworn member of a federal law enforcement agency who is authorized to carry a firearm in the course and scope of the officer's duties.

(11) A target facility that holds a business or regulatory license.

(12) A person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises and used on the premises.

(13) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code.

(14) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code.

(15) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code.

(16) A participant at a shooting or hunting event conducted by any of the following:

(A) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(B) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(C) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(17) A nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting and lawful hunting activity.

(18) A participant at a shooting or hunting event conducted by a nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting or lawful hunting activity provided that the ammunition is used and consumed during the event.

(19) A person who is authorized to carry loaded firearms pursuant to Section 25900, 25905, 25910, 25925, 26010, 26015, 26025, or 26030.

(20) A holder of a special weapons permit issued by the department pursuant to Section 32650 or 33300, pursuant to Article 3 (commencing with Section 18900) of Chapter 1 of Division 5 of Title 2, or pursuant to Article 4 (commencing with Section 32700) of Chapter 6.

(21) A holder of a valid entertainment firearms permit issued pursuant to Chapter 2 (commencing with Section 29500) of Division 8.

(22) A person authorized by the department pursuant to Section 30357.

48

(23) A person who has a current certificate of eligibility issued by the department pursuant to Section 26710.

**30357.** The department shall develop a procedure in which a person who is not prohibited from purchasing or possessing ammunition may be approved for a single ammunition transaction or purchase. The department shall recover the cost of processing, regulatory, and enforcement activities related to this section by charging the ammunition transaction or purchase applicant a fee not to exceed the fee charged for the department's Dealers' Record of Sale (DROS) process, as described in Section 28225, and not to exceed the department's reasonable costs.

**SEC. 14.** Article 5 (commencing with Section 30360) is added to Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code, to read:

**Article 5. Ammunition Sales**

**30360.** (a) Any person who violates any provision of this article is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(b) The provisions of this article are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

**30362.** A vendor shall not permit any employee who the vendor knows or reasonably should know is a person described in Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, to handle, sell, or deliver ammunition or to deliver or have under his or her custody or control ammunition in the course and scope of employment.

**30363.** A vendor shall not sell or otherwise transfer ownership of, offer for sale, or otherwise offer to transfer ownership of, display for sale, or display for transfer any ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or an employee of the vendor.

**30364.** (a) The sale, delivery, or transfer of ammunition may only occur in a face-to-face transaction with the seller, deliverer, or transferor being provided bona fide evidence of identity from the purchaser or other transferee, provided, however, that ammunition may be purchased over the Internet or through other means of remote ordering if an ammunition vendor in this state initially receives the ammunition and processes the transfer in compliance with this article, Article 3 (commencing with Section 30345), and Article 4 (commencing with Section 30355). An ammunition vendor is required to promptly and properly process those transactions. An ammunition vendor may charge a fee to process the transfer not to exceed ten dollars ($10) per transaction. An ammunition vendor is not required to house ammunition orders longer than 30 days.

(b) Subdivision (a) shall not apply to or affect the sale, delivery, or transfer of ammunition to any of the following:

(1) A firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive.

(2) A person who is on the centralized list of federal firearms licensees maintained by the Department of Justice pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A gunsmith as defined in Section 16630.

(4) A wholesaler as defined in Section 17340.

(5) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6) An ammunition vendor.

(7) A person whose licensed premises are outside this state and who is licensed as a dealer or collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

49

(8) A person licensed as a collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, whose licensed premises are within this state, and who has a current certificate of eligibility issued by the Department of Justice pursuant to Section 26710.

(9) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale, delivery, or other transfer is for exclusive use by that government agency and, prior to the sale, delivery, or transfer of the ammunition, written authorization is received from the head of the agency, or designee, by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency employing the individual.

(10) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or properly identified sworn member of a federal law enforcement agency who is authorized to carry a firearm in the course and scope of the officer's duties.

(11) A target facility holding a business or other regulatory license.

(12) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code.

(13) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code.

(14) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code.

(15) A nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting and lawful hunting activity.

(16) A consultant-evaluator.

(17) A contract or common carrier or an authorized agent or employee thereof, when acting in conformance with applicable federal law.

**30365.** (a) Except as provided in subdivision (b), the sale of ammunition shall be conducted at the location specified in the license.

(b) A vendor may sell ammunition at a gun show or event, as described in Chapter 3 (commencing with Section 27200) of Division 6, if the gun show or event is not conducted from any motorized or towed vehicle.

(c) Sales of ammunition at a gun show or event shall comply with Sections 30345, 30356, 30369, and 30370.

**30366.** (a) When neither party in an ammunition sale is a vendor, the following shall apply:

(1) The seller shall deliver the ammunition to a vendor to process the transaction.

(2) The vendor shall then promptly and properly deliver the ammunition to the purchaser, if the sale is not prohibited, as if the ammunition were the vendor's own merchandise.

(3) If the vendor cannot legally deliver the ammunition to the purchaser, the vendor shall forthwith return the ammunition to the seller. This return is not subject to Section 30356.

(b) The vendor may charge the purchaser an administrative fee to process the transaction, not to exceed ten dollars ($10) per transaction processed.

(c) A person selling ammunition pursuant to this section is exempt from the requirement to be licensed pursuant to Section 30345.

(d) This section does not apply to a person whose premises are outside of this state when directly selling and shipping ammunition to a law enforcement agency within this state.

**30367.** (a) Notwithstanding Sections 30345 and 30366, the sale of ammunition between the following is authorized so long as it does not exceed 50 rounds per month:

50

(1) The sale of ammunition between licensed hunters while engaged in lawful hunting activity.

(2) The sale of ammunition between immediate family members, spouses, or registered domestic partners.

(b) Notwithstanding Sections 30345 and 30366, the sale of ammunition by a private individual to an authorized representative of a city, city and county, county, state, or the federal government, as part of a voluntary program is authorized.

(c) Ammunition acquired pursuant to subdivision (b) shall be disposed of in the same manner as set forth for firearms in Section 18000, 18005, or 34000.

**30368.** (a) Commencing July 1, 2019, a resident of this state shall not bring or transport into this state any ammunition that he or she purchased from outside of this state unless he or she first has that ammunition delivered to an ammunition vendor in this state for delivery to that resident pursuant to the procedures set forth in Section 30366.

(b) Subdivision (a) does not apply to any of the following bringing or transporting into this state any ammunition:

(1) A firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive.

(2) A person who is on the centralized list of federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A gunsmith as defined in Section 16630.

(4) A wholesaler as defined in Section 17340.

(5) A manufacturer or importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto.

(6) An ammunition vendor.

(7) A person who is licensed as a collector of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, whose licensed premises are within this state, and who has a current certificate of eligibility issued by the Department of Justice pursuant to Section 26710.

(8) Authorized law enforcement representatives of cities, counties, cities and counties, or state or federal governments for exclusive use by those government agencies if, prior to the importation, the person has written authorization from the head of the agency authorizing the acquisition of that ammunition. Proper written authorization is defined as verifiable written certification from the head of the agency, or designee, by which the person is employed, identifying the employee as an individual authorized to acquire and import ammunition, and authorizing the transaction for the exclusive use of the agency by which he or she is employed.

(9) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or properly identified sworn member of a federal law enforcement agency who is authorized to carry a firearm in the course and scope of the officer's duties.

(10) A contract or common carrier or an authorized agent or employee thereof, when acting in conformity with applicable federal law.

(11) A person who purchases the ammunition from an immediate family member, spouse, or registered domestic partner if the person brings or transports into this state no more than 50 rounds.

(12) The executor or administrator of an estate that includes ammunition.

(13) A person that at the time he or she acquired the ammunition was not a resident of this state.

(14) Ammunition that is imported into this country pursuant to provisions of Section 925(a)(4) of Title 18 of the United States Code.

(15) A licensed hunter who purchased the ammunition outside of this state for use in a lawful hunting activity that occurred outside of this state if the person brings or imports no more than 50 rounds into this state and the ammunition is designed and intended for use in the firearm the hunter used in that hunting activity.

51

(16) A person who attended and participated in an organized competitive match or league competition that involves the use of firearms in a match or competition sponsored by, conducted under the auspices of, or approved by, a law enforcement agency or a nationally or state recognized entity that fosters proficiency in, or promotes education about, firearms, and the person brings or imports into this state no more than 50 rounds of ammunition designed and intended to be used in the firearm the person used in the match or competition.

**30369.** (a) Commencing July 1, 2019, a vendor shall not sell or otherwise transfer ownership of any ammunition without, at the time of delivery, legibly recording the following information:

(1) The purchaser's full name.

(2) The purchaser's or transferee's driver's license or other identification number and the state in which it was issued

(3) The date of the sale or other transaction.

(4) The brand, type, and amount of ammunition sold or otherwise transferred.

(5) The name of the salesperson who processed the sale or other transaction.

(6) The purchaser's or transferee's full residential address and telephone number.

(7) The purchaser's or transferee's date of birth.

(b) Commencing July 1, 2019, the vendor shall electronically submit to the department the information required by subdivision (a) in a format and a manner prescribed by the department for all sales or other transfers of ammunition. The department shall retain this information for two years in a database to be known as the Ammunition Purchase Records File for the sole purpose of aiding and assisting local and state law enforcement agencies in an active investigation. The vendor shall not share any of the information required by subdivision (a) for any reason other than for authorized law enforcement purposes. The information in the Ammunition Purchase Records File may be accessed by a state or local law enforcement agency only if the department is provided a case number or other sufficient information as determined by the department that indicates an active investigation and the information sought is for the investigation or prosecution of that case.

(c) In the case that a vendor cannot submit the information required by subdivision (a) electronically via an Internet connection, the department shall provide a telephone line to submit the information if the vendor can demonstrate legitimate geographic and telecommunications limitations to submitting the information electronically, and the department approves the vendor's use of the telephone line.

(d) This section shall not apply to or affect sales or other transfers of ammunition by ammunition vendors to any of the following, if properly identified:

(1) A firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive.

(2) A person who is on the centralized list of federal firearms licensees maintained by the department pursuant to Article 6 (commencing with Section 28450) of Chapter 6 of Division 6.

(3) A gunsmith as defined in Section 16630.

(4) A wholesaler as defined in Section 17340.

(5) A manufacturer or importer of firearms licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6) An ammunition vendor.

(7) An authorized law enforcement representative of a city, county, city and county, or state or federal government, if the sale or other transfer is for exclusive use by that government agency, and, prior to the sale, delivery, or transfer of the ammunition, written authorization from the head of the agency, or designee, authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency, or designee, by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an

52

individual authorized to conduct the transaction, and authorizing the transaction to the exclusive use of the agency by which that individual is employed.

(8) A properly identified sworn peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or properly identified sworn member of a federal law enforcement agency who is authorized to carry a firearm in the course and scope of the officer's duties.

(9) A target facility that holds a business or regulatory license.

(10) A person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises and used on the premises.

(11) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code.

(12) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code.

(13) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code.

(14) A participant at a shooting or hunting event conducted by any of the following:

(A) A commercial hunting club, as defined in Section 3240.5 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(B) A domesticated game bird hunting club, pursuant to Section 3270 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(C) A domesticated migratory game bird shooting club, pursuant to Article 4 (commencing with Section 3300) of Chapter 2 of Part 1 of Division 4 of the Fish and Game Code, provided the ammunition is used and consumed on the licensed premises while engaged in lawful hunting activity.

(15) A nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting and lawful hunting activity.

(16) A participant at a shooting or hunting event conducted by a nonprofit mutual or public benefit corporation organized pursuant to the Corporations Code that engages in recreational shooting or lawful hunting activity provided that the ammunition is used and consumed during the event.

**30370.** A vendor shall not knowingly make a false entry or fail to make a required entry of information in accordance with Section 30369.

**SEC. 15.** Section 30370 is added to the Penal Code, to read:

**30370.** (a) Commencing July 1, 2019, the department shall electronically approve the purchase or transfer of ammunition through a vendor, as defined in Section 16151, except as otherwise specified. This approval shall occur at the time of purchase or transfer, prior to the purchaser or transferee taking possession of the ammunition. Pursuant to the authorization specified in paragraph (1) of subdivision (c) of Section 30352, the following persons are authorized to purchase ammunition:

(1) A purchaser or transferee whose information matches an entry in the Automated Firearms System (AFS) and who is eligible to possess ammunition as specified in subdivision (b).

(2) A purchaser or transferee who has a current certificate of eligibility issued by the department pursuant to Section 26710.

(3) A purchaser or transferee who is not prohibited from purchasing or possessing ammunition in a single ammunition transaction or purchase made pursuant to the procedure developed pursuant to subdivision (c).

(b) To determine if the purchaser or transferee is eligible to purchase or possess ammunition pursuant to paragraph (1) of subdivision (a), the department shall cross-reference the ammunition purchaser's or transferee's name, date of birth, current address, and driver's license or other government identification number, as described in Section 28180, with the information maintained in the AFS. If the purchaser's or transferee's information does not match an AFS entry, the transaction shall be denied. If the purchaser's or transferee's information matches an AFS entry, the

department shall review owner of the purchase or transferee fails within 24 hours of persons who are prohibited from owning or possessing ammunition by cross-referencing with the Prohibited Armed Persons File. If the purchaser or transferee is prohibited from owning or possessing a firearm, the transaction shall be denied.

(c) The department shall develop a procedure in which a person who is not prohibited from purchasing or possessing ammunition may be approved for a single ammunition transaction or purchase. The department shall recover the cost of processing and regulatory and enforcement activities related to this section by charging the ammunition transaction or purchase applicant a fee not to exceed the fee charged for the department's Dealers' Record of Sale (DROS) process, as described in Section 28225 and not to exceed the department's reasonable costs.

(d) A vendor is prohibited from providing a purchaser or transferee ammunition without department approval. If a vendor cannot electronically verify a person's eligibility to purchase or possess ammunition via an Internet connection, the department shall provide a telephone line to verify eligibility. This option is available to ammunition vendors who can demonstrate legitimate geographical and telecommunications limitations in submitting the information electronically and who are approved by the department to use the telephone line verification.

(e) The department shall recover the reasonable cost of regulatory and enforcement activities related to this article by charging ammunition purchasers and transferees a per transaction fee not to exceed one dollar ($1), provided, however, that the fee may be increased at a rate not to exceed any increases in the California Consumer Price Index as compiled and reported by the Department of Industrial Relations, not to exceed the reasonable regulatory and enforcement costs.

(f) A fund to be known as the "Ammunition Safety and Enforcement Special Fund" is hereby created within the State Treasury. All fees received pursuant to this section shall be deposited into the Ammunition Safety and Enforcement Special Fund and, notwithstanding Section 13340 of the Government Code, are continuously appropriated for purposes of implementing, operating, and enforcing the ammunition authorization program provided for in this section and Section 30352 and for repaying the start-up loan provided for in Section 30371.

(g) The Department of Justice is authorized to adopt regulations to implement this section.

**SEC. 16.** Section 30370 of the Penal Code, as proposed to be added by the Safety for All Act of 2016 at the November 8, 2016, statewide general election, is repealed.

**SEC. 17.** No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution for certain costs that may be incurred by a local agency or school district because, in that regard, this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

However, if the Commission on State Mandates determines that this act contains other costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.

**SEC. 18.** The Legislature finds and declares that Section 13 of this act, which adds Section 30369 to the Penal Code, imposes a limitation on the public's right of access to the meetings of public bodies or the writings of public officials and agencies within the meaning of Section 3 of Article I of the California Constitution. Pursuant to that constitutional provision, the Legislature makes the following findings to demonstrate the interest protected by this limitation and the need for protecting that interest:

In order to protect the personal information of ammunition purchasers, it is necessary that this act limit the public's right of access to that information.

**SEC. 19.** (a) Sections 12, 15, and 16 of this act shall only become operative if the Safety for All Act of 2016 is enacted by the voters at the November 8, 2016, statewide general election and becomes effective, in which case Sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14 shall not become operative.

(b) The Legislature finds and declares that the intent expressed in the Safety for All Act of 2016 is to safeguard the ability of law-abiding, responsible Californians to own and use firearms for lawful means while requiring background checks for ammunition purchases in the manner required for firearm purchases so that neither firearms nor ammunition are getting into the hands of dangerous individuals. The Legislature finds and declares that the amendments to the Safety for All Act of 2016 made by Sections 12, 15, and 16 are consistent with and further that

intent. The amendments ensure that only law-abiding, responsible Californians who appear in the Automated Firearms System are able to purchase ammunition for their legally owned firearms while violent felons and the dangerously mentally ill who appear in the Armed Prohibited Persons System are not.

# EXHIBIT 3

# NOTICE OF PROPOSED RULEMAKING
Notice to be published on December 14, 2018

Proposition 63 (The Safety for All Act of 2016) and Senate Bill (SB) 1235 (2016) are newly enacted laws that regulate the sale or transfer of ammunition in California as of July 1, 2019. The Department of Justice (Department) proposes to adopt sections 4300 – 4309, of Title 11, Division 5, Chapter 11, of the California Code of Regulations.  These regulations will explain the process that must be followed to purchase or transfer ammunition, what to do if an attempted purchase or transfer is denied, and will clarify what is needed to be exempt from certain parts of the process.  In brief, these regulations will provide the public and ammunition vendors with directives that will guide both in the ammunition sale and transfer process.

These processes will allow the Department to determine if an individual is lawfully eligible to possess ammunition.

PUBLIC HEARING

The Department will hold two public hearings to receive public comments on the proposed regulatory action.  The hearings will be held at the following dates, times and locations:

January 29, 2019, 10:00 am – 12:00 pm
Ronald Reagan State Building
300 S. Spring Street
Los Angeles, CA 90013


January 31, 2019, 1:00 pm – 3:00 pm
Resources Building Auditorium
1416 9th Street
Sacramento, California

Each location is wheelchair accessible.

At each hearing, any person may present oral or written comments regarding the proposed regulatory action.  The Department requests, but does not require, that persons making oral comments at each hearing also submit a written copy of their testimony.

WRITTEN COMMENT PERIOD

Any interested person or their authorized representative may submit written comments relevant to the proposed regulatory action.  The written comment period closes at 5:00 p.m. on January 31, 2019.  Only comments received by that time will be considered.  Written comments must be submitted to:

Jessie Romine
Bureau of Firearms
Division of Law Enforcement
Department of Justice
P.O. Box 160487
Sacramento, CA 95816-0487
Phone: 916-227-4217
Email: Ammoregs@doj.ca.gov

AUTHORITY AND REFERENCE

Authority:        Sections 30352, and 30370, Penal Code.

Reference:        Sections 16150, 16151, 26710, 28180, 28220, 30300, 30305, 30312, 30314,
                  30342, 30352, 30370, 30385, 30390, and 30395, Penal Code.

INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW

Prior to the passage of Proposition 63 of 2016 (The Safety for All Act) and SB 1235 (2016), the sale or transfer of ammunition was not regulated by existing law.  Penal Code section 30305 had established that an individual who is prohibited from owning or possessing a firearm is also prohibited from owning or possessing ammunition.  Both Proposition 63 and SB 1235 (2016) authorize the Department to complete an ammunition eligibility check or to verify that an individual's Certificate of Eligibility (COE) is valid when the individual purchases or transfers ammunition from or through an ammunition vendor.  Prior to voter approval of The Safety for All Act and the enactment of SB 1235 (2016), the Department had no mechanism to regulate the sale of ammunition, meaning the Department could not stop a prohibited individual from purchasing or receiving ammunition.

The Legislature enacted SB 1235 (2016) and the voters approved The Safety for All Act, delegating the authority to the Department to write regulations to interpret, and make specific certain Penal Code sections regulating the sale and transfer of ammunition.  These regulations are beneficial as they create a process for the Department to make a determination to either approve or reject an ammunition purchase or transfer that is conducted by or processed through an ammunition vendor.  The Department will make a determination to either approve or reject each ammunition purchase or transfer conducted by or processed through an ammunition vendor unless the individual is exempt from the Department's approval pursuant to Penal Code section 30352, subdivision (e).

These regulations explain that an ammunition vendor is responsible for facilitating an ammunition purchase or transfer by submitting the ammunition purchaser's or transferee's personal information to the Department, or by verifying the individual's COE status.

These regulations will benefit the state of California because an individual who is prohibited by either state or federal law to possess ammunition will be unable to obtain Department approval for an ammunition purchase or transfer from or through an ammunition vendor.

California Code of Regulations, Title 11, Division 5, Chapter 11 interprets and details the specifics of these regulations as follows:

Section 4300 specifies the scope of the new chapter, the regulation of an ammunition purchase or transfer from or through an ammunition vendor.  This chapter provides guidance for an individual to purchase or transfer ammunition commencing July 1, 2019.

Section 4301 defines all firearm-related words throughout this new chapter so that the Department and members of the public can apply the same definitions to the firearm-related terminology used in the regulations to understand what the Department requires of them.

Section 4302 establishes the process for an individual to purchase or transfer ammunition as prescribed by Penal Code section 30370, subdivision (b).

Section 4303 establishes the process for one-time ammunition purchases or transfers.

Section 4304 establishes the process for an individual to purchase a firearm and ammunition within the same transaction.

Section 4305 establishes the process for an individual with a COE to purchase or transfer ammunition.

Section 4306 establishes the process for an exempted individual to purchase or transfer ammunition.

Section 4307 establishes the application process for an ammunition vendor to acquire telephonic access to the Department, which will allow the Department to complete an ammunition eligibility check or verify that an individual's COE is valid, as a result of the ammunition vendor being unable to electronically submit information to the Department's DES website.

Section 4308 specifies that the ammunition vendor can only deliver ammunition after the ammunition purchase or transfer is approved.

Section 4309 explains that an ammunition vendor will collect the fee for the ammunition eligibility check or COE verification, from the purchaser or transferee, and transfer the funds to the Department.

<u>ANTICIPATED BENEFITS OF THE PROPOSED REGULATIONS</u>

An ammunition purchase or transfer completed in the state of California must be conducted through an ammunition vendor unless otherwise exempted.  Prior to the sale or transfer, an ammunition vendor will initiate an eligibility check to ensure the purchaser or transferee is not prohibited from possessing ammunition.  These proposed regulations will benefit public safety because they create a process which will ensure an individual prohibited by either state or federal law from possessing ammunition will be unable to purchase or transfer ammunition.

Page **3** of **8**

These regulations will explain the process that must be followed to purchase or transfer ammunition, what to do if an attempted purchase or transfer is denied, and will clarify what is needed to be exempt from certain parts of the process.  In brief, these regulations will provide the public and ammunition vendors with directives that will guide both in the ammunition sale and transfer process.

EVALUATION OF INCONSISTENCY/INCOMPATIBILITY WITH EXISTING STATE REGULATIONS

Pursuant to Government Code section 11346.5, subdivision (a)(3)(D), the Department shall evaluate whether the proposed regulation is inconsistent or incompatible with existing state regulations. Pursuant to this evaluation, the Department has reviewed existing regulations pertaining to firearms within California Code of Regulations ("CCR") Title 11, Division 5, and determined that these proposed regulations are not inconsistent or incompatible.  This determination is based on the fact that the proposed regulations clarify and provide further detail for existing Penal Code sections.

COMPARABLE FEDERAL REGULATIONS

The proposed regulations are not mandated by federal statute or regulation.

INCORPORATED BY REFERENCE

The following form is Incorporated by Reference: Application for Telephonic Vendor Approval, BOF 1020 (Orig. 05/2018)

DISCLOSURES REGARDING THE PROPOSED ACTION

The Department has made the following initial determinations:

Mandate on local agencies or school districts: None.

Cost or savings to any state agency: None.

Cost to any local agency or school district which shall be reimbursed in accordance with Government Code sections 17500 through 17630: None.

Other nondiscretionary cost or savings imposed on local agencies: None.

Cost or savings in federal funding to the state: None.

Significant effect on housing costs: None.

Business report requirement: None.

Significant, statewide adverse economic impact directly affecting business, including the ability of California businesses to compete with businesses in other states: None.

RESULTS OF THE ECONOMIC IMPACT ASSESSMENT/ANALYSIS

Assessment regarding effect on jobs/businesses: Adoption of the proposed regulation will create permanent jobs within the Department.  Adoption of the proposed regulations will not:

(1) Create or eliminate jobs within California, with the exception of the Department's permanent positions needed to conduct tasks associated with ammunition eligibility checks and COE verifications;
(2) Create new businesses or eliminate existing businesses within California; or
(3) Affect the expansion of businesses currently doing business within California.

The Department has made the determination on items (1) through (3) based on the fact that the fee for an ammunition eligibility check or the COE verification process is minimal and will not deter an individual from purchasing or transferring ammunition in California.  Therefore, an individual will still purchase or transfer ammunition from an ammunition vendor, and an ammunition vendor will not be losing business from these regulations.

The Department has also made this determination after considering implied costs to ammunition vendors and ammunition purchasers for the processing time of a Standard Ammunition Eligibility Check.  The Department estimates that it will take approximately two minutes for a Standard Ammunition Eligibility Check to be processed, so the implied  costs for an ammunition vendor can be derived from taking the two-minute processing time and multiplying it by the 13 million transactions while valuing ammunition vendor staff and ammunition purchaser time at $11 per hour.  In total, the annual implied cost that comes from the Department's processing time for these transactions is $9,533,334, and this cost independently applies to ammunition vendors ($4,766,667) and ammunition purchasers ($4,766,667).  Although ammunition vendors and ammunition purchasers have implied costs attributed to the time it takes to process a transaction, ammunition vendors have the ability to process multiple transactions simultaneously and ammunition purchasers are still able to shop and be productive while waiting for their transaction to be processed.  Therefore, the Department's processing time for the Standard Ammunition Eligibility Check will not be burdensome for ammunition vendors nor restrict ammunition purchasers in their leisurely activity of shopping.

(4) Benefits of the Proposed Regulations: These proposed regulations are beneficial to the health and welfare of California's residents because they create a process which will ensure an individual prohibited by either state or federal law to possess ammunition will be unable to purchase or transfer ammunition.  An ammunition purchase or transfer completed in California must be conducted by or processed through an ammunition vendor unless otherwise exempted.  An ammunition vendor is required to submit an ammunition purchaser's or transferee's personal information directly to the Department, to allow the Department to complete an ammunition eligibility check or verify that the individual has a valid COE prior to approving an ammunition purchase or transfer.  Furthermore, these regulations will benefit the welfare of California residents because the Department shall only approve an ammunition purchase or transfer for an

individual who is not prohibited by either state or federal law from possessing ammunition. These regulations minimize the likelihood of a dangerous prohibited individual taking possession of ammunition.

Cost impacts on a Private Person or Business:

The Department has determined that the cost to a private individual would be either the $1.00 fee for the Department's Standard Ammunition Eligibility Check, the $1.00 fee for the Department to verify that a COE is valid, or the $19.00 fee for the Department's Basic Ammunition Eligibility Check. The actual cost to the individual depends on the number of times an individual attempts to purchase or transfer ammunition. The Department is unable to determine how many times an individual will attempt to purchase or transfer ammunition. As mentioned above, ammunition purchasers and ammunition vendors will have an annual implied cost of $4,766,667 each that comes from the Department's processing time for a Standard Ammunition Eligibility Check.

The Department determines that these regulations will not have a significant impact on the creation or elimination of private sector jobs within the state of California. The estimated impact on businesses considers the implied costs that stem from the processing time for a Standard Ammunition Eligibility Check. The processing time for a Standard Ammunition Eligibility Check does not limit the amount of ammunition transactions that an ammunition vendor can initiate, and therefore, ammunition vendors will not lose business as a result.

Small business determination: The Department has determined that the proposed regulation will not affect the creation or elimination of businesses because the effects from these regulations will be minimal. The estimated impact on small businesses considers the implied costs that come from the processing time for a Standard Ammunition Eligibility Check. The processing time for a Standard Ammunition Eligibility Check does not limit the amount of ammunition transactions that an ammunition vendor that is a small business can initiate, and therefore, these ammunition vendors will not lose business as a result.

<u>CONSIDERATION OF ALTERNATIVES</u>

In accordance with Government Code section 11346.5, subdivision (a)(13), the Department must determine that no reasonable alternative it considered or that has otherwise been identified and brought to the attention of the Department would be more effective in carrying out the purpose for which the action is proposed or would be as effective and less burdensome to affected private persons than the proposed action or would be more cost-effective to affected private persons and equally effective in implementing the statutory policy or other provision of law. Any person interested in presenting statements or arguments with respect to alternatives to the proposed regulations may do so at the scheduled hearing or during the written comment period.

<u>CONTACT PERSONS</u>

Please direct inquiries concerning the proposed administrative action to:

Jessie Romine
Bureau of Firearms
Division of Law Enforcement
Department of Justice
P.O. Box 160487
Sacramento, CA 95816-0487
Phone: (916) 227-4217
Email: Ammoregs@doj.ca.gov

The back-up contact person for these inquiries is:

Kelan Lowney
Bureau of Firearms
Division of Law Enforcement
Department of Justice
P.O. Box 160487
Sacramento, CA 95816-0487
Phone: (916) 227-7614
Email: Ammoregs@doj.ca.gov

## AVAILABILITY OF RULEMAKING FILE INCLUDING THE INITIAL STATEMENT OF REASONS

The Department will have the entire rulemaking file available for inspection and copying throughout the rulemaking process.  The text of the proposed regulation (the "express terms"), the initial statement of reasons, and the information upon which the proposed rulemaking is based are available at the Department's website at http://oag.ca.gov/firearms/regs. Copies may also be obtained by contacting Jessie Romine.

## AVAILABILITY OF CHANGED OR MODIFIED TEXT

After considering all timely and relevant comments received, the Department may adopt the proposed regulations substantially as described in this notice.  If the Department makes modifications, which are sufficiently related to the originally proposed text, it will make the modified text (with the changes clearly indicated) available to the public for at least 15 days and accept written comments before the Department adopts the regulations. Copies of any modified text will be available on the Department's website at http://oag.ca.gov/firearms/regs. A written copy of any modified text may be obtained by contacting Jessie Romine.

## AVAILABILITY OF FINAL STATEMENT OF REASONS

Upon completion, the final statement of reasons will be available on the Department's website at http://oag.ca.gov/firearms/regs. You may also obtain a written copy of the final statement of reasons by contacting Jessie Romine.

AVAILABILITY OF DOCUMENTS ON THE INTERNET

Copies of the Notice of Proposed Action, the Initial Statement of Reasons, and the text of the regulation in underline and strikeout format, as well as the Final Statement of Reasons once completed, are available on the Department's website at http://oag.ca.gov/firearms/regs.

# EXHIBIT 4

# INITIAL STATEMENT OF REASONS

PROBLEM STATEMENT

Proposition 63 (The Safety for All Act of 2016) and Senate Bill 1235 (2016) are newly enacted laws that regulate the sale or transfer of ammunition in California.  Proposition 63, section 2, paragraphs 6 and 7 state:

"6. We know background checks work. Federal background checks have already prevented more than 2.4 million gun sales to convicted criminals and other illegal purchasers in America.  In 2012 alone, background checks blocked 192,043 sales of firearms to illegal purchasers including 82,000 attempted purchases by felons. That means background checks stopped roughly 225 felons from buying firearms every day. Yet California law only requires background checks for people who purchase firearms, not for people who purchase ammunition. We should close that loophole.

7.  Right now, any violent felon or dangerously mentally ill person can walk into a sporting goods store or gun shop in California and buy ammunition, no questions asked. That should change. We should require background checks for ammunition sales just like gun sales, and stop both from getting into the hands of dangerous individuals."

Proposition 63 and Senate Bill 1235 (2016) authorize the Department of Justice (Department) to adopt these regulations to interpret, and make specific the Penal Code sections that implement a background check for the purchase and transfer of ammunition.

ANTICIPATED BENEFITS

These regulations will benefit public safety by various means, including regulating the sale of ammunition to prevent the acquisition by convicted felons, the dangerously mentally ill and other persons who are prohibited from possessing firearms and ammunition.

These regulations will explain the process that must be followed to purchase or transfer ammunition, or what to do if an attempted purchase or transfer is denied, and will clarify what is needed to be exempt from Department approval to purchase or transfer ammunition.  In brief, these regulations will provide the public and ammunition vendors with the directives that will guide both in the ammunition sale and transfer process.

PURPOSE & NECESSITY

**§ 4300. Title and Scope.**

This regulation identifies the scope of the new chapter - Chapter 11, "The Department of Justice Regulations for Ammunition Purchases or Transfers."  This regulation is necessary to identify the title and explain the scope of the regulations.

**§ 4301. Definition of Key Terms.**

Subdivisions (a) through (p) of this regulation define firearm-related words used throughout this chapter.  This section is necessary because it clarifies commonly used firearm-related terms.  The Department and members of the public can apply the same definitions to the firearm-related terminology used in this chapter; therefore, it will help to eliminate any misunderstandings between the Department and the public.

**§ 4302. Standard Ammunition Eligibility Check.**

This section establishes the fee for conducting a Standard Ammunition Eligibility Check and explains the process for an individual to purchase or transfer ammunition pursuant to Penal Code section 30370, subdivision (b).

Subdivision (a) establishes the fee for a Standard Ammunition Eligibility Check as $1.00.  The fees collected from the Standard Ammunition Eligibility Check will be used to repay the loan for start up costs including consultant and payment processing contract fees, software and hardware purchases, and personnel.  (See Penal Code section 30371.)  The fees also will provide for ongoing system maintenance (including recordkeeping and storage), and salaries of the 73 permanent employees.  The Department will repay the loan on an ongoing basis as revenues from the Standard Ammunition Eligibility Check are collected.  This subdivision is necessary to specify the fee assessed pursuant to Penal Code section 30370, subdivision (e) and to recover the total cost of implementation.

Subdivision (b) specifies the personal information that is to be collected from the purchaser or transferee, and outlines the submission process.  This subdivision is necessary because an ammunition vendor needs to know what personal information to collect and submit in order for the Department to complete a Standard Ammunition Eligibility Check.

Subdivisions (c) through (d) specify that the Department shall approve or reject an ammunition purchase or transfer and outlines the process if a purchase or transfer is rejected.  These subdivisions are necessary to explain that the Department will approve or reject ammunition purchases or transfers and provides the purchaser or transferee with the ability to understand why their transaction was rejected.

**§ 4303. One-Time Ammunition Transactions.**

This regulation establishes the process for one-time ammunition purchases or transfers.  This regulation is necessary because an individual may have to request to undergo a Basic Ammunition Eligibility Check from the Department for a one-time ammunition purchase or transfer.

Subdivision (a) establishes the fee for a Basic Ammunition Eligibility Check as $19.00.  The $19.00 fee allows the Department to recover the cost of processing the Basic Ammunition Eligibility Check, and is consistent with the fee paid for a firearms eligibility check.  The Basic Ammunition Eligibility Check is essentially the same background check as a firearms eligibility

check.  This subdivision is necessary to specify what the purchaser or transferee will need to pay for a Basic Ammunition Eligibility Check, as authorized by Penal Code section 30370, subdivision (c).

Subdivision (b) specifies the information an ammunition vendor must collect and submit into the Dealer Record of Sale Entry System (DES) website. This subdivision is necessary because an ammunition vendor needs to know what personal information to collect and submit in order for the Department to complete a Basic Ammunition Eligibility Check.

Subdivision (c) establishes that an ammunition vendor will provide the purchaser or transferee with an Ammunition Transaction Number (ATN), which may be used to check the status of the Basic Ammunition Eligibility Check on the Department's California Firearms Application Reporting System (CFARS) website.  This subdivision is necessary to inform an individual how to use an ATN to obtain the status for the Basic Ammunition Eligibility Check from the Department.

Subdivisions (c)(1) through (2) establish that an approved Basic Ammunition Eligibility Check can be used for one ammunition purchase or transfer, and expires 30 days after issuance, and if a Basic Ammunition Eligibility Check is denied, the Department will provide the reason for the denial via U.S. Mail.  These subdivisions are necessary to explain the limitations of a Basic Ammunition Eligibility Check, and its expiration period, and to explain the denial notification process.

Subdivision (d) explains that upon completion of the Basic Ammunition Eligibility Check, the transaction status will be updated in DES.  This subdivision is necessary because the DES transaction status change is an indication to the ammunition vendor that the Department has completed the Basic Ammunition Eligibility Check, and upon approval, the ammunition vendor may then proceed with the ammunition sale or transfer.

### § 4304. Firearms Eligibility Check.

As authorized pursuant to Penal Code section 30352, subdivision (c), an individual that has been approved to purchase or transfer a firearm shall also be approved to purchase or transfer ammunition within the same transaction.  This regulation establishes the process for an individual to purchase or transfer one or more firearms and ammunition in the same transaction.

Subdivision (a) explains that, except as provided in subdivision (b), an individual purchasing or transferring one or more firearms and ammunition within the same transaction shall only pay the fee prescribed by the California Code of Regulations, Title 11, section 4001, for a firearms eligibility check.  This subdivision is necessary because both the firearms dealer and the individual need to understand the fee to be collected when one or more firearms and ammunition are purchased or transferred in the same transaction.

Subdivision (b) specifies two scenarios when a California resident may receive ammunition prior to the completion of the firearms eligibility check.  Purchasers may take possession of the ammunition if they pay the $1.00 fee for either the Standard Ammunition Eligibility Check or

the Certificate of Eligibility (COE) verification process, and are approved by the Department. This subdivision is necessary to explain to a firearms dealer that when ammunition is purchased or transferred within the same transaction as a firearm, ammunition can only be delivered prior to the firearms eligibility check if the individual has been approved following the completion of either the Standard Ammunition Eligibility Check or the COE verification.

## § 4305. COE Verification Process.

This regulation explains the process for the Department to process a COE holder's ammunition purchase or transfer. Pursuant to Penal Code section 30370, subdivision (a), the Department has the authority to process a COE holder's ammunition purchase or transfer. This regulation is necessary to establish a process for a COE holder to be approved by the Department to purchase or transfer ammunition.

Subdivision (a) establishes the fee for a COE verification as $1.00. The fees collected from the COE verification will contribute toward start up costs and ongoing system maintenance, including employee salaries. This subdivision is necessary to specify the fee for a COE verification.

Subdivision (b) specifies what information the ammunition vendor will collect from the COE holder for the Department to verify the status of his or her COE in order to approve a purchase or transfer of ammunition. The ammunition vendor is required to submit the COE holder's personal information along with the COE number to the DES website. This subdivision is necessary to explain to an ammunition vendor how to process a COE holder's purchase or transfer.

Subdivision (c) specifies that the Department will approve or reject a COE holder's ammunition purchase or transfer and inform the ammunition vendor of the determination. If the Department determines the individual has a valid COE, the ammunition purchase or transfer shall be approved, but if the Department determines the individual's COE is not valid, the Department shall reject the ammunition purchase or transfer. This subdivision is necessary to ensure the ammunition vendor understands the Department must approve or reject the ammunition purchase or transfer.

## § 4306. Ammunition Purchases or Transfers for Exempted Individuals.

Subdivisions (a)(1) through (5) specify the types of identification that will identify an individual who is exempt from Department approval to purchase or transfer ammunition. These subdivisions are necessary because an ammunition vendor will need to verify exempted individuals' identities before processing an ammunition purchase or transfer without Department approval.

Subdivision (b) specifies that an ammunition vendor shall keep copies of the identification that identify sworn state or local peace officers or federal law enforcement officers and the original verifiable written certification from the head of the agency, and these records are to be made available to the Department upon request. Pursuant to Penal Code section 30352, subdivision

(e)(8)(iii), an ammunition vendor is required to keep the certification with the record of sale for ammunition transactions processed for sworn state or local peace officers or federal law enforcement officers.  This subdivision is necessary to explain how this information must be recorded and reported to the Department.

Subdivision (c) clarifies that once an ammunition vendor has verified that an individual is exempt from Department approval for an ammunition purchase or transfer, the ammunition vendor may provide possession of the ammunition to the exempt individual.  This subdivision is necessary because the ammunition vendor can only provide ammunition to an individual after it has verified that individual is exempt from the Department's ammunition eligibility check or the COE verification process.

### § 4307. Telephonic Access for Ammunition Vendors.

This regulation explains the process for an ammunition vendor to obtain telephonic access to the Department for the purposes of processing the sale or transfer of ammunition, which will allow the Department to manually determine if an individual can possess ammunition.  If the ammunition vendor is able to demonstrate it does not have access to Internet service, the ammunition vendor will be able to obtain telephonic access to the Department.  This regulation is necessary because an ammunition vendor needs a mechanism to apply for telephonic access to the Department, and the Department is required to process each ammunition purchase or transfer that is conducted by or processed through an ammunition vendor on a telephone line.  Telephonic access for an ammunition vendor will allow the Department to manually verify that an individual is eligible to possess ammunition following the completion of a Standard Ammunition Eligibility Check, Basic Ammunition Eligibility Check, or the COE verification process.

Subdivisions (a) and (b) explain what document(s) an ammunition vendor can submit to prove that the service provider in their area does not offer Internet service at the ammunition vendor's place of business.  This document is required to be mailed with the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018) to apply for telephonic access to the Department.  This subdivision is necessary because an ammunition vendor needs to understand the requirement to show it needs telephonic access because it cannot obtain Internet access.  Telephonic access is the only mechanism for an ammunition vendor to submit an ammunition purchaser's or transferee's personal information to the Department when it does not have Internet service.

Penal Code section 30370 provides that it is important that this form be signed under penalty of perjury because the vendor is attempting to utilize a service the Legislature has made available only under specified conditions.  By signing under penalty of perjury, the vendor confirms for the Department that it is aware of the restrictions and meets them.

Subdivision (c) clarifies that the Department shall either approve or deny the ammunition vendor's application for telephonic access.  This subdivision is necessary because the Department shall approve telephonic access before an ammunition vendor can utilize the

Department's telephone line to submit an ammunition purchaser's or transferee's personal information to the Department.

### § 4308. Delivery of Ammunition Following DES Submission.

Subdivision (a) specifies that when the Department approves an ammunition purchase or transfer, the DES transaction record will change from "Pending" to "Approved." The DES transaction record indicates the Department's determination for the ammunition purchase or transfer. This subdivision is necessary because the ammunition vendor can only deliver ammunition to a purchaser or transferee if the DES transaction record shows as "Approved." Subdivision (b) specifies that ammunition may only be delivered if the status of the DES transaction record is approved. This subdivision is necessary to let ammunition vendors know when ammunition can be delivered to a purchaser or transferee.

Subdivision (c) requires that when an ammunition vendor delivers ammunition to a purchaser or transferee, the ammunition vendor shall submit the ammunition sale information to the Department. This subdivision is necessary because this records the ammunition transaction information as required pursuant to Penal Code section 30352, subdivision (b).

### § 4309. Billing, Payment, and Suspension for Non-Payment.

Subdivision (a) explains how an ammunition vendor is billed by the Department for the completion of ammunition eligibility checks and COE verifications. This subdivision is necessary because the ammunition vendor is required to collect fees for ammunition eligibility checks and COE verifications and these fees need to be paid to the Department.

Subdivision (b) specifies that an ammunition vendor shall pay the Department via a major credit card or debit card, and that this payment is due within 30-days of the billing statement date. This subdivision is necessary, so the ammunition vendor can both understand how to pay the bill and when specifically the bill is due.

Subdivision (c) explains that if the ammunition vendor does not pay the bill for the ammunition eligibility check and COE verification activity to the Department, the ammunition vendor's access to DES will be suspended until full payment for the past due amount is received. This subdivision is necessary because it explains the consequence for not paying this bill to the Department. If the ammunition vendor does not pay this bill to the Department, the ammunition vendor will be unable to facilitate an ammunition eligibility check or COE verification because the Department will suspend its access to DES.

Subdivision (d) clarifies that when an ammunition vendor's access to DES is suspended, the ammunition vendor will be unable to process or conduct an ammunition purchase or transfer for an individual that needs to undergo an ammunition eligibility check or COE verification. While an ammunition vendor's access to DES is suspended, the ammunition vendor shall still maintain its status as an ammunition vendor licensee. This subdivision is necessary to explain that if an ammunition vendor loses access to DES, its ammunition vendor license status will not be affected.

AUTHORITY AND REFERENCE

Authority:        Sections 30352, and 30370, Penal Code.

Reference:        Sections 16150, 16151, 26710, 28180, 28220, 30300, 30305, 30312, 30314, 30342,

                  30352, 30370, 30385, 30390, and 30395, Penal Code.

TECHNICAL, THEORETICAL, AND/OR EMPIRICAL STUDY, REPORTS, OR
DOCUMENTS

Department staff relied upon their experience, expertise, and the following sources when writing
these proposed regulations:

Popken, Ben, Consumer News and Business Channel, "America's Gun Business, By the
        Numbers" https://www.cnbc.com/2015/10/02/americas-gun-business-by-the-numbers.html,
        published on October 2, 2015.

Henderson, Peter and Daniel Trotta, Reuters, "What's missing in U.S. gun control scramble?
        Bullets" https://www.reuters.com/article/us-usa-guns-ammunition/whats-missing-in-u-s-gun-
        control-scramble-bullets-idUSBRE90J02K20130120, published on January 20, 2013.

ECONOMIC IMPACT ASSESSMENT/ANALYSIS

Purpose

The Department proposes to adopt California Code of Regulations Title 11, sections 4300
through 4309 to interpret, and make specific the Penal Code sections that implement an
eligibility check for the purchase and transfer of ammunition.

The Department estimates there will be approximately 13 million ammunition purchases or
transfers conducted each year with a Standard Ammunition Eligibility Check.  This calculation
was based on the fact that in 2014, California residents accounted for just 931,037 firearms
background checks, which is just 4.44 percent of the 20,968,273 firearms background checks
that were completed nationally in the United States.[1]  Additionally, U.S. residents purchase
around 12 billion rounds annually.[2]  If this rate of firearm background checks is an indicator of
approximate overall gun ownership, and in turn ammunition usage, then this equates to
approximately 13.2 million boxes of ammunition per year.  For this calculation, the Department
has assumed that 4.44 percent of 12 billion is 528 million, and 528 million divided by 40 (40
being the amount of rounds in each box ammunition) ultimately totals approximately 13.2
million boxes of ammunition purchased by California residents each year.

---

[1] Ben Popken, "America's Gun Business, By The Numbers," Consumer News and Business Channel (CNBC),
published October 2, 2015, https://www.cnbc.com/2015/10/02/americas-gun-business-by-the-numbers.html.
[2] Peter Henderson and Daniel Trotta, "What's missing in the U.S. gun control scramble? Bullets," Reuters,
published on January 20, 2013, https://www.reuters.com/article/us-usa-guns-ammunition/whats-missing-in-u-s-gun-
control-scramble-bullets-idUSBRE90J02K20130120.

The Department translated the 13.2 million boxes of ammunition to the estimated 13 million ammunition transactions (conducted with a Standard Ammunition Eligibility Check) after careful consideration of mitigating factors which include ammunition purchased at the same time of a firearm, multiple boxes of ammunition purchased in the same transaction, and individuals transitioning to reloading their own ammunition.

Private Sector

The Department determines that these regulations will not have a significant impact on the creation or elimination of private sector jobs within the state of California.  The estimated impact on businesses stems from the implied cost for ammunition vendors to process ammunition transactions.  The Department estimates that it will take approximately two minutes to process a Standard Ammunition Eligibility Check, so the implied costs for an ammunition vendor can be derived from taking the approximate two-minute processing time and multiplying it by the estimated 13 million transactions, while valuing ammunition vendor staff time at $11 per hour. In total, the annual direct cost for ammunition vendors to process these transactions is $4,766,667.  Ammunition purchasers will also have the same annual implied cost of $4,766,667 since they have to wait for the transaction to be processed and their time is valued at $11 per hour.  An ammunition vendor can initiate a Standard Ammunition Eligibility Check, and even when the Department is processing the transaction, the ammunition vendor can still initiate additional ammunition transactions while ammunition purchasers continue to shop and likely purchase other items.

The Department has determined that these regulations will not have a significant impact on the creation of new businesses or elimination of businesses within California or affect the expansion of businesses currently doing business in California because the effects of these regulations will be minimal.  The costs for a business to comply with these regulations are minimal because although it takes time for the Department to process an ammunition eligibility check, ammunition purchasers will be shopping for other products in the store, allowing the ammunition vendor to sell more items to the public.

Public Sector

The Department determines that these regulations will not have a significant impact on the creation or elimination of public sector jobs within the state of California.  The Department anticipates hiring personnel to develop the systems and manage ongoing ammunition sales and transfers.  The revenue to pay for these employees is derived from the following fees. The Department is authorized to charge a $1.00 fee for a Standard Ammunition Eligibility Check, a $19.00 fee for a Basic Ammunition Eligibility Check, and a $1.00 fee for the verification of a COE.  The Department expects to collect $13 million per year in revenue from the Standard Ammunition Eligibility Check and COE verification process (based on 13 million ammunition transactions per year).  The Department expects to collect $950,000 per year from the Basic Ammunition Eligibility Check (based on approximately 50,000 Basic Ammunition Eligibility Checks conducted per year).  From this revenue, the Department will repay a $25 million loan to the General Fund used for the start-up costs (that include consultant and payment processing contracts, software and hardware purchases, and personnel) of the implementation of

Penal Code sections 30352 and 30370, and ongoing employee salaries, system maintenance, and payment processing contracts.

The Department has made these determinations based on the fact that the fee for an ammunition eligibility check or the COE verification process is minimal and will not deter an individual from purchasing or transferring ammunition in California.  Therefore, an individual will still purchase or transfer ammunition from an ammunition vendor, and an ammunition vendor will not be losing business from these regulations.

The proposed regulations are beneficial to the health and welfare of California's residents because they create a process which will ensure an individual prohibited by either state or federal law to possess ammunition will be unable to purchase or transfer ammunition.  An ammunition purchase or transfer completed in California must be conducted by or processed through an ammunition vendor unless otherwise exempted.  An ammunition vendor is required to submit an ammunition purchaser's or transferee's personal information directly to the Department, so the Department can complete an ammunition eligibility check or verify that the individual has a valid COE prior to approving an ammunition purchase or transfer to take place.  Furthermore, these regulations will benefit the welfare of California residents because the Department shall only approve an ammunition purchase or transfer for an individual who is not prohibited by either state or federal law to possess ammunition.  These regulations minimize the likelihood of a dangerous prohibited individual taking possession of ammunition.

EVIDENCE SUPPORTING FINDING OF NO SIGNIFICANT STATEWIDE ADVERSE ECONOMIC IMPACT DIRECTLY AFFECTING BUSINESS

The primary evidence supporting the Department's determination that these regulations will not result in adverse economic impact directly affecting business is that despite there being direct and implied costs to ammunition vendors and ammunition purchasers for the time it takes the Department to process a Standard Ammunition Eligibility Check, there is no evidence that these regulations will deter ammunition sales or be a significant burden to ammunition purchasers. Ammunition purchases are considered a leisurely activity, and oftentimes done while out shopping for other items or browsing for future purchases, which is beneficial to both parties.

REASONABLE ALTERNATIVES TO THE REGULATION AND THE AGENCY'S REASONS FOR REJECTING THOSE ALTERNATIVES

No other reasonable alternatives were presented to, or considered by, the Department that would be either more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome.

REASONABLE ALTERNATIVES TO THE PROPOSED REGULATORY ACTION THAT WOULD LESSEN ANY ADVERSE IMPACT ON SMALL BUSINESSES, AND THE AGENCY'S REASONS FOR REJECTING THEM

No other reasonable alternatives were presented to, or considered by, the Department that would be either more effective in carrying out the purpose for which the action is proposed, or would be

as effective and less burdensome.

<u>DUPLICATION OR CONFLICT WITH FEDERAL REGULATIONS</u>

The proposed regulations are not mandated by federal law or regulations.

# EXHIBIT 5

ECONOMIC AND FISCAL IMPACT STATEMENT
(REGULATIONS AND ORDERS)
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT

| DEPARTMENT NAME | CONTACT PERSON | EMAIL ADDRESS | TELEPHONE NUMBER |
|---|---|---|---|
| Justice | Jessie Romine | Ammoregs@doj.ca.gov | 916-227-4217 |

| DESCRIPTIVE TITLE FROM NOTICE REGISTER OR FORM 400 | NOTICE FILE NUMBER |
|---|---|
| Ammunition Purchases or Transfers | Z |

**A. ESTIMATED PRIVATE SECTOR COST IMPACTS** *Include calculations and assumptions in the rulemaking record.*

1. Check the appropriate box(es) below to indicate whether this regulation:

- [x] a. Impacts business and/or employees
- [x] b. Impacts small businesses
- [ ] c. Impacts jobs or occupations
- [ ] d. Impacts California competitiveness
- [ ] e. Imposes reporting requirements
- [ ] f. Imposes prescriptive instead of performance
- [x] g. Impacts individuals
- [ ] h. None of the above (Explain below):

*If any box in Items 1 a through g is checked, complete this Economic Impact Statement.*
*If box in Item 1.h. is checked, complete the Fiscal Impact Statement as appropriate.*

2. The ___Department of Justice___ estimates that the economic impact of this regulation (which includes the fiscal impact) is:
   (Agency/Department)

- [ ] Below $10 million
- [ ] Between $10 and $25 million
- [x] Between $25 and $50 million
- [ ] Over $50 million *[If the economic impact is over $50 million, agencies are required to submit a Standardized Regulatory Impact Assessment as specified in Government Code Section 11346.3(c)]*

3. Enter the total number of businesses impacted: ___Approx. 2600___

   Describe the types of businesses (Include nonprofits): Firearms dealers and businesses that sell ammunition to the public.

   Enter the number or percentage of total businesses impacted that are small businesses: ___Approx. 60 %___

4. Enter the number of businesses that will be created: ___N/A___ eliminated: ___N/A___

   Explain: These regulations only apply to the sale or transfer of ammunition.

5. Indicate the geographic extent of impacts: [x] Statewide
   [ ] Local or regional (List areas): _____

6. Enter the number of jobs created: 0 ___ and eliminated: 0 ___

   Describe the types of jobs or occupations impacted: Individuals that own or operate an ammunition vendor business within the state of California.

7. Will the regulation affect the ability of California businesses to compete with other states by making it more costly to produce goods or services here?   [ ] YES   [x] NO

   If YES, explain briefly: _____

**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

**B. ESTIMATED COSTS**  *Include calculations and assumptions in the rulemaking record.*

1. What are the total statewide dollar costs that businesses and individuals may incur to comply with this regulation over its lifetime? $ Undetermined

    a. Initial costs for a small business:  $ Unknown          Annual ongoing costs: $ Unknown          Years: N/A

    b. Initial costs for a typical business: $ Unknown          Annual ongoing costs: $ Unknown          Years: N/A

    c. Initial costs for an individual:    $1.00 to $19.00          Annual ongoing costs: $ 1.00 to $19.00          Years: N/A

    d. Describe other economic costs that may occur:  See Attachment - A.

2. If multiple industries are impacted, enter the share of total costs for each industry: N/A

3. If the regulation imposes reporting requirements, enter the annual costs a typical business may incur to comply with these requirements. *Include the dollar costs to do programming, record keeping, reporting, and other paperwork, whether or not the paperwork must be submitted.*  $ N/A

4. Will this regulation directly impact housing costs?  ☐ YES    ☒ NO

    If YES, enter the annual dollar cost per housing unit:  $ _____

    Number of units: _____

5. Are there comparable Federal regulations?    ☐ YES    ☒ NO

    Explain the need for State regulation given the existence or absence of Federal regulations:  The proposed regulations are necessary to allow the Department to authorize an individual to purchase or transfer ammunition as authorized by Penal Code section 30370.

    Enter any additional costs to businesses and/or individuals that may be due to State - Federal differences: $ N/A

**C. ESTIMATED BENEFITS**  *Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. Briefly summarize the benefits of the regulation, which may include among others, the health and welfare of California residents, worker safety and the State's environment:  These regulations will increase public safety throughout the state of California by preventing convicted felons, the dangerously mentally ill, and other prohibited persons from acquiring ammunition.

2. Are the benefits the result of: ☒ specific statutory requirements, or  ☐ goals developed by the agency based on broad statutory authority?

    Explain: Pursuant to Penal Code sections 30352 and 30370, the DOJ is authorized to establish regulations.

3. What are the total statewide benefits from this regulation over its lifetime?  $ Undetermined

4. Briefly describe any expansion of businesses currently doing business within the State of California that would result from this regulation: N/A

**D. ALTERNATIVES TO THE REGULATION**  *Include calculations and assumptions in the rulemaking record. Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. List alternatives considered and describe them below. If no alternatives were considered, explain why not:  No alternatives were considered because pursuant to Penal Code section 30370, subdivision (c) and (e), the Department is statutorily mandated to collect a reasonable fee to cover the cost of regulatory and enforcement activities.

78

ECONOMIC AND FISCAL IMPACT STATEMENT
(REGULATIONS AND ORDERS)
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

2. Summarize the total statewide costs and benefits from this regulation and each alternative considered:

Regulation:    Benefit: $ <u>Unquantifiable</u>    Cost: $ <u>Undetermined</u>

Alternative 1:    Benefit: $ <u>N/A</u>    Cost: $ <u>N/A</u>

Alternative 2:    Benefit: $ <u>N/A</u>    Cost: $ <u>N/A</u>

3. Briefly discuss any quantification issues that are relevant to a comparison
   of estimated costs and benefits for this regulation or alternatives:    N/A

4. Rulemaking law requires agencies to consider performance standards as an alternative, if a
   regulation mandates the use of specific technologies or equipment, or prescribes specific
   actions or procedures. Were performance standards considered to lower compliance costs?    ☐ YES    ☒ NO

   Explain: The proposed regulations do not mandate the use of specific technologies or equipment, or prescribe specific
   actions or procedures.

---

**E. MAJOR REGULATIONS**  *Include calculations and assumptions in the rulemaking record.*

*California Environmental Protection Agency (Cal/EPA) boards, offices and departments are required to
submit the following (per Health and Safety Code section 57005). Otherwise, skip to E4.*

1. Will the estimated costs of this regulation to California business enterprises **exceed $10 million**?    ☐ YES    ☒ NO

*If YES, complete E2. and E3*
*If NO, skip to E4*

2. Briefly describe each alternative, or combination of alternatives, for which a cost-effectiveness analysis was performed:

Alternative 1: _____

Alternative 2: _____

*(Attach additional pages for other alternatives)*

3. For the regulation, and each alternative just described, enter the estimated total cost and overall cost-effectiveness ratio:

Regulation:    Total Cost $ _____    Cost-effectiveness ratio: $ _____

Alternative 1: Total Cost $ _____    Cost-effectiveness ratio: $ _____

Alternative 2: Total Cost $ _____    Cost-effectiveness ratio: $ _____

4. Will the regulation subject to OAL review have an estimated economic impact to business enterprises and individuals located in or doing business in California
   exceeding $50 million in any 12-month period between the date the major regulation is estimated to be filed with the Secretary of State through 12 months
   after the major regulation is estimated to be fully implemented?

   ☐ YES    ☒ NO

   *If YES, agencies are required to submit a* <u>Standardized Regulatory Impact Assessment (SRIA)</u> *as specified in
   Government Code Section 11346.3(c) and to include the SRIA in the Initial Statement of Reasons.*

5. Briefly describe the following:

The increase or decrease of investment in the State:    N/A

The incentive for innovation in products, materials or processes:    N/A

The benefits of the regulations, including, but not limited to, benefits to the health, safety, and welfare of California
residents, worker safety, and the state's environment and quality of life, among any other benefits identified by the agency:

Increased public safety as specified in the response to question C1 on the previous page.

STATE OF CALIFORNIA—DEPARTMENT OF FINANCE

**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT

**A. FISCAL EFFECT ON LOCAL GOVERNMENT** *Indicate appropriate boxes 1 through 6 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year which are reimbursable by the State. (Approximate)
(Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

$ _____

☐ a. Funding provided in _____

Budget Act of _____ or Chapter _____ , Statutes of _____

☐ b. Funding will be requested in the Governor's Budget Act of _____

Fiscal Year: _____

☐ 2. Additional expenditures in the current State Fiscal Year which are NOT reimbursable by the State. (Approximate)
(Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

$ _____

*Check reason(s) this regulation is not reimbursable and provide the appropriate information:*

☐ a. Implements the Federal mandate contained in _____

☐ b. Implements the court mandate set forth by the _____ Court.

Case of: _____ vs. _____

☐ c. Implements a mandate of the people of this State expressed in their approval of Proposition No. _____

Date of Election: _____

☐ d. Issued only in response to a specific request from affected local entity(s).

Local entity(s) affected: _____

☐ e. Will be fully financed from the fees, revenue, etc. from: _____

Authorized by Section: _____ of the _____ Code;

☐ f. Provides for savings to each affected unit of local government which will, at a minimum, offset any additional costs to each;

☐ g. Creates, eliminates, or changes the penalty for a new crime or infraction contained in _____

☐ 3. Annual Savings. (approximate)

$ _____

☐ 4. No additional costs or savings. This regulation makes only technical, non-substantive or clarifying changes to current law regulations.

☒ 5. No fiscal impact exists. This regulation does not affect any local entity or program.

☐ 6. Other. Explain _____

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT
(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT (CONTINUED)

**B. FISCAL EFFECT ON STATE GOVERNMENT** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ _____

*It is anticipated that State agencies will:*

☐ a. Absorb these additional costs within their existing budgets and resources.

☐ b. Increase the currently authorized budget level for the _____ Fiscal Year

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☒ 3. No fiscal impact exists.  This regulation does not affect any State agency or program.

☐ 4. Other. Explain _____

**C. FISCAL EFFECT ON FEDERAL FUNDING OF STATE PROGRAMS** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ _____

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☒ 3. No fiscal impact exists.  This regulation does not affect any federally funded State agency or program.

☐ 4. Other. Explain _____

FISCAL OFFICER SIGNATURE | DATE 7/23/18

*The signature attests that the agency has completed the STD. 399 according to the instructions in SAM sections 6601-6616 and understands the impacts of the proposed rulemaking. State boards, offices, or departments not under an Agency Secretary must have the form signed by the highest ranking official in the organization.*

AGENCY SECRETARY  *Jan M'Chfi* | DATE 9/5/18

*Finance approval and signature is required when SAM sections 6601-6616 require completion of Fiscal Impact Statement in the STD. 399.*

DEPARTMENT OF FINANCE PROGRAM BUDGET MANAGER | DATE

**ATTACHMENT A**
**Ammunition Purchases or Transfers**
**Economic and Fiscal Impact Statement (Regulations and Orders)**
**STD. 399, Section B. Estimated Costs**

In regards to Section B of the Economic Impact Statement, these regulations will have an economic impact on both businesses and individuals.

**Business Costs**

The implied economic costs for businesses that sell ammunition come from the processing time of the Standard Ammunition Eligibility Check. The Department estimates that it will take approximately two minutes to process a Standard Ammunition Eligibility Check, so the direct costs for an ammunition vendor can be derived from taking the approximate two minute processing time and multiplying it by the 13 million transactions while valuing ammunition vendor staff time at $11 per hour. In total, the annual direct cost for ammunition vendors to process these transactions is $4,766,667.

**Individual Costs**

The projected costs for an individual depends on how many ammunition purchases the person makes and whether the person undergoes a Standard Ammunition Eligibility Check (SAEC), Basic Ammunition Eligibility Check (BAEC), or Certificate of Eligibility (COE) verification. The per-transaction cost for the SAEC or COE verification is $1.00. The cost for a BAEC is $19.00.

In addition, ammunition purchasers will have implied costs from the processing time of the Standard Ammunition Eligibility Check. Ammunition purchaser time is valued in the same manner as ammunition vendors, so the annual direct cost for ammunition purchasers is $4,766,667.

**Total Fiscal Impact Projections**

| Type of Direct Cost | Frequency | Unit Cost | Direct Cost |
|---|---|---|---|
| Standard Eligibility Check | 13 million· | $1 | $ 13,000,000 |
| Basic Eligibility Check | 50,000 | $19 | $ 950,000 |
| Vendor Staff Time | 13 million x 2 minutes | $11 per hour | $ 4,766,667 |
| Purchaser Time | 13 million x 2 minutes | $11 per hour | $ 4,766,667 |
| | | **Total Direct Cost:** | **$ 23,483,334** |

# EXHIBIT 6

# California Code of Regulations
## Title 11, Division 5

Chapter 11: Ammunition Purchases or Transfers

## Article 1. General

### § 4300. Title and Scope.

This chapter shall be known as the "Department of Justice Regulations for Ammunition Purchases or Transfers," and may be cited as such and referred to herein as "these regulations." The provisions of these regulations shall provide the directives for an individual to purchase or transfer ammunition into an individual's possession on or after July 1, 2019.

Note: Authority cited: Sections 30352, and 30370, Penal Code. Reference: Sections  30305, 30312, 30314, 30352, and 30370, Penal Code.

### § 4301. Definition of Key Terms.

(a)      "AFS" means the Department's Automated Firearms System.

(b)      "AFS record" means a firearm record on file with the Department that identifies an individual as an owner of a firearm.  An AFS record has been established with the Department when an individual has purchased or transferred a rifle or shotgun from a firearms dealer on or after January 1, 2014, or an individual that has purchased or transferred a handgun from a firearms dealer at any time.  An AFS record may also be established after the Department processes an individual's assault weapon registration or an individual's report of firearm ownership.

(c)      "ATN" means Ammunition Transaction Number issued by the Department.

(d)      "Basic Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivision (c).  The Department shall conduct a Basic Ammunition Eligibility Check to authorize a California resident for a one-time authorization to purchase or transfer ammunition.

(e)      "Certificate of Eligibility or COE" means a certificate which states that the Department has checked its records and determined that the applicant is not prohibited from acquiring or possessing firearms pursuant to Penal Code sections 29800, 29805, 29815 through 29825, and 29900, or Welfare and Institutions Code sections 8100 and 8103, or Title 18, sections 921 and 922 of the United States Code, or Title 27, Part 478.32 of the Code of Federal Regulations at the time the check was performed and which ensures that a person who handles, sells, delivers, or has under his or her custody or control any ammunition, is eligible to do so pursuant to Penal Code section 30347.

(f)    "CFARS" means the Department's California Firearms Application Reporting System. An individual can access the CFARS website at the following web address: https://cfars.doj.ca.gov/login.do.

(g)    "Department" means the California Department of Justice.

(h)    "Dealer Record of Sale Entry System or DES" means the Department's website that an ammunition vendor will use to submit an ammunition purchaser's or transferee's information to the Department before the Department can approve an ammunition purchase or transfer.  An ammunition vendor can access the DES website at the following web address: (https://des.doj.ca.gov/login.do).

(i)    "Firearms dealer" means a person having a valid license to sell firearms issued pursuant to Penal Code section 26700.

(j)    "Firearms eligibility check" means a state and federal background check, pursuant to Penal Code section 28220, that is used to determine an individual's eligibility to possess, receive, own, or purchase a firearm.

(k)    "Head of the agency" means the chief of police or the director of public safety for a police department, the sheriff for a county sheriff's office, the head of an agency or their designee for a state law enforcement agency, and the manager in charge of any local field office for a federal law enforcement agency.

(l)    "One-Time Ammunition Transaction" means an ammunition purchase or transfer whereby an individual has undergone a Basic Ammunition Eligibility Check.

(m)    "Purchaser or transferee" means an individual purchasing or transferring ammunition.

(n)    "Standard Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivisions (b).

(o)    "Sworn federal law enforcement officer's credential" means identification indicating an individual is a sworn federal law enforcement officer pursuant to Part 2, Chapter 4.5, of the Penal Code (commencing with section 830).

(p)    "Sworn state or local peace officer's credential" means identification indicating an individual is a sworn state or local peace officer pursuant to Part 2, Chapter 4.5, of the Penal Code (commencing with section 830).

Note: Authority cited: Sections 30352, and 30370, Penal Code. Reference: Sections 16150, 16151, 26710, 30352, 30370, Penal Code.

## Article 2. Ammunition Eligibility Checks: Standard and Basic

## § 4302. Standard Ammunition Eligibility Check.

(a)      As authorized by Penal Code section 30370, subdivision (e), the fee for a Standard Ammunition Eligibility Check is $1.00.

(b)      The ammunition vendor shall collect the purchaser's or transferee's name, date of birth, current address and driver license or other government identification number in the manner described in Penal Code section 28180, and telephone number, and enter this information into the DES website.

(c)      The Department shall then instruct the ammunition vendor to approve or reject the purchase or transfer.

(d)      If the purchase or transfer is rejected, the ammunition vendor shall provide the purchaser or transferee with an ATN that can be used to obtain the reason for the rejection.

Note: Authority cited: Section 30370, Penal Code. Reference: Sections 28180, 30352, and 30370, Penal Code.

## § 4303. One-Time Ammunition Transactions.

One-time ammunition purchases or transfers may be completed using a Basic Ammunition Eligibility Check.

(a)      As authorized by Penal Code section 30370, subdivision (c), the fee for a Basic Ammunition Eligibility Check is $19.00.

(b)      The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, gender, hair color, eye color, height, weight, and driver license or other government identification number, in the manner described in Penal Code section 28180, and telephone number, United States citizenship status, federal Alien Registration Number or I-94 (if applicable), place of birth, alias name(s), race, and enter this information into the DES website.

(c)      The ammunition vendor will provide the purchaser or transferee an ATN to monitor the status of the Basic Ammunition Eligibility Check through the Department's CFARS website.

      (1)      An approved Basic Ammunition Eligibility Check can only be used for one ammunition purchase or transfer, and the approval expires 30-calendar days from when it is issued.

      (2)      If the Basic Ammunition Eligibility Check is denied, the Department shall notify the purchaser or transferee of the reason for the denial via U.S. Mail.

(d)      Upon the Department's completion of a Basic Ammunition Eligibility Check, the Department shall update the purchaser's or transferee's DES record.  The ammunition vendor

shall deliver the ammunition to the purchaser or transferee only if the status of the Basic Ammunition Eligibility Check is "Approved."

Note: Authority cited: Section 30370, Penal Code. Reference: Sections 28180, 30352, and 30370, Penal Code.

## Article 3. Purchasing of a Firearm and Ammunition in a Single Transaction

### § 4304. Firearms Eligibility Check.

When an individual is purchasing or transferring a firearm and ammunition in the same transaction, the Department shall complete a firearms eligibility check before the purchaser or transferee can take possession of the firearm.

(a)    Except as provided in subdivision (b), a purchaser or transferee of a firearm and ammunition in the same transaction shall only pay the fee for the firearms eligibility check as prescribed in section 4001 of this title.

(b)    If the purchaser or transferee described in Penal Code section 30370, subdivision (a)(1) or (a)(2) wants to take possession of the ammunition before the Department completes the firearms eligibility check, the purchaser or transferee shall pay the $1.00 fee for the Standard Ammunition Eligibility Check or the Department's COE verification process, and be approved by the Department prior to taking possession of the ammunition.

Note: Authority cited: Section 30352, Penal Code. Reference: Sections 28220, 30352, 30370, Penal Code.

## Article 4. COE Verification Process

### § 4305. COE Verification Process.

Pursuant to Penal Code section 30370, subdivision (a)(2), the Department shall process a COE holder's ammunition purchase or transfer.

(a)    As authorized by Penal Code section 30370, subdivision (c), the fee for COE verification is $1.00.

(b)    The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, and driver license or other government identification number, in the manner described in Penal Code section 28180, and COE number, and enter the information into the DES website.

(c)    The Department shall then instruct the ammunition vendor to approve or reject the ammunition purchase or transfer.

Note: Authority cited: Section 30370, Penal Code.  Reference: Section 30370, Penal Code.

# Article 5. Ammunition Purchases or Transfers; Exempted Individuals

### § 4306. Ammunition Purchases or Transfers for Exempted Individuals.

(a)      The following types of identification will identify an individual who is exempt from Department approval to purchase or transfer ammunition:

>      (1)      A valid Federal Firearms License.

>      (2)      An authorized law enforcement representative's written authorization from the head of the agency authorizing the ammunition purchase or transfer.

>      (3)      A centralized list of exempted federal firearms licensee's Department issued certificate indicating the individual is on the centralized list of exempted federal firearms licensees.

>      (4)      A sworn state, or local peace officer's credential and verifiable written certification from the head of the agency.

>      (5)      A sworn federal law enforcement officer's credential and verifiable written certification from the head of the agency.

(b)      The ammunition vendor shall keep a photocopy of the front and back of the sworn state or local peace officer's credential and California Driver License, or a photocopy of the front and back of a sworn federal law enforcement officer's business card and driver license.  In addition, the ammunition vendor shall keep the verifiable written certification from the head of the agency.  The verifiable written certification from the head of the agency expires 30 days after issuance.  The ammunition vendor shall make a copy of these records available to the Department upon request.

(c)      Once the ammunition vendor has verified the individual is exempt from Department approval to purchase or transfer ammunition, the ammunition vendor may process an ammunition purchase or transfer without Department approval.

Note: Authority cited: Section 30352, Penal Code.  Reference: Section 30352, Penal Code.

# Article 6. Telephonic Access for Ammunition Vendors

### § 4307. Telephonic Access for Ammunition Vendors.

Ammunition vendors without accessibility to an Internet connection due to their telephone service provider, or other Internet service providers, not being able to provide access to an Internet connection at their place of business may acquire telephonic access to the Department, for the Department to manually determine if a purchaser or transferee is eligible to own or

possess ammunition.  Ammunition vendors seeking telephonic access to the Department shall complete an Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018), which is hereby incorporated by reference.  Telephonic access to the Department will be available during the Department's Customer Support Center business hours.

(a)     Ammunition vendors shall acquire documentation from their telephone/Internet service provider stating that the service provider does not offer Internet service at the ammunition vendor's place of business.

(b)     After the ammunition vendor has completed the application for telephonic access, the ammunition vendor shall mail the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018) and the documentation in paragraph (a) of this section, to the Department at the following address:

Department of Justice
Bureau of Firearms
P.O. Box 160487
Sacramento, California

(c)     The Department shall notify the ammunition vendor via U.S. Mail of the Department's determination to approve or deny the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018).

Note: Authority cited: Section 30370, Penal Code.  Reference: Section 30370, Penal Code.

## Article 7. Delivery of Ammunition and Billing.

### § 4308. Delivery of Ammunition Following DES Submission.

(a)     If the Department approves an ammunition purchase or transfer as described by sections 4302 through 4307 of these regulations, the DES transaction record will change from "Pending" to "Approved."

(b)     Ammunition may be delivered to the purchaser or transferee only if the status of the DES transaction record is "Approved."

(c)     At the time of delivery, the ammunition vendor COE holder, authorized associate, or salesperson shall access the approved DES ammunition transaction by the name of the purchaser or transferee, and submit the ammunition sale information to record the time and date the ammunition is delivered.

Note: Authority cited: Section 30370, Penal Code.  Reference: Section 30352, and 30370, Penal Code.

## § 4309. Billing, Payment, and Suspension for Non-Payment.

(a)      Monthly billing statements for the previous month's ammunition eligibility check and COE verification activity will be delivered electronically via DES to the ammunition vendor's account on the first day of each month.

(b)      Payment shall be made using a major credit card or debit card.  The balance due as indicated on the monthly billing statement shall be paid in full within 30-days of the billing statement date (first day of month).

(c)      If payment for the previous month's ammunition eligibility check and COE verification activity is not made within 30 days, the ammunition vendor's access (all COE holders and employees) to DES will be suspended until full payment for the past due amount is received.
(d)      While suspended, an ammunition vendor will be unable to process or conduct an ammunition purchase or transfer but will maintain the status as a licensed ammunition vendor.

Note: Authority cited: Section 30370, Penal Code.  Reference: Sections 30370, 30385, 30390, and 30395, Penal Code.

# EXHIBIT 7

# CALIFORNIA DEPARTMENT OF JUSTICE

## April 23, 2019

## NOTICE OF MODIFICATION TO TEXT OF PROPOSED REGULATIONS, INITIAL STATEMENT OF REASONS ADDENDUM, AND REVISED ECONOMIC AND FISCAL IMPACT STATEMENT (STD. 399)

## AMMUNITION PURCHASES OR TRANSFERS
[OAL File No. 2018-1204-08]

Updates to Proposed Text

Pursuant to the requirements of Government Code section 11346.8 (c), and section 44 of Title 1 of the California Code of Regulations, the California Department of Justice (Department) is providing notice of modification to text of the proposed regulation sections 4301, 4302, 4303, 4304, 4305, 4306, 4307, 4308 and 4309, which were the subject of a public comment period which closed on January 31, 2019.

Initial Statement of Reasons Addendum

The Initial Statement of Reasons (ISOR) Addendum clarifies the purpose and necessity of the text of proposed sections 4301, 4302, 4303, 4305 and 4309, as originally noticed.

Economic Fiscal Impact Statement (Std. 399)

The Economic Fiscal Impact Statement (Std. 399) has been revised to provide better information regarding the ongoing costs to run the program, and the justification for the fees set in the proposed text.

If you have any comments regarding the proposed changes, the Department will accept written comments between April 18, 2019 and May 8, 2019.  Address written comments to:

Kelan Lowney
Department of Justice
P.O. Box 160487
Sacramento, CA 95816-0487
Email: ammoregulations@doj.ca.gov  *or*  ammoregs@doj.ca.gov
Fax: (916) 731-3387

All timely comments that specifically pertain to the indicated changes will be reviewed and responded to by the Department's staff as part of the compilation of the rulemaking file.

**_Please limit your comments to the documents identified in this notice._**

92

# EXHIBIT 8

# INITIAL STATEMENT OF REASONS
# ADDENDUM
### [OAL File No. Z-2018-1204-08]

The following addendum clarifies the specific purpose of proposed sections 4301, 4302, 4303, 4305 and 4309, and the rationale for the determination by the Department of Justice that the regulation is necessary to carry out the purpose for which it is proposed.

PURPOSE AND NECESSITY

**§ 4301. Definition of Key Terms.**

**Subdivision (a)** establishes an initialism that is, itself, a commonly used term.  The terms "AFS" and "Automated Firearms System" are used in these regulations and in Penal Code section 30370, subdivision (a)(1), which these proposed regulations implement. The definition is necessary to include, here, to guarantee the clarity of the regulations.

**Subdivision (c)** establishes an initialism whereby "ATN" means "Ammunition Transaction Number," which is the name the Department has given to the unique identifying number assigned to each request to authorize an ammunition purchase.  This name is necessary to communicate to a potential ammunition purchaser or transferee a key component of the process implemented by proposed sections 4302(d) and 4303(c).

**Subdivision (d)** establishes a name for a process that is prescribed by statute, as referenced in the definition.  This process is being named for ease of reference, and to distinguish between the different types of ammunition eligibility checks.  Because the eligibility check conducted pursuant to Penal Code section 30370, subdivision (c), is largely the same as the usual firearms eligibility check, the Department has named this eligibility check the "Basic Ammunition Eligibility Check."

**Subdivisions (e), (i), (o)** and **(p)** establish a name for persons or things that are defined by statute, as referenced in each definition.  The Department has exercised no discretion in defining these terms.  They are necessary to include, here, for ease of reference, and because the terms are used in these regulations.

**Subdivision (f)** establishes an initialism that is, itself, a commonly used term. The terms "CFARS" and "California Firearm Application Reporting System" are used by Penal Code sections 33850 and 33865 to refer to the system by which members of the public contact the Department regarding their personal firearms records. The Department has exercised no discretion in defining these terms.  The definitions are necessary to include, here, to guarantee the clarity of the regulations.

**Subdivision (h)** establishes the term "Dealer Record of Sale Entry System or DES," which is a generally acknowledged term in the industry and is explicitly defined by title 11, chapter 8, section 4200, of the California Code of Regulations.

**Subdivision (j)** establishes a name for a process that is prescribed by statute, as referenced in the definition.  This process is being named for ease of reference. The name chosen by the Department is self-descriptive. The statutory reference also explains the eligibility check.

**Subdivision (k)** establishes the meaning of the term "head of agency." This meaning is necessary to establish in order to determine who is authorized by Penal Code section 30352, subdivision (e)(7) as having the authority relevant to sections 4306(a)(4) and (5) of these regulations. The Department has interpreted the term "head of agency" in the most commonly accepted manner.

**Subdivision (n)** establishes a name for a process that is prescribed by statute, as referenced in the definition.  This process is being named for ease of reference, and to distinguish between types of statutory eligibility checks.  Because the Department expects that 98 percent of ammunition eligibility checks will be conducted pursuant to Penal Code section 30370, subdivision (a)(1), the Department has named this eligibility check the "Standard Ammunition Eligibility Check."


## § 4302. Standard Ammunition Eligibility Check.

**Subdivision (a)** establishes a fee of $1 per Standard Ammunition Eligibility Check, to recover the reasonable cost of regulatory and enforcement activities related to Article 4 of Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code.  Pursuant to Penal Code section 30370, subdivision (e), the per-transaction fee may exceed neither $1, nor the reasonable regulatory and enforcement costs of activities related to the article.

The Department has determined that a $1 fee per Standard Ammunition Eligibility Check is necessary to recover the reasonable cost of regulatory and enforcement activities.

The Department estimates there will be approximately 13.2 million ammunition purchases or transfers each year (see the Economic Impact Analysis for how the Department reached this estimate).  Of those 13.2 million purchases or transfers, the Department estimates that approximately 13 million will come from people who have records in the Automated Firearms System (AFS).  These individuals may be authorized to purchase ammunition subsequent to the results of a Standard Ammunition Eligibility Check.

There are currently 4.5 million people with distinct entries in the Automated Firearms System. However, the Department estimates that less than 2/3 of these people are active firearms users. This is because the oldest records in AFS date back to the year 1900 and likely reflect individuals who are no longer active firearms users; some people who possess firearms do not use them regularly, and so do not purchase ammunition regularly; and people who purchase ammunition at gun ranges are exempt from these regulations per Penal Code section 30352, subdivision (e)(3).  The Department estimates that each person in AFS who is actively engaged in shooting sports (roughly 3,000,000 persons) will purchase ammunition approximately 4-5 times each year, for an estimate of approximately 13,000,000 million transactions each year that

will be conducted subsequent to a Standard Ammunition Eligibility Check.  At the proposed fee of $1 per transaction, this equates to a revenue of $13,000,000 each year.

Together with the $950,000 generated by the fee for the Basic Ammunition Eligibility Check and the $154,000 generated by the fee for the COE Verification (see explanations for these fees in sections 4303 and 4305, below), the Department projects a revenue of approximately $14,104,000 each year.

The initial costs of implementing the ammunition authorization program required the Department to incur a debt of $25 million from the state's General Fund, as authorized by Penal Code section 30371.  These initial program costs include personal services, operating expenses and equipment, system enhancements, infrastructure, and other costs.  This debt will need to be repaid, with interest, as stipulated by the authorizing statute.

The Department estimates the ongoing fiscal expenses to implement the entire ammunition authorization program will be approximately $13 million for the first year, and approximately $10 million each subsequent year (see STD 399 Attachment A).  For fiscal years 2019/20, 2020/21, and 2021/22, the Department will allow for the Ammunition Safety and Enforcement Special Fund to build a reserve for economic uncertainties. This reserve will also be used to repay, with interest, the $25 million loan from the state's General Fund. The Department projects that it will be able to repay the loan at $3 million each year, beginning FY 2022/2023.

The Department has determined that the most effective way to recover the costs of implementing the ammunition authorization program, including the cost of repaying the loan with interest and maintaining a modest reserve, is to set the fee for the Standard Ammunition Eligibility Check at $1 per transaction.

By fiscal year 2022/23, the Department will have a better estimate for annual revenues based on actual numbers, and at that time can adjust the fee set by proposed section 4302, subdivision (a).

**Subdivision (b)** specifies that the purchaser or transferee's name, date of birth, current address and driver license or other government identification number must be collected from the potential purchaser or transferee, and specifies the manner of collecting and transmitting that information to the Department.

Penal Code section 30370, subdivision (b) requires the Department to match the purchaser's or transferee's "name, date of birth, current address and driver license or other government information" with "the information in the Automated Firearms System."  The Department has exercised no discretion in requiring this information from the purchaser or transferee.

The information must be collected in the manner described in Penal Code section 28180 because Penal Code section 30370, subdivision (b) requires that it be collected in that manner. The Department has exercised no discretion in requiring this. It is necessary to include, here, to guarantee the clarity of the regulations.

The purchaser or transferee's telephone number is required by Penal Code section 30352, subdivision (a)(6), at the time of the delivery of the ammunition.  Rather than request personal

information from the purchaser or transferee at two separate times, the Department has determined that it would be most efficient to request all of the purchaser or transferee's personal information required to complete an ammunition purchase or transfer at this stage of the process, so that no new personal information will need to be requested at a second stage of the process.  This will streamline the delivery of ammunition as soon as it is approved.  The Department has also determined that gathering the purchaser or transferee's phone number at the time of the eligibility check will allow the Department greater ability to verify the purchaser's identity, if necessary, and to communicate with the purchaser or transferee, if necessary.

The Department has determined that the most effective way to conduct the ammunition authorization program is to require all required information be communicated to the Department through the DES website, with the notable exemption provided by Penal Code section 30370, subdivision (d), as implemented by section 4307 of these proposed regulations. Penal Code section 30370, subdivision (d) implies that the majority of ammunition vendors will submit the information "electronically."  Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which firearms dealers communicate purchasers' or transferees' personal information to the Department for the purpose of firearm eligibility checks.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method of communicating purchasers' or transferees' personal information to the Department for the specific purpose of ammunition eligibility checks.

**Subdivision (c)** specifies that, subsequent to the submission of information described in subdivision (b), the Department will communicate to the ammunition vendor the Department's determination regarding whether the purchaser or transferee is authorized to purchase ammunition. This specifies the possible results of the Standard Ammunition Eligibility Check, and that the Department will communicate the results directly to the ammunition vendor, thereby providing the ability for the ammunition vendor to comply with Penal Code section 30352, subdivision (d).

**Subdivision (d)** specifies the process by which a purchaser or transferee may obtain the reason when a Standard Ammunition Eligibility Check results in a rejection.  This subdivision is necessary to inform individuals who are rejected subsequent to a Standard Ammunition Eligibility Check that it is possible to obtain a reason for the rejection, and that an ATN can be used for this purpose, thereby providing transparency to the affected party and allowing for the individual to challenge the determination, as appropriate.  This is only available when a purchase or transfer is rejected, since an individual who is not rejected would have no use for an ATN.  The subdivision also specifies that it is incumbent upon the ammunition vendor to provide the ATN to the purchaser or transferee since, pursuant to subdivisions (b) and (c), the vendor acts as an intermediary between the Department and the purchaser or transferee.

**§ 4303. One-Time Ammunition Transactions.**

**Subdivision (a)** establishes a fee, authorized by Penal Code section 30370, subdivision (c), to recover the reasonable cost of processing and regulatory and enforcement activities related to that statute.  The authorizing statute allows the Department to set the fee at an amount not to exceed the fee charged for the Department's Dealers' Record of Sale (DROS) process, and not to exceed the Department's reasonable costs.

The charge for the DROS process, as set by title 11, chapter 1, section 4001 of the California Code of Regulations, is $19 per transaction.

The Department has determined that it must set the fee for the Basic Ammunition Eligibility Check at $19 per transaction in order to recover the Department's reasonable costs.

The Department estimates there will be approximately 13.2 million ammunition purchases or transfers each year (see the Economic Impact Analysis for how the Department reached this estimate).  Of those 13.2 million purchases or transfers, the Department estimates that approximately 154,000 will be made by people who undergo the COE verification process and 13,000,000 million made by people who have an entry in AFS.  The Department therefore estimates that there will be 50,000 purchases made by people who will gain authorization to purchase ammunition by submitting to the Basic Ammunition Eligibility Check.  At the maximum allowable fee of $19 per transaction, this equates to a revenue of $950,000 each year.

Together with the $13,000,000 generated by the fee for the Standard Ammunition Eligibility Check and $154,000 generated by the fee for the COE verification (see explanations for these fees in sections 4302, above, and section 4305, below), the Department projects a revenue of approximately $14,104,000 each year.

The initial costs of implementing the ammunition authorization program required the Department to incur a debt of $25 million from the state's General Fund, as authorized by Penal Code section 30371.  These initial program costs include personal services, operating expenses and equipment, system enhancements, infrastructure, and other costs.  This debt will need to be repaid, with interest, as stipulated by the authorizing statute.

The Department estimates the ongoing fiscal expenses to implement the entire ammunition authorization program will be approximately $13 million for the first year, and approximately $10 million each subsequent year (see STD 399 Attachment A).  For fiscal years 2019/20, 2020/21, and 2021/22, the Department will allow for the Ammunition Safety and Enforcement Special Fund to build a reserve for economic uncertainties. This reserve will also be used to repay, with interest, the $25 million loan from the state's General Fund. The Department projects that it will be able to repay the loan at $3 million each year, beginning FY 2022/2023.

The Department has determined that the most effective way to recover the costs of implementing the ammunition authorization program, including the cost of repaying the loan with interest and maintaining a modest reserve, is to set the fee for the Basic Ammunition Eligibility Check at $19 per transaction.

By fiscal year 2022/23, the Department will have a better estimate for annual revenues based on actual numbers, and at that time can adjust the fee set by proposed section 4303, subdivision (a).

**Subdivision (b)** specifies information that must be collected from the purchaser or transferee, and the manner of collecting and transmitting that information to the Department.

The purchaser or transferee's name, date of birth, current address, gender, hair color, eye color, height, weight, driver license or other government identification number, place of birth, alias names(s), and race are required so that the Department can conduct the Basic Ammunition Eligibility Check. Penal Code section 30370, subdivision (c) requires the Department to "develop a procedure in which a person who is not prohibited from purchasing or possessing ammunition may be approved" to purchase or receive possession of ammunition. Because, pursuant to Penal Code section 30305, no person prohibited from owning or possessing a firearm, as specified, shall own or possess ammunition, the Department has determined that the most effective way to implement Penal Code section 30370, subdivision (c) is to conduct an ammunition eligibility check that mirrors the processes and procedures of a firearms eligibility check, with the exception of the check of federal databases. That exception aside, a firearms eligibility check requires the aforementioned personal information in order to verify the person's identity and to check records accessible by the Department, and therefore the Department has determined that the most effective method of conducting a Basic Ammunition Eligibility Check is to require the same information from an ammunition purchaser or transferee.

The information must be collected in the manner described in Penal Code section 28180 because this is the most efficient method of accurately collecting the information required. Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. These firearms dealers are already required by Penal Code section 28180 to collect purchaser information in that manner, for the purpose of firearm eligibility checks. This is also the manner prescribed by Penal Code section 30370, subdivision (b), for collecting personal information for the Standard Ammunition Eligibility Check. It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method to accurately collect and communicate purchasers' or transferees' personal information to the Department for the specific purpose of ammunition eligibility checks.

The purchaser or transferee's United States citizenship status, and federal Alien Registration Number or I-94 (if applicable), are also required so that the Department can conduct the Basic Ammunition Eligibility Check. Penal Code section 30370, subdivision (c), requires the Department to develop a procedure in which "a person who is not prohibited from purchasing or possessing ammunition may be approved..." It is ambiguous whether "a person who is not prohibited" refers to a person who is only "not prohibited" by state law, or also to persons not prohibited by federal law. For example, title 18, section 922(g) of the federal Gun Control Act makes it unlawful for individuals meeting specified criteria ("prohibitors") to possess a firearm or ammunition. The Department has determined that it would be counter to the legislative intent under SB 1235 for the Department to approve purchases of ammunition by individuals who may be prohibited from doing so under either state or federal law. The two other methods of obtaining authorization from the Department to purchase ammunition pursuant to Penal Code

section 30370 both involve a check of federal prohibitors.  The Standard Ammunition Eligibility Check requires the individual to not be prohibited from owning or possessing ammunition by cross-referencing the Prohibited Armed Persons File database which, pursuant to Penal Code section 30005, explicitly includes individuals who are prohibited from firearms and ammunition possession by federal law.  Similarly, a Certificate of Eligibility is issued upon a determination by the Department that the individual is not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm or, by extension, ammunition (see Penal Code section 26710, subdivision (b)).  The Department has determined it will not affirm that an individual is authorized to purchase ammunition if the individual is prohibited under federal law, and therefore that the Basic Ammunition Eligibility Check should likewise consider federal prohibitors on ammunition possession.  However, because the Department is not permitted to use the federal National Instant Criminal Background Check System (NICS) for the purpose of ammunition eligibility checks, the Department has determined that the most efficient method of ensuring that a person is not prohibited to purchase ammunition under federal law is to require the ammunition vendor to collect the purchaser or transferee's United States citizenship status, and federal Alien Registration Number or I-94 (if applicable), and to report this information to the Department.

The purchaser or transferee's telephone number is required by Penal Code section 30352, subdivision (a)(6), at the time of the delivery of the ammunition.  Rather than request personal information from the purchaser or transferee at two separate times, the Department has determined that it would be most efficient to request all of the purchaser or transferee's personal information required to complete an ammunition purchase or transfer at this stage of the process, so that no new personal information will need to be requested at a second stage of the process.  This will streamline the delivery of ammunition as soon as it is approved.  The Department has also determined that gathering the purchaser or transferee's phone number at the time of the eligibility check will allow the Department to verify the purchaser's identity, if necessary, and to communicate with the purchaser or transferee, if necessary.

The Department has determined that the most effective way to conduct the ammunition authorization program is to require all required information be communicated to the Department through the DES website, with the notable exemption provided by Penal Code section 30370, subdivision (d), as implemented by section 4307 of these proposed regulations. Penal Code section 30370, subdivision (d) implies that the majority of ammunition vendors will submit the information "electronically."  Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which firearms dealers communicate purchasers' or transferees' personal information to the Department for the purpose of firearm eligibility checks.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method of communicating purchasers' or transferees' personal information to the Department for the specific purpose of ammunition eligibility checks.

**Subdivision (c)(1)** specifies that an approved Basic Ammunition Eligibility Check can only be used for one purchase.  Penal Code section 30370, subdivision (c) mandates that the procedure being developed by this proposed regulation will provide an approval "for a single ammunition transaction or purchase."  The Department has determined that it is necessary to duplicate the

statutory provision in the regulation so as to provide clarity regarding the practical usefulness of a Basic Ammunition Eligibility Check.

This subdivision also specifies that the approval expires 30 calendar days from when it is issued.  During the Basic Ammunition Eligibility Check, the Department conducts a review of its records to determine if an individual is eligible to own or possess ammunition; the review is based on information retrieved at that point in time.  To ensure the Department bases its determinations on the most current information, eligibility checks are only valid for 30 days.  After 30 days, a new eligibility check must be conducted to ensure that nothing has transpired that would prohibit an individual from owning or possessing ammunition.

**Subdivision (c)(2)** specifies that if the Basic Ammunition Eligibility Check is denied, the Department will notify the purchaser or transferee of the reason for the denial via U.S. mail.  It is necessary to communicate the reason for the denial via U.S. mail because this reason will have been determined through a review of the records available to the Department, and by referring to those records the communication may contain sensitive personal information.  Providing the reason for the denial via U.S. mail rather than, for instance, via email or through an internet portal such as CFARS, ensures the security and confidentiality of the communication, while also providing transparency to the denied individual as to the reason for the Department's determination.

**Subdivision (d)** specifies the manner in which the Department will communicate the result of the potential purchaser or transferee's request.  The Department has determined that the most effective way to communicate its determination to the vendor and to the potential purchaser or transferee is through the DES website.  Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which the Department communicates determinations on firearm eligibility checks to firearms dealers, regarding potential firearms purchasers or transferees. It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop a separate method of communicating the Department's determination to ammunition vendors for the purpose of ammunition eligibility checks.  By specifying that the determination will be communicated via the DES website, the result will be communicated directly to the ammunition vendor, thereby providing the ability for the ammunition vendor to comply with Penal Code section 30352, subdivision (d).


### § 4305. COE Verification Process.

**Subdivision (a)** establishes a fee of $1 per request for a Certificate of Eligibility (COE) verification for the purpose of gaining authorization to purchase or transfer ammunition, to recover the reasonable cost of regulatory and enforcement activities related to Article 4 of Chapter 1 of Division 10 of Title 4 of Part 6 of the Penal Code.  Pursuant to Penal Code section 30370, subdivision (e), the per-transaction fee may exceed neither $1, nor the reasonable regulatory and enforcement costs.

The Department has determined that a $1 fee per COE verification is necessary to recover the reasonable cost of regulatory and enforcement activities.

101

The Department estimates there will be approximately 13.2 million ammunition purchases or transfers each year (see the Economic Impact Analysis for how the Department reached this estimate). Of those 13.2 million purchases or transfers, the Department estimates that approximately 154,000 will be made by people who undergo the COE verification process.

There are currently 22,000 people who hold a COE. Persons who hold a COE are likely to be actively engaged in shooting sports, and so the Department estimates that all COE holders will purchase ammunition in any given year (i.e., all 22,000 COE holders), and at a rate higher than most casual firearms enthusiasts. The Department estimates that COE holders will purchase ammunition approximately seven (7) times each year, for an estimate of 154,000 transactions each year. At the maximum allowable fee of $1 per transaction, this equates to a revenue of $154,000 each year.

Together with the $13,000,000 generated by the fee for the Standard Ammunition Eligibility Check and the $950,000 generated by the fee for the Basic Ammunition Eligibility Check, the Department projects a revenue of approximately $14,104,000 each year.

The initial costs of implementing the ammunition authorization program required the Department to incur a debt of $25 million from the state's General Fund, as authorized by Penal Code section 30371. These initial program costs include personal services, operating expenses and equipment, system enhancements, infrastructure, and other costs. This debt will need to be repaid, with interest, as stipulated by the authorizing statute.

The Department estimates the ongoing fiscal expenses to implement the entire ammunition authorization program will be approximately $13 million for the first year, and approximately $10 million each subsequent year (see STD 399 Attachment A). For fiscal years 2019/20, 2020/21, and 2021/22, the Department will allow for the Ammunition Safety and Enforcement Special Fund to build a reserve for economic uncertainties. This reserve will also be used to repay, with interest, the $25 million loan from the state's General Fund. The Department projects that it will be able to repay the loan at $3 million each year, beginning FY 2022/2023.

The Department has determined that the most effective way to recover the costs of implementing the ammunition authorization program, including the cost of repaying the loan with interest and maintaining a modest reserve, is to set the fee for the COE Verification at $1 per transaction.

By fiscal year 2022/23, the Department will have a better estimate for annual revenues based on actual numbers, and at that time can adjust the fee set by proposed section 4305, subdivision (a).

**Subdivision (b)** specifies the information that must be collected to verify that the purchaser or transferee holds a current COE, and the manner of collecting and transmitting that information to the Department so that the Department can verify that the COE is "current" and therefore approve the purchase or transfer pursuant to Penal Code section 30370, subdivision (a)(2).

The purchaser or transferee's name, date of birth, current address and driver license or other government identification number must be collected so that the Department can verify the purchaser or transferee's identity.

The information must be collected in the manner described in Penal Code section 28180 because this is the most efficient method of accurately collecting the information required. Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors.  These firearms dealers are already required by that Penal Code section to collect purchaser information in that manner, for the purpose of firearm eligibility checks.  This is also the manner prescribed by Penal Code section 30370, subdivision (b), for collecting personal information for the Standard Ammunition Eligibility Check.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require the use of a separate method of accurately collecting and communicating purchasers' or transferees' personal information to the Department for the specific purpose of the COE Verification.

The purchaser or transferee's COE number must be collected so that the Department can cross-reference its records to verify that the COE is "current."

The purchaser or transferee's telephone number is required by Penal Code section 30352, subdivision (a)(6), at the time of the delivery of the ammunition.  Rather than request personal information from the purchaser or transferee at two separate times, the Department has determined that it would be most efficient to request all of the purchaser or transferee's personal information required to complete an ammunition purchase or transfer at this stage of the process, so that no new personal information will need to be requested at a second stage of the process.  This will streamline the delivery of ammunition as soon as it is approved.  The Department has also determined that gathering the purchaser or transferee's phone number at the time of the eligibility check will allow the Department to verify the purchaser's identity, if necessary, and to communicate with the purchaser or transferee, is necessary.

The Department has determined that the most effective way to conduct the ammunition authorization program is to require all required information be communicated to the Department through the DES website, with the notable exemption provided by Penal Code section 30370, subdivision (d), as implemented by section 4307 of these proposed regulations. Penal Code section 30370, subdivision (d) implies that the majority of ammunition vendors will submit the information "electronically."  Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which firearms dealers communicate purchasers' or transferees' personal information to the Department for the purpose of firearm eligibility checks.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method of communicating purchasers' or transferees' personal information to the Department for the specific purpose of the COE Verification.

**Subdivision (c)** specifies that, subsequent to the submission of information described in subdivision (b), the Department will communicate to the ammunition vendor the Department's determination regarding whether the purchaser or transferee is authorized to purchase

ammunition. This specifies the possible results of the COE Verification, and that the Department will communicate the results directly to the ammunition vendor, thereby providing the ability for the ammunition vendor to comply with Penal Code section 30352, subdivision (d).

### § 4309. Billing, Payment, and Suspension for Non-Payment.

**Subdivision (a)** specifies how an ammunition vendor is billed by the Department. The Department has determined that the most effective way to bill an ammunition vendor is to deliver the bill through the DES website.  Pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which bills are delivered to firearms dealers, to provide payment for firearm eligibility checks.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require the use of a separate method of communicating billing statements to the ammunition vendor.

**Subdivision (c)** specifies consequences for non-payment within 30 days.  The Department has determined that there must be a consequence for non-payment, in order to incentivize timely payment.  Thirty days is a standard length of time to allow for payments to be made.  The Department has determined that suspending access to DES is the most effective way to incentivize payment, as ammunition vendors would want sustained access to DES in order to continue to legally sell ammunition.

# EXHIBIT 9

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT

| DEPARTMENT NAME | CONTACT PERSON | EMAIL ADDRESS | TELEPHONE NUMBER |
|---|---|---|---|
| Justice | Kelan Lowney | BOFregulations@doj.ca.gov | 916-227-7615 |

| DESCRIPTIVE TITLE FROM NOTICE REGISTER OR FORM 400 | NOTICE FILE NUMBER |
|---|---|
| Ammunition Purchases or Transfers | Z   2018-1204-08 |

**A. ESTIMATED PRIVATE SECTOR COST IMPACTS** *Include calculations and assumptions in the rulemaking record.*

1. Check the appropriate box(es) below to indicate whether this regulation:

[X] a. Impacts business and/or employees     [ ] e. Imposes reporting requirements

[X] b. Impacts small businesses     [ ] f. Imposes prescriptive instead of performance

[ ] c. Impacts jobs or occupations     [X] g. Impacts individuals

[ ] d. Impacts California competitiveness     [ ] h. None of the above (Explain below):

*If any box in Items 1 a through g is checked, complete this Economic Impact Statement.*
*If box in Item 1.h. is checked, complete the Fiscal Impact Statement as appropriate.*

2. The ___**Department of Justice**___ estimates that the economic impact of this regulation (which includes the fiscal impact) is:
(Agency/Department)

[ ] Below $10 million

[ ] Between $10 and $25 million

[X] Between $25 and $50 million

[ ] Over $50 million *[If the economic impact is over $50 million, agencies are required to submit a Standardized Regulatory Impact Assessment as specified in Government Code Section 11346.3(c)]*

3. Enter the total number of businesses impacted:  **Approx. 2600**

Describe the types of businesses (include nonprofits): **Firearms dealers and businesses that sell ammunition to the public.**

Enter the number or percentage of total
businesses impacted that are small businesses:  **Approx. 60 %**

4. Enter the number of businesses that will be created: **Unknown**    eliminated: **Unknown**

Explain: **These regulations only apply to the sale or transfer of ammunition.**

5. Indicate the geographic extent of impacts:  [X] Statewide

[ ] Local or regional (List areas): _____

6. Enter the number of jobs created: **Unknown**    and eliminated: **Unknown**

Describe the types of jobs or occupations impacted: **Individuals that own or operate an ammunition vendor business within the state of California.**

7. Will the regulation affect the ability of California businesses to compete with
other states by making it more costly to produce goods or services here?    [ ] YES    [X] NO

If YES, explain briefly: _____

106 PAGE 1

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

**B. ESTIMATED COSTS** *Include calculations and assumptions in the rulemaking record.*

1. What are the total statewide dollar costs that businesses and individuals may incur to comply with this regulation over its lifetime? $ **Undetermined**

   a. Initial costs for a small business: $ **See Attachment A**    Annual ongoing costs: $ **See Attachment A** Years: **N/A**

   b. Initial costs for a typical business: $ **See Attachment A**    Annual ongoing costs: $ **See Attachment A** Years: **N/A**

   c. Initial costs for an individual:    $ **See Attachment A**    Annual ongoing costs: $ **See Attachment A** Years: **N/A**

   d. Describe other economic costs that may occur: **See Attachment A.**

2. If multiple industries are impacted, enter the share of total costs for each industry: **N/A**

3. If the regulation imposes reporting requirements, enter the annual costs a typical business may incur to comply with these requirements. *Include the dollar costs to do programming, record keeping, reporting, and other paperwork, whether or not the paperwork must be submitted.* $ **N/A**

4. Will this regulation directly impact housing costs?   ☐ YES   ☒ NO

               If YES, enter the annual dollar cost per housing unit: $

                                 Number of units:

5. Are there comparable Federal regulations?   ☐ YES   ☒ NO

   Explain the need for State regulation given the existence or absence of Federal regulations: **The proposed regulations are necessary to allow**

   **the Department to authorize an individual to purchase or transfer ammunition as authorized by Penal Code section 30370.**

   Enter any additional costs to businesses and/or individuals that may be due to State - Federal differences: $ **N/A**

**C. ESTIMATED BENEFITS** *Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. Briefly summarize the benefits of the regulation, which may include among others, the health and welfare of California residents, worker safety and the State's environment: **These regulations will increase public safety**

   **throughout the state of California by preventing convicted felons, the dangerously mentally ill, and other prohibited**

   **persons from acquiring ammunition.**

2. Are the benefits the result of: ☒ specific statutory requirements, or ☐ goals developed by the agency based on broad statutory authority?

   Explain: **Pursuant to Penal Code sections 30352 and 30370, the DOJ is authorized to establish regulations.**

3. What are the total statewide benefits from this regulation over its lifetime? $ **Undetermined**

4. Briefly describe any expansion of businesses currently doing business within the State of California that would result from this regulation: **Unknown**

**D. ALTERNATIVES TO THE REGULATION** *Include calculations and assumptions in the rulemaking record. Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. List alternatives considered and describe them below. If no alternatives were considered, explain why not: **No alternatives were considered**

   **because pursuant to Penal Code section 30370, subdivision (c) and (e), the Department is statutorily mandated to collect a**

   **reasonable fee to cover the cost of regulatory and enforcement activities.**

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

**2.** Summarize the total statewide costs and benefits from this regulation and each alternative considered:

Regulation:   Benefit: $ **Unquantifiable**   Cost: $ **Undetermined**

Alternative 1:   Benefit: $     **N/A**     Cost: $ **N/A**

Alternative 2:   Benefit: $     **N/A**     Cost: $ **N/A**

**3.** Briefly discuss any quantification issues that are relevant to a comparison
of estimated costs and benefits for this regulation or alternatives:   **N/A**

**4.** Rulemaking law requires agencies to consider performance standards as an alternative, if a
regulation mandates the use of specific technologies or equipment, or prescribes specific
actions or procedures. Were performance standards considered to lower compliance costs?   ☒ YES   ☐ NO

Explain: **Other methods of providing information to DOJ were considered but it was determined that requiring the use of**
**the Dealer Record of Sale (DROS) Entry System was the best option since the majority of dealers and vendors already use it**

**E. MAJOR REGULATIONS** *Include calculations and assumptions in the rulemaking record.*

*California Environmental Protection Agency (Cal/EPA) boards, offices and departments are required to*
*submit the following (per Health and Safety Code section 57005). Otherwise, skip to E4.*

**1.** Will the estimated costs of this regulation to California business enterprises **exceed $10 million?** ☐ YES   ☒ NO

*If YES, complete E2. and E3*
*If NO, skip to E4*

**2.** Briefly describe each alternative, or combination of alternatives, for which a cost-effectiveness analysis was performed:

Alternative 1: _____

Alternative 2: _____

*(Attach additional pages for other alternatives)*

**3.** For the regulation, and each alternative just described, enter the estimated total cost and overall cost-effectiveness ratio:

Regulation:   Total Cost $ _____   Cost-effectiveness ratio: $ _____

Alternative 1: Total Cost $ _____   Cost-effectiveness ratio: $ _____

Alternative 2: Total Cost $ _____   Cost-effectiveness ratio: $ _____

**4.** Will the regulation subject to OAL review have an estimated economic impact to business enterprises and individuals located in or doing business in California
exceeding $50 million in any 12-month period between the date the major regulation is estimated to be filed with the Secretary of State through 12 months
after the major regulation is estimated to be fully implemented?

☐ YES   ☒ NO

*If YES, agencies are required to submit a Standardized Regulatory Impact Assessment (SRIA) as specified in*
*Government Code Section 11346.3(c) and to include the SRIA in the Initial Statement of Reasons.*

**5.** Briefly describe the following:

The increase or decrease of investment in the State:   **None expected**

The incentive for innovation in products, materials or processes:   **Unknown**

The benefits of the regulations, including, but not limited to, benefits to the health, safety, and welfare of California
residents, worker safety, and the state's environment and quality of life, among any other benefits identified by the agency:

**Increased public safety as specified in the response to question C1 on the previous page.**

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT

**A. FISCAL EFFECT ON LOCAL GOVERNMENT** *Indicate appropriate boxes 1 through 6 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year which are reimbursable by the State. (Approximate)
   (Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

   $ _____

   ☐ a. Funding provided in _____

      Budget Act of _____ or Chapter _____ , Statutes of _____

   ☐ b. Funding will be requested in the Governor's Budget Act of _____

      Fiscal Year: _____

☐ 2. Additional expenditures in the current State Fiscal Year which are NOT reimbursable by the State. (Approximate)
   (Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

   $ _____

   *Check reason(s) this regulation is not reimbursable and provide the appropriate information:*

   ☐ a. Implements the Federal mandate contained in _____

   ☐ b. Implements the court mandate set forth by the _____ Court.

      Case of: _____ vs. _____

   ☐ c. Implements a mandate of the people of this State expressed in their approval of Proposition No. _____

      Date of Election: _____

   ☐ d. Issued only in response to a specific request from affected local entity(s).

      Local entity(s) affected: _____

   ☐ e. Will be fully financed from the fees, revenue, etc. from: _____

      Authorized by Section: _____ of the _____ Code;

   ☐ f. Provides for savings to each affected unit of local government which will, at a minimum, offset any additional costs to each;

   ☐ g. Creates, eliminates, or changes the penalty for a new crime or infraction contained in _____

☐ 3. Annual Savings. (approximate)

   $ _____

☐ 4. No additional costs or savings. This regulation makes only technical, non-substantive or clarifying changes to current law regulations.

☒ 5. No fiscal impact exists. This regulation does not affect any local entity or program.

☐ 6. Other. Explain _____

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT (CONTINUED)

**B. FISCAL EFFECT ON STATE GOVERNMENT** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☒ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ **$12,844,697**

*It is anticipated that State agencies will:*

☐ a. Absorb these additional costs within their existing budgets and resources.

☐ b. Increase the currently authorized budget level for the _____ Fiscal Year

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☐ 3. No fiscal impact exists. This regulation does not affect any State agency or program.

☒ 4. Other. Explain   **See Attachment A**
_____

**C. FISCAL EFFECT ON FEDERAL FUNDING OF STATE PROGRAMS** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ _____

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☒ 3. No fiscal impact exists. This regulation does not affect any federally funded State agency or program.

☐ 4. Other. Explain _____

| FISCAL OFFICER SIGNATURE | DATE |
|---|---|
| 🖎 | |

*The signature attests that the agency has completed the STD. 399 according to the instructions in SAM sections 6601-6616, and understands the impacts of the proposed rulemaking. State boards, offices, or departments not under an Agency Secretary must have the form signed by the highest ranking official in the organization.*

| AGENCY SECRETARY | DATE |
|---|---|
| 🖎 | |

*Finance approval and signature is required when SAM sections 6601-6616 require completion of Fiscal Impact Statement in the STD. 399.*

| DEPARTMENT OF FINANCE PROGRAM BUDGET MANAGER | DATE |
|---|---|
| 🖎 | |

**ATTACHMENT A**
**Ammunition Purchases or Transfers**
**Economic and Fiscal Impact Statement (Regulations and Orders)**
**STD. 399**

**Economic Impact Statement, Section B. Question 1.**

These regulations will have an economic impact on both businesses and individuals.

*Business Costs*

The implied economic costs for businesses that sell ammunition come from the processing time of the Standard Ammunition Eligibility Check.  The Department estimates that it will take approximately two minutes to process a Standard Ammunition Eligibility Check or Certificate of Eligibility (COE) verification, so the direct costs for an ammunition vendor can be derived from taking the approximate two-minute processing time and multiplying it by the 13 million transactions while valuing ammunition vendor staff time at $11 per hour.  In total, the annual direct cost for ammunition vendors to process these transactions is $4,766,667.  The initial and ongoing costs to small businesses is 60 percent of $4,766,667, or $2,860,000.  The total number of firearms dealers and ammunition vendors is 2,600, and the Department estimates 60 percent of those vendors are small businesses.  The initial and ongoing costs to a typical business is 40 percent of $4,766,667, or $1,906,667.

*Individual Costs*

The projected cost for an individual depends on how many ammunition purchases the person makes and whether the person undergoes a Standard Ammunition Eligibility Check, Basic Ammunition Eligibility Check, or COE verification.  The per-transaction cost for the Standard Ammunition Eligibility Check or COE verification is $1.00.  The cost for a Basic Ammunition Eligibility Check is $19.00.

In addition, ammunition purchasers will have implied costs from the processing time of the Standard Ammunition Eligibility Check.  Ammunition purchaser time is valued in the same manner as ammunition vendors, so the annual direct cost for ammunition purchasers is an estimated total of $4,766,667.

Ultimately, the cost to an individual depends on the number of ammunition transactions the person makes in a year.  If an individual elects to purchase all their ammunition for the entire year at once, his or her cost will only be $1 or $19, depending on the type of check the person has to undergo.

**Total Economic Impact Projections**

| Type of Direct Cost | Frequency | Unit Cost | Direct Cost |
|---|---|---|---|
| Standard Ammunition Eligibility Check | 13 million | $1 | $  13,000,000 |
| COE Verification | 154,000 | $1 | $       154,000 |
| Basic Ammunition Eligibility Check | 50,000 | $19 | $       950,000 |
| Vendor Staff Time | 13,154,000 x 2 minutes | $11 per hour | $    4,819,833 |
| Purchaser Time | 13,154,000 x 2 minutes | $11 per hour | $    4,819,833 |
|  |  | **Total Direct Cost:** | **$  23,743,666** |

**Fiscal Impact Statement, Section B. Question 1.**

_Fiscal Effect on State Government_

The initial costs of implementing the ammunition authorization program required the Department to incur a debt of $25,000,000 from the state's General Fund, as authorized by Penal Code section 30371. These initial program costs include personal services, operating expenses and equipment, system enhancements, infrastructure, and other costs. This debt will need to be repaid, with interest, as stipulated by the authorizing statute.

The Department estimates the annual fiscal expenses will be higher the first year, but will level out to $9,886,506 per year thereafter, as seen in the chart below.

Additionally, the Department estimates the annual fee revenues will be $14,104,000 per year. This calculation is based on an estimated 13 million Standard Ammunition Eligibility Checks, 154,000 COE verifications, and 50,000 estimated Basic Ammunition Eligibility Checks.

**Fiscal Impacts on State Government**

| Type of Cost | FY 19/20 | FY 20/21 | FY 21/22 | FY 22/23 | FY 23/24 |
|---|---|---|---|---|---|
| Loan balance | ($25,000,000) | ($25,000,000) | ($25,000,000) | ($22,000,000) | ($19,000,000) |
| Annual fiscal expenses | $12,844,697 | $9,886,506 | $9,886,506 | $9,886,506 | $9,886,506 |
| Repayment of Loan | $ 0 | $ 0 | $ 0 | $3,000,000 | $3,000,000 |
| Annual fee revenues | $14,104,000 | $14,104,000 | $14,104,000 | $14,104,000 | $14,104,000 |
| Net Balance | - $23,740,697 | - $19,523,203 | - $15,305,709 | - $14,088,215 | - $12,870,721 |

For fiscal years 19/20, 20/21, and 21/22, the Department will allow for the fund to build a reserve for economic uncertainties. This reserve will also be used to repay the General Fund loan that was authorized to the Department for implementation of the ammunition authorization program. By fiscal year 22/23, the Department will have a better estimate for annual revenues based on actual numbers, and at that time can adjust the fee accordingly. Additionally, depending on the stability of the fund and revenue trends, the Department may begin paying back the loan in fiscal year 22/23. Please note: although the chart above indicates payments will be made in increments of $3 million, the payment amount will depend on the stability of the fund and revenue trends.

Furthermore, these fiscal and economic estimates do not account for potential reductions in ammunition purchases due to individuals being prohibited because, in the Department's experience, often times individuals do not know they are prohibited until they attempt to purchase a firearm (and now ammunition.) The individual will pay the fee up front because all of the work will still be performed with the result being a denial upon finding an individual is prohibited.

Salaries are based on costs for both the Department's Bureau of Firearms (BOF) and California Justice Information Services division (CJIS). Resulting from the ammunition legislation, BOF has 59 new positions that are responsible for promulgating regulations, reviewing mental health and Automated Firearms System records, processing applications for Certificates of Eligibility, performing checks for the Basic Ammunition Eligibility Check, providing training to firearms dealers and ammunition vendors, inspecting firearm dealers and ammunition vendors, and enforcing ammunition laws.

The 14 new positions for CJIS are responsible for project planning, systems enhancements for multiple firearms systems, testing of the system enhancements, and ongoing maintenance of systems.

The annual fiscal expenses are broken down in the following chart.

| Year-to-Year Costs of Implementing the Ammunition Program | | | | | |
|---|---|---|---|---|---|
| *Annual Fiscal Expenses* | | | | | |
| PROJECTED FISCAL DETAIL EXPENDITURES | FY 19-20 | FY 20-21 | FY 21-22 | FY 22-23 | FY 22-23 |
| | | | | | |
| **PERSONAL SERVICES** | | | | | |
| Salaries | $5,839,347 | $4,515,371 | $4,515,371 | $4,515,371 | $4,515,371 |
| Staff Benefits | $2,167,604 | $2,146,682 | $2,146,682 | $2,146,682 | $2,146,682 |
| Total Personal Services | $8,006,951 | $6,662,053 | $6,662,053 | $6,662,053 | $6,662,053 |
| | | | | | |
| **OPERATING EXPENSES & EQUIPMENT** | | | | | |
| Standard Complement | $1,081,720 | $1,028,570 | $1,028,570 | $1,028,570 | $1,028,570 |
| Departmental Services | $154,079 | $154,079 | $154,079 | $154,079 | $154,079 |
| Total Operating Expenses & Equipment | $1,235,799 | $1,182,649 | $1,182,649 | $1,182,649 | $1,182,649 |
| | | | | | |
| **OTHER COSTS** | | | | | |
| Credit Card Processing Fees - First Data and American Express Contracts | $1,679,500 | $1,679,500 | $1,679,500 | $1,679,500 | $1,679,500 |
| System Maintenance/Record Keeping and Storage | $442,485 | $362,304 | $362,304 | $362,304 | $362,304 |
| Total Other Costs | $2,121,985 | $2,041,804 | $2,041,804 | $2,041,804 | $2,041,804 |
| | | | | | |
| **System Enhancements** | | | | | |
| AFS Database & Develop APRF Database | $0 | $0 | $0 | $0 | $0 |
| APPS Enhancements | $873,448 | $0 | $0 | $0 | $0 |
| BOF Systems Enhancements | $0 | $0 | $0 | $0 | $0 |
| Total System Enhancements | $873,448 | $0 | $0 | $0 | $0 |
| | | | | | |
| **Infrastructure** | | | | | |
| Hardware | $474,000 | $0 | $0 | $0 | $0 |
| Software | $132,514 | $0 | $0 | $0 | $0 |
| Total Infrastructure | $606,514 | $0 | $0 | $0 | $0 |
| | | | | | |
| **Grand Total Expenditures** | $12,844,697 | $9,886,506 | $9,886,506 | $9,886,506 | $9,886,506 |
| | | | | | |
| **PROJECTED FISCAL DETAIL REVENUE (1)** | $14,104,000 | $14,104,000 | $14,104,000 | $14,104,000 | $14,104,000 |
| $25 million GF Loan Repayment (2) | $0 | $0 | $0 | ($3,000,000) | ($3,000,000) |
| **Total Revenue** | $14,104,000 | $14,104,000 | $14,104,000 | $11,104,000 | $11,104,000 |
| | | | | | |
| (1) Revenue based on: | | | | | |
| 13 million Standard Ammunition Eligibility Checks @ $1 | | | | | |
| 154,000 COE verifications @ $1 | | | | | |
| 50,000 Basic Ammunition Eligibility Checks @ $19 | | | | | |
| | | | | | |
| (2) The Department Projects that it may be able to start paying off the GF loan in 22/23 | | | | | |

# EXHIBIT 10

The original proposed text is in single underline and single strikeout. Changes are illustrated by double underline for proposed additions and double strikeout for proposed deletions.

# California Code of Regulations
## Title 11, Division 5

## Chapter 11. Ammunition Purchases or Transfers

## Article 1. General

### § 4300. Title and Scope.

This chapter shall be known as the "Department of Justice Regulations for Ammunition Purchases or Transfers," and may be cited as such and referred to herein as "these regulations." The provisions of these regulations shall provide the directives for an individual to purchase or transfer ammunition into an individual's possession on or after July 1, 2019.

Note:   Authority cited: Sections 30352, and 30370, Penal Code. Reference: Sections 30305, 30312, 30314, 30352, and 30370, Penal Code.

### § 4301. Definition of Key Terms.

(a)      "AFS" means the Department's Automated Firearms System.

(b)      ~~"AFS record" means a firearm record on file with the Department that identifies an individual as an owner of a firearm. An AFS record has been established with the Department when an individual has purchased or transferred a rifle or shotgun from a firearms dealer on or after January 1, 2014, or an individual that has purchased or transferred a handgun from a firearms dealer at any time. An AFS record may also be established after the Department processes an individual's assault weapon registration or an individual's report of firearm ownership.~~

(b) "Ammunition vendor" means a person or entity having a valid license to sell ammunition, issued pursuant to Penal Code section 30385.

(c)      "ATN" means Ammunition Transaction Number issued by the Department.

(d)      "Automated Firearms System" is the name of a repository of firearm records maintained by the Department, as established by Penal Code section 11106.

(e)~~(d)~~   "Basic Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivision (c). The Department shall

conduct a Basic Ammunition Eligibility Check to authorize a California resident for a single ammunition transaction or purchase ~~one-time authorization to purchase or transfer ammunition~~.

(f)~~(e)~~   "Certificate of Eligibility or COE" means a certificate issued pursuant to Penal Code section 26710, which states that the Department has checked its records and determined that the applicant was ~~is~~ not prohibited from acquiring or possessing firearms ~~pursuant to Penal Code sections 29800, 29805, 29815 through 29825, and 29900, or Welfare and Institutions Code sections 8100 and 8103, or Title 18, sections 921 and 922 of the United States Code, or Title 27, Part 478.32 of the Code of Federal Regulations~~ at the time the check was performed ~~and which ensures that a person who handles, sells, delivers, or has under his or her custody or control any ammunition, is eligible to do so pursuant to Penal Code section 30347~~.

(g)~~(f)~~   "CFARS" means the Department's California Firearms Application Reporting System. An individual can access the CFARS website at the following web address: https://cfars.doj.ca.gov/login.do.

(h)~~(g)~~  "Department" means the California Department of Justice.

(i)~~(h)~~   "Dealer Record of Sale Entry System or DES" means the Department's website that an ammunition vendor will use to submit an ammunition purchaser's or transferee's information to the Department before the Department can approve an ammunition purchase or transfer. An ammunition vendor can access the DES website at the following web address: (https://des.doj.ca.gov/login.do).

(j)~~(i)~~   "Firearms dealer" means a person having a valid license to sell firearms issued pursuant to Penal Code section 26700.

(k)~~(j)~~   "Firearms eligibility check" means a state and federal background check, pursuant to Penal Code section 28220, that is used to determine an individual's eligibility to possess, receive, own, or purchase a firearm.

(l)~~(k)~~   "Head of the agency" means the chief of police or the director of public safety for a police department, the sheriff for a county sheriff's office, the head of an agency or their designee for a state law enforcement agency, and the manager in charge of any local field office for a federal law enforcement agency.

~~(l)        "One-Time Ammunition Transaction" means an ammunition purchase or transfer whereby an individual has undergone a Basic Ammunition Eligibility Check.~~

(m)      "Prohibited Armed Persons File" means the database established by Penal Code section 30000.

(n)~~(m)~~  "Purchaser or transferee" means an individual purchasing or transferring ammunition.

(o)~~(n)~~   "Standard Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivision~~s~~ (b).

(p)(o)   "Sworn federal law enforcement officer's credential" means identification indicating an individual is a sworn federal law enforcement officer ~~pursuant to Part 2, Chapter 4.5, of the Penal Code (commencing with section 830)~~.

(q)(p)   "Sworn state or local peace officer's credential" means identification indicating an individual is a sworn state or local peace officer pursuant to Part 2, Chapter 4.5, of the Penal Code (commencing with section 830).

Note:   Authority cited: Sections 30352, and 30370, Penal Code. Reference: Sections 11106, 16150, 16151, 26710, 30352, 30370, and 30385, Penal Code.

## Article 2. Ammunition Eligibility Checks: Standard and Basic

### § 4302.  Standard Ammunition Eligibility Check (AFS Match).

(a)      A purchaser or transferee is authorized to purchase ammunition if their information matches an entry in the Automated Firearm System and does not match an entry in the Prohibited Armed Persons File.

(1)      A purchaser or transferee may request, through an ammunition vendor, the Department to conduct a Standard Ammunition Eligibility Check, to determine if the ammunition purchaser or transferee qualifies for this authorization.

(b)(a)   As authorized by Penal Code section 30370, subdivision (e), the fee for a Standard Ammunition Eligibility Check is $1.00.

(c)(b)   The ammunition vendor shall collect the purchaser's or transferee's name, date of birth, current address and driver license or other government identification number in the manner described in Penal Code section 28180, and telephone number, and enter this information into the DES website.

(d)(c)   Upon the Department's completion of the Standard Ammunition Eligibility Check, the ~~The~~ Department shall then update the purchaser's or transferee's DES record to instruct the ammunition vendor to approve or reject the purchase or transfer.

(e)(d)   If the purchase or transfer is rejected, the ammunition vendor shall provide the purchaser or transferee with an ATN that can be used to obtain the reason for the rejection through the Department's CFARS website.

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 28180, 30352, and 30370, Penal Code.

**§ 4303. ~~One-Time Ammunition Transactions~~ Basic Ammunition Eligibility Check (Single Transaction or Purchase).**

~~One-time ammunition purchases or transfers may be completed using a Basic Ammunition Eligibility Check.~~

(a)      A purchaser or transferee is authorized to purchase ammunition if they are not prohibited from purchasing or possessing ammunition, subsequent to affirmation by the Department.

     (1)      A purchaser or transferee may request, through an ammunition vendor, the Department to conduct a Basic Ammunition Eligibility Check, to determine if the purchaser or transferee qualifies for this authorization.

     (2)      A purchaser or transferee may instead seek authorization by following the procedure set forth by section 4302, 4304, 4305, or 4306, as applicable.

(b)~~(a)~~   As authorized by Penal Code section 30370, subdivision (c), the fee for a Basic Ammunition Eligibility Check is $19.00.

(c)~~(b)~~   The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, gender, hair color, eye color, height, weight, and driver license or other government identification number, in the manner described in Penal Code section 28180, and telephone number, United States citizenship status, federal Alien Registration Number or I94 (if applicable), place of birth, alias name(s), race, and enter this information into the DES website.

(d)~~(c)~~   The ammunition vendor will provide the purchaser or transferee an ATN to monitor the status of the Basic Ammunition Eligibility Check through the Department's CFARS website.

     (1)      An approved Basic Ammunition Eligibility Check can only be used for one ammunition purchase or transfer, and the approval expires 30~~=~~ calendar days from when it is issued.

     (2)      If the Basic Ammunition Eligibility Check is denied, the Department shall notify the purchaser or transferee of the reason for the denial via U.S. Mail.

(e)~~(d)~~   Upon the Department's completion of a Basic Ammunition Eligibility Check, the Department shall update the purchaser's or transferee's DES record. ~~The ammunition vendor shall deliver the ammunition to the purchaser or transferee only if the status of the Basic Ammunition Eligibility Check is "Approved."~~

Note:   Authority cited: Sections 30352 and 30370, Penal Code,. Reference: Sections 28180, 30352, and 30370, Penal Code and section 922, title 18, United States Code.

  
## Article 3. Purchasing of a Firearm and Ammunition in a Single Transaction

### § 4304. Firearms Eligibility Check.

(a)      When an individual is purchasing or transferring a firearm and ammunition in the same transaction, the Department shall complete a firearms eligibility check before the purchaser or transferee can take possession of the firearm or ammunition.

(b)(a)   Except as provided in subdivision (c)(b), a purchaser or transferee of a firearm and ammunition in the same transaction shall only pay the fee for the firearms eligibility check as prescribed in section 4001 of this title.

(c)(b)   If the purchaser or transferee described in Penal Code section 30370, subdivision (a)(1) or (a)(2) wants to take possession of the ammunition before the Department completes the firearms eligibility check, the purchaser or transferee shall conduct a separate transaction following the procedure set forth by section 4302, 4303, 4305, or 4306, as appropriate, and pay any associated fee pay the $1.00 fee for the Standard Ammunition Eligibility Check or the Department's COE verification process, and be approved by the Department prior to taking possession of the ammunition.

Note:   Authority cited: Section 30352, Penal Code. Reference: Sections 28220, 30352, 30370, Penal Code.


## Article 4. COE Verification Process

### § 4305. COE Verification Process.

Pursuant to Penal Code section 30370, subdivision (a)(2), the Department shall process a COE holder's ammunition purchase or transfer.

(a)      A purchaser or transferee is authorized to purchase ammunition if they hold a current Certificate of Eligibility, subsequent to verification by the Department.

(1)      A purchaser or transferee may request, through an ammunition vendor, the Department to conduct a COE Verification, to determine if the purchaser or transferee qualifies for this authorization.

(b)(a)   As authorized by Penal Code section 30370, subdivision (e) (e), the fee for COE verification is $1.00.

(c)(b)   The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, and driver license or other government identification number, in the manner described in Penal Code section 28180, telephone number, and COE number, and enter the information into the DES website.

(d)~~(c)~~   Upon the Department's completion of the COE Verification, the ~~The~~ Department shall then update the purchaser's or transferee's DES record to instruct the ammunition vendor to approve or reject the ammunition purchase or transfer.

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Section 26710 and 30370, Penal Code.


# Article 5. Ammunition Purchases or Transfers; Exempted Individuals

### § 4306. Ammunition Purchases or Transfers for Exempted Individuals.

(a)      The following types of identification will properly identify an individual who is exempt pursuant to Penal Code section 30352, subdivision (e) from Department approval to purchase or transfer ammunition.

(1)      ~~A valid Federal Firearms License.~~

(2)      ~~An authorized law enforcement representative's written authorization from the head of the agency authorizing the ammunition purchase or transfer.~~

(3)      ~~A centralized list of exempted federal firearms licensee's Department-issued certificate indicating the individual is on the centralized list of exempted federal firearms licensees.~~

(4)      ~~A sworn state, or local peace officer's credential and verifiable written certification from the head of the agency.~~

(5)      ~~A sworn federal law enforcement officer's credential and verifiable written certification from the head of the agency.~~

(1)      An ammunition vendor shall present a valid Ammunition Vendor License issued pursuant to Penal Code section 30385.

(2)      A person who is on the centralized list of exempted federal firearms licensees maintained by the Department shall present a Department-issued Listing Acknowledgement Letter indicating the individual is currently on the centralized list of exempted federal firearms licensees.

(3)      A gunsmith shall present a valid Type 01 Federal Firearms License.

(4)      A wholesaler shall present a valid Type 01 Federal Firearms License.

(5)      A manufacturer of firearms shall present a valid Type 07 Federal Firearms License.

(6)     An importer of firearms or ammunition shall present a valid Type 08 Federal Firearms License.

(7)     A manufacturer of ammunition shall present a valid Type 06 Federal Firearms License.

(8)     An authorized law enforcement representative of a city, county, city and county, or state or federal government shall present written authorization from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(7).

(9)     A properly identified sworn peace officer, as defined in Chapter 4.5 of Title 3 of Part 2 of the Penal Code, who is authorized to carry a firearm in the course and scope of the officer's duties, shall present both:

    (A)     A sworn state, or local peace officer's credential, and

    (B)     Verifiable written certification from the head of the agency, as described by Penal Code section 30352, subdivision (e)(8)(B)(i).  The verifiable written certification from the head of the agency expires 30 days after issuance.

(10)    A properly identified sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties, shall present both:

    (A)     A sworn federal law enforcement officer's credential, and

    (B)     Verifiable written certification from the head of the agency, as described by Penal Code section 30352, subdivision (e)(8)(B)(i). The verifiable written certification from the head of the agency expires 30 days after issuance.

~~(b)     The ammunition vendor shall keep a photocopy of the front and back of the sworn state or local peace officer's credential and California Driver License, or a photocopy of the front and back of a sworn federal law enforcement officer's business card and driver license. In addition, the ammunition vendor shall keep the verifiable written certification from the head of the agency. The verifiable written certification from the head of the agency expires 30 days after issuance. The ammunition vendor shall make a copy of these records available to the Department upon request.~~

(b)     For persons identified pursuant to subdivisions (a)(9) and (10) of this section, the ammunition vendor shall keep a photocopy of the front and back of the credential and the identification document provided pursuant to subdivision (c) of this section, along with the original verifiable written certification from the head of the agency.  The ammunition vendor shall make a copy of these records available to the Department upon request.

(1)      If the law enforcement agency does not allow photocopies to be made of the credential, the ammunition vendor shall retain a business card from the sworn law enforcement officer after personally viewing the credential.

(c)      At the time of delivery, the ammunition vendor COE holder, authorized associate, or salesperson shall require the purchaser or transferee to provide an identification document that meets the requirements of Penal Code section 16300, to verify that the person who is receiving delivery of the ammunition is the person exempted pursuant to Penal Code section 30352, subdivision (e).

(d)(c)   Once the ammunition vendor has verified the individual is exempt from Department approval to purchase or transfer ammunition, the ammunition vendor may process an ammunition purchase or transfer without Department approval.

Note:   Authority cited: Section 30352, Penal Code. Reference: Section 30352, Penal Code.


## Article 6. Telephonic Access for Ammunition Vendors

### § 4307. Telephonic Access for Ammunition Vendors.

Ammunition vendors without accessibility to an Internet connection due to their telephone service provider, or other Internet service providers, not being able to provide access to an Internet connection at their place of business may acquire telephonic access to the Department, for the Department to manually determine if a purchaser or transferee is eligible to own or possess ammunition. Ammunition vendors seeking telephonic access to the Department shall complete an Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018), which is hereby incorporated by reference. Telephonic access to the Department will be available during the Department's Customer Support Center business hours.

(a)      Ammunition vendors shall acquire documentation from their telephone/Internet service provider stating that the service provider does not offer Internet service at the ammunition vendor's place of business.

(b)      After the ammunition vendor has completed the application for telephonic access, the ammunition vendor shall mail the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018) and the documentation in paragraph (a) of this section, to the Department at the following address:

Department of Justice
Bureau of Firearms
P.O. Box 160487
Sacramento, California 95816

(c)      The Department shall notify the ammunition vendor via U.S. Mail of the Department's determination to approve or deny the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018).

Note:   Authority cited: Section 30370, Penal Code. Reference: Section 30370, Penal Code.


## Article 7. Delivery of Ammunition and Billing

### § 4308. Delivery of Ammunition Following DES Submission.

(a)      If the Department approves an ammunition purchase or transfer as described by sections 4302, 4303 or 4305 ~~through 4307~~ of these regulations, the DES transaction record will change from "Pending" to "Approved."

(b)      Ammunition may be delivered to the purchaser or transferee only if the status of the DES transaction record is "Approved."

(c)      At the time of delivery, the ammunition vendor COE holder, authorized associate, or salesperson shall do the following:

(1)      Require the purchaser or transferee to provide an identification document that meets the requirements of Penal Code section 16300, to verify that the person who is receiving delivery of the ammunition is the person authorized to purchase ammunition.

(2)      Access ~~access~~ the approved DES ammunition transaction by the name of the purchaser or transferee, and submit the ammunition sale information required by Penal Code section 30352, subdivision (a) ~~to record the time and date the ammunition is delivered~~.

Note:   Authority cited: Sections 30352, and 30370, Penal Code. Reference: Section 30352, and 30370, Penal Code.


### § 4309. Billing, Payment, and Suspension for Non-Payment.

(a)      Monthly billing statements for the previous month's ammunition eligibility check and COE verification activity will be delivered electronically via DES to the ammunition vendor's account on the first day of each month.

(b)      Payment shall be made using a major credit card or debit card. The balance due as indicated on the monthly billing statement shall be paid in full within 30 days of the billing statement date ~~(first day of month)~~.

(c) If payment for the previous month's ammunition eligibility check and COE verification activity is not made within 30 days, the ammunition vendor's access (all COE holders and employees) to DES will be suspended until full payment for the past due amount is received.

(d) While suspended, an ammunition vendor will be unable to process or conduct an ammunition purchase or transfer but will maintain the status as a licensed ammunition vendor.

Note: Authority cited: Section 30370, Penal Code. Reference: Sections 30370, 30385, 30390, and 30395, Penal Code.

## CERTIFICATE OF SERVICE
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Rhode, et al. v. Becerra*
Case No.: 3:18-cv-00802-JM-JMA

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION; EXHIBITS 1-10**

on the following parties by electronically filing the foregoing on July 22, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nelson R. Richards
Deputy Attorney General
nelson.richards@doj.ca.gov
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
    *Attorneys for Defendant Attorney
    General Xavier Becerra*

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2019, at Long Beach, CA.

*s/ Laura Palmerin*
Laura Palmerin

CERTIFICATE OF SERVICE

18cv802