1  C.D. Michel – SBN 144258
2  Sean A. Brady – SBN 262007
   Matthew D. Cubeiro – SBN 291519
3  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Boulevard, Suite 200
4  Long Beach, CA 90802
   Telephone: (562) 216-4444
5  Facsimile: (562) 216-4445
   Email: cmichel@michellawyers.com
6
7  Attorneys for Plaintiffs

8                  **UNITED STATES DISTRICT COURT**
9
                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  KIM RHODE, et al.,                    | Case No.: 3:18-cv-00802-BEN-JLB

12                          Plaintiffs,   | **EXHIBITS 11-34 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**
13              v.

14  XAVIER BECERRA, in his official
15  capacity as Attorney General of the State
    of California,                        | Hearing Date:    August 19, 2019
16                                         | Hearing Time:    10:30 a.m.
                            Defendant.     | Courtroom:       5A
17                                         | Judge:           Hon. Roger T. Benitez

18                                         | [Filed concurrently with Notice of Motion and Motion for Preliminary Injunction, Memorandum of Points and Authorities, Declarations of Sean A. Brady, Richard Travis, James Gilhousen, Dan Wolgin, Denise Welvang, Scott Lindemuth, Bill Ortiz, David Burwell, Chris Puehse, Travis Morgan, Ethan Bartel, Myra Lowder, Daniel Gray, Christina McNab, and George Dodd]
19
20
21
22
23
24
25
26
27
28

                                  1

# TABLE OF CONTENTS FOR EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Proposition 63 (2016) | 1-38 |
| 2 | Senate Bill No. 1235 (2015-2016 Reg. Sess.) | 39-55 |
| 3 | *Notice of Proposed Rulemaking*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (Dec. 14, 2018) | 56-64 |
| 4 | *Initial Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 65-75 |
| 5 | *Economic and Fiscal Impact Statement*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 76-82 |
| 6 | *Text of Proposed Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 83-90 |
| 7 | *Notice of Modification to Text of Proposed Regulations, Initial Statement of Reasons Addendum, and revised Economic and Fiscal Impact Statement (STD. 399)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 91-92 |
| 8 | *Initial Statement of Reasons Addendum*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 93-104 |
| 9 | *Economic and Fiscal Impact Statement (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 105-113 |
| 10 | *Text of Proposed Regulations (Revised)*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 114-124 |

| 11 | *Updated Informative Digest*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice (April 23, 2019) | 125-127 |
| 12 | *Final Statement of Reasons*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 128-299 |
| 13 | *Text of Adopted Regulations*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, California Department of Justice | 300-308 |
| 14 | *Notice of Approval of Regulatory Action*, Ammunition Purchases or Transfers – Title 11, Division 5, Chapter 11, OAL File No. Z-2018-1204-08, Office of Administrative Law (June 24, 2019) | 309-310 |
| 15 | *Notice of Proposed Emergency Action*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 311-312 |
| 16 | *Finding of Emergency*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 313-322 |
| 17 | *Economic and Fiscal Impact Statement*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 323-329 |
| 18 | *Text of Emergency Regulations*, Identification Requirements for Firearms and Ammunition Eligibility Checks – Title 11, Division 5, Chapter 4, California Department of Justice (June 10, 2019) | 330-335 |
| 19 | *Recent Actions on Emergency Regulations*, Office of Administrative Law | 336-352 |
| 20 | *Important Notice: California Department of Justice Update Regarding the Use of "Federal Limits Apply" Driver Licenses and Identification Cards to Perform Eligibility Checks*, California Department of Justice (June 27, 2019) | 353-356 |

| 21 | *Important Notice: California Department of Justice Notification and Instructions for Clearing Web Browser "Cookies and Cache" on July 1, 2019*, California Department of Justice (June 28, 2019) | 357-363 |
| 22 | *Important Notice: Regarding Availability of Instructional User Guides Related to Upcoming Ammunition Sale Requirements*, California Department of Justice (June 28, 2019) | 364-379 |
| 23 | *Additional Documentation Requirements for Eligibility Checks with Federal Non-Compliant California Driver License or Identification Cards*, California Department of Justice | 380-384 |
| 24 | *Ammunition Purchase Authorization Program*, California Department of Justice | 385-393 |
| 25 | *Frequently Asked Questions: Ammunition Vendor Licensing FAQ's*, California Department of Justice | 394-403 |
| 26 | *Frequently Asked Questions: Ammunition Purchases*, California Department of Justice | 404-423 |
| 27 | *Becoming A Firearm Dealer And/Or Ammunition Vendor In California*, California Department of Justice | 424-438 |
| 28 | *Automated Firearms System Personal Information Update*, California Department of Justice | 439-447 |
| 29 | *REAL ID: Easy as 1-2-3*, California Department of Motor Vehicles | 448-449 |
| 30 | *Citizenship Evidence*, U.S. Department of State, Bureau of Consular Affairs | 450-455 |
| 31 | *United States Passport Fees*, U.S. Department of State, Bureau of Consular Affairs | 456-457 |
| 32 | *Certificate of Eligibility*, California Department of Justice, Bureau of Firearms | 458-467 |
| 33 | *National Instance Criminal Background Check System (NICS)*, Federal Bureau of Investigation | 468-473 |
| 34 | *REAL ID Act*, California Department of Motor Vehicles | 474-477 |

4

REQUEST FOR JUDICIAL NOTICE ISO MOT. FOR PRELIMINARY INJUNCTION

18cv802

# EXHIBIT 11

# UPDATED INFORMATIVE DIGEST

**California Code of Regulations**

**Title 11, Division 5**

**Chapter 11: Ammunition Purchases or Transfers**

Prior to the passage of Proposition 63 of 2016 (The Safety for All Act) and Senate Bill (SB) 1235 (2016), the sale or transfer of ammunition was not regulated by existing law. Penal Code section 30305 had established that an individual who is prohibited from owning or possessing a firearm is also prohibited from owning or possessing ammunition. Both Proposition 63 and SB 1235(2016) authorize the Department to complete an ammunition eligibility check or to verify that an individual's Certificate of Eligibility (COE) is valid when the individual purchases or transfers ammunition from or through an ammunition vendor. Prior to voter approval of The Safety for All Act and the enactment of SB 1235 (2016), the Department had no mechanism to regulate the sale of ammunition, meaning the Department could not stop a prohibited individual from purchasing or receiving ammunition.

The Legislature enacted SB 1235 (2016) and the voters approved Proposition 63, delegating the authority to the Department to write regulations to implement, interpret, and make specific certain Penal Code sections regulating the sale and transfer of ammunition.

The Department of Justice has made the following substantive changes to the regulations originally proposed in the Notice of Proposed Action:

*Section 4301* was modified to delete the definition of "AFS record" and "One-Time Ammunition Transaction," as those definitions were unnecessary. The definition of "Certificate of Eligibility or COE" was amended to remove unnecessary information. Definitions of the terms "Ammunition vendor," "Automated Firearms System," and "Prohibited Armed Persons File," were added, as those terms are used in these regulations.

*Section 4302* was modified to explain the purpose of the Standard Ammunition Eligibility Check and to provide direction to ammunition purchasers or transferees as to whether that eligibility check is an appropriate method for them to secure authorization, and how to request it. The regulation was further modified to provide clarity regarding when the Department will instruct an ammunition vendor to approve or reject a purchase or transfer, and the medium by which that will be communicated. Additionally, the Department clarified that a purchaser or transferee who is rejected is able to use the Department's California Firearms Application Reporting System (CFARS) to obtain the reason for the rejection.

*Section 4303* was modified to explain the purpose of the Basic Ammunition Eligibility Check and to provide direction to ammunition purchasers or transferees as to whether that eligibility check is an appropriate method for them to secure authorization, and how to request it.  The regulation was further modified to delete an unnecessarily repetitive clause regarding when an ammunition vendor shall deliver ammunition.

*Section 4304* was modified to clarify that, for a transaction that includes both firearms and ammunition together, neither the firearm nor the ammunition may be delivered until the completion of the firearms eligibility check.  The regulation was further modified to provide clarity regarding how a purchaser or transferee may conduct a separate transaction, if they want to take possession of the ammunition before the firearms eligibility check is finalized.  As a separate transaction, the purchaser or transferee must follow one of the methods for securing authorization to purchase ammunition, or to properly identify oneself as exempt.

*Section 4305* was modified to explain the purpose of the COE Verification process and to provide direction to ammunition purchasers or transferees as to whether that process is an appropriate method for them to secure authorization, and how to request it.  The regulation was further modified to include the purchaser or transferee's telephone number, as one piece of personal information that must be collected and transmitted to the Department.  In addition, this section was modified to clarify that after completion of a COE Verification process the Department will update the DES record.

*Section 4306* was modified to specify which types of identification will properly identify each category of persons identified by Penal Code section 30352, subdivision (e) as being exempt from the ammunition authorization requirements. The regulation was further modified to allow an ammunition vendor to keep a business card from any sworn law enforcement officer, rather than a photocopy of the officer's credential, if their agency does not allow for credentials to be photocopied.  As originally noticed, an ammunition vendor was required to retain a business card and a photocopy of a driver license for each federal law enforcement officer.  Additionally, instructions are provided to the ammunition vendor, associates and salespersons regarding the requirement that they verify, pursuant to Penal Code section 30352, subdivision (c), that the person receiving delivery of ammunition is the person exempted by Penal Code section 30352, subdivision (e).

*Section 4308* was modified to reflect the fact that only the eligibility checks and COE verification will involve a DES transaction record that will change upon approval.  The regulation was further modified to include the requirement the ammunition vendor, associates and salesperson verify, pursuant to Penal Code section 30352, subdivision (c), that the person receiving delivery of ammunition is the person authorized to purchase ammunition.  Additionally, the requirement that the "time" of the transaction be submitted was removed, and instead the requirements in Penal Code section 30352, subdivision (a) are included, by reference.

Except as set forth above, there are no other changes in applicable laws or to the effect of the proposed regulations from the laws and effects described in the Notice of Proposed Action.

# EXHIBIT 12

# FINAL STATEMENT OF REASONS
## California Code of Regulations
## Title 11, Division 5
## Chapter 11: Ammunition Purchases or Transfers

UPDATE OF INITIAL STATEMENT OF REASONS

The Department modified the initially proposed text of the regulations such that the numbering of the subdivisions has changed.  This Final Statement of Reasons refers to the subdivision numbers as they appear in the final proposed text of the regulations.

**§ 4300. Title and Scope**

The Department amended the authority and reference sections to delete unnecessary commas. These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

**§ 4301. Definition of Key Terms**

The Department deleted the definition of "AFS record," because that term does not appear in the regulations and therefore was not necessary to define.

The Department added the term "ammunition vendor," as those persons or entities licensed pursuant to Penal Code section 30385.  This is necessary because only those vendors are required by Penal Code sections 30352 and 30370, which these regulations implement, to follow the procedure enacted by these proposed regulations.

The Department added the term "Automated Firearms System" and its definition.  The proposed definition explains the term by referencing the Penal Code section that authorizes the establishment and maintenance of that system.  This was necessary because sections 4301(b) and 4302(a) refer to the Automated Firearms System, and the Department determined that a definition of the term would clarify the regulations by providing a simple description of the system and providing a citation that allows for further reference.

The Department amended the definition of "Basic Ammunition Eligibility Check" to mirror the language used in Penal Code section 30370, subdivision (c), which authorizes the process that the Department has named the "Basic Ammunition Eligibility Check."  Using the same language in the regulations as in statute will provide greater clarity on the definition of the "Basic Ammunition Eligibility Check."

The Department amended the definition of "Certificate of Eligibility or COE" to directly refer to the statute that authorizes a COE, and to delete the additional references that describe what is checked before a COE may be granted and why a COE may be granted.  The Department

determined that the deleted information reduced the clarity of the definition by presenting too much information.  The regulation is made clearer by providing a simple description of the certificate and providing a citation that allows for further reference.

The Department further amended the definition to add punctuation that clearly indicate that the terms "Certificate of Eligibility" and "COE" are separate, yet interchangeable, terms.  These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the definition of "Dealer Record of Sale Entry System" or "DES"  to add punctuation that clearly indicate that the terms "Dealer Record of Sale Entry System" and "DES" are separate, yet interchangeable, terms.  The Department further amended the definition to delete the parentheses surrounding the web address.  The parentheses were not necessary to demarcate the web address, and may have led to confusion as to how to type the web address.  These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the definition of "Firearms eligibility check" to make a grammatical change.  The "check," as a process, is a noun, and the sentence requires a verb ("conducted").  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department deleted the definition of "One-Time Ammunition Transaction" because that term is no longer the title of section 4303.  The term also differed from the statutory language ("single ammunition transaction or purchase") in Penal Code section 30370, subdivision (c), and the Department determined that it was both confusing and not necessary.

The Department added the term "Prohibited Armed Persons File" and its definition.  This term is used in section 4302(a) and in the statute that that proposed regulation implements, Penal Code section 30370, subdivision (b).  The proposed definition explains the term by reference to the Penal Code section that authorizes the establishment and maintenance of the File.

The Department amended subdivision (o) of this section to correct a grammatical error.  The word "subdivision" should be singular, not plural.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the definition of the term "Sworn federal law enforcement officer" to delete a citation to the California Penal Code.  The Department determined that it is not necessary to cite the Penal Code, because although federal law enforcement officers are discussed by that Code (e.g. section 830.8), they are not defined therein.

The Department amended the authority and reference sections to delete unnecessary commas. These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the reference section to include Penal Code sections 11106 and 30385, which are newly referenced in the definitions of "Automated Firearms System" and "ammunition vendor," respectively.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

### § 4302. Standard Ammunition Eligibility Check (AFS Match).

The Department has amended the title of this section from "Standard Ammunition Eligibility Check" to "Standard Ammunition Eligibility Check (AFS Match)".  This is necessary to provide greater clarity, as the title will now immediately inform the public that the Standard Ammunition Eligibility Check is the ammunition eligibility check that implements Penal Code section 30370, subdivisions (a)(1) and (b), the defining feature of which is that the purchaser or transferee's information "matches an entry in the Automated Firearms System (AFS)".

The Department has added subdivision (a), which introduces the section by interpreting Penal Code section 30370, subdivisions (a), (a)(1) and (b).  This is necessary to introduce the purpose of section 4302 and to provide clarity regarding that section of Penal Code.

The Department has added subdivision (a)(1) to further interpret Penal Code section 30370 and to provide a name for the eligibility check authorized by that section.  Because a purchase or transfer is initiated by a purchaser or transferee, the Department has clarified that it is the purchaser or transferee who initiates the Standard Ammunition Eligibility Check.  Because Penal Code section 30370, subdivision (d) prohibits an ammunition vendor from selling or transferring ammunition without the Department's approval, and section 30352, subdivision (d) mandates ammunition vendors to verify with the Department that a person is authorized to purchase ammunition, the Department has clarified that the purchaser or transferee is to request the Standard Ammunition Eligibility Check through an ammunition vendor.  In conjunction with section 4302, subdivisions (c) and (d), subdivision (a)(1) makes clear the roles of the Department, the ammunition vendor, and the purchaser or transferee.

The Department has amended subdivision (d) to clarify when the Department will instruct the ammunition vendor to approve or reject the purchase or transfer, and the manner by which the Department will communicate its determination.  This change is necessary to specify how the ammunition vendor will be able to comply with Penal Code section 30370, subdivision (d), which prohibits an ammunition vendor from selling or transferring ammunition without the Department's approval, and section 30352, subdivision (d), which mandates ammunition vendors to verify with the Department that a person is authorized to purchase ammunition. This amendment also aligns the Standard Ammunition Eligibility Check process with the Basic

Ammunition Eligibility Check process, as described by section 4303(e) and the amended COE Verification process, as implemented in section 4305(d).

The Department has amended subdivision (e) to specify that the ATN can be used by accessing the Department's CFARS website.  Prior to this change, it was unclear how, specifically, the attempted purchaser or transferee would use the ATN.  This change also aligns the Standard Ammunition Eligibility Check process with the Basic Ammunition Eligibility Check process, as implemented in section 4303(d).

The Department further amended this section to make nonsubstantial changes to punctuation and grammar.  For example, although the California Department of Motor Vehicles refers to a "driver license," the statutes that are implemented by this regulation refer to that document as a "driver's license." The Department has amended the regulation to follow the statutory language. This, and the other punctuation and grammatical changes are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the authority section to include Penal Code section 30352.  That section provides partial authority for the requirement in subdivision (c) for the Standard Ammunition Eligibility Check to require that the purchaser or transferee provide a telephone number.

The Department amended the reference section to delete an unnecessary comma.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

### § 4303. Basic Ammunition Eligibility Check (Single Transaction or Purchase).

The Department amended the title of this section from "One-Time Ammunition Transactions" to "Basic Ammunition Eligibility Check (Single Transaction or Purchase)," to provide greater clarity.  Title now introduces the name of the eligibility check, and aligns with the titles of the other sections that provide methods of verifying authorization to purchase or transfer ammunition.  The parenthetical phrase mirrors language used in Penal Code section 30370, subdivisions (a)(3) and (c), and will immediately inform the public that the Basic Ammunition Eligibility Check is the ammunition eligibility check that implements those provisions. Although each ammunition transaction must be approved by the Department prior to purchase or transfer, regardless of the method of obtaining authorization, per Penal Code section 30370, or exemption from the requirement to obtain authorization, per Penal Code 30352, the Department determined that the intent of the legislature in using "single transaction or purchase" to repeatedly describe the eligibility check that the Department has named the "Basic Ammunition Eligibility Check" was because the defining feature of the subdivisions implemented by the Basic Ammunition Eligibility Check is that the purchaser or transferee has neither an entry in the AFS nor a Certificate of Eligibility, nor belongs to one of those classes of persons exempt from needing to obtain authorization, and so the purchase of ammunition is presumed to be a rare, or

singular event.  This comports with the Department's estimate that fewer than 2% of eligibility checks will be conducted by means of a Basic Ammunition Eligibility Check.

The Department has added subdivision (a), which introduces the section by interpreting Penal Code section 30370, subdivisions (a), (a)(3) and (c).  This is necessary to introduce the purpose of section 4303 and to provide clarity regarding that section of Penal Code.  Any person who is not prohibited, broadly speaking, may be authorized in any number of ways.  Conversely, any person who is prohibited will not be authorized, as the prohibiting event will be revealed during the manual Basic Ammunition Eligibility Check; the prohibiting event will result in an entry into the Prohibited Armed Persons File and so lead to a denial of a Standard Ammunition Eligibility Check; and the prohibiting event will result in the termination of a Certificate of Eligibility and so lead to a denial of a COE Verification.  Of these three, the Basic Ammunition Eligibility Check is potentially applicable to the greatest number of people — per Penal Code section 30370, subdivision (c), this includes any person who is not prohibited.  By contrast, as stated in the ISOR Addendum, there are 22,000 COE holders who would be authorized subsequent to a COE verification, and 4.5 million people with distinct entries in the Automated Firearms System (still, the Department estimates that 98% of eligibility checks will be requested by such persons, who possess or are otherwise involved in activities related to firearms, and who thus would be authorized to purchase ammunition subsequent to a Standard Ammunition Eligibility Check or COE verification).  Subdivision (a)(2) will provide greater clarity as to which method of obtaining authorization may best apply to a purchaser or transferee who may qualify for the more narrowly-defined paths to authorization (or exemption from authorization).

The Department has added subdivision (a)(1) to further interpret Penal Code section 30370 and to provide a name for the eligibility check authorized by that section.  Because a purchase or transfer is initiated by a purchaser or transferee, the Department has clarified that it is the purchaser or transferee who initiates the Basic Ammunition Eligibility Check.  Because Penal Code section 30370, subdivision (d) prohibits an ammunition vendor from selling or transferring ammunition without the Department's approval, and section 30352, subdivision (d) mandates ammunition vendors to verify with the Department that a person is authorized to purchase ammunition, the Department has clarified that the purchaser or transferee is to request the Basic Ammunition Eligibility Check through an ammunition vendor.  In conjunction with section 4303, subdivisions (c), (d) and (e), subdivision (a)(1) makes clear the roles of the Department, the ammunition vendor, and the purchaser or transferee.

The Department has added subdivision (a)(2) to further clarify the interpretation in subdivision (a) that persons are authorized to purchase ammunition if they are not prohibited, subsequent to affirmation by the Department.  In light of the fact that the Department does not have the authority to mandate which procedure a purchaser or transferee uses to seek authorization to purchase ammunition, the Department determined that the most effective way of clarifying the multiple ways of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements.  Persons who are not prohibited may request a determination pursuant to (a)(1), but those persons may also seek authorization by following the alternative procedures, as applicable.

The Department has amended subdivision (c) to include a hyphen between the capital letter "I" and the number "94."  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (c) to include the word "and" at the end of the list of information that must be collected for a Basic Ammunition Eligibility Check.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department has amended subdivision (e) to delete the requirement that the ammunition vendor only deliver the ammunition if the status of the Basic Ammunition Eligibility Check is "approved."  The Department determined that it was not necessary to include here because the same requirement is already provided in section 4308(b), and duplicating that provision made the regulation less clear.

The Department further amended this section to make nonsubstantial changes to punctuation and grammar.  For example, although the California Department of Motor Vehicles refers to a "driver license," the statutes that are implemented by this regulation refer to that document as a "driver's license." The Department has amended the regulation to follow the statutory language.  This, and the other punctuation and grammatical changes are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the authority section to include Penal Code section 30352.  That section provides partial authority for the interpretation of the statute in subdivision (a), and it provides the authority for the requirement in subdivision (c) for the Basic Ammunition Eligibility Check to require that the purchaser or transferee provide a telephone number.

The Department further amended the authority section to delete an unnecessary comma at the end of the sentence.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the reference section to include Section 922, Title 18 of the United States Code, because that section provides information regarding federal prohibitions on ammunition that are relevant to understanding why the Department requires the information collected in subdivision (c).

The Department further amended the reference section to delete a comma, to add a semicolon, and to capitalize the words "Section" and "Title." These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

**§4304.  Firearms Eligibility Check.**

The Department amended subdivision (a) to add a number to what had been the prefatory text, as originally noticed.  This change allows for subdivision (a) to be easily referenced.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (a) to include the relevant provision of Penal Code section 30352(c) under the condition provided by (c)(2) – specifically, that the *ammunition* shall not be delivered without proper authorization.  This is necessary to provide clarity to the regulations and to accurately interpret that section of Penal Code.

The Department amended subdivision (c) to make clear that a person who wishes to take possession of ammunition prior to the completion of a firearms eligibility check must conduct a separate transaction following one of the alternative procedures of obtaining authorization, or qualifying for an exemption, as applicable.  Any one of the alternatives is available to the purchaser or transferee, not just the Standard Ammunition Eligibility Check or the Basic Ammunition Eligibility Check, as might have been interpreted from the text as initially proposed.  This change is necessary to provide clarity to the regulation.

The Department amended the reference section to delete a comma and to add the word "and" between the final two citations.  These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)


**§ 4305. COE Verification Process.**

The Department deleted the prefatory text, as this text is no longer necessary.

The Department has added subdivision (a), which introduces the section by interpreting Penal Code section 30370, subdivision (a)(2).  This is necessary to introduce the purpose of section 4305 and to implement and provide clarity regarding that section of Penal Code.

The Department has added subdivision (a)(1) to further interpret Penal Code section 30370 and to provide a name for the verification process that is authorized by that section.  Because a purchase or transfer is initiated by a purchaser or transferee, the Department has clarified that it is the purchaser or transferee who initiates the COE Verification.  Because Penal Code section 30370, subdivision (d) prohibits an ammunition vendor from selling or transferring ammunition without the Department's approval, and section 30352, subdivision (d) mandates ammunition vendors to verify with the Department that a person is authorized to purchase ammunition, the Department has clarified that the purchaser or transferee is to request the COE Verification through an ammunition vendor.  In conjunction with section 4305, subdivisions (c) and (d), subdivision (a)(1) makes clear the roles of the Department, the ammunition vendor, and the purchaser or transferee.

The Department amended subdivision (b) to correct the citation of the authority for the regulation.  The correct citation is to Penal Code section 30370, subdivision (e), not subdivision (c), as originally noticed.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (c) to require that the purchaser or transferee provide a telephone number.  The purchaser or transferee's telephone number is required by Penal Code section 30352, subdivision (a)(6), at the time of the delivery of the ammunition.  Rather than request personal information from the purchaser or transferee at two separate times, the Department determined that it would be most efficient to request all of the purchaser or transferee's personal information required to complete an ammunition purchase or transfer at this stage of the process, so that no new personal information will need to be requested at a second stage of the process.  This will streamline the delivery of ammunition as soon as it is approved.  The Department has also determined that gathering the purchaser or transferee's phone number at the time of the eligibility check will allow the Department to verify the purchaser's identity, if necessary, and to communicate with the purchaser or transferee, if necessary.

The Department has amended subdivision (d) to clarify when the Department will instruct the ammunition vendor to approve or reject the purchase or transfer, and the manner by which the Department will communicate its determination.  Because Penal Code section 30370, subdivision (d) prohibits an ammunition vendor from selling or transferring ammunition without the Department's approval, and section 30352, subdivision (d) mandates ammunition vendors to verify with the Department that a person is authorized to purchase ammunition, the Department has clarified that the purchaser or transferee is to request the COE Verification through an ammunition vendor, and aligns the COE Verification process with the Basic Ammunition Eligibility Check process, as implemented in section 4303(e), and the amended Standard Ammunition Eligibility Check process, as implemented in section 4302(d).

The Department further amended this section to make nonsubstantial changes to punctuation and grammar.  For example, although the California Department of Motor Vehicles refers to a "driver license," the statutes that are implemented by this regulation refer to that document as a "driver's license." The Department has amended the regulation to follow the statutory language. This, and the other punctuation and grammatical changes are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the authority section to include Penal Code section 30352.  That section provides partial authority for the requirement in subdivision (c) for the COE Verification to require that the purchaser or transferee provide a telephone number.

The Department amended the reference section to include Penal Code sections 26710 and 28180.  Section 26710 pertains to Certificates of Eligibility.  Section 28180 pertains to the method of obtaining information as implemented by section 4305(c).  The Department further amended the reference section to pluralize the word "Sections," because more than one section is referenced.

These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

### § 4306. Ammunition Purchases of Transfers for Exempted Individuals.

The Department has amended subdivision (a) to indicate that the types of identification documents that follow are deemed "proper" documents for the purpose of identifying persons who are exempt from Department approval to purchase or transfer ammunition, pursuant to Penal Code section 30352, subdivision (e).  This is necessary to provide clarity as to the purpose of subdivisions (a)(1) through (a)(10), which implement the requirement in Penal Code section 30352, subdivision (e) that exempted individuals only qualify for the exemption "if properly identified."  Without the specification provided by subdivisions (a)(1) through (a)(10), ammunition vendors would lack clear guidance as to how to properly identify an exempted individual.

The Department has deleted subdivisions (a)(1) through (a)(5) as initially proposed.  The Department determined, in response to public comments, that those subdivisions were unclear and so did not effectively specify the identification requirements necessary to implement Penal Code section 30352, subdivision (e)(1) through (8).  In their place, the Department has added the following sufficiently-related specifications.

The Department has added subdivision (a)(1) to specify the type of identification document that will "properly" identify an ammunition vendor, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(1), from certain requirements of the ammunition authorization program.  The Department determined that a valid Ammunition Vendor License issued pursuant to Penal Code section 30385 is the best document to properly identify an ammunition vendor for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  There is no other identification document that specifically identifies an ammunition vendor.

The Department has added subdivision (a)(2) to specify the type of identification document that will "properly" identify a person on the centralized list of exempted federal firearms licensees maintained by the Department, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(2), from certain requirements of the ammunition purchasing program. The Department determined that a Department-issued Listing Acknowledgement Letter indicating the individual is currently on the centralized list of exempted federal firearms licensees is the best document to properly identify an ammunition vendor for the purpose of the exemption provided by Penal Code section 30352, subdivision (e). There is no other identification document that specifically identifies a person on the centralized list of exempted federal firearms licensees maintained by the Department.

The Department has added subdivision (a)(3) to specify the type of identification document that will "properly" identify a gunsmith, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(4), from certain requirements of the ammunition authorization program.

The Department determined that a valid Type 01 FFL is the best document to properly identify a gunsmith for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  A "gunsmith" is defined by Penal Code section 16630 as a person who is licensed as a dealer pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, who is engaged primarily in the business of repairing firearms, or making or fitting special barrels, stocks, or trigger mechanisms to firearms, or the agent or employee of that person.  Pursuant to that United States Code and the regulations issued pursuant thereto, to provide the services of a gunsmith, a person must apply for and be granted a Type 01 FFL.  There is no other identification document that identifies a gunsmith.  However, a Type 01 FFL does not exclusively identify gunsmiths—a Type 01 FFL may also be granted to other types of persons licensed to deal in firearms.  The Department determined that this ambiguity does not pose a problem because, pursuant to Penal Code section 30385, subdivision (d), most firearms dealers are also authorized ammunition vendors.  Therefore, any person presenting a Type 01 FFL would be exempt pursuant to either Penal Code section 30352, subdivision (e)(1) or subdivision (e)(4).  Because there is no other identification document that identifies a gunsmith, and because allowing a Type 01 FFL to identify a gunsmith would not frustrate the purpose of the ammunition authorization program, the Department determined that it is the best document to properly identify a gunsmith.

The Department has added subdivision (a)(4) to specify the type of identification document that will "properly" identify a wholesaler of firearms, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(5), from certain requirements of the ammunition authorization program.  The Department determined that a valid Type 01 Federal Firearms License is the best document to properly identify a wholesaler for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  A "wholesaler" is defined by Penal Code section 17340 as a person who is licensed as a dealer pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, who sells, transfers, or assigns firearms, or parts of firearms, to persons who are licensed as manufacturers, importers, or gunsmiths pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, or persons licensed pursuant to Sections 26700 to 26915, inclusive, and includes persons who receive finished parts of firearms and assemble them into completed or partially completed firearms in furtherance of that purpose.  Pursuant to that United States Code and the regulations issued pursuant thereto, to be licensed as a dealer, a person must apply for and be granted a Type 01 (FFL).  There is no other identification document that identifies a wholesaler.  However, a Type 01 FFL does not exclusively identify wholesaler—a Type 01 FFL may also be granted to other types of persons licensed to deal in firearms.  The Department determined that this ambiguity does not pose a problem because, pursuant to Penal Code section 30385, subdivision (d), most non-wholesaler firearms dealers are also authorized ammunition vendors.  Therefore, any person presenting a Type 01 FFL would be exempt pursuant to either Penal Code section 30352, subdivision (e)(1) or subdivision (e)(5).  Because there is no other identification document that identifies a wholesaler of firearms, and because allowing a Type 01 FFL to identify a wholesaler would not frustrate the purpose of the ammunition authorization program, the Department determined that it is the best document to properly identify a wholesaler.

The Department has added subdivision (a)(5) to specify the type of identification document that will "properly" identify a manufacturer of firearms, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(6), from certain requirements of the ammunition authorization program.  The Department determined that a valid Type 07 FFL is the best document to properly identify a manufacturer of firearms for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  The type of "manufacturer of firearms" that would qualify for the exemption provided by Penal Code section 30352, subdivision (e) and therefore would need to be "properly identified" as proposed by section 4306(a), is specified by Penal Code section 30352, subdivision (e)(6) as "a manufacturer [...] of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto."  Pursuant to that United States Code and the regulations issued pursuant thereto, to be licensed as a manufacturer of firearms, a person must apply for and be granted a Type 07 FFL.  Since Penal Code section 30352(e)(6) specifies that the manufacturer is defined by its federal licensure, the Department has adopted the federal license as the appropriate identifying document.

The Department has added subdivision (a)(6) to specify the type of identification document that will "properly" identify an importer of firearms or ammunition, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(6), from certain requirements of the ammunition authorization program. The Department determined that a valid Type 08 FFL is the best document to properly identify an importer of firearms or ammunition for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  The type of "importer of firearms or ammunition" that would qualify for the exemption provided by Penal Code section 30352, subdivision (e) and therefore would need to be "properly identified" as proposed by section 4306(a), is specified by Penal Code section 30352, subdivision (e)(6) as an "[...] importer of firearms or ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto."  Pursuant to that United States Code and the regulations issued pursuant thereto, to be licensed as an importer of firearms or ammunition, a person must apply for and be granted a Type 08 FFL.  Since Penal Code section 30352(e)(6) specifies that the importer is defined by its federal licensure, the Department has adopted the federal license as the appropriate identifying document.

The Department has added subdivision (a)(7) to specify the type of identification document that will "properly" identify a manufacturer of ammunition, which is a class of persons exempted by Penal Code section 30352, subdivision (e)(6), from certain requirements of the ammunition authorization program. The Department determined that a valid Type 06 FFL is the best document to properly identify a manufacturer of ammunition for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  The type of manufacturer of ammunition that would qualify for the exemption provided by Penal Code section 30352, subdivision (e) and therefore would need to be "properly identified" as proposed by section 4306(a), is specified by Penal Code section 30352, subdivision (e)(6) as a "manufacturer [...] of [...] ammunition licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto."  Pursuant to that United States Code and the regulations issued pursuant thereto, to be licensed as an manufacturer of ammunition, a person must apply for and be granted a Type 06 FFL.  Since Penal Code section

30352(e)(6) specifies that the manufacturer of ammunition is defined by its federal licensure, the Department has adopted the federal license as the appropriate identifying document.

The Department has added subdivision (a)(8) to specify the type of identification document that will "properly" identify an authorized law enforcement representative of a city, county, city and county, or state or federal government, which, as specified, is a class of persons exempted by Penal Code section 30352, subdivision (e)(7), from certain requirements of the ammunition authorization program. The Department determined that a written authorization from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(7), is the best document to properly identify an authorized law enforcement representative for the purpose of the exemption provided by Penal Code section 30352, subdivision (e). That section of Penal Code specifies the document that is to be used to provide "proper written authorization." Since Penal Code section 30352(e)(7) specifies that the law enforcement representative is authorized by means of this written authorization, the Department has adopted the written authorization as the appropriate identifying document. The Department determined that no further interpretation is necessary to implement that statute. The requirement is being duplicated here to provide clarity to the regulations by presenting all documents that will "properly" identify all persons exempted from certain ammunition authorization program requirements by Penal Code section 30352, subdivision (e).

The Department has added subdivision (a)(9), including (a)(9)(A) and (B) to specify the type of identification documents that will "properly" identify a sworn peace officer, which, as specified, is a class of persons exempted by Penal Code section 30352, subdivision (e)(8), from certain requirements of the ammunition authorization program. The Department determined that the sworn officer's credential, along with a written certification from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(8)(B)(i), are the best documents to properly identify a sworn peace officer for the purpose of the exemption provided by Penal Code section 30352, subdivision (e). The Department determined that a written certification from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(8)(B)(i), is one such document to properly identify an authorized law enforcement representative. That section of Penal Code specifies the document that is to be used to provide "proper written authorization." Since Penal Code section 30352(e)(8) specifies that the sworn peace officer is authorized by means of this written certification, the Department has adopted the written certification as one of the appropriate identifying documents. Unlike section 4306(a)(8), which concerns a representative of a government who is purchasing or transferring ammunition for the exclusive use by the government agency, 4306(a)(9) concerns the use of ammunition by a particular individual – the sworn peace officer. As such, the Department determined that "proper" identification requires identifying the individual officer. A "sworn state or local peace officer's credential" is defined in section 4301(q) as identification indicating an individual is a sworn state or local peace officer pursuant to Part 2, Chapter 4.5 of the Penal Code. Because such identification can take many forms, depending on the jurisdiction, the Department determined that this definition provides the most effective manner in carrying out the purpose for which the regulation is proposed. The officer's credential, together with the written certification from the head of the agency, will "properly" identify a sworn peace officer, as defined, who are

exempted from certain ammunition authorization program requirements by Penal Code section 30352, subdivision (e)(8).

Additionally, the Department added to section 4306(a)(9)(B) a provision that had been provided in subdivision (b) of the text as originally noticed, that limits the time for which the written certification is valid.  The Department determined that the certification should only be valid for 30 days after issuance, to ensure that the officer's head of agency is aware of and authorizes all ammunition purchases, and to ensure that the officer is still a full-time paid peace officer at the time of the purchase or transfer of ammunition.

The Department has added subdivision (a)(10), including (a)(10)(A) and (B), to specify the type of identification document that will "properly" identify a federal law enforcement officer, which, as specified, is a class of persons exempted by Penal Code section 30352, subdivision (e)(8), from certain requirements of the ammunition authorization program. The Department determined that the federal law enforcement officer's credential, along with a written certification from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(8)(B)(i), are the best documents to properly identify a federal law enforcement officer for the purpose of the exemption provided by Penal Code section 30352, subdivision (e).  The Department determined that a written certification from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(8)(B)(i), is one such document to properly identify a federal law enforcement officer.  That section of Penal Code specifies the document that is to be used to provide "proper written authorization."  Since Penal Code section 30352(e)(8)(B)(i) specifies that the federal law enforcement officer is authorized by means of this written certification, the Department has adopted the written certification as one of the appropriate identifying documents. Unlike section 4306(a)(8), which concerns a representative of a government who is purchasing or transferring ammunition for the exclusive use by the government agency, 4306(a)(9) concerns the use of ammunition by a particular individual – the federal law enforcement officer.  As such, the Department determined that "proper" identification requires identifying the individual officer.  A "sworn federal law enforcement officer's credential" is defined in section 4301(p) as identification indicating an individual is a sworn federal law enforcement officer.  Because such identification can take many forms, depending on the jurisdiction, the Department determined that this definition provides the most effective manner in carrying out the purpose for which the regulation is proposed.  The officer's credential, together with the written certification from the head of the agency, will "properly" identify a sworn peace officer, as defined, who are exempted from certain ammunition authorization program requirements by Penal Code section 30352, subdivision (e)(8).

Additionally, the Department added a provision to section 4306(a)(10)(B) that had been provided in subdivision (b) of the text as originally noticed, that limits the time for which the written certification is valid.  The Department determined that the certification should only be valid for a 30 days after issuance, to ensure that the officer's head of agency is aware of and authorizes all ammunition purchases, and to ensure that the officer is still a full-time paid peace officer at the time of the purchase or transfer of ammunition.

The Department added subdivision (b) to specify certain record keeping requirements for ammunition vendors.  Penal Code section 30352, subdivision (e)(8)(B)(iii) requires the ammunition vendor to keep, with the record of sale, the verifiable written certification from the head of agency, and to submit that certification to the Department.  The Department interprets the purpose of this requirement as allowing the Department to verify that the ammunition vendor has complied with Penal Code section 30352, subdivision (e)(8).  However, the certification, by itself, would not verify compliance.  The Department determined that it would also need to be able to inspect the related identifying documents, as specified in section 4306, subdivisions (a)(9) or (a)(10), and (c), to determine whether the person who purchased or received the transfer of ammunition was a credentialed officer, and was the person identified in the written certification.

The Department added subdivision (b)(1) to provide the ammunition vendor with an alternative method of recordkeeping that will allow the Department to verify compliance with Penal Code section 30352, subdivision (e)(8), in the event that the law enforcement agency does not allow photocopies to be made of the officer's credential.  The Department is aware that certain statutes, regulations and policies of federal, state, or local law enforcement agencies prohibit the photocopying of official identification cards (e.g. Title 18, US Code Part I, Chapter 33, Section 701).  In such a circumstance, the Department determined that the interest in being able to verify that the person who purchased or received the transfer of ammunition was the person identified in the written certification would best be accomplished by requiring the ammunition vendor to retain another document that would be commonly available to a sworn peace officer or sworn federal law enforcement officer.  The Department determined that a business card meets this requirement, so long as the ammunition vendor also personally views the credential.

The Department added subdivision (c) to specify a step that must be conducted at the time of delivery.  Subdivision (c) implements Penal Code section 30352, subdivision (c), which requires that an ammunition vendor shall require "bona fide evidence of identity" from the purchaser or transferee, to verify that the person who is receiving delivery of the ammunition is exempted from the requirement to provide authorization.  The persons exempted from certain requirements of the ammunition authorization program by Penal Code section 30352, subdivision (e), which is implemented by this section, must still comply with the requirement of Penal Code section 30352, subdivision (c).  The term "bona fide evidence of identity" is defined by Penal Code section 16300, a reference to which is provided here for ease of reference.  The requirement to provide this evidence of identity is being duplicated here to provide clarity to the regulations by presenting, in this section, all of the requirements for completing a purchase or transfer that is exempt from Penal Code section 30352, subdivisions (a) and (d).

The Department has determined that the person who verifies the bona fide evidence of identity does not have to be the ammunition vendor COE holder, but may also be an authorized associate or salesperson.  This mirrors language in section 4308(c), for consistency, as well as proposed changes to title 11, section 4210(a) in a separate rulemaking (see OAL File No. Z-2018-1127-05, currently under review at the California Office of Administrative Law).  Currently, section 4210 refers to firearms dealers and "their employees."  The Department is replacing the term "employee" with "authorized associate or salesperson."  As noted in the Initial Statement of Reasons for that rulemaking, "This change is necessary, as a dealer may not have employees. A

dealer may only have independent contractors who perform DROS transactions on its behalf, and anyone who works for a dealer, in any capacity, and will be using the DES needs to have his or her own account for accurate tracking and accountability." Conforming language has been used in this rulemaking, and for the same reasons.

The Department further amended this section to make nonsubstantial changes to punctuation and grammar. These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

### § 4307. Telephonic Access for Ammunition Vendors.

The Department amended subdivision (a) to add a number to what had been the prefatory text, as originally noticed. This change allows for subdivision (a) to be easily referenced. The remainder of the section has been renumbered accordingly, including the cross-reference to subdivision (b) in subdivision (c). These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department further amended subdivision (a) to make nonsubstantial changes to punctuation and grammar. For example, the Department replaced the phrase "not being able to provide" with "inability to provide," which is more clear. These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (c) to add the zip code to the address to which an ammunition vendor shall mail an "Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval," form BOF 1020, as applicable. The zip code had been inadvertently omitted in the text originally made available to the public. This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department further amended subdivision (c) to make nonsubstantial changes to punctuation, and to refer to the cross-reference as a "subdivision" and not a "paragraph." These are non-substantial changes because they clarify the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

### §4308. Delivery of Ammunition Following DES Submission.

The Department amended subdivision (a) to specify that the DES transaction record will change for transactions conducted pursuant to sections 4302, 4303 or 4305. This amendment removes sections 4304, 4306 and 4307 from the sections affected by 4308(a). Section 4304(a) already

provides for when the purchaser or transferee may take possession of the ammunition under the stated condition.  An ammunition transaction conducted pursuant to section 4306 does not require approval, and so will not have a DES transaction record that could change from "Pending" to "Approved."  Section 4307 describes a condition where DES, an electronic system accessed via an internet connection, is not accessible to an ammunition vendor, and therefore will not have a DES transaction record that could change from "Pending" to "Approved."

The Department amended subdivision (c) to specify additional steps that must be conducted at the time of delivery.  Subdivision (c)(1) implements Penal Code section 30352, subdivision (c), which requires that an ammunition vendor shall require bona fide evidence of identity from the purchaser or transferee, to verify that the person who is receiving delivery of the ammunition is authorized to do so.  The term "bona fide evidence of identity" is defined by Penal Code section 16300, a reference to which is provided here for ease of reference.

Subdivision (c)(2) implements Penal Code section 30352, subdivision (a), which requires an ammunition vendor to record, at the time of delivery, certain specified information.  That section of Penal Code provides that the information shall be recorded "on a form to be prescribed by the Department of Justice."  The DES website is the established portal through which ammunition vendors communicate purchasers' or transferees' personal information to the Department for the purpose of the ammunition eligibility checks and the COE verification process.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method of communicating purchasers' or transferees' personal information to the Department for the specific purpose of complying with Penal Code section 30352, subdivision (a).  The Department has deleted the portion of the text as initially proposed that indicated that the purpose of the submission was "to record the time and date the ammunition is delivered."  The information required by Penal Code section 30352, subdivision (a) includes the date of the sale or transfer, but does not include the time of delivery.  By amending the text to refer directly to the information required by Penal Code section 30352, subdivision (a), the regulation now directly implements that section.  Both 4308(c)(1) and (c)(2) provide clarity to the public as to what information is required by statute upon delivery of ammunition.  The statutory requirements are being duplicated here to provide clarity to the regulations by presenting, in this section, all of the requirements for completing a purchase or transfer conducted pursuant to sections 4302, 4303 or 4305.

The Department amended the authority section to include Penal Code section 30352.  That section provides authority for the requirements in subdivision (c).


### § 4309. Billing, Payment, and Suspension for Non-Payment.

The Department amended subdivision (b) to remove a hyphen from between the number "30" and the word "day."  This change is solely grammatical in nature.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department also amended subdivision (b) to remove a parenthetical clause that was intended to clarify the regulation by reiterating the day of the month, as provided in subdivision (a), but instead provided potential for confusion.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (c) to make clear that the parenthetical identifies persons who are included in the suspension of access to DES, as specified.  This meaning was already indicated by the parenthetical, but adding the word "including" makes the meaning more straightforward.  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended subdivision (d) to make a grammatical change.  The Department has replaced the definite article "the" with the possessive "their," to clarify that the ammunition vendor possesses the "status."  This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

The Department amended the reference section to remove an unnecessary comma. This is a non-substantial change because it clarifies the regulation without materially altering the requirements, rights, responsibilities, conditions, or prescriptions contained in the original text. (Cal. Code of Regs., tit. 1, § 40.)

All other information provided in the Initial Statement of Reasons (inclusive of the addendum) is accurate and current.

(Note: subsequent to submission of the rulemaking file to the Office of Administrative Law for review, the Department made changes to this Final Statement of Reasons, and non-substantial changes to the regulation text, such as changes to grammar and punctuation, as identified herein.)

DOCUMENTS INCORPORATED BY REFERENCE

Proposed section 4308 incorporates by reference form BOF 1020, "Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval (Orig. 05/2018)."  It would be cumbersome, unduly expensive, or otherwise impractical to publish this entire form in the California Code of Regulations.  As indicated in the Notice of Proposed Action, the document was available upon request directly from the agency, and was reasonably available to the affected public on the Department's rulemaking website.  No change has been made to this document subsequent to the notice.

LOCAL MANDATE DETERMINATION

The Department determined that this regulatory action will not impose a mandate on local agencies or school districts, nor does it require reimbursement by the State pursuant to Part 7 (commencing with Section 17500) of Division 4 of the Government Code. The Department has also determined that no nondiscretionary costs or savings to local agencies or school districts will result from this regulatory action.  The Department determined that costs associated with implementation of the requirement in Penal Code section 30352, subdivisions (e)(7) and (8) that authorized law enforcement representatives and local law enforcement officers must deliver a verifiable written certification from the head of the agency in order to qualify for the exemption, as provided, do not constitute nondiscretionary costs. It should be noted that authorized law enforcement representatives and local law enforcement officers are expressly exempt, pursuant to Penal Code section 30312, subdivisions (c)(1) and (2), from the requirement that a sale of ammunition shall be conducted by or processed through an ammunition vendor.


SUMMARY AND RESPONSE TO COMMENTS

During the 45-day public comment period (December 14, 2018 through January 31, 2019), the Department received 219 different comments from 566 persons.  In addition to receiving written comments, the Department held two public hearings to receive oral testimony on the proposed regulations.  During the first hearing, held in Los Angeles on January 29, 2019, the Department heard testimony from four people.  Eleven people gave testimony in the second hearing in Sacramento on January 31, 2019.

In order to properly manage the volume of public comment, the Department developed a system consisting of a Comment/Response spreadsheet and Comment Identification Key to assist with public comment organization.  During the interpretive analysis of the public comments, a distinct number was assigned to the summaries of each comment, recommendation and objection (aggregated like-comment summaries were assigned the same number), and entered into the Comment/Response spreadsheet.  Attachment A (96 pages) is a summary of all comments (written and oral) submitted during the 45-day comment period and the Department's responses.  Attachment B is an alphabetical list (24 pages) of the commenters and identifies (by number) the comment(s) made by each person.

The Department noticed the public on April 18, 2019 of modifications to the text of the proposed regulations; an addendum to the Initial Statement of Reasons; and revisions to the Economic and Fiscal Impact Statement.  The notice inadvertently provided an email address that was unable to accept incoming mail until April 22, 2019.  Upon discovering this error, the Department sent a revised notice on April 23, 2019 that included two functional email addresses, and extended the comment period to May 8, 2019.

During the 15-Day comment period, the Department received 32 different comments from 139 persons.  Attachment C (24 pages) is a summary of all comments submitted during the 15-day comment period and the Department's responses.  Attachment D is an alphabetical list (6 pages) of the commenters and identifies (by number) the comment(s) made by each person.

Per the Administrative Procedures Act, for the purpose of these regulations, a comment is "irrelevant" if it is not specifically directed at the agency's proposed action or to the procedures followed by the agency in proposing or adopting the action.

NONDUPLICATION STATEMENT

The proposed regulations partially duplicate or overlap a state statute or regulation which is cited as "authority" and "reference" for the proposed regulations.  The duplication or overlap is necessary to satisfy the "clarity" standard of Government Code section 11349.1(a)(3).

ALTERNATIVES DETERMINATION

The Department determined that no alternative it considered or that was otherwise identified and brought to its attention would be more effective in carrying out the purpose for which the regulation is proposed, would be as effective as and less burdensome to affected private persons than the adopted regulation, or would be more cost effective to affected private persons and equally effective in implementing the statutory policy or other provision of law.  The Department's reasons for rejecting any proposed alternatives are set forth in the responses to comments.

ALTERNATIVES THAT WOULD LESSEN ADVERSE ECONOMIC IMPACT ON SMALL BUSINESSES

The Department determined that no proposed alternative would be more cost effective to affected small businesses and equally effective in implementing the statutory policy or other provision of law.  The Department's reasons for rejecting any proposed alternatives are set forth in the responses to comments.

# PUBLIC COMMENTS AND DEPARTMENT OF JUSTICE RESPONSES

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 1. | General opposition:<br><br>a. General opposition to the Ammunition Purchases or Transfers regulations.<br><br>b. General opposition to Proposition 63 and SB 1235, and their implementation. | a. The Department received a number of non-specific, generalized comments in opposition to the ammunition purchases or transfers regulations. No change has been made in response to these comments. The Department is adopting the regulations for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>b. The Department also received a number of non-specific, generalized comments in opposition to Proposition 63 and SB 1235, which are partially implemented by these regulations. No change has been made in response to these comments because the Department determines that these comments object to the underlying statute and is not specifically directed at the Department's proposed action. |
| 2. | Opposition on the basis of the regulations' alleged effect(s) on criminals:<br><br>a. Criminals do not follow the laws, and will still be able to access ammunition.<br><br>b. Criminals will still access ammunition by transporting it into California from out of state.<br><br>c. Criminals will steal ammunition if they can't buy it legitimately.<br><br>d. This will create a black market for ammunition. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Specifically:<br><br>b. These regulations, which implement Penal Code sections 30352 and 30370, govern the procedure for in-state purchases.  With certain specified exemptions, Penal Code section 30314 makes it illegal for a California resident to bring in ammunition from out of state. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 3. | Opposition on the basis of the regulations' alleged uselessness:<br><br>a. These regulations will not do anything.<br><br>b. The proposed regulations will not reduce violence.<br><br>c. This new law will not protect me from crime.<br><br>d. Because there are no benefits, this is simply a waste of time and money. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 4. | Opposition on the basis of the regulations' alleged negative effect on "good people":<br><br>a. These new laws will only affect law-abiding citizens.<br><br>b. These regulations will turn good people into criminals.<br><br>c. These laws only punish, harass or inconvenience law-abiding citizens (including those who shoot for sport, or at tournaments).<br><br>d. This is just another way to treat gun owners as potential felons. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The proposed regulations will apply to everyone equally. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 5. | Opposition on the basis of the regulations' alleged incompatibility with the Second Amendment to the United States Constitution:<br><br>a. The Ammunition Purchases and Transfers regulations infringe on Second Amendment and/or other unspecified Constitutional rights.<br><br>b. Ammunition is just as protected under the Second Amendment as firearms.<br><br>c. The Second Amendment is uniquely ignored, relative to other enumerated rights. | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute. The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 6. | Opposition on the basis of the Department's alleged totalitarianism:<br><br>a. You are a communist.<br><br>b. You are like Hitler/Nazi Germany.<br><br>c. You are tyrannical. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, this comment may be interpreted as general opposition to the ammunition purchases or transfers regulations. The Department is adopting the regulations for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Alternatively, this comment may be interpreted as a procedural objection. The underlying statutes were amended according to procedures set forth by the Constitution of the State of California. This regulation is being promulgated in full compliance with the requirements of the Administrative Procedure Act. |
| 7. | The amount of privately held ammunition in California is so large, there is no need to regulate the sale of ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 8. | Opposition on the basis of the regulations' alleged diminishment of one's ability to act in self-defense:<br><br>a. I feel safe knowing that people have weapons and can protect me.<br><br>b. Firearms laws restrict people's ability to defend themselves, their homes and their property.<br><br>c. Firearms laws take weapons away from good people, making them vulnerable to criminal activity, to invasion by foreign powers, and to domestic tyranny.<br><br>d. Firearms laws increase violent crime. When there are fewer firearms laws, the rate of violent crime decreases.  This is because widespread access to firearms deters criminal behavior.<br><br>e. Politicians and others have armed guards, which implies that firearms are useful for defense. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 9. | Opposition on the basis of over-regulation:<br><br>a. There are too many firearms laws and regulations already.<br><br>b. There are too many laws and regulations generally. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation and to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 10. | Opposition to this approach to public safety.<br><br>a. You should enforce current laws.<br><br>b. Focus on the criminals.<br><br>c. California's Public Safety Realignment has made the public vulnerable.<br><br>d. Harsher sentences for current laws would be more effective in guaranteeing public safety. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department has determined that the proposed regulation is necessary and is adopting the proposed regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Specifically:<br><br>a. The proposed regulation will implement Penal Code sections 30352 and 30370.  The proposed regulation will therefore directly support the enforcement of current law. |
| 11. | Opposition based on the alleged ineffectiveness of firearms laws.<br><br>a. Background checks on firearms do not work, and legislators are adding new policies to address failed policies.<br><br>b. Firearms laws, in California or elsewhere, do not work. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 12. | Opposition to the focus on ammunition as an object to be regulated:<br><br>a. Firearms and ammunition are inanimate objects. Laws should focus on the people who use the objects.<br><br>b. Any object can be used to commit a crime.  That possibility does not justify legal restrictions on that object. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 13. | Background checks for ammunition purchases are inconvenient and costly.  I do not want to wait, fill out paperwork, or to pay any more for ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 14. | Opposition alleging misplaced priorities:<br><br>a. New laws and regulations should focus on other issues.<br><br>b. The government of the State of California should focus on other issues.<br><br>c. The Department of Justice should focus on other issues instead of implementing the statutory requirements of Penal Code sections 30352 and 30370. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 15. | Opposition to any increase in the cost of ammunition:<br><br>a. A fee for an ammunition background check will make ammunition cost more.  This will make legitimate activities, like hunting, cost-prohibitive.<br><br>b. Because there is a cost associated with background checks for ammunition, these regulations will disproportionately affect lower income people who cannot afford that cost. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30370(c) and (e) require the Department to charge ammunition purchasers a per transaction fee to pay for reasonable regulatory and enforcement costs, within explicit statutory limits. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 16. | Restricting ammunition purchases to lawful gun owners is like restricting gas sales to drivers, or matches to campers. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Additionally, the Department disagrees that ammunition purchases will be restricted to gun owners.  Anyone who is not prohibited from purchasing or possessing ammunition may do so by following the appropriate procedure, as implemented by these regulations, regardless of firearm ownership. |
| 17. | Another overreach of regulation on honest gun owners. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations overextend the allowable scope set by statute.  The Department disagrees that it lacks authority to promulgate these regulations, and contends that each regulation is specifically necessary, as explained in the Initial Statement of Reasons (inclusive of the addendum). |
| 18. | Opposition based on alleged onerousness:<br><br>a. These regulations will be overly burdensome to the public.<br><br>b. These regulations are draconian. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation.  To the extent that this comment relates to the requirement for eligibility checks for ammunition, the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a generalized objection that the proposed regulations do not represent the best possible manner to implement the underlying statute.  No other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 19. | The writers of the regulations have a lack of knowledge about the subject matter and do not know what they are talking about. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 20. | Opposition based on an alleged lack of necessity, generally:<br><br>a. The proposed regulations, in general, seem to be unnecessary.<br><br>b. The new laws are unnecessary.<br><br>c. Background checks for the purchase of ammunition are unnecessary generally. | No change has been made in response to this comment.<br><br>Specifically:<br><br>a. No change has been made in response to this comment because this is a generalized comment in opposition to the regulation and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>b. & c. No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 21. | Holders of a permit to carry a concealed weapon (CCW) should be exempt due to the fact that they have already passed a background check and renew every two years. | No change has been made in response to this comment. Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition.  The Department lacks the authority to expand upon these statutory exemptions. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 22. | I suggest that you modify the Firearms Safety Certificate (FSC) program to allow an FSC holder to purchase ammunition without additional cost or inconvenience.  For those people who have already undergone a background check, a DOJ certificate and photo ID should suffice. | No change has been made in response to this comment. Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition.  The Department lacks the authority to expand upon these statutory exemptions. |
| 23. | Opposition to the requirement in proposed section 4306(b) that vendors keep certain specified records:<br><br>a. I see no reason for burdensome record keeping on the part of the vender.<br><br>b. Specifically, the additional information required by proposed section 4306(b), which is not required by statute. | No change has been made in response to this comment.  Specifically:<br><br>a. Penal Code section 30352(e)(8)(B) requires a properly identified sworn peace officer to provide both (1) verifiable written certification, and (2) bona fide evidence of identity, in order to qualify for the exemption provided by subdivision (e). Both documents are required in order to verify that the person who is receiving delivery of the ammunition qualifies for the exemption. The only reasonable interpretation of statute that would allow the Department to enforce the statutory requirement that both documents are provided is for the vendor to keep a copy of both documents, and then provide them to the Department upon request. The Department therefore has both implied authority to require the vendor to keep copies of both documents, and express authority to implement the provisions of Penal Code section 30352, as granted by subdivision (f) of that section.<br><br>b. Penal Code section 30352(e)(8)(B)(ii) requires bona fide evidence of identity from the purchaser, to verify that he or she is the person authorized in the certification defined by 30352(e)(8)(B)(i). The term "bona fide evidence of identity" is defined in Penal Code section 16300 as a document issued by a federal, state, county or municipal government that bears the name, date of birth, description and picture of the person. The Department decided that the requirement that a person qualifying for the peace officer exemption in Penal Code section 30352(e)(8) provide bona fide evidence of identity is most effectively implemented by specifying, as allowable identification, those forms of government-issued identification that are particular to, and common to sworn peace officers, as specified in proposed section 4306(b). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 24. | Opposition regarding limits to ammunition sales:<br><br>a. These regulations impose limits on the amount of ammunition that may be purchased. I oppose any such limit.<br><br>b. A limit on the amount of ammunition should exempt people who shoot often or in large quantities (e.g., at competitions).<br><br>c. How are limits on ammunition sales going to be enforced, if someone can attempt to purchase ammunition at multiple stores on the same day? | No change has been made in response to this comment.  There is no current or proposed limit on the amount of ammunition that may be purchased. Therefore these comments are neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 25. | Opposition to increased governmental work/bureaucracy:<br><br>a. This will create an incredible workload on the Department of Justice, or other law enforcement personnel, even if computerized.<br><br>b. The Department of Justice is barely able to complete its current workload regarding background checks for firearms, which are less frequent than ammunition purchases.<br><br>c. This will increase government bureaucracy, which is cumbersome and bad. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective in carrying out the purpose for which the action is proposed, or as effective and less burdensome. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 26. | Opposition to alleged hardships placed on ammunition vendors:<br><br>a. Very difficult and time consuming for Dealers, which means a waste of business resources that could be applied to improving customer service in other areas.<br><br>b. Ammunition dealers will close because they will sell less ammunition. This will lead to job loss.<br><br>c. Ammunition dealers will close because of the time, paperwork and expense of complying with these regulations.<br><br>d. Stores that sell other products will stop selling ammunition because of the added time and expense that are being imposed by these regulations. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome. |
| 27. | The State of California tried something exactly like this several years ago, where you had to sign a sales record every time you purchased ammo.  This program was cancelled because it didn't work, cost a substantial portion of taxpayer funds to operate, and required a large amount of paperwork that was hard to keep track of, so I really don't understand why the State would try and implement a similar program that probably won't work either. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |

| | | |
|---|---|---|
| 28. | My question regards the new ammo regulations being proposed and the difference between section 30370(b) and section 30370(c), i.e. the standard ammo check and the one-time ammo check. The former has a fee of $1 and the latter a fee of $19. Are these cumulative? It appears to say the standard check with the one dollar fee is necessary to determine eligibility and the one-time check with the nineteen dollar fee is necessary to actually make the purchase. Is this correct? It will cost $20 to purchase ammo regardless of the amount? | No change has been made in response to this comment.<br><br>Penal Code section 30370(c) specifies that the Department shall "recover the cost of processing and regulatory and enforcement activities" related to that section by charging the ammunition transaction of purchase applicant a fee not to exceed the fee charged for the Dealers' Record of Sale (DROS) process, which is currently $19 (see 11 CCR 4001) for each ammunition transaction or purchase undertaken as specified.<br><br>Penal Code section 30370(e), specifies a per transaction fee of up to $1 to "recover the reasonable cost of regulatory and enforcement activities related to this article." The Department has interpreted this subdivision to mean that a fee of up to $1 could be recovered for any activity where another fee has not otherwise been specified (i.e., an eligibility check conducted pursuant to 30370(c)). The two fees are not cumulative.<br><br>Per Penal Code section 30370(a), there are three categories of persons authorized to purchase ammunition:<br><br><ul><li>A person with an up to date entry in the Automated Firearms System, and who is eligible to purchase ammunition, per Penal Code section 30370(a)(1) and (b); and</li><li>A person with a current Certificate of Eligibility, per Penal Code section 30370(a)(2).</li><li>A person who undergoes the Basic Ammunition Eligibility Check, per Penal Code section 30370(a)(3) and (c).</li></ul><br>The $1 fee would apply to the first and second categories of purchasers or transferees.<br><br>The $19 fee would apply to the third category of purchasers or transferees.<br><br>The Department disagrees that the proposed regulation does not meet the "clarity" standard with respect to the cost distinction between the types of eligibility check and COE verification. The proposed regulations add three distinct sections, 4302, 4303 and 4305, with different titles, different operative conditions, and with clearly specified dollar amounts for each type of eligibility check or verification. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 29. | Is there no exception or adjustment for rental guns at ranges?  Currently, a gun can be rented for a hour but ammo must be purchased at the range.  Usually this amounts to a 20 or 30 round box.  In the case of .22 ammo, the cost is relatively inexpensive at about $3 or $4 for a small box.  Am I to understand that if I rent a .22 gun and buy a small box of ammo I would have to pay $20 for permission to buy the ammo costing only $3 or $4 dollars? | No change has been made in response to this comment.  Penal Code section 30352, subdivision (e)(3) provides that vendors may sell or transfer ammunition to individuals without prior approval by the Department if the person "purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises."  Since an ammunition vendor would not need approval from the Department prior to selling the ammunition, there would be no eligibility check, and no fee.<br><br>The Department disagrees that the proposed regulation does not meet the "clarity" standard with respect to this statutory exemption.  It is not necessary for the Department to list every possible exemption listed in statute, in order to implement the eligibility check that is mandated by statute. |
| 30. | I have to mention the short time allowed for comments.  Why was the publication of the proposed regulations delayed, so that it had to be submitted as an emergency? | No change has been made in response to this comment.  The Department interprets this comment as confusing the current rulemaking with the "Emergency Regulations Regarding Firearms: Identifying Info" (OAL Emergency Number 2018-1218-01E), which were noticed to the public on December 11, 2018.<br><br>The current rulemaking, regarding Ammunition Purchases and Transfers, was noticed to the public on December 14, 2018.  The public comment period closed at 5 p.m. on January 31, a period of 48 days.  The Administrative Procedures Act requires a minimum 45-day comment period. |
| 31. | The estimates of costs and revenue are actually guesses.  We have no idea how much ammunition is actually bought and sold in California, or for that matter, how many rounds are in the average box. | No change has been made in response to this comment.  As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 32. | Opposition to transfer restrictions:<br><br>a. We can no longer buy ammunition for family and friends.<br><br>b. We should be able to share our ammunition with others. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Specifically:<br><br>a. Per Penal Code section 30312, subdivision (c)(10), a person is exempted from transfer requirements who purchases or receives ammunition from a spouse, registered domestic partner, or immediate family member as defined in Section 16720. |
| 33. | The regulations are confusing and incomplete.  The regulations mention a COE, but not how to get one, what is the cost, the term, or how having a COE affects the cost of a purchase. | In response to this comment, the Department has changed the definition of "Certificate of Eligibility or COE" in proposed section 4301, to directly refer to the statute that created the COE program.  Additional specifications regarding Certificates of Eligibility are stipulated under California Code of Regulations, title 11, sections 4036-4041, which the Department has decided not to duplicate in these proposed regulations.<br><br>The Department disagrees that the proposed regulation does not meet the "clarity" standard with respect to how having a COE affects the cost of the purchase.  The cost of the purchase for those individuals with a COE is outlined in section 4305 of the proposed regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 34. | Ah yes, Dem's want to limit ammo sales for...what's the excuse this time?...PUBLIC SAFETY!<br><br>Of course, requiring helmets for all vehicle drivers would save 1000's (10,000+?) more lives each year, so why don't CA Dem's do it?<br><br>Easy, most voters don't want the inconvenience. Same with other easy fixes for public safety, like grab bars in bathtubs to stop slip & fall deaths, which kill over 25,000/year, mostly old women.<br><br>https://listosaur.com/miscellaneous/top-5-causes-of-accidental-death-in-the-united-states/<br><br>So why bother with ammo? Also easy, Most Dem's are too frightened & weak to provide for their own safety, so they want private firearms severely limited, if not banned. They also deeply fear their fellow citizens that own guns, & want them disarmed. To most Dem's, guns are evil & gun-owners are sinners. Ask them, they'll tell you. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 35. | Opposition to an anticipated cost that will be incurred by the state because of the regulations:<br><br>a. Background checks on ammunition purchases will cost the state too much money to implement/enforce.<br><br>b. This will lead to an increase in taxes, which I oppose.<br><br>c. This will result in litigation, the cost of which will be borne by taxpayers. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comments may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome.<br><br>Specifically:<br><br>a. Per Penal Code section 30370, subdivisions (c) and (e), the Department is required to recover the cost of activities related to the ammunition authorization program by charging ammunition purchasers and transferees a per transaction fee, and not through a tax. |
| 36. | I have attempted to read the PDF released by your department on the proposed regulations but the file conveniently fails to load. How can you expect the general public to comment on regulations you do not make accessible to them? | The Department interprets this comment as a procedural objection regarding Government Code section 11346.4, subdivision (a)(6).  No other commenter expressed any difficulty accessing the information noticed by the Department and made available on the Department's website. Commenters may also request copies of documents by contacting the Department at the email address or telephone number listed in the Notice of Proposed Rulemaking. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 37. | Instead of the proposed regulations, I would like to see those who are convicted of violent crime who used a firearm have to pay into a restitution fund, databases in use to keep track of prohibited persons, and safe handling classes for the general public. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute.  The alternative presented here would not implement Penal Code sections 30352 or 30370, and therefore is not more effective, or as effective and less burdensome than the regulations as proposed by the Department. |
| 38. | There must be an exemption for gun clubs and shooting sports associations that purchase ammunition in bulk and then provide it to members to train with or shoot at a competition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the regulation.<br><br>Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |
| 39. | Objections to an alleged hardship on those who purchase large quantities of ammunition at a time:<br><br>a. These regulations will unjustly affect individuals who purchase large quantities of ammunition at a time.<br><br>b. These regulations will unjustly affect individuals who use large quantities of ammunition at a time. | No change has been made in response to this comment. The Department disagrees with this comment.  The fee for the background check is charged per transaction, regardless of the amount of ammunition purchased in that transaction. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 40. | Limiting the ability to engage in internet ammunition purchases and/or to bring in ammunition from out-of-state infringes upon interstate commerce. | No change has been made in response to this comment because the Department determines that this comment objects to Penal Code sections 30314 and 30312, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the regulation. |
| 41. | People will leave California because they do not want to comply with the background check requirement for ammunition. This will result in an economic impact that has not been considered. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 42. | Background checks for ammunition will result in a logjam. | No change has been made in response to this comment. The Department determines that a "logjam" refers to a potential backlog or slowdown of the process of purchasing ammunition.  The Department determines that this comment objects to the underlying statutory ammunition authorization program rather than to the way the agency proposes to interpret it.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that 98 percent of eligibility checks will take approximately two minutes to process.  No other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome. |
| 43. | Opposition to the perceived inability of people from out of state to buy or transfer ammunition:<br><br>a. This law prohibits out of state shooters from legally buying their ammunition.  This will disincentivize them from visiting California, thereby negatively impacting the economy.<br><br>b. Shooting competitions will no longer be able to include people from out of state. | No change has been made in response to this comment.  See the Department's response to comment #67(b), below. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 44. | Background checks for ammunition will lead to distrust of government. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 45. | Objections regarding either alleged secret plans/laws, or alleged future plans/laws:<br><br>a. Background checks for ammunition are part of a secret plan to track, outlaw and/or confiscate all firearms.<br><br>b. This is part of a secret plan to register firearms, either currently or in the future.  Registration of firearms is illegal.<br><br>c. These requirements will lead to further laws restricting firearms or ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 46. | A background check is already required to purchase a firearm.  It is therefore unnecessary for firearm owners to pass an additional background check to purchase ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 47. | A better way to decrease crime would be to deport individuals who are in the country unlawfully. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 48. | These regulations negatively affect an individual who buys ammunition for firearms that they do not possess, such as a friend's firearms, which they may borrow. | No change has been made in response to this comment because it is not clear what relationship the commenter believes to exist between purchased ammunition and a borrowed firearm.<br><br>The comment may be interpreted as opposing a perceived restriction on ammunition purchases to only those types of ammunition that would be used in a firearm owned by the purchaser. The proposed regulations in no way restrict the types of ammunition that may be purchased.<br><br>Alternatively, the comment may be interpreted as opposing a perceived restriction on ammunition purchases to only people who own or possess firearms. The Department disagrees that ammunition purchases will be restricted only to people who own or possess a firearm. Anyone who is not prohibited from purchasing or possessing ammunition may do so, by following the appropriate procedure, as implemented by these regulations, regardless of current firearm possession or ownership. |
| 49. | The regulations do not exempt retired law enforcement officers, who may still be able to carry concealed weapons. | No change has been made in response to this comment. Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of people who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |
| 50. | Opposition to requirements placed on law enforcement:<br><br>a. Active officers at the state and federal level -- it is requiring that the agency head give them a special letter authorizing them to buy ammunition to practice.<br><br>b. Requiring active duty law enforcement officers to provide a letter from their agency head to purchase ammunition is idiotic. | No change has been made in response to this comment. Specifically:<br><br>a. No objection was made, nor was any recommendation proposed. Alternatively, this is a generalized comment in opposition to the regulation.<br><br>b. The Department determines that this comment objects to the underlying statute rather than to the way the agency proposes to interpret it. Penal Code section 30352, subdivision (e)(8)(B)(i) requires law enforcement officers to provide verifiable written certification from the head of the agency by which the purchaser or transferee is employed. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 51. | A Californian who wants to use a firearm in another state will have to purchase ammunition in that state, and not in California. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>For the purpose of clarity: the changes made to statute due to Proposition 63 and Senate Bill 1235, which these regulations implement in part, do not prohibit export of ammunition out of California.  It is currently legal to buy ammunition in California and take it out of state for lawful use. |
| 52. | These regulations may be, or are certainly, unenforceable. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective in carrying out the purpose for which the action is proposed, or as effective and less burdensome. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 53. | Certain local jurisdictions already require an ammunition purchaser to provide identifying information, making these regulations superfluous. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation. The Department has determined that the proposed regulation is necessary and is adopting the proposed regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective in carrying out the purpose for which the action is proposed, or as effective and less burdensome. Alternatively, the comment may be interpreted as objecting to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 54. | This new law will not prevent someone from giving ammunition to someone else. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 55. | The Department of Justice does not currently have a system to regulate ammunition purchases. | No change has been made in response to this comment.  This rulemaking is one part of a larger effort by the Department to create a system to regulate ammunition purchases. Among other preparatory activities, the Department is in the process of enhancing the Dealer Record of Sale Entry System (DES) to authorize ammunition purchases in compliance with Penal Code sections 30352 and 30370.  The Department will be able to implement those sections by July 1, 2019, when the requirement for approval prior to an ammunition purchase goes into effect. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 56. | Opposition based on an alleged illegitimate acquisitiveness by the government:<br><br>a. This law is solely or primarily a means to increase state revenue.<br><br>b. Specifically, money is being raised by targeting a politically-disfavored group of citizens. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. As explained in the Initial Statement of Reasons (inclusive of the addendum), all fees collected pursuant to these regulations will be used to recover the cost of processing and regulatory and enforcement activities related to the ammunition authorization program. |
| 57. | Law enforcement in California does not want background checks for ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 58. | The Department of Justice should concentrate its efforts on identifying criminals and the mentally unstable. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. No other reasonable alternative was considered by the Department that would have been more effective in carrying out the purpose for which the action is proposed, or as effective and less burdensome. |
| 59. | I support background checks for ammunition purchases but not limits. | No change has been made in response to this comment because the comment is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. There is no current or proposed limit on the amount of ammunition that may be purchased. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 60. | "They will be bad law and quite the insult if enforced." | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 61. | Opposition to a perceived $50 fee:<br><br>a. My understanding is that it will cost $50 for a background check to buy ammunition.  If a DROS background check is $25, why does it cost twice as much?<br><br>b. There will be a $50 fee every two years. | No change has been made in response to this comment because the Department determines that this comment is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>The comment appears to be referring to a provision of Proposition 63 which did not become operative.  That provision would have allowed the Department to charge a fee not to exceed $50 for an ammunition purchase authorization (see Proposition 63, Penal Code section 30370).  That provisions was superseded by the ammunition authorization program required by Senate Bill 1235, which these regulations implement. |
| 62. | If I have a California hunting license, which AB 711 is supposed to provide FREE (lead-free) ammunition for, why should I incur an additional ammo expense as a disabled veteran? | No change has been made in response to this comment.  The purpose of AB 711 is to promote the use of lead-free ammunition.  The purpose of Proposition 63 and SB 1235 is to ensure that prohibited persons do not purchase ammunition.  These two legislative purposes are not in conflict.  The proposed regulations will not prevent the acquisition of lead-free ammunition.  However they are acquired, the fee to recover the cost of processing and regulatory and enforcement activities related to Penal Code section 30370 would still apply.<br><br>To the extent this comment requests an exemption for disabled veterans, Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |

| | | |
|---|---|---|
| 63. | As a threshold matter, DOJ's proposed regulations are incomplete.<br><br>a. Key aspects of the proposal are missing, such as how licensed ammunition vendors are to determine which proposed background check process to use for a particular customer due to the varying options.<br><br>b. Both our clients and our office have been informed by multiple DOJ representatives that DOJ intends to propose additional regulations regarding the sale or transfer of ammunition beyond this proposal. Presumably, those regulations will address the many gaps in this current proposal.<br><br>Under the APA, the clarity of a proposed regulation may be considered in the context of related regulations already in existence. Following that same logic, the clarity of a proposed regulation may be considered in the context of related regulations that have yet to be proposed. Without the anticipated additional regulations that have yet to be proposed, the meaning of the regulations cannot be said to be easily understood by those persons directly affected by them.<br><br>As a result, DOJ's proposal as currently written fails to satisfy the clarity requirement of the APA. The public is entitled to see the entire regulatory package together, not in this piecemeal fashion. DOJ should amend the proposal to include any and all additional regulations to ensure the proposal satisfies the clarity requirement of the APA as well as providing members of the public a meaningful opportunity to comment. | The Department has amended the proposed regulations in response to this comment.<br><br>Specifically:<br><br>a. Sections 4301, 4302, 4303, and 4305 have been amended to provide additional clarity as to how an eligibility check may be requested, as well as the statutory criteria which a purchaser or transferee may use to decide which eligibility check to request. The regulations, in conjunction with Penal Code section 30370, subdivision (a), make plain each option and when each is appropriate.<br><br>The Department does not have the authority to mandate which procedure a purchaser or transferee uses to seek authorization to purchase ammunition. If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. However, by statute, certain persons may gain authorization in multiple ways. If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check. If an individual holds a current Certificate of Eligibility, the individual is eligible for both a Basic Ammunition Eligibility Check and the COE Verification process. An individual could hold a current Certificate of Eligibility, and have personal information that matches an entry in AFS, and also qualify for the authorization provided by the Basic Ammunition Eligibility Check. Instead of mandating which ammunition eligibility process a person shall request, the Department determined that the most effective way of clarifying the multiple methods of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements. The proposed regulations satisfy this goal. Ammunition vendors are free to inquire of the potential purchaser or transferee about their potential eligibility, before requesting one of the three types of eligibility checks.<br><br>b. No change has been made in response to this comment. This rulemaking encompasses regulatory changes specifically necessary to implement the |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | | ammunition authorization program pursuant to Penal Code sections 30352 and 30370.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>The Department rejects the contention that every other rulemaking that may affect ammunition purchases would need to be combined into one single rulemaking.  For example, the Department is currently in the process of proposing regulations regarding the Automated Firearms System (AFS), a system that was established in 1900 (see OAL Notice File Number Z-2018-0910-02).  The proposed changes to those regulations will, in part, allow an individual to access and update his or her AFS records.  This ability may prove useful for individuals who seek authorization to purchase ammunition pursuant to proposed section 4302 of these regulations, but the ability to update an AFS record is in no way specific to ammunition purchases. All rulemakings are being promulgated in full compliance with the notice-and-comment requirements of the Administrative Procedure Act. |

| 64. | **PROPOSED SECTION 4301.** There is a fundamental flaw in DOJ's proposed definition—AFS records do ***not*** identify an individual as an owner of a firearm. Indeed, the former head of DOJ's Bureau of Firearms Division, Stephen Lindley, recently testified as an expert witness to that effect. In his report, Mr. Lindley stated that "no local law enforcement agency should rely upon AFS as the sole basis for establishing ownership of a firearm or rejecting a claim of ownership" because "AFS merely serves as a database of transaction records related to a firearm."<br><br>Mr. Lindley's testimony echoes a prior information bulletin authored by DOJ's Division of Law Enforcement submitted to all California Sheriffs and Chiefs of Police. As noted by DOJ in this bulletin, it is likely that many long guns are not recorded in AFS for various reasons. And because not all handguns were required to be sold through a California licensed firearms dealer prior to 1991, there are a great number of lawfully owned handguns that were not subject to any requirement that the transaction be recorded in AFS. As a result, DOJ's bulletin emphasizes that:<br><br>*[An] AFS transaction record simply means that on the date of transaction (DOT), the individual was eligible to own/possess firearms. It does not indicate ownership of the firearm.*<br><br>DOJ's Initial Statement of Reasons ("ISOR") claims the proposed definitions "will help to eliminate any misunderstandings between the Department and the public." Given DOJ's clear, prior interpretations (at least one of which was expressed to all California law enforcement professionals), DOJ should ensure consistency to help eliminate any misunderstanding. To that end, we suggest the definition for "AFS Record" instead read:<br><br>*[A] firearm record on file with the Department that indicates on the date of the transaction, the individual was eligible to own and possess firearms. An AFS record has been established with the Department when an individual has either purchased or transferred a rifle or shotgun through a* | The Department has amended the proposed regulations in response to this comment. Section 4301 has been amended to provide a clearer definition of the Automated Firearm System, and now cites the Penal Code section that established that system, to allow for further reference.<br><br>The Department is currently in the process of proposing regulations regarding the Automated Firearms System (see OAL Notice File Number Z-2018-0910-02). The Department has determined that that rulemaking is a more appropriate place to provide a nuanced definition of the Automated Firearms System. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | *California licensed firearms dealer on or after January 1, 2014, or an individual has purchased or transferred a handgun through a California licensed firearms dealer at any time.  An AFS record may also be established after the Department processes an individual's assault weapon registration or an individual's report of firearm ownership.* | |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 65. | **PROPOSED SECTION 4302.** Proposed section 4302 concerns what DOJ refers to as the "Standard Ammunition Eligibility Check." As stated in proposed subsection (a), "the fee for a Standard Ammunition Eligibility Check is $1.00." In addition to citing subdivision (e) of Penal Code section 30370 for authority, DOJ states in their ISOR that subdivision (a) is necessary to specify the fee assessed and to recover the total cost of implementation.<br><br>Section (e) of Penal Code section 30370 states that DOJ "shall recover the reasonable cost of regulatory and enforcement activities related to this article by charging ammunition purchasers and transferees a per transaction fee not to exceed one dollar ($1)" and "not to exceed the reasonable regulatory and enforcement costs." In its ISOR, DOJ states that the fees collected pursuant to this subsection "will be used to repay the loan for start up costs" as well as "salaries of the 73 permanent employees." DOJ has not specified, however, if the fee will be reduced once the initial loan for start up costs is paid in full. What's more, DOJ has not specified how the 73 employees will be used, if at all, when processing what is presumably a fully automated check of the AFS system.<br><br>As a result, the proposed $1 fee exceeds DOJ's regulatory authority as it is not consistent with the authorizing statute.<br><br>DOJ's authority to impose a fee is also generally limited by subsection (b)(1) of Government Code section 11010, which states that no state agency "shall levy or collect any fee or charge in an amount that exceeds the estimated actual or reasonable cost of providing the service, inspection, or audit for which the fee or charge is levied or collected." | No change has been made in response to this comment.  The Department disagrees that the fee exceeds its reasonable cost of regulatory and enforcement activities related to ammunition purchases.  The Department is adopting the regulation, including the establishment of the $1 fee for a Standard Ammunition Eligibility Check, for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 66. | The proposed regulations lack crucial information as to when or how a licensed ammunition vendor must use the Standard Ammunition Eligibility Check process.  Potential ammunition purchasers may also undergo a "One-Time Ammunition Transaction" involving a more comprehensive "Basic Ammunition Eligibility Check," or a "COE Verification Process" in addition to the Standard Ammunition Eligibility Check when attempting to purchase ammunition. What is the purpose of three different procedures?  The proposed regulations are silent as to how a licensed ammunition vendor is to determine what procedure to use.<br><br>As a result, both licensed ammunition vendors and their customers are incapable of easily understanding the effects of the proposed regulations as currently drafted. DOJ should amend its proposal to address these lack of clarity concerns before moving forward. | The Department has amended the proposed regulations in response to this comment.  Sections 4301, 4302, 4303, and 4305 have been amended to provide additional clarity as to how an eligibility check may be requested, as well as the statutory criteria that a purchaser or transferee may rely upon to decide which eligibility check to request.  The regulations, in conjunction with Penal Code section 30370, subdivision (a), make plain each option and when each is appropriate.<br><br>The Department does not have the authority to mandate which procedure a purchaser or transferee uses to seek authorization to purchase ammunition. If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. However, by statute, certain persons may gain authorization in multiple ways. If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check.  If an individual holds a current Certificate of Eligibility, the individual is eligible for both a Basic Ammunition Eligibility Check and the COE Verification process. An individual could hold a current Certificate of Eligibility, and have personal information that matches an entry in AFS, and also qualify for the authorization provided by the Basic Ammunition Eligibility Check.  Instead of mandating which ammunition eligibility process a person shall request, the Department determined that the most effective way of clarifying the multiple methods of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements.  The proposed regulations satisfy this goal. |

| 67. | In connection with the proposed regulation requiring additional purchaser information, purchasers will be required to provide their driver license or other government identification number "in the manner described in Penal Code section 28180."  Penal Code section 28180 requires purchasers to provide this information electronically from the magnetic strip on the purchaser's driver's license or identification.  The only exceptions to this requirement are for military IDs or when the magnetic strip reader is unable to obtain the required information. | No change has been made in response to this comment.  Specifically: |
| | a. The proposed regulation lacks crucial information as to how exactly licensed ammunition vendors are to process ammunition transactions for out-of-state residents and individuals providing government ID that may not be compatible with DOJ's electronic system. For example, the current firearm background check system in California will generate a "DMV Reject Notice" when the driver's license or identification card used is not valid, or when the information provided is in conflict with the files maintained by the California Department of Motor Vehicles ("DMV"). Because DOJ has stated the ammunition background check process will be "essentially the same" as a firearms eligibility check, it can only be assumed individuals with out-of-state or other identification not compatible will result in similar "DMV Reject Notices." What's more, nothing in either the Penal Code or DOJ's proposed regulations require licensed ammunition vendors who are not otherwise California licensed *firearms* dealers to possess a magnetic strip reader. | a. Penal Code section 30370, subdivision (b), requires the Department to cross-reference specified information "as described in Section 28180," with the information maintained in the AFS.  That section of Penal Code requires information to be obtained via a magnetic strip reader.  The Department has determined that section 30370, subdivision (b) therefore requires ammunition vendors to possess a magnetic strip reader.  Additionally. pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors.  These firearms dealers are already required by Penal Code section 28180 to collect purchaser information in that manner, for the purpose of firearm eligibility checks. It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method to accurately collect and communicate purchasers' or transferees' personal information to the Department for the specific purpose of ammunition eligibility checks.  No other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome in carrying out the purpose for which the action is proposed. |
| | b. DOJ's proposed regulations need to clarify how licensed ammunition vendors are to process transactions involving individuals from out of state who may not have a government identification compatible with DOJ's electronic system, and how DOJ intends to conduct a background check on individuals with out-of-state identification to ensure they are not automatically rejected as would occur under DOJ's current system. Otherwise, this regulation is void for lack of clarity. | Pursuant to Penal Code section 28180, if, due to technical limitations, the magnetic strip reader is unable to obtain the required information from the purchaser's identification, the information may be obtained by an alternative method (e.g. manually entering the information into DES) so long as a photocopy of the identification is obtained as proof of compliance.

The current firearm background check system only generates a "DMV Reject Notice" when (1) the purchaser provides a California driver license or identification card, (2) the Department attempts to validate the identification through the California Department of Motor Vehicles, and (3) the DMV is unable to validate the identification.  A "DMV Reject Notice" would *not* be generated during an ammunition eligibility check if a purchaser presented an out-of-state ID, as those forms of ID are not validated through the DMV. The dealer must still follow the requirements of Penal Code section 28180. |

b.  The ability of a person from out of state to purchase or transfer ammunition depends on the method by which they attempt to do so.

1.  The Department has determined that, pursuant to statute, an individual from out of state would not be able to be granted authorization to purchase ammunition using a Standard Ammunition Eligibility Check. Penal Code section 30370, subdivision (b) requires the Department to cross-reference the purchaser's or transferee's current address with the information maintained in the AFS.  However, pursuant to Penal Code section 26815, no firearm shall be delivered unless the purchaser, transferee, or person being loaned the firearm provides evidence of their California residency pursuant to Penal Code section 16400.  Penal Code section 16400 provides that the identification must be a valid California driver license or identification card issued by the Department of Motor Vehicles, both of which require proof of residency in California.  In addition, section 922, title 18 of the United States Code also prohibits the sale of any firearm to a person the transferor knows or has reasonable cause to believe does not reside in the state in which the transferor resides.  The Automated Firearms System is a repository of firearm records maintained by the Department, as established by Penal Code section 11106.  The AFS is populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons by a California resident, a California resident's report of firearm ownership to the Department, California Carry Concealed Weapons Permit records, or records entered by California law enforcement agencies.  Entries into the AFS would therefore not "match," for the purposes of satisfying the Standard Ammunition Eligibility Check,  the "current address" of an out of state purchaser or transferee, since that current address, by definition, would be an out of state address.

2. The Department has determined that, pursuant to statute, an individual from out of state would not be able to be granted authorization to purchase ammunition using a Basic Ammunition Eligibility Check. Penal Code section 30370, subdivision (c), requires the Department to develop a procedure in which "a person who is not prohibited from purchasing or possessing ammunition [...]" to do so. The Department has determined that it would be counter to the legislative intent under SB 1235 for the Department to approve purchases of

ammunition by individuals who may be prohibited from doing so because that person has been convicted of a relevant crime under the laws of the United States, the State of California, or any other state, government, or country (see, for example, Penal Code section 29800).  The Department is not permitted to use the federal National Instant Criminal Background Check System (NICS) for the purpose of ammunition eligibility checks, and there is no reasonable alternative method to affirm that a person from out of state is not prohibited from purchasing or possessing ammunition.  Therefore, the Department has determined that it will not affirm that an individual from out of state is authorized to purchase ammunition using a Basic Ammunition Eligibility Check.

3. The Department has determined that an individual from out of state would be able to be granted authorization to purchase ammunition using a COE Verification.  The qualifications to be granted a Certificate of Eligibility are provided in title 11, section 4032 of the California Code of Regulations, as authorized by Penal Code section 26710.  Persons who are not California residents are not prohibited from qualifying for a COE.  Consequently, the Department has determined that persons from out of state who hold a current COE would be authorized to purchase ammunition subsequent to a COE Verification.  Upon presentation of an out-of-state ID, the information required by proposed section 4305(c) could be obtained by an alternative method, should there be technical limitations, in accordance with Penal Code section 28180.

4.  Additionally, a person from out of state may legally purchase ammunition if they qualify for the exemptions provided in Penal Code section 30312, subdivision (c), or section 30352, subdivision (e), or by the provisions of another relevant statute.  For example, the prohibition on transporting ammunition into the state, per Penal Code section 30314, only applies to residents of California.

The Department rejects the assertion that the regulations lack clarity.  The underlying statute and the proposed regulations are clear that information required to conduct an ammunition eligibility check or COE verification shall be gathered in the manner described by Penal Code section 28180.  Pursuant to Penal Code section 30385, subdivision (d), many firearms

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | | dealers are also authorized ammunition vendors, and are familiar with this process. |
| 68. | PROPOSED SECTION 4303.  For unknown reasons, DOJ has chosen to label proposed section 4303 as "One-Time Ammunition Transactions." But DOJ's chosen label is likely to create unnecessary confusion. This is because Standard Ammunition Eligibility Checks, as described and labeled in proposed section 4302, are also "one-time" transactions which are used for purposes of conducting a single transaction. As a result, DOJ should instead label this section "Basic Ammunition Eligibility Check" to be consistent with section 4302, and otherwise remove the unnecessary "One-Time Ammunition Transaction" definition and other uses of the term throughout the proposal. | The Department has amended the proposed regulations in response to this comment.  The Department has removed the definition of "One-Time Ammunition Transaction" from section 4301, and changed the title of section 4303 to "Basic Ammunition Eligibility Check (Single Transaction or Purchase)."  The title now uses language parallel to the title of the other ammunition background check, section 4302.  The parenthetical "(Single Transaction or Purchase)" has been included in the title of section 4303 because this language mirrors Penal Code section 30370, subdivision (c), which section 4303 implements.  This also further differentiates the Basic Ammunition Eligibility Check from the more usual Standard Ammunition Eligibility Check, which the Department estimates will comprise 98 percent of ammunition eligibility checks (see Initial Statement of Reasons). |
| 69. | The proposed regulation concerning One-Time Ammunition Transactions also suffers from the same flaws as the Standard Ammunition Eligibility Check in that it lacks crucial procedural information. This includes when and how licensed ammunition vendors are to utilize the One-Time Ammunition Transaction process and how to handle out-of-state identification. Without this crucial information, both licensed ammunition vendors and their customers are incapable of easily understanding the effects of the proposed regulations as currently drafted, making Section 4303 void for lack of clarity. | The Department has responded to this comment in its responses to comments #66 and #67, above. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 70. | At the outset, the proposed regulation conflicts with federal law and regulations. Under federal law, access to federal databases for purposes of conducting a background check is strictly limited to firearm transactions. Accessing these databases "for any other purpose," including ammunition transactions, is "strictly prohibited."<br><br>Because California is a "Point-of-Contact" state, California has agreed to implement and maintain its own background check system and conduct the required background checks by accessing federal databases on behalf of California licensed firearm dealers. But California is prohibited from accessing these federal databases for purposes other than conducting a background check in connection with a firearm transaction.<br><br>Additionally, this would put an unnecessary burden on federal systems. | No change has been made in response to this comment.  The Department has determined that neither Senate Bill 1235 nor Proposition 63 meet the requirements of the federal Public Law 92-544, which would have been necessary to allow the Department to utilize specified federal databases. Therefore, the Department does not propose to access those federal databases. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 71. | Proposed subdivision (a) of section 4303 would establish a $19 fee for a Basic Ammunition Eligibility Check. DOJ states in their ISOR that this check "is essentially the same background check as a firearms eligibility check" and that the proposed fee "is consistent with the fee paid for a firearms eligibility check." DOJ also cites to subdivision (c) of Penal Code section 30370 for authorization, which reads in part: | No change has been made in response to this comment. The Department is adopting the regulation, including the establishment of the $19 fee for a Basic Ammunition Eligibility Check, for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).

This comment was submitted before a final resolution of the litigation to which it apparently refers. In its final ruling issued on March 4, 2019, the Court found as follows: "Defendants have adequately demonstrated that the funds generated by the DROS Fee are a reasonable approximation of the costs of the government-provided regulatory service/activity." (*Gentry v. Becerra*, (Mar. 4, 2019, No. 34-2013-80001667) Sacramento Sup. Ct.) The Court elsewhere stated that "Defendants have sufficiently established that the funds generated by the DROS Fee are a reasonable approximation of the section 28225 costs." (*Ibid.*) Therefore, the Court found that "there is no longer a necessity" to issue a writ of mandate directing DOJ to perform a reassessment of the DROS Fee. (*Ibid.*)

Additionally, the DROS fund "surplus" mentioned in the comment is an apparent reference to the condition of the Dealers' Record of Sale Account many years ago. There is no DROS "surplus" at this time. In fact, the January 10, 2019 Governor's Budget proposed certain program changes to allow the Dealers' Record of Sale Account "to maintain solvency to continue additional Bureau of Firearms workload." |
| | "The department shall recover the cost of processing and regulatory and enforcement activities related to this section by charging the ammunition transaction or purchase applicant a fee not to exceed the fee charged for the department's Dealers' Record of Sale (DROS) process, as described in Section 28225 and not to exceed the department's reasonable costs." | |
| | In 2017, the Sacramento County Superior Court issued a decision affirming DOJ's ministerial duty under Penal Code section 28225 to perform a reassessment of the Dealers' Record of Sale ("DROS") fee. That fee, which is currently set at $19 per DOJ's regulations, has remained unchanged for over 15 years since 2004. During litigation, DOJ failed to identify any internal process that would trigger the mandatory review of the current fee, and failed to produce any documentation to substantiate its claim that it performs "regular monitoring" of the DROS fee as required by law. What's more, DOJ's DROS account "amassed a surplus of over $35 million, primarily consisting of DROS Fee revenues at the time the case was originally filed." | |
| | The fact that the current DROS fee is generating such a substantial surplus is clear evidence that DOJ's proposed $19 fee exceeds DOJ's regulatory authority for two important reasons. First, it is wholly improper for DOJ to propose a fee based on that which a court has ordered DOJ to reassess. To do so otherwise demonstrates a clear disregard for the Court's ruling. | |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 72. | Notwithstanding that ruling, the proposed $19 fee far exceeds DOJ's reasonable costs for the proposed Basic Ammunition Eligibility Check. As DOJ has expressly stated, the process is "essentially the same" as a firearms eligibility check. And because the fee for a firearms eligibility check has consistently generated a surplus, it cannot be said the proposed fee does not exceed DOJ's "reasonable costs." Indeed, if the process is so substantially similar, the proposed fee will generate a similar surplus.<br><br>To date, DOJ has yet to perform the required reassessment of the DROS fee as ordered by the Court. But the fact remains that the proposed $19 fee clearly exceeds DOJ's reasonable costs, and for that reason exceeds DOJ's regulatory authority under the APA. | No change has been made in response to this comment.  The Department is adopting the regulation, including the establishment of the $19 fee for a Basic Ammunition Eligibility Check, for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).  (See DOJ Response to Comment No. 71.) |

185

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 73. | Subdivision (b) of proposed section 4303 concerns the required information a licensed ammunition vendor must collect from the purchaser when processing an ammunition transaction. Penal Code section 30352 expressly states what information is to be collected.<br><br>The information required under Penal Code section 30352 is exclusive and does not allow for the collection of additional information to be collected by the licensed ammunition vendor. Any information collected in addition to this information, therefore, would be in violation of Penal Code section 30352. This is due to the doctrine of statutory construction *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of the other). Because the legislature has specifically listed what information must be collected, without providing for any additional information to be collected by the licensed ammunition vendor, it is presumed the legislature intended only this information to be collected.<br><br>Yet DOJ's proposed regulation requires the following information to be collected in addition to the above: Gender; Hair color; Eye color; Height; Weight; United States citizenship status; Federal Alien Registration Number or I-94 (if applicable); Place of birth; Alias name(s); and Race.<br><br>Given the exclusive nature of Penal Code section 30352, the proposed regulation as written exceeds DOJ's statutory authority and is otherwise inconsistent with the statute it purports to implement. And because DOJ has expressly stated the process is "essentially the same" as a firearms eligibility check, it can only be assumed the reason for collecting a purchaser's citizenship status, federal alien registration number, and place of birth are for purposes of accessing these federal databases. As explained above, to do so for purposes of conducting an ammunition background check would violate federal law. | No change has been made in response to this comment.  The commenter cites Penal Code section 30352 as the Department's sole source of the authority to gather information.  However, as indicated in the "Authority and Reference" for section 4303, that section does not solely implement Penal Code section 30352, but also implements Penal Code section 30370. Specifically, section 4303, subdivision (b) implements the eligibility check required by Penal Code section 30370, subdivision (c).<br><br>As stated in the Initial Statement of Reasons Addendum, the Department has determined that it requires the information listed in proposed section 4303, subdivision (b), in order to accurately identify the potential purchaser or transferee and to thereby determine, subsequent to a check of the records available to the Department, if the potential purchaser or transferee is "prohibited from purchasing or possessing ammunition," per Penal Code section 30370, subdivision (c). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 74. | DOJ's proposed requirement for citizenship information also violates recently enacted state laws pertaining to immigration enforcement. In 2017, the California Legislature enacted Senate Bill No. 54 ("SB 54"), prohibiting state agencies from using funds or personnel to "investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes," including "*[i]nquiring into an individual's immigration status*." None of the exceptions to this restriction allow DOJ to inquire into an individual's citizenship status for purposes of conducting an ammunition background check. As a result, the proposed regulation requiring additional information regarding a person's immigration status is in direct violation of existing state law, thereby exceeding DOJ's regulatory authority. | No change has been made in response to this comment.  The statute referred to, Government Code section 7284.6, subdivision (a), prohibits law enforcement agencies from using "moneys or personnel to investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes..."  The clause "for immigration enforcement purposes" provides the condition necessary to trigger the prohibition – law enforcement agencies are otherwise allowed to use moneys and personnel to investigate, interrogate, detain, detect, or arrest persons.  Subdivision (a)(1)(A) specifically provides that "[i]nquiring into an individual's immigration status" is one type of activity, among others, that is prohibited *if it is done for immigration enforcement purposes*.  Government Code section 7284.4, subdivision (f) defines "immigration enforcement" as efforts to investigate or enforce any federal civil or criminal immigration law.  The collection of information for the purpose of conducting a Basic Ammunition Background Check is not an activity being undertaken to investigate or enforce any federal civil or criminal immigration law. Rather, as stated in the Initial Statement of Reasons (inclusive of the addendum), this information must be collected because the Department has determined it will not affirm that an individual is authorized to purchase ammunition if the individual is prohibited under federal firearms laws. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 75. | Subdivision (c) of proposed section 4303 directly conflicts with the Penal Code it purports to implement. Specifically, subdivision (a) of Penal Code section 30370 requires DOJ to "electronically approve the purchase or transfer of ammunition through a vendor" but that "[t]his approval **shall occur at the time of purchase or transfer**." In other words, the decision on whether to approve or deny a particular transaction must be made at the time of transfer, thereby precluding DOJ from enacting any system that would delay a transaction beyond the time of purchase or transfer.<br><br>As a result, DOJ's proposed regulation issuing an ATN to a prospective purchaser for no other purpose than to monitor the status of the Basic Ammunition Eligibility Check is in direct conflict with the Penal Code section it seeks to implement and otherwise exceeds DOJ's regulatory authority. | The Department has amended the proposed regulations in response to this comment.  The Department has added Penal Code section 30352 to the "Authority and Reference" for section 4303. Pursuant to Penal Code section 30352, subdivision (d), an ammunition vendor shall verify with the department that a prospective purchaser or transferee is authorized to purchase ammunition. If the prospective purchaser or transferee is not authorized, the vendor shall deny the sale.<br><br>No further change has been made in response to this comment.<br><br>A purchaser or transferee who requests authorization to purchase ammunition in a single transaction or purchase pursuant to Penal Code section 30370, subdivision (a)(3), must make the transaction or purchase "pursuant to the procedure developed pursuant to subdivision (c)."  Without completing the procedure developed pursuant to subdivision (c), that purchaser or transferee would not be authorized to purchase or receive a transfer of ammunition and, per Penal Code section 30352, subdivision (d), the vendor would not be able to lawfully sell or transfer ammunition to that person.<br><br>The Basic Ammunition Eligibility Check is the procedure developed pursuant to Penal Code section 30370, subdivision (c).  Per section 4303(e) of the proposed regulations, upon completion of the Basic Ammunition Eligibility Check, the Department will update the purchaser's or transferee's record.  Per section 4308(a) of the proposed regulations, if the Department approves the purchase or transfer, the DES transaction record will change to "Approved."  Per section 4308(b), ammunition may be delivered at a time after the status of the DES transaction record is "Approved."  There is no lawful "time of purchase or transfer" until after approval has been granted as specified.<br><br>The Department has determined that providing an ATN to the prospective purchaser or transferee is the most effective method of communicating the status of the Basic Ammunition Eligibility Check, thereby ensuring that a single ammunition transaction of purchase may be made without delay. |

188

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 76. | Proposed section 4304 concerns the purchase of ammunition in connection with the purchase of a firearm, which as noted is already subject to an eligibility check. Subdivision (b) of proposed section 4304, however, is poorly worded in that it assumes an individual with an AFS record or Certificate of Eligibility ("COE") will automatically be approved upon paying a $1 fee for the Standard Ammunition Eligibility Check. To that end, the proposed regulation should instead simply read that if a person wants to take possession of the ammunition before the Department completes the firearms eligibility check, a Standard Ammunition Eligibility Check, Basic Ammunition Eligibility Check, or COE Verification Process must be conducted prior to the transfer of the ammunition.<br><br>But DOJ needs to clarify how licensed ammunition vendors are to determine which procedure to follow for a customer. | The Department has amended the proposed regulations in response to this comment. Section 4304(b) has been amended to clarify that, if a purchaser or transferee who is purchasing or transferring a firearm and ammunition in the same transaction wants to take possession of the ammunition before the Department completes the firearms eligibility check, the purchaser or transferee must instead conduct a separate transaction to purchase the ammunition, following the appropriate ammunition eligibility check or exemption, as appropriate, and pay any associated fee, prior to taking possession of the ammunition.<br><br>If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. However, by statute, certain persons may gain authorization in multiple ways. If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check.  If an individual holds a current Certificate of Eligibility, the individual is eligible for both a Basic Ammunition Eligibility Check and the COE Verification process. An individual could hold a current Certificate of Eligibility, and have personal information that matches an entry in AFS, and also qualify for the authorization provided by the Basic Ammunition Eligibility Check.  Instead of mandating which ammunition eligibility process a person shall request, the Department determined that the most effective way of clarifying the multiple methods of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements.  The proposed regulations satisfy this goal. Ammunition vendors are free to inquire of the potential purchaser or transferee about their potential eligibility, before requesting one of the three types of  eligibility checks. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 77. | Nothing in proposed section 4304 specifies how a licensed ammunition vendor is supposed to collect the required information regarding the transfer of ammunition as called for under Penal Code section 30352. As a result, DOJ needs to amend this proposed regulation to ensure consistency and clarity with existing law as required by the APA. | The Department has amended the proposed regulations in response to this comment. Section 4308(c)(2) has been amended to specifically require the ammunition vendor to access the Dealer Record of Sale Entry System (DES) transaction record and submit through that system the ammunition sale information required by Penal Code section 30352, subdivision (a) at the time of delivery of ammunition.  A transaction conducted pursuant to section 4304(a) involves the transfer of a firearm, and most of the information required by Penal Code section 30352, subdivision (a) is already inputted into the Dealer Record of Sale Entry System (DES) as part of the process of purchasing a firearm. |
| 78. | Proposed section 4305 (b) fails to include the required information as called for in the Penal Code. Specifically, subdivision (a) of Penal Code section 30352 requires licensed ammunition vendors to collect the information in addition to what DOJ has proposed.

Because Penal Code section 30352 requires this information to be collected at the time of delivery "on a form to be prescribed the Department of Justice," DOJ needs to amend its regulation to clarify that the above information needs to be collected when transferring ammunition pursuant to the proposed COE Verification Process. Doing so will ensure consistency and clarity with existing law as required by the APA. | The Department has amended the proposed regulations in response to this comment. Section 4308(c)(2) has been amended to specifically require the ammunition vendor to access the Dealer Record of Sale Entry System (DES) transaction record and submit through that system the ammunition sale information required by Penal Code section 30352, subdivision (a) at the time of delivery of ammunition. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 79. | In proposed section 4305(a), DOJ has again chosen a fee amount of $1, stating in their ISOR that this "will contribute toward start up costs and ongoing system maintenance, including employee salaries." But that is not the appropriate standard in which to select the fee. As clearly stated in subdivision (e) of Penal Code section 30370, the fee selected by DOJ must not "exceed the reasonable regulatory and enforcement costs." What's more, DOJ has demonstrated in other respects that it can verify a person's COE without cost. (For example, employees of California licensed firearm dealers must generally possess a valid COE as a condition of employment. DOJ recently proposed regulations modifying the DROS Entry System ("DES") which includes a procedure for verifying a prospective employee's COE, yet there is no cost associated with this procedure.) As a result, DOJ needs to clarify how the proposed $1 fee does not exceed the reasonable regulatory and enforcement costs in processing COE verifications as required under the Penal Code. | No change has been made in response to this comment. Penal Code section 30370, subdivision (e) requires the department to recover the reasonable cost of regulatory and enforcement activities related to the article in which that section appears, including activities related to COE verifications made for the express purpose of authorizing ammunition purchases and transfers, by charging ammunition purchasers or transferees a per transaction fee. The Department has determined that the per transaction fee for a COE verification must be $1 for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). Start up costs and ongoing system maintenance, including employee salaries, comprise reasonable costs for regulatory and enforcement activities related to the article. The fact that the Department has not charged a fee to verify a COE in other contexts does not relieve the Department of its responsibility to do so under Penal Code section 30370, subdivision (e), nor does it mean that there is no cost to the Department to verify a COE. |
| 80. | DOJ cites Penal Code section 30352 as authority for proposed section 4306. But the proposed list fails to include both licensed ammunition vendors and persons who purchase or receive ammunition at a target facility as expressly listed in Penal Code section 30352. As a result, DOJ should amend its proposed regulation to include these individuals, and what procedures a licensed ammunition vendor should follow when transferring ammunition to them in order to satisfy the consistency and clarity requirements of the APA. | The Department has amended the proposed regulations in response to this comment. Proposed section 4306(a) interprets the requirement in Penal Code section 30352, subdivision (e), that exempted individuals must be "properly identified." This regulation provides a list of types of identification that meet that purpose, to which has been added the type of identification that will properly identify an ammunition vendor. The Department has not amended the proposed regulation to include a proper type of identification for persons who purchase or receive ammunition at a target facility, because a person does not need to be "properly identified" in order to qualify for the exemption provided by Penal Code section 30352, subdivision (e)(3). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 81. | Proposed section 4307 addresses the required telephonic access for ammunition vendors without accessibility to an internet connection due to their location not allowing for internet service. Our primary concern with the proposed regulation, however, is the hours of operation of DOJ's telephonic system. Presumably, retail businesses such as ammunition vendors will be open outside of a typical 9-5 workday and otherwise open 7 days a week. DOJ's proposed regulation does not specify if the telephonic access system will be available during such times. For this reason, DOJ needs to clarify when the system will be operational to ensure clarity for existing ammunition retail businesses. | No change has been made in response to this comment.  Section 4307 of the proposed regulations indicate the "Telephonic access to the Department will be available during the Department's Customer Support Center Business hours."  Due to the fact that business hours may change, the Department chose not to include specific hours within the regulations.  Currently, Customer Support Center hours of operation are from 8:00 a.m. to 9:00 p.m., seven days a week. |
| 82. | DOJ has made several inaccurate and/or misleading claims and statements in its ISOR warranting attention. First, DOJ estimates there will be approximately 13 million ammunition purchases or transfers conducted each year pursuant to a Standard Ammunition Eligibility Check. This estimation appears to have been calculated based on 931,037 background checks conducted in California in 2014 for firearm transactions. But the basis for this estimation is fundamentally flawed, as DOJ is referencing background checks— not actual gun sales. A single background check could incorporate more than one firearm. And using background check numbers for a single year fails to account for firearms already owned by California residents. | No change has been made in response to this comment.  As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition.  The Department has sourced a reliable estimate of the amount of ammunition sold in the United States each year, and used that estimate to derive an estimate of the amount of ammunition sold in California each year.<br><br>The Department used the number of background checks each year to provide an approximation of the number of ammunition purchases each year.  The Department has determined that it is reasonable to assume that the residents of any particular state purchase an amount of ammunition each year proportionate to that state's share of the number or background checks for firearms purchases each year.  Since 4.44 percent of background checks in the United States are for firearms purchased in California, it is reasonable to assume that that same percentage of ammunition sold in the United States will be ammunition sold in California.  The absolute number of firearms sold is not relevant to this calculation, nor is the number of firearms already owned by California residents. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 83. | DOJ also fails to describe how it selected 40 rounds as the number of rounds in each box of ammunition. A simple web search of available ammunition yields wildly varying numbers of rounds per box, with the most common quantities either 50 or 20 rounds per box. | No change has been made in response to this comment. As the commenter notes, the most common quantities of ammunition are sold in boxes of either 50 or 20 rounds. Some ammunition boxes may contain many more rounds, and others may contain fewer. According to the commenter's own estimate, the average number of rounds in a box would be 35. Accounting for sales of ammunition of *over* 50 rounds results in an average of approximately 40 rounds per box. |
| 84. | DOJ claims "there is no evidence that these regulations will deter ammunition sales or be a significant burden to ammunition purchases." Yet DOJ's own statements directly contradict this point. It states that "ammunition purchases are considered a leisurely activity, and oftentimes done while out shopping for other items or browsing for future purchases, which is beneficial to both parties." What's more, DOJ also states that costs are "minimal because although it takes time for the Department to process an ammunition eligibility check, ammunition purchasers will be shopping for other products in the store, allowing the ammunition vendor to sell more items to the public." Notwithstanding the fact that DOJ is obligated to process transactions in real-time and without any delay (contrary to DOJ's assertions), such statements make it clear that there is indeed a significant burden. | No change has been made in response to this comment. There is no data that the proposed regulations will impose a significant burden on ammunition purchases. At this point, the Department can only use its best estimates as to the impact on ammunition sales. As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition. |
| 85. | DOJ's analysis also ignores attempts by other states at implementing similar legislation. In 2013, New York enacted identical ammunition background check requirements. But before the law could be implemented, New York's Governor issued a memorandum of understanding suspending enforcement of the ammunition background check requirements. That memorandum cited "the lack of adequate technology" while also stating that the database "cannot be established and/or function in the manner originally intended at this time." New York's Governor has also issued a statement that "the ammunition sales database *will not be prematurely introduced until the technology is ready and it does not create an undue burden for business owners*." To date, New York has yet to implement the ammunition sales database. | No change has been made in response to this comment. Besides superficial similarities, the laws and the technological systems in New York are not analogous to the laws and technological systems in California. There is no indication by the commenter how the issues raised in New York are equivalent to the proposed regulations. Therefore, the Department determines that this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 86. | Background checks for ammunition purchases will discourage firearm enthusiasts from practicing. This may decrease safety. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 87. | Background checks for ammunition purchases will lead to less enjoyment of one's chosen form of recreation. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 88. | These regulations will lead to fewer ammunition sales, and due to scarcity, the price of ammunition will increase.  This has not been adequately accounted for. | No change has been made in response to this comment.  Scarcity is unlikely to increase the price of ammunition, since there is no obvious reason why the supply of ammunition would change.  Retail and wholesale ammunition vendors remain able to order unlimited quantities of ammunition either from in-state manufacturers or from out of state, and to offer that ammunition for sale within California.

Alternatively, this comment may be interpreted as suggesting that decreased demand will lead to higher prices. The Department disagrees that these regulations will lead to fewer ammunition sales. As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility check or COE verification, and neither the $1 fee, nor the approximated 2 minute process will deter firearm enthusiasts from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determines that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions. |
| 89. | Due to these regulations, I will not be able to purchase ammunition the way I do now.  That is not fair. | No change has been made in response to this comment because this is a generalized comment in opposition to the regulation, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 90. | Opposition based on natural law or religious objections:<br><br>a. Because my right to own a firearm was granted by God, it cannot be infringed in any way.<br><br>b. Because all living things have a natural right to self-defense, it cannot be infringed in any way. | No change has been made in response to this comment because the Department determines that this is a generalized comment objecting to the regulations and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 91. | Opposition based on a desire to transport ammunition into California from out of state:<br><br>a. This will force me and/or "good people" to import ammunition from out of state, or to otherwise evade the law.<br><br>b. An exemption should be made for people who cross state lines often. | No change has been made in response to this comment because the Department determines that this is a generalized comment objecting to the regulations and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. These regulations, which implement Penal Code sections 30352 and 30370, govern the procedure for in-state purchases.<br><br>Specifically:<br><br>a) Penal Code section 30314 makes it illegal for California residents to bring in ammunition from out of state.<br><br>b) Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |
| 92. | The various methods of evading the law will deny California tax revenue that would otherwise be collected if ammunition sales were not regulated. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 93. | Opposition based on alleged due process violations:<br><br>a. Being forced to undergo a background check prior to purchasing ammunition deprives me of life, liberty or property without due process of law.<br><br>b. There is no process to appeal a denial.  This violates my due process rights.  Will I be allowed to challenge a denial, if the reason for the denial is incorrect? | No change has been made in response to this comment.  Specifically:<br><br>a. This is a generalized comment in opposition to the regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>b. The Department did not propose a separate administrative process to appeal a denial.  Per Penal Code section 30370, the only reason why a person can be denied is if they are expressly prohibited by law.  Proposed sections 4302(e) and 4303(d)(2) provide methods by which the Department will explain to the attempted purchaser the reason for a denial, for the purposes of transparency and to facilitate a challenge if the determination was made in error.  The potential purchaser or transferee may seek review of the records upon which the denial was based pursuant to Penal Code section 11121 and may seek to have those records changed pursuant to Penal Code section 11126.  If an individual is not approved, they will have the opportunity to challenge both the Department's determination and the accuracy of their criminal history record by contacting the Department, updating their entry in AFS, or pursuing a writ of mandate in a court of law.  Any member of the public can contact the Customer Service Center from 8:00 a.m. to 9:00 p.m., seven days a week. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 94. | Background checks for ammunition deny me equal protection under the law. | No change has been made in response to this comment. The proposed regulations will apply to everyone equally.<br><br>Alternatively, this comment may be interpreted as an objection to any implementation of the underlying statute, in which case it is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department has no authority to not implement the underlying statute. Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 95. | Opposition based on an anticipation that the regulations will result in a decrease in tax revenue:<br><br>a. Background checks for ammunition purchases will lead to decreased sales of ammunition, which will result in less tax revenue for California.  This economic impact has not been adequately accounted for.<br><br>b. Decreased sales of ammunition will decrease other, related activities (e.g., hunting), which will result in less tax revenue for California.  This related economic impact has not been adequately accounted for. | No change has been made in response to this comment.  The Department disagrees that these regulations will lead to fewer ammunition sales.  As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility check or COE verification, and neither the $1 fee, nor the approximated 2 minute process will deter firearm enthusiasts (e.g., hunters) from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determines that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions.<br><br>See also the Department's response to comment #88. |
| 96. | Background checks for ammunition purchases will lead to decreased sales of ammunition, which will result in less tax revenue for the federal government under the Pittman-Robertson Act.  These monies are then distributed by the federal Department of the Interior to the states to pay for wildlife conservation.  The impact of the likely decrease in federal funds has not been adequately accounted for. | No change has been made in response to this comment.  The Department disagrees that these regulations will lead to fewer ammunition sales.  As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility check or COE verification, and neither the $1 fee, nor the approximated 2 minute process will deter firearm enthusiasts from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determines that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions. Thus, there will be no impact on revenue collected and distributed pursuant to the Pittman-Robertson Act. |
| 97. | These regulations do not affect the good people of California. | No change has been made in response to this comment.  The proposed regulations will apply to everyone equally.<br><br>Alternatively, the comment may be suggesting that the regulations are not necessary for "good" people, because "good" people will not purchase ammunition when they are prohibited from doing so, and/or will not commit crimes involving ammunition.  No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute rather than to the way the agency proposes to interpret it. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 98. | Background checks for ammunition purchases is ridiculous because people can just make their own ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 99. | Opposition based on a concerns about privacy:<br><br>a. Background checks for ammunition purchases amount to an invasion of privacy.<br><br>b. You do not have the right to gather this information.<br><br>c. The personal information collected due to the implementation of Penal Code sections 303520 and 30370 will be susceptible to theft and misuse.<br><br>d. I oppose the recording of any information unnecessary to the explicit purpose of conducting a background check for ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Specifically:<br><br>b. Penal Code sections 30370 and 30352 expressly require the Department to gather the information required to conduct an eligibility check, and to collect specified information regarding ammunition purchases at the time of delivery.<br><br>c. The Department follows all applicable laws and regulations to ensure the security and confidentiality of the records it maintains. Specifically, Penal Code section 30352, subdivision (b) expressly directs that information related to the purchase or transfer of ammunition, collected at the time of delivery, as specified by subdivision (a), "shall remain confidential."<br><br>d. The information gathered is either expressly required by statute, or is necessary to conduct an eligibility check, as explained in the Initial Statement of Reasons (inclusive of the addendum). |
| 100. | Though there may be a benefit to background checks for the purchase of ammunition, that benefit does not out weigh the cost. | No change has been made in response to these comments because the Department determines that these comments object to the underlying statute and is neither specifically directed at the agency's proposed action nor to the procedures followed by the agency in proposing or adopting the action. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 101. | These regulations are complicated. | No change has been made in response to this comment because this is a generalized comment regarding the clarity of the regulations and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 102. | Implementing Penal Code sections 30352 and 30370 makes the Department of Justice and its employees complicit in illegal, unconstitutional, immoral and/or unjust activities. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>The Department has followed all of the requirements of the Administrative Procedures Act in promulgating these regulations.  Additionally, the Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 103. | Exemptions should be made for different types of ammunition. For example, types that are rarely used during the commission of crimes, or small caliber ammunition. | No change has been made in response to this comment.  Statute does not provide exemptions on the basis of ammunition type.  The Department lacks the authority to create exemptions based on ammunition type. |
| 104. | The enactment of these regulations should be suspended until it can be proven that a restriction on ammunition purchases will have a positive effect on the real gun problem in California, if there is one. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 105. | Any cost to implement Penal Code sections 30352 and 30370 should not be borne by consumers.  Instead, the money required should come from the DROS fund or the state's General Fund. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Penal Code section 30370 mandates that the Department shall recover costs of activities related to the ammunition authorization program "by charging ammunition purchasers and transferees a per transaction fee." |
| 106. | Why is the approval for a Basic Ammunition Eligibility Check only good for 30 days? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>As stated in the Initial Statement of Reasons (inclusive of the addendum), during the Basic Ammunition Eligibility Check the Department conducts a review of its records to determine if an individual is eligible to own or possess ammunition.  The review is based on information retrieved at that point in time.  To ensure the Department bases its determinations on the most current information, eligibility checks are only valid for 30 days.  After 30 days, a new eligibility check must be conducted to ensure that nothing has transpired that would prohibit an individual from owning or possessing ammunition. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 107. | Confusion regarding how many times an approval by the Department may be used to purchase ammunition:<br><br>a. Every 30 days I will need to spend another $19 for the Basic Eligibility Check.  This amounts to $228 per year, which is expensive.<br><br>b. Will I have to pay a fee multiple times a month? | No change has been made in response to this comment because the Department disagrees that the language of the proposed regulation does not meet the "clarity" standard.  Penal Code section 30370, subdivision (a), requires the Department to electronically approve each purchase or transfer of ammunition through a vendor, at the time of purchase or transfer, as specified. The language of sections 4302, 4303, 4304 and 4305 use singular terms for the ammunition authorization process, and section 4308, subdivision (a), which discusses delivery of ammunition, uses singular terms when referring to Departmental approval of "an ammunition purchase or transfer."<br><br>Penal Code section 30370, subdivision (c), specifies that a Basic Ammunition Eligibility Check (BAEC) is "for a single ammunition transaction or purchase." Since 30370 subdivision (a) makes clear that an approval shall occur for *each* purchase or transfer, as necessary, the Department has interpreted the explicit specification of the singularity of the BAEC as an indication that such an individual, who does not qualify for the Standard Ammunition Eligibility Check (SAEC), must not have an up-to-date AFS record, and likely does not purchase ammunition regularly. Section 4303, subdivision (c)(1) mirrors this construction by explicitly providing that an approved Basic Ammunition Eligibility Check "can only be used for one ammunition purchase or transfer."  Therefore a subsequent purchase will require another $19 fee, for another Basic Ammunition Eligibility Check, just as another purchase made subsequent to a prior SAEC or COE Verification would require another $1 fee.<br><br>There is not a maximum fee that can be collected per month, and if someone makes multiple purchases each month, there will be a fee for each transaction, as appropriate. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 108. | Opposition on the basis of the possible consequences for purchasing large quantities of ammunition.<br><br>a. In order to save on fees, people will purchase more ammunition at a time.  Law enforcement will then be alerted that the person is stockpiling ammunition.<br><br>b. Will multiple purchases or large purchases trigger some kind of investigation? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department knows of no statute or regulation that prohibits the purchase of large quantities of ammunition. |
| 109. | These regulations will lead to an ammunition shortage in the state. In order to avoid the background check, all of the available ammunition in the state will be purchased prior to the implementation date of July 1, 2019. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 110. | Opposition to the exhaustive nature of the list of exemptions in Penal Code section 30352:<br><br>a. There should be more categories of people exempted from having to undergo a background check prior to purchasing ammunition.<br><br>b. People who have proven that they are trustworthy, such as military veterans or airline pilots, should be exempted.<br><br>c. Citizens with a guard card should be exempted.<br><br>d. Only convicted felons should have to undergo background checks for ammunition purchases.<br><br>e. The following persons should be exempt from undergoing background checks for ammunition purchases: all those who are known to the state of California to have legally acquired a firearm in CA; all persons in possession of a hunting license; all persons who have 832 p.c. certification; all members of a viable firearms training organization, all holders of a concealed firearms permit, (California or any other state or territory),  and any other persons who the state would already know are not prohibited persons. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |
| 111. | Anyone who has registered a firearm with the state should be exempt from the requirement to undergo a background check for ammunition, and the associated fee. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 112. | The Department should alternatively implement the ammunition authorization program by issuing an identification card to persons who pass an ammunition eligibility check:<br><br>a. The Department should issue an identification card to anyone who has passed a background check, allowing them to bypass any future background check for ammunition.<br><br>b. I am willing to settle with a "ammunition background card". If the background is covered by the taxpayer, there is no excessive delays for the issue of the background cards, no intrusive records are kept of the ammunition purchases, and the ammunition can be delivered to the residences of the purchasers. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute. Penal Code section 30370, subdivision (a), requires the Department to electronically approve the purchase or transfer of ammunition through a vendor, at the time of each purchase or transfer, as specified. Subdivision (c) further specifies that an approval subsequent to a Basic Ammunition Eligibility Check is "for a single ammunition transaction or purchase."<br><br>The issuance of an identification card that could be used for multiple ammunition transactions would allow for the possibility that someone could use the card more than once, and could become prohibited by statute after issuance of the card.<br><br>Therefore the Department has determined that this alternative would not be more effective in carrying out the purpose for which the action is proposed. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 113. | Anyone who has a "firearms permit"  or "gun permit" should be exempt from the requirement to undergo a background check for ammunition, and the associated fee. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to expand upon these statutory exemptions.<br><br>See also the Department's response to comment #112. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 114 | Opposition to perceived unfair exemptions:<br><br>b. The liberal politicians of this state exempted themselves from this law.<br><br>b. The government is exempted from this law. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition. The Department lacks the authority to change these statutory exemptions. |
| 115. | California authorities, inclusive of the DOJ, are biased and will not authorize ammunition purchases fairly. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 116. | The fee should not be more than $10. | No change has been made in response to this comment.  The Department is adopting the regulation, including the setting of fees, for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 117. | These regulations are unnecessary because ammunition is only harmful in conjunction with a firearm, and firearms are already well regulated. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 118. | These regulations are unnecessary because felons are already prohibited from purchasing ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 119. | Background checks should only be used to prevent the mentally ill from obtaining ammunition. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30305 prohibits any person from owning or possessing ammunition if that person is prohibited from owning or possessing a firearm, as specified.  Those specifications include but are not limited to prohibitions related to the potential purchaser or transferee's mental health status.  The Department has no authority to limit which statutory prohibitions apply to ammunition sales. |
| 120. | What exactly has been the cause or reasoning for such a new regulation to exist? | No change has been made in response to this comment. The Department is adopting the regulations for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 121. | Could the information gathered pursuant to Penal Code sections 30352 and 30370 and these proposed regulations be used for future law enforcement activities not specifically related to the background check being conducted for the purpose of purchasing ammunition?  (E.g., to find people who are purchasing ammunition for a firearm, the ownership of which they should have but did not previously report to the Department.) | No change has been made in response to this comment because the Department determines that this comment is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30352, subdivision (b) allows for the information collected pursuant to subdivision (a), to be used by the Department and those entities specified in, and pursuant to, subdivision (b) or (c) of Penal Code section 11105, through the California Law Enforcement Telecommunications System, only for law enforcement purposes. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 122. | Opposition based on perceived lack of clarity regarding the process for purchasing ammunition:<br><br>a. These regulations are incomplete because they do not adequately, or with specificity, explain the process for both consumers and ammunition vendors to follow in order to purchase ammunition.<br><br>b. The Department of Justice should create and disseminate explicit guidelines for how ammunition vendors should conduct background checks for ammunition purchases and transfers. | The Department has amended the proposed regulations in response to this comment.  Sections 4301, 4302, 4303, and 4305 have been amended to provide additional clarity as to how an eligibility check may be requested, as well as the statutory criteria that a purchaser or transferee may rely upon to decide which eligibility check to request.  The regulations, in conjunction with Penal Code section 30370, subdivision (a), make plain each option and when each is appropriate.<br><br>The Department does not have the authority to mandate which procedure a purchaser or transferee uses to seek authorization to purchase ammunition. If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. However, by statute, certain persons may gain authorization in multiple ways. If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check.  If an individual holds a current Certificate of Eligibility, the individual is eligible for both a Basic Ammunition Eligibility Check and the COE Verification process. An individual could hold a current Certificate of Eligibility, and have personal information that matches an entry in AFS, and also qualify for the authorization provided by the Basic Ammunition Eligibility Check.  Instead of mandating which ammunition eligibility process a person shall request, the Department determined that the most effective way of clarifying the multiple methods of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements.  The proposed regulations satisfy this goal. Ammunition vendors are free to inquire of the potential purchaser or transferee about their potential eligibility, before requesting one of the three types of eligibility checks.<br><br>Additionally: ammunition vendors do not conduct background checks.  The regulations make clear that ammunition vendors shall collect the required information and submit that information to the Department, which will then conduct the eligibility check. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 123. | There is no justification as to why the Department has set the fees to the maximum allowed by Penal Code section 30370. How did DOJ determine they would charge $1 and $19 for Standard Firearms Eligibility Checks and One-Time Ammunition Transactions, respectively? | No change has been made in response to this comment. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>See also the Department's response to comments #65, 71, 72 and 79. |
| 124. | The only purpose of these regulations is to show citizens that they are subjected to government power and control. Firearms policies are carried out inefficiently and ineffectively, either intentionally or unintentionally – distinguishing which does not matter because either way the purpose is to demonstrate government control. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 125. | Background checks are just a way to determine whether the purchaser is prohibited from ownership of ammunition. | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. Per Proposition 63 and Senate Bill 1235, ammunition eligibility checks are intended to accomplish that purpose.<br><br>Alternatively, this comment may be interpreted as objecting to the various statutory prohibitions on ammunition ownership. A background check would reveal if a purchaser falls into a prohibited category, potentially leading to the disapproval of the sale of ammunition, which the commenter may be interpreted as opposing. No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 126. | How long will I have to wait for the approval/denial from the Department? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Wait time will vary based on the eligibility check that is requested.  As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that a Standard Ammunition Eligibility Check and a COE Verification will be completed in approximately two minutes.  The Basic Ammunition Eligibility Check will take longer to complete, because that process requires a manual review of Department records by an analyst to determine eligibility. |
| 127. | Why can't the background checks be completed instantly?  The proposed regulations do not represent the best possible manner to implement the underlying statute. | No change has been made in response to this comment.  The Department has implemented the best possible solution for electronically conducting the eligibility checks pursuant to Penal Code section 30370.  As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that a Standard Ammunition Eligibility Check and a COE Verification will be completed in approximately two minutes.  It is not possible to provide an instant response for a Basic Ammunition Eligibility Check because that process requires a manual review of Department records by an analyst to determine eligibility. |
| 128. | There are instances where the instant background check process did not prevent prohibited persons from purchasing firearms.  The public therefore bears the burden of these regulations while given a false sense of security. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Alternatively, the comment may be interpreted as a claim that the proposed regulations do not represent the best possible manner to implement the underlying statute. As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 129. | Although I do not support background checks for ammunition purchases, I agree that Proposition 63 was passed according to legitimate procedures, and as such should be implemented. Specifically, the exemption for Certificate of Eligibility holders (Penal Code section 30370, subdivision (a)(2)) is sound public policy. | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. |
| 130. | The Act requires the purchaser to be matched in the Automated Firearms System, to be eligible with a COE, or buy a firearm at the same time as purchasing ammunition? How many documented incidences have been cited showing that criminals legally purchased a firearm from a Federal firearms licensed dealer, purchased ammunition at the same time of taking delivery of that weapon and then committed a criminal act? This does not happen. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 131. | If the electronic system for requesting a background check fails (e.g. due to a power outage), will nobody in the state be approved to purchase ammunition?  Will there be an alternative method? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30370, subdivision (a) expressly directs the Department to electronically approve the purchase or transfer of ammunition through a vendor, with the exception provided in subdivision (d).  Pursuant to Penal Code section 30352, subdivision (d), an ammunition vendor shall deny a sale or transfer if the vendor is unable to verify with the Department, in the manner specified, that the potential purchaser or transferee is authorized to do so. |
| 132. | Fee for Certificate of Eligibility (COE) Verification process exceeds statutory authority.  While Penal Code § 30370 provides for the recovery of a per-transaction fee of up to $1.00, this is being misapplied as to COE holders.  Firearms dealers have never before had to verify that a COE is still valid; therefore, doing so for ammunition purchases is unnecessary.  Even if it is necessary to verify a COE, why is there a $1 fee for COE verification?  The cost of performing a check of personal data against the AFS is hardly the same as the more simple process of verifying a COE, yet they both cost the same amount. | No change has been made in response to this comment.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>See also the Department's response to comment #79. |

| 133. | § 4302 Fails to Specify Criteria for Approval or Rejection.  The proposed regulation at § 4302 fails to set forth any criteria at all, much less any objective measure, by which DOJ is to determine whether a purchaser or transferee "matches" an AFS entry under Penal Code § 30370.  Nowhere is "match" defined in the proposed regulations.  Of concern especially are at least four issues:<br><br>(a)  Will a mismatched address be a disqualifier?  This would not be fair since individuals sometimes move frequently, and there is no requirement to update information with DOJ for firearm registration.<br><br>(b)  Will a mismatched telephone be a disqualifier?  Again, telephone numbers change frequently, in many cases probably more often than addresses.<br><br>(c)  Will a change in name result in a denial?  If so, this would have a discriminatory impact on women who change their names as a result of marriage, or dissolution of marriage.<br><br>(d)  If one mismatched category not enough to deny the transaction, will the presence of multiple factors result in a denial? | No change has been made in response to this comment.  Penal Code section 30370, subdivision (b) provides the criteria for denial of an ammunition transaction, subsequent to a Standard Ammunition Eligibility Check.  The Department has determined that no further interpretation is necessary to effectuate that statute.<br><br>Specifically:<br><br>a. Pursuant to Penal Code section 30370, subdivision (b), if the purchaser's or transferee's personal information, including "current address," does not match an AFS entry, the transaction shall be denied.  The Department determines that the commenter objects to the underlying statute and this comment is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is proposing regulations that will allow an individual to update his or her address in AFS.  (See OAL Notice File Number Z-2018-0910-02.)<br><br>b. It is necessary to collect the purchaser's or transferee's telephone number for reasons stated in the Initial Statement of Reasons (inclusive of the addendum).  The purchaser's or transferee's telephone number is not one of the pieces of information identified by Penal Code section 30370, subdivision (b), as needing to be cross-referenced with the information maintained in the AFS, and therefore the lack of a match would not result in a denial.<br><br>c. Pursuant to Penal Code section 30370, subdivision (b), if the purchaser's or transferee's personal information, including "name," does not match an AFS entry, the transaction shall be denied. No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is proposing regulations that will allow an individual to update his or her name in AFS.  (See OAL Notice File Number Z-2018-0910-02.)<br><br>d. Pursuant to Penal Code section 30370, subdivision (b), if the purchaser's or transferee's personal information does not match an AFS entry, the |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | | transaction shall be denied. The Department has determined that no further interpretation of that statute is necessary to effectuate that law.  The Department is proposing regulations that will allow an individual to update his or her AFS record.  (See OAL Notice File Number Z-2018-0910-02.) |
| 134. | Will the department be analyzing the particular caliber of ammunition being purchased against firearms registered in AFS? As noted above, there are several scenarios where a legal firearms would not appear in the registry, including millions of rifles and shotguns acquired in California prior to 2014.  Individuals should not be precluded from purchasing ammunition for legally owned firearms by virtue of a requirement that did not exist at the time of purchase, nor does their exist any mandate to register such unregistered firearms.  Nothing in the proposed regulation would prevent this type of abuse by DOJ. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  There is no statutory or regulatory prohibition on the purchase of ammunition for a firearm not recorded in AFS, and the Department will not be "analyzing" the particular caliber of ammunition being purchased against firearms registered in the Automated Firearms System (AFS).  Sections 4303, 4305, and 4306 of the proposed regulations expressly provide for ammunition transactions by individuals who may not have an entry in AFS.<br><br>Penal Code section 30352, subdivision (b) requires the Department to retain information submitted to it pursuant to subdivision (a); that information may only be used in the manner specified. |
| 135. | If the personal information required for a background check does not directly correspond with the criteria by which a denial would result, then it should not be necessary for ammunition vendors to collect this information.  Name, date of birth, and government identification number should be sufficient. | No change has been made in response to this comment.  As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department has determined that the personal information required to conduct the Standard Ammunition Eligibility Check, the Basic Ammunition Eligibility Check and the COE Verification is necessary to accurately identify persons who request approval to purchase ammunition, and to match those persons with the records available to the Department. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 136. | Requiring a background check for ammunition purchases violates the Commerce Clause of the US Constitution.<br><br>(See Article 1, Section 8 of the US Constitution, Edwards v California (1941), and consolidated cases of Granholm v Heald and Swedenburg v Kelly [in which U.S. Supreme Court, on a 5-4 vote, found state laws that prohibited out-of-state wineries from selling wine over the Internet directly to consumers violated the Commerce Clause]).<br><br>"This Court has long held that, in all but the narrowest circumstances, state laws violate the Commerce Clause if they mandate "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." (Granholm v. Heald (2005)), (Swedenburg v. Kelly (2005)) | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 137. | According to the US Supreme Court it is unconstitutional to charge a fee for the exercising of a right (Harper v Virginia Board of Elections 1966), which these proposed regulations would implement.<br><br>See also Murdock v. Pennsylvania, 319 U.S. 105 (1943) | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 138. | According to the US Supreme Court it is unconstitutional to register (record in a government database) the exercising of a right. (Thomas v Collins 1945, Lamont v Postmaster General 1965, Haynes v US 1968), which these proposed regulations would implement. | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 139. | According to the US Supreme Court it is unconstitutional to require a precondition on the exercising of a right. (Guinn v US 1915, Lane v Wilson 1939); (ATF FORM 4473, CCW, licenses, "Cooling-off"/'waiting' period, smart gun requirements..) | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California: <br><br> An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power: <br><br> (a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional; <br><br> (b) To declare a statute unconstitutional; <br><br> (c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 140. | According to the US Supreme Court it is unconstitutional to require a license (government permission) to exercise a right. (Murdock v PA 1943, Lowell v City of Griffin 1939, Freedman v MD 1965, Near v MN 1931, Miranda v AZ 1966); (CCW, licenses..) | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 141. | According to the US Supreme Court it is unconstitutional to delay the exercising of a right. (Org. for a Better Austin v Keefe 1971); (ATF FORM 4473, CCW, licenses, "Cooling-off"/'waiting' period...) | No change has been made in response to this comment because the Department determines that this comment objects to any implementation of the underlying statute. The Department has no authority to not implement the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Per Article 3, Section 3.5 of the Constitution of California:<br><br>An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:<br><br>(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;<br><br>(b) To declare a statute unconstitutional;<br><br>(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |
| 142. | These regulations do not clearly stipulate what additional fees an ammunition vendor can charge for each ammunition transaction. The regulations should include a statement concerning the fees allowed to be collected by an ammunition vendor.  Specifically, the fee should be left to the discretion of the vendor, and not capped at $10 per transaction. | No change has been made in response to this comment.  The comment appears to be referring to a provision of SB 1235 which did not become operative due to the passage of Proposition 63.  That provision, which would have adopted Penal Code section 30364, would have set a limit on the fees that an ammunition vendor could charge for each ammunition purchase authorization at $10.  These regulations do not implement that proposed section.  Rather, the Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 143. | I object to the government knowing how much ammunition I purchase. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30352, subdivision (a)(3) requires the ammunition vendor to record the amount of ammunition sold or otherwise transferred. Penal Code section 30352, subdivision (b) requires the ammunition vendor to submit that information to the Department. |
| 144. | I object to the government knowing what types of ammunition I purchase. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30352, subdivision (a)(3) requires the ammunition vendor to record the types of ammunition sold or otherwise transferred. Penal Code section 30352, subdivision (b) requires the ammunition vendor to submit that information to the Department. |
| 145. | Opposition on the basis of a perceived lack of clarity regarding how to obtain an ammunition purchase authorization certificate or identification card:<br><br>a. The regulations are vague as to how a CA resident obtains a certificate to purchase ammunition in CA, what the cost of the certificate is, how long it is good for, and what, if any, is the waiting period once an individual has a certificate to pick up the ammunition.<br><br>b. The process to obtain an ammunition purchase authorization, and its related limitations, is overly burdensome. | No change has been made in response to these comments.  The comments appear to be referring to a provision of Proposition 63 which did not become operative.  That provision would have allowed individuals to apply for a 4-year ammunition purchase authorization, sometimes referred to as a "certificate" to purchase ammunition (see Proposition 63, Penal Code section 30370).  These regulations do not implement that proposed provision.  Rather, the Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

220

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 146. | Why is the COE Verification Process in proposed section 4305 different than the process in proposed section 4306 for a Federal Firearms License holder? | No change has been made in response to this comment.  The COE Verification process in section 4305 implements Penal Code section 30370, subdivision (a)(2).  The process in section 4306 makes specific the requirement that individuals who are exempted from the ammunition authorization program per Penal Code section 30352, subdivision (e) are "properly identified."  The proposed regulations are clear as to this distinction.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 147. | I have tried to contact you by telephone several times but your system fails to record a message. | The Department interprets this comment as a procedural objection regarding Government Code section 11346.5, subdivision (a)(14).  Several other commenters were able to successfully contact the Department at the telephone number provided, and no other commenter expressed difficulty contacting the Department at the number provided on the Notice of Proposed Rulemaking, or leaving a message in the voicemail box for that telephone number. |
| 148. | The California government is trying to disincentivize firearms usage by adding barriers to obtaining the required supplies. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 149. | The proposed regulations are confusing and vague. If someone pays the $19 fee for a Basic Ammunition Eligibility Check and is approved for that single transaction, do they have to go through the same process, and pay the same fee, the next time they wish to purchase ammunition? Or are they then "in the system" and only have to undergo the Standard Ammunition Eligibility Check in the future? | No change has been made in response to this comment. See the Department's response to comment #107.<br><br>If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check. If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. There is no statute, nor any proposed regulation, whereby approval of a single ammunition transaction subsequent to a Basic Ammunition Eligibility Check would make an individual eligible for a Standard Ammunition Eligibility Check in the future.<br><br>The Basic Ammunition Eligibility Check is the procedure developed pursuant to Penal Code section 30370, subdivision (c), by which persons who are not prohibited from purchasing or possessing ammunition may be approved for a single ammunition transaction or purchase. The Department has changed the title of proposed section 4303 to "Basic Ammunition Eligibility Check (Single Transaction or Purchase)." The parenthetical "(Single Transaction or Purchase)" has been included in the title of section 4303 because this language mirrors Penal Code section 30370, subdivision (c), which section 4303 implements. Both the regulation and the statute make clear that the Basic Ammunition Eligibility Check provides a determination for a single transaction or purchase. |
| 150. | I have little faith the system will work within a minute, so the time lag values and costs to both retailers and customers is highly suspect. | No change has been made in response to this comment. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 151. | The estimated number of ammunition purchases and transactions is inflated. I suspect that it has been inflated for purpose of generating additional income to DOJ, to cover the start-up and ongoing costs of the system. | No change has been made in response to this comment. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). The Department has provided the best possible estimate given there is no current data that tracks California ammunition sales. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 152. | There is no timeframe provided in proposed section 4303 for when purchasers will be notified of the reason for the rejection. | No change has been made in response to this comment.  The Department is unable to provide a specific time frame for when a Basic Ammunition Eligibility Check will be completed, because that process requires a manual review of Department records by an analyst to determine eligibility.<br><br>See also the Department's response to comments #126 and 127. |
| 153. | I see no penalty whatsoever if a felon tries to buy ammunition and gets caught.  If there is no real enforcement of the purported targets of background checks (i.e., to prevent prohibited persons from purchasing ammunition), there is no need to unnecessarily burden everyone else. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 154. | This process is cumbersome.  Every time I want to purchase ammunition I will have to provide the same information over and over again.  Isn't there a better way to minimize this redundancy? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Alternatively, this comment may be interpreted as a claim that the proposed regulations do not represent the most effective manner in carrying out the purpose for which the regulation is proposed.  As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations.<br><br>See also the Department's response to comment #107. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 155. | If the transaction is approved, why must dealers waste more time to record the date and time the ammunition was delivered?  Why is it not the case that the ammunition can be delivered anytime within an X number of days window following an approval?  If the purpose is to check eligibility, then why is the state wanting to record a delivery?  Is it not sufficient to just verify the eligibility? | The Department has amended the proposed regulations in response to this comment. Section 4308, subdivision (c)(2) has been amended to remove the requirement that the vendor record the time and date the ammunition is delivered, and instead to require that the vendor submit the ammunition sale information required by Penal Code section 30352, subdivision (a).  Per Penal Code section 30352, subdivisions (a) and (b), ammunition vendors must, at the time of delivery, record specified information and electronically submit that information to the Department.  This requirement has been duplicated in the regulation for the purpose of clarity. |
| 156. | Section 4303.  How does an ammunition purchaser transition from Basic to Standard Eligibility Check, in order to not have to pay the $19 fee every time? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.

A purchaser does not "transition" from one type of eligibility check to another; authorization is granted pursuant to the requirements of Penal Code section 30370 as implemented by sections 4302 and 4303.  If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check.  If an individual's personal information matches an entry in the AFS, the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check. |
| 157. | Sections 4305. Are purchasers of ammunition also required to obtain a Certificate of Eligibility? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.

Per Penal Code section 30370, subdivision (a)(2), a person who holds a current Certificate of Eligibility, as verified by the Department, is authorized to purchase ammunition, but a purchaser of ammunition is not required to obtain a Certificate of Eligibility. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 158. | Section 4306.  A valid Federal Firearms License is listed as acceptable identification to prove the individual is exempt from Departmental approval.  Does this include a Type 03 (Curio & Relic) FFL? | The Department has amended the proposed regulations in response to this comment. Section 4306 has been amended to clarify what types of Federal Firearms Licenses will provide proper identification for the exemption types listed in Penal Code section 30352, subdivision (e).<br><br>The Department has determined that, by itself, a Type 03 (Curio and Relic) FFL would not properly identify any of the persons listed by Penal Code section 30352, subdivision (e). |
| 159. | Section 4307. An internet/telephone service provider cannot be mandated to provide documentation of their inability to provide service to an ammunition vendor.  This creates a hardship for the ammunition vendor without service, and creates an unfair advantage in the marketplace. | No change has been made in response to this comment.  Penal Code section 30370, subdivision (d) provides that, for a vendor that cannot electronically verify a person's eligibility via internet connection, the Department must provide a telephone line to verify eligibility.  That option is made available "to ammunition vendors who can demonstrate legitimate geographical and telecommunications limitations in submitting the information electronically and are approved by the Department to use the telephone line verification." The Department has determined that proposed section 4307 provides the best interpretation of what it would mean for a vendor to "demonstrate legitimate geographical and telecommunications limitations."  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 160. | Because some individuals are exempted, the law creates first and second class citizens. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 161. | Most local enforcement agencies issue new ammunition to current employees on a yearly basis.  Peace officers are often bound by their agencies to carry particular types of ammunition. If a peace officer cannot purchase the same type of ammunition on their own, they will be forced to carry unauthorized ammunition as reserve ammunition.  This presents a liability. They will also be forced to practice with the unauthorized "range" ammunition, which is inadequate.  I urge you to amend this law to allow active duty and retired law enforcement personnel to purchase ammunition online, and not just through their agencies. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute (Penal Code section 30352, subdivision (e)(7)), and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 162. | The regulations are too vague.  On what basis would a background check result in a denial?  There are no guidelines. | No change has been made in response to this comment.  Penal Code section 30370 provides the criteria for denial of an ammunition transaction, subsequent to a Standard Ammunition Eligibility Check or Basic Ammunition Eligibility Check.  Federal law and California Penal Code section 30305 stipulate who is prohibited from owning, possessing or having in their custody ammunition.  The Department has determined that no further interpretation is necessary to effectuate those statutes.

See also the response to comment #133. |
| 163. | How would the proposed regulations benefit the State of California if individuals that are already prohibited to possess ammunition be unable to obtain Department approval to purchase ammunition? | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).  Currently there is no mechanism to stop a prohibited person from purchasing ammunition at the point-of-sale. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 164. | How can a vendor absolutely ensure the ammunition purchaser or transferee is not prohibited?  Could the vendor be legally and morally liable if a purchase or transfer was made to a prohibited individual that uses the ammunition to commit a crime if the eligibility check was conducted and approved by the Department? | No change has been made in response to this comment.  Per Penal Code section 30370, subdivision (d), a vendor is prohibited from providing a purchaser or transferee ammunition without Department approval.  Proposed section 4308, subdivision (a) explains how Department approval will be communicated to the vendor, and 4308, subdivision (b) explains that, once approval has been communicated, ammunition may be delivered.  Questions regarding any potential future liability are outside the scope of these regulations. |
| 165. | Does the proposed regulation rely on existing regulations or eligibility-check processes to keep prohibited individuals from purchasing ammunition? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>The proposed regulations implement new laws recently passed by the Legislature and the voters of California, as stated in the Initial Statement of Reasons. |
| 166. | Are there any flaws in the existing regulations or eligibility-check processes if a prohibited individual is in possession of ammunition now? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  There are no existing regulations that regulate the purchase of ammunition in California.<br><br>Alternatively, this comment may be interpreted as a claim that the proposed regulations do not represent the most effective manner in carrying out the purpose for which the regulation is proposed.  As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 167. | If prohibited individuals already possess ammunition, how can the process of the proposed regulation benefit public safety? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>The Department is unable to identify prohibited individuals who are currently in possession of ammunition.  The regulations, by implementing Penal Code sections 30352 and 30370, will help prevent prohibited individuals from acquiring ammunition in the future. |
| 168. | Does the Department consider public safety solely based on ammunition possession by prohibited individuals?  What factors does the Department consider affects public safety?  I believe there are many other factors that affect public safety and the proposed regulation to prevent prohibited individuals from possessing ammunition, when those individuals are already prohibited, is redundant in its redundancy. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>The Department disagrees that requiring eligibility checks for ammunition transactions is redundant of a law prohibiting certain individuals from possessing ammunition.  The eligibility checks implemented by these regulations will help enforce the prohibition.<br><br>The Initial Statement of Reasons states, "These regulations will benefit public safety by various means, including regulating the sale of ammunition to prevent the acquisition by convicted felons, the dangerously mentally ill and other persons who are prohibited from possessing firearms and ammunition." |
| 169. | How can the proposed regulations not have direct impact on businesses if the fee for ammunition eligibility checks must be collected by the business and transferred to the Department by the businesses?  Management and accounting efforts must be employed by the business. | No change has been made in response to this comment.  As stated in the Initial Statement of Reasons, the Department estimates that there will be a direct cost for ammunition vendors to process these transactions. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 170. | California businesses will have a disadvantage compared to out-of-state businesses. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 171. | Obtaining a Certificate of Eligibility (COE) is a fairly extensive process including fingerprinting.  It would appear that alone should be sufficient for individuals that have one to use to establish the ability to purchase ammunition for the duration of the COE.  Why can't a COE by itself be used to establish one's ability to purchase ammunition? Why does there need to be an additional background check? | No change has been made in response to this comment.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).

Proposed section 4305 provides the process by which a Certificate of Eligibility may be verified as being "current," per Penal Code section 30370, subdivision (a)(2). The regulations provide for three types of eligibility checks—Basic Ammunition Eligibility Check, Standard Ammunition Eligibility Check and COE Verification.  An individual who holds a current Certificate of Eligibility is eligible for COE Verification and is not required to undergo any other background check. |
| 172. | How long are the ammunition sales records kept? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.

Pursuant to Penal Code section 30355, all records required by Article 3, relating to Ammunition Vendors, shall be maintained on the premises of the vendor for a period of not less than five years from the date of the recorded transfer.

Pursuant to Penal Code section 30352, subdivision (b), the Department "shall retain" the information submitted to it pursuant to subdivision (a). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 173. | How is the records information going to be used?  Because ammunition is a non-durable good, what use is there in keeping historical records? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Pursuant to Penal Code section 30352, subdivision (b), the information submitted to it pursuant to subdivision (a) may be used by the Department and those entities specified in, and pursuant to, subdivision (b) or (c) of Section 11105, through the California Law Enforcement Telecommunications System, only for law enforcement purposes. |
| 174. | Ammunition sales records could be used by law enforcement to harass law abiding citizens engaged in lawful activities.  What safeguards are being utilized to prevent harassment? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 175. | Ammunition Sales At Shooting Ranges are apparently exempt from the regulations as long as the ammunition does not leave the facility.  How is this going to be policed? Will the ranges have to search each customer's bags, etc.  before they leave for compliance? Will DOJ personnel perform spot checks? What happens if they purchase 100 rounds to shoot and only shoot 99? Is that one round significant? Couldn't someone ineligible to purchase ammunition simply go to a range, purchase ammunition and leave?  Who would be able to stop them?  Are you putting the range personnel into a police function? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  These regulations implement the ammunition authorization program as enacted by Penal Code sections 30352 and 30370.<br><br>Penal Code section 30352, subdivision (e)(3) exempts ammunition vendors from the requirements of subdivisions (a) and (d), as specified.  The Department has determined that it is the responsibility of the target facility to ensure that the exemption provided by subdivision (e)(3) is satisfied– including the final disposition of any ammunition sold or transferred– because the Department is not involved in these purchases or transfers. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 176. | I only own one firearm.  Will these regulations preclude me from purchasing ammunition in a caliber other than for the firearm I personally own? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>There is nothing in Penal Code sections 30352 or 30370, or these regulations, that would prohibit someone from purchasing a particular type of ammunition. |
| 177. | I only own one firearm. If I were to sell the firearm or transfer the firearm ownership to my daughter, would I then be precluded from purchasing ammunition without having to go through the One Time Purchase process and pay the $19.00, or would my previous ownership allow me to only pay the One Dollar Fee? | No change has been made in response to this comment.  Pursuant to Penal Code section 30370, subdivision (b), if the purchaser's or transferee's information does not match an entry in the Automated Firearm System, the transaction shall be denied.  The Automated Firearms System (AFS) is a repository of firearm records, populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons, an individual's report of firearm ownership to the Department, Carry Concealed Weapons Permit records, or records entered by law enforcement agencies. If, due to a sale or transfer, the entry in the AFS is updated so that the person is no longer associated with that entry, then that person's information would not match an entry in the AFS, and that person would then not be authorized to purchase or transfer ammunition subsequent to a Standard Ammunition Eligibility Check. |
| 178. | The One Time Purchase process appears to be discriminatory to otherwise law abiding California residents simply because they have not purchased a firearm.  Why are law abiding Californians treated differently than firearm owners? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 179. | Section 4303:  Why isn't the fact that someone is not on some Prohibited Persons List sufficient for purchase? | No change has been made in response to this comment. This comment may be interpreted as a claim that the proposed regulations do not represent the most effective manner in carrying out the purpose for which the regulation is proposed.  The Basic Ammunition Eligibility Check requires a manual review of Department records by an analyst to determine eligibility.  This is because there is no extant list of all persons who are prohibited from owning, possessing, or having under their custody or control ammunition pursuant to Penal Code section 30305 or federal law.  In addition to lacking the authority to create such a list, doing so, and keeping it up to date, would be prohibitively expensive. |
| 180. | Why is the Background Check Letter only good for one purchase? It should, as a minimum, be good to purchase ammunition for the full 30 days.  Vendors can easily make a copy of the letter for their records. | No change has been made in response to this comment.  The certification (letter) is only valid for one purchase during the 30 day period to ensure the head of agency is aware of and authorizes all ammunition purchases. |
| 181. | How is the $19.00 Standard Ammunition Eligibility Check conducted?  Is this initiated at/or by the Ammunition Vendor? Would the fee be submitted through the Ammunition Vendor? If so, would the letter be sent directly to the customer? | No change has been made in response to this comment.<br><br>The fee for a Standard Ammunition Eligibility Check is $1, not $19.<br><br>Section 4302 explains the process by which a Standard Ammunition Eligibility Check is initiated.<br><br>Section 4309 explains the process by which the vendor shall make payments for the previous month's ammunition eligibility check and COE Verification activity.<br><br>Sections 4302, subdivision (d) and 4308, subdivision (a) explain that an approved eligibility check or COE verification will result in a status update to the DES transaction record. A letter would only be sent to the customer pursuant to section 4303, subdivision (d)(2), when a Basic Ammunition Eligibility Check is denied. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 182. | Does this Check need to be submitted to DOJ by the purchaser directly?  If so, is it by Mail?  Website?  Will credit cards be acceptable? Will there be a form on the DOJ website to submit? Will it need to be mailed in?  Can it be submitted on line? | No change has been made in response to this comment. Section 4309, subdivision (a) is clear that monthly billing statements for the previous month's ammunition eligibility check and COE verification activity will be delivered to the ammunition vendor's account.  Section 4309 is clear that payment shall be made using a credit card or debit card. |
| 183. | How long is this check anticipated to take? | No change has been made in response to this comment.  See the Department's response to comments #126, 127 and 152. |
| 184. | After reviewing your economic analysis of the proposed regulations, I find that your analysis is flawed.  It is either erringly simplistic, exceedingly optimistic or deliberately misleading.  I believe your contention that these regulations have no economic impact to businesses, especially small businesses, is wrong. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum), specifically the section "Economic Impact Analysis." The Department provided the best possible estimate given there is no current data that tracks California ammunition sales. |
| 185. | Without any actual data to determine the sales, I would actually suspect that sales may go down due to the increase in obtrusive regulations. Was any thought given to the probability that sales would go down, especially for casual shooters? | No change has been made in response to this comment.  The Department disagrees that these regulations will lead to fewer ammunition sales. As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility Check or COE verification, and neither the $1 fee nor, the approximated 2 minute process will deter firearm enthusiasts from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determines that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions.  The Department's ammunition purchase estimate methodology is presented in the Initial Statement of Reasons. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 186. | The two minute additional time is unrealistic, as is your assumption that people will continue to shop during those two minutes.  Is the two minute estimate based on the assumption of time for the actual clearance inquiry only? | No change has been made in response to this comment. The Standard Ammunition Eligibility Check (SAEC) and the COE verification process, which the Department estimates will comprise over 98 percent of authorization requests, are automated checks of records contained in the Department's computer systems.  The two minute estimate is based on the time it takes the ammunition vendor to enter the data and for the Department's computer system to complete the check.  The majority of the data for the SAEC and the COE verification processes are automatically collected via a magnetic strip reader, as described by Penal Code section 28180.  The date of sale and the salesperson's name will be collected automatically through the Dealers Record of Sale Entry System (DES) account. |
| 187. | The amount of time to conduct a sale of ammunition will include all the data input and records- name, address, Driver's License number, date of sale, detailed input of each box of ammo purchased and input of salesperson name.  This is a significant impact on the business.  Were these factors included in your time analysis?  Or were they not considered as part of the regulations impact? | No change has been made in response to this comment.  The Standard Ammunition Eligibility Check (SAEC) and the COE verification process, which the Department estimates will comprise over 98 percent of authorization requests, are automated checks of records contained in the Department's computer systems.  The two minute estimate is based on the time it takes the ammunition vendor to enter the data and for the Department's computer system to complete the check.  The majority of the data being collected for the SAEC and the COE verification processes are automatically collected via a magnetic strip reader, as described by Penal Code section 28180.  The date of sale and the salesperson's name will be collected automatically through the Dealers Record of Sale Entry System (DES) account. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 188. | Your assumption that people will continue to shop during the clearance inquiry is unlikely.  State law requires the sale of ammunition to be conducted in a face-to-face sale.  Sales personnel are required to obtain the ammunition personally to the customer.  This takes a lot of time.  No customer is going to leave the counter to shop at this point, especially if the only reason they came into the store was to purchase ammunition.  So there would be no economic advantage to the business.  I would propose it would be the exact opposite, they would tend to lose some business from the overall situation of purchasing ammunition.<br><br>How was this assumption of continued purchasing arrived at?  What data or information was used in this assumption?  Was there any factual information used in arrival of this conclusion? | No change has been made in response to this comment.  As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that 98 percent of eligibility checks will take approximately two minutes to process.  Two additional minutes in the store provides two additional minutes for the purchaser or transferee to purchase additional items.  Many stores provide merchandise for sale at or near the register.<br><br>There is no data that the proposed regulations will impose a significant burden on ammunition purchases. At this point, the Department can only use its best estimates as to the impact on ammunition sales.  As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition. |
| 189. | Your assessment included that the fee cost would not deter any purchases. This is incorrect. | No change has been made in response to this comment.  The Department disagrees that these regulations will lead to fewer ammunition sales. As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility Check or COE verification, the Department has determined that the $1 fee will not deter firearm enthusiasts from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determines that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions.  The Department's ammunition purchase estimate methodology is presented in the Initial Statement of Reasons. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 190. | Is the One Dollar Fee ($1.00) per transaction or per box of ammunition? | No change has been made in response to this comment.  Penal Code section 30370, subdivision (e) requires the Department to recover the reasonable cost of activities related to the ammunition authorization program by charging a per transaction fee.<br><br>The proposed $1 fee to conduct a Standard Ammunition Eligibility Check, or to verify a Certificate of Eligibility, is collected per ammunition purchase or transfer, without limit or reference to the amount of ammunition being purchased or transferred.  The Department disagrees that this is unclear in the proposed regulations, which refer in the singular to "the purchase or transfer" (section 4302(c)) and "the ammunition purchase or transfer" (section 4305 (c)). |
| 191. | Your statement that ammunition vendors would be able to handle multiple transactions at a time is unrealistic. Do you really expect that customers would be open to having someone handle multiple transactions while they are waiting on their sale or that businesses would be willing to do that? | No change has been made in response to this comment.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 192. | The only increase in jobs is apparently the DOJ.  These job costs appear to be assumed to be covered by inquiry fees.  Do fees also cover the associated job costs, including health insurance, retirement benefits, etc.? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>As stated in the Initial Statement of Reasons (inclusive of the addendum), the fees are used to recover the reasonable cost of regulatory and enforcement activities related to the ammunition authorization program.  This includes associated job costs. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 193. | Proposed Title 11 section 4306 (b) – For this proposed section, Penal Code Section 30352 is referenced as the statutory authority for its provisions. However, PC 30352 deals only with the recording of ammunition purchaser information as specified in subdivision (a) and exemptions thereto.<br><br>Sworn peace officers are exempted under PC 30352 (e)(8) and are statutorily required only to provide ammunition vendors with "...verifiable written certification from the head of the agency..." This does not specifically include a "... photocopy of the front and back of the sworn state or local peace officer's credential and California Driver License, or a photocopy of the front and back of a sworn federal officer's business card and driver license..." as proposed. | The Department has amended the proposed regulations in response to this comment. Section 4306 has been amended to clarify the documentation required to meet the requirement in Penal Code section 30352, subdivision (e) that an exempted person be "properly identified." The explanation of this change is provided in the Final Statement of Reasons.<br><br>Penal Code section 30352 is referenced as the statutory authority because subdivision (e) of that section provides the exemption that is implemented by section 4306. Specifically, ammunition vendors are exempt from the requirements of Penal Code section 30352, subdivision (a), which involves the recording of information, and from subdivision (d), which requires the vendor to verify with the Department that a purchaser or transferee is authorized to purchase ammunition prior to completing a sale or transfer, if the person to whom the ammunition is being sold or transferred belongs to a class described in subdivision (e).<br><br>Penal Code section 30352, subdivision (f) authorizes the Department to adopt regulations to implement the provisions of that section. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 194. | The cited authorizing statute does not specify that the required certification from the head of the agency shall expire 30 days after issuance or at any other future length of time. Yet, the proposed Title 11 regulations would impose a 30-day expiration date not specifically authorized by law.<br><br>The proposed 30-day limitation on a head of agency's authorization for a sworn peace officer to purchase ammunition would be unnecessary and unduly burdensome for both the head of an agency and the agency's sworn peace officers. It would generally prove to be impractical and unworkable under the realities of law enforcement agency operations. | No change has been made in response to this comment. Penal Code section 30352, subdivision (f) authorizes the Department to adopt regulations to implement the provisions of that section. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations. The certification (letter) is only valid for one purchase during the 30-day period to ensure the head of agency is aware of and authorizes all ammunition purchases. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 195. | The proposed regulations to implement Penal Code Section 30352(e)(8) would adversely impact the suppliers of ammunition to law enforcement making the conduct of business unduly difficult and costlier with no significant benefit to the objective of keeping ammunition out of the wrong hands.<br><br>Accordingly, law enforcement ammunition vendors are asking that the above described additional record keeping and 30-day ammunition purchase certification expiration for sworn peace officers be deleted from the proposed regulations. | No change has been made in response to this comment.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).  As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations. |
| 196. | We request clarification relative to what types of documentation would be required or suggested to determine whether an individual meets the requirements for exemption under proposed section 4306(a)(1) and (3). | The Department has amended the proposed regulations in response to this comment. Section 4306 has been amended to clarify the documentation required to meet the requirement in Penal Code section 30352, subdivision (e) that an exempted person be "properly identified."  The explanation of this change is provided in the Final Statement of Reasons. |
| 197. | Proposed Title 11 section 4306 (a) does not include Department of Justice (DOJ) licensed ammunition vendors. Not all DOJ Licensed Ammunition Vendors have a Federal Firearms License (FFL) as they do not also sell firearms and therefore have no need for an FFL. However, they are licensed by DOJ and should be listed in section 4306 (a) as well. | The Department has amended the proposed regulations in response to this comment. Section 4306 has been amended to include licensed Ammunition Vendors.  Further explanation of this change is provided in the Final Statement of Reasons. |
| 198. | In regards to the 30-day limit in proposed section 4306, does that apply to all exemptions for ammunition purchases or transfers? | No change has been made in response to this comment. As originally written in section 4306, subdivision (b), "the verifiable written certification from the head of the agency expires 30 days after issuance."  The same provision is written in the amended text, although the format has been changed, to provide additional clarity. As written, both originally and as amended, the 30-day limit can not reasonably be understood as applying to any other exemption. |
| 199. | Ammunition vendors are not listed as exempt in section 4306; however, they are listed as an exempt party in Penal Code. | The Department has amended the proposed regulations in response to this comment. Section 4306 has been amended to include licensed Ammunition Vendors.  Further explanation of this change is provided in the Final Statement of Reasons. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 200. | Why should someone have to wait 30 days for the background check? | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that 98 percent of eligibility checks will take approximately two minutes to process.  The Basic Ammunition Eligibility Check will take longer to complete, because that process requires a manual review of Department records by an analyst to determine eligibility.  As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations. |
| 201. | Those who don't possess firearms are of no danger to the public if they choose to simply buy ammunition.  Maybe it's a family member buying a gift. Maybe it's a spouse making a purchase before their partner goes to a big shooting competition.  Maybe it's simply someone going on a last minute shooting trip with friends for the first time.  Only the firearm is dangerous, and there is already a background check process for each firearms purchase.  The ammunition by itself is not dangerous, and thus there should be no background check for ammunition purchases and transfers. | No change has been made in response to this comment because the Department determines that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 202. | Concerns regarding the distinction between California residents and non-residents:<br><br>a. This law is biased against residents of California.  As I understand it, anyone from another state can bring unlimited ammunition into California, but a California resident cannot bring any amount of ammunition back into the state, despite legally owning it.<br><br>b. Can non-residents of California bring in ammunition from out of state? | No change has been made in response to this comment.  Specifically:<br><br>a. The Department determines that this comment objects to the underlying statute and is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>b. The Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. See the Department's response to comments #43 and 67. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 203. | Can ammunition be "lent" to non-residents of California (since they might not be allowed to purchase it in California)? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>This comment is outside the scope of the proposed regulations.  The purpose of Penal Code sections 30352 and 30370 is to limit the availability of ammunition to prohibited persons by preventing them from purchasing ammunition from licensed ammunition vendors subsequent to an eligibility check.  Lending ammunition to another individual may violate other laws that are not the subject of these regulations. |
| 204. | During the sale and background check, is the secondary information supposed to be kept in a hardbound book for the vendor to maintain? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Pursuant to Penal Code section 30355, all records required by Article 3, relating to Ammunition Vendors, shall be maintained on the premises of the vendor for a period of not less than five years from the date of the recorded transfer. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 205. | I only do my sales on weekends, and I personally don't have a computer or smartphone.  I need to know how to do communications with the California DOJ and do the background check. | No change has been made in response to this comment. Penal Code section 30370 stipulates the department shall electronically approve the purchase or transfer of ammunition through a vendor. As such, an ammunition vendor must acquire the electronic devices necessary (computer, iPad, etc.) to meet the requirement.<br><br>If a vendor cannot electronically verify a person's eligibility via an internet connection, the department may provide a phone line to verify eligibility. However, pursuant to Penal Code section 30370, subdivision (d), this option is only available to an ammunition vendor who can demonstrate legitimate geographical and telecommunication limitations and who is approved by the Department to use the telephone line verification. Requirements for this authorization are outlined in section 4307 of the proposed regulations.<br><br>The Dealer Record of Sale Entry System and the Customer Support Center are available 7 days a week. |
| 206. | Is there a minimum number of rounds before a background check is necessary?  E.g., are the cartridge collectors, who would only be purchasing one round of peculiar or antique rounds of ammunition, also have to undergo the background check? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Neither Penal Code section 30352 nor 30370 provide a minimum number of rounds before an eligibility check is necessary. |
| 207. | What is the method to verify the Certificate of Eligibility or vendor's license or any exemption? | The Department has amended the proposed regulations in response to this comment.  Section 4305 has been amended to provide additional clarity as to how the Certificate of Eligibility verification may be requested.<br><br>Section 4306 has been amended to provide additional clarity as to how to verify whether a person is exempt per Penal Code section 30352, subdivision (e). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 208. | Will everyone have to undergo the Basic Ammunition Eligibility Check the first time they purchase ammunition after July 1, 2019? Or, if they are already in the system, will they be able to undergo the Standard Ammunition Background Check? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. Sections 4301, 4302, 4303, and 4305 have been amended to provide additional clarity as to how an eligibility check may be requested, as well as the statutory criteria which a purchaser or transferee may use to decide which eligibility check to request.<br><br>Authorization is granted pursuant to the requirements of Penal Code sections 30352 and 30370, as implemented by these regulations. If an individual's personal information matches an entry in the AFS, the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check. If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. |
| 209. | If the ammunition vendor does not have a computer, how will the vendor be billed at the end of each month for the collection of the fees for sales transactions? | No change has been made in response to this comment. Penal Code section 30370 stipulates the department shall electronically approve the purchase or transfer of ammunition through a vendor. As such, an ammunition vendor must acquire the electronic devices necessary (computer, iPad, etc.) to meet the requirement.<br><br>If a vendor cannot electronically verify a person's eligibility via an internet connection, the department may provide a phone line to verify eligibility. However, pursuant to Penal Code section 30370, subdivision (d), this option is only available to an ammunition vendor who can demonstrate legitimate geographical and telecommunication limitations and who is approved by the Department to use the telephone line verification. Requirements for this authorization are outlined in section 4307 of the proposed regulations. If a vendor is approved to utilize the telephone line verification process, an invoice will be generated to collect the fees for sales transactions and mailed to their place of business. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 210. | Will someone provide computers to ammunition vendors who do not have one? | No change has been made in response to this comment. Penal Code section 30370 stipulates the department shall electronically approve the purchase or transfer of ammunition through a vendor. As such, an ammunition vendor must acquire the electronic devices necessary (computer, iPad, etc.) to meet the requirement.<br><br>If a vendor cannot electronically verify a person's eligibility via an internet connection, the department may provide a phone line to verify eligibility. However, pursuant to Penal Code section 30370, subdivision (d), this option is only available to an ammunition vendor who can demonstrate legitimate geographical and telecommunication limitations and who is approved by the Department to use the telephone line verification. Requirements for this authorization are outlined in section 4307 of the proposed regulations. |
| 211. | How will ammunition sales be processed during weekends?  We have heard that the DOJ does not work on weekends. | No change has been made in response to this comment. The Dealer Record of Sale Entry System and the Customer Support Center are available 7 days a week. |
| 212. | If I purchase ammunition in another state, but do not use it all while I am out of state, can I bring the remainder back into California? | No change has been made in response to this comment because the Department determines that this comment is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Penal Code section 30314 stipulates California Residents may not transport ammunition into California without first having the ammunition delivered to an ammunition vendor for delivery pursuant to the procedures set forth in section 30312. |
| 213. | How is "ammunition" defined?  Does it include all possible types of ammunition (centerfire, rimfire, curios & relics, etc)? | No change has been made in response to this comment because the Department determines that this comment is neither an objection nor a recommendation regarding the specific proposed rulemaking.<br><br>"Ammunition" is defined in Penal Code section 16150.  The term "ammunition" is a commonly-understood term in the industry, and the Department determined that there was no need to define it further. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 214. | The Department has a history of releasing regulations in a manner that subverts the ability of the public to participate in the regulatory process, and/or to implement the regulations adequately. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). This regulation is being promulgated in full compliance with the requirements of the Administrative Procedure Act. |
| 215. | The Department should suspend implementation of these regulations until the entire process for conducting an ammunition background check is finalized. | No change has been made in response to this comment. These regulations implement Penal Code sections 30352 and 30370 which, by their own provisions, become effective July 1, 2019. The process for conducting ammunition eligibility checks will be finalized before that date. |
| 216. | If the Department is unable to implement the statutory mandate of a background check for ammunition purchases or transfers, or if it concludes that it lacks the authority to implement the statute, it should communicate that to the legislature, instead of promulgating bad regulations. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 217. | Objections related to peace officer exemptions:<br><br>a. Since there are already mechanisms in place to validate a peace officer's exemption status, the requirements of proposed section 4306 are unnecessary.<br><br>b. So we ask that you take a look and give clarification on section 4306(a)(1) and (3). | No change has been made in response to this comment. Specifically:<br><br>a. The Department disagrees that there are already mechanisms in place to validate a peace officer's exemption status per Penal Code section 30352, subdivision (e). The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). As stated in the Initial Statement of Reasons, no other reasonable alternative was considered by the Department that would have been more effective, or as effective and less burdensome to affected private persons than the proposed regulations.<br><br>b. Since the rest of the comment is entirely directed toward law enforcement exemptions, the Department interprets the provided references as inadvertent errors. The relevant subdivisions dealing with peace officer exemptions are sections 4306, subdivision (a)(2) and (4). The Department has amended the proposed regulations to provide greater clarity regarding the identification required to qualify for the exemptions provided by Penal Code section 30352, subdivision (e). Further explanation of the changes are provided in the Final Statement of Reasons. |
| 218. | The procedure for law enforcement to interact with ammunition vendors is unnecessarily complicated. Ultimately, this is a burden on taxpayers, since public law enforcement is funded through taxes. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30352, subdivision (e)(7) and (8) provide that a law enforcement representative or sworn peace officer, respectively, must provide verifiable written certification from the head of agency, along with bona fide evidence of identity. The Department has determined that the proposed regulations represent the most effective manner in carrying out the purpose for which the regulation is proposed. |

245

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 219. | A lot of state agencies will be impacted by the extra record keeping and extra staff and accommodation of hours of delivery and access to the ammunition. | No change has been made in response to this comment because this is a generalized comment in opposition to the proposed regulation and to the underlying statute, and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum).<br><br>Penal Code section 30352, subdivision (e)(7) and (8) provide that a law enforcement representative or sworn peace officer, respectively, must provide verifiable written certification from the head of agency, along with bona fide evidence of identity.  The Department has determined that the proposed regulations represent the most effective manner in carrying out the purpose for which the regulation is proposed. |

# ALPHABETICAL LIST OF COMMENTERS
## (Attachment B)

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Abrams | Cheryl | 3 | cjabrams@live.com | Email |
| Achard | Steve | 1,45,91,92 | steveachard@sbcglobal.net | Email |
| Adams | Jim and Yvette | 1 | jyadams@outdrs.net | Email |
| Airola | Dave | 1,4,13,18,46 | daveair50@aol.com | Email |
| Allen | Ken | 1,25 | kenallens@sbcglobal.net | Email |
| Allie | Don | 5,8,15,86 | don.allie.1911@gmail.com | Email |
| Allum | Rich | 1,3,4,5,8,9,10 | raullum297@gmail.com | Email |
| Amiot | Dennis | 3,4 | dennis@econoscope.com | Email |
| Anderson | Doris | 1,5,8,45 | dafallcity@aol.com | Email |
| Anderson | Frank | 5,45 | xdamman45@gmail.com | Email |
| Andrews | Wade | 1,3,4,18 | awfinancial@verizon.net | Email |
| Antonetti | Jerry | 21 | ja-01@sbcglobal.net | Email |
| Arentz | Scott | 1,2,3 | exgear1@yahoo.com | Email |
| Arjil | Anthony | 21 | tdogsc@gmail.com | Email |
| Armstrong | Michael | 1,2,35 | mike@93455.com | Email |
| Arnold | Ed | 1 | earnold#socal.rr.com | Email |
| Avanessian | Allen | 1,2,4,5,14,18 | AvanessianFamily@yahoo.com | Email |
| Ayala | Jose | 1,4,61,62 | jose.a.ayala3.ctr@mail.mil | Email |
| Azevedo | Brenden | 1,2,20,37 | brendenazevedo@gmail.com | Email |
| Bailey | Derrick | 2,3,13,15 | djbailey11@yahoo.com | Email |
| Baker | Willis | 13,25,26,30,45,52 | will@prothane.com | Email |
| Balik | Tim | 1,17,46,57 | timbalik@yahoo.com | Email |
| Banister | Gary | 1,2,4 | ditzel1@live.com | Email |
| Banister | Richard | 1,5,35 | richardbanister@cox.net | Email |

247

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Banker | Bret | 2,3,4,5 | offy1932@gmail.com | Email |
| Barajas | David | 1,3,4,5,8 | barajas_quality_painting@yahoo.com | Email |
| Barber | Edward M. (x 3) | 1,5, 90 | edwardmbarber@msn.com | Email |
| Barnhill | Patricia | 1,4,56 | nonnapapa81@gmail.com | Email |
| Barr | Richard | 3,4,5,13,45 | rickbarr3123@att.net | Email |
| Barraclough | John | 1,2,4,20,52,89 | jbarraclough@sbcglobal.net | Email |
| Belleci | Sal | 1,2,4,10,18 | salbelleci@sbcglobal.net | Email |
| Beltran | Abner | 1,5 | abner7350@yahoo.com | Email |
| Beltran | Justin | 1,15,45,46 | justinbeltran@yahoo.com | Email |
| Benbrook | Lynn | 2,5 | lbenbrook@sbcglobal.net | Email |
| Bench | Gary | 1 | garyne6@gmail.com | Email |
| Benegar | Al | 1,2,4 | ihntelk@aol.com | Email |
| Berger | Brian | 1,39 | brian.berger@att.net | Email |
| Berry | John | 1,2,3,4 | jpatberry11@gmail.co, | Email |
| Bishop | Robbie | 1,2,3,4,5,8,10,13,21,130, 131, 137 | Rbishop@brenntag.com | Email |
| Blacksten | Raul | 4,9 | j.raulb@pm.me | Email |
| Blades | Ron | 1,2,3,4,5,8,10,13,21,130, 131, 137 | ron@r-cold.com | Email |
| Bohn | Jed | 2,4,18 | elbohn@msn.com | Email |
| Bolton | Tom | 1,2,3,4,5,25 | dove111111@aol.com | Email |
| Bonesio | Larry | 5,45 | lbonesio@sbcglobal.net | Email |
| Borden | Lisa | 4,8,10,14 | lborden95@yahoo.com | Email |
| Boricchio | Frances | 1,2,4,45 | fboricchio@mlode.com | Email |
| Borlish | Myrna | 4 | borlish@sbcglobal.net | Email |
| Bosson | Paul | 1,2,7 | pmbgogetter@yahoo.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Bouck | Guy | 4,5,14 | Bouckster52@msn.com | Email |
| Boukidis | Jim | 21 | jboukidis@msn.com | Email |
| Boyle | Frank | 1 | ruiru5@aol.com | Email |
| Braemer | Fred | 2,4,5,8,10,11,13,45,46,56 | fabj4943@ymail.com | Email |
| Brandis | BD | 8,12,14 | bbrandis33@gmail.com | Email |
| Brennan | Robert | 1,4,5,13,18,45,105 | rfb.mcsgv@gmail.com | Email |
| Brown | Carl | 1,8 | carlcrbrown@aol.com | Email |
| Brown | Michael | 203, 204, 205, 206, 207, 207, 209 | | Public Hearing |
| brucencyndi | | 3,4 | brucencyndi@gmail.com | Email |
| Brunone | Dave | 1,2,4,10,24 | david.brunone@verizon.net | Email |
| Bryan | Harold | 4, 5, 14, 18, 26 | hnbfour@gmail.com | Email |
| Brzozowski | Frank | 49,50,161 | flatfoot_1@sbcglobal.net | Email |
| Buckingham | Justin | 2,4,5,8,9,10 | justin_buckingham@yahoo.com | Email |
| Bushree | Jerry | 1,5 | jerry@calencon.com | Email |
| Bussey | Michael | 1,5,8 | | Public Hearing |
| Cada | Cliff | 4,10,14,18,20,35 | cliff.cada@hotmail.com | Email |
| Cadence | | 1 | 5059dogs@verizon.net | Email |
| Caloss | Dario | 1,2,3,4,10,18,20 | djcaloss@gmail.com | Email |
| Cameron | Daniel | 2,3,4,13,27,35 | hipchip918@gmail.com | Email |
| Cantor | Michael | 2,3,4,15,40 | 2020apmi@gmail.com | Email |
| Caple | Frederick | 1,2,3,4,5,17,45 | aquatech78@hotmail.com | Email |
| Carlson | Jeff | 1,2,3,5,8,9,11,14,45,46,168,200,201 | | Public Hearing |
| Carlucci | Gary | 13,86 | garycarlucci@sbcglobal.net | Email |
| Cash | Bill | 1,4,58 | gomer120@hotmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|---------------------------|-----------------|
| Castro | David | 3,4,10,14,17 | dcastro@entwash.org | Email |
| Caudell | Tom | 1,41 | tomcaudell@icloud.com | Email |
| Cavanaugh | Brian | 1,2,5,6,8 | brianjcavanaugh@yahoo.com | Email |
| Cdarr98 | | 5,8,15,56 | Cfarr98@gmail.com | Email |
| Chabraya | Kenneth | 1,2,5,11,13,25,45,86 | kchabraya@americanprobe.com | Email |
| Chan | Jeff | 5 | webmaster@rkba.org | Email |
| Che | Edward | 69 | eche1728@gmail.com | Email |
| Chin | Myron | 3,4,60 | starlab3@outlook.com | Email |
| Christian | Diane | 1,2,3,4,5,8,10,13,21,130, 131, 137 | tobbw09@gmail.com | Email |
| Church | Carl | 3,4,5,8 | carlchurch1999@gmail.com | Email |
| CJ | | 1,2,4,5,41 | thugnificence@hotmail.com | Email |
| Clagg | Mike | 1,2,3,4,5,8,10,13,21,130, 131, 137 | mike.oakspringsranch@gmail.com | Email |
| Clark | Steve | 2,5,90 | sclark10541@aol.com | Email |
| Coelho | Randy | 3,5,8 | harley55rc@yahoo.com | Email |
| Coffin | Richard | 9,11,52 | rvcoffin@hotmail.com | Email |
| Cole | Frank | 2,4,12 | yodaone4@hotmail.com | Email |
| Cole | John | 1,9,10 | pismobiker@gmail.com | Email |
| Cole | Monte | 1,5,15 | monte675@yahoo.com | Email |
| Collins | Ted | 2,21 | diaster@me.com | Email |
| Conrad | Tom | 1 | conrad@garlic.com | Email |
| Conser | Ken | 1,2,4,5,13,15 | skeet190@yahoo.com | Email |
| Cook | Keith | 1,5,6,12 | fucommy@gmail.com | Email |
| Copeland | Don | 1,2,4 | copelanddon15@yahoo.com | Email |
| Cordeiro | Mark | 3,4,9,10 | pca6mmbr@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Correll | William | 1,2,4,5,24,39,48,49,51 | bill.correll@gmail.com | Email |
| Covert | Gerard | 2,4 | sundance357@yahoo.com | Email |
| Cowan | Mike | 1,5,8,9 | mikecowan1@hotmail.com | Email |
| Coy | Bob | 1,8 | | Phone |
| craigandsue | | 5,6,8,9,45 | craigandsue@frontiernet.net | Email |
| Creel | Brandon | 13,15,64,132,133,134,135, 178 | brandon.creel@ianative.net | Email |
| Crickett | Colin | 10 | timelord01@yahoo.com | Email |
| Crickett | Colin | 1,14,17 | timelord01@yahoo.com | Email |
| Crosby | Michael | 1 | mikebecky@prodigy.net | Email |
| Crouch | Darrell | 1,2,3,4,5,8,10,13,21,130, 131, 137 | traditional_archer@sbcglobal.net | Email |
| Crowe | John | 1,10 | crowes2@pacbell.net | Email |
| Crowley | Trevor | 1,2,4,5,8,12,14,95 | tcrowley21@icloud.com | Email |
| Cruse | Jim (x 2) | 6,8 | jhcruse@gmail.com | Email |
| Cubeiro | Matthew | 1, 63-85, 133 | | Mail |
| Culkin | James | 21 | | Phone |
| D.C | | 112 | popgun164@gmail.com | Email |
| Dale | | 1 | harperda20@hotmail.com | Email |
| Daniels | Chad | 5,11,44 | chdaniels@gmail.com | Email |
| Dave & Dessa | (x 3) | 2,4,8,9,10 | dessndave@gmail.com | Email |
| Davies | Scott | 2,4 | scott@arribacase.com | Email |
| Day | Alan | 5,14 | huskymoto65@yahoo.com | Email |
| DB | | 1,5 | dmbonella@gmail.com | Email |
| Deitz | Robert | 38,43 | rdeitz@gmail.com | Email |
| Derocher | Ronald | 1,3,4,26 | ronderocher@sbcglobal.net | Email |

251

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Devitt | Dave | 2,3,4 | david.devitt@icloud.com | Email |
| DeWitt | Don | 5 | dewitt.don@yahoo.com | Email |
| Dieter | Larry | 9 | larrydieter7087@att.net | Email |
| Dietze | Barbara | 10 | junopalm@gmail.com | Email |
| Dinatale | Ronald | 1,2,18,35 | rr2d2@sbcglobal.net | Email |
| Doenges | Bruce | 2,4,5,13,18,26,46 | doenges_family@hotmail.com | Email |
| Don | | 1 | ddtousley@yahoo.com | Email |
| Dooley | Chris | 193,194,195,196,197 | ammo@dooleyenterprises.com | Email |
| Dorsen | Zachary | 2,3,5,8,90 | zacharydorsen@gmail.com | Email |
| Draa | Jeff | 1,2,4,10 | jeffdraa@yahoo.com | Email |
| Duarte | Jerry | 1 | jeduarte1@msn.com | Email |
| Dyet | Kathy | 5,9,10 | arbrider@gmail.com | Email |
| Eakle | Pete | 1,5 | pete.eakle@gmail.com | Email |
| Earle | Jeffrey | 5 | jearle0@gmail.com | Email |
| Eberhard | Mike | 4,24,103 | mikeeberhard@me.com | Email |
| Ed | | 21 | windwarder@aol.com | Email |
| Edgar | Sean | 1,2,3,4,5,8,13,15,45,52 | sean.edgar@hotmail.com | Email |
| Edlington | Carl | 1,5 | mygate2@yahoo.com | Email |
| Edwards | Dennis | 1,2,5 | specialinsp@charter.net | Email |
| Edwards | Ed | 1,45 | edwards@pacops.com | Email |
| egangcorre | | 100 | egangcorre@aol.com | Email |
| Eichor | Chris | 1,4,5 | ceichor0@gmail.com | Email |
| Eirich | Peter | 1,3,4 | hey-peter@hotmail.com | Email |
| Elam | Rich | 2,14,18,32,91 | relam@ucsd.edu | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Enriquez | David | 1,2,5 | de023@aol.com | Email |
| Erickson | William | 4,5,18,26 | wrerickson@gmail.com | Email |
| Espinoza | Michael | 2,3,4 | pastor.espinoza77@gmail.com | Email |
| Estopare | A | 8 | estopare45@hotmail.com | Email |
| Facca | Mike | 4,5,10 | mfacca428@gmail.com | Email |
| Farrell | David | 1,5 | captaincabinets@hotmail.com | Email |
| Feher | Mike | 1 | mikefeher@hotmail.com | Email |
| Feinour | Robert | 1,5 | Robert_Feinour@msn.com | Email |
| Fenton | Rich | 3,13,21,110 | fentonconst@aol.com | Email |
| Ferguson | Les | 5 | highlanderiam@aol.com | Email |
| Findlay | Michael | 4,63,66,67,70,122,175 | mfindlay@nssf.org | Email |
| Fish | Mike | 2,3,5,114 | mfish75@hotmail.com | Email |
| Flick | Scott | 5 | leucodraco@yahoo.com | Email |
| Forester | Jim | 3,12 | jforester9@gmail.com | Email |
| Foulger | David | 5,9,10 | mr.yeller@verizon.net | Email |
| Francis | John | 5,13 | j_francis@att.net | Email |
| Franz | Joseph | 5 | jsmfranz@gmail.com | Email |
| Freer | Douglas | 1,3,5,11,12,14,18,35,45,99 | agilelion46@hotmail.com | Email |
| Friedman | Mark | 142 | nowgolden@gmail.com | Email |
| Fujii | Virginia | 1,5,90 | wisdomseeker@comcast.net | Email |
| Fuller | Regina | Irrelevant | darrylfull@aol.com | Email |
| Fuller | Robert | 1,5 | rsf19427@sbcglobal.net | Email |
| Gagne | Ray | 2,3,4 | rgag@dslextreme.com | Email |
| Galbraith | Murray | 1,3,4,18,20,45,86 | drmurrayg@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|----------------------------|-----------------|
| Gallagher | Colin | 1,5,136,137,138,139,140,141 | colingallagher.rpcv@gmail.com | Email |
| Garcia | Abraham | 4,5,9,10,15 | aberosie0217@icloud.com | Email |
| Garcia | Jennifer | 1,2,5,8 | jjjjifam@yahoo.com | Email |
| Garcia | Luis | 1,2,4,5 | hiwaydremin@msn.com | Email |
| Garfin | Matt | 3,5,15,40 | mattgarfin@hotmail.com | Email |
| Garrett | Glenn | 1,2,3,4,9,20,40,46 | grginyo@gmail.com | Email |
| Garwood | Tracy | 1,2,4 | tracy56@yahoo.com | Email |
| Geoghegan | Terence | 4,21,46 | tg@tgtriallawyer.com | Email |
| Ghamian | Omar | 1 | omar_ghamian@icloud.com | Email |
| Gillaspy | Brian | 1,3,4,13,46,56 | briangillaspy@hotmai.com | Email |
| Gilliss | Justin | 1,2,4,5,8 | justin@centralelectriccompany.com | Email |
| Giotta | Vito | 5,45 | vitongiotta@msn.com | Email |
| Goeglein | Patrick | 5 | patgoeglein@yahoo.com | Email |
| Goldstein | Glenn | 3,4,5 | ggoldst869@aol.com | Email |
| Golesh | Russell | 2,4,9 | invpro@aol.com | Email |
| Gomez | Isai | 2,3,4,5,35 | gomezisai@yahoo.com | Email |
| Gowder | Bill | 3,4,10 | billgowder@gmail.com | Email |
| Grago | Randall | 5,8 | patchbook@mac.com | Email |
| Gralnik | Richard | 3,5,13,45 | rgralnik@yahoo.com | Email |
| Grant | Alan | 2,3,9,14 | whsagrant@yahoo.com | Email |
| Grant | Clayton | 1,2,3,4,5,8,10,13,21,130, 131, 137 | bitterwateroutfitters@yahoo.com | Email |
| Green | Norman | 1,3,5,8 | nggreen13@gmail.com | Email |
| Griffith | Jim | 1 | jimgriffith@suddenlinkmail.com | Email |
| Grimes | Mike | 1,4,108 | mikeandmega@outlook.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| gsmilius | | 1,46 | gsmilius@yahoo.com | Email |
| Gulkin | Jim | 21 | lmgulkin@msn.com | Email |
| Gurnett | Gary | 2,5 | garyhurnett@att.net | Email |
| Guy | Jess | 1,3,4,25 | jessbguy@aol.com | Email |
| gwburdin | | 1,2,4,5,10,12,14 | gwburdin@aol.com | Email |
| Halcum | Mona (x 2) | 176, 177, 178, 179, 180 | mhalcum@socal.rr.com | Email |
| Halcum | Stephen (x 3) | 108, 126, 171-175, 181-183, 191 | Hti@socal.rr.com | Email |
| Hall | Colleen | 5 | chall7207@hotmail.com | Email |
| Hall | David | 2 | davidhall5627@msn.com | Email |
| Haller | Craig | 1,2,3,4,5,8,11,13,45,56,87,99,148 | | Public Hearing |
| Haller | Stephen | 2,5,8,11,87 | | Public Hearing |
| Halloran | James | 3,4 | scrubjay42@verizon.net | Email |
| Hammer | Gary | 5 | gchamm@sbcglobal.net | Email |
| Haptonstall | Chuck | 2,86 | chuckhaptonstall@yahoo.com | Email |
| Hare | Chris | 3,4,8,10,45 | c.hare@reagan.com | Email |
| Harich | Johann | 5 | jharich@msn.com | Email |
| Harshman | Mark | 1,4,14,93,99,152,153,162 | m.harshman863@gmail.com | Email |
| Hart | Steve | 1 | capnhart@gmail.com | Email |
| Hartland | Tony | 1,5 | bighunter66@gmail.com | Email |
| Hartley | Ken | 13,91 | kenhartley@verizon.net | Email |
| Hatman | Pamela | Irrelevant | pamveith@att.net | Email |
| Hay | Wesley | 2,4,5,9,41 | wesleyhay44@yahoo.com | Email |
| Hellsunf | Jan | 14,114,115 | jan@hellsund.net | Email |
| Henley | Charles | 1,2,13,15,18,41,95 | chenley848@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|------------|----------|----------------------------|-----------------|
| Hennessey | Matthew | 1,4,13 | cahenn@hotmail.com | Email |
| Hernandez | George | 2,4,5,14,17,25,103,107,126,127 | grghrnndez@gmail.com | Email |
| Herweg | Scott | 2,5,10 | s.herweg@att.net | Email |
| Higgins | Ernie | 1,4,5 | Ernie@pmc-us.com | Email |
| Higgs | Tom | 2,4,9 | svsaws@sbcglobal.net | Email |
| Hightower | Charles | 2,3,5,13,91,99 | chh123@aol.com | Email |
| Hilderbrand | Ryan | 1,3,4,5,8,10 | ryridesmotox@gmail.com | Email |
| Hinton | Terri | 4,5,41,91,92 | teamhinton@gmail.com | Email |
| Hocking | Bryan | 1,2,3,4,5,1418,23,26,42,93,99,128, | bryanhocking@gmail.com | Email |
| Holcombe | Tim | 2,10,4,35,112 | tjholcombe@sbcglobal.net | Email |
| Holt | David | 1,5,9,41,49,60 | holtda@gmail.com | Email |
| Honerkamp | Larry | 5,9,104 | lhonerkamp3@gmail.com | Email |
| Honsinger | Jeffrey | 1,3,4,5,20,45 | jhcjv@yahoo.com | Email |
| Hood | Charles | 2,3,35 | cbhood3@yahoo.com | Email |
| Hoover | Tab | 1,2,3,8 | TNHoover@aeraenergy.com | Email |
| Horacek | Pete | 1,2,4,5,8,45,56 | p.horacek@verizon.net | Email |
| Hougsen | William | 10,34 | privateeyes@live.com | Email |
| Hudgens | John | 1,2,3,4,5,1418,23,26,42,93,99,128, | jhudgens@mailfence.com | Email |
| Huizenga | Paul | 1,4 | paulhuizenga@gmail.com | Email |
| Hull | James | 4 | hulljamesc@aol.com | Email |
| Humphries | Randy | 1,66 | randyhumpries@sbcglobal.net | Email |
| Hunt | William | 2,9,14,45,110 | willskeeter1@yahoo.com | Email |
| Huntsman | Jaimie | 4,9 | jimjenhuntsman@comcast.net | Email |
| Hurdle | Alisha | 1,4 | aet2658@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| ideamachineim | | 1 | ideamachineim@gmail.com | Email |
| Indart | Ryan | 1,2,3,4,5,8,10,13,21,130, 131, 137 | rcindart@gmail.com | Email |
| Ingram | James | 1,5 | jmsingram@yahoo.com | Email |
| Isaacson | Alan | 4,20 | aisaacson@cox.net | Email |
| Ivers | Mike | 1,5 | mivers219@gmail.com | Email |
| Jacobs | Edward | 2,4,10,12 | MREDC99@msn.com | Email |
| Jacquot | David | 5 | drjayco@citlink.net | Email |
| Jarrell | William | Irrelevant | bpsjarrell@aol.com | Email |
| Jdman | | 9,12 | jdman57@yahoo.com | Email |
| Jensen | Ernie | 1,3,9,11,13,25 | ejensen355@gmail.com | Email |
| Jeremy | | 5 | jeremyrnr@gmail.com | Email |
| Johns | Paul | 3,12 | propertypaul@gmail.com | Email |
| Johnson | Annie | 1,2,5,8 | goldenladyx2@msn.com | Email |
| Johnson | Dennis | 1 | jonnyaudio@outlook.com | Email |
| Johnson | John | 148 | John.Johnson@gcinc.com | Email |
| Johnson | Steve | 1,2,4 | shjmkj@gmail.com | Email |
| Jones | Larry | 3,4,5 | ljones.dcs@gmail.com | Email |
| Jones | Patrick | 1,2,4,5,8,45,50 | saethwyr1045@gmail.com | Email |
| Jones | Rick | 1 | hishomeimprovementse@prodigy.net | Email |
| Kalin | Al | 1 | alkalin48@gmail.com | Email |
| Kallas | Debi | 1,2,3,4,5,8,10,13,21,130, 131, 137 | debi55@comcast.net | Email |
| Karl | Karl | 1,4,8,10,20,25,46,110,112,125 | karl@karlkarl.com | Email |
| Karlovich | John | 43, 202-209 | | Public Hearing |
| Karner-Lewis | Nancy | 1,5,6 | 93555 | Mail |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Kasparoff | James | 1,2,3,4,5,8,9,13,45 | J.Kasparoff@sbcglobal.net | Email |
| Keller | Eric | 1,2,3,5,8,13,35,87,99 | ejkeller87@gmail.com | Email |
| Kershaw | Jeff | 2,3,5,15,18,90,110 | chuckplumber@gmail.com | Email |
| Khalil | Fred | 1,3,4,5,10,13,58 | fred.khalil@sbcglobal.net | Email |
| Kim | David | 1,4,5,10,12 | dkngst@hotmail.com | Email |
| Kimbrough | Stephen | 11,25,26 | stevek712@sbcglobal.net | Email |
| Kingsley | Garnett | 1,18 | garnett.kingsley@gmail.com | Email |
| Kirkland | Gary | 5 | gary.kirkland@gmail.com | Email |
| Kirsh | Steven (x 2) | 1,2,3,4,5,8,35 | stevenkirsch@hotmail.com | Email |
| Kline | Steve | 1,2,3,4,5,8,9,10,60,90 | skbid@hotmail.com | Email |
| Knight | Robert | 2,7,41,91 | robert_knight@sbcglobl.net | Email |
| Kobashigawa | Devon | 1,46 | deblon02@gmail.com | Email |
| Komenkul | Justin | 1,2,3,9,10,14 | jkgts@hotmail.com | Email |
| Kondrath | Chris | 5 | kondrath.ck@gmail.com | Email |
| Kondrath | Tristen | 5,41 | tristen.kondrath@yahoo.com | Email |
| Kong | Fred | 1,13,20,27 | fredko@ca.rr.com | Email |
| Kopp | John | 4,41,43,100 | koppj@comast.net | Email |
| Kuintzle | Gaylene | 8,9,45 | gkuintzle@mail.csuchico.edu | Email |
| Lafferty | Steve | 4,10,12,13,15 | Steve@dreambetterdream.com | Email |
| Laher | Maclovia | 2,4,5 | maclovia.laher@yahoo.com | Email |
| LaPointe | Michael | 1,2,3,4,5,20 | equescaelesti@gmail.com | Email (x2) |
| Larson | Matt | 2,4,8,39,87 | mlarson@larsoncom.com | Email |
| LaSalle | Brian | 2,3,4,11,26,30,31,33 | brian_lasalle@gmail.com | Email |
| Laue | Dale | 3,4,5,13 | dalelaue@aol.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Layfield | Joe | 4,9,10 | joelayfield@gmail.com | Email |
| Leavitt | Eric | 1,2,3,4,5,9,21,24,36,86,87,110,116 | ericjleavitt@gmail.com | Email |
| Lee | Christina | 4,12 | ap2beb@gmail.com | Email |
| Leuschen | Donald | 2,3,4 | dleuschen@bgpd.org | Email |
| Lewis | John | 1,2,3,4,5,8,10,13,21,130, | varmister@hotmail.com | Email |
| Lewis | Lawrence | 2,4,10,47 | 8lewis@gmail.com | Email |
| Linenbach | William | 1,2,4,5,8,14,99,109 | wlinenbach@yahoo.com | Email |
| Lishman | Robert | 2,3,15 | blish1234@yahoo.com | Email |
| List | | 1,2 | list@hunnicutt.net | Email |
| Liu | James | 2,4,8 | jimlaw100@yahoo.com | Email |
| Lofquist | Verne | 1,3,5,10 | a.lofquist@yahoo.com | Email |
| Long | James | 1 | truefaith@sbcglobal.net | Email |
| Longobardi | r l | 5,90 | longobardi.r@gmail.com | Email |
| Lowder | Myra | 1,9,18 | myralowder@yahoo.com | Email |
| Lucas | Dave | 4 | davelucas101@gmail.com | Email |
| Lucas | Jon | 2,3,52,96 | lucas.jon.d@gmail.com | Email |
| Lucey | Daniel | 1,5 | dan.lucey@yahoo.com | Email |
| Luke | Dave | 1,4 | cjjeepdave@yahoo.com | Email |
| Luna | Oscar | 1 | oluna91790@gmail.com | Email |
| Lund | Casey | 1 | cblund76@yahoo.com | Email |
| Lynch | Dave | 113 | dave@guitarworkshoponline.com | Email |
| Lynch | Kathy | 23,80,194,217,218,219 | | Public Hearing |
| Lyvere | Alan | 1,2,3,4,10,14,20,35 | alyvere@gmail.com | Email |
| M | Jim | 4,5,45 | retiredmaintenance@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|---------------------------|-----------------|
| Magistrale | Dean | 1,4 | deanmagistrale@gmail.com | Email |
| Mahoney | Fred | 4,10,14 | highsierrafreddie@yahoo.com | Email |
| Maier | Edward | 5 | etmaier@sbcglobal.net | Email |
| Malcolm | Claude | 10 | cmalcom@sbcglobal.net | Email |
| Manalo | Raymond | 1,2,4,5,8,10,11,46 | RayManJr_1@hotmail.com | Email |
| Manny | | 1,5 | baileyhound@aol.com | Email |
| Margulies | Gordon | 2,3,4,89 | gordonm748@gmail.com | Email |
| Mark | | 2,5 | mark_p93561@yahoo.com | Email |
| Markovitch | Michael | 1,2,4,35 | mdmarko@hotmail.com | Email |
| Marr | Abe | 8,10 | marrabe67@yahoo.com | Email |
| Marsh | Kenneth | 59 | k.c.marsh21@gmail.com | Email |
| Marshall | Christopher | 4,5 | omega1978@me.com | Email |
| Marshall | Michael | 1,4,13,45,46,103 | drmarshall@hbomfs.com | Email |
| Marshall | Wayne | 1,4,5,10,90 | 1450 Greenbriar Ave, Corona, CA 92880 | Mail |
| Martin | Steve | 1,5,97 | studiomedic@hotmail.com | Email |
| May | J | 2,14 | mayday711@aol.com | Email |
| Mayeda | Willis (x 2) | 1, 2, 3, 4, 5, 10, 11, 15, 26 | mayedwil@aol.com | Email |
| mbluis63 | | 1,2,4,8,111 | mbluis63@gmail.com | Email |
| McConville | David | 18,44 | david.mcconville71@gmail.com | Email |
| McFate | Chuck | 2,3,9,10,11,25 | chuck.mcfate@gmail.com | Email |
| McIntyre | Joe | 1,5 | joemac26@sbcglobal.net | Email |
| Mckearn | Chaunchy | 1,2,4,5,9,18 | chanmckearn@gmail.com | Email |
| Mendoza | Eduardo | 1,2,5 | emendoza8989@gmail.com | Email |
| Mendoza | Luis | 5 | mendoza.luis58@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Mercado | Reggie | 1 | reggie@tf4c.org | Email |
| Mercola | Jerry | 1,113 | jmercola@icselect.com | Email |
| Merritt | John | 4,5,10,12 | JTM@empiremediacorp.com | Email |
| Miles | Paul | 4,13,15,56,106,107 | pampaulmiles@yahoo.com | Email |
| Miller | Maurice | 2 | fishdaddymoe@yahoo.com | Email |
| Mitchell | Doug | 5 | dmitchellsr@sbcglobal.net | Email |
| Mitchell | Jim | 5,43 | jamesfrancis7277@aol.com | Email |
| Mitchell | Steve | 2,4,5,14 | scottriverbuilders@sisqtel.net | Email |
| Mitchell | Tina | 1,2,3,4,5,8,10,13,21,130, 131, 137 | iversonkim@sti.net | Email |
| Mizar | Steve | 1,4,20 | steve.mizar@gmail.com | Email |
| Moffitt | Vern | 1,4,39 | vernmoffitt@hotmail.com | Email |
| Monti | Pete | 25,43,54 | montipete@yahoo.com | Email |
| Moore | David | 22,23,24 | billdavidmoore@gmail.com | Email |
| Moore | Larry | 156,157,158,159 | pecete@aol.com | Email |
| Moroney | Timothy | 5,93,94 | daewon@me.com | Email |
| Munoz | Ivan | 2,4,5,8 | kramer23@sbcglobal.net | Email |
| Musolino | Frank | 3,5 | f_musolino@att.net | Email |
| Myers | Pat | 1,2,4,9,25,46 | coachmyers007@gmail.com | Email |
| Nagata | Philip | 2,4,10 | p.nagata@yahoo.com | Email |
| Nance | Darryl | 1,2,4,5,8,10,35,41 | dnance3514@aol.com | Email |
| Nelson | Dorothy | 1 | nelson432@msn.com | Email |
| Nelson | Terry (x 2) | 1,2,3,5,8,11,25,26,35,45,90 | the1911guy@yahoo.com | Email |
| Newby | Garry | 3,8,14 | badbob85037@yahoo.com | Email |
| Newton | David | 2,4,5,8 | d.newton1206@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Nguyen | Tien | 2,4,5,10,18 | usmctien@yahoo.com | Email |
| Nichols | Mark | 4,5,14 | markace3238@gmail.com | Email |
| Noke | Scott | 1,5,10 | s_noke@yahoo.com | Email |
| Noren | Marvin | 2,4,14,18,10,111 | mnoren1@verizon.net | Email |
| Northcroft | Bill | 1,5 | bearflag46@icloud.com | Email |
| Norton | Jack | 1,2,4,9 | jack@sjainc.com | Email |
| nsrobfam | | 2,3,4,10 | nsrobfam@frontier.com | Email |
| Ober | Robert | 5,145 | rlober@hotmail.com | Email |
| Olea | Jimmy | 1 | jimmyolea2003@yahoo.com | Email |
| Oliveras | Steve | 1 | coolguyr22@icloud.com | Email |
| O'Neil | Bee | 1,2,4,5,56 | beeoneil@outlook.com | Email |
| Ortega | Whally | 1,98 | whallyortega@gmail.com | Email |
| Ostini | Bonnie | 1,2,4,5,8,14 | bonnieostini@gmail.com | Email |
| Overmyer | Carl | 149,150,151 | carlovermyer@earthlink.net | Email |
| Owen | Ronald | 4,9 | reowen@rocketmail.com | Email |
| Palma | Michael | 43,66,123,131,132,133,146,155,162 | michaeljpalma@yahoo.com | Email |
| Panasewicz | Marcus | 1,5,13,20 | marcuspanasewicz@gmail.com | Email |
| Paredes | Sam | 1,63,214,215,216 | | Public Hearing |
| Parsons | Larry | 1,3,18 | larry@steeltech.net | Email |
| Payne | Michael | 1,2,5,8 | reddmpayne@aol.com | Email |
| Peggy | | 2,4 | reapusa@gmail.com | Email |
| Peralta | Darryl | 1,4,5 | peraltadarryl82@gmail.com | Email |
| Perez | Erika | 1,4,22,46 | macvix@mac.com | Email |
| Perrelli | Joseph | 1,2,5,8 | joeperrelli@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Perry | Daniel | 1,2,3,4,5,6,8,10,12 | coscastus@msn.com | Email |
| Peterson | John | 1,2,4 | jplocal104@gmail.com | Email |
| Petrach | Charles | 1 | charlespetrach@ymail.com | Email |
| Pierce | Chuck | 5,6,46 | cp2452@hotmail.com | Email |
| Pipitone | Nicholas | 6,99 | npipitone9085@gmail.com | Email |
| Pitblado | Jim | 5 | jamespitblado@icloud.com | Email |
| Pittman | Wes | 1,5 | wstc247@gmail.com | Email |
| Powell | John | 2,3,11 | jottopowell@gmail.com | Email |
| Power | Larry | 1,2,3,4,5,8,41 | huntlp@aol.com | Email |
| Primgaard | Nils | 2,3,4,8,10,12,13,57 | primstix@gmail.com | Email |
| Prosser | Beverly | 5,32,40,43 | bevprosser56@gmail.com | Email |
| Pugmire | Daniel | 4,8,13,15,59 | danielpugmire@csus.edu | Email |
| qwkrick.e |  | 5,8 | qwkrick.e@gmail.com | Email |
| ra7545 |  | 5,8 | ra7545@1791.com | Email |
| Rambaud | Tom (x 2) | 10,15 | tombo552015@outlook.com | Email |
| Rangel | Matthew | 1,3,8 | mcrdriver@gmail.com | Email |
| Rattigan | Austin | 3,4 | arattigan@sbcglobal.net | Email |
| Ravera | Joel | 1,2,4 | joel@ldavislaw.com | Email |
| Rawling | Fred | 2,3,4 | fred.rawling@live.com | Email |
| Ray | Stan | 1,15 |  | Public Hearing |
| Read | Scott | 3,4,117 | sjread@sbcglobal.net | Email |
| Rehmus | Mike | 5,35 | mrehmus@byvideo.com | Email |
| Reid | Dan | 1,64,65,66,67,70,71,73,74,123,162 |  | Public Hearing |
| Reynolds | John | 2,4,45 | reynolds6028@att.net | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Rice | George | 2,4,12,14 | rice_george@rocketmail.com | Email |
| Rice | Michael | 2,4,45,50 | dmr.recon@verizon.net | Email |
| Richard | | 8,10,12 | richardsec@yahoo.com | Email |
| Richards | Don | 1,4,8,10,14,45 | drichard@me.com | Email |
| Richardson | Steven | 2,3,4,8,18 | rs_richardson@yahoo.com | Email |
| Rivera | Joseph | 2,3,4,25,56 | jcrivera1062@gmail.com | Email |
| Roach | Robert | 2,4,38 | roachb@comcast.net | Email |
| Robbins | William | 1,45,99 | billrla@icloud.com | Email |
| Robinson | Eric | 1,5,13,15,41 | ericrobinsonmm@hotmail.com | Email |
| Romanyuk | Vladislav | 1,4,46,112 | romanyuk90@yahoo.com | Email |
| Ronald | | 1,2 | kubel444@msn.com | Email |
| Roof | Patrick | 1,3,4,9 | patrickroof@frontier.com | Email |
| Rooney | Peter | 1 | | Phone |
| Roppa | Rich | 1,4,6,10 | ropemanr@aol.com | Email |
| Rossetto | Richard | 1,2,3,13,35,101 | 2snowballs@sbcglobal.net | Email |
| Roy | | 1 | roy@nostalgicsinc.com | Email |
| Rtchbuilder | | 10,11,41,55,56 | rtchbuilder@aol.com | Email |
| Rudd | Steven | 3,4,56 | valleyfarms1@gmail.com | Email |
| Rudy | Peter | 1,4,10,12 | | Phone |
| Ruedas | Ralph | 1,2,4,7,10,52 | res14612u@verizon.net | Email |
| Runyan | Branden | 1,3,4,14,41 | brfspc@icloud.com | Email |
| Sage | Dan | 1 | dcsage@castles.com | Email |
| Sager | Steve | 1,2,3,4,5,10,24,87 | hunter98@tcsn.net | Email |
| Salaman | Robert | 2, 4, 206, 210, 211, 212, 213 | | Public Hearing |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|------------|----------|----------------------------|-----------------|
| Salazar | Richard | 2,3 | oneponycar@gmail.com | Email |
| Salazar | Richard | 5,45 | alazgr8@yahoo.com | Email |
| Sanchez | Paul | 3,5,25,46 | paulwsanchez@msn.com | Email |
| Sanchez | Richard | 2,4,5,8,9,10,11,12,25 | rufrch@yahoo.com | Email |
| Sanders | Brad | 3,9,18,26,96 | bsanders8181@yahoo.com | Email |
| Sanui | Gary | 2,4,9,13 | gsanui@att.net | Email |
| Sarra | Paul | 2,3,4,6,10 | paul@pacificcoastpm.com | Email |
| Schemel | Jon | 1,2,3,4,5,104,120,121 | jonschemel@gmail.com | Email |
| Schieck | Brian | 2,3,4,5,6,15,45 | firstbs@hotmail.com | Email |
| Schirmer | Rick | 1,2,4,45 | rngr86@juno.com | Email |
| Schneider | Ramon | 9 | schneiderkenpo@gmail.com | Email |
| Schnell | J | 2,4,5,8,10,14 | js3558@att.net | Email |
| Scholtz | Gilbert | 5,9 | gjscholtz@yahoo.com | Email |
| Schrimpf | Don | 1,5,13 | dschrimpf5@hotmail.com | Email |
| Schumacher | Mark | 1,2,3,4,5,25,41 | a4xdude@aol.com | Email |
| Schweizer | Gregg | 4 | gschweizer@sbcglobal.net | Email |
| Semple | Dave | 1,2,5,6,8,11,39,45,86,87 | dssemple@verizon.net | Email |
| Semple | Linda | 1,3,4 | lssemple@verizon.net | Email |
| Serna | Tino | 1,3,4,5 | sernadad6@yahoo.com | Email |
| Sevey | Jim | 4,11,14 | jsevey@yahoo.com | Email |
| Shafit | Paul | 5 | shafitpaul@gmail.com | Email |
| Shatz | Jon | 1,24 | bstzoo@icloud.com | Email |
| Shier | Rod | 1 | shier_r@yahoo.com | Email |
| Shookandre | | 1 | shookandre@gmail.com | Email |

265

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Simpson | Stuart | 1,2,3,4,8,13 | stuartgsimpson@gmail.com | Email |
| Sims | Aaron | 1,4,5,35 | aamsims@msn.com | Email |
| Sims | Boron | 1,3,5,25,35 | slim1070@msn.com | Email |
| Simunovich | Dennis | 1,5 | dennisspeedshop@sbcglobal,net | Email |
| Smith | Joseph | 28,29,147 | poujitang@gmail.com | Email |
| Smith | Brian | 3,4,7 | krypto99@gmail.com | Email |
| Smith | Donald | 47 | gun4la@yahoo.com | Email |
| Smith | Elmer | 10 | ridealongbs@gmail.com | Email |
| Smith | Glenn | 1,15,18 | glenn25@sbcglobal.net | Email |
| Smith | Kent | 3,4,5,10,11,14 | hddoktr@sbcglobal.net | Email |
| Smith | Mark | 1 | msmith9596@aol.com | Email |
| Sorensen | Paul (x 2) | 1 | h2oguy1940@verizon.net | Email |
| Spradling | Robert | Irrelevant | docmax@inreach.com | Email |
| Spraker | Robert | 1,20 | robert.sparker@yahoo.com | Email |
| Starr | F.P | 2,3,4,46 | fpstarr@gmail.com | Email |
| Stealey | Dave | 1 | stealey@pacbell.net | Email |
| Steinke | Richard | 1,15,26,41,42 | rpsteinke@hotmail.com | Email |
| Stephen | Terry | 5 | wizacre@gmail.com | Email |
| Stimmell | Gerald | 21, 49, 135, 143, 144 | gstimmell@gmail.com | Email |
| Stone | Ken | 1,3,4,5 | Ken@restroomalert.com | Email |
| Stonecipher | Steve | 1,2,3,4,5,8,10,13,21,130, | steve@aceelectricfresno.com | Email |
| Story | Terry | 1,2,3,5,15,41 | tstory@qnet.com | Email |
| Stracha | | 1,5 | stracha@sbcglobal.net | Email |
| Strand | Paul | 3,5 | strand2k@gmail.com | Email |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Stricklin | Jim | 1,2,4,46 | jim.stricklin@gmail.com | Email |
| Stroup | Mike | 1,5 | Mike.Stroup@ga-asi.com | Email |
| Strzemieczny | Alan | 4,5,13,15,25 | strzeal@sbcglobal.net | Email |
| Sturgill | Joel | 1,13 | joel.sturgill@gmail.com | Email |
| Sutton | Rich | 1 | rsutton163@gmail.com | Email |
| Taggart | Michael | 2,3,4,14 | mtaggart426@gmail.com | Email |
| Tan | Calvin | 1,10,11 | calvintan18@me.com | Email |
| tattedandtorn | | 1,2,5,8 | diondjg13@gmail.com | Email |
| Tavares | Tom | 1 | tavares_tom@yahoo.com | Email |
| Thorne | Scott | 3,4,5,8,21 | sthorne.cec@outlook.com | Email |
| Tomich | Gregory (x 2) | 1,2,10,34,47,119 | gtomich1@gmail.com | Email |
| Torres | Nestor | 1,5,9,12,14 | nes3514@sbcglobal.net | Email |
| Toys | Stuffed | 5 | pjmk1325@aol.com | Email |
| Trumpy | David | 1,3,4,5,8,11,18,26,40,70 | davidtrumpy@gmail.com | Email |
| Tucker | Jerry | 2,5,8,18 | jtucker@reagan.com | Email |
| Tuitavuki | Sharlene | 5 | tuitavuki1@yahoo.com | Email |
| Turner | Jim | 112 | | Public Hearing |
| Upham | Daniel | 4,5,10,24 | mahpu48@outlook.com | Email |
| Upult | Gerald (x 2) | 5,6,198,199 | | Phone |
| Van der Colff | Jaco | 4,5,8 | jjvdc@aol.com | Email |
| Van Sant | Frank | 4,13,15,18,23 | fgvsllvs@gmail.com | Email |
| Van Valkenburg | Franklin | 1, 2, 5, 6, 8, 13, 25, 45, 114, 124 | eunicelynne@sbcglobal.net | Email |
| Van Valkenburgh | Franklin | 1,2,3,5,6,8,13,25,45,114,124 | eunicelynne@sbcglobal.net | Email |
| VanNorman | Brian | 1,5,86,87 | bmv76@hotmail.com | Email |

267

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Villalpando | Gabriel | 2,4 | gv4290@icloud.com | Email |
| Virgin | Duane | 1 | dulovi@sbcglobal.net | Email |
| Visione | Dominic | 3,10,56,87 | djvisione@yahoo.com | Email |
| Wakefield | Nora | 8 | nwakefield@hbuhsd.edu | Email |
| Wallace | Don | 1,3,4 | dwphotography4u@yahoo.com | Email |
| Walsh | Jon | 2,4,24,26 | | Public Hearing |
| Walsh | Mike | 193,194,195,196,197 | admin@miwallcorp.com | Email |
| Walsh | Mike | 122 | | Public Hearing |
| Walters | Jim | 13,26,28,35 | jmwhotrods@yahoo.com | Email |
| Wankman | Henry | 1,4,11 | in2eractive@hotmail.com | Email |
| Ward | Harmon | 2,4,10 | hjw@pacbell.net | Email |
| Wark | Gene | 22,32,52 | gene@grwgeinc | Email |
| Wasmann | Kurt | 5,13 | kdwasmann@gmail.com | Email |
| Wasr | Mark | 1,3,4,5,11 | wasr.mark@gmail.com | Email |
| Weinman | Gregory | 25 | weinnmang@gmail.com | Email |
| Weiss | Dennis | 1, 24, 38, 122, 145 | | Public Hearing |
| Weiss | Hal | Irrelevant | hpw3043@gmail.com | Email |
| Wells | Hugh | 1,9 | w6wtu@newsrelay.net | Email |
| Westcott | David | 3,4,8,39,91 | davewestcott@hotmail.com | Email |
| White | Andy | 1,3,4,18,23,26 | wssi1212@att.net | Email |
| Whitmore | George | 1,2,4,5 | geowhitmore1225@gmail.com | Email |
| Whitmore | Robert | 10 | robertautrywhitmore@gmail.com | Email |
| Wiener | Robert | 1 | bobw760331--@hotmail.com | Email |
| Wilkinson | Richard | 2,45 | richbwilkinson@gmailcom | Email |

268

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|---------------------------|-----------------|
| Willson | David | 2,4,5,8,13,15,45,91 | veeger@snowcrest.net | Email |
| Wilson | Chris | 5,15 | c.j.wilson1972@gmail.com | Email |
| Wilson | Peter | 1,5 | peterw77@hotmail.com | Email |
| Wilson | Peter | 1,2,3,4,35 | peterw77@hotmail.com | Email |
| Windus | Walter | 5,8,15,18,20,56,111,112 | wwindus@msn.com | Email |
| Winestock | Ralph | 14,58 | rwinestock1@gmail.com | Email |
| Wiser | William | 5 | wwiser9725@aol.com | Email |
| Wisner | David | 1,4,5,9,90,102 | davidwisner.plumber@gmail.com | Email |
| Wojtak | Steve | 1 | swojtak@juno.com | Email |
| Wood | Blake | 5 | blakewood81@gmail.com | Email |
| Woods | David | 3 | woodsz71@sbcglobal.net | Email |
| Wooten | Don | 8,18 | donw1986@hotmail.com | Email |
| Workman | Scott | 1,2,4,5,6,19 | workman2867@gmail.com | Email |
| Wright | John | 1,3,4,5,35 | jwright.tricom@gmail.com | Email |
| Ybanez | Joel | 4,5,10,45 | callintherocks@yahoo.com | Email |
| Yemoto | Glenn | 2,4,8,10,15 | GASKT@msn.com | Email |
| Yohai | Robert | 1,5 | robert864@me.com | Email |
| Young | Jacqueline  (x 2) | 1,2,4,5 | 22calgal@gmail.com | Email |
| Zatarain | Garry | 1,4,5,18,46,118 | zghost@att.net | Email |
| Zavala | Samuel | 3,4,11,44,110 | samuelzavala1@gmail.com | Email |
| Zia | Thomas | 1 | tomzia@aol.com | Email |
| Zip | Ed | 3,5 | ed_zip@yahoo.com | Email |
| Zygmont | Justin | 1,15 | solarflow99@gmail.com | Email |
|  |  | 1 |  | Phone |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

# PUBLIC COMMENTS AND DEPARTMENT OF JUSTICE RESPONSES

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 1. | What technique is being used to identify the specific changes vs the original issue of the document? Why are they not clearly identified? | No change has been made in response to this comment.  The Department provided the following statement at the top of the proposed text, as noticed and made available to the public for 15 days: "The original proposed text is in single underline and single strikeout. Changes are illustrated by double underline for proposed additions and double strikeout for proposed deletions."  Changes to the proposed text were illustrated in that manner. |
| 2. | Due to the fact that it does not include all FFL holders and people with a COE. All FFL and COE holders have gone through background checks and should still be except from having to continue to go through more background checks to buy ammo.<br><br>I oppose removing a Type 03 FFL from the text [as an exemption type]. | No change has been made in response to this comment.  Penal Code section 30352, subdivision (e) provides an exhaustive list of categories of individuals who are exempt from the requirement to obtain approval from the Department prior to the sale or transfer of ammunition.  The Department lacks the authority to expand upon these statutory exemptions.<br><br>Additionally, the Department notes that a Type 03 FFL was not ever specified in the proposed regulations.  Section 4306(a)(1) of the regulations as originally noticed provided that "a valid Federal Firearms License" would identify an individual who is exempt from Department approval to purchase or transfer ammunition.  The Department determined this statement was too general, and amended the text to specify which types of FFL would apply to particular classes of persons identified as being exempt by Penal Code section 30352, subdivision (e). |
| 3. | You don't have any authority to create any gun laws or regulations. | No change has been made in response to this comment.  The Department is authorized to promulgate these regulations pursuant to Penal Code sections 30352 subdivision (f), and 30370 subdivision (g). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 4. | [P]roposed subdivision (c) of section 4306 is unclear on this point as it uses the term "authorized associate" that does not appear in the authorizing statute cited in the proposed regulations (pc 30352) or defined in proposed regulatory section 4301.<br><br>As stated above, though, proposed section 4306(c) lacks clarity on this point and clarification is therefore requested.<br><br>Also, since the term "authorized associate" as used in proposed subdivision (c) is not defined, ammunition vendors are provided with no information relative to who is an authorized associate, or who would designate a person as an authorized associate, for purposes of the proposed regulations.<br><br>b. Furthermore, the lack of clarity in subdivision (c) could potentially put it in conflict with subdivision (d) which clearly applies to an <u>individual</u> purchaser, not to the law enforcement and the exempt business entities described above to whom ammunition orders are lawfully shipped. | No change has been made in response to this comment.  An "associate" is a commonly-used term in business to describe someone who works for the business.  Both 4306(c) and 4308(c) refer to "the ammunition vendor COE holder, authorized associate, or salesperson"; in context, an "associate" is an employee.  The term "authorized" refers to the ammunition vendor's authorization of the associate as an agent to act on its behalf.<br><br>The Department determined that the provision of Penal Code section 30352, subdivision (c), that "an ammunition vendor shall require bona fide evidence of identity" does not refer exclusively to the person or entity named on the ammunition vendor license.  Penal Code section 30347 implicitly provides that an "agent or employee" may act for the ammunition vendor The Department's language in 4306(c) and 4308(c) provide the Department's interpretation that the COE holder, authorized associate or salesperson may complete the transaction, as specified. The Department disagrees that this is unclear.<br><br>See the Final Statement of Reasons, Update of the Initial Statement of Reasons, section 4306(c), for additional information.<br><br>b. Furthermore, the Department disagrees that subdivision (c) is in conflict with subdivision (d).  Proposed section 4301(n) defines "purchaser or transferee" as "an individual," as specified.  Throughout Penal Code sections 30352 and 30370, and these regulations, the person who receives ammunition is identified as an individual person (e.g., purchaser, transferee, gunsmith, an authorized law enforcement representative, a sworn peace officer, etc). An ammunition vendor license may be granted to an entity other than a natural person, but the vendor must still identify a "responsible person," per Penal Code section 30385, subdivision (c). The Department disagrees that this is unclear. |

| 5. | Opposition to the perceived inability of people from out of state to buy or transfer ammunition: | No change has been made in response to this comment.  Specifically: |
|---|---|---|

Opposition to the perceived inability of people from out of state to buy or transfer ammunition:

a. DOJ has stated in its Initial Statement of Reasons ("ISOR") Addendum that the information to be collected from a prospective purchaser "must be collected in the manner described in Penal Code section 28180." Penal Code section 28180 requires firearm dealers to collect a purchaser's name, date of birth, and driver's license or identification number "from the magnetic strip on the purchaser's driver's license or identification and shall not be supplied by any other means, except as authorized." But Penal Code section 28180 also states that if the magnetic strip reader is unable to obtain the required information, the firearms dealer "shall obtain a photocopy of the identification as proof of compliance." And while it may be true that California's new ammunition sales restrictions require ammunition vendors to collect a purchaser's information "as described in Section 28180," the law also makes clear that out-of-state identification may be used when purchasing ammunition. See Cal. Penal Code § 30370(b) (requiring information to be collected pursuant to Penal Code section 28180); Cal. Penal Code § 30352(a)(2) (requiring the purchaser's driver's license or other identification number "and the state in which it was issued" to be recorded upon delivery of the ammunition).

b.  Regardless, denying non-California-residents their right to acquire ammunition would run afoul of multiple constitutional guarantees. The Second Amendment "implies a corresponding right to obtain the bullets necessary to use them" and a "regulation eliminating a person's ability to obtain or use ammunition could thereby make it impossible to use firearms for their core purpose" thus violating that right. Jackson v. City & Cty. of San Francisco, 746 F.3d 953, 967-68 (9th Cir. 2014). The right to travel guarantees that "a citizen of one State who travels in other States, intending to return home at the end of his journey, is entitled to enjoy the 'Privileges and Immunities of Citizens in the several States' that he visits." Saenez v. Roe, 502 U.S. 489, 501 (1999) (quoting U.S. Const. Art. IV, §2, cl. 1). Facially discriminatory

No change has been made in response to this comment.  Specifically:

a.  The Department determined that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.

b.  The ability of a person from out of state to purchase or transfer ammunition depends on the method by which they attempt to do so.

1.  The Department has determined that, pursuant to statute, an individual from out of state would not be able to be granted authorization to purchase ammunition subsequent to a Standard Ammunition Eligibility Check.  Penal Code section 30370, subdivision (b) requires the Department to cross-reference the purchaser's or transferee's current address with the information maintained in the AFS.  However, pursuant to Penal Code section 26815, no firearm shall be delivered unless the purchaser, transferee, or person being loaned the firearm provides evidence of identity pursuant to Penal Code section 16400.  Penal Code section 16400 provides that the identification must be a valid California driver license or identification card issued by the Department of Motor Vehicles, both of which require proof of residency in California.  In addition, section 922, title 18 of the United States Code also prohibits the sale of any firearm to a person the transferor knows or has reasonable cause to believe does not reside in the state in which the transferor resides.  The Automated Firearms System is a repository of firearm records maintained by the Department, as established by Penal Code section 11106.  The AFS is populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons by a California resident, a California resident's report of firearm ownership to the Department, California Carry Concealed Weapons Permit records, or records entered by California law enforcement agencies.  Entries into the AFS would therefore not "match," for the purposes of satisfying the Standard Ammunition Eligibility Check, the "current address" of an out of state purchaser or transferee, since current address, by definition, would be an out of state address.

2. The Department has determined that, pursuant to statute, an individual from out of state would not be able to be granted authorization to

273

regulations violate the Commerce Clause, regardless of whether they have a discriminatory purpose. See United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth., 550 U.S. 330, 338 (2007). And, finally, "where fundamental rights and liberties are asserted under the Equal Protection Clause, classifications which invade or restrain them must be closely scrutinized" and be necessary to serve a compelling government interest. City of Cleburne, Tex., v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). For these reasons, DOJ needs to clarify whether out-of-state identification can be used to purchase ammunition under the proposed regulation. Failure to do so would, at minimum, constitute a lack of the clarity required of a regulation under the APA.

purchase ammunition subsequent to a Basic Ammunition Eligibility Check.  Penal Code section 30370, subdivision (c), requires the Department to develop a procedure in which "a person who is not prohibited from purchasing or possessing ammunition may be approved [...]" to do so.  The Department has determined that it would be counter to the legislative intent under SB 1235 for the Department to approve purchases of ammunition by individuals who may be prohibited from doing so because that person has been convicted of a relevant crime under the laws of the United States, the State of California, or any other state, government, or country (see, for example, Penal Code section 29800). The Department is not permitted to use the federal National Instant Criminal Background Check System (NICS) for the purpose of ammunition eligibility checks, and there is no reasonable alternative method to affirm that a person from out of state is not prohibited from purchasing or possessing ammunition. Therefore, the Department has determined that it will not affirm that an individual from out of state is authorized to purchase ammunition subsequent to a Basic Ammunition Eligibility Check.

3. The Department has determined that an individual from out of state would be able to be granted authorization to purchase ammunition subsequent to a COE Verification.  The qualifications to be granted a Certificate of Eligibility are provided in title 11, section 4032 of the California Code of Regulations, as authorized by Penal Code section 26710.  Persons who are not California residents are not prohibited from qualifying for a COE.  Consequently, the Department has determined that persons from out of state who hold a current COE would be authorized to purchase ammunition subsequent to a COE Verification.  Upon presentation of an out-of-state ID, the information required by proposed section 4305(c) could be obtained by an alternative method, should there be technical limitations, in accordance with Penal Code section 28180.

4.  Additionally, a person from out of state may legally purchase ammunition if they qualify for the exemptions provided in Penal Code section 30312, subdivision (c), or section 30352, subdivision (e), or by the provisions of any other relevant statute.  For example, the prohibition on transporting ammunition into the state, per Penal Code section 30314, only applies to residents of California.

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | | The qualifications for both the Standard Ammunition Eligibility Check and the Basic Ammunition Eligibility check are set by Penal Code section 30370. The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 6. | DOJ has also failed to provide any clarifying information as to what constitutes a "match" for purposes of the Standard Ammunition Eligibility Check, despite this issue being raised in our prior comment letter. It is also unclear why DOJ has simply stated that is has "exercised no discretion" as to this requirement when it has shown itself to be more than capable of adopting regulations that help clarify requirements elsewhere. In sum, to the extent DOJ intends to implement the actions described in the above statements it must at least amend the proposal to include them as part of the proposed regulations. | No change has been made in response to this comment.  The Department disagrees with this comment.  In the revised text noticed to the public in the 15-day comment period, the title of section 4302 has been revised to indicate that the Standard Ammunition Eligibility Check involves an "AFS Match." Subdivision (a) of that section clearly states, "A purchaser or transferee is authorized to purchase ammunition if their information matches an entry in the Automated Firearm System and does not match an entry in the Prohibited Armed Persons File."

Furthermore, in the ISOR Addendum, in the section discussing section 4302 subdivision (b), the Department states, "The purchaser or transferee's name, date of birth, current address and driver license or other government identification number is required by Penal Code section 30370, subdivision (b), and must be collected so that the Department can conduct the procedure specified by that section.  Penal Code section 30370, subdivision (b) requires the Department to match the purchaser's or transferee's "name, date of birth, current address and driver license or other government information" with "the information in the Automated Firearms System."  The Department has exercised no discretion in requiring this information from the purchaser or transferee."

As indicated, the Department has determined that no further interpretation is required regarding the statutory requirement that the purchaser or transferee's personal information, as clearly delineated in statute, must match an entry in the Automated Firearm System. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 7. | In the ISOR Addendum, DOJ states that a purchaser's citizenship status and federal Alien Registration Number or I-94 (if applicable) are required to conduct the Basic Ammunition Eligibility Check. DOJ's basis for this assertion is that Penal Code section 30370, subdivision (c), requires DOJ to develop a procedure in which "a person who is not prohibited from purchasing or possessing ammunition may be approved." In reaching this conclusion, DOJ states that it "has determined that it would be counter to the legislative intent . . . to approve purchases of ammunition by individuals who may be prohibited from doing so under either state or federal law." DOJ nevertheless recognizes it is not permitted to use federal databases to ensure a person is not prohibited (as discussed in our prior comment letter).<br><br>But DOJ is incorrect in its assumptions for several reasons. First, DOJ makes no mention in the ISOR Addendum regarding the prohibitions under existing state laws adopted pursuant to Senate Bill No. 54 ("SB 54"). These provisions, clearly reflect the California legislature's intent, which has also been recognized by Attorney General Becerra himself, prohibit state agencies—including DOJ—from inquiring into an individual's immigration status.<br><br>b. What's more, the California Legislature's "intent" is irrelevant as applied to a voter approved initiative, which is what created the controlling law here. | No change has been made in response to this comment. Senate Bill 54 (statutes of 2017), which added Government Code section 7284.6, is clear in its focus on state and local participation *in federal immigration enforcement programs*. As stated in the Department's response to comment #74 submitted during the 45-day comment period:<br><br>The statute referred to, Government Code section 7284.6, subdivision (a), prohibits law enforcement agencies from using "moneys or personnel to investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes..." The clause "for immigration enforcement purposes" provides the condition necessary to trigger the prohibition – law enforcement agencies are otherwise allowed to use moneys and personnel to investigate, interrogate, detain, detect, or arrest persons. Subdivision (a)(1)(A) specifically provides that "[i]nquiring into an individual's immigration status" is one type of activity, among others, that is prohibited *if it is done for immigration enforcement purposes*. Government Code section 7284.4, subdivision (f) defines "immigration enforcement" as efforts to investigate or enforce any federal civil or criminal immigration law. The collection of information for the purpose of conducting a Basic Ammunition Background Check is not an activity being undertaken to investigate or enforce any federal civil or criminal immigration law. Rather, as stated in the Initial Statement of Reasons (inclusive of the addendum), this information must be collected because the Department has determined it will not affirm that an individual is authorized to purchase ammunition if the individual is prohibited under federal firearms laws.<br><br>b. No change has been made in response to this comment. The Department disagrees with this comment. Penal Code section 30370 was added by Section 15 of Senate Bill 1235 (Stats. 2016, Ch. 55). Section 16 of that bill repealed the prior version of Section 30370, which was added November 8, 2016, by Proposition 63. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 8. | DOJ also argues that both the Standard Ammunition Eligibility Check and the COE Verification methods involve a check of a person's immigration status. But that is irrelevant because neither is specifically required for the purposes of lawfully acquiring ammunition in California. Individuals need only to have submitted immigration information in connection with their original COE application or firearm purchase.  And DOJ already administers the Armed Prohibited Person System as a means to disarm individuals who later become prohibited and revoke any previously issued COE. | No change has been made in response to this comment.  The Department's invocation of the authorization qualifications provided by Penal Code section 30370, subdivisions (a)(1) and (2), was not intended as a claim that those qualifications were *currently* required for the purposes of lawfully acquiring ammunition. <br><br> Rather, as the Department stated in the ISOR Addendum, section 4303(b), "The two other methods of obtaining authorization from the Department to purchase ammunition pursuant to Penal Code section 30370 [besides the Basic Ammunition Eligibility Check] both involve a check of federal prohibitors."  The commenter is correct that the Department administers the Armed Prohibited Person System, an automated system for tracking firearm owners who fall into a prohibited status; pursuant to Penal Code section 30370, subdivision (b), inclusion in the Prohibited Armed Persons File precludes a person from using the Standard Ammunition Eligibility Check to gain authorization to purchase ammunition. And the commenter is correct that the Department would revoke the COE of a person who became prohibited, precluding them from gaining authorization to purchase ammunition pursuant to Penal Code section 30370, subdivision (a)(2).  This supports the Department's interpretation of the statutory requirement in Penal Code section 30370, subdivision (c), that "The department shall develop a procedure in which a person who is not prohibited from purchasing or possessing ammunition may be approved..." as meaning persons not prohibited by state *or federal* law (e.g. 18 U.S.C. 922(g) and (h)).  As stated in the ISOR Addendum, in this context, "The Department has determined it will not affirm that an individual is authorized to purchase ammunition if the individual is prohibited under federal law, and therefore that the Basic Ammunition Eligibility Check should likewise consider federal prohibitors on ammunition possession." |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 9. | In any event, DOJ prohibited from accessing federal databases for purposes of conducting ammunition background checks. It cannot simply add a layer to the background check process (i.e. referencing its Prohibited Armed Persons File) and access federal databases through other means as a way of circumventing this restriction. For these reasons, DOJ's collection and use of a person's citizenship information in connection with an ammunition background check is strictly prohibited by federal and state law and lacks the necessity, authority, and consistency required by the APA. | No change has been made in response to this comment. The Department will not be checking federal databases for the purpose of authorizing the purchase or transfer of ammunition. Proposed section 4303, authorized by Penal Code sections 30370 and 30352, implements the statutory requirement in Penal Code section 30370, subdivision (c), that "The department shall develop a procedure in which a person who is not prohibited from purchasing or possessing ammunition may be approved..." The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). This regulation is being promulgated in full compliance with the requirements of the Administrative Procedure Act. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 10. | DOJ's cost estimate for vendor staff processing time is based on California's minimum wage ($11/hour). This is an unreasonable assessment given that COEs are required for every vendor employee and the required training for such employees. Using minimum wage also ignores management level positions necessary to oversee employees and assumes a two-minute processing time for each transaction. Given the oversight necessary to ensure compliance with California law (which can result in license revocation and potential criminal penalties for any violation), it is wholly unreasonable for DOJ to assume costs based on California's minimum wage and such a short time estimation for each transaction, not to mention the cost of legal counsel to guide vendors through compliance.<br><br>This gross understatement is further illustrated when compared to DOJ's salaries for the "59 new positions" that are responsible for processing ammunition transactions on DOJ's end. These salaries total $5,839,347 in the first year (an average of $98,971 per employee), and $4,515,371 for every year thereafter (an average of $76,531 per employee). Even assuming the national standard of 2,087 hours per year, this amounts to approximately $36 per hour at least per DOJ employee tasked with processing ammunition transactions—excluding any additional costs such as training. For DOJ to assume a minimum wage employee will be responsible for administering a vendor's program, when DOJ's own employees earn more than double that, raises serious questions as to its projected costs to businesses. | No change has been made in response to this comment.  As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition.<br><br>The Department followed instructions from the Department of Finance to base its calculations on the state minimum wage.  This wage is an economic certainty, which is more reliable in estimating salespersons' salaries than a presumption of a higher wage.  No commenter, including the current commenter, has provided anticipated costs for legal counsel in regards to these regulations, above and beyond the normal costs of doing business as an ammunition vendor.<br><br>Salaries for the Department's staff is set by the California Department of Human Resources, and is irrelevant to this rulemaking. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 11. | DOJ states that the proposed fees of $1 for Standard Ammunition Background Checks and COE Verifications are "necessary to recover the reasonable costs of regulatory and enforcement activities." Yet, DOJ also states that it intends to "build a reserve for economic uncertainties." Not only is such a reserve contrary to both the express limitations of the Penal Code and the California Constitution, but DOJ provides no information as to how much of a reserve it intends to maintain.<br><br>For the first year the system is scheduled to launch, DOJ has estimated it will incur $12,844,697 in expenses while taking in $14,104,000 in revenue. And in fiscal years thereafter, DOJ estimates an average of $9,886,506 in expenses while taking in the same amount of revenue. The reasons for the initial costs in the first year "include personal services, operating expenses and equipment, system enhancements, infrastructure, and other costs."<br><br>As stated in Penal Code section 30370, DOJ is only authorized to "recover the reasonable cost of regulatory and enforcement activities," and is only authorized to charge a fee that cannot exceed those costs.  In other words, DOJ is not authorized to charge a fee that would allow it to "build a reserve" and then adjust the fee at a later date. But DOJ's proposed fee does just that, and therefore violates the necessity, authority, and consistency requirements of the APA, as well as the California Constitution. | No change has been made in response to this comment.  It is common practice for state funds to contain a reserve for economic uncertainties.  The Department of Finance defines the term "reserve" as "An amount of a fund balance set aside to provide for expenditures from the unencumbered balance for continuing appropriations, economic uncertainties, future apportionments, pending salary or price increase appropriations, and appropriations for capital outlay projects."  It is not feasible for the Department to operate the ammunition authorization program on a day-to-day basis by using funds remitted to the Department each prior day.  The reserve for economic uncertainties is therefore a necessary cost of regulatory and enforcement activities related to the ammunition authorization program.<br><br>Additionally, as stated in the Economic and Fiscal Impact Statement (STD 399), Attachment A, the Department will use the reserve to pay back the $25 million loan that was authorized to the Department by Penal Code section 30371 "for the start-up costs of implementing, operating and enforcing the provisions of the ammunition authorization program provided for in Sections 30352 and 30370."  According to the estimates provided by the Department in Attachment A, at no time in the next five years will the reserve for economic uncertainties be greater than the amount owed for the loan.  Therefore, according to the most reasonable estimates, at no time in the next five years will the fees be in excess of the costs of regulatory and enforcement activities. |

| 12. | DOJ has revised the list of individuals it considers exempt from DOJ approval to purchase or transfer ammunition. In the revised text, DOJ states that these individuals are exempt "pursuant to Penal Code section 30352, subdivision (e)." But there is a fundamental problem with this statement. Penal Code section 30352, subdivision (e) only exempts those listed individuals as applied to subdivisions (a) and (d) of Penal Code section 30352. It does not provide an exception to the requirements of Penal Code section 30370, a wholly separate Penal Code provision which ammunition vendors must abide by when processing ammunition transactions. While we recognize this as an oversight on the part of the author of the law, DOJ is nevertheless prohibited under the APA from expanding the exception to apply to both provisions absent further legislation. | No change has been made in response to this comment. This comment is irrelevant, as it does not regard a change to the regulations noticed to the public pursuant to Government Code section 11346.8, subdivision (c). Proposed section 4306(a) was changed from that which was originally made available to the public, to clarify that the types of identification that follow are those that "properly" identify an individual, as specified, and to include the Penal Code citation that provides the context for the reason why an ammunition vendor might require clarification as to what constitutes "proper" identification.  Neither the clarifying word "proper" nor the citation of Penal Code section 30352 involve "the requirements of Penal Code section 30370" that ammunition vendors must abide by.

In any event, the Department has determined that the relevant requirements of Penal Code section 30370 are satisfied if a person or entity meets the requirements of Penal Code section 30352, subdivision (e).

Penal Code section 30352, subdivision (c) provides that, "only those persons listed in this subdivision, or those persons or entities listed in subdivision (e), shall be authorized to purchase ammunition."  The "persons listed in this subdivision," enumerated in paragraphs (1) and (2), require the Department to intervene prior to authorization—either through the Standard Ammunition Eligibility Check, the COE verification process, the Basic Ammunition Eligibility Check, or when ammunition is transferred in the same transaction as a firearm, as implemented by proposed regulation sections 4302, 4305, 4303, and 4304, respectively. Conversely, those persons or entities listed in subdivision (e) do not require the Department to intervene prior to their authorization – the Department's "approval" of those persons is immaterial, as statute does not allow for discretion to be exercised by the Department.

Therefore, those persons or entities listed in Penal Code section 30352, subdivision (e) either meet, or do not need to meet the requirements of Penal Code section 30370 that ammunition vendors must abide by.  Penal Code section 30370, subdivision (a) requires the Department to "electronically approve the purchase or transfer of ammunition through a vendor... except as otherwise specified."  The Department determined that the explicit statutory authorization to purchase or transfer ammunition without the Department's approval, as provided to those persons or entities listed in Penal Code section 30352, subdivision (e), by Penal Code section 30352, subdivision (c), |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| | | qualifies as such an exception. |
| | | Likewise, the requirement in Penal Code section 30370, subdivision (d) that a vendor is prohibited from providing a purchaser or transferee with ammunition without the Department's "approval" is, in practice, irrelevant if the purchaser or transferee is properly identified pursuant to Penal Code section 30352, subdivision (e).  The Department's "approval" can be presumed by the ammunition vendor, pursuant to proposed regulation section 4306(a) and (d), because such a person, properly identified, is already authorized by statute to purchase ammunition, without any action to be taken on the part of the Department. |
| | | There are no other requirements of Penal Code section 30370 that ammunition vendors must abide by that are relevant to this comment. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 13. | DOJ states that it would be "unduly burdensome" and "unnecessarily expensive" to develop and use a system separate from California's Dealer Record of Sale ("DROS") Entry System ("DES").  Yet DOJ was given a loan of $25 million from the California Legislature for this express purpose, which appears to have not even been utilized.  Coupled with the serious issues concerning the required authority, clarity, and consistency under the APA, and the fact that DOJ has prematurely developed the system which these regulations are purportedly designed to implement, our clients respectfully request DOJ revise the proposal accordingly. Should DOJ refuse to do so, our clients are prepared to take any action available under the law to compel DOJ's compliance, including litigation.<br><br>Footnote to this comment:  As noted in DOJ's Revised Economic and Fiscal Impact Statement, DOJ estimates it will incur $12,844,697 in expenses for the first fiscal and $9,886,506 in expenses every year thereafter. The larger first year expenses are due to initial program costs which, presumably, include the creation of the new system. In other words, DOJ has only spent $2,958,191 of the initial $25 million start-up loan it received from the California legislature. What's more, these costs are being incurred during the first fiscal year in which DOJ expects to earn revenue from the new system, raising a question as to why the initial loan was even necessary. | No change has been made in response to this comment.  Penal Code section 30371 appropriated a $25 million loan from the general fund "for the start-up costs of implementing, operating and enforcing the provisions of the ammunition authorization program provided for in Sections 30352 and 30370."  The Department determined that the most effective method of implementing, operating and enforcing the requirements of Penal Code sections 30352 and 30370 was to utilize the Dealer Record of Sale Entry System (DES) for authorizing ammunition purchases pursuant to Penal Code section 30370.  As stated in the Initial Statement of Reasons (inclusive of the addendum), pursuant to Penal Code section 30385, subdivision (d), many firearms dealers are also authorized ammunition vendors. The DES website is already the established portal through which firearms dealers communicate purchasers' or transferees' personal information to the Department for the purpose of firearm eligibility checks.  It would be unduly burdensome for ammunition vendors, and unnecessarily expensive for the Department to develop and require use of a separate method of communicating purchasers' or transferees' personal information to the Department for the specific purpose of ammunition eligibility checks.  By updating the DES, the Department has efficiently utilized funds for the start-up costs of implementing the ammunition authorization program, in accordance with statute.<br><br>The Department rejects the contention that it has spent less than $3 million on initial program costs.  The majority of the $25 million General Fund loan has been spent on the start-up costs of implementing, operating and enforcing the provisions of the ammunition authorization program. The Department's expenditures are a matter of the public record.  The complaint that the $25 million has not been completely expended is premature, as the implementation of the ammunition authorization program is ongoing. The Department will repay the $25 million loan as stated in the Economic and Fiscal Impact Statement (and attachment). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 14. | The proposed regulations still lack clarity and are inadequate in providing direction to licensed ammunition vendors on how to conduct ammunition purchases and transfers. Under California's Administrative Procedures Act, all proposed regulations must be authored in a way that is easily understood by those person's directly affected by them. Unfortunately, these regulations are incomplete and would adversely affect manufacturers, distributors, firearms retailers, shooting ranges and sportsmen's organizations.<br><br>In our previous comments to DOJ, NSSF asserted the regulations omitted instructions or guidance on how a licensed ammunition vendor should proceed with an ammunition purchase or transfer. The modified regulations also omit clear instructions on how a vendor should proceed with an ammunition purchase or transfer. It is still unclear when an ammunition vendor should initiate the §4302 or §4303 process. Is that at the discretion of the potential buyer or is it the vendor? Under what circumstances should the vendor use a Standard Ammunition Eligibility Check and under what circumstances should they use the Basic Ammunition Eligibility Check? Does the purchaser have to ask for the Standard Ammunition Check first? | No change has been made in response to this comment.  The Department disagrees that the proposed regulations lack clarity and are inadequate in providing direction.  Sections 4302, 4303 and 4305 were revised to more clearly communicate how a purchaser or transferee may request, though an ammunition vendor, a determination from the Department regarding the purchaser or transferee's authorization, and provides the methods for an ammunition vendor to process that request.  The regulations, in conjunction with Penal Code section 30370, subdivision (a), make plain each option and when each is appropriate.<br><br>The Department does not have the authority to mandate which procedure a purchaser or transferee uses to seek authorization to purchase ammunition.  If an individual's information does not match an entry in the AFS system, and the individual does not hold a current Certificate of Eligibility, the individual may only be eligible for a Basic Ammunition Eligibility Check. However, by statute, certain persons may gain authorization in multiple ways. If an individual's personal information matches an entry in the AFS (e.g., from a previous firearm transaction), the individual is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check.  If an individual holds a current Certificate of Eligibility, the individual is eligible for both a Basic Ammunition Eligibility Check and the COE Verification process. An individual could hold a current Certificate of Eligibility, and have personal information that matches an entry in AFS, and also qualify for the authorization provided by the Basic Ammunition Eligibility Check.  Instead of mandating which ammunition eligibility process a person shall request, the Department determined that the most effective way of clarifying the multiple methods of gaining authorization, as provided by statute, is to clearly present each process and its attendant requirements.  The proposed regulations satisfy this goal. Ammunition vendors are free to inquire of the potential purchaser or transferee about their potential eligibility, before requesting one of the three types of  eligibility checks. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 15. | a.  It is also unclear how the DOJ approves a Basic Ammunition Eligibility Check. Ammunition vendors are not provided criteria.<br><br>b.  How does the department "affirm" a purchaser or transferee of a "Single Transaction or Purchase" is authorized? | No change has been made in response to this comment.<br><br>a. Penal Code section 30370, subdivisions (a)(3) and (c) provide that a person shall be authorized to purchase or receive a transfer of ammunition if that person "is not prohibited from purchasing or possessing ammunition." As stated in the Initial Statement of Reasons, the Basic Ammunition Eligibility Check is essentially the same background check as a firearms eligibility check—i.e., the Department checks the records available to it to determine if a person is prohibited from purchasing or possessing ammunition.  For example, pursuant to Penal Code section 29800, a person who has committed a felony is prohibited from possessing a firearm.  Pursuant to Penal Code section 30305, such a person is also prohibited from possessing ammunition. The Department has determined that no further interpretation of statute is necessary to govern the procedure that leads to a determination as to whether a person is so prohibited.<br><br>b. Proposed section 4303(e) states that upon the Department's completion of a Basic Ammunition Eligibility Check, the Department shall update the purchaser's or transferee's DES record.  Proposed section 4308(a) and (b) state that an approval will lead to the transaction record changing to "Approved," and that if the status is approved, ammunition may be delivered to the purchaser or transferee.  The Department disagrees that the proposed regulation does not meet the "clarity" standard with respect to how the Department will affirm authorization. |
| 16. | The modifications still fail to address what process ammunition vendors will follow if a valid government ID is not compatible with the DOJ's magnetic strip reader system. For instance, if an out of state ID is not compatible with the DOJ's system, will someone be denied simply because the magnetic strip reader is unable to transmit the required information? If this happens, what is the process for the ammunition vendor? | No change has been made in response to this comment.  Penal Code section 28180 provides instruction as to what is required if, "due to technical limitations, the magnetic strip reader is unable to obtain the required information from the purchaser's identification." |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 17. | Under Penal Code section 30370 the department is authorized to charge "up to $1 and $19", yet there still isn't justification as to why the department has initially set fees to the maximum allowed by law. How did DOJ determine they would charge $1 and $19 for Standard Ammunition Eligibility Checks and Basic Ammunition Eligibility Checks (Single Transaction or Purchase) respectively? Without sufficient justification, DOJ lacks the authority to charge the maximum fee allowed by law. | No change has been made in response to this comment.  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |
| 18. | Under PUBLIC LAW 103-159 (Brady Act) and 18 U.S.C. 922(t) access to the National Instant Criminal Background Check System (NICS) is limited to:<br><br>*(1) permits or licenses to possess, acquire, or transfer a firearm, or to carry a concealed firearm, or to import, manufacture, deal in, or purchase explosives;*<br><br>It is impermissible to access NICS for anything other than firearms and explosives. § 4303 is unclear on whether the department intends to access NICS for ammunition purchases and transfers. The proposed regulation states, "A purchaser or transferee is authorized to purchase ammunition if they are not prohibited from purchasing or possessing ammunition, subsequent to affirmation by the Department." What criteria is the department using to determine whether or not someone is eligible? Again, will the department be contacting NICS for ammunition transfers and purchases? | No change has been made in response to this comment.  The Department is not checking NICS for ammunition purchases or transfers.<br><br>Penal Code section 30370, subdivisions (a)(3) and (c) provide that a person shall be authorized to purchase or receive a transfer of ammunition if that person "is not prohibited from purchasing or possessing ammunition."  As stated in the Initial Statement of Reasons, the Basic Ammunition Eligibility Check is essentially the same background check as a firearms eligibility check—i.e., the Department checks the records available to it to determine if a person is prohibited from purchasing or possessing ammunition.  For example, pursuant to Penal Code section 29800, a person who has committed a felony is prohibited from possessing a firearm.  Pursuant to Penal Code section 30305, such a person is also prohibited from possessing ammunition. The Department has determined that no further interpretation of statute is necessary to govern the procedure that leads to a determination as to whether a person is so prohibited. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 19. | Under § 4306 (8), Ammunition Purchases or Transfers for Exempted Individuals, "an authorized law enforcement representative of a city, county, city and county, or **state or federal government shall present written authorization from the head of the agency authorizing the ammunition purchase or transfer**, as described by Penal Code section 30352, subdivision (e)(7)." The requirement of having a cabinet level official (i.e. Secretary of Defense, Attorney General, Secretary of State) in the federal government sign off on every ammunition purchase or transfer instead of procurement representatives is overly burdensome. | No change has been made in response to this comment because the Department determined that this comment objects to the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Penal Code section 30352, subdivision (e)(7) requires, to qualify for the exemption provided by subdivision (e), that the authorized law enforcement representative provide "proper written authorization," which is further defined as "verifiable written certification from the head of the agency [...]" |
| 20. | The regulations are also troublesome for our range members. As an example, under California law it is permissible to purchase ammunition without a background check at a shooting range if the ammunition stays on the premises and does not leave the facility? The proposed regulations do not specify what happens if an individual takes ammunition from the premises in violation of the law. | No change has been made in response to this comment.  This comment is irrelevant, as it does not regard a change to the regulations noticed to the public pursuant to Government Code section 11346.8, subdivision (c).<br><br>Penal Code section 30370, subdivision (e)(3) exempts ammunition vendors from the requirements of subdivisions (a) and (d), as specified.  The Department has determined that it is the responsibility of the target facility to ensure that the exemption provided by subdivision (e)(3) is satisfied–including the final disposition of any ammunition sold or transferred–because the Department is not involved in these purchases or transfers. |
| 21. | Since most law enforcement agencies and other exempted customers are located at places remote to an ammunition vendor's place of business, it is impossible for them to travel to the vendor's business location to purchase ammunition in person.  This fact necessitates that ammunition be shipped to them via licensed and regulated freight carriers. | No change has been made in response to this comment.  Penal Code section 30348, subdivision (a) provides that "The sale of ammunition by a licensed vendor shall be conducted at the location specified in the license."  In addition, Penal Code 30352, subdivision (c) requires that the ammunition vendor "verify that the person who is receiving delivery of the ammunition" is a person or entity listed in subdivisions (c)(1), (c)(2), or (e).<br><br>The Department is adopting the regulation in presumption that ammunition vendors will conduct sales at the location specified in the license, and will verify that the person receiving delivery is authorized to do so, per section 4306(c).  The Department has determined that there is no further need to interpret the relevant statutes in these respects. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 22. | Will the CA DOJ be creating an avenue in CFARS for people to update their driver's license information with the information the DOJ has on file in the AFS system? We already have many customers who have changed addresses since DROS-ing a firearm, and would like to update this information so that they are approved with the Standard eligibility check. | No change has been made in response to this comment.  This comment is irrelevant, as it does not regard a change to the regulations noticed to the public pursuant to Government Code section 11346.8, subdivision (c).<br><br>The Department is currently engaged in rulemakings to allow persons to update information in the AFS system (see OAL notice file numbers Z-2018-01910-02 and Z-2018-0925-03).  These rulemakings are anticipated to be effective July 1, 2019.  This commenter is on the Department's mailing list of interested parties and has been sent copies of these regulations.<br><br>Additionally, these rulemakings are available on our public website, https://oag.ca.gov/firearms. |
| 23. | Article 7. Delivery of Ammunition & Billing, 4308 Delivery of Ammunition Following DES Submission. Section (c) By authority of Section 30352: I am no longer seeing reference to the ammunition purchase registration requirement. Has this been removed? If so: thank you. Ammunition is a disposable commodity that many of our customers purchase and then shoot at a local range before they even get home. This requirement seemed unnecessary, burdensome and costly (to maintain in a database) for CA DOJ. | No change has been made in response to this comment.  As explained in the Final Statement of Reasons, Update of the Initial Statement of Reasons, section 4308(c), the Department removed the phrase "to record the time and date the ammunition is delivered."  Instead, the Department amended the text to refer directly to the information required by Penal Code section 30352, subdivision (a). The statutory requirements are being duplicated here to provide clarity to the regulations by presenting, in this section, all of the requirements for completing a purchase or transfer conducted pursuant to sections 4302, 4303 or 4305.  Even if these statutory requirements had not been duplicated in the regulations for the purpose of clarity, their omission in these regulations would not have relieved ammunition vendors of the requirements. |
| 24. | Section B, Item 1 of the Fiscal Impact Statement projects additional expenditures of $12,844,697, but no explanation is provided as to how the shortfall will be addressed.  This is not an insignificant amount.  No answer is provided on whether the costs will be absorbed in the existing budget, or that the budget will be increased. | No change has been made in response to this comment.  As stated in the attachment to the Economic and Fiscal Impact Statement (STD. 399), "Attachment A," the Department received a $25 million General Fund loan for the initial costs of implementing the ammunition authorization program. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 25. | The logic of Attachment A, supplementing Economic Impact Statement, Section B, Question 1, is flawed with respect to the estimated business costs.  No basis is provided for the assumption that performing the eligibility check will only take two minutes. | No change has been made in response to this comment. The Standard Ammunition Eligibility Check (SAEC) and the COE verification process, which the Department estimates will comprise over 98 percent of authorization requests, are automated checks of records contained in the Department's computer systems.  The two minute estimate is based on the time it takes the ammunition vendor to enter the data and for the Department's computer system to complete the check.  The majority of the data for the SAEC and the COE verification processes are automatically collected via a magnetic strip reader, as described by Penal Code section 28180.  The date of sale and the salesperson's name will be collected automatically through the Dealers Record of Sale Entry System (DES) account. |
| 26. | State Government Costs:  The projected revenue from verification fees does not account for a likely decrease in applications induced by demand reduction or other newly incentivized [sic] market adjustments such as group buys, bulk buys, self-manufacture, or illegal importation.  It is highly probable that revenue will decline and jeopardize the loan repayment.  This analysis makes no plan for projected loan payoff time nor any contingency plans in case of default, which is irresponsible to taxpayers. | No change has been made in response to this comment.  As stated in the Economic Impact Assessment in the Initial Statement of Reasons, the Department has used the most reasonable estimates derived from extensive research into sales of ammunition.

The Department disagrees that these regulations will lead to fewer ammunition sales. As stated in the Initial Statement of Reasons, the Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility check or COE verification, and neither the $1 fee, nor the approximated 2 minute process will deter firearm enthusiasts from purchasing ammunition.  As for the Basic Ammunition Eligibility Check, the Department determined that it is most likely that firearm enthusiasts will purchase the same quantity of ammunition, but in fewer transactions. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 27. | Hunting guides, who specialize in non-resident hunters as well as organizations that run shooting competitions, including the bid for LA hosting upcoming Olympics. Since there is NO legal way for non-residents to import or acquire ammo for either legal hunting or competitive sports shooting. As well charities that auction hunting tags for big bucks, who will no longer be able to tap non-resident hunters as potential buyers. | No change has been made in response to this comment.  The Department disagrees that there is "no legal way for non-residents to import or acquire" ammunition.  Penal Code section 30314, subdivision (a) states, "a resident of this state shall not bring or transport into this state any ammunition that he or she purchased or otherwise obtained from outside of this state unless he or she first has that ammunition delivered to a licensed ammunition vendor for delivery to that resident pursuant to the procedures set forth in Section 30312."  These restrictions do not apply to non-residents. Additionally, a person from out of state may legally purchase ammunition if they qualify for the exemptions provided in Penal Code section 30312, subdivision (c), or section 30352, subdivision (e), or by the provisions of any other relevant statute.<br><br>See also the Department's response to comment #5. |
| 28. | The current Initial Statement of Reasons Addendum does not reasonably clarify the need to have two separate background checks to obtain the same information that a telephonic or electronic check of the AFS can obtain instantaneously. The AFS check will reveal if the purchaser has already successfully passed a background check for the purchase of a firearm. | No change has been made in response to this comment. The Department interprets this comment as disputing the necessity of having both the Standard Ammunition Eligibility Check and the Basic Ammunition Eligibility Check.  This comment is irrelevant, as it does not regard a change to the regulations noticed to the public pursuant to Government Code section 11346.8, subdivision (c).  The Department is adopting the regulation for the reasons stated in the Initial Statement of Reasons (inclusive of the addendum). |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 29. | There is a ten day waiting period for the delivery of a handgun yet there is no such limit for the approval of an ammunition purchase. Without this waiting period it could takes weeks and or months to approve eligibility. This would pose an unreasonable safety issue for the purchaser. | No change has been made in response to this comment.  As stated in the Initial Statement of Reasons (inclusive of the addendum), the Department estimates that a Standard Ammunition Eligibility Check and a COE Verification will be completed in approximately two minutes.  The Department estimates that over 98 percent of authorizations will be conducted using either a Standard Ammunition Eligibility check or COE verification.<br><br>The Basic Ammunition Eligibility Check will take longer to complete, because satisfying the requirements of Penal Code section 30370, subdivision (c), requires a manual review of Department records by an analyst, to determine eligibility.  Statute does not provide a maximum time for the Department to complete this review. Therefore the Department has determined that the alternative proposed, to institute a time limit on the eligibility check, would not be more effective in carrying out the purpose for which the action is proposed. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 30. | Furthermore, Section 4306 "Ammunition Purchases or Transfers for Exempted Individuals" would violate the California Constitution, Article I ("Declaration of Rights") Section 7(b), which states "A citizen or class of citizens may not be granted privileges or immunities not granted on the same terms to all citizens." By making some individuals exempted from the process, they are granted privileges or immunities not granted to all citizens. | No change has been made in response to this comment because the Department determined that this comment objects to any implementation of the underlying statute and is neither specifically directed at the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.  Penal Code section 30352, subdivision (e) provides exemptions from Department approval to purchase or transfer ammunition.  The Department has no authority to not implement the underlying statute.  Per Article 3, Section 3.5 of the Constitution of California: An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power: (a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional; (b) To declare a statute unconstitutional; (c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations. |

| # | Summarized Comment | DOJ Response |
|---|---|---|
| 31. | Can we run a Standard Ammunition eligibility check on a customer *before* we assist them in gathering ammunition for purchase, and then once a customer has been approved, we then take them to the register to complete their transaction, and log back into the DES system to register their purchase? Or will we have to run the check in DES at the same time of purchase? If the latter, this will cause a considerable burden on our employees, having to re-stock ammunition if a customer is denied during the Standard eligibility check. | No change has been made in response to this comment.  This comment is irrelevant, as it does not regard a change to the regulations noticed to the public pursuant to Government Code section 11346.8, subdivision (c).<br><br>Penal Code section 30370, subdivision (a) provides that Departmental approval "shall occur ... prior to the purchaser or transferee taking possession of the ammunition."  Penal Code section 30352, subdivision (c) requires ammunition vendors, "prior to delivering any ammunition" to verify that the person receiving delivery is a person authorized to do so, including authorization pursuant to a Standard Ammunition Eligibility Check.  The Department has determined that no further interpretation of these provisions are necessary to implement the ammunition authorization program.<br><br>There is nothing in these proposed regulations that would prohibit a purchaser or transferee from requesting, through an ammunition vendor, a Standard Ammunition Eligibility Check be conducted *before* the ammunition vendor assists the purchaser or transferee in the manner indicated by the commenter.   As stated in the Initial Statement of Reasons, Economic Impact Assessment, "An ammunition vendor can initiate a Standard Ammunition Eligibility Check, and even when the Department is processing the transaction, the ammunition vendor can still initiate additional ammunition transactions while ammunition purchasers continue to shop and likely purchase other items." |
| 32. | Article 5. Exempted Individuals. Section (b). How long will an ammunition vendor be required to maintain copies of documents for exempted individuals? 2 years? 5 years? 7 years? Can an ammunition vendor mail copies of these documents to CA DOJ every 30 days to remove the burden of maintaining these documents? | No change has been made in response to this comment because the Department determined that this comment is neither an objection nor a recommendation regarding the Department's proposed action nor to the procedures followed by the Department in proposing or adopting the action.<br><br>Pursuant to Penal Code section 30355, records are required to be maintained on the premises of the vendor for a period of not less than five years from the date of the transfer of ammunition. |

# ALPHABETICAL LIST OF COMMENTERS
## (Attachment D)

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Andersen | Jeff | Irrelevant to 15-day comment | jjjeffandersen@icloud.com | e-mail |
| Anderson | Bill | Irrelevant to 15-day comment | bill.anderson@jetairtech.com | e-mail |
| Anderson | Jon | Irrelevant to 15-day comment | hoochiecoochieman21@yahoo.com | e-mail |
| Arevalo | Michael | Irrelevant to 15-day comment | megaman010391@gmail.com | e-mail |
| Arjil | Anthony | 28, 29 | tdogsc@gmail.com | e-mail |
| Barreto | Daniel | Irrelevant to 15-day comment | daniel_ppdc@icloud.com | e-mail |
| Barron | Andrew | Irrelevant to 15-day comment | andrewbarron86@icloud.com | e-mail |
| Becker | David | Irrelevant to 15-day comment | senseidavidbecker@gmail.com | e-mail |
| Becker | Grand Master | Irrelevant to 15-day comment | 23234 Raymond St. Chatsworth, CA 91311 | U.S. Mail |
| Bedore | Paul | Irrelevant to 15-day comment | pdbedore@yahoo.com | e-mail |
| Betts | Jeff | Irrelevant to 15-day comment | jbetts1@cox.net | e-mail |
| Beyer | Kevin | Irrelevant to 15-day comment | kevin.beyer@jetairtech.com | e-mail |
| Campos | Jaime | Irrelevant to 15-day comment | campos1104@yahoo.com | e-mail |
| Caprio | Don | Irrelevant to 15-day comment | caprio@uxpro.com | e-mail |
| Carlsen | John | 30 | john.r.carlsen@email.com | e-mail |
| Chiu | Kyle | Irrelevant to 15-day comment | rag3r0@gmail.com | e-mail |
| Clarke | Joe | Irrelevant to 15-day comment | blackoutelectric760@gmail.com | e-mail |
| Coleman | Brian J. | Irrelevant to 15-day comment | brianjoecoleman@gmail.com | e-mail |
| Cooperider | Tracey | Irrelevant to 15-day comment | coop4883@yahoo.com | e-mail |
| Copenhaver | Adam (x 2) | 2 | acopenhaver@surefire.com | e-mail |
| Cordisco | Mike | Irrelevant to 15-day comment | mike@ccwshooters.com | e-mail |
| Cottrell | William | Irrelevant to 15-day comment | wrcottrell@yahoo.com | e-mail |
| Creel | Brandon x 2 | 10, 24, 25 | brandon.creel@ianative.net | e-mail |
| Cubiero | Matthew D. (x 3) | 5, 6, 7, 8, 9, 10, 11, 12, 13 | lpalmerin@michellawyers.com | e-mail/fax |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Damiano | Michael | Irrelevant to 15-day comment | damiano2009@att.net | e-mail |
| D'Apolito | A. | Irrelevant to 15-day comment | amatodap01@gmail.com | e-mail |
| Davis | Chris x 2 | Irrelevant to 15-day comment | davischris8020@gmail.com | e-mail |
| Daw | Claudia | Irrelevant to 15-day comment | cldaw@comcast.net | e-mail |
| Eiruch | Peter | Irrelevant to 15-day comment | hey-peter@hotmail.com | e-mail |
| Elliott | Tom | Irrelevant to 15-day comment | tome1995@gmail.com | e-mail |
| Evans | Christian | Irrelevant to 15-day comment | christian.evans127@gmail.com | e-mail |
| Farina | Greg | Irrelevant to 15-day comment | gregfarina@gmail.com | U.S. Mail |
| Fauria | Beau | Irrelevant to 15-day comment | maranathajoy@sbcglobal.net | e-mail |
| Findlay | Michael (x 2) | 14, 15, 16, 17, 18, 19, 20 | mfindlay@nssf.org | e-mail |
| Fox | Anthony | Irrelevant to 15-day comment | foxa1@comcast.net | e-mail |
| Freddi | Michael | Irrelevant to 15-day comment | mfreddi@charter.net | e-mail |
| Frias | Eric | Irrelevant to 15-day comment | ericshel37@gmail.com | e-mail |
| Friedman | Mark | Irrelevant to 15-day comment | 8030 Mackey Court, Rohnert Park, CA 94928 | U.S. Mail |
| Garoutte | Michale | Irrelevant to 15-day comment | stckyfngrs7651@gmail.com | e-mail |
| Geddes | Carl | Irrelevant to 15-day comment | 5023 Camino Playa Malaga San Diego, CA 92124-4117 | U.S. Mail |
| Goeglein | Patrick | Irrelevant to 15-day comment | patgoeglein@yahoo.com | e-mail |
| Goesch | Connie | Irrelevant to 15-day comment | mixergirl287@gmail.com | e-mail |
| Gommel | Linda | Irrelevant to 15-day comment | lvstorelg@lucernevalleymarket.com | e-mail |
| Gutierrez | Tyler | Irrelevant to 15-day comment | tyler.guiterrez@yahoo.com | e-mail |
| Hamm | Chuck | Irrelevant to 15-day comment | chuckhamm@gmail.com | e-mail |
| Hardy | Carleton | Irrelevant to 15-day comment | chardy6601@aol.com | e-mail |
| Haugan | Dennis F. | Irrelevant to 15-day comment | madhaugan@aol.com | e-mail |
| Healy | Jeff | Irrelevant to 15-day comment | jeffhealy87@gmail.com | e-mail |

295

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|---------------------------|-----------------|
| Hernandez | Miguel | Irrelevant to 15-day comment | 1badram408@gmail.com | e-mail |
| Hiebert | Andy | Irrelevant to 15-day comment | akhiebert@outlook.com | e-mail |
| Hightower | Charles | Irrelevant to 15-day comment | chh123@aol.com | e-mail |
| Hogan | Donald | Irrelevant to 15-day comment | miyadsys@aol.com | e-mail |
| Hogan | Joshua | Irrelevant to 15-day comment | joshhogan69@gmail.com | e-mail |
| Horacek, Sr. | Pete | Irrelevant to 15-day comment | phoracek@esri.com | e-mail |
| Horger | Michael | Irrelevant to 15-day comment | ratfink540@gmail.com | e-mail |
| Howard | Lance | Irrelevant to 15-day comment | lance162527@gmail.com | e-mail |
| Jacks | Brian | Irrelevant to 15-day comment | brijacks20@gmail.com | e-mail |
| Jackson | Jack | Irrelevant to 15-day comment | jackjackson74@comcast.net | e-mail |
| Johnson | John | Irrelevant to 15-day comment | johnsonjc216@gmail.com | e-mail |
| Kalter | Eric | Irrelevant to 15-day comment | 15302 Central Ave. Chino, CA 91710 | U.S. Mail |
| Kash | Daniel | Irrelevant to 15-day comment | laxrange@yahoo.com | e-mail |
| Kim | Jason | Irrelevant to 15-day comment | ameri1216@gmail.com | e-mail |
| Kirsch | Steven | Irrelevant to 15-day comment | stevenkirsch@hotmail.com | e-mail |
| Kopp | John | Irrelevant to 15-day comment | koppj@comcast.net | e-mail |
| Kronberger | Walter | Irrelevant to 15-day comment | wkronberger@icloud.com | e-mail |
| Kroychik | Vitaliy | Irrelevant to 15-day comment | vitalykroy@gmail.com | e-mail |
| Lembright | Bill | Irrelevant to 15-day comment | billlembright@gmail.com | e-mail |
| Lopez | Tony | Irrelevant to 15-day comment | awd_92laser@yahoo.com | e-mail |
| Lynch | Kathy | 4, 21 | lynch@lynchlobby.com | e-mail |
| M. | Adam | Irrelevant to 15-day comment | adamjm22597@gmail.com | e-mail |
| MacDonald | Debbie | Irrelevant to 15-day comment | dmac71908@gmail.com | e-mail |
| Maldonado | Phil | Irrelevant to 15-day comment | philmaldonado@verizon.net | e-mail |

296

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|----------------------------|-----------------|
| Mayeda | Willis | Irrelevant to 15-day comment | willteach4food1015@yahoo.com | e-mail |
| McCarthy | Gerald | 2 | g_mccarthy@icloud.com | e-mail |
| McGinnis | Brian | Irrelevant to 15-day comment | rifleman1954@icould.com | e-mail |
| McNab | Christy (x 2) | 2, 5, 22, 23, 31, 32 | christy.n.d@gmail.com | e-mail |
| Mendoza | Edgar | Irrelevant to 15-day comment | mendozaedgar7878@gmail.com | e-mail |
| Miles | Paul | Irrelevant to 15-day comment | pampaulmiles@yahoo.com | e-mail |
| Moore | Christopher | 26 | c.stephen.moore@gmail.com | e-mail |
| Morgan | Mike | Irrelevant to 15-day comment | qigate@gmail.com | e-mail |
| Mullaly | Richard D. | Irrelevant to 15-day comment | rdmhoghead@wavecable.com | e-mail |
| Munguia | Roger | Irrelevant to 15-day comment | roggy209@yahoo.com | e-mail |
| Nagai | Dan | Irrelevant to 15-day comment | randalino@gmail.com | e-mail |
| Newman | Craig | Irrelevant to 15-day comment | wytlion64@hotmail.com | e-mail |
| O'Neil | Bee | Irrelevant to 15-day comment | beeoneil@outlook.com | e-mail |
| Overmyer | Carl (x 2) | 27 | carlovermyer@earthlink.net | e-mail |
| P. | Kevin | Irrelevant to 15-day comment | solanobayarea707@aol.com | e-mail |
| Pappas | Steven | Irrelevant to 15-day comment | omegaburgers@gmail.com | e-mail |
| Parth | Frank | Irrelevant to 15-day comment | frank@fparth.com | e-mail |
| Pelky | Lance | Irrelevant to 15-day comment | lancepelky@gmail.com | e-mail |
| Peterson | J. | Irrelevant to 15-day comment | reba@citlink.net | e-mail |
| Petrach | Charles | Irrelevant to 15-day comment | charlespetrach@ymail.com | e-mail |
| Powell | Russell | Irrelevant to 15-day comment | rgpowell123@comcast.net | e-mail |
| Ramirez | A.J. | Irrelevant to 15-day comment | ajramirez1989@gmail.com | e-mail |
| Ramirez | Nick | Irrelevant to 15-day comment | ramireznc4756@gmail.com | e-mail |
| Rife | Neil | Irrelevant to 15-day comment | zephuray@msn.com | e-mail |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|---|---|---|---|---|
| Rizor | Carl W. | Irrelevant to 15-day comment | paladin.m.10970@gmail.com | e-mail |
| Robbins | William L. | Irrelevant to 15-day comment | billrla@icould.com | e-mail |
| Roberts | Shane | Irrelevant to 15-day comment | morrobayparrot@yahoo.com | e-mail |
| Roberts | Travis | 2 | tr700@me.com | e-mail |
| Robinson | William | Irrelevant to 15-day comment | wnrobinsoniv@gmail.com | e-mail |
| Rodriguez | William | Irrelevant to 15-day comment | rodriguezwill32@gmail.com | e-mail |
| Ross | Eric | Irrelevant to 15-day comment | ericrossmotorsports@gmail.com | e-mail |
| Rudd | Zachary | Irrelevant to 15-day comment | elradiuzi@gmail.com | e-mail |
| Sanders | Brad | Irrelevant to 15-day comment | bsanders8181@yahoo.com | e-mail |
| Sandoval | Luis | Irrelevant to 15-day comment | lujojoja@att.net | e-mail |
| Schuller | Dan | Irrelevant to 15-day comment | DanSchuller@hotmail.com | e-mail |
| Schultz | Larry | Irrelevant to 15-day comment | larry@macedge.net | e-mail |
| Scott | Eron | 2 | eronscott@hotmail.com | e-mail |
| Smith | Cameron | Irrelevant to 15-day comment | cbsmith1138@gmail.com | e-mail |
| Stetz | George | Irrelevant to 15-day comment | plsgas@sbcglobal.net | e-mail |
| Steward | Michael L. | Irrelevant to 15-day comment | 1126 Brighton Way, Lodi, CA 95242 | U.S. Mail |
| Stewart | Jay | Irrelevant to 15-day comment | jay@stewartconstructionandrepair.com | e-mail |
| Strangla | Jookey | Irrelevant to 15-day comment | jamflava9000@yahoo.com | e-mail |
| Szemeredi | Robert | Irrelevant to 15-day comment | szemrob@ucsc.edu | e-mail |
| Talley | Michael | Irrelevant to 15-day comment | michael.takebackthe2nd@gmail.com | e-mail |
| Terminel, Jr. | Augustine | Irrelevant to 15-day comment | bigbirdstretch@aol.com | e-mail |
| Trumpy | David | Irrelevant to 15-day comment | davidtrumpy@gmail.com | e-mail |
| Unknown | Norman | Irrelevant to 15-day comment | green785@prontomail.com | e-mail |
| Unknown | Robert | 3 | 64trooper@prontomail.com | e-mail |

| Last Name | First Name | Comments | Contact (email or address) | Delivery Method |
|-----------|-----------|----------|---------------------------|-----------------|
| Unknown | Shawn | Irrelevant to 15-day comment | shawn438@gmail.com | e-mail |
| Unknown | Unknown | Irrelevant to 15-day comment | diondjg13@gmail.com | e-mail |
| Unknown | Unknown | Irrelevant to 15-day comment | omilord52@yahoo.com | e-mail |
| Upham | Daniel K. (2) | 1 | dkuppy1@gmail.com | Fax |
| Upult | Gerald | 21 | ghuspc@aol.com | e-mail |
| Van Norman | Brian W. | Irrelevant to 15-day comment | bwv76@hotmail.com | e-mail |
| Vasquez | John | Irrelevant to 15-day comment | liljvasquez@gmail.com | e-mail |
| Victor | Dennis | Irrelevant to 15-day comment | dennisvictor42@gmail.com | e-mail |
| Walker | Brooks | Irrelevant to 15-day comment | bwalker@thacher.org | e-mail |
| Wallace | Joye | Irrelevant to 15-day comment | joyewallace1@gmail.com | e-mail |
| West | Joshua | Irrelevant to 15-day comment | sick5oh@yahoo.com | e-mail |
| White | Andy x 4 | Irrelevant to 15-day comment | wssi1212@att.net | e-mail |
| White | Le | Irrelevant to 15-day comment | lewhite65@yahoo.com | e-mail |
| Wilhelm | Dan | Irrelevant to 15-day comment | dan@computerconsult.com | e-mail |
| Williams | Trey | Irrelevant to 15-day comment | pancri69@juno.com | e-mail |
| Willson | David E. | Irrelevant to 15-day comment | veeger@snowcrest.net | e-mail |
| Wolverton | Norman | Irrelevant to 15-day comment | drwolv@gmail.com | e-mail |
| Yang | Daniel | Irrelevant to 15-day comment | dyang@ucsd.edu | e-mail |
| Zygmont | Justin | Irrelevant to 15-day comment | solarflow99@gmail.com | e-mail |

# EXHIBIT 13

# California Code of Regulations
## Title 11, Division 5

## Chapter 11. Ammunition Purchases or Transfers

## **Article 1. General**

### **§ 4300. Title and Scope.**

This chapter shall be known as the "Department of Justice Regulations for Ammunition Purchases or Transfers," and may be cited as such and referred to herein as "these regulations." The provisions of these regulations shall provide the directives for an individual to purchase or transfer ammunition into an individual's possession on or after July 1, 2019.

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 30305, 30312, 30314, 30352 and 30370, Penal Code.

### **§ 4301. Definition of Key Terms.**

(a)       "AFS" means the Department's Automated Firearms System.

(b) "Ammunition vendor" means a person or entity having a valid license to sell ammunition, issued pursuant to Penal Code section 30385.

(c)        "ATN" means Ammunition Transaction Number issued by the Department.

(d)       "Automated Firearms System" is the name of a repository of firearm records maintained by the Department, as established by Penal Code section 11106.

(e)       "Basic Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivision (c). The Department shall conduct a Basic Ammunition Eligibility Check to authorize a California resident for a single ammunition transaction or purchase.

(f)       "Certificate of Eligibility" or "COE" means a certificate issued pursuant to Penal Code section 26710, which states that the Department has checked its records and determined that the applicant was not prohibited from acquiring or possessing firearms at the time the check was performed.

(g)       "CFARS" means the Department's California Firearms Application Reporting System. An individual can access the CFARS website at the following web address: https://cfars.doj.ca.gov/login.do.

(h)       "Department" means the California Department of Justice.

(i)      "Dealer Record of Sale Entry System" or "DES" means the Department's website that an ammunition vendor will use to submit an ammunition purchaser's or transferee's information to the Department before the Department can approve an ammunition purchase or transfer. An ammunition vendor can access the DES website at the following web address: https://des.doj.ca.gov/login.do.

(j)      "Firearms dealer" means a person having a valid license to sell firearms issued pursuant to Penal Code section 26700.

(k)      "Firearms eligibility check" means a state and federal background check, conducted pursuant to Penal Code section 28220, that is used to determine an individual's eligibility to possess, receive, own, or purchase a firearm.

(l)      "Head of the agency" means the chief of police or the director of public safety for a police department, the sheriff for a county sheriff's office, the head of an agency or their designee for a state law enforcement agency, and the manager in charge of any local field office for a federal law enforcement agency.

(m)      "Prohibited Armed Persons File" means the database established by Penal Code section 30000.

(n)      "Purchaser or transferee" means an individual purchasing or transferring ammunition.

(o)      "Standard Ammunition Eligibility Check" means the Department's ammunition eligibility check as prescribed by Penal Code section 30370, subdivision (b).

(p)      "Sworn federal law enforcement officer's credential" means identification indicating an individual is a sworn federal law enforcement officer.

(q)      "Sworn state or local peace officer's credential" means identification indicating an individual is a sworn state or local peace officer pursuant to Part 2, Chapter 4.5, of the Penal Code (commencing with section 830).

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 11106, 16150, 16151, 26710, 30352, 30370 and 30385, Penal Code.


# Article 2. Ammunition Eligibility Checks: Standard and Basic

### § 4302.  Standard Ammunition Eligibility Check (AFS Match).

(a)      A purchaser or transferee is authorized to purchase ammunition if their information matches an entry in the Automated Firearm System and does not match an entry in the Prohibited Armed Persons File.

(1)     A purchaser or transferee may request, through an ammunition vendor, that the Department conduct a Standard Ammunition Eligibility Check to determine if the ammunition purchaser or transferee qualifies for this authorization.

(b)     As authorized by Penal Code section 30370, subdivision (e), the fee for a Standard Ammunition Eligibility Check is $1.00.

(c)     The ammunition vendor shall collect the purchaser's or transferee's name, date of birth, current address, and driver's license or other government identification number in the manner described in Penal Code section 28180, and telephone number, and enter this information into the DES website.

(d)     Upon the Department's completion of the Standard Ammunition Eligibility Check, the Department shall update the purchaser's or transferee's DES record to instruct the ammunition vendor to approve or reject the purchase or transfer.

(e)     If the purchase or transfer is rejected, the ammunition vendor shall provide the purchaser or transferee with an ATN that can be used to obtain the reason for the rejection through the Department's CFARS website.

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 28180, 30352 and 30370, Penal Code.


### § 4303.  Basic Ammunition Eligibility Check (Single Transaction or Purchase).

(a)     A purchaser or transferee is authorized to purchase ammunition if they are not prohibited from purchasing or possessing ammunition, subsequent to affirmation by the Department.

(1)     A purchaser or transferee may request, through an ammunition vendor, that the Department conduct a Basic Ammunition Eligibility Check to determine if the purchaser or transferee qualifies for this authorization.

(2)     A purchaser or transferee may instead seek authorization by following the procedure set forth by section 4302, 4304, 4305, or 4306, as applicable.

(b)     As authorized by Penal Code section 30370, subdivision (c), the fee for a Basic Ammunition Eligibility Check is $19.00.

(c)     The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, gender, hair color, eye color, height, weight, and driver's license or other government identification number in the manner described in Penal Code section 28180, and telephone number, United States citizenship status, federal Alien Registration Number or  I-94 (if applicable), place of birth, alias name(s), and race, and enter this information into the DES website.

(d)     The ammunition vendor will provide the purchaser or transferee an ATN to monitor the status of the Basic Ammunition Eligibility Check through the Department's CFARS website.

(1)     An approved Basic Ammunition Eligibility Check can only be used for one ammunition purchase or transfer, and the approval expires 30 calendar days from when it is issued.

(2)     If the Basic Ammunition Eligibility Check is denied, the Department shall notify the purchaser or transferee of the reason for the denial via U.S. Mail.

(e)     Upon the Department's completion of a Basic Ammunition Eligibility Check, the Department shall update the purchaser's or transferee's DES record.

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 28180, 30352 and 30370, Penal Code; and Section 922, Title 18, United States Code.


## Article 3. Purchasing of a Firearm and Ammunition in a Single Transaction

### § 4304. Firearms Eligibility Check.

(a)     When an individual is purchasing or transferring a firearm and ammunition in the same transaction, the Department shall complete a firearms eligibility check before the purchaser or transferee can take possession of the firearm or ammunition.

(b)     Except as provided in subdivision (c), a purchaser or transferee of a firearm and ammunition in the same transaction shall only pay the fee for the firearms eligibility check as prescribed in section 4001 of this title.

(c)     If the purchaser or transferee wants to take possession of the ammunition before the Department completes the firearms eligibility check, the purchaser or transferee shall conduct a separate transaction following the procedure set forth by section 4302, 4303, 4305, or 4306, as appropriate, and pay any associated fee prior to taking possession of the ammunition.

Note:   Authority cited: Section 30352, Penal Code. Reference: Sections 28220, 30352 and 30370, Penal Code.

## Article 4. COE Verification Process

### § 4305. COE Verification Process.

(a)      A purchaser or transferee is authorized to purchase ammunition if they hold a current Certificate of Eligibility, subsequent to verification by the Department.

(1)      A purchaser or transferee may request, through an ammunition vendor, that the Department conduct a COE Verification to determine if the purchaser or transferee qualifies for this authorization.

(b)      As authorized by Penal Code section 30370, subdivision (e), the fee for COE Verification is $1.00.

(c)      The ammunition vendor shall collect the ammunition purchaser's or transferee's name, date of birth, current address, and driver's license or other government identification number in the manner described in Penal Code section 28180, telephone number, and COE number, and enter the information into the DES website.

(d)      Upon the Department's completion of the COE Verification, the Department shall update the purchaser's or transferee's DES record to instruct the ammunition vendor to approve or reject the ammunition purchase or transfer.

Note:   Authority cited: Sections 30352 and 30370, Penal Code.  Reference: Sections 26710, 28180 and 30370, Penal Code.

## Article 5. Ammunition Purchases or Transfers; Exempted Individuals

### § 4306. Ammunition Purchases or Transfers for Exempted Individuals.

(a)      The following types of identification will properly identify an individual who is exempt pursuant to Penal Code section 30352, subdivision (e), from Department approval to purchase or transfer ammunition.

(1)      An ammunition vendor shall present a valid Ammunition Vendor License issued pursuant to Penal Code section 30385.

(2)      A person who is on the centralized list of exempted federal firearms licensees maintained by the Department shall present a Department-issued Listing Acknowledgement Letter indicating that the individual is currently on the centralized list of exempted federal firearms licensees.

(3)      A gunsmith shall present a valid Type 01 Federal Firearms License.

(4)      A wholesaler shall present a valid Type 01 Federal Firearms License.

(5)      A manufacturer of firearms shall present a valid Type 07 Federal Firearms License.

(6)      An importer of firearms or ammunition shall present a valid Type 08 Federal Firearms License.

(7)      A manufacturer of ammunition shall present a valid Type 06 Federal Firearms License.

(8)      An authorized law enforcement representative of a city, county, city and county, or state or federal government shall present written authorization from the head of the agency authorizing the ammunition purchase or transfer, as described by Penal Code section 30352, subdivision (e)(7).

(9)      A properly identified sworn peace officer, as defined in Chapter 4.5 of Title 3 of Part 2 of the Penal Code, who is authorized to carry a firearm in the course and scope of the officer's duties, shall present both:

        (A)      A sworn state or local peace officer's credential, and

        (B)      Verifiable written certification from the head of the agency, as described by Penal Code section 30352, subdivision (e)(8)(B)(i).  The verifiable written certification from the head of the agency expires 30 days after issuance.

(10)    A properly identified sworn federal law enforcement officer, who is authorized to carry a firearm in the course and scope of the officer's duties, shall present both:

        (A)      A sworn federal law enforcement officer's credential, and

        (B)      Verifiable written certification from the head of the agency, as described by Penal Code section 30352, subdivision (e)(8)(B)(i). The verifiable written certification from the head of the agency expires 30 days after issuance.

(b)      For persons identified pursuant to subdivisions (a)(9) and (10) of this section, the ammunition vendor shall keep a photocopy of the front and back of the credential and the identification document provided pursuant to subdivision (c) of this section, along with the original verifiable written certification from the head of the agency.  The ammunition vendor shall make a copy of these records available to the Department upon request.

        (1)      If the law enforcement agency does not allow photocopies to be made of the credential, the ammunition vendor shall retain a business card from the sworn law enforcement officer after personally viewing the credential.

(c)      At the time of delivery, the ammunition vendor COE holder, authorized associate, or salesperson shall require the purchaser or transferee to provide an identification document that

meets the requirements of Penal Code section 16300, to verify that the person who is receiving delivery of the ammunition is the person exempted pursuant to Penal Code section 30352, subdivision (e).

(d)     Once the ammunition vendor has verified that the individual is exempt from Department approval to purchase or transfer ammunition, the ammunition vendor may process an ammunition purchase or transfer without Department approval.

Note:   Authority cited: Section 30352, Penal Code. Reference: Section 30352, Penal Code.


## Article 6. Telephonic Access for Ammunition Vendors

### § 4307. Telephonic Access for Ammunition Vendors.

(a)     Ammunition vendors without access to an Internet connection due to their telephone service provider's, or other Internet service providers' inability to provide access to an Internet connection at their place of business may acquire telephonic access to the Department, for the Department to manually determine if a purchaser or transferee is eligible to own or possess ammunition. Ammunition vendors seeking telephonic access to the Department shall complete an Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018), which is hereby incorporated by reference. Telephonic access to the Department will be available during the Department's Customer Support Center business hours.

(b)     Ammunition vendors shall acquire documentation from their telephone/Internet service provider stating that the service provider does not offer Internet service at the ammunition vendor's place of business.

(c)     After the ammunition vendor has completed the application for telephonic access, the ammunition vendor shall mail the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018), and the documentation in subdivision (b) of this section to the Department at the following address:

Department of Justice<br>
Bureau of Firearms<br>
P.O. Box 160487<br>
Sacramento, California 95816

(d)     The Department shall notify the ammunition vendor via U.S. Mail of the Department's determination to approve or deny the Ammunition Vendor (Non-Firearms Dealer) Application for Telephonic Approval, Form BOF 1020 (Orig. 05/2018).

Note:   Authority cited: Section 30370, Penal Code. Reference: Section 30370, Penal Code.

# Article 7. Delivery of Ammunition and Billing

### § 4308. Delivery of Ammunition Following DES Submission.

(a)      If the Department approves an ammunition purchase or transfer as described by sections 4302, 4303 or 4305 of these regulations, the DES transaction record will change from "Pending" to "Approved."

(b)      Ammunition may be delivered to the purchaser or transferee only if the status of the DES transaction record is "Approved."

(c)      At the time of delivery, the ammunition vendor COE holder, authorized associate, or salesperson shall do the following:

      (1)      Require the purchaser or transferee to provide an identification document that meets the requirements of Penal Code section 16300, to verify that the person who is receiving delivery of the ammunition is the person authorized to purchase ammunition.

      (2)      Access the approved DES ammunition transaction by the name of the purchaser or transferee, and submit the ammunition sale information required by Penal Code section 30352, subdivision (a).

Note:   Authority cited: Sections 30352 and 30370, Penal Code. Reference: Sections 30352 and 30370, Penal Code.


### § 4309. Billing, Payment, and Suspension for Non-Payment.

(a)      Monthly billing statements for the previous month's ammunition eligibility check and COE verification activity will be delivered electronically via DES to the ammunition vendor's account on the first day of each month.

(b)      Payment shall be made using a major credit card or debit card.  The balance due as indicated on the monthly billing statement shall be paid in full within 30 days of the billing statement date.

(c)      If payment for the previous month's ammunition eligibility check and COE verification activity is not made within 30 days, the ammunition vendor's access (including all COE holders and employees) to DES will be suspended until full payment for the past due amount is received.

(d)      While suspended, an ammunition vendor will be unable to process or conduct an ammunition purchase or transfer but will maintain their status as a licensed ammunition vendor.

Note:   Authority cited: Section 30370, Penal Code. Reference: Sections 30370, 30385, 30390 and 30395, Penal Code.

# EXHIBIT 14

# State of California
# Office of Administrative Law

In re:
**Department of Justice**

**Regulatory Action:**

**Title 11, California Code of Regulations**

Adopt sections:   4300, 4301, 4302, 4303,
4304, 4305, 4306, 4307,
4308, 4309

**NOTICE OF APPROVAL OF REGULATORY ACTION**

**Government Code Section 11349.3**

**OAL Matter Number:  2019-0517-07**

**OAL Matter Type: Regular (S)**

---

This action establishes regulations governing the sale or transfer of ammunition in California.

OAL approves this regulatory action pursuant to section 11349.3 of the Government Code.  This regulatory action becomes effective on June 24, 2019, pursuant to section 11343.4(b)(3) of the Government Code.

Date:    June 24, 2019

Eric Partington
Senior Attorney

For:    Holly Pearson
Acting Director

Original:  Xavier Becerra, Attorney
General
Copy:    Kelan Lowney

310

# EXHIBIT 15

# Notice of Proposed Emergency Action

June 10, 2019

Pursuant to the requirements of Government Code section 11346.1, subdivision (a)(1), the Department of Justice (Department) is providing notice of proposed emergency adoption of regulations regarding Identification Requirements for Firearms and Ammunition Eligibility Checks.

## **Submission of Comments**

Government Code section 11346.1, subdivision (a)(2) requires that, at least five working days prior to submission of the proposed emergency action to the Office of Administrative Law (OAL), the adopting agency provide a notice of the proposed emergency action to every person who has filed a request for notice of regulatory action with the agency.

The text of the proposed emergency regulations and the "Finding of Emergency" are posted on the Department's website at https://oag.ca.gov/firearms/regs.

The Department plans to file the emergency rulemaking package with OAL at least five working days from the date at the top of this notice.  After submission of the proposed emergency to the OAL, the OAL shall allow interested persons five calendar days to submit comments on the proposed emergency regulations as set forth in Government Code section 11349.6.

If you would like to comment on the proposed emergency regulation amendments or the Finding of Emergency, your comments must conform to the following:

- In writing only;
- Contain a notation that  the comment is for OAL consideration in connection with proposed emergency regulations;
- Identify the topic of the emergency regulation, Identification Requirements for Firearms and Ammunition Eligibility Checks; and,
- Received by both the Department and the OAL within five days of the Department's filing with OAL.

Responding to comments is strictly at the Department's discretion.

Send comments simultaneously to:

Department of Justice                                   Office of Administrative Law
Bureau of Firearms                                      300 Capitol Mall, Suite 1250
Attn: Jacqueline Dosch                                  Sacramento, CA 95814
P.O. Box 160487
Sacramento, CA 95816

Or  Emergencyregs@doj.ca.gov

312

# EXHIBIT 16

# Finding of Emergency

The Department of Justice (Department) finds that an emergency exists, and that the immediate adoption of Chapter 4, of Division 5, of Title 11 is necessary to avoid serious harm to the public peace, health, safety, or general welfare, within the meaning of Government Code section 11346.1.

Government Code section 11346.1, subdivision (a)(2), requires that at least five working days prior to submission of the proposed emergency action to the Office of Administrative Law, the Department provide a notice of this proposed action to every person who has filed a request for notice of regulatory action with the agency. The Department will also post the proposed emergency regulation amendments on its website and simultaneously disseminate notice of the proposed emergency action to all persons who have filed a request for notice.

After submission of the proposed emergency regulation amendments to the Office of Administrative Law, the Office of Administrative Law shall allow interested persons five calendar days to submit comments on the proposed emergency regulation as set forth in Government Code section 11349.6. To determine the Office of Administrative Law's five-day comment period, interested persons are instructed to visit http://www.oal.ca.gov/.

## Subject Matter of Proposed Regulation Amendments

Identification Requirements for Firearms and Ammunition Purchases and Eligibility Checks.

## Regulation to Be Adopted

Title 11, section 4045.1.

## Specific Facts Demonstrating the Need for Immediate Action

The Department is statutorily required to perform an eligibility check under state and federal law for all firearms purchases in California. The Department is also statutorily required to perform an eligibility check to determine eligibility to possess a firearm or ammunition under state and federal law in numerous other contexts. Eligibility checks are also required for certificates of eligibility, firearm ownership reports, law enforcement gun release applications, dangerous weapons license/permit applications, entertainment firearms permit applications, as well as for peace officer applicants, custodial officers, transportation officers, applicants to a basic course of training certified by the Commission on Peace Officer Standards and Training that includes the carrying and use of firearms, applicants for an explosives permit, and applicants for a permit to carry a concealed weapon. Eligibility checks are required for ammunition sales (as of July 1, 2019). Federal law prohibits certain categories of non-citizens from purchasing or possessing a firearm or ammunition, including any alien who is "illegally or unlawfully in the United States." (18 U.S.C. § 922 (d)(5)(A), (g)(5)(A).)

California law requires a prospective firearms purchaser to present "clear evidence of [the purchaser's] identity and age." (Pen. Code, §§ 26815, subd. (c), 27540, subd. (c), 28215, subd. (a)(1).) A valid California driver license or identification card satisfies this requirement. (*Id.*,

§ 16400.)  California law also requires a prospective ammunitions purchaser to provide a driver license or identification card.  (Pen. Code, § 30352, subd. (a)(2).)  Before recent changes in the law, an applicant for a California driver license or identification card had to show to the Department of Motor Vehicles proof of lawful presence in the United States during the application process.  (Cal. Code Regs., tit. 13, § 15.00.)

In 2013, California passed Assembly Bill (AB) 60, the Safe and Responsible Driver's Act, creating a driver license program for individuals who could not provide proof of lawful presence in the United States.  (Stats. 2013, Ch. 524.)  AB 60 became effective in 2015 and allows individuals to apply for a driver license or identification card in California regardless of their immigration status and without providing proof of lawful presence in the United States.  AB 60 driver licenses and identification cards were distinguishable from regular California driver licenses and identification cards, by the notation "FEDERAL LIMITS APPLY" imprinted on the front.  After the AB 60 licenses and identification cards became available, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) issued guidance to firearm dealers stating that because the AB 60 driver license or identification card "is only issued to a person who cannot provide proof of lawful presence in the United States," there is "reasonable cause to believe a potential transferee in possession of an AB [60] driver license is illegally or unlawfully in the United States and prohibited from receiving or possessing firearms or ammunition.  As such, you may not transfer firearms or ammunition to the person. . . ."  ("Open Letter to All California Federal Firearm Licensees," June 30, 2016.)

At the beginning of 2018, California began issuing driver licenses and identification cards in accordance with the federal REAL ID Act.  Passed by Congress in 2005, the REAL ID Act enacted the 9/11 Commission's recommendation that federal government set standards for the issuance of sources of identification.  Obtaining a REAL ID version of a driver license or identification card is optional.  However, after October 1, 2020, California residents will need to have a REAL ID-compliant driver license or identification card (or another REAL ID-compliant identification, such as a passport), rather than a regular California driver license or identification card, to board a domestic flight or enter secure federal facilities.  In 2018, the Department of Motor Vehicles began offering two types of identification—a federal compliant REAL ID driver license/identification card, and a federal non-compliant California driver license/identification card.  The federal non-compliant California driver licenses and identification cards with the words "FEDERAL LIMITS APPLY" on the front are issued to both: (1) individuals applying under AB 60; and (2) individuals who are able to submit satisfactory proof that their presence in the United States is authorized under federal law, but choose not to apply for a "REAL ID" driver license or identification card.  The AB 60 driver license/identification card is no longer distinguishable from a regular California driver license/identification card.  It is thus unclear whether a person with a federal non-compliant California driver license or identification card is eligible to purchase a firearm under federal law, because that person was not necessarily required to submit satisfactory proof of lawful presence in the United States.  Because of this change, ATF rescinded the June 30, 2016 open letter, by removing the letter from its website.

At the end of 2018, California passed another law, Senate Bill (SB) 244, affecting AB 60 driver licenses and identification cards, which went into effect on January 1, 2019.  (Stats. 2018, Ch. 885.)  That law prohibits AB 60 driver licenses and identification cards—those issued to persons

Page **2** of **9**

who were not required to submit satisfactory proof of lawful presence in the United States—from being used as evidence of an individual's citizenship or immigration status for any purpose.  (Veh. Code § 12801.9, subd. (l).)  Because AB 60 driver licenses and identification cards are indistinguishable from other federal non-compliant California driver licenses and identification cards issued to individuals who have provided satisfactory proof of lawful presence in the United States, neither form of identification may be used to determine an individual's eligibility to purchase a firearm.

As set forth above, there have been significant changes recently to California driver licenses and identification cards, as well as to California law governing their use as evidence of citizenship or immigration status.  These changes have affected the eligibility check process and have left firearm dealers and ammunition vendors, as well as law enforcement agencies, unable to rely on federal non-compliant licenses when determining whether a prospective purchaser or applicant is permitted to possess a firearm or ammunition, consistent with state and federal law.

Failure to act may result in significant public harm.  The Department is concerned that firearm dealers and ammunition vendors may inadvertently sell firearms or ammunition to individuals who are not eligible under federal law because they are not lawfully present in the United States.

The result is widespread confusion for firearm dealers, law enforcement agencies, and the public.  Current regulations do not address the recent changes to California law regarding California driver licenses and identification cards.  Some firearm dealers have declined to sell firearms to persons who only have a federal non-compliant license or identification card without proof of lawful presence in the United States.  But the Department has no way of knowing whether all firearm dealers follow the same protocol.  Before the passage of SB 244, the National Rifle Association had advised firearm dealers to ask for additional information at their discretion if the dealer had "cause to believe the individual using one of these licenses may be prohibited from possessing firearms."  (National Rifle Association Institute for Legislative Action, "California Special Alert: Update Regarding Use of Non-REAL IDs for Firearm Purchases," March 22, 2018.)

This confusion has had a negative financial impact on 1800 firearm dealers and their employees throughout the state, and will negatively impact 250 ammunition vendors (as of July 1, 2019).  Also, firearm dealers that require additional documentation may lose business to those that do not require any additional documentation.  This confusion also increases the risk that firearms or ammunition will be inadvertently sold to persons who are not eligible to make such purchases under federal law.

This emergency regulation is necessary to secure the eligibility check process, and to assist firearm dealers and ammunition vendors, as well as law enforcement agencies, to obtain sufficient information that will allow for an accurate determination of whether a prospective purchaser or applicant is permitted to possess firearms or ammunition, consistent with federal law.

## Explanation of Failure to Adopt Nonemergency Regulations

After the passage of SB 244 in September 2018, the Department issued guidance to firearm dealers suggesting that they consider asking prospective purchasers with federal non-compliant driver

Finding of Emergency
Title 11, Division 5, Chapter 4

licenses or identification cards for additional documentation establishing lawful presence in the United States.  The Department also issued a consumer alert to California residents with a federal non-compliant license or identification that a firearm dealer may require additional documentation for firearm purchases.

But the guidance issued by the Department is voluntary and not all firearm dealers follow the guidance.  After six months the Department has determined that the guidance is not sufficient to address the threat to public harm resulting from changes in California law relating to California driver licenses and identification cards.

### Technical, Theoretical, and Empirical Study, Report, or Similar Document, Upon Which the Department Relied

National Rifle Association Institute for Legislative Action, "California Special Alert:  Update Regarding Use of Non-REAL IDs for Firearm Purchases," March 22, 2018.

U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, "Open Letter to All California Federal Firearms Licensees," June 30, 2018.

### Authority and Reference Citations

Authority:   Sections 28060, 28100, 28155, 28215, and 28220, Penal Code.

Reference:   Sections 832.15, 832.16, 13511.5, 16400, 18900, 18905, 23000, 26150, 26155, 26170, 26710,  26815, 27540, 27560, 27565, 27875, 27920, 27966, 28000, 28160, 28215, 28220, 28250, 29182, 29500, 30105, 30370, 31000, 31005, 32650, 32655, 32700, 32705, 32710, 32715, 33300, 33305, and 33850, Penal Code; Section 12101, Health & Safety Code; 18 U.S.C. § 922(d) and (g); and Title 27, Part 178.32, Code of Federal Regulations.

### Informative Digest/Policy Statement Overview

Penal Code section 28060 authorizes the Department to adopt regulations to allow the seller or transferor of a firearm or the person loaning the firearm, and the purchaser or transferee of a firearm or the person being loaned the firearm, to complete a sale, loan, or transfer through a firearm dealer.  Penal Code section 28220 requires the Department to examine its records to determine if a purchaser or transferee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.  Penal Code section 30370 requires the Department to approve the purchase or transfer of ammunition through a vendor to individuals who are not prohibited, and authorizes the Department to write regulations regarding this process.  Further, the United States Code, Title 18, section 922, subdivisions (d) and (g), and the Code of Federal Regulations, Title 27, section 478.99, subdivision (c)(5) provide that an alien illegally or unlawfully in the United States is prohibited from owning or possessing firearms or ammunition.

The only way for the Department to fulfill its statutory obligation to determine that an individual is not prohibited from purchasing or possessing firearms or ammunition is through this emergency

Finding of Emergency
Title 11, Division 5, Chapter 4

rulemaking.  This regulation is also imperative for firearm dealers and ammunition vendors to determine that an individual is not prohibited.  If this regulation does not become effective by July 1, 2019, there will be continued uncertainty regarding firearms and ammunition sales in California for which the purchaser presents a federal non-compliant driver license or identification card, as well as continued uncertainty regarding eligibility checks involving federal non-compliant driver licenses and identification cards.  This uncertainty increases the risk that firearms and ammunition will fall into the hands of individuals who are prohibited by either state or federal law, creating an imminent threat to the public safety and general welfare of California residents.

The Department has determined that this proposed regulation is not inconsistent or incompatible with existing state regulations which do not address the possibility that persons without lawful presence in the United States could hold a validly issued California driver license or identification card.

### § 4045.1. Additional Documentation Requirements for Eligibility Checks.

This section describes "eligibility checks" as background checks based on any application or report for which an applicant is required to submit a driver license or identification card, or the number of a driver license or identification card, so that the Department may determine whether the applicant is eligible to possess a firearm or ammunition.  California law requires eligibility checks in multiple contexts.  This section is necessary to capture all eligibility checks required under California law.  Furthermore, this section establishes guidelines regarding how copies of the driver licenses or identification cards and proof of lawful presence in the United States shall be retained by law enforcement agencies, firearm dealers, ammunition vendors, or submitted by the applicant.

Subdivision (a) states the basic requirement that when submitting any application or report for which an applicant is required to submit a driver license or identification card, or the number from a driver license or identification card, a copy of the applicant's driver license or identification card shall also be submitted.  This subdivision is necessary to inform applicants that a copy of the applicant's driver license or identification card is required as part of the application or report.

Subdivision (b) establishes that if the applicant presents a federal non-compliant California driver license or identification card with the notation "FEDERAL LIMITS APPLY" on the front, instead of a REAL ID, the applicant shall also submit proof of lawful presence in the United States.  In addition, this subdivision establishes the forms of acceptable proof of lawful presence in the United States.  This subdivision is necessary so that individuals with a federal non-compliant California driver license or identification card will know what additional document(s) they need to provide the Department when undergoing an eligibility check to purchase a firearm or ammunition.

Subdivision (c) addresses name mismatches.  If the name on the driver license or identification card does not match the name on the document submitted in accordance with subdivision (b), the applicant must provide additional documentation as to the name change.  The acceptable types of documentation are listed.  This subdivision is necessary because it is common, whether due to marriage, divorce, or some other circumstance, that an individual's name may not match their birth certificate, passport, or other document listed in subdivision (b).

Subdivision (d) describes eligibility checks initiated by applications or reports submitted to the Department in a paper format and establishes how an individual shall prove lawful presence in the United States when using a paper form.  These forms have been updated and are incorporated by reference, as it would be cumbersome, unduly expensive, or otherwise impractical to publish all of the forms listed in their entirety in the California Code of Regulations.  This section is necessary to identify all the paper applications and reports that will be affected by the regulation.

Under Penal Code section 27560, subdivision (a), the "New Resident Report of Firearm Ownership," form BOF 4010A is used by individuals who are moving into California and wish to bring all of their California-legal firearms with them.  These individuals must report the firearm(s) to the Department.  The Department revised this form to indicate what fields are mandatory, so the applicant will complete the form and it will not be returned without processing.  The Firearm(s) Information section was revised to provide more options when reporting firearms and explains what the additional options are.  This was necessary so an applicant can better describe the firearm, and so the Department will have a better understanding of the type of firearm the applicant is reporting.  In addition, language was added regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID.  This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Under Penal Code section 28000, the "Firearm Ownership Report," form BOF 4542A is used by individuals who wish to report firearm ownership to the Department.  The Department revised this form to change the name from "Firearm Ownership Record" to "Firearm Ownership Report."  The new name for this report is better suited as it is an optional form and dependent upon an owner choosing to report their firearm(s).  The form was revised to indicate what fields are mandatory, so the applicant will complete the form and it will not be returned without processing.  The Firearm(s) Information section was revised to provide more options when reporting firearms and explains what the additional options are.  This was necessary so the applicant can better describe the firearm, and so the Department will have a better understanding of the type of firearm the applicant is reporting.  In addition, language was added regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID.  This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Under Penal Code section 27565, the "Curio or Relic Firearm Report," form BOF 4100A, is used by individuals who must report their out-of-state purchase of a curio or relic firearm.  The Department revised this form to indicate what fields are mandatory, so the applicant will complete the form and it will not be returned without processing.  The Firearm(s) Information section was revised to provide more options when reporting firearms and explains what the additional options are.  This was necessary so the applicant can better describe the firearm, and so the Department will have a better understating of the type of firearm the applicant is reporting.  In addition, language was added regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID.  This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Under Penal Code section 27966, the "Collector In-State Acquisition of Curio or Relic Long Gun Report," form BOF 961 is used by individuals who must report their in-state acquisition of a curio or relic firearm. The Department revised this form to indicate what fields are mandatory, so the applicant will complete the form and it will not be returned without processing. The Firearm(s) Information section was revised to provide more options when reporting firearms and explains what the additional options are. This was necessary so the applicant can better describe the firearm, and so the Department will have a better understanding of the type of firearm the applicant is reporting. In addition, language was added regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID. This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Under Penal Code sections 27875 and 27920, the "Report of Operation of Law or Intra-Familial Transaction," form BOF 4544A is used by individuals who must report the possession of a firearm by operation of law, or the transfer of a firearm to a family member (Intra-Familial transfer). The Department revised this form to indicate what fields are mandatory, so the applicant will complete the form and it will not be returned without processing. The Firearm(s) Information section was revised to provide more options when reporting firearms and explains what the additional options are. This was necessary so an applicant can better describe the firearm, and so the Department will have a better understanding of the type of firearm the applicant is reporting. In addition, language was added regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID. This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Under various Penal Code statutes, the "Dangerous Weapons License/Permit(s) Application," form BOF 030, and the "Dangerous Weapons License/Permit(s) Renewal Application," form BOF 031, are used by individuals who wish to apply for or renew a dangerous weapons license of permit. The Department revised these forms to add language regarding the document(s) that should be included if the applicant has a "FEDERAL LIMITS APPLY" driver license or identification card and not a REAL ID. This was necessary so an individual will know what document(s) to include preventing the form from being returned without processing.

Subdivision (e) describes the eligibility checks initiated by applications and reports submitted electronically through the Department's California Firearms Application Reporting System (CFARS). This subdivision also indicates what forms to upload in CFARS to prove lawful presence in the United States. This subdivision is necessary to identify the forms that may be submitted electronically through CFARS.

Subdivision (f) describes the eligibility checks initiated by applications or reports submitted electronically through the Department's Dealer Record of Sale (DROS) Entry System. This subdivision also indicates what documentation an individual shall provide through the DROS Entry System to prove lawful residence in the United States. This subdivision is necessary to identify the forms that may be submitted electronically through the DROS Entry System.

Subdivision (g) addresses eligibility checks initiated by applications or reports submitted to other agencies that include fingerprint data to be used by the Department in order to determine whether

Finding of Emergency
Title 11, Division 5, Chapter 4

an individual is eligible to possess a firearm or ammunition under state or federal law.  This subdivision is necessary to inform other government agencies of what the Department has determined is acceptable documentation to prove lawful presence in the United States.

**Forms Incorporated by Reference**

Form BOF 030 (Rev. 05/2019), Dangerous Weapons License/Permit(s) Application

Form BOF 031 (Rev. 05/2019), Dangerous Weapons License/Permit(s) Renewal Application

Form BOF 961 (Rev. 05/2019), Collector In-State Acquisition of Curio or Relic Long Gun Report

Form BOF 4010A (Rev. 05/2019), New Resident Report of Firearm Ownership

Form BOF 4100A (Rev. 05/2019), Curio or Relic Firearm Report

Form BOF 4542A (Rev. 05/2019), Firearm Ownership Report

Form BOF 4544A (Rev. 05/2019), Report of Operation of Law or Intra-Familial Firearm Transaction

**Mandate on Local Agencies or School Districts**

The Department has determined the proposed emergency regulation does not impose a mandate or a mandate requiring reimbursement by the State pursuant to Part 7 (commencing with Section 17500) of Division 4 of the Government Code.  It will not require local agencies or school districts to incur additional costs in order to comply with the proposed emergency regulations.

**Duplication of State Statutes as Necessary to Satisfy Government Code Section 11349.1(a)(3)**

To satisfy the requirements of Government Code section 11349.1(a)(6), the text of the proposed regulations are non-duplicative.

**Other Matters Prescribed by Statute Applicable to the Agency or to Any Specific Regulation or Class of Regulations**

None.

**Fiscal Impacts**

The Department has assessed the potential for significant adverse impact that might result from the proposed emergency action and has determined:

- There will be no non-discretionary costs or savings to local agencies
- There will be no costs to school districts
- There will be no costs or savings in federal funding to the State

As detailed on the attachment to the Economic and Fiscal Impact Statement (STD 399), the Department estimates its costs (state agency) directly related to the additional documentation

Finding of Emergency
Title 11, Division 5, Chapter 4

requirements relating to "FEDERAL LIMITS APPLY" driver licenses or identification cards will be insignificant.

Finding of Emergency
Title 11, Division 5, Chapter 4

# EXHIBIT 17

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT

| DEPARTMENT NAME | CONTACT PERSON | EMAIL ADDRESS | TELEPHONE NUMBER |
|---|---|---|---|
| **Justice** | **Jacqueline Dosch** | **jacqueline.dosch@doj.ca.gov** | **916-227-7614** |

| DESCRIPTIVE TITLE FROM NOTICE REGISTER OR FORM 400 | NOTICE FILE NUMBER |
|---|---|
| **Identification Requirements for Firearms and Ammunition Eligibility Checks** | Z |

**A. ESTIMATED PRIVATE SECTOR COST IMPACTS**  *Include calculations and assumptions in the rulemaking record.*

1. Check the appropriate box(es) below to indicate whether this regulation:

☐ a. Impacts business and/or employees          ☐ e. Imposes reporting requirements

☐ b. Impacts small businesses                          ☐ f. Imposes prescriptive instead of performance

☐ c. Impacts jobs or occupations                      ☐ g. Impacts individuals

☐ d. Impacts California competitiveness           ☒ h. None of the above (Explain below):

The proposed regulations specify the documentation used to identify yourself when submitting a form or application that is already in regulation.

*If any box in Items 1 a through g is checked, complete this Economic Impact Statement.*
*If box in Item 1.h. is checked, complete the Fiscal Impact Statement as appropriate.*

2. The   **Department of Justice**
   _(Agency/Department)_   estimates that the economic impact of this regulation (which includes the fiscal impact) is:

☒ Below $10 million

☐ Between $10 and $25 million

☐ Between $25 and $50 million

☐ Over $50 million *[If the economic impact is over $50 million, agencies are required to submit a Standardized Regulatory Impact Assessment as specified in Government Code Section 11346.3(c)]*

3. Enter the total number of businesses impacted:   **0**

Describe the types of businesses (Include nonprofits): **N/A**

Enter the number or percentage of total
businesses impacted that are small businesses:   **N/A**

4. Enter the number of businesses that will be created:  **0**          eliminated: **0**

Explain: **This regulation package only specifies the documentation used to prove lawful presence in the United States.**

5. Indicate the geographic extent of impacts:  ☒ Statewide

☐ Local or regional (List areas): _____

6. Enter the number of jobs created: **0**          and eliminated: **0**

Describe the types of jobs or occupations impacted: **N/A**

7. Will the regulation affect the ability of California businesses to compete with
other states by making it more costly to produce goods or services here?          ☐ YES     ☒ NO

If YES, explain briefly: _____

PAGE 1

324

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

**B. ESTIMATED COSTS**   *Include calculations and assumptions in the rulemaking record.*

1. What are the total statewide dollar costs that businesses and individuals may incur to comply with this regulation over its lifetime? $ N/A

   a. Initial costs for a small business:  $ N/A          Annual ongoing costs: $ N/A          Years: N/A

   b. Initial costs for a typical business: $ N/A          Annual ongoing costs: $ N/A          Years: N/A

   c. Initial costs for an individual:      $ N/A          Annual ongoing costs: $ N/A          Years: N/A

   d. Describe other economic costs that may occur:   N/A

2. If multiple industries are impacted, enter the share of total costs for each industry: N/A

3. If the regulation imposes reporting requirements, enter the annual costs a typical business may incur to comply with these requirements.
   *Include the dollar costs to do programming, record keeping, reporting, and other paperwork, whether or not the paperwork must be submitted.*  $ N/A

4. Will this regulation directly impact housing costs?   ☐ YES   ☒ NO

   If YES, enter the annual dollar cost per housing unit: $ _____

   Number of units: _____

5. Are there comparable Federal regulations?   ☒ YES   ☐ NO

   Explain the need for State regulation given the existence or absence of Federal regulations:  See Attachment A.

   Enter any additional costs to businesses and/or individuals that may be due to State - Federal differences: $ _____

**C. ESTIMATED BENEFITS**   *Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. Briefly summarize the benefits of the regulation, which may include among others, the
   health and welfare of California residents, worker safety and the State's environment:  These regulations are beneficial because they inform California citizens what types of identification may be used to prove lawful presence in the United States when establishing eligibility to possess or purchase firearms or ammunition.

2. Are the benefits the result of:  ☒ specific statutory requirements, or  ☐ goals developed by the agency based on broad statutory authority?

   Explain: Federal law requires individuals to have a lawful presence in the U.S. in order to possess a firearm or ammunition.

3. What are the total statewide benefits from this regulation over its lifetime? $ Unknown

4. Briefly describe any expansion of businesses currently doing business within the State of California that would result from this regulation:

**D. ALTERNATIVES TO THE REGULATION**   *Include calculations and assumptions in the rulemaking record. Estimation of the dollar value of benefits is not specifically required by rulemaking law, but encouraged.*

1. List alternatives considered and describe them below. If no alternatives were considered, explain why not:  No alternatives were considered because there are only a few specific ways in which to identify yourself as having a lawful presence in the United States.

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## ECONOMIC IMPACT STATEMENT (CONTINUED)

2. Summarize the total statewide costs and benefits from this regulation and each alternative considered:

Regulation:  Benefit: $ _Unknown_   Cost: $ _Unknown_

Alternative 1:  Benefit: $ _Unknown_   Cost: $ _Unknown_

Alternative 2:  Benefit: $ _Unknown_   Cost: $ _Unknown_

3. Briefly discuss any quantification issues that are relevant to a comparison
   of estimated costs and benefits for this regulation or alternatives:  _Unknown_

4. Rulemaking law requires agencies to consider performance standards as an alternative, if a
   regulation mandates the use of specific technologies or equipment, or prescribes specific
   actions or procedures. Were performance standards considered to lower compliance costs?  ☐ YES  ☒ NO

   Explain: _____

**E. MAJOR REGULATIONS** *Include calculations and assumptions in the rulemaking record.*

*California Environmental Protection Agency (Cal/EPA) boards, offices and departments are required to*
*submit the following (per Health and Safety Code section 57005). Otherwise, skip to E4.*

1. Will the estimated costs of this regulation to California business enterprises **exceed $10 million?** ☐ YES  ☒ NO

   *If YES, complete E2. and E3*
   *If NO, skip to E4*

2. Briefly describe each alternative, or combination of alternatives, for which a cost-effectiveness analysis was performed:

   Alternative 1: _____

   Alternative 2: _____

   *(Attach additional pages for other alternatives)*

3. For the regulation, and each alternative just described, enter the estimated total cost and overall cost-effectiveness ratio:

   Regulation:  Total Cost $ _____   Cost-effectiveness ratio: $ _____

   Alternative 1: Total Cost $ _____   Cost-effectiveness ratio: $ _____

   Alternative 2: Total Cost $ _____   Cost-effectiveness ratio: $ _____

4. Will the regulation subject to OAL review have an estimated economic impact to business enterprises and individuals located in or doing business in California exceeding $50 million in any 12-month period between the date the major regulation is estimated to be filed with the Secretary of State through12 months after the major regulation is estimated to be fully implemented?

   ☐ YES  ☒ NO

   *If YES, agencies are required to submit a Standardized Regulatory Impact Assessment (SRIA) as specified in*
   *Government Code Section 11346.3(c) and to include the SRIA in the Initial Statement of Reasons.*

5. Briefly describe the following:

   The increase or decrease of investment in the State: _____

   The incentive for innovation in products, materials or processes: _____

   The benefits of the regulations, including, but not limited to, benefits to the health, safety, and welfare of California
   residents, worker safety, and the state's environment and quality of life, among any other benefits identified by the agency: _____

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT

**A. FISCAL EFFECT ON LOCAL GOVERNMENT** *Indicate appropriate boxes 1 through 6 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year which are reimbursable by the State. (Approximate)
(Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

$ _____

☐ a. Funding provided in _____

Budget Act of _____ or Chapter _____ , Statutes of _____

☐ b. Funding will be requested in the Governor's Budget Act of _____

Fiscal Year: _____

☐ 2. Additional expenditures in the current State Fiscal Year which are NOT reimbursable by the State. (Approximate)
(Pursuant to Section 6 of Article XIII B of the California Constitution and Sections 17500 et seq. of the Government Code).

$ _____

*Check reason(s) this regulation is not reimbursable and provide the appropriate information:*

☐ a. Implements the Federal mandate contained in _____

☐ b. Implements the court mandate set forth by the _____ Court.

Case of: _____ vs. _____

☐ c. Implements a mandate of the people of this State expressed in their approval of Proposition No. _____

Date of Election: _____

☐ d. Issued only in response to a specific request from affected local entity(s).

Local entity(s) affected: _____

☐ e. Will be fully financed from the fees, revenue, etc. from: _____

Authorized by Section: _____ of the _____ Code;

☐ f. Provides for savings to each affected unit of local government which will, at a minimum, offset any additional costs to each;

☐ g. Creates, eliminates, or changes the penalty for a new crime or infraction contained in _____

☐ 3. Annual Savings. (approximate)

$ _____

☐ 4. No additional costs or savings. This regulation makes only technical, non-substantive or clarifying changes to current law regulations.

☒ 5. No fiscal impact exists. This regulation does not affect any local entity or program.

☐ 6. Other. Explain _____

_____

STATE OF CALIFORNIA — DEPARTMENT OF FINANCE
**ECONOMIC AND FISCAL IMPACT STATEMENT**
**(REGULATIONS AND ORDERS)**
STD. 399 (REV. 12/2013)

## FISCAL IMPACT STATEMENT (CONTINUED)

**B. FISCAL EFFECT ON STATE GOVERNMENT** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ _____

*It is anticipated that State agencies will:*

☐ a. Absorb these additional costs within their existing budgets and resources.

☐ b. Increase the currently authorized budget level for the _____ Fiscal Year

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☒ 3. No fiscal impact exists. This regulation does not affect any State agency or program.

☐ 4. Other. Explain _____

_____

**C. FISCAL EFFECT ON FEDERAL FUNDING OF STATE PROGRAMS** *Indicate appropriate boxes 1 through 4 and attach calculations and assumptions of fiscal impact for the current year and two subsequent Fiscal Years.*

☐ 1. Additional expenditures in the current State Fiscal Year. (Approximate)

$ _____

☐ 2. Savings in the current State Fiscal Year. (Approximate)

$ _____

☒ 3. No fiscal impact exists. This regulation does not affect any federally funded State agency or program.

☐ 4. Other. Explain _____

| FISCAL OFFICER SIGNATURE | DATE |
| --- | --- |
| | 6/7/19 |

*The signature attests that the agency has completed the STD. 399 according to the instructions in SAM sections 6601-6616, and understands the impacts of the proposed rulemaking. State boards, offices, or departments not under an Agency Secretary must have the form signed by the highest ranking official in the organization.*

| AGENCY SECRETARY | DATE |
| --- | --- |
| McChbe | 6/10/19 |

*Finance approval and signature is required when SAM sections 6601-6616 require completion of Fiscal Impact Statement in the STD. 399.*

| DEPARTMENT OF FINANCE PROGRAM BUDGET MANAGER | DATE |
| --- | --- |
| | |

Economic and Fiscal Impact Statement (Std. 399)

Attachment A

<u>Section B. Estimated Costs</u>

5. Are there comparable Federal regulations?          Yes.

Per the Code of Federal Regulations, Title 27 section 478.99 subdivision (c)(5), an alien illegally or unlawfully in the United States is prohibited from owning or possessing firearms or ammunition.  Federal regulations explain who is prohibited from what activities.  The Department's regulation is necessary to explain the process of how the Department will determine if an individual is prohibited (i.e. does not have lawful presence in the United States).  In addition, it clarifies what documentation an individual shall provide to prove they have lawful presence in the United States if they possess a driver license or identification card that states, "FEDERAL LIMITS APPLY."

329

# EXHIBIT 18

# Text of Emergency Regulations

## Title 11, Division 5

**Chapter 4. ~~Evidence of Residency Documentation~~ Documentation Requirements for Firearms and Ammunition Eligibility Checks**

**Article 1. Evidence of Residency Documentation**

**§ 4045. Definitions and Requirements**

**Article 2. Additional Documentation Requirements**

**§ 4045.1. Additional Documentation Requirements for Eligibility Checks with Federal Non-Compliant California Driver License or Identification Card.**

This section applies to all firearms and ammunition eligibility checks, including any eligibility check described in Division 5.  For the purposes of this section, "eligibility checks" refers to background checks based on any application or report for which an applicant is required to submit a driver license or identification card, or the number from a driver license or identification card, so that the Department of Justice may determine the applicant's eligibility to possess a firearm or ammunition under state or federal law.

(a)     For all eligibility checks, a copy of the applicant's California driver license or identification card, or out-of-state driver license, if applicable, shall be submitted, as specified in subdivisions (d) through (g).

(b)     For all eligibility checks, if the applicant presents a federal non-compliant California driver license or identification card with the notation "FEDERAL LIMITS APPLY" on the front, the applicant shall also submit proof of lawful presence in the United States, as specified in subdivisions (d) through (g), in the form of one of the following documents:

(1) Valid, unexpired U.S. passport or passport card.

(2) Certified copy of U.S. birth certificate.

(3) U.S. Certificate or Consular Report of Birth Abroad of a U.S. Citizen.

(4) Valid, unexpired foreign passport with valid U.S. immigrant visa and approved Record of Arrival/Departure (I-94) form.

(5) Certified copy of birth certificate from a U.S. Territory.

(6) Certificate of Naturalization or U.S. Citizenship.

(7) Valid, unexpired Permanent Resident Card.

(c)     For all eligibility checks, if the applicant's name as it appears on the federal non-compliant California driver license or identification card differs from the name on the proof of lawful presence document submitted in accordance with subdivision (b), the applicant shall also submit, as specified in subdivisions (d) through (g), one of the following certified documents:

(1) An adoption document that contains the legal name of the applicant as a result of the adoption.

(2) A name change document that contains the applicant's legal name both before and, as a result of, the name change.

(3) A marriage certificate.

(4) A dissolution of marriage document that contains the legal name of the applicant as a result of the court action.

(5) A certificate, declaration or registration document verifying the formation of a domestic partnership.

(6) A dissolution of domestic partnership document that contains the legal name of the applicant as a result of the court action.

(d)     Applications or reports submitted in a paper format.

For eligibility checks based on an application or report submitted to the Department of Justice in a paper format, the documents required in subdivisions (a) through (c) shall be submitted along with the paper application.  These applications and reports include:

(1) Certificate of Eligibility applications, pursuant to Penal Code section 26710.

(2) Firearm Ownership Reports, including the reports listed in section 4002 of Chapter 1 of this Division 5 and amended for purposes of this division as follows;

    A.  New Resident Report of Firearm Ownership, form BOF 4010A (Rev. ~~07/2017~~ 05/2019), hereby incorporated by reference, pursuant to Penal Code section 27560.

    B.  Firearm Ownership Report, form BOF 4542A (Rev. ~~07/2017~~ 05/2019), hereby incorporated by reference, pursuant to Penal Code section 28000.

    C.  Curio or Relic Firearm Report, form BOF 4100A (Rev. ~~07/2017~~ 05/2019), hereby incorporated by reference, pursuant to Penal Code section 27565.

    D.  Collector In-State Acquisition of Curio or Relic Long Gun Report, form BOF 961 (Rev. ~~07/2017~~ 05/2019), hereby incorporated by reference, pursuant to Penal Code section 27966.

    E.  Report of Operation of Law or Intra-Familial Transaction, form BOF 4544A (Rev. ~~07/2017~~ 05/2019), hereby incorporated by reference, pursuant to Penal Code sections 27875 and 27920.

(3) The application forms referenced in section 4142 of Chapter 7 of this Division 5 and amended for purposes of this division as follows:  Dangerous Weapons License/Permit(s) Application, form BOF 030 (Rev. 01/2012 05/2019), hereby incorporated by reference, or Dangerous Weapons License/Permit(s) Renewal Application, form BOF 031 (Rev. 01/2012 05/2019), hereby incorporated by reference. These forms include options to apply for the following licenses/permits:

    A.   Assault Weapon/.50 BMG Rifle Permit, pursuant to Penal Code sections 31000 and 31005.
    B.   Short-Barreled Shotgun/Rifle Permit, pursuant to Penal Code sections 33300 and 33305.
    C.   Destructive Device Permit, pursuant to Penal Code sections 18900 and 18905.
    D.   Machinegun Permit, pursuant to Penal Code sections 32650 and 32655.
    E.   Machinegun License, pursuant to Penal Code sections 32700 - 32715.

(e)    Applications or reports submitted electronically via the California Firearms Application Reporting System (CFARS).

    For eligibility checks based on an application or report submitted to the Department of Justice electronically via CFARS, the documents required in subdivisions (a) through (c) shall be uploaded to CFARS as prompted during the application or reporting process. These applications and reports include:

(1) Certificate of Eligibility applications, pursuant to Penal Code section 26710 and Chapter 3 of this Division 5.

(2) Unique Serial Number Applications, pursuant to Penal Code section 29182 and Chapter 41 of this Division 5.

(3) Firearm Ownership Reports, including:

    A.   New Resident Report of Firearm Ownership, pursuant to Penal Code section 27560.
    B.   Firearm Ownership Report, pursuant to Penal Code section 28000.
    C.   Curio or Relic Firearm Report, pursuant to Penal Code section 27565.
    D.   Collector In-State Acquisition of Curio or Relic Long Gun Report, form pursuant to Penal Code section 27966.
    E.   Report of Operation of Law or Intra-Familial Transaction, pursuant to Penal Code sections 27875 and 27920.

(f)    Applications or reports submitted electronically via the Dealer Record of Sale Entry System (DES), including applications or reports submitted pursuant to Chapters 8 and 11 of this Division 5.

    For eligibility checks based on applications or reports submitted to the Department of Justice electronically via the DES, the firearm dealer or ammunition vendor shall examine the applicant's driver license or identification card.  If the applicant's California

driver license or identification card is federal non-compliant with the notation "FEDERAL LIMITS APPLY" on the front, the firearm dealer or ammunition vendor shall require the applicant to submit a copy of the document required in subdivision (b), as well as a copy of the document required in subdivision (c) if applicable.  These applications and reports include:

(1)  Application(s) to purchase a firearm.  The firearm dealer shall confirm compliance with this subdivision on DES, as necessary during the application or reporting process.  The firearm dealer shall keep a copy of the document(s) required in subdivisions (a) through (c) as part of the permanent record of the transaction described in Penal Code section 28215, subdivision (c).

(2)  Applications to purchase ammunition, as described in Penal Code section 30370.  The firearm dealer or ammunition vendor shall confirm compliance with this subdivision on DES, as necessary during the application or reporting process.  The firearm dealer or ammunition vendor shall keep a copy of the document(s) required in subdivisions (a) through (c).

(g)     Applications or reports submitted to other agencies that include fingerprint data to be used by the Department of Justice to determine the applicant's eligibility to possess a firearm or ammunition under state or federal law.

For eligibility checks based on applications or reports submitted to other agencies that include fingerprint data to be used by the Department of Justice to determine the applicant's eligibility to possess a firearm or ammunition under state or federal law, if the applicant presents a federal non-compliant California driver license or identification card with the notation "FEDERAL LIMITS APPLY" on the front, the agency shall require the applicant to submit the documents required in subdivision (b), as well as the document required in subdivision (c) if applicable.  The agency shall keep a copy of the documents required in subdivisions (a) through (c) as part of the permanent record of the application.  The Department of Justice may request a copy of the document(s) at a future date.  Applicants of these applications and reports include:

(1) Peace officer applicants, custodial officers, or transportation officers, pursuant to Penal Code section 832.15.

(2) Peace officers, pursuant to Penal Code section 832.16.

(3) Applicants for admission to a basic course of training certified by the Commission on Peace Officer Standards and Training that includes the carrying and use of firearms, pursuant to Penal Code section 13511.5.

(4) Applicants for an explosives permit, pursuant to Health & Safety Code section 12101.

Note:  Authority cited:  Sections 28060, 28100, 28155, 28215, and 28220, Penal Code.  Reference:  Sections 832.15, 832.16, 13511.5, 16400, 18900, 18905, 23000, 26150, 26155, 26170, 26710,  26815, 27540, 27560, 27565, 27875, 27920, 27966, 28000, 28160, 28215, 28220, 28250, 29182, 29500, 30105, 30370, 31000, 31005, 32650, 32655, 32700, 32705, 32710, 32715,

33300, 33305, and 33850, Penal Code; Section 12101, Health & Safety Code; Sections 922(d) and (g), Title 18, United States Code; and Title 27, Part 178.32, Code of Federal Regulations.

# EXHIBIT 19

 

Contact Us    ⚙ Settings



Home    Rulemaking Process    Underground Regulations    Publications    Laws    Training    About OAL    Search

# Recent Actions On Emergency Regulations

Below are recent actions taken by OAL on emergency filings. Current emergency regulations under consideration by OAL can be found on the Emergency Regulations Under Review page. For information on older emergency filings, please contact the agency that submitted the emergency or OAL at (916) 323-6225.

Show 100 ▼ entries                                    Search:

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0624-01EFP | Department of Social Services | CalWORKs Maximum Aid Payment (MAP) Increase | Title MPP

Amend Sections 44-207, 44-315, 89-110 | Kenneth Jennin Phone: (916) 65 2586 |
| 2019-0610-02EON | Department of Corrections and Rehabilitation | Medical Care | Title 15

Adopted Sections: 3999.100 through 3999.431 non-consecutively

Amend Sections: 3999.98, 3999.99, 3999.320

Repeal Sections: 3352, 3352.1, 3355, 3355.2 | Julie Inderkum Phone: (916) 69 0697 |
| 2019-0620-02EE | Department of Justice | Major League Sports Raffle Program | Title 11,

Amend Sections: 2084, 2086, 2088, 2089, 2090, 2092, 2095, 2107 | Susanne Georg Phone: (916) 83 9032 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0621-01EE | Department of Justice | Firearms: Identifying Info - Existing and New California Residents | Title 11<br><br>Amend Sections: 5505, 5507, 5509, 5510, 5511, 5513, 5514, 5516, 5517 | Kamran Ali Phone: (916) 22 5419 |
| 2019-0618-03E | Fish and Game Commission | Special Order Regarding Take of Chinook Salmon | Title 14<br><br>Amend Section: 7.50 | Sherrie Fonbue Phone: (916) 65 9866 |
| 2019-0617-04E | Department of Justice | Identification Requirements for Firearms and Ammo Eligibility Checks | Title 11<br>Adopt Section: 4045.1<br>Amend Sections: 4002, 4142, 5478 | Jacqueline Dos Phone: (916) 22 7614 |
| 2019-0620-01EE | Board of Forestry and Fire Protection | Emergency Post-Fire Recovery for Lake Siskiyou, Mendocino, Shasta, Trinity and Napa | Title 14, Amend Section: 1038.5 | Eric Hedge Phone: (916) 65 9633 |
| 2019-0617-01E | Department of Education | LEAs Exempt from Licensing | Title 5<br><br>Amend Sections: 18140, 18145, 18150, 18155, 18160, 18165 | Hillary Wirick Phone: (916) 31 0860 |
| 2019-0618-01EFP | Department of Social Services | CalWORKs Statewide Fingerprint Imaging System and New ID Process | Title MPP<br><br>Amend Sections: 40-105, 40-171, 80-301<br><br>Repeal Section: 40-026 | Oliver Chu Phone: (916) 65 3588 |
| 2019-0528-01EON | Department of Corrections and Rehabilitation | Supplemental Reforms to Credit Earning | Title 15<br><br>Amend Sections: 3043, 3043.3, 3043.4, 3043.5 | Laura Lomonac Phone: (916) 44 2217 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0603-02EE | California Alternative Energy and Advanced Transportation Financing Authority | Commercial Energy Efficiency Financing Program | Title 4<br><br>Adopt Sections: 10092.1, 10092.2, 10092.3, 10092.4, 10092.5, 10092.6, 10092.7, 10092.8, 10092.9, 10092.10, 10092.11, 10092.12, 10092.13, 10092.14 | David Gibbs Phone: (916) 65 2212 |
| 2019-0531-03E | Department of Food and Agriculture | Industrial Hemp Cultivation Sampling | Title 03, Adopt Sections 4940, 4941, 4942, 4943, 4944, 4945, 4946, 4950, 4950.1 | Rachel Avila Phone:(916) 40 6813 |
| 2019-0521-04EON | Department of Corrections and Rehabilitation | Supplemental Reforms to Parole Consideration | Title 15<br><br>Adopt Sections: 2249.30, 2449.31, 2449.32, 2449.33, 2449.34, 3495, 3496, 3497<br><br>Amend Sections: 2449.1, 3490, 3491 | Laura Lomonac Phone: (916) 44 2217 |
| 2019-0521-01E | Department of Transportation | Affordable Sales Program - Minimum Sales Price | Affordable Sales Program - Minimum Sales Price<br><br>Title 21:<br><br>Amend Section: 1476 | Carolyn Dabney Phone: (916) 65 5863 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0517-04EE | California Health Facilities Financing Authority | Community Services Infrastructure Grant Program | Title 4<br><br>Adopt Sections: 7413, 7414, 7415, 7416, 7417, 7418, 7419, 7420, 7421, 7422, 7423, 7424, 7425, 7426, 7427, 7428, 7429 | Sondra Jacobs Phone: (916) 65 2799 |
| 2019-0514-01E | Department of Motor Vehicles | Real ID: Driver's Licenses and Identification Cards | Title 13<br><br>Adopt Sections: 17.00 | Randi Calkins Phone: (916) 65 8898 |
| 2019-0502-01E | Education Audit Appeals Panel | Audits of K-12 LEAs - FY 2019-20 | Title 5<br><br>Amend Section 19810 | Timothy E. Mor Phone: (916) 44 7745 |
| 2019-0429-01E | California Alternative Energy and Advanced Transportation Financing Authority | Affordable Multifamily Energy Efficiency Financing Program | Title 4<br><br>Adopt Sections: 10093.1, 10093.2, 10093.3, 10093.4, 10093.5, 10093.6, 10093.7, 10093.8, 10093.9, 10093.10, 10093.11 | Susan Mills Phone: (916) 65 3760 |
| 2019-0424-04E | California Secure Choice Retirement Savings Investment Board | CalSavers Retirement Savings Program | Title 10<br>Adopt Sections 10000, 10001, 10002, 10003, 10004, 10005, 10006, 10007 | Eric Lawyer Phone: (916) 65 1748 |
| 2019-0424-01EFP | Occupational Safety and Health (Cal-OSHA) Division | Pressure Vessel Fees | Title 8<br>Amend Sections 344, 344.1, 344.2 | Denise M. Card Phone: (510) 28 7348 |
| 2019-0419-01EE | Occupational Safety and Health (Cal-OSHA) Division | Recording and Reporting of Occupational Injuries and Illnesses | Title 8<br>Amend Sections 14300.35 and 14300.41 | Willie N. Nguyer Phone: (510) 28 7348 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0412-01EE | Board of Parole Hearings | Advancing Parole Consideration Hearing Dates | Title: 15 <br> Adopt Sections: 2150, 2151, 2152, 2153, 2154, 2155, 2156, 2157 | Mina Y. Choi <br> Phone: (916) 32 6729 |
| 2019-0415-06EE | California Secure Choice Retirement Savings Investment Board | CalSavers Retirement Savings Program | Title 10 <br> Adopt Sections: 10000, 10001, 10002, 10003, 10004, 10005, 10006, 10007, 10008 | Eric Lawyer <br> Phone: (916) 65 1748 |
| 2019-0402-01E | California Health Facilities Financing Authority | Children's Hospital Program of 2018 | Title 4 <br><br> Adopt Section: 7000 – 7017 nonconsecutive | Carolyn Aboubechara <br> Phone: (916) 65 3213 |
| 2019-0325-01EE | Department of Toxic Substances Control | Determining the Initial Penalty for Each Violation | Title 22 <br><br> Amend Section: 66272.62 | Shawn Cox <br> Phone: (916) 32 7527 |
| 2019-0322-01E | Department of Resources Recycling and Recovery | Pilot Projects | Title 18 <br> Adopt Sections: 2750 - 2778, non-consecutive | Benjamin Grim <br> Phone: (916) 34 6365 |
| 2019-0319-02EE | Board of Forestry and Fire Protection | Emergency Post-Fire Recovery for Lake, Siskiyou, Mendocino, Shasta, Trinity and Napa Counties | Title 14 <br><br> Amend Section: 1038.5 | Eric Hedge <br> Phone: (916) 65 9633 |
| 2019-0226-01EON | Department of Corrections and Rehabilitation | Copayment and Artificial Appliances | Title 15 <br><br> Amend Sections: 3355.1 (renumbered to 3999.367), 39999.99. 3999.206, 3999.234, 3999.237. 3999.375 (renumbered to 3999.395) | Julie Inderkum <br> Phone: (916) 69 0697 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0225-01EE | Department of Resources Recycling and Recovery | Designated Approval Collectors | Title 14<br><br>Adopt Sections: 18660.47, 18660.48, 18660.49, 18660.50, 18660.51<br><br>Amend Sections: 18660.5, 18660.20 | Meagan Wilson Phone: (916) 34 6077 |
| 2019-0219-03E | Fish and Game Commission | Klamath River Basin Spring Chinook Salmon Sport Fishing | Title 14<br><br>Amend Section: 7.50 | Sherrie Fonbue Phone: (916) 65 9866 |
| 2019-0212-03E | Education Audit Appeals Panel | Supplement to Audits of K-12 LEAs - FY 2018-19 | Title 5<br><br>Amend Section: 19810 | Mary Kelly Phone: (916) 44 7745 Fax: (916) 403-6 |
| 2019-0207-02E | Board of Forestry and Fire Protection | Exemption Emergency Regulations, 2019 | Title 14<br><br>Adopt Section: 1038.1, 1038.2, 1038.3, 1038.4, 1038.5<br><br>Amend Section: 1038, 1038.3 [renumbered to 1038.9] | Eric Hedge Phone: (916) 65 9633 |
| 2019-0206-01E | Board of Forestry and Fire Protection | Emergency Post-Wildfire Recovery Regulations for Butte Co. | Title 14<br><br>Adopt Section: 1038.6 | Eric Hedge Phone: (916) 65 9633 |
| 2019-0205-01E | Board of Forestry and Fire Protection | Emergency Rulemaking to Implement Legislative Changes to the WFMP | Title 1<br><br>Amend Sections: 1094, 1094.2, 1094.6, 1094.8, 1094.17, 1094.23 | Eric Hedge Phone: (916) 65 9633 |
| 2019-0208-04EE | Department of Social Services | Home Care Services Consumer Protection Act | Title 22<br><br>Adopt Sections: 130000 – 130211 non-consecutively | Kenneth Jennir Phone: (916) 65 2586 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2019-0122-03E | State Board of Education | CA Assessment of Student Performance and Progress | Title 5<br><br>Amend Section 850, 854.1, 854.2, 854.3, 584.4, 859, 862, 863 | Hillary Wirick<br>Phone: (916) 31 0860<br>Fax: (916) 319-0<br>Email: hwirick@cde.ca |
| 2019-0115-01E | Department of Justice | Revised Tobacco Escrow Agreement | Title 11<br>Amend Section: 999.12<br>Repeal Section: 999.13 | Barry Alves<br>Phone: (916) 21 7838 |
| 2018-1220-03EON | Department of Corrections and Rehabilitation | Supplemental Reforms to Credit Earning | Title 15,<br>Amend Section: 3043, 3043.3, 3043.4, 3043.5 | Laura Lomonac<br>Phone: (916) 44 2217 |
| 2018-1218-04EON | Department of Corrections and Rehabilitation | Provisions of Care and Treatment Exclusions | Title 15<br><br>Amend Sections: 3999.98, 3999.200 | Doug Dinnell<br>Phone: (916) 69 3836 |
| 2018-1221-07EE | Department of Toxic Substances Control | Amending 66272.62 Determining the Initial Penalty for Each Violation | Title 22<br><br>Amend Section 66272.62 | Shawn Cox<br>Phone: (916) 32 7527 |
| 2018-1221-10E | Department of Justice | Major League Sports Raffle Program | Title 11<br><br>Amend Sections 2084, 2086, 2088, 2089, 2090, 2092, 2095, 2107 | Susanne Georg<br>Phone: (916) 83 9032 |
| 2018-1218-01E | Department of Justice | Firearms: Identifying Info - Existing and New California Residents | Title 11<br><br>Amend Sections 5505, 5507, 5509, 5510, 5511, 5513, 5514, 5516, 5517 | Jessie Romine<br>Phone: (916) 22 4217 |
| 2018-1219-01EFP | California Department of Tax and Fee Administration | California Cannabis Track-and-Trace | Title 18<br><br>Adopt Section: 3702 | Richard Bennio<br>Phone: (916) 45 2130 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-1211-01EON | Department of Corrections and Rehabilitation | Supplemental Reforms to Parole Consideration | Title 15<br><br>Adopt Sections 2449.30, 2449.31, 2449.32, 2449.33, 2449.34, 3495, 3496, 3497 Amend Sections 2449.1, 3490, 3491 | Laura Lomonac Phone: (916) 44 2217 |
| 2018-1214-02EE | Department of Social Services | Home Care Services Consumer Protection Act | Title 22<br><br>Amend Sections: 130000 - 130211 | Kenneth Jennir Phone: (916) 65 2586 |
| 2018-1212-01EFP | California Department of Social Services | CalWORKS Statewide Fingerprint Imaging System Repeal and New ID Process | Title MPP<br><br>Amend Sections: 40-105, 40-171, 80-301 Repeal Sections: 40-026 | Oliver Chu Phone: (916)65 3588 |
| 2018-1213-01EE | Department of Water Resources | Annual Fees - Dam Safety Program | Title 23<br><br>Amend Sections: 315, 316 | Marcelino Alcar Phone: (916) 22 4640 |
| 2018-1210-01EE | Department of Public Health | Skilled Nursing Facilities 3.5 Direct Care Hours | Title 22<br><br>Amend Section: 72329.2 | Anita Shumake Phone: (916) 44 7718 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-1207-02E | California Alternative Energy and Advanced Transportation Financing Authority | Commercial Energy Efficiency Financing Program | Title 4 Adopt Section: 10092.1, 10092.2, 10092.3 10092.4, 10092.5, 10092.6, 10092.7, 10092.8, 10092.9, 10092.10, 10092.11, 10092.12, 10092.13, 10092.14 | David Gibbs Phone: (916) 65 2212 |
| 2018-1205-01EFP | California Department of Tax and Fee Administration | Regulations Implementing Part 8.7 of Division 3 of Title of Government Code | Title 4 Adopt Sections: 35001 - 35101 non-consecutive Amend Sections: 1032 – 5700 non-consecutive Repeal Section: 1807 – 5256 non consecutive | Richard Bennio Phone: (916) 45 2130 |
| 2018-1204-08E | State Allocation Board | Full-Day Kindergarten Facilities Grant Program | Title 2 Amend Sections: 1860 – 1860.21 Non-consecutive | Lisa Jones Phone: (916) 37 1753 |
| 2018-1204-03E | Department of Resources Recycling and Recovery | Processing Payments | Title 14 Amend Section: 2975 | Thomas Vallanc Phone: (916) 32 4256 |
| 2018-1115-02E | California Health Facilities Financing Authority | Community Services Infrastructure Grant Program | Title 4 Adopt sections 7413-7429 (consecutive) | Sondra Jacobs Phone: (916) 65 0032 |
| 2018-1115-01E | California Health Facilities Financing Authority | Investment in Mental Health Wellness Grant Program | Title 4 Adopt Sections 7313-7329 (non-consecutive) | Sondra Jacobs Phone: (916) 65 0032 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-1108-04ER | California Secure Choice Retirement Savings Investment Board | CalSavers Retirement Savings Program | Title 10 Amend Section: 10000, 10001, 10002, 10003, 10004, 10005, 10006, 10007 | Eric Lawyer Phone:(916) 65... 1748 |
| 2018-1108-02EE | California Health Facilities Financing Authority | Lifeline Grant Program | Title 4 Adopt Sections: 7213, 7214, 7215, 7216, 7218, 7219, 7220, 7221, 7222, 7223, 7224, 7225, 7227, 7228, 7229 | Rosalind Brewe... Phone:(916) 65... 8243 |
| 2018-1108-01EFP | Occupational Safety and Health (Cal-OSHA) Division | Pressure Vessel Fees | Title 8 Amend Sections: 344, 344.1, 344.2 | Denise M. Card... Phone:(510) 28... 7348 |
| 2018-1026-01EE | Fish and Game Commission | Emergency Action to Raise Purple Sea Urchin Daily Bag Limit | Title 14 Adopt Section: 29.11 | David Thesell Phone: (916) 65... 9903 |
| 2018-1025-01EFP | State Water Resources Control Board | FY 2018-19 Waste Discharge Requirement Fees | Title 23 Amend Sections: 2200, 2200.4, 2200.6 | Glen Osterhage Phone: (916) 34... 5032 |
| 2018-1025-02E | Occupational Safety and Health (Cal-OSHA) Division | Recording and Reporting of Occupational Injuries and Illnesses | Title 8 Amend Sections: 14300.35, 14300.41 | Willie N. Nguyer Phone: (510) 28... 7348 |
| 2018-1023-03E | State Water Resources Control Board | Emergency Regulation Amending FY 2018-19 Water Rights Fee Schedule | Title 23 Amend Sections: 1062, 1063, 1064, 1066, 1068 | David Ceccarell Phone: (916) 34... 5999 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-1023-01E | California Pollution Control Financing Authority | CalCAP/ADA, CalCAP/Seismic Safety and CalCAP/EVCS Program | Title 4<br><br>Amend Sections: 8078.3, 8078.8, 8078.15 | Bianca Smith Phone: (916) 65 5408 |
| 2018-1012-01EON | Department of Corrections and Rehabilitation | Automatic Restoration of Forfeited Credits | Title 15<br><br>Adopt Section: 3329.5 | Sarah Pollock Phone: (916) 44 2308 |
| 2018-1019-01E | Board of Forestry and Fire Protection | Emergency Post-Fire Recovery for Lake, Siskiyou, Mendocino, Shasta, Trinity, and Napa Counties | Title 14<br><br>Amend: 1038 | Eric Hedge Phone:(916) 65 9633 |
| 2018-1019-05E | California Secure Choice Retirement Savings Investment Board | CalSavers Retirement Savings Program | Title 10<br><br>Adopt Sections: 10000, 10001, 10002, 10003, 10004, 10005, 10006, 10007, 10008, 10009, 10010, 10011 | Eric Lawyer Phone: (916) 65 1748 |
| 2018-1012-03E | Board of Parole Hearings | Advancing Parole Consideration Hearing Dates | Title 15<br><br>Adopt Sections: 2150, 2151, 2152, 2153, 2154, 2155, 2156, 2157 | Heather McCray Phone: (916) 32 6729 |
| 2018-1010-04EE | Veterinary Medical Board | Fee Schedule | Title 16<br><br>Amend Sections: 2070, 2071 | Amanda Drummond Phone: (916) 51 5238 |
| 2018-1010-03EE | Board of Forestry and Fire Protection | Emergency Rulemaking to Facilitate Post Fire Recovery (Napa, Sonoma, Mendocino) | Title 14<br><br>Amend Section: 1038 | Eric Hedge Phone: (916) 65 9633 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-1005-04EE | State Allocation Board | Leroy F. Greene School Facilities Act of 1998; New Construction (NC) Application Processing | Title 2<br><br>Amend Section: 1859.51(e) | Lisa Jones<br>Phone: (916) 37<br>1753<br>Fax: (916) 375-6 |
| 2018-1001-02EE | Department of Public Health | Cannabis Regulations for CEQA Compliance and Shared-Use Facilities | Title 17<br>Adopt Section: 40127, 40132, 40190, 40191, 40192, 40194, 40196 | Linda M. Cortez<br>Phone: (916) 44<br>7807 |
| 2018-1005-03E | Department of Food and Agriculture | Peach Fruit Fly Eradication Area Property | Title 3<br>Amend Section 3591.12 | Karen Olmstead<br>Phone: (916) 40<br>6879 |
| 2018-0925-01EE | Department of State Hospitals | Emergency Readopt - Patient Electronic Property | Title 9<br>Amend Section: 4350 | Trini Balcazar<br>Phone: (916) 56<br>2824 |
| 2018-0928-01E | Department of Food and Agriculture | Peach Fruit Fly Eradication Area | Title 3<br><br>Amend Section: 3591.12 | Karen Olmstead<br>Phone: (916) 40<br>6879 |
| 2018-0914-01EE | Department of Water Resources | Annual Fees - Dam Safety Program | Title 23<br>Amend Sections: 315, 316 | Marcelino Alcar<br>Phone: (916) 22<br>4640 |
| 2018-0910-03EE | California Health Facilities Financing Authority | Children's Hospital Program of 2008 | Title 4<br><br>Amend Section: 7051, 7054, 7055, 7056, 7063, 7071 | Carolyn Aboubechara<br>Phone: (916) 65<br>3213 |
| 2018-0907-01EE | Board of Pharmacy | Compounded Drug Preparations | Title 16<br><br>Amend Section: 1735.2 | Lori Martinez<br>Phone: (916) 57<br>7917 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-0906-01EFP | California Department of Tax and Fee Administration | Appeals Regulations | Title 18<br><br>Adopt Sections: 35001 - 35101 non-consecutive<br><br>Amend Sections: 1032 - 5700 non-consecutive<br><br>Repeal: 1807 - 5256 non consecutive | Richard Bennio Phone: (916) 45 2130 |
| 2018-0907-02E | Department of Food and Agriculture | Guava Fruit Fly Eradication Area | Title 3<br><br>Amend Section: 3591.13 | Rachel Avila Phone: (916) 40 6813 |
| 2018-0911-01E | Department of Food and Agriculture | Peach Fruit Fly Eradication Area | Title<br><br>Amend Section: 3591.12 | Rachel Avila Phone: (916) 40 6813 |
| 2018-0830-02EFP | Office of Tax Appeals | Appeals from Actions Taken by FTB and CDTFA | Title 18<br><br>Amend Section 30100 – 30832, non-consecutive | Myriam Bouaziz Phone: (916) 92 3918 |
| 2018-0813-01EE | California Health Facilities Financing Authority | Lifeline Grant Program | Title 4<br><br>Adopt Sections: 7213 – 7229 non consecutively | Rosalind Brewe Phone: (916) 65 8243 |
| 2018-0820-01E | Department of Food and Agriculture | Oriental Fruit Fly Eradication Area | Title 3<br><br>Amends Sections: 3591.2 | Rachel Avila Phone: (916) 40 6813 |
| 2018-0814-05ER | Department of Social Services | Temporary Management of Adult Community Care Facilities and Residential Care Facilities for the Elderly (RCFEs) | Title 22<br><br>Adopt Sections: 89600, 89601, 89602, 89632, 89633, 89637, 89662, 89667 | Everardo Vaca Phone: (916) 65 2363 |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-0802-04EON | Department of Corrections and Rehabilitation | Inmate and Parolee Name Change | Title 15, Amend Section 3294.5 | Rosie Ruiz Phone: (916) 44 2244 |
| 2018-0724-02E | Board of Education | English Language Proficiency Assessments for California | Title 5 Amend Sections: 11517.6, 11518, 11518.15, 11518.20, 11518.25, 11518.30, 11518.35, 11518.40, 11518.45, 11518.50, 11518.70, 11518.75, 11519.5 | Hillary Wirick Phone: (916) 31 0860 |
| 2018-0730-01E | Department of Food and Agriculture | Oriental Fruit Fly Eradication Area | Title 3 Amend Section: 3591.2 | Rachel Avila Phone: (916) 40 6813 |
| 2018-0718-02EON | Department of Corrections and Rehabilitation | Provisions of Care and Treatment Exclusions | Title 15 Sections: 3350, 3350.1 | Justin McCall Phone: (916) 69 3325 |
| 2018-0726-03E | Veterinary Medical Board | Fee Schedule | Title 16: Amend Sections: 2070, 2071 | Amanda Drummond Phone: (916) 51 5238 |
| 2018-0719-01EE | California School Finance Authority | California School Facility Grant Program | Title 04 Amend Sections: 10170.2, 10170.3, 10170.4, 10170.5, 10170.6, 10170.7, 10170.9, 10170.10 | Katrina Johantg Phone: (213) 62 2305 |

7/10/2019

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-0720-04EFP | Office of Spill Prevention and Response | Statewide Oil Spill Response Organizations (OSRO) Ratings | Title 1 Amend Sections: 819, 819.01, 819.02, 819.03, 819.04, 819.05, 819.06, 819.07 | Christine Kluge Phone: (916) 32 0910 |
| 2018-0720-03EFP | Office of Spill Prevention and Response | Oil Spill Contingency Plans - Inland Facilities/Definitions & Abbreviations | Title 14 Adopt Section: 817.04 Amend Section: 790 | Christine Kluge Phone: (916) 32 0910 |
| 2018-0720-02EFP | Office of Spill Prevention and Response | Drills and Exercises | Title 14 Adopt Section: 820.02 | Christine Kluge Phone: (916) 32 0910 |
| 2018-0720-01EFP | Office of Spill Prevention and Response | Certificates of Financial Responsibility | Title 14 Adopt Section: 798 Amend Sections: 791, 791.6, 791.7, 792, 793, 794, 795, 796, 797 | Christine Kluge Phone: (916) 32 0910 |
| 2018-0713-02EFP | Department of Public Health | Newborn Screening Program Fee Increase | Title 3 Amend Section: 6508 | Laurel Prior Phone: (916) 44 7673 |
| 2018-0717-03E | Department of Food and Agriculture | Oriental Fruit Fly Eradication Area | Title 3 Amend Section: 3591.2 | Kyle Beucke Phone: (916) 40 6741 |
| 2018-0703-02EE | Department of Water Resources | Inundation Maps | Title 23 Adopt Sections: 335, 335.2, 335.4, 335.6, 335.8, 335.10, 335.12, 335.14, 335.16, 335.18 | Kristen Martin Phone: (916) 22 2170 |
| 2018-0618-01EE | Department of Food and Agriculture | Asian Citrus Psyllid Interior Quarantine | Title 3 Amend Section: 3435(b) | Rachel Avila Ph: (916) 403-6{ |

| OAL File Number | Agency | Subject of Rulemaking | California Code of Regulation (CCR) Title(s) and Section(s) Affected | Contact Person |
|---|---|---|---|---|
| 2018-0628-02EE | Board of Forestry and Fire Protection | Emergency Rulemaking to Facilitate Post-Fire Recovery Efforts Within the Counties of Napa, Sonoma and Mendocino | Title 14 Amend Section 1038 | Eric Hedge Phone: (916) 65 9633 |
| 2018-0629-01ER | Department of Toxic Substances Control | Determining the Initial Penalty for Each Violation | Title 22 Amend Section 66272.62 | Shawn Cox Phone: (916) 32 7527 |
| 2018-0621-01EE | California Debt Limit Allocation Committee | Regulations Revision for Qualified Public Educational Facility Bonds | Title 4 Adopt Sections: 5700, 5710, 5711, 5720, 5721, 5722, 5730, 5731 Amend Sections: 5000, 5020, 5100 | Felicity Wood Phone:(916) 65 8484 |

Showing 1 to 100 of 106 entries

‹ Previous   Next ›

# EXHIBIT 20

## **IMPORTANT NOTICE**

CALIFORNIA DEPARTMENT OF JUSTICE UPDATE REGARDING THE USE OF
"FEDERAL LIMITS APPLY" DRIVER LICENSES AND IDENTIFICATION CARDS TO
PERFORM ELIGIBILITY CHECKS

 "*Eligibility checks*" refers to applications or reports for which an applicant is required to submit
a driver license or identification card, or the number from a driver license or identification card,
so that the Department of Justice may determine the applicant's eligibility to possess a firearm or
ammunition under state or federal law.

Eligibility checks are required upon submission of the following DES transactions:

- Applications to purchase a firearm
- Applications to purchase ammunition

For all eligibility checks, a copy of the applicant's driver license or identification card shall be
submitted.

If the applicant presents a California driver license or identification card with the notation
"FEDERAL LIMITS APPLY" on the front, the applicant shall also submit a copy of a document
that proves their lawful presence in the United States, in the form of one of the following
documents:

- Valid, unexpired U.S. passport or passport card
- Certified copy of U.S. birth certificate
- Certification of Birth Abroad (FS-545), Certification of Report of Birth (DS-1350) or
  Consular Report of Birth Abroad of a Citizen of the United States of America (FS-240),
  issued by the U.S. Department of State
- Valid, unexpired foreign passport with valid U.S. immigrant visa and approved Record of
  Arrival/Departure (I-94) form
- Certified copy of birth certificate from a U.S. Territory
- Certificate of Naturalization or U.S. Citizenship
- Valid, unexpired Permanent Resident Card

For all eligibility checks, if the applicant's California driver license or identification card has the
notation "FEDERAL LIMITS APPLY" on the front and the applicant's name as it appears on the
driver license or identification card differs from the name on the document supplied, the
applicant shall also submit a copy of one of the following certified documents:

- An adoption document that contains the legal name of the applicant as a result of the
  adoption.
- A name change document that contains the applicant's legal name both before and, as a
  result of, the name change.
- A marriage certificate.
- A dissolution of marriage document that contains the legal name of the applicant as a
  result of the court action.

1

354

- A certificate, declaration or registration document verifying the formation of a domestic partnership.
- A dissolution of domestic partnership document that contains the legal name of the applicant as a result of the court action.

The dealer shall keep copies of the documents required as part of the permanent record of the transaction.

These requirements also pertain to an application or report submitted to the Department of Justice in a paper format. Copies of the documents required shall be submitted along with the paper application. These applications and reports include:

- New Resident Report of Firearms Ownership *(BOF 4010A)*
- Firearms Ownership Report *(BOF 4542A)*
- Curio or Relic Firearm Report *(BOF 4100A)*
- Collector In-State Acquisition of Curio and Relic Long Gun Report, *(BOF 961)*
- Report of Operation of Law or Intra-Familial Firearm Transaction *(BOF 4544A)*
- Dangerous Weapons License/Permit(s) Application *(BOF 030) or (BOF 031)*

These requirements also pertain to an application or report submitted to the Department of Justice electronically via CFARS. Copies of the documents required shall be uploaded to CFARS as prompted during the application or reporting process. These applications and reports include:

- Certificate of Eligibility Application
- Unique Serial Number Application
- New Resident Report of Firearms Ownership
- Firearms Ownership Report
- Curio and Relic Firearm Report
- Collector In-State Acquisition of Curio and Relic Long Gun Report
- Report of Operation of Law or Intra-Familial Firearm Transaction

Please see the examples of California "REAL ID" and "Federal Limits Apply" Driver Licenses on the following page.

For additional information, please refer to the California Code of Regulations, Title 11, Division 5, Chapter 4 § 4045. Definitions and Requirements.

Should you have any questions please contact the Bureau of Firearms, Customer Support Center at (855) 365-3767 or via e-mail at bofdes@doj.ca.gov.









# EXHIBIT 21

## IMPORTANT NOTICE

<u>CALIFORNIA DEPARTMENT OF JUSTICE NOTIFICATION AND INSTRUCTIONS FOR
CLEARING WEB BROWSER "COOKIES AND CACHE" ON JULY 1, 2019.</u>

In order to ensure that all Dealer Record of Sale (DROS) Entry System (DES) users have access
to the new ammunition functions within the DES, users will be required to clear their web
browser cookies and cache on **July 1, 2019,** before initiating any firearm or ammunition
transactions.

Clearing the cookies and cache will allow the web browser to update and display the new
functions and layout of the DES.

First, identify the web browser that you are using from the list below, and follow the instructions
to clear your browser's cookies and cache on July 1, 2019.

**<u>Firefox</u>**

- Launch *Firefox*
- Select **History**
- Select **Clear Recent History**



- Once the dialog box opens, select the **Cookies** and **Cache** noted below, and then select
  **OK** to complete the process.



1

**Google Chrome**

- Launch *Google Chrome*
- Click the **Chrome icon** on the upper right-hand side of the browser toolbar



- Click **Settings**



- Select **Show advanced settings…** from the bottom of the menu

  Show advanced settings...

- Select **Content settings…** under *Privacy*



- Select **All cookies and site data…** under *Cookies*



- Select **Remove all** to complete the process.



3

360

**Internet Explorer**

- Launch *Internet Explorer*
- Click the **Settings** icon on the upper right-hand side of the browser toolbar



- Select **Tools**, then select **Internet options**



- Under the *General* tab, in *Browsing history*, check the box to **Delete browsing history on exit**, and then select **Delete…**

4



- In the following dialogue box, check the boxes for **Cookies and website data** and **History**, then select **Delete**



- Once the *Delete Browsing History* window has closed, select **OK** at the bottom of the *Internet Options* window to complete the process.

5

362



**Note:** For all web browsers, the keyboard shortcut *Ctrl + Shift + Delete* will bring up a window that will allow you to manage your browser's history. This may allow you to bypass some of the previously mentioned steps, depending on the browser that you are using.

Should you have any questions, please contact the Bureau of Firearms, Customer Support Center at (855) 365-3767 or via e-mail at bofdes@doj.ca.gov.

6

# EXHIBIT 22

**IMPORTANT NOTICE**

**Regarding Availability of Instructional User Guides Related to Upcoming Ammunition Sale Requirements**

The purpose of this bulletin is to notify firearm dealers and ammunition vendors of the availability of instructional user guides that have been created or updated to reflect enhancements to the Dealer Record of Sale (DROS) Entry System (DES) that allow for the submission of eligibility checks and ammunition purchases. These user guides will be available to access through the Bureau of Firearms website at https://oag.ca.gov/firearms/forms listed under "Publications" and subsequently through the DES application.

**Firearm Dealers:** The DES User Guide was updated to include instructions for ammunition eligibility checks and sales.

**Ammunition Vendors:** The Ammunition User Guide provides instructions on using DES including submitting ammunition transactions.

The Quick Reference Guide is an instructional document on how to submit an ammunition eligibility check and ammunition purchase and can be found attached to this bulletin.

In preparation for the upcoming changing requirements for the sale of ammunition through DES, it is recommended that all employees of firearm dealers and ammunition vendors review these instructional guides thoroughly.

**The ammunition functionality will be available within DES at 7:00 am on Monday July 1, 2019, and the Customer Support Center will be available at this time for any assistance with the system.**

**Effective July 2, 2019, the DES hours of operation will be 4:00 am to 1:00 am and the Customer Support Center hours will be Monday through Sunday 8:00 am to 9:00 pm unless otherwise notified.**

Furthermore, new content has been added to the Bureau of Firearms website under the Ammunition Purchase Authorization Program at oag.ca.gov/firearms/apap. You will find information about the requirements used to determine whether an individual is eligible to purchase ammunition in addition to establishing and updating a record in the Automated Firearms System.

Should you have any questions, please contact the Bureau of Firearms, Customer Support Center at (855) 365-3767 or via e-mail at bofdes@doj.ca.govmailto:.

365



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## SUBMITTING AN ELIGIBILITY CHECK

## To get started you will need:

Information
- Purchasers California Driver License or California Identification Card

Equipment
- Internet Service Provider
- Computer or laptop with internet capabilities
- Printer
- Adobe Acrobat Reader (software)
- Magnetic card swipe reader that meets California Department of Motor Vehicle specifications (based on AAMVA standards-card design 2009) which read 3-tracks of magnetic stripe data, and 2D barcode data.

## STEP 1

Go to your internet browser and access the DROS Entry System (DES) by typing the following URL into your URL address bar: https://des.doj.ca.gov.



## STEP 2

Enter your User Name and Password.



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice

366



# D R O S  E n t r y  S y s t e m
# S u b m i t  A m m u n i t i o n  T r a n s a c t i o n
# Q u i c k  R e f e r e n c e  G u i d e

## STEP 3

Select **Submit Eligibility Check** from the Ammunition Transaction section.



## STEP 4

Select the appropriate Ammunition Eligibility Check for the purchaser.

- Standard Ammunition Eligibility Check (SAEC) **Fee: $1.00**
- Basic Ammunition Eligibility Check (BAEC) **Fee: $19.00**
- Certificate of Eligibility (COE) Verification **Fee: $1.00**

### Select Eligibility Check

**Purchaser Eligibility Check**

Standard Ammunition Eligibility Check

Basic Ammunition Eligibility Check

Certificate of Eligibility Verification

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# D R O S  E n t r y  S y s t e m
# S u b m i t  A m m u n i t i o n  T r a n s a c t i o n
# Q u i c k  R e f e r e n c e  G u i d e

## STEP 5

Swipe the CA driver license or identification card through the magnetic card swipe reader. You must click on the **Populate Fields** button in order for the personal information to be entered into the personal information fields.





Confirm the information populated matches the driver license or identification card and that all required fields have been entered and then click **Preview**.

**PLEASE NOTE**: When processing an Eligibility Check for a COE holder the COE number must be entered.



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 6

After clicking preview, you will be redirected to preview the eligibility check. Review the personal information entered. If everything is correct, select the checkbox "I understand that upon submission of this DROS transaction I will be billed and agree to pay a non-refundable fee of $1.00 to the Department of Justice" and click **Submit Final**.



**PLEASE NOTE**: The fee will vary depending on the type of eligbility check you are submitting.

You must check this box to see the Submit Final option.



After you click Submit Final, the system displays the final DROS transaction with its unique DROS number. The status of the submitted eligibility check will indicate "In Progress."



**RECOMMENDATION**: **Write down or copy the generated DROS number** that has been provided. It can be used to search for the eligibility check once a determination is made by the Department.

If a Basic Ammunition Eligibility check is submitted, please provide the DROS number to the individual and advise them to check the status of their eligibility check on the Department's California Firearms Application Reporting System (CFARS). The Department may take several days to make an eligibility determination for a Basic Ammunition Eligibility Check.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## SEARCH AMMUNITION ELIGIBILITY CHECK

## STEP 1

Once you have submitted an Ammunition Eligibility Check to the Department, you will need to wait for an approved status before the purchaser can purchase ammunition. From the DES Main Page select **Search Eligibility Check** from the Ammunition Transaction section.



## STEP 2

The "Ammunition Eligibility Check Results" page will populate. From this page you can search by the purchaser's last name, first name, DROS number, ID number or by decision. Enter the information that you want to search by and then click **Search**. The results will populate in the "Search Results" section.



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 3

Click on the DROS number of the Ammunition Eligibility Check to display the DROS. The DROS will display with its status indicating whether or not the purchaser is eligible to purchase or possess ammunition.

The Ammunition Eligibility Check status' are:

- **APPROVED** – The Department has determined the individual is eligible to purchase or possess ammunition.

- **DENY/REJECT** – The Department has determined the individual is not eligible to purchase or possess ammunition. The person cannot continue with an ammunition purchase.

- **IN PROGRESS** – Ammunition eligibility check is currently being processed by the Department.

- **USED** – Individual has purchased and received ammunition in association with the eligibility check.

- **EXPIRED** – The eligibility check was approved, but can no longer be used to complete a purchase of ammunition.

If the eligibility check has an APPROVED status, the "Purchase Ammunition" link will be available at the top of the screen. Clicking the "Purchase Ammunition" link will take you to the "Select Ammunition Purchase Type" page to submit ammunition purchase(s).



If the eligibility check has a Deny/Reject status, provide the individual with the DROS number and advise them to go to the Department's CFARS for information on their denial/rejection.

## SUBMIT AMMUNITION PURCHASE(S)

All ammunition eligibility checks require an APPROVED status to submit an ammunition purchase. There is no limit on the amount of ammunition that can be purchased during a transaction, using an APPROVED eligibility check. The eligibility check status will change to USED once the final delivery of ammunition is submitted.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 1

Select **Submit Ammunition Purchase(s)** from the DES Main Page.



## STEP 2

The "Select Ammunition Purchase Type" page will display. Select the appropriate transaction type.

    a.  **Ammunition Sale** – The purchase of ammunition from a licensed California Ammunition Vendor.

    b.  **Private Party Ammunition Transfer** – Ammunition transferred from one non-vendor to another non-vendor.



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 3

After clicking "Ammunition Sale", you must verify the purchaser information by entering the fifteen digit Eligibility Check DROS number in the "Enter Eligibility Check DROS #" field. Click **Verify** and the purchaser's information will populate based on the information entered while submitting the Eligibility Check.



## STEP 4

Enter the "Transaction and Ammunition Information."



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 5

Confirm the information entered is correct and click **Preview**. After clicking preview, you will be redirected to a page to preview the Dealer Record of Sale of Ammunition. If everything is correct, select the checkbox "I understand that upon submission of this DROS transaction I will be billed and agree to pay a non-refundable fee of $0 to the Department of Justice". Click **Add Transaction** to be taken to the "Pending Purchase(s)" page.



You must check this box to see "Add Transaction."



After clicking "Add Transaction," you will be taken to the "Pending Purchase(s)" page where you can "Add Ammunition" or "Deliver" the ammunition.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 6

If the purchaser would like to add additional ammunition to their purchase, simply click **Add Ammunition** and repeat steps 2-5.



If the purchaser does not want to add additional ammunition to their transaction, simply click **Deliver**.



After Clicking on "Deliver," a dialog box will open. Press "OK" to continue, or "Cancel" to stay on the page.

**PLEASE NOTE**: If you click "OK", the Ammunition Eligibility Check will be used and the purchase of ammunition will be submitted to the Department. The transaction is complete. Please confirm the purchaser does not want to add additional ammunition prior to clicking "OK." If the purchaser decides they want to purchase more ammunition after you have clicked "OK", they will have to pay for another eligibility check.





CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

## STEP 7

After clicking "OK", you will be taken to the final Dealer's Record of Sale of Ammunition. Click the ***Print this DROS*** link in the upper left hand corner of the page.

<mark>PLEASE NOTE:</mark> <mark>You must select the Print this DROS link (upper left hand corner) as that will be the only opportunity to generate a printed DROS Ammunition copy for customer signature.</mark>



Collect the purchaser and salesperson's signature on the Dealer's Record of Sale of Ammunition printout. Records must be maintained and available for inspection for five (5) years (Pen. Code § 30355).



CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# **D R O S   E n t r y   S y s t e m**
# **S u b m i t   A m m u n i t i o n   T r a n s a c t i o n**
# **Q u i c k   R e f e r e n c e   G u i d e**

## FREQUENTLY ASKED QUESTIONS

**1. What does an ammunition transaction consist of?**

An ammunition transaction consists of two general steps: 1) submitting an eligibility check to the Department, and 2) if the Department determines the individual is eligible to own or possess ammunition, submitting the ammunition purchase to the Department.

**2. What if the eligibility check determination (status) comes back as a "Deny/Reject?"**

If the Department determines the individual is not eligible to own or posses ammunition, provide the individual with their Ammunition Transaction Number (also known as a DROS number) and advise them to log on to the Department's California Firearms Application Reporting System (https://cfars.doj.ca.gov/login.do) for more information regarding the determination.

**3. How do I know what type of eligibility check to submit for the individual?**

The requirements for each eligibility check are as follows:

    **1. Certificate of Eligibility Verification:** You may use this eligibility check if the individual has a <u>current</u> Certificate of Eligibility issued by the Department.

    **2. Standard Ammunition Eligibility Check:** You may use this type of eligibility check if the person's information matches an entry in the Automated Firearms System (name, date of birth, current address, and driver license or other government identification) and does not fall within a class of persons who are prohibited from owning or possessing ammunition.

    Individual's may have a record in the Automated Firearms System if they have purchased or transferred a firearm through a California licensed firearm dealer, if they have registered an assault weapon during one of the registration periods, or if they have submitted a voluntary report of ownership to the Department. Please note: the individual must still be the owner of the firearm.

    If the last long gun purchase was prior to January 1, 2014, there is a possibility they may not have a record in the Automated Firearms System despite having purchased or transferred their firearm through a firearms dealer**.**  The Department was statutorily prohibited from retaining information regarding sales of rifles or shotguns prior to January 1, 2014. As a result, records of rifles and shotguns prior to January 1, 2014, in the Automated Firearms System are limited to assault weapon registrations (Pen. Code, § 30500, et seq.), voluntary reports of ownership, and other records entered by the Department and California law enforcement agencies.

    **3. Basic Ammunition Eligibility Check:** You may use this eligibility check if the individual does not have a current entry in the Automated Firearms System or if they do not have a current Certificate of Eligibility. The Department will determine the individual's eligibility based on a comprehensive review of its records (similar to a firearm eligibility check).

**4. How do I process a private party transfer (PPT) of ammunition?**

When transferring ammunition from one non-vendor to another non-vendor you must obtain an APPROVED eligibility check for the purchaser and then select a **Private Party Ammunition Transfer** to submit the sale of ammunition.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

Seller's information is not required when processing a transfer for ammunition. If the purchaser receives a DENY or REJECT, the vendor shall forthwith return the ammunition to the seller.

**5. How long does it take to get a determination from the Department for each type of eligibility check?**

    **1. Certificate of Eligibility Verification Checks** – A determination may be completed in approximately 2 minutes.

    **2. Standard Ammunition Eligibility Check** – A determination may be completed in approximately 2 minutes.

    **3. Basic Ammunition Eligibility Check** – A determination may take days to complete. Once this type of eligibility check is submitted, please provide the individual with their Ammunition Transaction Number (also known as a DROS Number) and advise them they can check the status of their eligibility check through the Department's California Firearms Application Reporting System (https://cfars.doj.ca.gov/login.do). Once their eligibility check is approved, they can return to your location and complete the ammunition purchase transaction.

**6. How long are eligibility checks valid?**

    **1. Certificate of Eligibility Verification Checks** – 18 hours from an Approved determination.

    **2. Standard Ammunition Eligibility Check** – 18 hours from an Approved determination.

    **3. Basic Ammunition Eligibility Check** – 30 days from an Approved determination.

**7. At what point do I have the individual sign ammunition purchase paperwork?**

The individual and the store associate/sales person/agent are only required to sign the DROS that is generated once the **ammunition purchase** is submitted to the Department.

**8. How long do I have to retain DROS Ammunition Sale records?**

You must maintain all ammunition sale records on site for 5 years.

**9. Do I have to maintain ammunition sale records in hard copy format?**

No, whether ammunition sale records are maintained in hard copy format will be at the discretion of the vendor. However, regardless of how they are maintained, they must be accessible onsite for inspection.

**10. If the background check is <u>rejected/denied</u>, what are the retention requirements for the paperwork?**

There are no recordkeeping retention requirements at this time.

**11. I made a mistake on the eligibility check, how do I correct or cancel it?**

You cannot correct or cancel an eligibility check once it has been submitted. You will have to resubmit the eligibility check with the correct information. Upon submission of an eligibility check, the fee will be charged to the dealer's account. The Department will not provide refunds after submission and acceptance of an eligibility check.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice



# DROS Entry System
# Submit Ammunition Transaction
# Quick Reference Guide

**12. How do I cancel an ammunition purchase that has already been submitted?**

You cannot cancel an ammunition purchase transaction. As such, it is critical associates/sales persons/agents preview their submission, and make corrections, prior to submitting the transaction.

**13. Is there a limit on how much ammunition an individual can purchase during an ammunition purchase?**

No.

**14. Does the caliber of the ammunition that is being purchased have to match the firearm information that is on record with the Department?**

No.

**15. What does it mean if someone is exempt pursuant to Penal Code section 30352 (e)?**

If someone is exempt, you do not have to submit an ammunition eligibility check for that individual, and you do not have to submit the ammunition purchase to the Department.

**16. Who is considered exempt?**

Refer to Penal Code section 30352 (e).

**17. How do I verify an individual is exempt pursuant to Penal Code section 30352 (e)?**

Refer to the Department's **Ammunition Purchases or Transfers** regulations https://oag.ca.gov/firearms/regs for more information.

CONFIDENTIAL and/or PROPRIETARY: Contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use, or disclosure is prohibited without the prior consent of the California Department of Justice

379

# EXHIBIT 23

# Additional Documentation Requirements for Eligibility Checks with Federal Non-Compliant California Driver License or Identification Cards

**California Code of Regulations, title 11, section 4045.1**

This section applies to all firearms and ammunition eligibility checks, including any eligibility check described in Division 5.  For the purposes of this section, "eligibility checks" refers to background checks based on any application or report for which an applicant is required to submit a driver license or identification card, or the number from a driver license or identification card, so that the Department of Justice may determine the applicant's eligibility to possess a firearm or ammunition under state or federal law.

(a)     For all eligibility checks, a copy of the applicant's California driver license or identification card, or out-of-state driver license, if applicable, shall be submitted, as specified in subdivisions (d) through (g).

(b)     For all eligibility checks, if the applicant presents a federal non-compliant California driver license or identification card with the notation "FEDERAL LIMITS APPLY" on the front, the applicant shall also submit proof of lawful presence in the United States, as specified in subdivisions (d) through (g), in the form of one of the following documents:

(1) Valid, unexpired U.S. passport or passport card.

(2) Certified copy of U.S. birth certificate.

(3) Certification of Birth Abroad (FS-545), Certification of Report of Birth (DS-1350) or Consular Report of Birth Abroad of a Citizen of the United States of America (FS-240), issued by the U.S. Department of State.

(4) Valid, unexpired foreign passport with valid U.S. immigrant visa and approved Record of Arrival/Departure (I-94) form.

(5) Certified copy of birth certificate from a U.S. Territory.

(6) Certificate of Naturalization or U.S. Citizenship.

(7) Valid, unexpired Permanent Resident Card.

(c)     For all eligibility checks, if the applicant's name as it appears on the federal non-compliant California driver license or identification card differs from the name on the proof of lawful presence document submitted in accordance with subdivision (b), the applicant shall also submit, as specified in subdivisions (d) through (g), one of the following certified documents:

381

(1) An adoption document that contains the legal name of the applicant as a result of the adoption.

(2) A name change document that contains the applicant's legal name both before and, as a result of, the name change.

(3) A marriage certificate.

(4) A dissolution of marriage document that contains the legal name of the applicant as a result of the court action.

(5) A certificate, declaration or registration document verifying the formation of a domestic partnership.

(6) A dissolution of domestic partnership document that contains the legal name of the applicant as a result of the court action.

(d)     Applications or reports submitted in a paper format.

For eligibility checks based on an application or report submitted to the Department of Justice in a paper format, copies of the documents required in subdivisions (a) through (c) shall be submitted along with the paper application.  These applications and reports include:

(1) Certificate of Eligibility applications, pursuant to Penal Code section 26710.

(2) Firearm Ownership Reports:

   (A)   New Resident Report of Firearm Ownership, form BOF 4010A (Rev. 5/2019), pursuant to Penal Code section 27560.
   (B)   Firearm Ownership Report, form BOF 4542A (Rev. 05/2019), pursuant to Penal Code section 28000.
   (C)   Curio or Relic Firearm Report, form BOF 4100A (Rev. 05/2019), pursuant   to Penal Code section 27565.
   (D)   Collector In-State Acquisition of Curio or Relic Long Gun Report, form BOF 961 (Rev. 05/2019), pursuant to Penal Code section 27966.
   (E)   Report of Operation of Law or Intra-Familial Firearm Transaction, form BOF 4544A (Rev. 05/2019), pursuant to Penal Code sections 27875 and 27920.

(3) The application forms referenced in section 4142 of Chapter 7 of this Division 5 and amended for purposes of this division as follows:  Dangerous Weapons License/Permit(s) Application, form BOF 030 (Rev. 05/2019), or Dangerous Weapons License/Permit(s) Renewal Application, form BOF 031 (Rev. 05/2019). These forms include options to apply for the following licenses/permits:

   (A)   Assault Weapon/.50 BMG Rifle Permit, pursuant to Penal Code sections 31000 and 31005.

382

    (B)   Short-Barreled Shotgun/Rifle Permit, pursuant to Penal Code sections 33300 and 33305.

    (C)   Destructive Device Permit, pursuant to Penal Code sections 18900 and 18905.

    (D)   Machinegun Permit, pursuant to Penal Code sections 32650 and 32655.

    (E)   Machinegun License, pursuant to Penal Code sections 32700 - 32715.

(e)   Applications or reports submitted electronically via the California Firearms Application Reporting System (CFARS).

For eligibility checks based on an application or report submitted to the Department of Justice electronically via CFARS, copies of the documents required in subdivisions (a) through (c) shall be uploaded to CFARS as prompted during the application or reporting process.  These applications and reports include:

(1) Certificate of Eligibility applications, pursuant to Penal Code section 26710 and Chapter 3 of this Division 5.

(2) Unique Serial Number Applications, pursuant to Penal Code section 29182 and Chapter 41 of this Division 5.

(3) Firearm Ownership Reports, including:

    (A)   New Resident Report of Firearm Ownership, pursuant to Penal Code section 27560.

    (B)   Firearm Ownership Report, pursuant to Penal Code section 28000.

    (C)   Curio or Relic Firearm Report, pursuant to Penal Code section 27565.

    (D)   Collector In-State Acquisition of Curio or Relic Long Gun Report, form pursuant to Penal Code section 27966.

    (E)   Report of Operation of Law or Intra-Familial Firearm Transaction, pursuant to Penal Code sections 27875 and 27920.

(f)   Applications or reports submitted electronically via the Dealer Record of Sale Entry System (DES), including applications or reports submitted pursuant to Chapters 8 and 11 of this Division 5.

For eligibility checks based on applications or reports submitted to the Department of Justice electronically via the DES, the firearm dealer or ammunition vendor shall examine the applicant's driver license or identification card.  If the applicant's California driver license or identification card is federal non-compliant with the notation "FEDERAL LIMITS APPLY" on the front, the firearm dealer or ammunition vendor shall require the applicant to submit a copy of the document required in subdivision (b), as well as a copy of the document required in subdivision (c) if applicable.  These applications and reports include:

383

(1)  Application(s) to purchase a firearm.  The firearm dealer shall confirm compliance with this subdivision on DES, as necessary during the application or reporting process.  The firearm dealer shall keep a copy of the document(s) required in subdivisions (a) through (c) as part of the permanent record of the transaction described in Penal Code section 28215, subdivision (c).

(2)  Applications to purchase ammunition, as described in Penal Code section 30370.  The firearm dealer or ammunition vendor shall confirm compliance with this subdivision on DES, as necessary during the application or reporting process.  The firearm dealer or ammunition vendor shall keep a copy of the document(s) required in subdivisions (a) through (c).

(g)   Applications or reports submitted to other agencies that include fingerprint data to be used by the Department of Justice to determine the applicant's eligibility to possess a firearm or ammunition under state or federal law.

For eligibility checks based on applications or reports submitted to other agencies that include fingerprint data to be used by the Department of Justice to determine the applicant's eligibility to possess a firearm or ammunition under state or federal law, if the applicant presents a federal non-compliant California driver license or identification card with the notation "FEDERAL LIMITS APPLY" on the front, the agency shall require the applicant to submit copies of the documents required in subdivision (b), as well as a copy of the document required in subdivision (c) if applicable.  The agency shall keep a copy of the documents required in subdivisions (a) through (c) as part of the permanent record of the application.  The Department of Justice may request a copy of the document(s) at a future date. Applicants of these applications and reports include:

(1) Peace officer applicants, custodial officers, or transportation officers, pursuant to Penal Code section 832.15.

(2) Peace officers, pursuant to Penal Code section 832.16.

(3) Applicants for admission to a basic course of training certified by the Commission on Peace Officer Standards and Training that includes the carrying and use of firearms, pursuant to Penal Code section 13511.5.

(4) Applicants for an explosives permit, pursuant to Health & Safety Code section 12101.

Note:  Authority cited:  Sections 28060, 28100, 28155, 28215 and 28220, Penal Code.
Reference:  Sections 832.15, 832.16, 13511.5, 16400, 18900, 18905, 23000, 26150, 26155, 26170, 26710, 26815, 27540, 27560, 27565, 27875, 27920, 27966, 28000, 28160, 28215, 28220, 28250, 29182, 29500, 30105, 30370, 31000, 31005, 32650, 32655, 32700, 32705, 32710, 32715, 33300, 33305 and 33850, Penal Code; Section 12101, Health & Safety Code; and Section 922, Title 18, United States Code.

# EXHIBIT 24

State *of* California Department *of* Justice

   



# XAVIER BECERRA

## *Attorney General*

|  | Search |
| --- | --- |

Translate Website | Traducir Sitio Web

# Ammunition Purchase Authorization Program

Home   /   Firearms   /   *Ammunition Purchase Authorization Program*

Effective July 1, 2019, persons seeking to purchase or transfer ammunition will have to undergo an eligibility check, and be approved by the Department, prior to the sale or transfer, except as otherwise specified. Departmental approval shall occur electronically through a licensed ammunition vendor. Pursuant to Penal Code sections 30352 and 30370, the Department will determine that a person is eligible to purchase or transfer ammunition if they meet one of the following requirements:

- The person has a current Certificate of Eligibility issued by the Department

- The person's information matches an entry in the Automated Firearms System (name, date of birth, current address, and driver license or other government identification) and does not fall within a class of persons who are prohibited from owning or possessing ammunition. The Department shall make this determination by cross-referencing the Prohibited Armed Persons file (also

386

7/10/2023
Case 3:18-cv-00802-BEN-JLB   Document 33-1   Filed 07/22/19   PageID.389   Page 267 of 358
Ammunition Purchase Authorization Program | State of California - Department of Justice - Office of the Attorney General

known as the Armed and Prohibited Persons System).

- The person is not prohibited from purchasing or possessing ammunition. The Department determines eligibility based on a comprehensive review of its records (similar to a firearm eligibility check).

  Please note: this eligibility check requires a manual review of records by a Department analyst. As such, the Department may take longer to respond with a determination as to eligibility. Response times may take several days. Persons will have the ability to check the status of their eligibility check through the Ammunition Eligibility Check Status and Information page (available July 1, 2019).

- The person was approved by the Department to receive a firearm from the ammunition vendor, pursuant to Penal Code section 28220, if that vendor is a licensed firearm dealer, and the ammunition is delivered to the person in the same transaction as the firearm. In this scenario, the dealer will use the approved firearm eligibility check as the approval to purchase ammunition, and will submit the ammunition purchase to the Department during the delivery of the firearm.

# Establishing a Record in the Automated Firearms System

The Automated Firearms System is a repository of firearm records maintained by the Department, as established by Penal Code section 11106. The Automated Firearms System is populated by way of firearm purchases or transfers at a California licensed

387

firearm dealer, registration of assault weapons (during specified registration periods), an individual's report of firearm ownership to the Department, Carry Concealed Weapons Permit records, or records entered by law enforcement agencies.

To establish an Automated Firearms System record, you may take one of the following actions:

- Record ownership of a firearm you possess, but were not previously required to report, by submitting a Firearm Ownership Report to the Department.
  If your last firearm purchase of a long gun was prior to January 1, 2014, there is a possibility you may not have a record in the Automated Firearms System despite having purchased or transferred your firearm through a firearms dealer. The Department was statutorily prohibited from retaining information regarding sales of rifles or shotguns prior to January 1, 2014. As a result, records of rifles and shotguns in the Automated Firearms System prior to January 1, 2014, are limited to assault weapon registrations (Pen. Code, § 30500, et seq.), voluntary reports of ownership, and other records entered by the Department and California law enforcement agencies.

  You may submit the Firearm Ownership Report through the California Firearms Application Reporting System (CFARS). For more information regarding this process please visit the Firearms Reporting and Law Enforcement Gun Release Application page.

- Record ownership through a purchase or transfer of a firearm from a licensed firearm dealer in California.

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.991 Page 269 of 358

# Updating a Record in the Automated Firearm System

Effective July 1, 2019, persons with an outdated Automated Firearms System record will have the ability to update personal information (name, date of birth, Identification number/type, and current address) on their Automated Firearm System record via the CFARS. Please refer to the Department's Automated Firearms System Personal Information Update page for more information regarding this process.

Ammunition Purchases or Transfers Regulations

Ammunition Purchases Frequently Asked Questions

## Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

Firearms Shipment Verification/California Licensee Check (CFLC) System

Firearm Safety Certificate Program, DOJ Certified Instructor Information and Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

389

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
|---|---|

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.994 Page 272 of 358

## WHAT WE DO

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

## OPEN GOVERNMENT

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

## Memorial

Agents Fallen in the Line of Duty

## Vote

Register to Vote

## WHAT WE'RE WORKING ON

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

392

7/10/2019 Ammunition Purchase Authorization Program | State of California / Department of Justice / Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.995 Page 273 of 358

**MEDIA**

Consumer Alerts

Press Releases

Media Library

**CAREERS**

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

---

Office of the Attorney General     Accessibility     Privacy Policy     Conditions of Use     Disclaimer

© 2019 DOJ

# EXHIBIT 25

State *of* California Department *of* Justice

   



# XAVIER BECERRA
## *Attorney General*

| | Search |
|---|---|

Translate Website | Traducir Sitio Web

# Frequently Asked Questions

## Ammunition Vendor Licensing FAQ's

1. Can a law enforcement agency purchase ammunition to use for training and work purposes, including their training academy, without having an ammunition vendor license or going through a licensed ammunition vendor for the purchase?

2. If a licensed ammunition vendor wants to sell ammunition from another location would an additional separate ammunition vendor license be required?

3. Do out of state commercial trucking companies need a Certificate of Eligibility to transport ammunition from out of state to a California ammunition vendor or gun show event?

4. If a business sells under 500 rounds of ammunition, do they need an Ammunition Vendor License or a Certificate of Eligibility?

5. Must a target facility have an ammunition vendor license?

6. What proof is needed for an ammunition vendor license when a city or county doesn't issue a business license for ammunition sales?

7. If a hunter from California takes ammunition out of state and then reloads the casing to bring back to California, would they need to go through an ammunition vendor?

8. If children under 18 work in their parents' (ammunition vendor or firearms dealer) store are they required to have a Certificate of Eligibility?

9. Does a firearms dealer collect sales tax from a customer that has ammunition delivered to their dealership?

10. If a gun club does not sell more then 500 rounds of ammunition, therefore not required to obtain an ammunition vendor license and requires all ammunition to be used at their facility, who is responsible if a customer leaves the premises with purchased ammunition?

11. The Ammunition Vendor Licensing Application, form BOF 1021, does not list ownership for non-profit business as a "Type of Business". How can this be indicated on the application?

---

1. **Can a law enforcement agency purchase ammunition to use for training and work purposes, including their training academy, without having an ammunition vendor license or going through a licensed ammunition vendor for the purchase?**

   ○ Yes, a law enforcement agency is exempt from obtaining an ammunition vendor license or purchasing ammunition through an ammunition vendor for training.

   Pursuant to Penal Code section 30312, subdivision(c)(11), a person enrolled in the basic training academy for peace officers or any other course certified by the Commission on Peace Officer Standards and Training, an instructor of the academy or course, or a staff member of the academy or entity providing the course, who is purchasing the

396

ammunition for the purpose or use in the course is exempt from obtaining an ammunition vendor license or processing a sale through an ammunition vendor.

Furthermore, a law enforcement agency is exempt from obtaining an ammunition vendor license or purchasing ammunition through an ammunition vendor for work purposes. Pursuant to Penal Code 30312, subdivision (c)(1), an authorized law enforcement representative of a city, county, city and county, or state or federal government, is exempt from obtaining an ammunition vendor license or processing a sale through a licensed ammunition vendor, if the sale, and delivery, or transfer is for exclusive use by that government agency and, prior to the sale, delivery, or transfer of the ammunition, written authorization from the head of the agency employing the purchaser or transferee is obtained, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency employing the individual.

2. **If a licensed ammunition vendor wants to sell ammunition from another location would an additional separate ammunition vendor license be required?**

   - Yes, pursuant to Penal Code section 30348, subdivision (a), the sale of ammunition by a licensed vendor shall be conducted at the location specified in the license. The address on the license must be the physical address where the ammunition is stored and the transaction is conducted.

     A vendor may sell ammunition at a gun show or event if the gun show or event is not conducted from any motorized or towed vehicle pursuant to Penal Code section 30348, subdivision (b).

3. **Do out of state commercial trucking companies need a Certificate of Eligibility to transport ammunition from out of state to a California ammunition vendor or gun show event?**

   ○ Out of state trucking companies do not need a Certificate of Eligibility to deliver to a California ammunition vendor or a firearms dealer, unless they are employees or agents of that California ammunition vendor or dealer. (Pen. Code, § 30347)

4. **If a business sells under 500 rounds of ammunition, do they need an Ammunition Vendor License or a Certificate of Eligibility?**

   ○ An ammunition vendor license is only required if you sell more than 500 rounds of ammunition. A Certificate of Eligibility is required if you are a California ammunition vendor or any agent or employee of an ammunition vendor who handles, sells, delivers, or has under his or her custody or control any ammunition. (Pen. Code, § 30342, 30347)

5. **Must a target facility have an ammunition vendor license?**

   ○ Yes, if they sell more than 500 rounds of ammunition, they are required to have an ammunition vendor license. (Pen. Code, § 30342)

6. **What proof is needed for an ammunition vendor license when a city or county doesn't issue a business license for ammunition sales?**

   ○ You can submit documentation from the city or county that indicates no business license is required. (Pen. Code, § 30395)

7. **If a hunter from California takes ammunition out of state and then reloads the casing to bring back to California, would they need to go through an ammunition vendor?**

   ○ Yes. Any ammunition purchased or otherwise obtained from outside of California has to be delivered to a licensed ammunition vendor for delivery. (Pen. Code, § 30314(a))

8. **If children under 18 work in their parents' (ammunition vendor or firearms dealer) store are they required to have a Certificate of Eligibility?**

   ○ Minors under 18 cannot handle, sell, deliver, or transport ammunition because they cannot meet the age requirement for a Certificate of Eligibility. (Pen. Code, § 26710, 30300, 30347)

9. **Does a firearms dealer collect sales tax from a customer that has ammunition delivered to their dealership?**

   ○ Sales tax questions should be addressed to the California Department of Tax and Fee Administration.

10. **If a gun club does not sell more then 500 rounds of ammunition, therefore not required to obtain an ammunition vendor license and requires all ammunition to be used at their facility, who is responsible if a customer leaves the premises with purchased ammunition?**

    ○ The gun club and customer are both responsible. The gun club is exempt from ammunition vendor license requirements and a customer is exempt from having to go through an ammunition vendor, pursuant to Penal Code section 30312, subdivision (c)(9) which states, a person who purchases or receives ammunition at a target facility holding a business or other regulatory license, provided that the ammunition is at all times kept within the facility's premises.

    If both parties do not follow the requirements then, pursuant to Penal Code section 30312, subdivision (d), a violation of this section is a misdemeanor.

11. **The Ammunition Vendor Licensing Application, form BOF 1021, does not list ownership for non-profit business as a "Type of Business". How can this be indicated on the application?**

    ○ Indicate by writing or typing in "non-profit" on the application in the business section. Business Ownership Type Checklist, pdf

Back To Top

# Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

Firearms Shipment Verification/California Licensee Check (CFLC) System

Firearm Safety Certificate Program, DOJ Certified Instructor Information and
Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us

400

Case 3:18-cv-00802-BEN-JLB Document 33-6 Filed 07/22/19 PageID.003 Page 281 of 358



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
|---|---|

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

## WHAT WE DO

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

## OPEN GOVERNMENT

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

## Memorial

Agents Fallen in the Line of Duty

## Vote

Register to Vote

## WHAT WE'RE WORKING ON

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

402

OpenJustice

## MEDIA

Consumer Alerts

Press Releases

Media Library

## CAREERS

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

Office of the Attorney General    Accessibility    Privacy Policy    Conditions of Use    Disclaimer

© 2019 DOJ

# EXHIBIT 26

State *of* California Department *of* Justice

   



# XAVIER BECERRA

## *Attorney General*

| | |
|---|---|
| | Search |

Translate Website | Traducir Sitio Web

# Frequently Asked Questions

Home   /   Firearms   /   Ammunition Purchase Authorization Program

/ *Frequently Asked Questions*

## Ammunition Purchases

1. Who is authorized to conduct ammunition purchases and transfers?

2. When will I have to start going through an eligibility check to purchase ammunition?

3. What do I need to bring to a vendor in order to purchase ammunition? What type of documentation? (non-exempt purchasers)?

4. What is my eligibility to purchase ammunition based on?

5. What is the difference between a Standard Ammunition Eligibility Check and a Basic Ammunition Eligibility Check (single ammunition transaction)?

6. How will I be notified of an approved or rejected ammunition eligibility check? Will the Department provide information to persons who are denied?

7. What can I do if I was rejected on a Standard Ammunition Eligibility Check because my information did not match an Automated Firearms System (AFS) entry?

8. How do I establish a record in the Automated Firearms System?

9. As a customer, when I attempt to purchase ammunition, how do I know which eligibility check to advise the vendor to submit for me?

10. What are the fees associated with each of the ammunition eligibility checks?

11. How long does it take to get a determination from the Department for each type of eligibility check?

12. What is an Ammunition Transaction Number (ATN)?

13. I tried to purchase ammunition and was rejected. The vendor provided me with an Ammunition Transaction number (ATN) and told me I could get information on my rejection through the Department's website. Where exactly do I go to get that information and what information will I need to provide?

14. If I don't have a firearm recorded in my name, can I still purchase ammunition?

15. As a California resident, can I bring ammunition from another state into California?

16. Can a person purchase ammunition multiple times using one approved Basic Ammunition Eligibility Check?

17. I went through a Basic Ammunition Eligibility Check, was approved, and purchased ammunition. Since the Department has record of my ammunition purchase, does that mean I now meet the requirements to undergo the

406

Standard Ammunition Eligibility Check ($1 eligibility check) to purchase ammunition?

18. How does a person transition from a Basic Ammunition Eligibility Check to Standard Ammunition Eligibility Check, in order to not have to pay the $19 fee every time?

19. I want to purchase a firearm and ammunition at the same time. Do I have to pay for two separate eligibility checks: one for ammunition and one for the firearm?

20. Are there age restrictions for the purchase of ammunition?

21. Am I required to sign any paperwork for an ammunition purchase?

22. Is each purchase and quantity of ammunition stored within the Department's databases, resulting in a registry for ammunition?

23. Is there a limit on how much ammunition I can purchase during an ammunition transaction?

24. Does the caliber of the ammunition I'm purchasing have to match the firearm information that is on record with the Department?

25. I only own one firearm. If I were to sell the firearm or transfer the firearm ownership to someone else, would I then be precluded from purchasing ammunition using the Standard Ammunition Eligibility Check?

26. Do I have to provide the ammunition vendor with a physical address to purchase ammunition, or is a P.O. Box acceptable?

27. For the Basic Ammunition Eligibility Check, California Ammunition Vendors are required to provide the purchaser with their Ammunition Transaction Number so they can check the status of their eligibility check through the

California Firearms Application Reporting System (CFARS). Does that mean that each person would then have to create a CFARS account in order to monitor their status?

1. **Who is authorized to conduct ammunition purchases and transfers?**

   Effective January 1, 2018, ammunition transactions may only be conducted by licensed California Ammunition Vendors. (Pen. Code §§, 30312.)

2. **When will I have to start going through an eligibility check to purchase ammunition?**

   Effective July 1, 2019, persons seeking to purchase or transfer ammunition will have to undergo an eligibility check, and be approved by the Department, prior to the sale or transfer, except as otherwise specified. Departmental approval shall occur electronically through a licensed California Ammunition Vendor. (Pen. Code §§, 30352, 30370.)

3. **What do I need to bring to a vendor in order to purchase ammunition? What type of documentation? (non-exempt purchasers)**

   A valid California driver license, California identification card, or Military identification. (Pen. Code §, 28180.). If your California driver license or identification card has "FEDERAL LIMITS APPLY" on the front, you must also present proof of lawful presence in the United States by providing one of the following documents:

   ○ Valid, unexpired U.S. passport or passport card.

   ○ Certified copy of U.S. birth certificate.

   ○ Certification of Birth Abroad (FS-545), Certification of Report of Birth (DS-1350) or Consular Report of Birth Abroad of a Citizen of the United States

408

of America (FS-240), issued by the U.S. Department of State.

- Valid, unexpired foreign passport with valid U.S. immigrant visa and approved Record of Arrival/ Departure (I-94) form.

- Certified copy of birth certificate from a U.S. Territory.

- Certificate of Naturalization or U.S. Citizenship.

- Valid, unexpired Permanent Resident Card.

If your name, as it appears on the California driver license or identification card that has "FEDERAL LIMITS APPLY" on the front, differs from the name on the document(s) above, you must present one of the following certified documents:

- An adoption document that contains your legal name as a result of the adoption.

- A name change document that contains your legal name both before and, as a result of, the name change.

- A marriage certificate.

- A dissolution of marriage document that contains your legal name as a result of the court action.

- A certificate, declaration or registration document verifying the formation of a domestic partnership.

- A dissolution of domestic partnership document that contains your legal name as a result of the court action. (Cal. Code Reg., tit. 11, § 4045.1.)

4. **What is my eligibility to purchase ammunition based on?**

Eligibility to purchase ammunition is based on one of the following criteria:

- The person has a **current** Certificate of Eligibility issued by the Department. (Cal. Code Reg., tit. 11, § 4305.)

- The person's information matches an entry in the Automated Firearms System (name, date of birth, current address, and driver license or other government identification) and does not fall within a class of persons who are prohibited from owning or possessing ammunition. The Department shall make this determination by cross-referencing the Prohibited Armed Persons file (also known as the Armed and Prohibited Persons System). (Cal. Code Reg., tit. 11, § 4302.)

- The person is not prohibited from purchasing or possessing ammunition. The Department determines eligibility based on a comprehensive review of its records (similar to a firearm eligibility check).

- The person was approved by the Department to receive a firearm from the California Ammunition Vendor, pursuant to Penal Code section 28220, if that California Ammunition Vendor is a licensed California Firearm Dealer, and the ammunition is delivered to the person in the same transaction as the firearm. In this scenario, the dealer will use the approved firearm eligibility check as the approval to purchase ammunition, and will submit the ammunition purchase to the Department during the delivery of the firearm.

No person prohibited from owning or possessing a firearm shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition. (Pen. Code §, 30305.)

5. **What is the difference between a Standard Ammunition Eligibility Check and a Basic Ammunition Eligibility Check (single ammunition transaction)?**

The Standard Ammunition Eligibility Check will cross-reference the ammunition purchaser's name, date of birth, current address, and driver license or other government identification number with the information maintained in the Automated Firearm System (AFS.) If the purchaser's information does not match an AFS entry, the transaction shall be denied. If the purchaser's information matches an AFS entry, the department shall determine if the purchaser falls within a class of persons who are prohibited from owning or possessing ammunition by cross-referencing with the Prohibited Armed Persons File (also know as the Armed and Prohibited Persons System). If the purchaser is prohibited from owning or possessing a firearm, the transaction shall be denied. Determinations for this type of eligibility check can be completed in approximately 2 minutes. If it is determined you are eligible, you can complete the purchase of ammunition shortly after the determination is received by the California Ammunition Vendor. The fee is $1.

The Basic Ammunition Eligibility Check (single ammunition transaction) requires the Department to conduct a comprehensive review of it's records to determine the person's eligibility to own or possess ammunition. This eligibility check is similar to a firearms eligibility check and may take days to determine eligibility. For this type of eligibility check, the California Ammunition Vendor will have to provide you with an Ammunition Transaction Number so that you can monitor the status of the eligibility check through the Department's California Firearms Application Reporting System (CFARS). Once CFARS indicates your eligibility check has been approved, you can go back to the California Ammunition Vendor that submitted your eligibility check and complete your ammunition purchase. The fee is $19.

(Pen. Code § 30370, Cal. Code of Reg. tit. 11, §§ 4302, 4303.)

7/10/2019    Frequently Asked Questions | State of California - Department of Justice - Office of the Attorney General
Case 3:18-cv-00802-BEN-JLB   Document 33-6   Filed 07/22/19   PageID.114   Page 292 of
358

6. **How will I be notified of an approved or rejected ammunition eligibility check? Will the Department provide information to persons who are denied?**

Once an ammunition eligibility check is submitted, California Ammunition Vendors will receive ammunition eligibility determination updates through the Dealer Record of Sale (DROS) Entry System (DES).

If the Standard Ammunition Eligibility Check is rejected, the California Ammunition Vendor shall provide the person with the Ammunition Transaction Number (also known as a DROS Number) that can be used to obtain the reason for the rejection through the California Firearm Application Reporting System (CFARS). (Cal. Code of Reg., tit. 11, §§ 4302, 4303.)

If a Certificate of Eligibility Verification check is denied, the person should log on to the CFARS, access their Certificate of Eligibility account, and ensure the Certificate of Eligibility number that was provided to the California Ammunition Vendor is correct, that it matches the personal information provided, and that the Certificate of Eligibility is active.

If the Basic Ammunition Eligibility Check is denied, the Department will update the status on both the DES and the CFARS, and will notify the person of the reason for the denial via U.S. Mail.

7. **What can I do if I was rejected on a Standard Ammunition Eligibility Check because my information did not match an Automated Firearms System (AFS) entry?**

Persons who have entries in the AFS will be able to update their information through the California Firearms Application Reporting System. For more information regarding this process, please visit the Automated Firearms System Personal Information Update page.

8. **How do I establish a record in the Automated Firearms System?**

- Record ownership of a firearm you possess, but were not previously required to report, by submitting a Firearm Ownership Report to the Department.

  If your last firearm purchase of a long gun was prior to January 1, 2014, there is a possibility you may not have a record in the Automated Firearms System (AFS) despite having purchased or transferred your firearm through a firearms dealer. The Department was statutorily prohibited from retaining information regarding sales of rifles or shotguns prior to January 1, 2014. As a result, records of rifles and shotguns prior to January 1, 2014, in the AFS are limited to assault weapon registrations (Pen. Code, § 30500, et seq.), voluntary reports of ownership, and other records entered by the Department and California law enforcement agencies.

  You may submit the Firearm Ownership Report through the California Firearms Application Reporting System (CFARS). For more information regarding this process, please visit the Firearms Reporting and Law Enforcement Gun Release Application page.

- Record ownership through a purchase or transfer of a firearm from a licensed firearm dealer in California.

9. **As a customer, when I attempt to purchase ammunition, how do I know which eligibility check to advise the vendor to submit for me?**

   It depends on your circumstances. There are three types of ammunition eligibility checks that consist of different criteria:

○ Certificate of Eligibility Verification Check – You may use this eligibility check if you have a **current** Certificate of Eligibility.

○ Standard Ammunition Eligibility Check – You may use this eligibility check if your information matches an entry in the Automated Firearms System (AFS) (name, date of birth, current address, and driver license or other government identification) and you do not fall within a class of persons who are prohibited from owning or possessing ammunition.

○ Basic Ammunition Eligibility Check – You may use this eligibility check if you do not have a current Certificate of Eligibility, if you do not have a current record in the AFS, or if you do not have a record at all in the AFS. The Department will determine your eligibility based on a comprehensive review of its records (similar to a firearm eligibility check).

10. **What are the fees associated with each of the ammunition eligibility checks?**

○ Certificate of Eligibility Verification Check - $1

○ Standard Ammunition Eligibility Check - $1

○ Basic Ammunition Eligibility Check - $19

(Pen. Code §, 30370, Cal. Code of Reg., tit. 11, §§ 4302, 4303, 4305.)

11. **How long does it take to get a determination from the Department for each type of eligibility check?**

○ Certificate of Eligibility Verification Checks – A determination may be completed in approximately 2 minutes.

○ Standard Ammunition Eligibility Check - A determination may be completed in approximately 2 minutes.

○ Basic Ammunition Eligibility Check - A determination may take days to complete. Once this type of eligibility check is submitted, a California Ammunition Vendor should provide the person with their Ammunition Transaction number (also known as a DROS number). The person will need to check the status of their eligibility check through the Department's California Firearms Application Reporting System (https://cfars.doj.ca.gov/login.do). Once the eligibility check is approved, the person can return to the California Ammunition Vendor and complete the ammunition purchase transaction.

12. **What is an Ammunition Transaction Number (ATN)?**

An ATN is issued within the Dealer Record of Sale (DROS) Entry System (DES), upon a California Ammunition Vendor's submission of an ammunition transaction (eligibility check or ammunition purchase submission). The ATN is a tracking mechanism for a specific transaction. It is also known as the DROS number.

13. **I tried to purchase ammunition and was rejected. The vendor provided me with an Ammunition Transaction number (ATN) and told me I could get information on my rejection through the Department's website. Where exactly do I go to get that information and what information will I need to provide?**

To get information regarding your rejection, visit the California Firearms Application Reporting System website at the following address https://cfars.doj.ca.gov/login.do. Once the main page appears, select the "Ammunition Eligibility Check" link on the left hand side. Once you access the page, you will need to provide your ATN (also known as DROS number) and your date of birth.

## 14. If I don't have a firearm recorded in my name, can I still purchase ammunition?

Yes. Certificate of Eligibility validations and Basic Ammunition Eligibility Checks (single transaction or purchase) may be completed without having a firearm recorded in the Automated Firearm System. (Pen. Code, § 30370, Cal. Code of Reg., tit. 11 §§ 4303, 4305.)

## 15. As a California resident, can I bring ammunition from another state into California?

No. Effective January 1, 2018, it is unlawful for a resident of the State of California to bring or transport any ammunition acquired outside of the State of California unless it is first delivered to a licensed California Ammunition Vendor, unless exempt. (Pen. Code, § 30314.)

## 16. Can a person purchase ammunition multiple times using one approved Basic Ammunition Eligibility Check?

No. The Basic Ammunition Eligibility Check approval can only be used to purchase ammunition in one transaction. Once the Basic Ammunition Eligibility Check has been used, it is no longer valid. (Cal. Code Reg., tit. 11, § 4303 (d)(1).)

## 17. I went through a Basic Ammunition Eligibility Check, was approved, and purchased ammunition. Since the Department has record of my ammunition purchase, does that mean I now meet the requirements to undergo the Standard Ammunition Eligibility Check ($1 eligibility check) to purchase ammunition?

No. The purchase of ammunition does not establish the necessary record in the Automated Firearms System (AFS). The AFS is a repository of firearm records maintained by the Department, as established by Penal Code section 11106. The AFS is populated by way of firearm purchases or transfers at a

California Firearm Dealer, registration of assault weapons (during specified registration periods), a person's report of firearm ownership to the Department, Carry Concealed Weapons Permit records, or records entered by law enforcement agencies.

Until you establish a record in the AFS, you will not meet the requirements of a Standard Ammunition Eligibility Check and will have to continue to undergo the Basic Ammunition Eligibility Check.

18. **How does a person transition from a Basic Ammunition Eligibility Check to Standard Ammunition Eligibility Check, in order to not have to pay the $19 fee every time?**

A person does not "transition" from one type of eligibility check to another; authorization is granted pursuant to the requirements of Penal Code section 30370 as implemented by California Code of Regulations, title 11, sections 4302 and 4303. If a person's information does not match an entry in the Automated Firearms System, and the person does not hold a current Certificate of Eligibility, the person may only be eligible for a Basic Ammunition Eligibility Check. If a person's personal information matches an entry in the AFS, the person is eligible for both a Basic Ammunition Eligibility Check and a Standard Ammunition Eligibility Check.

19. **I want to purchase a firearm and ammunition at the same time. Do I have to pay for two separate eligibility checks: one for ammunition and one for the firearm?**

No. The California Ammunition Vendor/Firearms Dealer will submit your firearm eligibility check to the Department. If your firearm eligibility check is approved, when you go to pick up your firearm on (or after) the 10th day, the

dealer will have the ability to add an ammunition transaction to the delivery of the firearm. An additional fee will not be assessed. (Pen. Code, § 30352, subd. (c)(2).)

20. **Are there age restrictions for the purchase of ammunition?**

Yes. You must be at least 18 years old to purchase long gun ammunition or reloaded long gun ammunition and at least 21 years old to purchase handgun ammunition or reloaded handgun ammunition. (Pen. Code, § 30300.)

21. **Am I required to sign any paperwork for an ammunition purchase?**

Yes. You will be required to sign the Dealer Record of Sale of Ammunition once you have been approved on the eligibility check and the vendor submits your ammunition purchase. (Pen. Code, § 30352.)

22. **Is each purchase and quantity of ammunition stored within the Department's databases, resulting in a registry for ammunition?**

Pursuant to Penal Code section 30352, the Department shall retain sales and transfer information of ammunition purchases in a database known as the Ammunition Purchase Record File.

23. **Is there a limit on how much ammunition I can purchase during an ammunition transaction?**

No. There is nothing in statute or regulations that limit the amount of ammunition that can be purchased.

24. **Does the caliber of the ammunition I'm purchasing have to match the firearm information that is on record with the Department?**

No.

25. **I only own one firearm. If I were to sell the firearm or transfer the firearm ownership to someone else, would I then be precluded from purchasing ammunition using the Standard Ammunition Eligibility Check?**

Yes. Pursuant to Penal Code section 30370, subdivision (b), if the person's information does not match an entry in the Automated Firearm System, the transaction shall be denied.

26. **Do I have to provide the ammunition vendor with a physical address to purchase ammunition, or is a P.O. Box acceptable?**

   A physical address is required. P.O. Boxes are not acceptable. (Pen. Code, § 30352, subd. (a), Cal. Code, tit. 11, § 4302, 4303, 4305.)

27. **For the Basic Ammunition Eligibility Check, California Ammunition Vendors are required to provide the purchaser with their Ammunition Transaction Number so they can check the status of their eligibility check through the California Firearms Application Reporting System (CFARS). Does that mean that each person would then have to create a CFARS account in order to monitor their status?**

   In order to check the status of a Basic Ammunition Eligibility Check, you are not required to create an account. The "Ammunition Eligibility Check" link sits on the main page.

Back To Top

# Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

419

Firearms Shipment Verification/California Licensee Check (CFLC) System

Firearm Safety Certificate Program, DOJ Certified Instructor Information and Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

|  | Search |
|---|---|

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

## WHAT WE DO

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

## OPEN GOVERNMENT

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

## Memorial

Agents Fallen in the Line of Duty

## Vote

Register to Vote

**WHAT WE'RE WORKING ON**

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

**MEDIA**

Consumer Alerts

Press Releases

Media Library

**CAREERS**

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

Office of the Attorney General　　Accessibility　　Privacy Policy　　Conditions of Use　　Disclaimer

© 2019 DOJ

423

# EXHIBIT 27

Case 3:18-cv-00802-BEN-LB Document 33-1 Filed 07/22/19 PageID.1027 Page 305 of 358

State *of* California Department *of* Justice

   



# XAVIER BECERRA
## *Attorney General*

Search

Translate Website | Traducir Sitio Web

# Becoming A Firearm Dealer And/Or Ammunition Vendor In California

Home   /   Firearms   /   *Becoming A Firearm Dealer And/Or Ammunition Vendor In Califo...*

Thank you for your interest in becoming a firearm dealer and/or ammunition vendor in California. Gun laws in California regulate the sale, possession, and use of firearms and ammunition in the state of California. The following will provide you with important information about the statutory requirements for becoming a firearm dealer and/or ammunition vendor, and other requirements for doing business in California.

It is unlawful for a Federal Firearm Licensee (FFL) with a FFL Type 01, 02, 07, 08, 09, 10, or 11 to obtain firearms in accordance with his or her status as a FFL unless he/she is on one of the Centralized Lists: Centralized List of Firearms Dealers (CL), Centralized List of Exempted Federal Firearms Licensees (CLEFFL), or Centralized List of Firearm Manufacturers (CLM). The FFL shall apply for and obtain a valid license(s) from the Department of Justice (DOJ) to conduct firearm business. **A firearm dealer and/or manufacturer may have more than one license type with the DOJ.** An Ammunition Vendor is not required to obtain a FFL in order to be an Ammunition Vendor, but is

425

7/10/2019 Centralized List of Firearms Dealers and Ammunition Vendors - California State of California - Department of Justice - Office of the Attorney ...

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.1028 Page 306 of 358

required to be licensed through the DOJ. The DOJ's Licensing staff will conduct a background on applicants to determine whether they are prohibited from possessing and/or having access to firearms/ammunition. The DOJ currently issues the following licenses: CL, CLEFFL, CLM, and Ammunition Vendor License (Non-Firearms Dealer).

## Centralized List (CL) of Firearm Dealers – FFL Type 01, 02, 07, 08, 09, 10, 11

Firearms initially enter the consumer market through gun dealers who are the critical link between manufacturers or distributors and the general public. The sale of all firearms, including Private Party Transfers, must be processed through a licensed firearm dealer in California. The CL dealer conducts retail sales, internet sales, pawn broker/consignment transactions, accepted for auction, or manufacturing.

- Centralized List of Firearms Dealers Application – BOF 4080, pdf

Penal Code sections 26700 – 27140
Business & Professions Code section 21628.2

**Licensing – Required**

- A valid federal firearm license
- Any regulatory or business license, or licenses, required by local government
- A valid Seller's Permit issued by the State Board of Equalization
- A Certificate of Eligibility (COE) issued by the DOJ
- A license granted by the duly constituted licensing authority of any city, county, or city and county

- A valid listing on the DOJ Centralized List of Firearm Dealers

- Certificate of Eligibility Application – BOF 4008

Penal Code section 26700


## DOJ Certified Instructor Certification – Required

DOJ Certified Instructors have an important role in the sales and delivery of firearms in California. Their primary roles and responsibilities are described below in the Firearm Safety Certificate requirements and Safe Handling Demonstration requirements.

- Becoming a DOJ Certified Instructor and Maintaining Current DOJ Certified Instructor Certification

Penal Code sections 31610 – 31670


## California Firearms Licensee Check (CFLC) – Required

California state law prohibits all FFL holders (other than FFL Type 03 or Type 06) from delivering, selling, or transferring a firearm to a FFL in California unless, prior to delivery, the Licensee intending to deliver, sell, or transfer the firearm obtains a verification number from the DOJ. The CFLC program allows the FFL to obtain firearms shipment verification numbers via the Internet prior to shipping firearms to any FFL in California.

- California Firearms Licensee Check (CFLC) Enrollment Application – BOF 08-301

Penal Code section 27555


## Consignment/Pawn License – Optional License

427

California state law requires a licensee to report electronically any secondhand/pawned firearms to the DOJ daily. This includes any firearms taken in trade, taken in pawn, accepted for sale on consignment, or accepted for auction. This does not include a licensee purchasing a firearm from an individual as a "buy/acquisition" for the business inventory. The firearm dealer must obtain ta license through the local licensing authority in the city/county in which the business resides. Once the license has been issued, you must complete the required consignment and/or pawn access application process through the DOJ.

- DROS Entry System (DES) Consignment and/or Pawn Access Application – BOF 937

Business & Professions Code section 21628.2

## Large-Capacity Magazine Permit (LCMP) – Optional Permit

Any firearms dealership licensed pursuant to Penal Code section 26700 may apply for a DOJ Large-Capacity Magazine Permit (LCMP) to engage in the lawful importation and exportation of large-capacity magazines and the activities associated thereto, as specified in Penal Code sections 32310 through 32450.

- Large-Capacity Magazine Application – BOF 050

Penal Code sections 32310 – 32450

## Dangerous Weapons (DW) License/Permit(s) Application – Optional License/Permit

An applicant must have a FFL Type 09, 10, or 11 to apply for a Dangerous Weapons (DW) License/Permit through the DOJ. In addition to the DW license/permit they **may** also have a FFL Type 01, 02, 07, or 08. The applicant,

428

through a statement of "Good Cause" must provide clear and convincing evidence that there is a bona fide market or public necessity for the issuance of the license/permit and that the applicant can satisfy that need without endangering public safety. Additionally, the applicant shall provide documentation as outlined in the California Code of Regulations, title 11, sections 4125 through 4153. DOJ staff will conduct an in-depth background investigation on the applicant to determine whether they are suitable to hold a DW License/Permit. Suitability is determined by a number of factors including, but not limited to, financial and criminal history, honesty, and character.

- Dangerous Weapons License/Permit(s) Application – BOF 030

California Code of Regulations, title 11, sections 4125 – 4153

## Ammunition Vendor License – CL dealers will be automatically enrolled

Pursuant to Penal Code section 30342, subdivision (a), commencing January 1, 2018, a valid ammunition vendor license shall be required for any person, firm, corporation, or other business enterprise to sell more than 500 rounds of ammunition in any 30-day period. However, pursuant to Penal Code section 16151, subdivision (b), firearms dealers licensed pursuant to Penal Code sections 26700 through 26915, shall automatically be deemed licensed ammunition vendors.

Penal Code sections 16151
Penal Code sections 30342

## Employee Certificate of Eligibility – Requirement

Commencing January 1, 2018, a firearm dealer shall require any agent or employee who handles, sells, delivers, or has under his or her custody or control any firearms or ammunition to obtain a Certificate of Eligibility from the Department of Justice.

- Certificate of Eligibility Application – BOF 4008

Penal Code sections 26915
Penal Code sections 30347

## Centralized List of Exempted Federal Firearms Licensees (CLEFFL) – FFL Type 01, 07, or 08

Commencing January 1, 2008, Penal Code section 28450 requires the DOJ to establish and maintain a centralized list of persons who are federally licensed as dealers, manufacturers, or importers, with a licensed business premise within this state and who declare to the DOJ an exemption from the firearm dealer licensing requirements of Penal Code section 26700. The CLEFFL dealer does not conduct firearm sales to the public. The dealer may complete internet sales (firearms are shipped to a FFL to complete the sale), gunsmith, or manufacturer (manufacture less than 99 per year).

- Centralized List of Exempted Federal Firearms Licensees (CLEFFL) and Exemption Declaration Application – BOF 10-07

Penal Code sections 28450 – 28490

**Licensing – Required**
- A valid federal firearm license

430

- A Certificate of Eligibility (COE) issued by the DOJ
- Provide the DOJ with a signed declaration enumerating the applicant's statutory exemptions from licensing requirements
- Certificate of Eligibility Application – BOF 4008

Penal Code section 28450

## California Firearms Licensee Check (CFLC) – Required

California state law prohibits all FFL holders (other than FFL Type 03 or Type 06) from delivering selling, or transferring a firearm to a FFL in California unless, prior to delivery, the Licensee intending to deliver, sell, or transfer the firearm obtains a verification number from the DOJ. The CFLC program allows the FFL to obtain firearms shipment verification numbers via the Internet prior to shipping firearms to any FFL in California.

- California Firearms Licensee Check (CFLC) Enrollment Application – BOF 08-301

Penal Code section 27555

## Centralized List of Firearms Manufacturers (CLM) – FFL Type 01, 02, 07, 08, 09, 10, 11

Commencing July 1, 1999, no person, firm, or corporation licensed to manufacture firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code may manufacture firearms within this state unless that person, firm, or corporation is licensed pursuant to Penal Code sections 29030 through 29150. Subdivision (a) of Penal Code section 29010 does not apply to a person licensed to manufacture firearms pursuant

431

to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code who manufactures fewer than 100 firearms in a calendar year within the state. The manufacturer conducts manufacturing of firearms (manufacture 100 or more firearms per year). The licensee must have a minimum FFL Type 07. Additional FFL Types are optional.

Effective January 1, 2001, pursuant to Penal Code section 31900 through 32110, requires handguns manufactured in California or sold to the public to pass a series of tests relative to safety and functionality, that includes firing, safety, and drop tests. This statute generally prohibits the manufacture, importation for sale, sale, lending/transfer of any "unsafe" handgun. The DOJ is required to compile, publish, and thereafter maintain a roster listing of those handguns that have been tested and certified by the DOJ as "not unsafe" and, therefore, may be sold in California.

- License to Manufacture Firearms and Centralized List of Firearms Manufacturers Application-BOF 017
- Roster of Handguns Certified for Sale
- Handgun Testing Certified Laboratories

Penal Code sections 29010 – 29184
California Code of Regulations title 11, sections 4046 – 4075

## Licensing – Required

- A valid federal firearm license
- Any regulatory or business license, or licenses, required by local government
- A valid Seller's Permit issued by the State Board of Equalization
- A Certificate of Eligibility (COE) issued by the DOJ

432

**\*A licensee shall require that each employee obtain a Certificate of Eligibility, which shall be renewed annually, before being allowed to come into contact with any firearm, or ammunition.**

- Certificate of Eligibility Application – BOF 4008

Penal Code section 29050

# Ammunition Vendor (Non-Firearms Dealer)

Effective January 1, 2018, a valid ammunition vendor license shall be required for any person, firm, corporation, or other business enterprise (if the vendor is not on the Centralized List of Firearm Dealers) to sell more than 500 rounds of ammunition in any 30-day period. The Ammunition Vendor may be federally licensed.

Penal Code sections 30342 – 30365
California Code of Regulations title 11, section 4260 – 4265

### Licensing – Required

- A valid federal firearm license, if the applicant is federally licensed
- Any regulatory or business license required by local government
- A valid Seller's Permit issued by the State Board of Equalization
- A Certificate of Eligibility (COE) issued by the DOJ

**\*A licensee shall require that each employee obtain a Certificate of Eligibility, which shall be renewed annually, before being allowed to come into contact with any firearm or ammunition.**

### Certificate of Eligibility – Required

An ammunition vendor shall require any **agent or employee** who handles, sells, delivers, or has under his or her custody or control any ammunition, to obtain and provide to the vendor a Certificate of Eligibility from the Department of Justice issued pursuant to Penal Code section 26710.

- Certificate of Eligibility Application – BOF 4008

## Resources

- Forms & Publications
- Information Bulletins
- Firearm Roster
- Penal Codes
- Regulations
- FAQ's

# Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

Firearms Shipment Verification/California Licensee Check (CFLC) System

434

7/10/2019    Case 3:18-cv-00802-BEN-JLB  Document 33  Filed 07/22/19  PageID.1037  Page 315 of
358
Becoming A Firearms Dealer And/Or Ammunition Vendor State of California Department of Justice Office of the Attorney …

Firearm Safety Certificate Program, DOJ Certified Instructor Information and
Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us

7/10/2019    Becoming A Dealer – Ammunition Vendor | State of California - Department of Justice - Office of the Attorney ...

Case 3:18-cv-00802-BEN-JLB   Document 33-1   Filed 07/22/19   PageID.1038   Page 316 of 358



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
| --- | --- |

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

7/10/2019    Becoming A Dealer-Dealer And/Or Ammunition Vendor - California State of California - Department of Justice - Office of the Attorney ...



Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/02/19 PageID.1039 Page 317 of 358

**WHAT WE DO**

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

**OPEN GOVERNMENT**

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

**Memorial**

Agents Fallen in the Line of Duty

**Vote**

Register to Vote

**WHAT WE'RE WORKING ON**

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

7/10/2019 Becoming a Firearms Dealer and/or Ammunition Vendor, State of California Department of Justice - Office of the Attorney ...

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.1043 Page 318 of 358

**MEDIA**

Consumer Alerts

Press Releases

Media Library

**CAREERS**

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

Office of the Attorney General    Accessibility    Privacy Policy    Conditions of Use    Disclaimer

© 2019 DOJ

438

# EXHIBIT 28

7/10/2019    Automated Firearms System Personal Information Update | State of California - Department of Justice - Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB   Document 33-1   Filed 07/22/19   PageID.1042   Page 320 of 358

State *of* California Department *of* Justice

   



# XAVIER BECERRA

*Attorney General*

| | Search |
| --- | --- |

Translate Website | Traducir Sitio Web

# Automated Firearms System Personal Information Update

Home    /   Firearms    /   *Automated Firearms System Personal Information Update*

The Automated Firearms System is a repository of firearm records maintained by the Department, as established by Penal Code section 11106. The Automated Firearms System is populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons (during specified registration periods), an individual's report of firearm ownership to the Department, Carry Concealed Weapons Permit records, or records entered by law enforcement agencies.

Commencing July 1, 2019, an individual will have the ability to electronically update one or more Automated Firearms System records through the California Firearms Application Reporting System (CFARS) to match his or her current name, date of birth, address, and California Driver License, California Identification Card, or Military Identification Number.

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.643 Page 321 of 358

Maintaining accurate personal information within the Automated Firearm System is critical if you plan to purchase ammunition by meeting the eligibility requirements established by Penal Code section 30370, subdivisions (c) and (d). If the information that is provided to the ammunition vendor does not match an entry in the Automated Firearms System database, the transaction must be denied. As such, it is important to ensure records are accurate.

### How do I update my Automated Firearm System record?

To update your personal information on a record in the Automated Firearms System, log into your CFARS account, click on "Automated Firearms System (AFS) Personal Information Update," and follow the instructions. If you do not have a CFARS account, you may create one by visiting https://cfars.doj.ca.gov.

### What information is needed to update an Automated Firearm System record?

- **Current personal information.** Full Name, Date of Birth, Residential Address, California Driver License/Identification Card Number, or Military Identification Number/Department of Defense Identification Number.

- **Personal information at time of firearm purchase.** Exact personal information as it was recorded on your Dealer Record of Sale or other firearms ownership record.

- **Firearm currently recorded in your name.** Type, Make, Model, Caliber and Serial Number information of one or more firearms currently recorded in the Automated Firearms System.

441

- **Verifying documentation.** If you are changing your name, date of birth, identification type or identification number, you must upload documents verifying the change. These documents require review and approval by the Department before changes can be updated on your record. Depending on what personal information will be updated, the following verification documents may be required:

  - California Driver License/Identification Card
    Note: If you uploaded your military identification and active duty station orders and do not have a California driver license or identification card, you may upload your military identification card again.

  - Marriage License

  - Endorsed court order regarding restoration of former name

  - Endorsed court order regarding name change

  - Birth Certificate

  - Military Orders

Please refer to the Automated Firearms System Information Update Regulations for more information.

**Is there a fee associated with updating an Automated Firearm System record?**

There is no fee for updating your record.

**What can I expect after submission of the Automated Firearms System Personal Information Update request?**

Once your submission has been processed, the Department will send an email to the email address on file to let you know the status of your submission or to advise you to log on to CFARS to review notices from the Department.

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.845 Page 323 of 358

## What if I don't know the exact personal information or firearms information that was used when I purchased or transferred my firearm?

You can request to obtain information on all firearms for which you are listed as the purchaser, transferee, or owner in the State of California. Based on the personal information you provide, the Department will conduct a diligent search of the Automated Firearms System and will provide you with the listing via mail. Once you receive the listing, you can reference the personal and firearm information that was recorded at the time the firearm was purchased or transferred. Thereafter, you can use the information to update your Automated Firearm System record. The Automated Firearms System Request for Firearm Records (BOF 053) application can be located at https://oag.ca.gov/firearms/forms.

## What if I don't have a firearm record in the Automated Firearm System and I want to purchase ammunition?

For more information about how you can meet the requirements to purchase ammunition without having an Automated Firearms System record, please visit the Ammunition Purchase Authorization webpage.

# Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

7/10/2019    Automated Firearms System Personal Information Update | State of California - Department of Justice - Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB   Document 33-1   Filed 07/22/19   PageID.1046   Page 324 of
358

Firearms Shipment Verification/California Licensee Check (CFLC) System

Firearm Safety Certificate Program, DOJ Certified Instructor Information and Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us

7/10/2019    Automated Firearms System Personal Information Update | State of California - Department of Justice - Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.1047 Page 325 of 358



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
|---|---|

---

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

445

7/10/2019 Automated Firearms System Personal Document Update | State of California - Department of Justice - Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.1048 Page 326 of 358



**WHAT WE DO**

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants


**OPEN GOVERNMENT**

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations


**Memorial**

Agents Fallen in the Line of Duty


**Vote**

Register to Vote


**WHAT WE'RE WORKING ON**

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

7/10/2019 Automated Firearms System Personal Document Update | State of California - Department of Justice - Office of the Attorney General

Case 3:18-cv-00802-BEN-JLB Document 33-1 Filed 07/22/19 PageID.1049 Page 327 of 358

**MEDIA**

Consumer Alerts

Press Releases

Media Library

**CAREERS**

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

---

Office of the Attorney General    Accessibility    Privacy Policy    Conditions of Use    Disclaimer

© 2019 DOJ

# EXHIBIT 29

 

**REAL ID Easy as 1-2-3**

## Bring documents from each section below: 1-2-3 Done!

### **①** Identity Document (original or certified copy only)

- Unexpired U.S. passport or passport card
- Birth certificate from a U.S. state or U.S. territory (abbreviated or abstract certificates not accepted)
- U.S. certificate or consular report of birth abroad
- Unexpired foreign passport with valid U.S. visa and approved I-94 form
- Certificate of naturalization or citizenship

- Valid, unexpired Permanent Resident Card
- Unexpired employment authorization document (EAD) Card (I-766) or valid/expired EAD Card with Notice of Action (I-797 C)
- Unexpired Permanent Resident Card or valid/expired Permanent Resident Card with Notice of Action (I-797 C) or Approval Notice (I-797)
- Unexpired foreign passport stamped "Processed for I-551"

### Certified legal document supporting name change, if applicable

*If the name on your identity document is different than your current name you must bring a document with the new name.*
***NOTE:*** *Multiple name change documents are needed if your name has changed multiple times.*

- Certified marriage certificate
- Court filed adoption documents with the new name as a result of the adoption
- A court certified name change document.

- Domestic partnership documents (certificate, declaration or registration).
- A certified dissolution of marriage/domestic partnership document with new name.

### **②** Proof of Social Security Number (full number required, no photocopies)

*The name on your Proof of Social Security Number must match your identity document or name change document. For example, the name on your SSN card must match the name on your marriage certificate.*

- Social Security card
- W-2 form
- SSA-1099 form
- Non-SSA-1099 form
- Paystub

### **③** Proof of California Residency (copies accepted, printed documents required)

**Two different documents** are required from the list below.

- Home utility bills (including cellular phone)
- Medical documents
- Car or Boat registration
- Employment documents
- Insurance documents
- Bank and Financial institution records
- Change of Address confirmation by the U.S. Postal Service
- Mortgage bill, rental or lease agreement (signed by owner and tenant)
- IRS or California FTB tax return

- Deed or title to residential real property, property tax bill or statement, original copy of an approved claim for Homeowners' Property Tax Exemption (BOE-266) form filed with a local California County Assessor
- School documents (includes Date of Birth), proof of payment of resident tuition at a public institution of higher education in California
- A document issued by a government agency (local, state, or federal)
- A No Fee Identification Card Eligibility Verification (DL 933) form, completed and signed
- Faith-based documents, including name and address of organization

**Use a PO Box?**
*Proof of a physical address is required. A PO Box can be used as the mailing address to receive your REAL ID, but your residency document must display a PO Box and physical address.*

**What if I do not have one of the above residency documents?**
*You can use a relative's (parent, child, spouse/domestic partner) residency document if you live at the same address and provide a document (such as a birth or marriage certificate) that shows that relationship.*

(REV 4/2019)

449

# EXHIBIT 30

# Citizenship Evidence

**When applying on Form DS-11, you must submit primary evidence of U.S. citizenship:**

- If you cannot provide primary evidence, you must submit secondary evidence of U.S. citizenship.
- Examples of primary and secondary citizenship evidence are listed below.

## Submit an original or certified copy of your citizenship evidence AND a photocopy when you apply

- A **certified copy** is any document that has the seal or stamp of the official issuing authority.
- Submit a photocopy of the front (and back, if there is printed information) of the original or certified copy you're providing to us.
- Photocopies must be: legible, on white 8.5"x11" standard paper, black and white, and single sided.
- If you don't want to submit a photocopy of your citizenship evidence, you may submit a second certified copy of your citizenship evidence, which we will keep. If you don't submit a photocopy or a second certified copy of your citizenship evidence, your passport processing could be delayed.

**Primary**

**Born in the United States?**

- Fully-valid, undamaged U.S. passport (can be expired)
- U.S. birth certificate☐ that meets the following requirements:
  - Issued by the city, county, or state of birth
  - Lists applicant's full name, date of birth, and place of birth
  - Lists parent(s)' full names
  - Has the signature of the city, county, or state registrar
  - Has the date filed with registrar's office (must be within one year of birth)
  - Has the seal of issuing authority

451

**Please note**: Some states issue **birth abstracts** which are a summary of your original birth record. Most birth abstracts meet all the requirements listed above, while some birth abstracts do not meet these requirements. If you submit a birth abstract, it must meet all of the requirements above. If your birth abstract does not meet all the requirements above, we may also need you to submit a long-form birth certificate showing a copy of your original birth record.

## Born outside the United States?

- Fully-valid, undamaged U.S. passport (can be expired)
- [Consular Report of Birth Abroad or Certification of Birth](#)
- Certificate of Naturalization
- Certificate of Citizenship

## Secondary

## Born in the United States?

You must submit a delayed birth certificate OR a Letter of No Record, AND early public records.

- **Delayed birth certificate (filed more than 1 year after birth)**
  - It must include the following:
    - List the documentation used to create it (preferably early public records - see below)
    - Signature of the birth attendant or an affidavit signed by the parent(s)
  - If your delayed U.S. birth certificate does not include these items, it should be submitted with early public records (see below).

- **Letter of No Record**
  - If a U.S. birth certificate is not on file for you in the state you were born, you will receive a Letter of No Record from the registrar instead of a birth certificate. It must meet the following requirements:
    - Issued by the state
    - Have applicant's name and date of birth
    - List the years for which a birth record was searched
    - Include a statement that no birth certificate was found on file
  - When submitting a Letter of No Record, you must also submit at least two early public

452

documents or one early public document and one early private document with Form DS-10: Birth Affadavit 📄.

**Early public or private documents**

- Early public or private documents are documents that were created and/or issued early in the applicant's life, preferably in the first five years.

- Public records should include the applicant's full name, date of birth, and place of birth. Examples include:
  - Baptism certificate
  - Hospital birth certificate (often shows baby's footprints)
  - U.S. Census record
  - Early school records
  - Family Bible record
  - Doctor's records of post-natal care
  - Form DS-10 📄, Birth Affidavit (*this form is for applicants whose birth in the United States was recorded more than one year late or who have a Letter of No Record.*)

**Born Outside the United States?**

Please note:

- Foreign language documents should include a professional English translation. The translator must provide a notarized statement of the accuracy of the translation and self-certification of their ability to translate.
- You may be asked for additional documentation by the passport agency, if needed.
- Your document(s) will be returned to you separately from your new passport.

**U.S. Citizenship at Birth**

If you were born outside the United States and acquired U.S. citizenship through your U.S. citizen parent(s), please submit the following with your passport application:

- Your foreign birth certificate listing your parent(s)

453

- Your parent(s)' evidence of U.S. citizenship
- Your parents' marriage certificate, if applicable
- A statement from your U.S. citizen parent(s) detailing all periods and places of their residence or physical presence in the United States and abroad <u>before</u> your birth.

Please see <u>U.S. Citizenship Laws & Policy</u> for more information.

## U.S. Citizenship through Naturalization of a Parent

If you were born outside the United States and acquired U.S. citizenship through the naturalization of your parent(s), please submit the following with your passport application:

- Your foreign birth certificate listing your parent(s)
- Your parent(s)' naturalization certificate
- Evidence of your permanent residence status. Examples include:
  - Permanent Resident Card/Green Card
  - Foreign passport with the original I-551 visa entry stamp
- Your parents' marriage certificate (if your parents were married when you legally entered the U.S. and before your 18th birthday)
- Documentation of legal custody (if your parents were <u>not</u> married when you legally entered the U.S.)
- Evidence of your legitimation (if your parents were <u>not</u> married *at the time of your birth*). Examples include:
  - Your parents' marriage certificate dated after your birth
  - Certified court order of legitimation

Please see <u>U.S. Citizenship Laws & Policy</u> for more information.

## U.S. Citizenship through Adoption

If you were born outside the United States and acquired citizenship through adoption by a U.S. citizen parent while under the age of 16, please submit the following:

- Citizenship evidence of your U.S. citizen parent
- Your full and final adoption decree
- Evidence of lawful entry for permanent residence (Examples: Child's foreign passport containing an ADIT stamp or Form <u>I-94</u> with the ADIT stamp and picture)

454

Please see Child Citizenship Act of 2000 for more information.

## Request a File Search

You may request a File Search instead of submitting evidence of U.S. Citizenship if:

- You have been issued a U.S. passport or Consular Report of Birth Abroad in the past and
- You can't submit it with your application

The File Search fee is $150 and charged in addition to the normal application fees, payable to the Department of State. Please fill out Request for a File Search 🔴 and include it with your application.

# EXHIBIT 31

# UNITED STATES PASSPORT FEES

**Payment Instructions:** **\*** The application fee is paid directly to the Department of State. **\*\*** The Execution/Acceptance fee is paid directly to the acceptance facility. Two separate payments are required. *(Effective 1/28/2019)*

## ADULT APPLICANTS  (16 Years and Older)  Please see Apply in Person.

| What are you applying for? | Use Form | Application Fee *Paid to the U.S. Department of State | Execution Fee (Acceptance Fee) **Paid to the Acceptance Facility |
|---|---|---|---|
| **First-time Adult Passport Book** | DS-11 | $110 | $35 |
| **First-time Adult Passport Card** Not valid for international air travel. Valid only for travel by land and by sea to Canada, Mexico, Bermuda, and the Caribbean. | DS-11 | $30 | $35 |
| **First-time Adult Passport Book & Card** | DS-11 | $140 | $35 |
| **Adult Passport Card** For applicants who currently have a valid passport book. | DS-82 | $30 | No Charge |

## ADULT RENEWALS  Please see Renewal by Mail.

| What are you renewing? | Use Form | Application Fee *Paid to the U.S. Department of State |
|---|---|---|
| **Adult Passport Book** | DS-82 | $110 |
| **Adult Passport Card** Not valid for international air travel. Valid only for travel by land and by sea to Canada, Mexico, Bermuda, and the Caribbean. | DS-82 | $30 |
| **Adult Passport Book & Card** | DS-82 | $140 |

## ALL MINOR APPLICANTS  (Under 16)  Please see Children Under 16.

| What are you applying for? | Use Form | Application Fee *Paid to the U.S. Department of State | Execution Fee (Acceptance Fee) **Paid to the Acceptance Facility |
|---|---|---|---|
| **Minor Passport Book** | DS-11 | $80 | $35 |
| **Minor Passport Card** A passport card is valid only for travel by land and by sea to the following locations: Canada, Mexico, Bermuda, and the Caribbean. | DS-11 | $15 | $35 |
| **Minor Passport Book & Card** | DS-11 | $95 | $35 |

## OPTIONAL FEES (Paid to the U.S. Department of State)

| | | |
|---|---|---|
| **Expedite Fee** | Paid per application, in addition to required fees. Provides faster processing than routine service. Please see **Processing Times.** | $60 |
| **1-2 Day Delivery** | Paid per application for 1-2 day delivery of an issued passport book from the Department of State to the customer. Only applies to mailing addresses within the United States. Not valid for passport cards. | $16.48 |
| **File Search Fee** | A file search is necessary when an applicant is unable to present evidence of U.S. citizenship or verification of a previously issued U.S. Passport or Consular Report of Birth Abroad. Applicant must submit **Form DS-11** and a written request for a file search. | $150 |

**Submitting incorrect passport fees could delay the processing of your application.** For more information regarding passport application fees, please visit **travel.state.gov/fees** or call 1-877-487-2778, TDD/TTY: 1-888-874-7793.

*Updated January 2019*

# EXHIBIT 32

State *of* California Department *of* Justice

   



# XAVIER BECERRA

*Attorney General*

| | Search |
|---|---|

Translate Website | Traducir Sitio Web

# Certificate of Eligibility

Home / Firearms / *Certificate of Eligibility*

## What is a Certificate of Eligibility (COE)?

A "Certificate of Eligibility" certifies the Department of Justice (DOJ) has checked its records and determined the recipient is not prohibited from acquiring or possessing firearms at the time the firearms eligibility criminal background check was performed. A COE is a pre-requisite licensing/permit requirement for all prospective licensed firearms dealers, licensed ammunition vendors, manufacturers, certified instructors, gun show promoters, explosive permit holders, and other firearm related employment activities, including, any agent or employee of a vendor who handles, sells, or delivers firearms and ammunition. The initial COE application process includes a firearms eligibility criminal background check and issuance of a certificate, which is valid for one year. Thereafter, the COE must be renewed annually. A COE can be revoked, at anytime, if the COE holder becomes prohibited from owning/possessing firearms and ammunition.

Effective July 1, 2019, pursuant to California Code of Regulations, title 11, section 4033 the DOJ is no longer accepting COE applications via mail. COE applications must be filed electronically by accessing the California Firearms Application Reporting System (CFARS) at the following URL https://cfars.doj.ca.gov/login.do

# How do I apply for a new COE (You have never had a COE or your current COE has been expired for more than 90 days)?

You must apply for a new COE through the California Firearms Application Reporting System (CFARS). The CFARS is a web-based application system that enables individuals to apply for, and receive their COE electronically from the DOJ. You can access the electronic application by accessing the following URL https://cfars.doj.ca.gov/login.do Please note: prior to submitting your COE application through the CFARS, you must first submit your fingerprint impressions to the DOJ. To submit fingerprint impressions, you must take a completed Request for Live Scan Service form (BCIA 8016) to a Live Scan station and pay the designated fees. Please refer to the live scan station location information. The Live Scan operator will provide an Applicant Tracking Identifier (ATI) number on your copy of the Request for Live Scan Service form (BCIA 8016). The ATI number documents your fingerprint submissions. (You must enter your ATI number on the designated space of the COE application). Once you have completed your fingerprint submission requirements, you can complete the electronic COE application process using the CFARS. A CFARS COE User Guide is available for information on how to submit a COE application electronically.

If you are an out-of-state resident applying for a COE and you are unable to provide your fingerprints via Live Scan, you must use the "hard card" fingerprint method by having your fingerprints taken on two hard cards at a local law enforcement agency in

460

your state of residence. You must then mail the two completed fingerprint hard cards and a check for $71 to:

Department of Justice

Bureau of Firearms

Licensing and Certification of Eligibility Section – COE Unit

P.O. Box 160487

Sacramento, CA 95816-0487

Once mailed, you must apply for a COE through the CFARS.

# How do I renew my COE (Your current COE is set to expire in the near future or has already expired)?

You must renew your COE through the CFARS. Fingerprint submissions are not required for a COE renewal.

Please note: you must renew your COE no later than 90 days after its expiration date, otherwise you must re-apply for a new COE, which will require you to re-submit fingerprint impressions.

# What are the fees associated with a new and renewal COE application?

- Initial COE Application – The fee is $71, which is collected by the Live Scan Operator during the required fingerprint submission. If you reside outside of the State of California and have your fingerprint images taken by your local law enforcement agency using hard cards, you must remit a check made payable to the DOJ in the amount of $71.

461

- Renewal COE Application – The fee is $22, which is paid electronically when the application is submitted through the CFARS.

# Benefits of Using CFARS:

Creating a CFARS account is quick and free! Take advantage of the following benefits when you use the CFARS.

- **Convenience**– The online application eliminates the need to mail an application and/or forms to the DOJ and saves time. You have the ability to apply, renew or modify your COE as well as report any change in employment with a firearms dealer or ammunition vendor through the online application.

- **E-mail notifications** – With an account, you will receive electronic (complete, incomplete, and reject) notifications for your COE submission.

- **Pay by credit card** – The system accepts major credit cards such as Visa, Master Card, American Express and Discover.

- **Save time and money** – By applying/renewing online, you'll save time by not having to mail in an application and also save money on postage.

- **Check your COE status** – Due to the sheer volume of COE applications and renewals, the process can take anywhere between 6-8 weeks. By applying online you can log in and check the status of your application at any time.

- **View and print your Certificate of Eligibility** – Once your application is approved, you can download and print your Certificate of Eligibility directly from the CFARS.

- **View your COE account history** – You can view your account history (including notices) by logging on to your CFARS account.

- **Submit an issue** – With an account, you may submit an issue by accessing "Report an Issue."

- **Streamlined processing** – Save time completing future renewal applications as your personal information is encrypted and securely stored. Thus, there is no longer the requirement to re-type your personal information.

- **Manage employee privileges** – As a business owner, you can confirm/track employee COE status', manage DOJ notifications, submit reports, submit payment for your employees' COEs, or delegate said administrative responsibilities to a designated employee.

# Additional Bureau of Firearms Links

- California Firearms Application Reporting System (CFARS)
- Frequently Asked Questions
- Forms and Publications
- Firearms Reporting & Law Enforcement Gun Release Application
- Assault Weapons Identification Guide
- California Firearms Laws Summary
- Firearms Information for New California Residents
- Contact Us

Back To Top

## Bureau of Firearms

Firearms Home

Ammunition Purchase Authorization Program

Automated Firearms System Personal Information Update

California Firearms Laws Summary, pdf (revised 2016)

FAQs

463

Forms and Publications

Becoming a Firearm Dealer and/or Ammunition Vendor in California

Firearms Shipment Verification/California Licensee Check (CFLC) System

Firearm Safety Certificate Program, DOJ Certified Instructor Information and Comparable Entities

Certificate of Eligibility Information and Application Process

Bullet Button Assault Weapon Information and Registration Process

Firearms Reporting & Law Enforcement Gun Release Application

Firearm Regulations/Rulemaking Activities

California Code of Regulations

Roster of Firearm Safety Devices Certified for Sale

Roster of Handguns Certified for Sale

Unique Serial Number Application (USNA) Process

Contact Us



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
|---|---|

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office



**WHAT WE DO**

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

**OPEN GOVERNMENT**

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

**Memorial**

Agents Fallen in the Line of Duty

**Vote**

Register to Vote

**WHAT WE'RE WORKING ON**

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

466

**MEDIA**

Consumer Alerts

Press Releases

Media Library

**CAREERS**

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

---

Office of the Attorney General    Accessibility    Privacy Policy    Conditions of Use    Disclaimer

© 2019 DOJ

467

# EXHIBIT 33

# National Instant Criminal Background Check System (NICS)



The National Instant Criminal Background Check System, or NICS, is all about saving lives and protecting people from harm—by not letting guns fall into the wrong hands. It also ensures the timely transfer of firearms to eligible gun buyers.

Mandated by the Brady Handgun Violence Prevention Act of 1993 and launched by the FBI on November 30, 1998, NICS is used by Federal Firearms Licensees (FFLs) to instantly determine whether a prospective buyer is eligible to buy firearms. Before ringing up the sale, cashiers call in a check to the FBI or to other designated agencies to ensure that each customer does not have a criminal record or isn't otherwise ineligible to make a purchase. More than 230 million such checks have been made, leading to more than 1.3 million denials.

NICS is located at the FBI's Criminal Justice Information Services Division in Clarksburg, West Virginia. It provides full service to FFLs in 30 states, five U.S. territories, and the District of Columbia. Upon completion of the required Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, FFLs contact the NICS Section via a toll-free telephone number or electronically on the Internet through the NICS E-Check System to request a background check with the descriptive information provided on the ATF Form 4473. NICS is customarily available 17 hours a day, seven days a week, including holidays (except for Christmas). Please be advised that calls may be monitored and recorded for any authorized purpose.



(https://www.fbi.gov/services/cjis/nics/about-nics)

## About NICS (https://www.fbi.gov/services/cjis/nics/about-nics)

Mandated by the Brady Handgun Violence Prevention Act (Brady Act) of 1993, Public Law 103-159, the National Instant…



(https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals-vaf)

470

# Appeals and VAF (https://www.fbi.gov/services/cjis/nics/national-instant-criminal-background-check-system-nics-appeals-vaf)

If you believe you have been wrongfully denied a firearm transfer or pawn redemption, you may request an…



(https://www.fbi.gov/services/cjis/nics/resources-for-federal-firearms-licensees)

# Resources for Federal Firearms Licensees (https://www.fbi.gov/services/cjis/nics/resources-for-federal-firearms-licensees)

The FBI offers a variety of resources for federal firearms licensees (FFLs), including information on enrollment, E-Check, resolution…

# Videos

Transcript / Download (https://www.fbi.gov/video-repository/nics-e-check.mp4/view)

# Reports & Statistics

471

- Operations Reports:
  2018 (https://www.fbi.gov/file-repository/2018-nics-operations-report.pdf/view) | 2017 (https://www.fbi.gov/file-repository/2017-nics-operations-report.pdf/view) | 2016 (https://www.fbi.gov/file-repository/2016-nics-operations-report-final-5-3-2017.pdf/view) | 2015 (https://www.fbi.gov/file-repository/2015-nics-ops-report.pdf/view) | 2014 (https://www.fbi.gov/file-repository/2014-nics-ops-report-050115.pdf/view) | 2013 (https://archives.fbi.gov/archives/about-us/cjis/nics/reports/2013-operations-report) | 2012 (https://archives.fbi.gov/archives/about-us/cjis/nics/reports/2012-operations-report) | 2011 (https://www.fbi.gov/file-repository/2011-nics-ops-report.pdf/view) | 2010 (https://www.fbi.gov/file-repository/2010-nics-ops-report-4-19-11-1.pdf/view) | 2009 (https://www.fbi.gov/file-repository/2009_nics_operations_report.pdf/view) | 2008 (https://www.fbi.gov/file-repository/2008-ops-report.pdf/view) | 2007 (https://www.fbi.gov/file-repository/2007_operations_report.pdf/view) | 2006 (https://www.fbi.gov/file-repository/ops_report2006.pdf/view) | 2005 (https://www.fbi.gov/file-repository/ops_report2005.pdf/view) | 2003/2004 (https://www.fbi.gov/file-repository/ops_report2003-2004.pdf/view) | 2001/2002 (https://www.fbi.gov/file-repository/oper-rpt-2001-2.pdf/view) | 2000 (https://www.fbi.gov/file-repository/operations_report_2000.pdf/view) | 1998/1999 (https://www.fbi.gov/file-repository/operations_report_98_99.pdf/view)
- Active Records in the NICS Indices (https://www.fbi.gov/file-repository/active_records_in_the_nics-indices.pdf/view)
- Active Records in the NICS Indices by State (https://www.fbi.gov/file-repository/active-records-in-the-nics-indices-by-state.pdf/view)
- Federal Denials (https://www.fbi.gov/file-repository/federal_denials.pdf/view)
- NICS Firearm Checks: Month/Year (https://www.fbi.gov/file-repository/nics_firearm_checks_-_month_year.pdf/view)
- NICS Firearm Checks: Month/Year by State (https://www.fbi.gov/file-repository/nics_firearm_checks_-_month_year_by_state.pdf/view)
- NICS Firearm Checks: Month/Year by State/Type (https://www.fbi.gov/file-repository/nics_firearm_checks_-_month_year_by_state_type.pdf/view)
- NICS Firearm Checks: Year by State/Type (https://www.fbi.gov/file-repository/nics_firearm_checks_-_year_by_state_type.pdf/view)
- NICS Firearm Checks: Top 10 Highest Days/Weeks (https://www.fbi.gov/file-repository/nics_firearm_checks_top_10_highest_days_weeks.pdf/view)

# Regulations

- National Instant Criminal Background Check System Regulation (Amended 2014) (https://www.gpo.gov/fdsys/pkg/FR-2014-11-20/pdf/2014-27386.pdf)
- National Instant Criminal Background Check System Regulation (Amended 2004) (https://www.gpo.gov/fdsys/pkg/FR-2004-07-23/pdf/04-16817.pdf)
- National Instant Criminal Background Check System Regulation (1998) (https://www.gpo.gov/fdsys/pkg/FR-1998-10-30/pdf/98-29109.pdf)
- Federal Firearms Regulation Reference Guide Index (pdf) (http://www.atf.gov/files/publications/download/p/atf-p-5300-4.pdf)
- Brady Implementation (pdf) (http://www.gao.gov/assets/160/155338.pdf)
- Privacy Act of 1974; Notice of New System of Records (https://www.gpo.gov/fdsys/pkg/FR-1998-06-04/pdf/98-14797.pdf)
- Exemption of System of Records Under the Privacy Act (https://www.gpo.gov/fdsys/pkg/CFR-2017-title28-vol1/xml/CFR-2017-title28-vol1-part16.xml)
- Privacy Act of 1974; DOJ Insider Threat Program Records, JUSTICE/DOJ–018 (Final Rule) (https://www.gpo.gov/fdsys/pkg/FR-2017-09-14/pdf/2017-19483.pdf)

# Statutes
# External Links & Resources

- Brady Law (P.L. 103-159, Title I; 107 Stat. 1536) (https://www.gpo.gov/fdsys/pkg/STATUTE-107/pdf/STATUTE-107-Pg1536.pdf)
- 1968 Gun Control Act, as amended by Brady Law (18 U.S.C. Chapter 44) (http://www.law.cornell.edu/uscode/18/922.html)
- Prohibited categories (18 U.S.C. § 922(g) (1)-(9) and (n)) (http://www.atf.gov/content/firearms/firearms-industry/firearms-how-identify-prohibited-persons)
- Lautenberg Amendment (18 U.S.C. § 922(g)(9)) (http://www.law.cornell.edu/uscode/18/922.html)

- Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) website (https://www.atf.gov/)

# EXHIBIT 34

# REAL ID Act

En español

 If you fly within the United States or enter secure federal buildings and military bases, you will need a valid passport or other federally approved document, such as a REAL ID driver license or identification card, beginning October 1, 2020.

Before you renew your driver license or identification card or apply for one, you must choose between a federal compliant REAL ID driver license or identification card and a federal non-compliant one. Use our REAL ID infographic (PDF) to help decide which one is right for you.

NOTE: Individuals applying for or renewing an AB 60 driver license are not eligible to receive a REAL ID driver license.

If you choose to get a federal compliant REAL ID driver license or identification card, you must **visit a DMV** field office and present original or certified documents proving your **identity** (one document), **Social Security number** (one document) and California **residency** — street address (two different documents). Photocopies of residency documents are accepted. Additional original or certified documents must be presented if you have changed your legal name. Find out if you have the correct documents:

**EASY TO USE:**

REAL ID Interactive Checklist

List of documents to apply for a REAL ID (PDF)

## How to Apply for a REAL ID (video)

Watch the step-by-step REAL ID Application Guide video on how to apply for a REAL ID on DMV's YouTube Channel.

## You have a choice:

You can choose either a federal compliant REAL ID driver license/identification card OR a federal non-compliant driver license/identification card.

REAL ID
DRIVER LICENSE
/ ID CARD:

FEDERAL NON-
COMPLIANT
DRIVER LICENSE
/ ID CARD:





▸ To apply, you must **visit a DMV** field office and present original or certified documents (no photocopies) proving your **identity** (one document), **Social Security number** (one document) , and California **residency — street address** (two different documents) are required. Photocopies of residency documents are accepted. Additional original or certified documents are also needed if you have changed your legal name.

▸ You can use a federal compliant REAL ID driver license or identification card to fly within the United States or enter a secure federal facility that requires identification, when new federal ID requirements begin October 1, 2020. (Note: Check with the federal facility/military base before your visit to verify their identification requirements.)

▸ California REAL ID driver licenses and identification cards have a bear and star in the upper right corner.

▸ You can renew online or by mail (if eligible) without visiting a DMV field office.

▸ You CANNOT use a federal non-compliant driver license or identification card to board domestic flights or enter secure federal facilities that require identification, such as military bases, STARTING October 1, 2020. (Note: Check with the federal facility/military base before your visit to verify their identification requirements.)

▸ This card contains the phrase "FEDERAL LIMITS APPLY".

# How Do I Get a REAL ID?

▸ Plan your DMV visit by making an appointment to visit a field office. (This is not a requirement but strongly recommended)

▸ Complete the electronic driver license and ID card application online before your office visit.

▸ See the complete list of documents to apply for a REAL ID and bring **original or certified documents** to your DMV visit that prove the following:

1. **Identity** (one document) Ex: certified U.S. birth certificate, U.S. passport, permanent resident card, or unexpired foreign passport with valid U.S. visa and approved I-94 form.

    NOTE: **Name change documents** if the name on your identity document (for example, a birth certificate) is different than your current legal name. Ex: certified marriage or domestic

partnership document.

2. **Social Security number** (one document) Ex: Social Security Card (here's how to order a replacement one) or W-2/paystub that shows the full SSN.

   NOTE: If you have changed your name, the name on your Social Security document must match your legal name change document.

3. **California residency** — street address (two different documents), Ex: home utility bill that lists your name and <u>physical</u> address *(a P.O. Box can be used as the mailing address to receive your REAL ID, but your residency document must display both a P.O. Box and street address).*

   NOTE:  View the complete list of document options (PDF) to apply for a REAL ID card.

   NOTE:  Printed copies are accepted for residency documents, but electronic files are not allowed.

   IMPORTANT:  All documents must show the same name, otherwise a name change document may be required.

▸ Pay the application fee: $36 for Driver License or $31 for Identification Card.

Use this interactive checklist to help you gather the required documents to prove your identity, Social Security number and California residency to apply for a REAL ID driver license or identification card.

# DMV Speakers Bureau

The DMV offers in-person presentations about the REAL ID driver license and identification card program for large groups of 40 or more.  To request a presentation, please email dmvspeakersbureau@dmv.ca.gov and provide the name of your organization, possible dates/times and approximate number of attendees.

**Important note:** The DMV Speakers Bureau is unable to assist with personal DMV matters and transactions. For assistance, call 1-800-777-0133 or use DMV online services.

# REAL ID Resources

▸ Request Letter to Satisfy Second Residency Requirement (for REAL ID cardholders who submitted only one proof of residency)

  ▸ Frequently Asked Questions – Second Residency Letter Requirements

  ▸ Frequently Asked Questions – Two (2) Proofs of Residency Required

  ▸ Frequently Asked Questions on REAL ID

▸ The California DMV will continue to release updated information regarding REAL ID. Follow us on Twitter and Facebook.

▸ The US Department of Homeland Security has additional information on REAL ID.

▸ DMV's REAL ID Fact Sheet (PDF)

  ▸ Driver License and Identification Card Options (PDF)

## <u>CERTIFICATE OF SERVICE</u>
### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Rhode, et al. v. Becerra*
Case No.: 3:18-cv-00802-JM-JMA

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**EXHIBITS 11-34 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on July 22, 2019, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Nelson R. Richards
Deputy Attorney General
nelson.richards@doj.ca.gov
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
  *Attorneys for Defendant Attorney*
  *General Xavier Becerra*

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2019, at Long Beach, CA.

*s/ Laura Palmerin*
Laura Palmerin