Hannah Shearer (State Bar No. 292710)
hshearer@giffords.org
Hannah Friedman (State Bar No. 324771)
hfriedman@giffords.org
Giffords Law Center to Prevent Gun Violence
268 Bush Street #555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

Thomas R. Burke (State Bar No. 141930)
  thomasburke@dwt.com
Rebecca J. Francis (*pro hac vice* submission forthcoming)
  rebeccafrancis@dwt.com
Max B. Hensley (*pro hac vice* submission forthcoming)
  maxhensley@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for *Amici Curiae* Giffords Law Center to Prevent Gun Violence & Brady

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RHODE, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>    Defendant. | Case No. 3:18-cv-00802-BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE***<br><br>Date: August 19, 2019<br>Time: 10:30 am<br>Dept.: 5A<br>Judge: Hon. Roger T. Benitez |

1

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Brady move this Court for leave to participate as *amicus curiae*, and to file a Brief of *Amici Curiae* in support of Defendant Attorney General Xavier Becerra's Opposition to Plaintiffs' Motion for a Preliminary Injunction. As a national, nonprofit organization dedicated to reducing firearm violence, Giffords Law Center has for over two decades provided legal expertise in support of effective gun safety laws and other violence prevention policies. Brady is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy.

In addition to their expertise in the general areas of gun legislation and policy, Giffords Law Center was the primary drafter and a key proponent of California's Proposition 63, the ballot initiative approved by voters and enacted into state law that contains the provisions regulating ammunition which Plaintiffs seek to enjoin in this litigation. The core issue presented by Plaintiffs' Motion—whether to enjoin California's regulations on the possession and transportation of ammunition on Second Amendment or other constitutional grounds—is a matter of significant public interest, with the potential to directly impact Giffords Law Center and Brady's California members, the voters who approved Proposition 63, and the people of the state as a whole. Under these circumstances, an *amicus curiae* brief is particularly appropriate, and Giffords Law Center and Brady respectfully request that the Court grant their motion for leave to submit their proposed brief.

## II. FACTUAL BACKGROUND

As explained in greater detail in their proposed brief (filed concurrently with this motion), both Giffords Law Center and Brady have worked for decades to reduce gun violence, and have repeatedly filed amicus briefs in connection with firearm and Second Amendment litigation around the country. In addition, Giffords

2

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Law Center has specific knowledge and expertise relevant to this litigation, as it was among the principal drafters of California's Proposition 63, including the provisions plaintiffs are challenging as unconstitutional in this lawsuit.

### A. Giffords Law Center

Giffords Law Center is a national, nonprofit organization dedicated to reducing gun violence. It was formed in 1993 by lawyers who survived a mass shooting, during which a gunman killed eight people in the San Francisco office of law firm Pettit & Martin. It was renamed Giffords Law Center to Prevent Gun Violence in October 2017 after joining forces with the gun safety organization founded by former Congresswoman Gabrielle Giffords.  For more than 25 years, Giffords Law Center has strived to reduce the number of gun deaths in America by supporting effective gun safety laws. In addition to tracking, analyzing, and advising on proposed firearm legislation and policies, Giffords Law Center also monitors and analyzes Second Amendment litigation and jurisprudence. Giffords Law Center has submitted *amicus* briefs in numerous firearm-related and Second Amendment cases, including: *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015), *Peruta v. Cnty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc) *cert. denied sub nom. Peruta v. California*, 137 S. Ct. 1995 (2017), and *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 469 (2017).[1]

---

[1] Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings. *E.g.*, *Ass'n of N.J. Rifle & Pistol Clubs v. Att'y Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue v. Hogan*, No. JKB-18-1700, 2018 U.S. Dist. LEXIS 195615, at *1-*3 (D. Md. Nov. 15, 2018); *Stimmel v. Sessions*, 879 F.3d 198, 208 (6th Cir. 2018); *Peruta*, 824 F.3d at 943 (Graber, J., concurring). Giffords Law Center filed the latter two briefs under its former name, the Law Center to Prevent Gun Violence.

3

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As a drafter and proponent of Proposition 63, Giffords Law Center has a particularly important interest in participating in this constitutional challenge to be part of the initiative. Giffords Law Center's involvement with Proposition 63 began in 2015 when it partnered with then-California Lieutenant Governor Gavin Newsom to draft language for a statewide ballot initiative that would close certain loopholes and substantially strengthen California's firearm laws. The result was Proposition 63, a comprehensive package of gun safety reforms. Voters decisively passed Proposition 63 (with 63% of the vote) in November 2016, including its provisions regulating ammunition—the part of the law Plaintiffs currently are challenging. Giffords Law Center therefore not only has significant expertise about firearm legislation broadly, but also has important knowledge and experience directly relevant to the legislation at the core of this case.

**B.     Brady**

Brady is a national non-profit and non-partisan organization dedicated to reducing gun violence through education, research, and legal advocacy. It has filed amicus briefs concerning gun-control statutes in many cases including *United States v. Hayes*, 555 U.S. 415 (2009), in which Brady's brief was cited (at 427), *United States v. Castleman*, 572 U.S. 157 (2014), and *Printz v. United States*, 521 U.S. 898 (1997). Brady has also filed amicus briefs in numerous other cases involving the constitutionality and interpretation of firearms laws, including *McDonald*, 561 U.S. 742, *District of Columbia*, 554 U.S. 570, *Kolbe*, 849 F.3d 114, and *Peruta*, 824 F.3d 919.

### III.     ARGUMENT

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995); *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("district courts possess the inherent

4

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authority to appoint 'friends of the court' to assist in their proceedings."). The "classic role" of amici curiae is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to a law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Safari Club Intern. v. Harris*, No. 2:14-cv-01856-GEB-AC, 2015 WL 1255491 at *1 (E.D. Cal. Jan. 14, 2015), citing *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *California v. U.S. Dept. of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014), citing *Hoptowit*, 682 F.2d at 1260. This Court therefore has authority to permit the Giffords Law Center and Brady to participate as *amici curiae*.

Giffords Law Center and Brady bring unique information and perspective to the issues implicated in this constitutional challenge, and should be granted leave to submit a brief on those important issues. *See Missouri v. Harris*, No. 2:14-cv-00341-KJM-KJN, 2014 WL 2987284 at *2 (E.D. Cal. Jul. 1, 2014) ("An amicus brief should normally be allowed when, among other considerations, the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (citation omitted). The joint *amici* submission will offer, among other things, background on ammunition, background checks in California, evidence regarding the effectiveness of the record-keeping and identity-check provisions of the laws at issue, and analysis of the Second Amendment issues raised by the plaintiff's challenge. A number of courts,

5

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

including a federal district court, have relied on similar information provided in *amicus* briefs filed by both Brady and Giffords Law Center when deciding other cases involving firearms. *See, e.g.*, *Peruta*, 824 F.3d at 943 (citing Giffords Law Center's *amicus* brief for examples of "law-abiding" weapons owners who "place the public safety in jeopardy"); *Mishaga v. Schmitz*, 136 F. Supp. 3d 981, 996 (C.D. Ill. 2015) (citing information in Giffords Law Center's *amicus* brief as one of "[s]everal lines of reasoning driv[ing] [the Court's] conclusion"); *Hayes*, 555 U.S. at 427 (citing Brady's *amicus* brief).

In addition, the Court should grant leave for Giffords Law Center and Brady to submit a joint *amicus* brief because this case implicates important public interests, including public safety interests, with ramifications beyond the parties directly involved. For example, Proposition 63 is a ballot measure duly enacted by California voters to address serious public safety concerns, giving the voters a direct interest in the outcome of this case. Furthermore, the resolution of Plaintiffs' Motion will involve the application of Second Amendment constitutional principles; this could have broader implications for other efforts, in California or elsewhere, to help reduce gun violence through the enactment of firearm safety legislation. *See California v. U.S. Dept. of Labor*, 2014 WL 12691095 at *1 (leave to file amicus brief granted where case implicated constitutional issues and therefore had "potential ramifications beyond the parties directly involved").

Counsel for Giffords Law Center conferred with the parties' counsel prior to filing this motion. Neither plaintiffs nor defendant oppose this motion.

///

///

///

6

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IV.     CONCLUSION

For the foregoing reasons, the Giffords Law Center and Brady respectfully requests that the Court grant leave to participate as *amici curiae* and submit a brief in connection with Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction.

DATED: August 9, 2019                         DAVIS WRIGHT TREMAINE LLP
                                              THOMAS R. BURKE


                                              By: */s/ Thomas R. Burke*
                                                   Thomas R. Burke
                                                   Attorneys for *Amici Curiae*
                                                   Giffords Law Center to Prevent Gun Violence and the Brady Campaign & Brady

7

MEMO OF POINTS AND AUTHORITIES
RE MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899