XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
NELSON R. RICHARDS
Deputy Attorney General
State Bar No. 246996
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7867
  Fax: (916) 324-8835
  E-mail: Nelson.Richards@doj.ca.gov
*Attorneys for Defendant Xavier Becerra, in his official capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIM RHODE et al.,**<br><br>               Plaintiffs,<br><br>    v.<br><br>**XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et al.,**<br><br>               Defendants. | 3:18-cv-00802-BEN-JLB<br><br>**DEFENDANT'S RESPONSE TO COURT'S INQUIRY AT APRIL 1, 2020, STATUS CONFERENCE**<br><br>Dept:    5A<br>Judge:   Hon. Roger T. Benitez<br>Action Filed:  4/27/2018 |

Defendant Xavier Becerra, in his official capacity as the California Attorney General, submits this brief to respond to the Court's question raised during the April 1, 2020 status conference regarding the relationship between Proposition 63 and Senate Bill 1235 (2016 Cal. Stat., ch. 55). The Court asked Defendant to provide "authority . . . on the State being able to preemptively amend an initiative that" has been presented to the people. *See* Apr. 1, 2020, Status Conference Tr. at 68:16-22; *see also id.* 25:19-22. As set forth in more detail below, the Legislature acted consistent with the California Constitution when it enacted SB 1235. Even so, this Court should refrain from considering the issue both because it was raised for the first time at the recent status conference and because it was not raised in the First Amended Complaint or Plaintiffs' motion for preliminary injunction.

## I. SB 1235 WAS A VALID LEGISLATIVE ENACTMENT

During the April 1, 2020 status conference the Court suggested that SB 1235 being enacted before the voters adopted Prop. 63 may constitute a basis for preliminarily enjoining the law. *See* Apr. 1, 2020, Status Conference Tr. at 28:12-21. SB 1235 raises no such concern.

As a threshold matter, California law affords acts of the Legislature a strong presumption of constitutionality. *See, e.g.*, *Amwest Surety Ins. Co. v. Wilson*, 11 Cal.4th 1243, 1253 (1995) (noting "the general rule that a strong presumption of constitutionality supports the Legislature's acts"); *Methodist Hosp. of Sacramento v. Saylor*, 5 Cal.3d 685, 691 (1971) ("If there is any doubt as to the Legislature's power to act in a given case, the doubt should be resolved in favor of Legislative action."). "[U]nlike the United States Congress, which possesses only those specific powers delegated to it by the federal Constitution, it is well established that the California Legislature possesses *plenary* legislative authority except as specifically limited by the California Constitution." *Howard Jarvis Taxpayers Ass'n v. Padilla*, 62 Cal.4th 486, 498 (2016) (quotation marks omitted). Defendant

knows of no authority suggesting that the Legislature did not have the power to amend Prop. 63.

In California, "[t]he legislative power . . . is vested in the . . . Legislature . . . , but the people reserve to themselves the powers of initiative and referendum." Cal. Const. art. IV, § 1. "The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them." *Id.* art. II, § 8. Put another way, "the reserved power to enact statutes by initiative is a legislative power, one that would otherwise reside in the Legislature." *Legislature v. Deukmejian*, 34 Cal.3d 658, 673 (1983). Prop. 63 was an initiative statute. Ballot Pamp., Gen. Elec. (Nov. 8, 2016), at 84.[1]

Article II, section 10, of the California Constitution permits the Legislature to amend or repeal initiative statutes in one of two ways. Cal. Const. art. II, § 10(c). It may either enact another statute that becomes effective only when approved by the voters or it may amend or repeal the initiative statute if the initiative statute permits changes. *See id.*

Deciding whether a statute enacted by the Legislature impermissibly amends an initiative statute involves two steps. *See People v. Superior Court (Pearson)*, 48 Cal.4th 564, 571 (2010). First, courts ask whether the Legislature's statute amends the initiative statute, that is, whether it is "designed to change an existing initiative statute by adding or taking from it some particular provision." *People v. Cooper*, 27 Cal.4th 38, 44 (2002). Here, by its terms, SB 1235 amended Prop. 63. 2016 Cal. Stat., ch. 55, § 19(b) (classifying provisions in the law as amendments to Prop. 63).[2]

---

[1] In its October 17, 2018 order granting in part and denying in part Defendant's motion to dismiss, this Court took judicial notice of Prop. 63 ballot materials. *Rhode v. Becerra*, 342 F. Supp. 3d 1010, 1012 (S.D. Cal. 2018). This memorandum cites to those materials, which are in the record as Exhibit 1 to the Request for Judicial Notice in Support of Defendant Xavier Becerra's Motion to Dismiss the First Amended Complaint, ECF No. 11-2.

[2] Section 15 is an uncodified provision of SB 1235. A complete copy of

Second, if the Legislature's statute amends the initiative statute, courts look to whether the initiative statute permits amendment, and if so, whether the Legislature's statute complies with the initiative statute's amendment provisions. *See, e.g.*, *People v. Superior Court (K.L.)*, 36 Cal.App.5th 529, 535 (2019). In conducting that analysis, courts "start with the presumption that the Legislature acted within its authority and uphold the validity of the legislative amendment if, by any reasonable construction, it can be said that the statute furthers the purposes of the initiative." *Id.* (quotation marks and brackets omitted).

Prop. 63 provided that the "provisions of this measure may be amended by a vote of 55 percent of the members of each house . . . so long as such amendments are consistent with and further the intent of this Act." Prop. 63 § 13. SB 1235 received 46 aye votes and 30 no votes, with 4 abstaining, or 57.5%, in the Assembly, and 23 aye votes and 14 no votes with 3 abstaining, also 57.5%, in the Senate.[3]

SB 1235 also contained a legislative finding that the intent of Prop. 63 "is to safeguard the ability of law-abiding, responsible Californians to own and use firearms for lawful means while requiring background checks for ammunition purchases in the manner required for firearm purchases so that neither firearms nor ammunition are getting into the hands of dangerous individuals." 2016 Cal. Stat., ch. 55, § 19(b). Recognizing that intent, the Legislature found its amendments to Prop. 63 were "consistent with and further" that intent because the "amendments ensure that only law-abiding, responsible Californians who appear in the Automated Firearms System are able to purchase ammunition for their legally owned firearms while violent felons and the dangerously mentally ill who appear in the Armed Prohibited Persons System are not." *Id.*

---

SB 1235 is available on commercial legal databases, such as Westlaw, as well as the California Legislative Information website at https://leginfo.legislature.ca.gov/.

[3] The Legislature's voting history on SB 1235 is available on the California Legislative Information website at https://leginfo.legislature.ca.gov/.

These Legislative findings correctly state Prop. 63's intent.  When the voters enacted Prop. 63, they decided that the law should "require background checks for ammunition sales just like gun sales," Prop. 63 § 2.7, to keep ammunition out of the hands of dangerous people who are prohibited under the law from possessing guns or ammunition, Prop. 63 §§ 3.2-3.3.  Not only was SB 1235 designed to further that purpose, but the law, as implemented, is realizing that purpose.  As the California Department of Justice (Department) has shown, from July 2019 through January 2020, the background check system stopped over 750 prohibited persons from purchasing ammunition—and that number reflects only those who were willing to try in the face of the background check process.  *See* Third Supp. Decl. of M. Morales in Supp. of Def.'s Opp'n to Pls.' Mot. for Prelim. Inj. ¶ 56 & Tables 1.1, 2.1, ECF No. 53.

SB 1235's primary change to Prop. 63 relates to Penal Code section 30370.  Under Prop. 63, Penal Code section 30370 authorized the Department to issue "ammunition purchase authorizations" that would last four years, subject to revocation, if the holder became prohibited.  Prop. 63 § 8.15.  SB 1235 repealed that provision and added a new Penal Code section 30370 that established the current, point-of-sale background check process.  *See* 2016 Cal. Stat., ch. 55, §§ 15, 16.  No one has argued that this change undermined Prop. 63's purpose of requiring background checks for ammunition purchases and keeping ammunition out of the hands of prohibited people.  Nor has anyone argued that SB 1235 is invalid because it did not otherwise comply with article II, section 10(c), or any other limitation on the Legislature's plenary power in the California Constitution.  The Department of Justice was required by the California Constitution to implement the law as amended.  *See* Cal. Const. art. III, § 3.5.

## II. THIS COURT SHOULD REFRAIN FROM ADDRESSING WHETHER SB 1235 VALIDLY AMENDED PROP. 63

Notwithstanding SB 1235's sound footing, this Court should refrain from addressing whether the Legislature validly enacted the law under the California Constitution for two reasons.

First, Plaintiffs have not raised the issue in either the First Amended Complaint or their motion for preliminary injunction. *Cf. Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1985) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). Premising an injunction on SB 1235 invalidly amending Prop. 63, when Plaintiffs have not advanced that theory, implicates a number of due process concerns, including fair notice and opportunity for Defendant to be heard on the issue. (For the reasons set forth above, it is not clear what would support this theory of invalidity, making a response very difficult to formulate.)

Second, to the extent the Court questions SB 1235's validity under the California Constitution, it should decline to exercise supplemental jurisdiction over that question because—to the extent the Court disagrees with the analysis above—that presents a novel and complex issue of state law. *See* 28 U.S.C. § 1367(c)(1); *see, e.g.*, *Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1126 (S.D. Cal. 2007) (granting defendant's rule 12(b)(1) motion to dismiss state law claims where those claims presented "novel and complex matters of state law that are better left to the California courts for interpretation and decision" (quotation marks omitted)). That no party has raised the issue would also present the sort of exceptional circumstances that counsel against exercising supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(4).

| | | |
|---|---|---|
| 1 | Dated: April 10, 2020 | Respectfully Submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | ANTHONY R. HAKL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ Nelson Richards*<br>NELSON R. RICHARDS |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendant Xavier* |
| 8 | | *Becerra, in his official capacity as*<br>*California Attorney General* |

# CERTIFICATE OF SERVICE

Case Name:  **Rhode v. Becerra**          No.  **3:18-cv-00802 BEN JLB**

I hereby certify that on April 10, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSE TO COURT'S INQUIRY AT APRIL 1, 2020, STATUS CONFERENCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 10, 2020, at Sacramento, California.

|  |  |
|---|---|
| Tracie L. Campbell | */s/ Tracie Campbell* |
| Declarant | Signature |

SA2018101286
33984607.docx