UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RHODE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ATTORNEY GENERAL XAVIER BECERRA, <br><br> Defendant, | Case No.: 18-cv-802-BEN <br><br> **ORDER DENYING EX PARTE MOTION FOR STAY** |

Defendant Xavier Becerra moves *ex parte* to stay this Court's April 23, 2020 Order granting Plaintiffs' Motion for a Preliminary Injunction. To determine whether a stay is warranted, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "Each factor, however, need not be given equal weight." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2018 WL 4928041, at *3 (S.D. Cal. Oct. 18, 2018) (citations omitted). Rather, "[t]he first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

As to the first factor, "It is not enough that the chance of success on the merits be better than negligible." *Id.* at 444 (internal quotation marks and citations omitted). The Attorney General has conceded that the right to purchase and acquire ammunition is a right protected by the Second Amendment. That is an understanding consistent with Ninth Circuit decisions. Furthermore, as discussed in its preliminary injunction order, this Court

1

found Plaintiffs showed a likelihood of success on the merits. Accordingly, the first factor does not weigh in favor of a stay.

The second factor requires irreparable harm to the movant absent a stay. Here the Attorney General focuses on the possibility that a prohibited person may acquire ammunition. Buying ammunition is something that prohibited persons have managed to accomplish for 170 years and these new laws show little likelihood of success of preventing prohibited persons from unlawfully possessing future acquisitions. This Court's focus is on the 101,047 + law-abiding, responsible citizens who have been completely blocked by the operation of these laws. Without an injunction, these law-abiding individuals have no legal way to acquire the ammunition which they enjoy the constitutional right of possession. These law-abiding individuals whose numbers are vast have no way to lawfully acquire ammunition to defend themselves, their families and their homes. The injunction restores that right.

Concerning the remaining two factors, in granting Plaintiffs' motions for a preliminary injunction, the Court found the background check and anti-importation laws to severely burden Plaintiffs and all law-abiding citizen-residents of California who want to acquire ammunition. The Attorney General does not point to any change in circumstances or new evidence to undermine that conclusion. That the laws have been in effect for 10 months reflects this Court's patient consideration, not its constitutional approval. Any delay was occasioned by judicial optimism that the high erroneous denial rate of early Standard background checks might significantly improve. It did not. Instead, the constitutional impingements on Second Amendment rights that began immediately, will continue if a stay is granted. Thus, the Court cannot find the remaining two factors tip the scales in favor of a stay. A 16.4% error rate that deprives citizens the enjoyment of *any* constitutional right is offensive and unacceptable.

///

///

For the previous reasons, the *Nken* factors do not weigh in favor of granting a stay, and Defendant's *ex parte* motion is **DENIED**.

**IT IS SO ORDERED.**

Date: April 24, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge