UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RHODE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>　　　　　　Defendant. | Case No.: 18-cv-802-BEN (JLB)<br><br>ORDER<br>DENYING REQUEST FOR STAY |

　　　Defendant requests a stay of this Court's Decision and permanent injunction pending appeal, or in the alternative, a 10-day administrative stay. The Defendant says that, "[i]f the Decision is allowed to stay in effect, it would irrevocably alter the status quo by enjoining enforcement of laws that have been in effect for over four years; allowing prohibited California residents to acquire ammunition during the appeal; and jeopardizing public safety."

　　　"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009). In exercising its discretion, a court is to be guided by four legal principles or factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Id.* "The first two factors . . . are the most critical." *Id.* at 434. The Defendant here has not shown a strong likelihood of success on the merits, *i.e.*, the first factor, or the likelihood of irreparable injury, the second factor.

As to the first factor, the Defendant's case on the merits is weak, failing both the interest balancing test and the history and tradition test. As to the second factor, the Defendant argues irreparable injury will occur without a stay because prohibited California residents will be able to acquire ammunition during the appeal. "[S]imply showing some 'possibility of irreparable injury,' fails to satisfy the second factor. . . , the 'possibility' standard is too lenient." *Id.* at 434-35 (citations omitted). While there is the possibility that prohibited California residents will be able to acquire ammunition without a stay, there continues to exist criminal laws against the possession of ammunition by prohibited persons under both state and federal law. This Court's decision in no way affects those laws and the Defendant is free to continue to enforce the same. Consequently, the second factor does not weigh in favor of a stay. The third and fourth factors weigh heavily against granting a stay as the enjoined laws are infringing on the constitutional rights of citizens.

This Court has given the State plenty of opportunity and time to provide analogues or other evidence to demonstrate the validity of its ammunition background check laws. The Decision simply requires a return to the status quo ante litem as it existed prior to the effective dates of SB1235 and Proposition 63. Having considered the relevant factors, and for many of the same reasons articulated in this Court's Order denying a stay of the preliminary injunction order (filed Apr. 24, 2020, Dkt. 62), the request for a stay pending appeal and an administrative stay is denied.

DATED: January 31, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge